Timothy J. Burke (181866)
service@ssbla.com
STULL, STULL & BRODY
10940 Wilshire Boulevard
Suite 2300
Los Angeles, CA  90024
Tel:     (310) 209-2468
Fax:    (310) 209-2087

Jules Brody
SSBNY@aol.com
STULL, STULL & BRODY
6 East 45th Street
New York, NY 10017
Tel:     (212) 687-7230
Fax:     (212) 490-2022

**Proposed Lead Counsel for Plaintiffs**

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIKE LABINS, On Behalf Of Himself And All Others Similarly Situated,<br><br>                    Plaintiff,<br><br>          v.<br><br>THE CHARLES SCHWAB CORPORATION, CHARLES SCHWAB & CO. INC., CHARLES SCHWAB INVESTMENT MANAGEMENT, INC., CHARLES R. SCHWAB, EVELYN DILSAVER, RANDALL W. MERK and GEORGE PEREIRA,<br><br>                    Defendants. | CASE NO. 08-CV-01510 WHA<br><br>**CLASS ACTION**<br><br>**NOTICE OF MOTION AND MOTION BY KAREN CUNNINGHAM, MARK KALE AND MONTE LEWIS FOR APPOINTMENT OF LEAD PLAINTIFFS AND LEAD COUNSEL PURSUANT TO SECTION 27 OF THE SECURITIES EXCHANGE ACT OF 1933, AND FOR CONSOLIDATION OF ALL RELATED ACTIONS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>DATE:     June 26, 2008<br>TIME:     8:00 a.m.<br>CTRM:     9, 19th Floor |

1

## TABLE OF CONTENTS

2

PAGE NO.

3  Table of Authorities ............................................................ ii

4  MEMORANDUM OF POINTS AND AUTHORITIES ................................ 1

5      I.     ISSUES TO BE DECIDED ............................................. 1

6      II.    INTRODUCTION ..................................................... 1

7  STATEMENT OF FACTS ....................................................... 3

8  ARGUMENT .................................................................. 5

9      III.   THE RELATED ACTIONS SHOULD BE CONSOLIDATED FOR THE
10           PURPOSES OF EFFICIENCY AND JUDICIAL ECONOMY ................ 5

11     IV.   MOVANTS ARE THE MOST ADEQUATE PLAINTIFFS UNDER THE
           PSLRA AND  SHOULD BE APPOINTED LEAD PLAINTIFFS .............. 6

12           A.    Movants Made Their Motion Within 60 Days
13               of Publication of Notice ......................................... 7

          B.    Movants Have the Largest Financial Interest in the Relief Sought ........ 7
14

15           C.    The Proposed Lead Plaintiffs Are Qualified under Rule 23 ............. 8

16               1.    The Claims Of The Proposed Lead Plaintiff Are Typical Of
                  The Claims Of The Class .................................. 8

17               2.    The Proposed Lead Plaintiffs Will Fairly And Adequately
18                   Represent The Interests Of The Class ....................... 9

19     V.    THIS COURT SHOULD APPROVE THE PROPOSED
           LEAD PLAINTIFFS' CHOICE OF LEAD COUNSEL ..................... 10

20     VI.   CONCLUSION ..................................................... 11

21

22

23

24

25

26

27

28

i

1

## TABLE OF AUTHORITIES

PAGE NO.

2

3

*Blackie v. Barrack*,
524 F.2d 891 (9th Cir. 1975), cert. denied, 429 U.S. 816 (1976) . . . . . . . . . . . . . . . . . . . . . . . . . .  9

4

*Casden v. HPL Technologies, Inc.*,
No. C-02-3510, 2003 U.S. Dist. LEXIS 19606 (N.D. Cal. Sept. 29, 2003) . . . . . . . . . . . . . . . . . .  6

5

6

*In re Cavanaugh*,
306 F.3d 726 (9th Cir. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  8

7

*Freedman v. Louisiana-Pacific Corp.*,
922 F. Supp. 377 (D. Or. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  9

8

9

*Greebel v. FTP Software*,
939 F. Supp. 57 (D. Mass. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  7

10

*Guenther v. Pacific Telecom, Inc.*,
123 F.R.D. 333 (D. Or. 1988) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  9

11

12

*Hanon v. Dataproducts Corp.*,
976 F.2d 497 (9th Cir. 1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  9

13

*Procedure. See also In re Equity Funding Corp. of Am. Sec. Litig.*,
416 F. Supp. 161 (C.D. Cal. 1976) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  6

14

15

*In re THQ Inc. Sec. Litig., No. CV 00-1783*,
2002 U.S. Dist. LEXIS 7753 (C.D. Cal. Mar. 22, 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  10

16

*Takeda v. Turbodyne Technologies, Inc.*,
67 F. Supp. 2d 1129 (C.D. Cal. 1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  6

17

18

*Weinberger v. Jackson*,
102 F.R.D. 839 (N.D. Cal. 1984) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  9

19

20

21

22

23

24

25

26

27

28

NOTICE, MOTION & MPA BY KAREN CUNNINGHAM, MARK KALE AND MONTE LEWIS FOR APPT OF LEAD
PLTFS, LEAD COUNSEL AND FOR CONSOLIDATION OF ALL RELATED ACTIONS
CASE NO. 08-CV-01510 WHA

1  TO THE COURT, ALL PARTIES AND THEIR COUNSEL OF RECORD:

2      PLEASE TAKE NOTICE that on June 26, 2008, at 8:00 a.m., before the Honorable

3  William H. Alsup in Courtroom 9, 19th Floor, located at 450 Golden Gate Avenue, San Francisco,

4  CA 94102-3483, Karen Cunningham, Mark Kale and Monte Lewis (hereinafter "Movants") will,

5  and hereby do, move this Court for an order granting their Motion for Appointment of Lead

6  Plaintiffs and Lead Counsel pursuant to Section 27 of the Securities Act of 1933 and for

7  Consolidation of All Related Actions (the "Motion"). This Motion is based on this Notice of

8  Motion and Motion, the accompanying Memorandum of Points and Authorities in support thereof,

9  the Declaration of Timothy J. Burke filed herewith, the pleadings and other files herein, and on such

10  other written or oral argument as may be permitted by the Court.

11      Movants seek to be appointed Lead Plaintiffs, have their counsel Stull, Stull & Brody be

12  appointed Lead Plaintiffs' Counsel and to consolidate all related actions.

13          **MEMORANDUM OF POINTS AND AUTHORITIES**

14  **I.    ISSUES TO BE DECIDED**

15      Should the related cases be consolidated and are Movants the most adequate plaintiffs

16  seeking to be appointed Lead Plaintiff?

17  **II.    INTRODUCTION**

18      Presently pending in this District are five (5) related securities fraud class actions against

19  The Charles Schwab Corporation ("Schwab" or the "Company") and certain of its affiliates, officers

20  and directors. All of the actions allege the same common scheme and course of conduct by

21  defendants to defraud investors in violation of §§ 11, 12(a)(2) and 15 of the Securities Act of 1933

22  (the "Securities Act") (15 U.S.C. §§ 77k, 77l(a)(2) and 77o), as amended by the Private Securities

23  Litigation Reform Act of 1995 (the "PSLRA"). Movants respectfully submit their memorandum in

24  support of their Motion for appointment as Lead Plaintiffs and approval of their choice of Stull,

25  Stull & Brody as Lead Counsel and, pursuant to Rule 42(a) of the Federal Rules of Civil Procedure,

26  consolidation of all related actions.

27      Movants acquired Schwab YieldPlus Funds Investor Shares ("Investor Fund") (Ticker:

28  SWYPX) and/or Schwab YieldPlus Funds Select Shares ("Select Fund") (Ticker: SWYSX)

1   (collectively, the "Funds") and seek to represent all persons who acquired such securities from

2   March 17, 2005 to March 17, 2008, inclusive (the "Class Period")[1] and suffered damages as a result

3   of defendants' violations of the federal securities laws.[2]  As is more fully alleged throughout the

4   complaints, these actions arise from damages incurred by all persons who purchased Fund shares

5   during the Class Period and were damaged thereby, excluding defendants, the officers and directors

6   of the Company, at all relevant times, members of their immediate families and their legal

7   representatives, heirs, successors or assigns and any entity in which defendants have or had a

8   controlling interest (the "Class") as a result of violations of the disclosure requirements of the

9   federal securities law by defendants which operated as a fraud and deceit on the Class during the

10  Class Period.  The Funds' Registration Statements and Prospectuses contained untrue statements of

11  material facts, as alleged, omitted to state other facts necessary to make the statements made not

12  misleading, and/or omitted to state material facts required to be stated therein.  During the Class

13  Period, billions of dollars poured into the Funds at prices set by Defendants.  In July of 2007,

14  Defendants suddenly began lowering the value of the share price of the Funds, causing the net asset

15  value ("NAV") of the shares to plummet.

16          In class actions filed under the federal securities laws, the PSLRA requires that courts

17  appoint as lead plaintiffs those members of the Class that have satisfied certain procedural

18  prerequisites and also constitute the "most adequate" representative of the purported Class.

19

20          [1]  This is the Class Period alleged in the Amended Complaint that was electronically filed on

21  March 18, 2008 in *Labins v. The Charles Schwab Corp.*, Case No. 08-CV-01510 WHA.  Other
    complaints in the related cases allege different class periods.  Movants believe that once

22  consolidation occurs, lead plaintiffs should have the opportunity to file a consolidated amended

23  complaint with the operative class period.

24          [2]  The PSLRA specifically authorizes class members, regardless of whether they have filed a
    complaint, to move for appointment of Lead Plaintiff.  *See* 15 U.S.C. § 77z-1(a)(3)(B)(iii).

25  Movants have completed sworn certifications listing their purchases of Investor Fund and/or Select
    Fund shares and requesting that they be appointed Lead Plaintiffs.  *See* Exhibit 2 to the Declaration

26  of Timothy J. Burke in Support of Motion for Appointment of Lead Plaintiffs and Lead Counsel

27  Pursuant to Section 27 of the Securities Act of 1933 and for Consolidation of All Related Actions
    (hereinafter "Burke Decl. Ex.___").  Movants' counsel represents additional members of the Class

28  who are also willing to be lead plaintiff, but have less in total damages than Movants.

Movants amply satisfy the criteria for selection as lead plaintiffs for the investors they seek to represent. Therefore, they should be appointed as lead plaintiffs and their choice of counsel should be approved by the Court in accordance with the PSLRA.

## STATEMENT OF FACTS

Defendant The Charles Schwab Corporation ("Schwab Corp.") is headquartered at 101 Montgomery Street, San Francisco, CA 94104. Schwab Corp is the parent of Charles Schwab & Co., Inc. and Charles Schwab Investments, Inc. Schwab Corp. is a control person of its wholly owned subsidiaries, Defendants Charles Schwab & Co., Inc. and Charles Schwab Investments, Inc.

The complaints in the related actions allege that during the Class Period Defendants marketed shares of the Funds pursuant to untrue or misleading Registration Statements and Prospectuses. The Funds were marketed to investors as a higher-yielding alternative to money-market funds, which offer a combination of safety and liquidity, or the ability to quickly access cash. The funds are mutual funds advertised by Defendants as Ultra-short bond funds which were a safe alternative to money market funds that preserve principal while being "designed with your income needs in mind." Defendants continuously filed nearly identical registration statements and prospectuses throughout the Class Period, and continued to offer and sell the Funds' newly issued securities, while representing that:

a. The Funds provided "higher yields on your cash with only marginally higher risk, [and therefore] could be a smart alternative."

b. The Funds were "ultra short-term bond fund[s], designed to offer high current income with minimal changes in share price."

c. The Funds "invest[] primarily in investment-grade bonds."

d. The Funds offer "the potential for higher yields than a money market fund."

e. The Funds seek "to keep the average duration of its portfolio at one year or less."

f. The Funds were "designed with your income needs in mind."

g. The Funds objective was "to seek high current income with minimal changes in share price."

h. The Funds "invest[] in a large, well-diversified portfolio of taxable bonds...."

i.    "To minimize changes in share price of NAV, the fund seeks to maintain an average portfolio duration of one-year or less."

j.    "The [Funds were being] actively managed by a seasoned team of taxable bond portfolio managers who are supported by a team of credit and market analysts. The team use a disciplined approach...."

Due to Defendants' positive, but misleading or untrue statements, billions of dollars poured into Defendants' funds at prices set by Defendants, averaging a net asset value (NAV) of approximately $9.70 per share throughout the Class Period. Then, in July of 2007, Defendants suddenly began lowering the value of the share price for the funds, until the NAV of the shares plummeted. In conjunction with this revaluation, Defendants have blamed the mortgage crisis. However, the true material facts, or material facts omitted necessary to make the statements made not misleading and/or omitted material facts required to be stated, were:

a.    The Funds were and are not well-diversified and were concentrated in a single risky industry or market segment - in reality, over 50% of the Funds' assets are now invested in the mortgage industry, and that percentage grew as Defendants abandoned the objectives of the Funds in pursuit of higher yields;

b.    A material portion of all the bonds were issued by the Funds top 10 broker dealers, who sold the Funds' shares;

c.    There exists no primary market for most of the bonds and, in fact, the only market was, for many, the issuers themselves;

d.    The duration of a vast majority of the bonds is greater than 2 years, with a majority of the bonds not having publicly available durations;

e.    The Funds' credit and market analysts did not have any real expertise in valuing the mortgage backed securities they purchased or assessing the risk;

f.    The Funds relied blindly on the ratings by agencies who were paid by the Funds' broker-dealers;

g.    The mortgage back securities in which they were investing were highly vulnerable to becoming illiquid; and

4

1    h.    The net asset values ("NAV") of the Funds were highly speculative and inflated.

2    The first class action complaint, *Labins v. The Charles Schwab Corp.*, No. 08-CV-01510

3    (WHA), was filed in this District on March 18, 2008. Notice of the pending action was announced

4    *via* news wire on the following day, indicating, *inter alia*, that motions for lead plaintiff had to be

5    filed no later than May 16, 2008. *See* Burke Decl. Ex. 1. Other actions were thereafter filed, which

6    related to the *Labins* action, and other notices were disseminated. During the Class Period,

7    Movants purchased their Fund shares at prices artificially inflated by defendants' false and

8    misleading statements and have each suffered substantial losses. *See* Burke Decl. Ex. 3. Indeed, as

9    the result of their purchases during the Class Period, Movants collectively incurred at least

10   $111,401 in damages. *Id.*

11   **ARGUMENT**

12   **III.    THE RELATED ACTIONS SHOULD BE CONSOLIDATED FOR THE PURPOSES**
         **OF EFFICIENCY AND JUDICIAL ECONOMY**

13

14   Rule 42(a) of the Federal Rules of Civil Procedure provides that:

15   When actions involving a common question of law or fact are pending before the
     court, it may order a joint hearing or trial of any or all the matters in issue in the
16   actions; it may order all the actions consolidated; and it may make such orders
     concerning proceedings therein as may tend to avoid unnecessary costs or delay.

17

18   Currently pending in this District are at least five related class action lawsuits which have

19   been filed against essentially the same defendants.[3] Two additional similar actions were filed in the

20   District of Massachusetts (Case No. 08-CV-10593, April 8, 2008; and Case No. 08-CV-10626,

21   April 11, 2008). One additional similar action was filed in the Southern District of New York (Case

22   No. 08-CV-03652, April 16, 2008). Movants believe consolidation of the five actions pending in

23   this District is appropriate because all actions involve common questions of law and fact and allege

24

25   [3] The actions are: *Labins v. The Charles Schwab Corp., et al.*, Case No. 08-CV-01510
     WHA (March 18, 2008); *Hageman v. The Charles Schwab Corp., et al.*, Case No 08-CV-01733
26   WHA (March 31, 2008) *Glasgow v. The Charles Schwab Corp., et al.*, Case No. 08-CV-1936 WHA
     (April 11, 2008); *Flanzraich v. The Charles Schwab Corp., et al.,* Case No. 08-CV-01994 WHA
27   (April 16, 2008); and *Vinayak R. Pai Defined Benefits Pension Plan v. The Charles Schwab Corp.*,
     *et al.,* No. 08-CV-02058 WHA (April 21, 2008).
28

NOTICE, MOTION & MPA BY KAREN CUNNINGHAM, MARK KALE AND MONTE LEWIS FOR APPT OF LEAD
PLTFS, LEAD COUNSEL AND FOR CONSOLIDATION OF ALL RELATED ACTIONS
CASE NO. 08-CV-01510 WHA

1 the same or similar claims under the federal securities laws on behalf of the same or similar plaintiff

2 class.  In addition, all five actions will involve similar issues regarding class certification, and will

3 undoubtedly involve identical discovery.  There is also no reason to believe that Defendants would

4 not support consolidation of these actions, as well as any subsequently filed related actions.

5        Courts routinely find that consolidating multiple securities cases is an efficient solution

6 where the complaints arise generally from the same alleged false and misleading statements.  *See,*

7 *e.g.*, *Casden v. HPL Technologies, Inc.*, No. C-02-3510, 2003 U.S. Dist. LEXIS 19606 at *5 (N.D.

8 Cal. Sept. 29, 2003) (Walker, J.) (interests of judicial economy are particularly strong in securities

9 class actions).  Any minor differences in asserted claims will not prevent consolidation.  *See Takeda*

10 *v. Turbodyne Technologies, Inc.*, 67 F. Supp. 2d 1129, 1133 (C.D. Cal. 1999).  Accordingly, these

11 actions should be consolidated in the interests of judicial economy and overall efficiency.

12 Therefore, Movants respectfully request these five related cases be consolidated for all purposes

13 pursuant to Rule 42(a) of the Federal Rules of Civil Procedure.  *See also In re Equity Funding*

14 *Corp. of Am. Sec. Litig.*, 416 F. Supp. 161, 176 (C.D. Cal. 1976) (noting that class action suits are

15 ideally suited to consolidation since their unification expedites pretrial proceedings, reduces case

16 duplication, avoids the contacting of parties and witnesses for inquiries in multiple proceedings, and

17 minimizes the expenditure of time and money by all persons concerned).[4]

18 **IV.    MOVANTS ARE THE MOST ADEQUATE PLAINTIFFS UNDER THE PSLRA AND**
   **SHOULD BE APPOINTED LEAD PLAINTIFFS**

19

20        The PSLRA provides that within 60 days after the publication of the notice, any person or

21 group of persons who are members of the proposed class may apply to the court to be appointed

22 Lead Plaintiff.  15 U.S.C. §§ 77z-1(a)(3)(A) and (B).  The PSLRA directs the Court to consider any

23

24 

25        [4] If more than one action on behalf of a class asserting substantially the same claim or
claims arising under this title [15 U.S.C. §§ 77a *et seq.*] has been filed, and any party has sought to
26 consolidate those actions for pretrial purposes or for trial, the court shall not make the determination
required by clause (i) until after the decision on the motion to consolidate is rendered. As soon as
27 practicable after such decision is rendered, the court shall appoint the most adequate plaintiff as
lead plaintiff for the consolidated actions in accordance with this subparagraph.  15 U.S.C. §
28 77z-1(a)(3)(B)(ii).

6

1   motions by plaintiffs or purported class members to serve as Lead Plaintiffs in response to any such

2   notice by not later than 90 days after the date of publication, or as soon as practicable after the

3   Court decides any pending motion to consolidate any actions asserting substantially the same claim

4   or claims.  *See* 15 U.S.C. § 77z-1(a)(3)(B).  The courts "shall" appoint the "most adequate

5   plaintiff," and are to presume that plaintiff is the person, or group of persons, which:

6   (aa)   has either filed the complaint or made a motion in response to a notice . . .;

7   (bb)   in the determination of the court, has the largest financial interest in the relief
           sought by the class; and

8
9   (cc)   otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil
           Procedure.

10   15 U.S.C. § 77z-1(a)(3)(B)(iii)(I).  *See Greebel v. FTP Software,* 939 F. Supp. 57, 64 (D. Mass.

11   1996).

12        Here, Movants each satisfy all the prerequisites for appointment as lead plaintiff with

13   respect to the Class they seek to represent and there is no infirmity in their abilities to fulfill their

14   obligations properly.

15        **A.     Movants Made Their Motion Within 60 Days of Publication of Notice**

16        The first requirement to being appointed a lead plaintiff is to have "either filed a complaint

17   or made a motion in response to a notice . . . . "  15 U.S.C. § 77z-1(a)(3)(A) and (B).  Here, a notice

18   was issued on March 19, 2008, announcing that a class action had been commenced against Charles

19   Schwab and that any potential class member may be entitled to appointment as lead plaintiff in the

20   action by filing a motion with the Court no later than May 16, 2008.[5]  *See* Burke Decl., Ex. 1.  By

21   filing this motion, Movants satisfy this requirement.

22        **B.     Movants Have the Largest Financial Interest in the Relief Sought**

23        The second prerequisite to being appointed a lead plaintiff is that "in the determination of

24   the court, [the plaintiff] has the largest financial interest in the relief sought by the class" of those

25   persons moving to be appointed lead plaintiffs.  *See* 15 U.S.C. § 77z-1(a)(3)(B).  The presumptive

26   _____

27        [5]  Because the notice issued on March 19, 2008 was dated, but not issued March 18, 2008, it
     appears that the filing deadline of May 16 set forth in the notice is incorrect and the actual correct

28   deadline requires motions to be filed on or before May 19, 2008.

NOTICE, MOTION & MPA BY KAREN CUNNINGHAM, MARK KALE AND MONTE LEWIS FOR APPT OF LEAD
PLTFS, LEAD COUNSEL AND FOR CONSOLIDATION OF ALL RELATED ACTIONS
CASE NO. 08-CV-01510 WHA

1    lead plaintiff has the largest financial interest in the relief sought by the class and otherwise satisfies

2    the requirements of Rule 23 of the Federal Rules of Civil Procedure. *In re Cavanaugh*, 306 F.3d

3    726, 729-30 (9th Cir. 2002), *citing* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). To make this comparison, the

4    district court must calculate each potential lead plaintiff's financial interest in the litigation. *Id* at

5    730, n.4. In other words, the district court must compare the financial stakes of the various

6    plaintiffs and determine which plaintiff has the most to gain from the lawsuit. *Id*. at 729-30.

7        During the Class Period, Movants purchased their Fund shares at prices artificially inflated

8    by defendants' false and misleading statements and have each suffered substantial losses. *See*

9    Burke Decl. Ex. 3. Indeed, as the result of their purchases during the Class Period, Movants

10   collectively incurred at least $111,401 in damages. *Id.* To the best of their knowledge, Movants

11   have the largest financial interest in the relief sought by the Class. Movants are, therefore,

12   presumptively the most adequate Lead Plaintiffs pursuant to the PSLRA. *See* 15 U.S.C. § 77z-

13   1(a)(3)(B).

14       **C.    The Proposed Lead Plaintiffs Are Qualified under Rule 23**

15       In addition to possessing the largest financial interest in the outcome of the litigation, the

16   PSLRA provides that the Lead Plaintiff must also "otherwise satisfy the requirements of Rule 23 of

17   the Federal Rules of Civil Procedure." 15 U.S.C. § 77z-1(a)(3)(B). With respect to the

18   qualifications of the class representative, Rule 23(a) requires that the claims be typical of the claims

19   of the Class and that the representative will fairly and adequately protect the interests of the Class.

20       Here, Movants satisfy the typicality and adequacy requirements of Rule 23(a) because, as

21   shown below, their claims are typical of the claims of the Class, they will fairly and adequately

22   represent the interests of the Class because their interests are clearly aligned with the members of

23   the Class and they have retained experienced class counsel to represent the Class.

24       **1.    The Claims Of The Proposed Lead Plaintiff Are**
         **Typical Of The Claims Of The Class**

25

26       The typicality requirement of Rule 23(a)(3) is satisfied when a named plaintiff has: (a)

27   suffered the same or similar injuries as the absent class members; (b) as a result of the same course

28   of conduct by defendants; and (c) the claims are based on the same legal issues. "The purpose of

8

1   the typicality requirement is to assure that the interest of the named representative aligns with the

2   interests of the class." *Hanon v. Dataproducts Corp.,* 976 F.2d 497, 508 (9th Cir. 1992)(citation

3   omitted). "Typicality refers to the nature of the claim ... and not to specific facts.... Accordingly,

4   differences in the amount of damage, the size or manner of [stock] purchase, [and] the nature of the

5   purchaser ... will not render a claim atypical in most securities cases." *Weinberger v. Jackson*, 102

6   F.R.D. 839, 844 (N.D. Cal. 1984) (citation omitted).

7          Here, the questions of law and fact common to the Class members which predominate over

8   questions that may affect individual claims include:

9          (a)    whether the federal securities laws were violated by defendants' acts;

10         (b)    whether defendants' statements during the Class Period omitted and/or

11                misrepresented material facts;

12         (c)    whether defendants pursued the fraudulent scheme and course of conduct

13                complained of;

14         (d)    whether the defendants acted intentionally or recklessly;

15         (e)    whether the market price of Schwab YieldPlus shares was artificially inflated due to

16                the activities complained of; and

17         (f)    the extent of damages Class members sustained and the appropriate

18                measure of those damages.

19         Movants' claims are typical of the claims of the members of the proposed Class. Movants,

20   as do all members of the proposed Class, allege that Defendants violated the Securities Act by

21   publicly disseminating false and misleading statements, and by failing to disclose material adverse

22   facts about Fund shares during the Class Period. Further, Movants, as did all of the members of the

23   proposed Class, acquired Fund shares at prices inflated by defendants' misrepresentations and

24   omissions and were damaged thereby. The typicality requirement is satisfied here because the

25   claims asserted by Movants are based on the same legal theory and arise from the "same event or

26   course of conduct" giving rise to the claims of other class members. *See Guenther v. Pacific

27   Telecom, Inc.*, 123 F.R.D. 333, 336 (D. Or. 1988). *Accord, Blackie v. Barrack,* 524 F.2d 891,

28

NOTICE, MOTION & MPA BY KAREN CUNNINGHAM, MARK KALE AND MONTE LEWIS FOR APPT OF LEAD
PLTFS, LEAD COUNSEL AND FOR CONSOLIDATION OF ALL RELATED ACTIONS
CASE NO. 08-CV-01510 WHA

902-03 & n.19 (9th Cir. 1975), *cert. denied,* 429 U.S. 816 (1976); *Freedman v. Louisiana-Pacific Corp.*, 922 F. Supp. 377, 399 (D. Or. 1996).

**2.  The Proposed Lead Plaintiffs Will Fairly And Adequately Represent The Interests Of The Class**

Under Rule 23(a)(4), the representative party must "fairly and adequately protect the interests of the class."  Adequacy depends on two questions: "(1) whether the named Plaintiffs and their counsel have any conflicts of interest with other class members and (2) whether the named plaintiffs and their counsel will prosecute the action vigorously on behalf of the class."  *In re THQ Inc. Sec. Litig.*, No. CV 00-1783, 2002 U.S. Dist. LEXIS 7753 at *20 (C.D. Cal. Mar. 22, 2002)(citation omitted).

Movants' interests are clearly aligned with the members of the proposed Class.  There is no evidence of any antagonism between the interests of these individuals and the proposed Class members.  As detailed above, Movants share substantially similar questions of law and fact with the members of the proposed Class, their claims are typical of the members of the Class, and they have taken significant steps to advance this litigation.  They are the victims of the same conduct as the other members of the Class and their claims raise similar questions of law and fact as those other members.  To further their own interests, they will necessarily have to advance the interests of all such Class members.  Movants have no conflicts with the interests of the other members of the Class.  They want to obtain the maximum recovery for the Class so as to maximize the recovery for themselves and all similarly situated members.  In addition, Movants have amply demonstrated their adequacy to serve as class representatives by signing certifications affirming their willingness to serve as, and assume the responsibilities of, class representatives.  Finally, Movants have selected and retained counsel highly experienced in prosecuting securities class actions such as this action to represent them.  For these reasons, Movants should be appointed Lead Plaintiffs in the consolidated action.

**V.  THIS COURT SHOULD APPROVE THE PROPOSED LEAD PLAINTIFFS' CHOICE OF LEAD COUNSEL**

10

1    The PSLRA vests authority in the Lead Plaintiff to select and retain Lead Counsel, subject

2   to court approval.  *See* 15 U.S.C. § 77z-1(a)(3)(B)(v).  Movants have selected the law firm of Stull,

3   Stull & Brody to serve as Lead Counsel for the Class.  This firm possesses extensive experience in

4   the area of securities litigation and has successfully prosecuted numerous securities fraud class

5   actions on behalf of injured investors.  *See* Burke Decl. Ex. 4.

6   **VI.    CONCLUSION**

7    For all the foregoing reasons, Movants respectfully request that this Court consolidate all

8   related securities class actions with the above captioned case pursuant to Rule 42(a) of the Federal

9   Rules of Civil Procedure, appoint Movants as Lead Plaintiffs pursuant to Section 27(a)(3)(B)(iii) of

10  the 1933 Act, and approve their choice of Stull, Stull & Brody as Lead Counsel for the Class.

11

12  Dated: May 16, 2008                    Timothy J. Burke
                                           STULL, STULL & BRODY
13

14
                                  By:    _____/s/_____
15                                       Timothy J. Burke
                                         10940 Wilshire Boulevard
16                                       Suite 2300
                                         Los Angeles, CA  90024
17                                       Tel:    (310) 209-2468
                                         Fax:   (310) 209-2087
18
                                         Jules Brody
19                                       STULL, STULL & BRODY
                                         6 East 45th Street
20                                       New York,  NY 10017
                                         Tel:    (212) 687-7230
21                                       Fax:   (212) 490-2022

22                                       Proposed Lead Counsel for Plaintiffs

23

24

25

26

27

28

NOTICE, MOTION & MPA BY KAREN CUNNINGHAM, MARK KALE AND MONTE LEWIS FOR APPT OF LEAD
PLTFS, LEAD COUNSEL AND FOR CONSOLIDATION OF ALL RELATED ACTIONS
CASE NO. 08-CV-01510 WHA

**PROOF OF SERVICE**

STATE OF CALIFORNIA       )
                              )ss.:
COUNTY OF LOS ANGELES   )

       I am employed in the county of Los Angeles, State of California, I am over the age of 18 and not a party to the within action; my business address is 10940 Wilshire Boulevard, Suite 2300, Los Angeles, CA 90024.

       On May 16, 2008, I served the document(s) described as **NOTICE OF MOTION AND MOTION BY KAREN CUNNINGHAM, MARK KALE AND MONTE LEWIS FOR APPOINTMENT OF LEAD PLAINTIFFS AND LEAD COUNSEL PURSUANT TO SECTION 27 OF THE SECURITIES EXCHANGE ACT OF 1933, AND FOR CONSOLIDATION OF ALL RELATED ACTIONS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** by placing a true copy(ies) thereof enclosed in a sealed envelope(s) addressed as follows:

**SEE ATTACHED SERVICE LIST**

I served the above document(s) as follows:

<u>xx</u>      BY MAIL. I am familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in an affidavit.

       I further declare, pursuant to Civil L.R. 23-2, that on the date hereof I served a copy of the above-listed document(s) on the Securities Class Action Clearinghouse by electronic mail through the following electronic mail address provided by the Securities Class Action Clearinghouse:

**scac@law.stanford.edu**

       I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

       Executed on May 16, 2008, at Los Angeles, California 90024.

<u>MELANIE JACOBS</u>                                   <u>         /s/         </u>
Type or Print Name                                        Melanie Jacobs

1    **SERVICE LIST**

2    Jules Brody                                    Nadeem Faruqi
     STULL, STULL & BRODY                           Antonio Vozzolo
3    6 East 45th Street                             FARUQI & FARUQI
     New York, NY 10017                             369 Lexington Avenue, 10th Floor
4    Tel:    (212) 687-7230                         New York, NY 10017
     Fax:    (212) 490-2022                         Tel:    (212) 983-9330
5                                                   Fax:    (212) 983-9331

6    Steve W. Berman
     Sean Matt                                      Marc M Seltzer
7    HAGENS BERMAN SOBOL SHAPIRO                    SUSMAN GODFREY L.L.P.
     LLP                                            1901 Avenue of the Stars, Suite 950
     1301 Fifth Avenue, Suite 2900                  Los Angeles, CA 90067-6029
8    Seattle, WA 98101                              Tel:    (310) 789-3100
     Tel:    (206) 623-7292                         Fax:    (310) 789-3150
9    Fax:    (206) 623-0594

10   Dave Gaba                                      Harry P. Susman
     COMPASS LAW GROUP PLLC                         SUSMAN GODFREY L.L.P.
11   1200 Fifth Avenue, Suite 1900                  1000 Louisiana Street, Suite 5100
     Seattle, WA 98101                              Houston, TX 77002-5096
12   Tel:    (206) 467-7026                         Tel:    (713) 651-9366
                                                    Fax:    (713) 654-6666
13   Robert Mills                                   Adam P. Schiffer
     THE MILLS LAW FIRM                             SCHIFFER ODOM HICKS PLLC
14   145 Marina Boulevard                           3200 Southwest Freeway, Suite 2390
     San Rafael, CA 94901                           Houston, TX 77027
15   Tel:    (415) 455-1326                         Tel:    (713) 357-5150
     Fax:    (415) 455-1327                         Fax:    (713) 357-5160
16
     Jeffrey A. Berens
17   DYER & BERENS LLP
     682 Grant Street
18   Denver, CO 80203-3507
     Tel:    (303) 861-1764
19   Fax:    (303) 395-0393

20   Blair A. Nichols
     BERNSTEIN LITOWITZ BERGER &
21   GROSSMAN LLP
     12481 High Bluff Drive, Suite 300
22   Tel:    (858) 793-0700
     Fax:    (858) 793-0323
23
     Vahn Alexander
24   FARUQI & FARUQI, LLP
     1901 Avenue of the Stars, Second Floor
25   Los Angeles, CA 90067
     Tel:    (310) 461-1426
26   Fax:    (310) 461-1427

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIKE LABINS, On Behalf Of Himself And All Others Similarly Situated,<br><br>               Plaintiff,<br><br>    v.<br><br>THE CHARLES SCHWAB CORPORATION, CHARLES SCHWAB & CO. INC., CHARLES SCHWAB INVESTMENT MANAGEMENT, INC., CHARLES R. SCHWAB, EVELYN DILSAVER, RANDALL W. MERK and GEORGE PEREIRA,<br><br>              Defendants.<br>_____ | CASE NO. 08-CV-01510 WHA<br><br>**<u>CLASS ACTION</u>**<br><br>**[PROPOSED] ORDER GRANTING MOTION BY KAREN CUNNINGHAM, MARK KALE AND MONTE LEWIS FOR APPOINTMENT OF LEAD PLAINTIFFS AND LEAD COUNSEL PURSUANT TO SECTION 27 OF THE SECURITIES ACT OF 1933, AND FOR CONSOLIDATION OF ALL RELATED ACTIONS**<br><br>DATE:      June 26, 2008<br>TIME:      8:00 a.m.<br>CTRM:    9, 19th Floor |

1    This Court, having considered the motion by Karen Cunningham, Mark Kale and Monte

2    Lewis for Appointment of Lead Plaintiffs and Lead Counsel Pursuant to Section 27 of the Securities

3    Act of 1933 and for Consolidation of All Related Actions (the "Motion"), for good cause shown,

4    hereby orders as follows:

5         **IT IS HEREBY ORDERED THAT:**

6         1.    The following related actions are consolidated with the instant action for all purposes

7    including, but not limited to, discovery, pretrial proceedings and trial proceedings, pursuant to Rule

8    42(a) of the *Federal Rules of Civil Procedure*:

| Case Name | Case Number | Filing Date |
|---|---|---|
| *Hageman v. The Charles Schwab Corp.* | 08-CV-01733 WHA | March 31, 2008 |
| *Glasgow v. The Charles Schwab Corp.* | 08-CV-01936 WHA | April 11, 2008 |
| *Flanzraich v. The Charles Schwab Corp.* | 08-CV-01994 WHA | April 16, 2008 |
| *Vinayak R. Pai Defined Benefits Pension Plan v. The Charles Schwab Corp.* | 08-CV-02058 WHA | April 21, 2008 |

15    The caption of these consolidated actions shall be "*In re Schwab YieldPlus Securities*

16   *Litigation*" and the files of these consolidated actions shall be maintained in one file under Master

17   File No. 08-CV-01510 WHA.   Any other actions now pending or later filed in this district which

18   arise out of or are related to the same facts as alleged in the above-identified cases shall be

19   consolidated for all purposes, if and when they are brought to the Court's attention.

**NORTHERN DISTRICT OF CALIFORNIA**

In re SCHWAB YIELDPLUS SECURITIES          )          Master File No. 08-CV-01510 WHA
LITIGATION                                                       )
                                                                         )          **CLASS ACTION**
    This Document Relates To:                            )
                                                                         )
    All Actions.                                                  )
_____)

//

//

//

1
[PROPOSED] ORDER ISO OF MOTION BY KAREN CUNNINGHAM, MARK KALE AND MONTE LEWIS FOR APPT OF
LEAD PLTFS, LEAD COUNSEL AND FOR CONSOLIDATION OF ALL RELATED ACTIONS
CASE NO. 08-CV-01510 WHA

1      2.    When a pleading is intended to be applicable to all actions governed by this Order,

2  the words "All Actions" shall appear immediately after the words "This Document Relates To:" in

3  the caption set out above.  When a pleading is intended to be applicable to only some, but not all,

4  of the consolidated actions, this Court's docket number for each individual action to which the

5  pleading is intended to be applicable and the last name of the first-named plaintiff in said action

6  shall appear immediately after the words "This Document Relates To:" in the caption described

7  above [*e.g.*, Case No. 08-CV-01510 WHA]."

8      3.    A Master Docket and a Master File hereby are established for the above-

9  consolidated proceedings and for all other related cases filed in or transferred to this Court.

10  Separate dockets shall continue to be maintained for each of the individual actions hereby

11  consolidated, and entries shall be made in the docket of each individual case in accordance with the

12  regular procedures of the clerk of this Court, except as modified by this Order.

13      4.    When a pleading is filed and the caption shows that it is applicable to "All Actions,"

14  the clerk shall file such pleading in the Master File and note such filing on the Master Docket.  No

15  further copies need to be filed, and no other docket entries need be made.

16      5.    When a pleading is filed and the caption shows that it is to be applicable to fewer

17  than all of the consolidated actions, the clerk will file such pleading in the Master File only but shall

18  docket such filing on the Master Docket and the docket of each applicable action.

19      6.    When a case which properly belongs as part of *In re Schwab YieldPlus Securities*

20  *Litigation* is filed in this Court or transferred to this Court from another court and assigned to Judge

21  Hamilton, the clerk of this Court shall:

22      a.    Place a copy of this Order in the separate file for such action;

23      b.    Mail to the attorneys for the plaintiffs in the newly-filed or transferred case a copy of

24  this Order and direct that this Order be served upon or mailed to any new defendant(s) or their

25  counsel in the newly-filed or transferred case; and

26      c.    Make an appropriate entry on the Master Docket.  This Court requests the assistance

27  of counsel in calling to the attention of the clerk of this Court the filing or transfer of any case

28  which might be consolidated as part of *In re Schwab YieldPlus Securities Litigation*.

2

**IT IS FURTHER ORDERED THAT:**

7.     Pursuant to §27(a)(3)(B)(iii) of the Securities Act of 1933, Karen Cunningham, Mark Kale and Monte Lewis are appointed Lead Plaintiffs for the Class.

8.     Lead Plaintiffs' selection of counsel is approved.  Pursuant to §27(a)(3)(B)(v), the law firm of Stull, Stull & Brody is appointed Lead Counsel for the class.

9.     Lead Counsel is vested by the Court with the following responsibilities and duties:

a.     To coordinate the preparation and filing of a Consolidated Amended Complaint, and any subsequent pleadings;

b.     To coordinate the briefing and argument of all motions;

c.     To coordinate and conduct all discovery, pre-trial and trial proceedings for plaintiffs;

d.     To call meetings of plaintiffs' counsel as they deem appropriate or necessary from time to time;

e.     To initiate and conduct all settlement negotiations for plaintiffs with counsel for defendants;

f.     To provide general coordination of activities of counsel on their side and to delegate work responsibilities to selected counsel as may be required; and

g.     To perform such other duties as may be expressly authorized by further order of the Court.

10.     Lead Counsel shall make all work assignments in such a manner as to conduct the orderly and efficient prosecution of this litigation and to avoid duplicative or unproductive effort.

11.     Defendants' counsel may rely upon all agreements made with Lead Counsel and such agreements shall be binding on all plaintiffs.

12.     No motion, request for discovery, or other pretrial proceeding shall be initiated or served by any plaintiff except through Lead Counsel.

DATED: _____          _____
                                                                 Honorable William H. Alsup
                                                                 United States District Court Judge

3

1  Submitted By:

2  Timothy J. Burke
   STULL, STULL & BRODY
3  10940 Wilshire Boulevard
   Suite 2300
4  Los Angeles, CA  90024
   Tel:    (310) 209-2468
5  Fax:    (310) 209-2087

6  Jules Brody
   STULL, STULL & BRODY
7  6 East 45th Street
   New York,  NY 10017
8  Tel:    (212) 687-7230
   Fax:    (212) 490-2022
9
   Proposed Lead Counsel for Plaintiffs
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

[PROPOSED] ORDER ISO OF MOTION BY KAREN CUNNINGHAM, MARK KALE AND MONTE LEWIS FOR APPT OF
LEAD PLTFS, LEAD COUNSEL AND FOR CONSOLIDATION OF ALL RELATED ACTIONS
CASE NO. 08-CV-01510 WHA

1

**PROOF OF SERVICE**

2   STATE OF CALIFORNIA          )
                                 )ss.:
3   COUNTY OF LOS ANGELES        )

4        I am employed in the county of Los Angeles, State of California, I am over the age of 18 and
    not a party to the within action; my business address is 10940 Wilshire Boulevard, Suite 2300, Los
5   Angeles, CA  90024.

6        On May 16, 2008, I served the document(s) described as **[PROPOSED] ORDER
    GRANTING MOTION BY KAREN CUNNINGHAM, MARK KALE AND MONTE LEWIS
7   FOR APPOINTMENT OF LEAD PLAINTIFFS AND LEAD COUNSEL PURSUANT TO
    SECTION 27 OF THE SECURITIES EXCHANGE ACT OF 1933, AND FOR
8   CONSOLIDATION OF ALL RELATED ACTIONS** by placing a true copy(ies) thereof enclosed
    in a sealed envelope(s) addressed as follows:

9

10                     **SEE ATTACHED SERVICE LIST**

    I served the above document(s) as follows:
11

12   __xx__   BY MAIL.  I am familiar with the firm's practice of collection and processing
              correspondence for mailing.  Under that practice it would be deposited with U.S. postal
13            service on that same day with postage thereon fully prepaid at Los Angeles, California in the
              ordinary course of business.  I am aware that on motion of the party served, service is
              presumed invalid if postal cancellation date or postage meter date is more than one day after
14            date of deposit for mailing in an affidavit.

15        I further declare, pursuant to Civil L.R. 23-2, that on the date hereof I served a copy of the
    above-listed document(s) on the Securities Class Action Clearinghouse by electronic mail through
16   the following electronic mail address provided by the Securities Class Action Clearinghouse:

17                     **scac@law.stanford.edu**

18        I declare that I am employed in the office of a member of the bar of this Court at whose
    direction the service was made.
19

20        Executed on May 16, 2008, at Los Angeles, California 90024.

21

    MELANIE JACOBS                          _____/s/_____
22   Type or Print Name                         Melanie Jacobs

23

24

25

26

27

28

1

## SERVICE LIST

2

Jules Brody
STULL, STULL & BRODY
3   6 East 45th Street
New York, NY 10017
4   Tel:    (212) 687-7230
Fax:    (212) 490-2022
5

Nadeem Faruqi
Antonio Vozzolo
FARUQI & FARUQI
369 Lexington Avenue, 10th Floor
New York, NY 10017
Tel:    (212) 983-9330
Fax:    (212) 983-9331

6   Steve W. Berman
Sean Matt
HAGENS BERMAN SOBOL SHAPIRO
7   LLP
1301 Fifth Avenue, Suite 2900
8   Seattle, WA 98101
Tel:    (206) 623-7292
9   Fax:    (206) 623-0594

Marc M Seltzer
SUSMAN GODFREY L.L.P.
1901 Avenue of the Stars, Suite 950
Los Angeles, CA 90067-6029
Tel:    (310) 789-3100
Fax:    (310) 789-3150

10   Dave Gaba
COMPASS LAW GROUP PLLC
11   1200 Fifth Avenue, Suite 1900
Seattle, WA 98101
12   Tel:    (206) 467-7026

Harry P. Susman
SUSMAN GODFREY L.L.P.
1000 Louisiana Street, Suite 5100
Houston, TX 77002-5096
Tel:    (713) 651-9366
Fax:    (713) 654-6666

13   Robert Mills
THE MILLS LAW FIRM
14   145 Marina Boulevard
San Rafael, CA 94901
15   Tel:    (415) 455-1326
Fax:    (415) 455-1327

Adam P. Schiffer
SCHIFFER ODOM HICKS PLLC
3200 Southwest Freeway, Suite 2390
Houston, TX 77027
Tel:    (713) 357-5150
Fax:    (713) 357-5160

16

17   Jeffrey A. Berens
DYER & BERENS LLP
682 Grant Street
18   Denver, CO 80203-3507
Tel:    (303) 861-1764
19   Fax:    (303) 395-0393

20   Blair A. Nichols
BERNSTEIN LITOWITZ BERGER &
21   GROSSMAN LLP
12481 High Bluff Drive, Suite 300
22   Tel:    (858) 793-0700
Fax:    (858) 793-0323

23

24   Vahn Alexander
FARUQI & FARUQI, LLP
1901 Avenue of the Stars, Second Floor
25   Los Angeles, CA 90067
Tel:    (310) 461-1426
26   Fax:    (310) 461-1427

27

28