BRAMSON, PLUTZIK, MAHLER & BIRKHAEUSER, LLP
Alan R. Plutzik (State Bar No. 77785)
Michael S. Strimling (State Bar No. 96135)
2125 Oak Grove Road, Suite 120
Walnut Creek, CA 94598
Telephone: (925) 945-0200
Facsimile: (925) 945-8792

LOVITT & HANNAN, INC.
Ronald Lovitt
J. Thomas Hannan
900 Front Street, Suite 300
San Francisco 94111
Telephone: (415) 362-8769
Facsimile: (415) 362-7528

Attorneys for the Schwartz Group of Investors

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIKE LABINS, on Behalf of Himself and All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>THE CHARLES SCHWAB CORPORATION; CHARLES SCHWAB & CO., INC.; CHARLES SCHWAB INVESTMENT MANAGEMENT, INC.; CHARLES R. SCHWAB; EVELYN DILSAVER; RANDALL W. MERK; AND GEORGE PEREIRA,<br><br>Defendants. | Case No. Case No. CV-08-1510-WHA<br><br>**DECLARATION OF MICHAEL S. STRIMLING IN SUPPORT OF MOTION FOR CONSOLIDATION OF ACTIONS; FOR APPOINTMENT OF THE SCHWARTZ GROUP OF INVESTORS AS LEAD PLAINTIFFS; AND FOR APPROVAL OF LEAD PLAINTIFFS' CHOICE OF LEAD COUNSEL**<br><br>Date: June 26, 2008<br>Time: 8:00 a.m.<br>Judge: The Honorable William H. Alsup |
| GERRY HAGEMAN, on Behalf of Himself and All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>THE CHARLES SCHWAB CORPORATION, et al.,<br><br>Defendants. | CASE NO. CV 08-01733-CW |

DECLARATION OF MICHAEL S. STRIMLING IN SUPPORT OF MOTION FOR CONSOLIDATION; APPOINTMENT OF THE SCHWARTZ GROUP OF INVESTORS AS LEAD PLAINTIFFS; AND FOR APPROVAL LEAD COUNSEL                                                                        1

| | |
|---|---|
| W. MERRILL GLASGOW, on Behalf of Himself and All Others Similarly Situated,<br><br>                           Plaintiff,<br><br>     vs.<br><br>THE CHARLES SCHWAB CORPORATION, et al.,<br><br>     Defendants. | CASE NO. CV 08-01936-SI |
| NILS FLANZRAICH, on Behalf of Himself and All Others Similarly Situated,<br><br>                           Plaintiff,<br><br>     vs.<br><br>THE CHARLES SCHWAB CORPORATION et al.,<br><br>     Defendants. | CASE NO. CV 08-01994-WHA |
| VINAYAK R. PAI DEFINED BENEFITS PENSION PLAN,<br><br>                           Plaintiff,<br><br>     vs.<br><br>THE CHARLES SCHWAB CORPORATION, et al.,<br><br>     Defendants. | CASE NO. CV 08-02058 WHA |

55473

1    I, Michael S. Strimling, declare as follows:

2    1. I am an attorney admitted to practice before this Court and before all the Courts of the

3    State of California, and an attorney with the firm of Bramson, Plutzik, Mahler & Birkhaeuser, LLP

4    which, together with the firm of Lovitt & Hannan, Inc., have been selected by the Proposed Lead

5    Plaintiffs, as listed in Paragraph 2, hereof, as the proposed Lead Counsel to prosecute these

6    securities class actions concerning the Schwab YieldPlus Fund. I could competently testify to the

7    facts stated herein of my own personal knowledge if called to do so.

8    2. Attached hereto as Exhibit A are the Certifications, signed and sworn by the members of

9    the Schwartz Group of Investors. The Schwartz Group consists of Richard M. Schwartz, as

10    Trustee of two family trusts; Casa Marin, a corporation wholly owned by Richard M. Schwartz;

11    Sheri Bell, Richard M. Schwartz's wife, as an individual, both on her own behalf and on behalf of

12    her brother C. Scott Bell pursuant to power of attorney; and Sheri Bell, as Trustee of an additional

13    family company. The Certifications, as attached, are the following:

14

| Exhibit No. | Proposed Lead Plaintiff |
|---|---|
| A-1 | Casa Marin, a corporation |
| A-2 | Richard M. Schwartz, Trustee of the Celesta Schwartz Trust |
| A-3 | Richard M. Schwartz, Trustee of the Meyer Schwartz Trust |
| A-4 | Sheri Bell, Trustee of the Charles C. Bell Ltd |
| A-5 | Sheri Bell |

23    3. Attached hereto as Exhibit B is a true copy of the firm resume and biographies of

24    attorneys at LOVITT & HANNAN, INC.

25    4. Attached hereto as Exhibit C is a true copy of the firm resume and biographies of

26    attorneys at BRAMSON, PLUTZIK, MAHLER & BIRKHAEUSER, LLP.

27

28

1        5. I declare under penalty of perjury under the laws of the United States that the foregoing

2    is true and correct.

3     Dated: May 16, 2008

4

5                                           /s/
                                   Michael S. Strimling

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT A

# EXHIBIT A-1

## EXHIBIT A-1

### CERTIFICATION OF RICHARD M. SCHWARTZ ON BEHALF OF CASA MARIN PURSUANT TO FEDERAL SECURITIES LAWS

I, Richard M. Schwartz, hereby declare under penalty of perjury, as follows:

1.     My name is Richard M. Schwartz. I am sole shareholder and President of Casa Marin, a corporation organized and existing under the laws of the State of California. I make this Certification on behalf of the Schwartz Group's Motion for Appointment as Lead Plaintiffs and for Approval of the Selection of Lead Counsel ("Lead Plaintiff Motion").

2.     I have reviewed the Schwartz Group's Lead Plaintiff Motion and, on behalf of Casa Marin, have authorized its filing.

3.     Neither Casa Marin nor I engaged in any transactions in the securities which are the subject of the action at the direction of plaintiff's counsel or in order to participate in this or any other litigation under the securities laws of the United States.

4.     Casa Marin is willing to serve as a representative party on behalf of the class, including providing testimony at deposition and trial, if necessary.

5.     Casa Marin's transactions in the Charles Schwab YieldPlus Fund are as follows:

- On 7/13/07, Casa Marin bought 20,703.934 units, at a NAV of $9.66, each, for a total investment of $200,000.

- Thereafter, dividends were reinvested every month automatically in the SchwabOne account, such that the Charles Schwab Account Statement for February1-29, 2008, summarizes that during the class period CASA MARIN had accumulated 21,450.1350 units for a total of $206,869.15.

- As of March 17, 2008, the end of the previously alleged class period, the price per unit was $7.96, for a total asset value of $170,743.07. Thus, if losses are computed based on the price of the units at the close of the class period, Casa Marin lost $36,126.08.

CERTIFICATION OF CASA MARIN
55484

- On April 1, 2008, CASA MARIN sold all of its YieldPlus Fund investment for $150,443.61. Thus, if losses are computed based on the price at which the units were sold, Cas Marin sustained losses of $56,425.54.

- CASA MARIN has made no other transactions during the class period in the debt or equity securities that are the subject of this action except those set forth in this Certificate, other than such automatic reinvestment of interest and dividends as were reflected on the account statement as described above.

6.      I have not, within the three years preceding the date of the certification, sought to serve or served as a representative party on behalf of a class in an action involving alleged violations of the federal securities laws, except as set forth in the Certifications filed herewith.

7.      CASA MARIN and I will not accept any payment for serving as representative on behalf of a class beyond the party's pro rata share of any recovery, unless ordered or approved by the Court pursuant to section 27(a)(4) of the Securities Act, 15 U.S.C. § 77z-l(a)(4), or section 21D(a)(4) of the Securities Exchange Act, 15 U.S.C. § 78u-4(a)(4).

I declare under penalty of perjury that the foregoing is true and correct.

Executed this __15__ th day of May, 2008.

                                                    RICHARD M. SCHWARTZ

**EXHIBIT A-2**

## EXHIBIT A-2

### CERTIFICATION OF RICHARD M. SCHWARTZ, TRUSTEE OF THE CELESTA SCHWARTZ TRUST FBO RICHARD SCHWARTZ UNDER THE CELESTA SCHWARTZ REVOCABLE TRUST DTD JUNE 12, 1992 PURSUANT TO FEDERAL SECURITIES LAWS

I, Richard M. Schwartz, hereby declare under penalty of perjury, as follows:

1.      My name is Richard M. Schwartz. I am Trustee of the Celesta Schwartz Trust for the benefit of Richard Schwartz under the Celesta Schwartz Revocable Trust dated June 12, 1992 (the "Trust"). Celesta Schwartz was my mother. I am authorized to make investment decisions for the Trust and to commit the Trust to serving as a plaintiff in this action. I have personal knowledge of the matters stated in this certification. I make this Certification on behalf of the Schwartz Group's Motion for Appointment as Lead Plaintiffs and for Approval of the Selection of Lead Counsel ("Lead Plaintiff Motion").

2.      I have reviewed the Schwartz Group's Lead Plaintiff Motion and, on behalf of the Trust, have authorized its filing.

3.      Neither the Trust nor I engaged in any transactions in the securities which are the subject of the action at the direction of plaintiff's counsel or in order to participate in this or any other litigation under the securities laws of the United States.

4.      The Trust and I are willing to serve as a representative party on behalf of the class, including providing testimony at deposition and trial, if necessary.

5.      The Trust's transactions in the Charles Schwab YieldPlus Fund are as follows:

- On 7/13/07, the Trust bought 23,337.5820 units, at a NAV of $9.66, each, for a total investment of $225,441.04.

- Thereafter, dividends were reinvested every month automatically in the SchwabOne account, purchasing additional units. On February 28, 2008, the Trust sold 1,800 units at a NAV per unit of 8.83. Thus, the Trust's Charles Schwab Account Statement for February1-29, 2008 states that as of February 29, 2008, the Trust owned 22,377.9270 units, for a total cost basis of $215,810.48. As of March 17, 2008, the end of the previously alleged class

CERTIFICATION OF CELESTA SCHWARTZ TRUST
55485

period, the price per unit was $7.96, for a total asset value of $178,128.29. Thus, if losses are computed based on the earlier of actual sales date or price of the units on the closing date of the class period, the Trust's losses were $39,176.19.

- On April 2, 2008, the Trust sold all the remainder of its YieldPlus Fund investment. As reflected on the Charles Schwab Account Statement, at that time, the Trust obtained a price of 6.98 for the shares, selling them for $156,950.79. Thus, if losses are computed based on the price at which the units were sold, the Trust's actual losses were $60,353.69.

- The Trust has made no other transactions during the class period in the debt or equity securities that are the subject of this action except those set forth in this Certificate, other than such automatic reinvestment of interest and dividends as were reflected on the account statement as described above.

6.     I have not, within the three years preceding the date of the certification, sought to serve or served as a representative party on behalf of a class in an action involving alleged violations of the federal securities laws, except as set forth in the Certifications filed herewith.

7.     The Trust and I will not accept any payment for serving as representative on behalf of a class beyond the party's pro rata share of any recovery, unless ordered or approved by the Court pursuant to section 27(a)(4) of the Securities Act, 15 U.S.C. § 77z-l(a)(4), or section 21D(a)(4) of the Securities Exchange Act, 15 U.S.C. § 78u-4(a)(4).

I declare under penalty of perjury that the foregoing is true and correct.

Executed this __15__ th day of May, 2008.

_____
RICHARD M. SCHWARTZ

# EXHIBIT A-3

## EXHIBIT A-3

### CERTIFICATION OF RICHARD SCHWARTZ, TRUSTEE OF THE TRUST FBO RICHARD SCHWARTZ UNDER THE WILL OF MEYER SCHWARTZ, DECEASED, PURSUANT TO FEDERAL SECURITIES LAWS

I, Richard M. Schwartz, hereby declare under penalty of perjury, as follows:

1.    My name is Richard M. Schwartz. I am Trustee of the Trust For the Benefit of Richard Schwartz under the Will of Meyer Schwartz, deceased (the "Trust"). Meyer Schwartz was my father. I am authorized to make investment decisions for the Trust and to commit the Trust to serving as a plaintiff in this action. I have personal knowledge of the matters stated in this certification. I make this Certification on behalf of the Schwartz Group's Motion for Appointment as Lead Plaintiffs and for Approval of the Selection of Lead Counsel ("Lead Plaintiff Motion").

2.    I have reviewed the Schwartz Group's Lead Plaintiff Motion and, on behalf of the Trust, have authorized its filing.

3.    Neither the Trust nor I engaged in any transactions in the securities which are the subject of the action at the direction of plaintiff's counsel or in order to participate in this or any other litigation under the securities laws of the United States.

4.    The Trust and I are willing to serve as a representative party on behalf of the class, including providing testimony at deposition and trial, if necessary.

5.    The Trust's transactions in the Charles Schwab YieldPlus Fund are as follows:

- On 7/13/07, the Trust bought 20,703.9340 units, at a NAV of $9.66, each, for a total investment of $200,000.

- Thereafter, dividends were reinvested every month automatically in the SchwabOne account, purchasing additional units.   Thus, the Charles Schwab Account Statement for February1-29, 2008 summarizes that during the class period the Trust had accumulated 21,450.1340 units, for a total cost basis of $206,869.15. As of March 17, 2008, the end of the previously alleged class period, the price per unit was $7.96, for a total asset value of

$170,743. Thus if losses are computed based on the price of the units on the closing date of the class period, the Trust's losses were $36,126.09.

- On April 1, 2008, the Trust sold all of its YieldPlus Fund investment. As reflected on the Charles Schwab Account Statement, at that time, the Trust obtained a price of $150,443.60, against a cost basis of $207,610.46. Thus, if losses are computed based on the price at which the Trust sold its units, the Trust's losses were $57,166.86.

- The Trust has made no other transactions during the class period in the debt or equity securities that are the subject of this action except those set forth in this Certificate, other than such automatic reinvestment of interest and dividends as were reflected on the account statement as described above.

6.      I have not, within the three years preceding the date of the certification, sought to serve or served as a representative party on behalf of a class in an action involving alleged violations of the federal securities laws, except as set forth in the Certifications filed herewith.

7.      The Trust and I will not accept any payment for serving as representative on behalf of a class beyond the party's pro rata share of any recovery, unless ordered or approved by the Court pursuant to section 27(a)(4) of the Securities Act, 15 U.S.C. § 77z-l(a)(4), or section 21D(a)(4) of the Securities Exchange Act, 15 U.S.C. § 78u-4(a)(4).

I declare under penalty of perjury that the foregoing is true and correct.

Executed this __15__ th day of May, 2008.

_Richard M. Sch[signature]_
RICHARD M. SCHWARTZ

**EXHIBIT A-4**

## EXHIBIT A-4

### CERTIFICATION OF SHERI BELL FOR THE CHARLES C. BELL FAMILY LIMITED PARTNERSHIP, AN ARIZONA LIMITED PARTNERSHIP, PURSUANT TO FEDERAL SECURITIES LAWS

I, Sheri Bell, hereby declare under penalty of perjury, as follows:

1. My name is Sheri Bell. I am the wife of Richard M. Schwartz. I make this Certification for The Charles C. Bell Family Limited Partnership, an Arizona limited partnership (the "Partnership"). The general partner of the Partnership is the Charles C. Bell Marital Trust under the 1985 Bell Living Trust u/t/d dated June 6, 1985. The current Trustees of the Charles C. Bell Marital Trust are myself and my brother, C. Scott Bell. The governing trust instrument permits either co-trustee to delegate authority to the other, and I have been authorized by C. Scott Bell to act alone with respect to the matters described herein. Thus, I am authorized to commit the Trust and Partnership to serving as a plaintiff in this action. I have personal knowledge of the matters stated in this certification. I make this Certification on behalf of the Schwartz Group's Motion for Appointment as Lead Plaintiffs and for Approval of the Selection of Lead Counsel ("Lead Plaintiff Motion").

2. I have reviewed the Schwartz Group's Lead Plaintiff Motion and, on behalf of the Partnership, have authorized its filing.

3. Neither the Partnership nor I engaged in any transactions in the securities which are the subject of the action at the direction of plaintiff's counsel or in order to participate in this or any other litigation under the securities laws of the United States.

4. The Partnership and I are willing to serve as a representative party on behalf of the class, including providing testimony at deposition and trial, if necessary.

5. The Partnership's transactions in the Charles Schwab YieldPlus Fund are as follows:

- On 7/13/07, the Partnership bought 63,638.5510 units, at a NAV of $9.66, each, for a total investment of $614,748.40.

CERTIFICATION OF CHARLES C. BELL FAMILY LIMITED PARTNERSHIP
55489

- Thereafter, dividends were reinvested every month automatically in the Schwab account, purchasing additional units. Thus, as of October 31, 2007, the Partnership had bought 64,702.814 shares for a cost basis of $624,806.46.

- On November 8, 2007, the Partnership sold all of its 64,702.814 units for $607,534.42, for a loss of $17,272.04.

- The Partnership has made no other transactions during the class period in the debt or equity securities that are the subject of this action except those set forth in this Certificate, other than such automatic reinvestment of interest and dividends as were reflected on the account statement as described above.

6.    I have not, within the three years preceding the date of the certification, sought to serve or served as a representative party on behalf of a class in an action involving alleged violations of the federal securities laws, except as set forth in the Certifications filed herewith.

7.    The Partnership and I will not accept any payment for serving as representative on behalf of a class beyond the party's pro rata share of any recovery, unless ordered or approved by the Court pursuant to section 27(a)(4) of the Securities Act, 15 U.S.C. § 77z-l(a)(4), or section 21D(a)(4) of the Securities Exchange Act, 15 U.S.C. § 78u-4(a)(4).

I declare under penalty of perjury that the foregoing is true and correct.

Executed this _15_ th day of May, 2008.

_SHERI BELL_

CERTIFICATION OF CHARLES C. BELL FAMILY LIMITED PARTNERSHIP

**EXHIBIT A-5**

**EXHIBIT A-5**

## CERTIFICATION OF SHERI BELL PURSUANT TO THE FEDERAL SECURITIES LAWS

I, Sheri Bell, hereby declare under penalty of perjury, as follows:

1.      My name is Sheri Bell. I am the wife of Richard M. Schwartz who is also making Certifications in this matter. I make this Certification on my own behalf, as an individual, and also on behalf of my brother, C. Scott Bell, who has authorized me, by power of attorney to act in all respects as his agent with respect to all matters described in this Certification. The claims described in this Certification arose from transactions engaged in by the Margaret J. Bell Residuary Trust under the 1985 Bell Living Trust u/t/d dated June 6, 1985 (the "Trust"), which are more fully set forth below. My brother, C. Scott Bell ("Scott"), and I are the sole co-Trustees of the Trust. In accordance with the terms of the Trust's governing instrument, Scott and I, as Trustees, have distributed all claims of the Trust in this matter to one half to each of Scott and me individually, as the Trust's equal and sole beneficiaries. Scott has authorized me, pursuant to his Durable Limited Power of Attorney, to exercise all of his rights, powers, privileges, discretion and authority on his behalf with respect to the distributed claims, which rights, powers, privileges, discretion and authority include without limitation the powers to assert the distributed claims by appropriate legal action and to sign this Certification. I am therefore authorized to assert all the claims that formerly resided in the Trust based on the Trust's investments described herein, both as to the claims distributed to me and those distributed to Scott. I have personal knowledge of the matters stated in this certification. I make this Certification on behalf of the Schwartz Group's Motion for Appointment as Lead Plaintiffs and for Approval of the Selection of Lead Counsel ("Lead Plaintiff Motion").

2.      I have reviewed the Schwartz Group's Lead Plaintiff Motion and, on behalf of the Trust, have authorized its filing.

3.    Neither the Trust nor I engaged in any transactions in the securities which are the subject of the action at the direction of plaintiff's counsel or in order to participate in this or any other litigation under the securities laws of the United States.

4.    I am willing to serve as a representative party on behalf of the class, as to both my own claims and those I am asserting on behalf of my brother pursuant to power of attorney, including providing testimony at deposition and trial, if necessary.

5.    The Trust's transactions in the Charles Schwab YieldPlus Fund are as follows:

- On 8/16/07, the Trust bought 14,475.72 units, at a NAV of $9.52, each, for a total investment of $137,808.85.

- Thereafter, dividends were reinvested every month automatically in the Schwab account, purchasing additional units. Thus, as of February 29, 2008, the Trust had bought a total of 14,927.372 shares for a cost basis of $141,945.41. As of March 17, 2008, the end of the previously alleged class period, the price per unit was $7.96, for a total asset value of $118,821.88. Thus, if losses are computed based on the price of the units at the close of the class period, the Trust sustained losses of $23,123.53.

- On April 3, 2008, the Trust sold all of its YieldPlus Fund investment. As reflected on the Charles Schwab Account Statement, at that time, the Trust obtained a price of $103,495.32. Thus, if losses are computed based on the price at which the units were sold, the Trust sustained losses of $38,965.97.

- The Trust has made no other transactions during the class period in the debt or equity securities that are the subject of this action except those set forth in this Certificate, other than such automatic reinvestment of interest and dividends as were reflected on the account statement as described above.

6.    I have not, within the three years preceding the date of the certification, sought to serve or served as a representative party on behalf of a class in an action involving alleged violations of the federal securities laws, except as set forth in the Certifications filed herewith.

CERTIFICATION OF DISTRIBUTED CLAIMS OF THE MARGARET J. BELL RESIDUARY TRUST

7.     The Trust and I will not accept any payment for serving as representative on behalf of a class beyond the party's pro rata share of any recovery, unless ordered or approved by the Court pursuant to section 27(a)(4) of the Securities Act, 15 U.S.C. § 77z-l(a)(4), or section 21D(a)(4) of the Securities Exchange Act, 15 U.S.C. § 78u-4(a)(4).

I declare under penalty of perjury that the foregoing is true and correct.

Executed this  _15_ th day of May, 2008.

SHERI BELL

**EXHIBIT B**

# LOVITT & HANNAN, INC.

## LAWYERS - TRIAL PRACTICE AND COMPLEX CIVIL LITIGATION

### OF COUNSEL TO: BARTKO, ZANKEL, TARRANT & MILLER, P. C.

It is Lovitt & Hannan, Inc.'s ability to assemble the best available team to try and win large business and commercial cases that distinguished us. The heart of L&H's practice is complex litigation. We are experts in handling individual lawsuits, class actions, and derivative actions, involving financial and securities fraud, antitrust, bankruptcy, RICO, director and officer claims, shareholder derivative claims, investor claims, breach of fiduciary duty claims, governmental false claims, unfair lending practice claims, contract disputes, and negligence by professionals including accountants, investment bankers, investment advisors, and attorneys.

# LOVITT & HANNAN, INC.

## LAWYERS - TRIAL PRACTICE AND COMPLEX CIVIL LITIGATION

### OF COUNSEL TO: BARTKO, ZANKEL, TARRANT & MILLER, P. C.

Lovitt & Hannan, Inc. ("L&H") traces its origins to a partnership founded in 1970 by Ronald Lovitt & J. Thomas Hannan.

Lovitt & Hannan, Inc. often combines with other lawyers and law firms who bring different strengths to the particular representation. Over the years, the firm has developed a unique business model, based upon the philosophy that a client is best served by assembling the most qualified team to handle any particular assignment (as opposed to simply assigning matters to personnel or departments within the traditional pyramid structure typical of many law firms).

From the beginning, L&H has specialized in the practice of complex commercial litigation. Frequently we have undertaken matters on a full or partial contingency basis, based on our belief that a client, whether plaintiff, defendant or third party, is in many instances best represented by counsel with a stake in the outcome of the litigation.

Few attorneys or law firms have successfully tried complex commercial cases, including class actions and derivative actions, to favorable verdicts, judgments or settlements at trial. L&H has consistently done so.

Together with the team assembled for each project, Lovitt & Hannan, Inc. offers effective representation, providing expertise and leadership in the design, prosecution and resolution of complex litigation.

# LOVITT & HANNAN, INC.

## LAWYERS - TRIAL PRACTICE AND COMPLEX CIVIL LITIGATION

### OF COUNSEL TO: BARTKO, ZANKEL, TARRANT & MILLER, P. C.

## RONALD LOVITT

rl@lh-sf.com

Ronald Lovitt is an experienced litigator and trial attorney with a national reputation for high quality work in complex commercial cases in both state and federal courts. He has been in charge of litigation from the filing of the complaint, through discovery and jury trial, to final appeal and settlement. Much of his considerable expertise has been in representations of both plaintiffs and defendants in complex commercial and class action litigation.

Mr. Lovitt received his undergraduate education at Duke and Northwestern University (B.S. 1959). After service as an officer in the United States Navy, he attended the University of Florida Law School and graduated with honors in 1964. He is a member of the Order of the Coif and was an Editor of the University of Florida Law Review. He was admitted to practice in Florida and the United States Court of Claims in 1965, in California in 1967, and before the United States Supreme Court in 1979.

Mr. Lovitt was appointed to the Attorneys' Honor Program United States Department of Justice and served as trial counsel in the Civil Division, from 1965 to 1968. He is a founding member of the California State Bar Antitrust and Trade Regulation Section and served on the Section's Executive Committee. Between 1969 and 1974, he was an Adjunct Associate Professor at Hastings College of the Law and McGeorge Law School. He was also a member of the Northern District California Peer Assistance Panel. In 1982, Mr. Lovitt served as Chairman of the California Boating and Waterways Commission. Mr. Lovitt has been in private practice since 1968. After working as an associate at Farella, Braun & Martell, along with Mr. Hannan in 1970 he formed Lovitt & Hannan, Inc. He is rated "A.V." by Martindale Hubbell.

# LOVITT & HANNAN, INC.

### LAWYERS - TRIAL PRACTICE AND COMPLEX CIVIL LITIGATION

OF COUNSEL TO: BARTKO, ZANKEL, TARRANT & MILLER, P. C.

## J. THOMAS HANNAN

jth@lh-sf.com

J. Thomas Hannan is an experienced and accomplished trial and litigation lawyer with a national reputation for high quality work in complex commercial cases. He has served as lead counsel in numerous jury and court trials with notable success, and has settled many matters at all stages of litigation, representing plaintiffs, defendants and third parties, with an emphasis on representation of plaintiffs. Mr. Hannan has substantial experience in matters involving professional negligence by accountants, auditors, lawyers, investment bankers and financial advisors, consumer class actions, antitrust, investor and business fraud, unfair lending practices, False Claim Act litigation, and securities litigation.

Mr. Hannan is a recognized expert in litigation and trial practice. In 1982, The Honorable Carl Muecke, then the Chief Judge in the District of Arizona described Mr. Hannan:

> "Mr. Hannan is a highly capable and experienced antitrust and trial attorney with a national reputation . . . Mr. Hannan and members of his firm participated in many important aspects of this litigation. The caliber of this firm's work met the highest standards of excellence . . . "
>
> *In Re Arizona Escrow Fee Litigation, Trade Ref. Rep. (CCH 1982 Transfer Binder) 65,198 at 71,815 (D. Ariz, 1982).*

Mr. Hannan graduated from Dartmouth College, served as an officer in the U.S. Navy, and thereafter attended the University of California Law School (Boalt Hall, JD 1966). He is the co-author of an article entitled "The Importance of Economic Reality and Risk in Defining Federal Securities," 25 Hastings Law Journal 219 (1974). Prior to graduation from Boalt Hall, he received an appointment to be the law clerk to the Honorable Alfonso J. Zirpoli in the United States District Court for the Northern District of California.

He has been in private practice since 1967. In 1970, he joined Ronald Lovitt and created Lovitt & Hannan, Inc. as a unique business and complex commercial litigation firm. He is rated A.V. by Martindale Hubbell.

# LOVITT & HANNAN, INC.

## LAWYERS - TRIAL PRACTICE AND COMPLEX CIVIL LITIGATION

OF COUNSEL TO: BARTKO, ZANKEL, TARRANT & MILLER, P. C.

## HENRY I. BORNSTEIN

OF COUNSEL

**hib@lh-sf.com**

Henry I. Bornstein is an experienced litigator with a well deserved reputation for the highest quality of legal analysis and brief writing in complex commercial litigation. Mr. Bornstein specializes in legal analysis, motion practice and appeal in complex litigation, and has had considerable experience in complex cases in both state and federal courts, including complex commercial litigation, consumer class actions, antitrust litigation, investor and business fraud, unfair lending practices, professional malpractice and False Claim Act litigation.

Mr. Bornstein graduated from the University of California at Berkeley, A.B. 1974, then attended the University of California Hastings College of the Law, and graduated in 1977. He was elected to membership in the Order of the Coif and the Thurston Society, and was Articles Editor of the Hastings Law Journal. He was admitted to practice in California in 1977. Mr. Bornstein has been in private practice since 1977, and is currently Of Counsel to Lovitt & Hannan, Inc.

# LOVITT & HANNAN, INC.

## LAWYERS - TRIAL PRACTICE AND COMPLEX CIVIL LITIGATION

### OF COUNSEL TO: BARTKO, ZANKEL, TARRANT & MILLER, P. C.

Lovitt & Hannan, Inc. practices in the following areas of law:

Civil Litigation and Trial Practice
Complex Litigation
Class Actions
Matters Involving Professionals
  Accountants
  Auditors
  Attorneys
Bankruptcy
Consumer and Investor Fraud
False Claims Acts
Securities
ERISA
RICO
Business Disputes
Insurance Bad Faith and Coverage
Antitrust
Admiralty Law

In assembling the best talent for a particular representation, Lovitt & Hannan, Inc. has developed close relationships with many other nationally recognized law firms.

"After a three month jury trial and verdict in favor of the class, on liability, the case was settled . . . Over a period of three years during the course of the 'Super Cow' litigation I had ample opportunity to observe Ron Lovitt and Tom Hannan . . . From my personal observations . . . I can certify that they are among the most qualified litigation experts to appear before me in class action litigation."

*Declaration of Raul A. Ramirez, Federal District Court Judge (Retired), June 19, 1996, filed in Acree v. General Motors Acceptance Corporation.*

# LOVITT & HANNAN, INC.

### LAWYERS - TRIAL PRACTICE AND COMPLEX CIVIL LITIGATION

Of counsel to: BARTKO, ZANKEL, TARRANT & MILLER, P. C.

***McCubbery v. Boise Cascade; & Head v. Boise Cascade; Mancini v. GAC; Weiss v. GAC; O'Neil v. Horizon Corporation.*** L&H successfully prosecuted several of the first major consumer class actions in the United States. The fundamental claims were for investor fraud in connection with sales of undeveloped property through the use of misleading high pressure sales tactics. Each of these cases was settled in the 1970's for recovery that included re-design of the paper communities involved, cash payments and reductions in purchase prices.

***In Re Arizona Dairy Products Litigation.*** L&H represented the State of Arizona in antitrust litigation against the country's major dairy producers. After the class was notified by having the notice printed on defendants' milk cartons, the case settled on the eve of trial for more than $15 million. Then Attorney General Corbin described the recovery as the largest in the history of the state.

***Cavanaugh v. Zell.*** L&H prosecuted a misrepresentation claim on behalf of the sellers of a Reno, Nevada office building and apartment building, against an investor and tax specialist lawyers recommended to the sellers by the investor. The case was settled during the jury trial in the late 1970's on confidential terms.

***Brinker v. Amalgamated Sugar Company, see State of California v. California and Hawaiian Sugar Co.,*** 588 F.2d 1270 (9th Cir. 1978). L&H represented a class of California consumers against the major domestic sugar producers. The Brinker case established law that California indirect sugar producers were entitled to assert Cartwright Act price fixing claims in a state court. After the 9th Circuit ordered the case remanded to state courts, the case was finally settled in plaintiffs' favor.

***Murphy v. Shipowners and Merchants Tugboat Company.*** L&H represented a competitor in a section 2 antitrust case alleging monopoly of the tugboat industry on San Francisco Bay. The case was successfully tried to a jury and resulted in the opening up of San Francisco Bay to competition in the tugboat business.

***Cole v. Benvenutti.*** L&H represented defendant Cahill Commercial Brokerage and Sacramento's leading real estate development firm in a six-months jury trial that resulted in a hung jury. The plaintiffs' multi-million dollar claims that the defendants were lured away from lucrative employment by the Benvenutti family on the basis of false promises of future employment were thereafter settled on very favorable but confidential terms for our client.

***Findley v. U.S. Life.*** L&H prosecuted a class action alleging the defendant was responsible for financial fraud by a financial services representative. The case was settled just prior to jury trial in 1982 on terms that resulted in full recovery for the class members.

***Liston v. U.S. Life.*** A case that was brought by L&H on behalf of two larger investors who opted to be excluded from the Findley class action. The case was settled on confidential terms favorable to plaintiffs during jury trial.

***Exel v. S.W. Forest Industries.*** L&H represented the European distributor of box making machines against the defendant for antitrust and breach of contract claims. After a successful jury verdict, the case was settled in plaintiff's favor.

***Nelson v. Bennett.*** L&H prosecuted and tried a class action against the promoters of a fraudulent scheme, their lawyers, tax advisors and auditors, to create tax benefits through investment in supposedly superior cows. The case was successfully tried to a jury that returned a favorable liability verdict for RICO and securities fraud violations. The final settlement in the case in 1988 brought the total of settlements for investors to more than $20 million. The United States District Judge who presided at the trial later stated it was "the most notable" civil case he handled during his ten years on the bench.

***Heckman v. Ahmanson.*** 168 Cal. App. 3d 119, 214 Cal. Rptr. 177 (1985). L&H represented a class of investors in a case involving the "greenmailing" of the Walt Disney Corporation by investor Saul Steinberg. L&H's client was granted a preliminary injunction that impounded the greenmail proceeds. The case was settled during jury trial in 1989 for recovery valued at more than $80 million.

***Henry v. Hansen.*** L&H represented minority investors in their derivative suit involving a cable TV business. The allegations that corporate opportunities has been usurped by management were settled during trial in 1990. The terms of the settlements in plaintiff's favor are confidential.

***United States of America, ex rel. , Taxpayers Against Fraud, et al. v. Teledyne Industries, Inc., et al.*** In 1994, L&H worked with four other law firms and the United States Attorney's Office in Los Angeles in prosecuting a False Claims Act case against Teledyne Industries for overcharges in defense contracting. The case settled just before trial in the U.S. District Court in Los Angeles for an amount in excess of $100 million.

***Acree v. GMAC Corporation.*** L&H represented a class of purchasers of automobiles who were required to accept and pay for "force-placed" insurance in connection with their purchases. The allegations included violations of Business and Professions Code §17200 and involved deliberate overcharges for the insurance coverage. After a successful trial of equitable claims to the court and legal issues to a jury, the trial court's judgment in favor of plaintiffs on §17200 equitable issues was overturned on appeal, but the jury verdict for substantial money damages was affirmed on a separate appeal in 2001.

***Kenney v. Bear Stearns.*** L&H represented the trustee in bankruptcy of two corporations, Daisy Systems, Inc. and Cadnetix Corporation, in claims against the investment advisor for the merger of the two companies in a protracted matter that involved overcoming an adverse summary judgment on appeal and a jury trial in which the jury returned a verdict in plaintiff's favor for $108 million against the investment advisor defendant. The case was settled in 2000.

***Kenney v. Irell & Manella.*** L&H represented the trustee in bankruptcy of Daisy

Systems and Cadnetix on a professional negligence claim against the law firm that advised the legal aspects of the merger. The case was settled in 2004 for $14 million, after a trial in the U.S. Bankruptcy Court on a special defense involving tolling of the statute of limitations.

***NFT Ventures, Inc.*** In 1998, the firm represented the founder of Novell, Inc., Ray Noorda, in his family's and other's securities fraud claims against one of the country's major auditing firms. Soon after filing, the case was settled in the client's favor for a substantial sum.

***Tri Valley Growers v. Deloitte & Touche.*** L&H represented the bankrupt entity (an agricultural cooperative) in a case against its former auditors. The case was settled prior to trial for $14.5 million after extensive mediation in 2005.

***In re: Tri Valley Growers.*** L&H represented the Official Committee of Unsecured Creditors' in defeating grower member claims for agricultural producer liens and administrative claims in excess of $70 million,

***Federal Insurance Company v. Shaw.*** L&H represented the bankrupt estate of Tri Valley Growers in a case involving allegations by former officers and directors, as well as the bad faith denial of insurance coverage. The case was settled for $17.5 million in 2005.

**EXHIBIT C**

## BRAMSON, PLUTZIK, MAHLER & BIRKHAEUSER, LLP

Bramson Plutzik, Mahler & Birkhaeuser, LLP is a San Francisco Bay Area law firm that specializes in representing plaintiffs in class actions, derivative suits and other complex litigation.

Members of the firm serving as lead or co-lead counsel have successfully prosecuted class action and derivative litigation in which hundreds of millions of dollars have been recovered. Among these cases are: *In re Unocal Toxic Spill Litigation,* in which $80 million was recovered for victims of a release of toxic chemicals; *Clark v. Ford Motor Credit Co.*, in which the plaintiff class recovered $58.25 million; *Klussman v. Cross Country Bank*, in which the class achieved a $21 million recovery; *Patrick v. Blue Shield of California*, in which $20 million was recovered for the class; *Gross v. Barnett Bank,* in which over $19 million was recovered; *Ganal v. Toyota Motor Credit,* in which an $18 million recovery was achieved; *Henderson v. First Interstate Bank of California*, in which $16.25 million was recovered for the plaintiff class; *Guyette v. Viacom, Inc.*, in which a settlement was negotiated that included a cash payment to the class of $13 million; *Reed v. Bank of America,* in which $9 million was recovered; *In re Worlds of Wonder Securities Litigation*, a securities fraud action which resulted in a $9 million recovery; *Whitehouse v. Westcorp Financial Services, Inc.*, in which an $8 million settlement was achieved. The firm's partners have represented clients in class action and derivative cases in federal and state courts throughout the United States.

In addition to its expertise in class actions and derivative litigation, the firm has also achieved prominence and expertise in the areas of telecommunications law and constitutional litigation. The firm's efforts in these areas have resulted in a substantial number of significant published decisions, including two favorable rulings from the United States Supreme Court -- *Community Communications v. City of Boulder*, 455 U.S. 40 (1982) and *City of Los Angeles v. Preferred Communications*, 476 U.S. 488 (1986). *See also Preferred Communications v. City of Los Angeles*, 13 F.3d 1327 (9th Cir.), *cert. denied*, 114 S.Ct. 2738 (1994).

### Alan R. Plutzik

Alan R. Plutzik specializes in complex business litigation in state and federal courts throughout the United States. Areas of particular emphasis include consumer class actions, securities fraud and corporate governance litigation, antitrust, constitutional and communications law. Mr. Plutzik is admitted to practice in California and the District of Columbia (inactive member), and is a member of the bars of the United States Supreme Court, the Second, Eighth, Ninth, Tenth and District of Columbia Circuits and numerous federal district courts throughout the United States.

Mr. Plutzik joined the firm upon his graduation from the University of California at Berkeley's Boalt Hall School of Law in 1977. He received his undergraduate degree from St. John's College, Annapolis, Maryland, in 1971, and also holds an M. A. from Stanford University. From 1981-1986, Mr. Plutzik was resident partner in the firm's Washington, D.C. office. He practiced with the San Francisco law firm of Gold & Bennett from 1986-1994, and returned to the firm as a partner in 1995. Over the course of his thirty-one year career, Mr. Plutzik has handled a wide variety of class actions and derivative cases. He has represented, among other clients,

- corporate shareholders and limited partners challenging conduct by their general partners, officers or directors;

- consumers and businesses harmed by price-fixing and other anticompetitive conduct;

52860

- consumers in actions against insurance companies, banks and other lenders;

- investors in securities fraud cases and derivative suits;

- employees in ERISA and wage/hour cases;

- purchasers of mislabeled and defective products;

- victims of toxic pollution;

- persons harmed by defective products; and

- cellular telephone and cable television subscribers.

Mr. Plutzik has also handled a substantial number of cases that raise First Amendment and other constitutional issues, and has represented broadcasters, cable television companies, communications common carriers and consumers in litigation and in administrative proceedings before the Federal Communications Commission and the California Public Utilities Commission.

Mr. Plutzik has written or lectured on topics that include class actions, California consumer law, substantive and procedural issues under the federal securities laws, First Amendment issues applicable to new media, cable television franchising and legal issues arising from cable television companies' access to utility poles and real estate developments. He has appeared as a guest radio commentator on the Len Tillem Show on KGO-Radio in San Francisco, discussing class actions, consumer protection law and investor rights.

Mr. Plutzik has served as a judge *pro tem* on the Contra Costa County Superior Court. He is also President of the Warren W. Eukel Teacher Trust, a community-based charity that honors outstanding teachers in Contra Costa County, California.

### Alan R. Plutzik Representative Cases

*Patrick v. California Physicians' Service dba Blue Shield of California* (San Francisco County, California Superior Court and United States District Court for the Northern District of California). Mr. Plutzik represented the plaintiffs in a class action for consumer fraud, unfair business practices and violations of ERISA arising from allegedly deceptive and unfair practices by health insurance company in connection with patient co-payments for hospital treatment. A settlement of $20 million was negotiated after the close of discovery.

*Guyette v. Viacom, Inc.* (Alameda County, California Superior Court). Mr. Plutzik was co-counsel for a class of cable television subscribers who alleged that the defendant had improperly failed to share certain tax refunds with the subscribers. A settlement was negotiated shortly before trial under which defendants paid the class $13 million in cash and paid for all expenses of notice to the class and settlement administration.

*Green v. Metropolitan Life Insurance Co.* (San Francisco County, California Superior Court). Mr. Plutzik was co-counsel for a California class of MetLife policy holders in a class action alleging that MetLife had engaged in "twisting," "churning" and other misconduct in the sale of replacement life insurance policies. The claims asserted included fraud, negligent misrepresentation, breach of fiduciary duty, breach of the covenant of good faith and unfair business practices. After the California class was certified, the case settled on a nationwide basis for consideration in excess of $1 billion.

2

*In re Pacific Lumber Company Securities Litigation* (United States District Court, Southern District of New York). Mr. Plutzik was counsel for the plaintiff class in a securities class action arising out of a tender offer for Pacific Lumber Company by a corporate raider. The plaintiff class recovered in excess of $140 million.

*In re Worlds of Wonder Securities Litigation* (United States District Court, Northern District of California). Mr. Plutzik was co-lead counsel for the plaintiff class in a securities fraud class action against officers, directors, venture capitalists and auditors of failed toy company. After percipient and expert discovery, summary judgment, appeal and remand, a settlement was reached against the company's auditor, Deloitte & Touche, LLP, for $9 million. The case resulted in a number of published opinions – *In re Worlds of Wonder Securities Litigation,* 35 F.3d 1407 (9th Cir. 1994), cert. denied, 516 U.S. 868 (1995); 694 F. Supp. 1427 (N.D. Cal. 1988); 721 F. Supp. 1140 (N.D. Cal. 1989); 1990 U.S. Dist. LEXIS 18396, [1990-91 Transfer Binder] Fed. Sec. L. Rep. (CCH) 95,689 (N.D. Cal. 1990); 147 F.R.D. 208 (N.D. Cal. 1992).

*McCall v. Newkirk Capital LLC* (Connecticut Superior Court, New Britain Judicial District). Mr. Plutzik represented a class of investors in 90 limited partnerships in a suit arising out of a consolidation or "rollup" of the partnerships. A settlement was negotiated and approved by the Court that provides for the class to receive significant consideration, including cash, additional partnership units and a restructuring of certain assets and agreements with the general partner and its affiliates.

*In re Cellphone Termination Fee Cases* (Alameda County, California Superior Court and Federal Communications Commission). Mr. Plutzik is co-lead counsel for a class of cellphone consumers who are challenging the locking of cellphones by major cellphone carriers to prevent consumers from activating them on competitive carriers' systems. Two of these cases, against two large national cellphone companies, have settled on a nationwide basis on terms highly favorable to consumers. In separate cases that are a part of the same complex of litigation, Mr. Plutzik is liaison counsel and a member of the plaintiffs' Executive Committee in connection with claims challenging the validity under California law of early termination fees imposed by national cellphone carriers.

*In re Daisy Systems Securities Litigation* (United States District Court, Northern District of California). Mr. Plutzik represented a plaintiff class in a securities fraud class action against the directors and officers of a Silicon Valley company. A $13.1 million settlement was reached.

*Hodge v. Franklin Select Realty Trust* (San Mateo County, California Superior Court). Mr. Plutzik was co-counsel for a shareholder class in a claim for fraud, negligent misrepresentation, breach of fiduciary duty and aiding and abetting breach of fiduciary duty against directors and officers of a real estate investment trust, arising out of merger with two other related companies. A settlement of $4 million was negotiated.

*Barnett v. Glenborough Pension Investors* (San Mateo County, California Superior Court). Mr. Plutzik was co-counsel for a plaintiff class of limited partners in a claim for fraud, negligent misrepresentation, breach of fiduciary duty and aiding and abetting breach of fiduciary duty against general partners, attorneys and lenders arising from the restructuring of a real estate limited partnership. A settlement of approximately $3 million was reached after the close of expert discovery.

*In re Technical Equities Federal Securities Litigation* (United States District Court, Northern District of California). Mr. Plutzik represented the plaintiff class in securities fraud class action against directors, officers, auditors, attorneys, lenders and investment bankers of a public corporation that was alleged to have operated a complex Ponzi scheme. A global settlement in the amount of $13 million was reached shortly before trial. *See In re Technical*

3

*Equities Federal Securities Litigation*, 1988 U.S. Dist. LEXIS 15813, [1988-89 Transfer Binder] Fed. Sec. L. Rep. (CCH) P 94, 093 (N.D. Cal. Oct. 3, 1988)

*Daniels v. Centennial Group* (Orange County, California Superior Court). Mr. Plutzik was co-counsel for the plaintiff class in a claim for fraud, negligent misrepresentation and breach of fiduciary duty against general partners and promoters arising from a "roll-up" of six real estate limited partnerships. A settlement of approximately $4 million was reached on behalf of the investors. The case resulted in an important published opinion regarding the standards for class certification under California law – *Daniels v. Centennial Group, Inc.*, 16 Cal.App.4th 467 (1993).

*Harbor Finance Partners v. BKP Capital Management et al.* (San Francisco County Superior Court). Mr. Plutzik was co-counsel for a plaintiff class consisting of both individual and institutional investors in an action asserting claims of misrepresentation, breach of fiduciary duty and unfair business practices against a hedge fund, its general partner, its auditor and others. The action settled on terms favorable to the class.

*McCullough v. Jameson* (United States District Court for the Northern District of California) – Individual and derivative case on behalf of shareholders of a privately held oil company for alleged misappropriation of corporate opportunities and other breaches of fiduciary duties. The case settled favorably.

*Options Backdating Derivative Cases* (United States District Court, Northern District of California) – Mr. Plutzik serves as Liaison Counsel in a number of options backdating derivative cases currently pending in the United States District Court for the Northern District of California, including *In re Integrated Silicon Solutions Derivative Cases*, *In re Actel Derivative Cases* and *In re Chordiant Derivative Cases*.

*In re Washington Public Power Supply Securities Litigation* (United States Court of Appeals for the Ninth Circuit) – Mr. Plutzik represented a class action law firm in a case that established important principles regarding the compensation of plaintiffs' counsel in federal class actions. The case resulted in a published opinion. *In re Washington Public Power Supply Sys. Sec. Litig.*, 19 F.3d 1291, 1300 (9th Cir. 1994).

*Antitrust Direct and Indirect Purchaser Class Actions* – Mr. Plutzik has served in a leadership position in numerous antitrust class actions, including *In re Methionine Direct Purchaser Antitrust Litigation* (United States District Court for the Northern District of California), *In re California Indirect Purchaser MSG Antitrust Litigation* (San Francisco County Superior Court) and *In re California Infant Formula Indirect Purchaser Antitrust Litigation* (San Francisco County Superior Court).

*California Community Television Association v. Pacific Gas & Electric Company* (Alameda County, California Superior Court), *Group Cable v. PG&E* (United States District Court for the Northern District of California) and *California Community Television Association v. Pacific Gas & Electric Company* (California Public Utilities Commission) – associational and class action cases alleging antitrust and related business tort claims for denial of access to utility poles on reasonable terms, and administrative action seeking regulatory ruling setting fair and reasonable prices and terms, brought on behalf of California cable television companies against public utility. The cases were settled on terms that permitted favorable conditions of access to the poles.

*Condes v. Evercom et al.* (Alameda County, California Superior Court). Mr. Plutzik is co-counsel for a class of recipients of inmate telephone calls. A partial class settlement which,

together with individual settlements, resulted in the recovery of more than $1 million was negotiated and approved by the Court.

*Lucero v. Frederick's of Hollywood, Inc.* (Santa Clara County, California Superior Court). Mr. Plutzik served as lead counsel for an employee class in this wage and hour class action. A $950,000 settlement was approved by the Court.

*In re JDS Uniphase ERISA Litigation* (United States District Court, Northern District of California). Mr. Plutzik is Liaison Counsel for a class of 401(k) plan participants who seek to recover against plan fiduciaries for alleged violations of their legal duties in connection with plan management and operation.

*USA Media Group LLC v. Truckee Donner Public Utility District* (United States District Court for the Eastern District of California). Mr. Plutzik represented a cable television company in a claim brought against a public utility district for constitutional and antitrust violations and related state-law claims arising from restrictions imposed by the public utility district on the cable television company's access to utility poles owned by the public utility district, which was planning to offer competitive cable television service. The case settled on terms that permitted the cable television company to continue to obtain access the poles on reasonable terms and conditions.

*Tele-Communications, Inc. v. City of Chester, West Virginia* (United States District Court, Northern District of West Virginia). Mr. Plutzik represented a cable television company in antitrust and constitutional litigation arising from a city's effort to revoke the cable television company's franchise. The case settled on terms favorable to the client.

*Paragon Cable TV v. City of Brookfield et al.* (United States District Court for the Eastern District of Wisconsin and Federal Communications Commission). Mr. Plutzik represented a cable television company in antitrust and constitutional claims against several cities and a large telephone company arising from disputes over franchising and access to utility poles. The case was favorably settled.

*Tele-Communications of Key West, Inc. v. United States* (United States District Court, District of the District of Columbia). Mr. Plutzik represented a cable television company in constitutional litigation arising from its provision of service on Homestead Air Force Base. *Telecommunications of Key West, Inc. v. United States*, 757 F.2d 1330 (D.C. Cir. 1985).

*Nor West Cable Communications Partnership v. City of St. Paul* (United States Court of Appeals for the Eighth Circuit). Mr. Plutzik handled the successful appeal of the dismissal of an antitrust and First Amendment challenge to St. Paul, Minnesota's cable television franchising program.

*Citizens Cable Communications Co. v. Cox Cable Communications Co.* (United States District Court for the Northern District of Indiana). Mr. Plutzik represented a cable television company in litigation arising from an option to purchase a cable television system in a neighboring community. The case settled favorably after one week of trial.

### Robert M. Bramson

Robert M. Bramson has more than twenty-five years of experience in the litigation of antitrust and consumer cases, class actions and other complex litigation. Mr. Bramson received his undergraduate degree in economics, summa cum laude, from the University of California at Berkeley in 1977, and obtained his law degree from the Boalt Hall School of Law in 1981.

5

Mr. Bramson has represented both plaintiffs and defendants in numerous antitrust cases, and has acted as lead counsel in two such actions taken to trial – *Pacific West Cable Co. v. City of Sacramento*, et al. (E.D. Cal.) ($12 Million settlement on 24th day of trial, at close of plaintiff's case; Sherman Act §2 monopolization claims) and *Coleman et al. v. Sacramento Cable Television* (Sacramento Sup. Ct.) ($2.4 Million judgment after 17-day trial; class action/B & P §17200 case; B & P §17204 discriminatory pricing claims).

Mr. Bramson specializes in antitrust, business torts and communications litigation, as well as in class action cases. He served for many years on the Board of Directors of the National Association of Consumer Advocates and co-chaired its class action committee. He is a contributing author to the National Consumer Law Center's publication Consumer Class Actions. He acted as reporter for the National Association of Consumer Advocates in preparing its influential Standards and Guidelines For Consumer Class Actions, 176 F.R.D. 375 (1997).

Mr. Bramson's lecture topics have included "Strategic and Ethical Issues in Litigating 17200 Cases" (Bar Association of San Francisco, June 2001), "Equitable Remedies In Class Actions and Under California's Section 17200 Statute" (National Association of Consumer Advocates, Chicago 2000), "Ethical Issues Arising in Class Action Settlements" (National Consumer Law Center, Wash. DC and San Diego 1999 and 1998) "California's Business & Professions Code Section 17200" (California Bar Association, Lake Tahoe 1997), "Preparation of Competitive Business Practices Cases" (Continuing Education of the Bar, Sacramento 1997), and "The Cable Communications Policy Act of 1984" (California State University, Fullerton 1993).

### Robert M. Bramson Representative Cases

*Klussman v. Cross Country Bank* (Alameda County Superior Court) Honorable Ronald Sabraw and Honorable Lawrence Appel, presiding.  Co-counsel for a consumer class against credit card issuer.  Shortly before trial was due to commence, a settlement was negotiated that resulted in the recovery of consideration exceeding $21 million.

*Boltz v. Buena Vista Home Entertainment, et al.* (Los Angeles Superior Court) Honorable Anthony Mohr, presiding. Co-counsel on behalf of a nationwide class of hard of hearing persons seeking "close captioning" of content on the DVDs distributed to the public by four major motion picture studios.  Case was settled by stipulations to industry-changing injunctions requiring greater captioning.

*Acree v. General Motors Acceptance Corp.* (Sacramento Superior Court; Third District Court of Appeal) Honorable James Long, presiding.  Class action challenging insurance charges imposed upon borrowers by defendant.  Following extended trial and multiple appeals, judgment for class and award of fees against defendant totaling approximately $7,000,000 upheld on appeal.

*In re Unocal Refinery Litigation* (Contra Costa Superior Court) Honorable Ignacio Ruvulo, presiding.  One of two co-lead counsel for a class of victims exposed to a toxic chemical spill.  Following extensive discovery, including several months of daily depositions, an $80,000,000 settlement was negotiated.

*Pacific West Cable Company v. City of Sacramento, et al.* (U.S. District Court, E.D. Cal.) Honorable Milton L. Schwarz, presiding.  Antitrust jury trial on behalf of plaintiff.  Case settled for $12,000,000 after month-long presentation of plaintiff's case in chief.

*Coleman v. Sacramento Cable Television* (Sacramento Superior Court) Honorable Roger K. Warren, presiding.  Judgment of $2,400,000 obtained for clients in Bus. & Prof. Code §17200 "quasi-class" case, following 26 day trial.

*Campisi v. Chavez, et al.* (Arbitration) Charles E. Farnsworth, Esq., Referee, presiding. Defended clients against claims of breach of contract and breach of fiduciary duty. Three week arbitration proceeding resulting in ruling limiting plaintiff to amount stipulated as due.

*Pacific West Cable Company v. City of Sacramento, et al.* (U.S. District Court, E.D. Cal.) Honorable Milton L. Schwarz, presiding. Twenty-nine day jury trial challenging municipal cable franchising activities. Favorable jury verdicts (see 672 F. Supp. 1322) led to $6,000,000 settlement for client as well as injunction permitting access to the market.

*Nor-West Cable Communications Partnership v. City of St. Paul* (U.S. District Court, D. Minn.) Honorable Joseph Alsop, presiding. Three month jury trial challenging municipal policy fostering monopolization of local cable television market.

*Furniture Creations, Inc. v. Universal Furniture* (Los Angeles Superior Court) Honorable Robert Einstein, presiding. Three week jury trial in breach of contract case resulting in $1,000,000 verdict for clients.

### Robert M. Bramson Selected Published Decisions:

*Klussman v. Cross Country Bank*, 134 Cal.App.4th 1283 (2005).

*Acree v. General Motors Acceptance Corp.*, 92 Cal.App.4[th] 385 (2001).

*Heartland Communications, Inc. v. Sprint Corp.*, 161 F.R.D. 111 (D. Kan. 1995).

*Preferred Communications, Inc. v. City of Los Angeles*, 13 F.3d 1327 (9th Cir.), *cert. denied*, 512 U.S. 1235 (1994).

*Gordon v. Ford Motor Credit Corp.*, 868 F. Supp. 1191 (N.D. Cal. 1992).

*Century Federal, Inc. v. City of Palo Alto*, 710 F.Supp. 1559 (N.D. Cal. 1988).

*Pacific West Cable Company v. City of Sacramento*, 672 F. Supp. 1322 (E.D. Cal. 1987) and 693 F. Supp. 865 (E.D. Cal. 1988).

*Colorado Springs Cablevision, Inc. v. Lively*, 579 F. Supp. 252 (D. Colo. 1984).

### Daniel E. Birkhaeuser

Daniel E. Birkhaeuser received his law degree from the University of California, Davis in 1988. While at Davis, he served as an Editor of the *U.C. Davis Law Review*.

Following graduation, Mr. Birkhaeuser joined the law firm of McCutchen, Doyle, Brown and Enersen. At the McCutchen firm, he represented plaintiffs and defendants in a wide variety of complex civil litigation matters including real estate, bankruptcy and environmental litigation. In 1991, Mr. Birkhaeuser co-chaired an eight week trial in *Quadrant Corporation v. First Interstate Bank*, Contra Costa County Superior Court Action No. C90-03855 recovering for his client over $15 million which, at that time, was the largest jury verdict in Contra Costa County history.

In 1992, Mr. Birkhaeuser began to focus his career on class action litigation at the trial and appellate levels. One such matter, *Harris v. Chase Manhattan Bank*, N.A. (1994) 34 Cal. App. 4th 1563, resulted in a favorable decision, the reasoning of which was affirmed by the California Supreme Court in a companion case entitled *Smiley v. Citibank* (1995) 11 Cal. 4th 138, and ultimately by the United States Supreme Court in the same case. *Smiley v. Citibank* (1996) 517 U.S. 735.

Mr. Birkhaeuser joined the firm in 1994 and became a partner in 1997. At the firm, he has prosecuted class action cases involving insurance, false nutritional labeling, price fixing and securities fraud. Mr. Birkhaeuser served in a leadership position in *In Re Kansas Vitamin Antitrust Litigation* and *In re Wisconsin Vitamin Antitrust Litigation*, which were coordinated through proceedings in the District of Columbia and consolidated with *parens patriae* actions brought by attorneys general in 23 jurisdictions; and in *In re DRAM California Indirect Purchaser Antitrust Litigation* and *In re California Polyester Indirect Purchaser Antitrust Litigation*, in which he serves on the plaintiffs' Executive Committee. He has also served as a judge *pro tem* in the Contra Costa Superior Court.

### Other Significant Cases:

*Van Warmerdam v. Honey Hill Farms* (arbitration) Honorable William Boone, presiding. Lead counsel in complex contract dispute resulting in verdict in client's favor on complaint and cross-complaint.

*Meadow Wood Land Company v. Landmark Vineyards, Ltd, et. al.*, First Appellate District No. A043692. Lead counsel for defendants and respondents in case which settled favorably after the filing of Respondents' brief on appeal.

*Lesher Communications, Inc. v. City of Walnut Creek*, 52 Cal. 3d 531 (1991). Landmark decision under California Environmental Quality Act addressing City's ability to amend general plan by voter initiative.

*Acree v. General Motors, Inc.*, 92 Cal. App. 4th 385 (2001). Important decision defining scope of covenant of good faith and fair dealing and reasonableness of fee award after class action trial against tenacious defendant.

*Morelli v. Weider Nutrition Group, Inc.*, 275 A.D.2d 607, 712 N.Y.S. 2d 551 (1st Dept. 2000). Case of first impression holding that plaintiffs' claims for false nutritional labeling were not preempted by the Nutritional Labeling and Education Act.

### Jennifer S. Rosenberg

Jennifer S. Rosenberg has been an associate of the firm since 1995. She received her A.B. in political science, with great distinction in general scholarship, in 1981 from the University of California at Berkeley. She is a member of Phi Beta Kappa. Ms. Rosenberg obtained her law degree from the University of California at Berkeley (Boalt Hall) in 1985.

From 1985 to 1987, Ms. Rosenberg was an associate with the law firm of McKenna, Conner & Cuneo. Before joining Bramson, Plutzik, Mahler & Birkhaeuser, she was associated with McCutchen, Doyle, Brown & Enersen. As an adjunct professor at the University of San Francisco, she has taught business law and business ethics in the undergraduate and MBA programs of the McLaren School of Business.

8

Ms. Rosenberg is a contributing writer for Justice Maria Rivera's *California Practice Guide: Civil Procedure Before Trial Forms* (The Rutter Group), and is the principal drafter of the guide's class action forms. She has published articles in *California Lawyer* and *Business Voice* magazines and edited the 1994 edition of Remy, Thomas & Moose's *Guide to the California Environmental Quality Act*.

At Bramson, Plutzik, Mahler & Birkhaeuser, Ms. Rosenberg has focused on the prosecution of consumer class actions. Ms. Rosenberg is admitted to practice in California and is a member of the bars of the federal district courts of California and of the Ninth Circuit. She has acted as a judge pro tem for civil matters and a small claims appeals judge in Superior Court and as a fee arbitrator.

### Published Cases:

*Acree v. General Motors Acceptance Corporation*, 92 Cal. App. 4th 385 (2001)

*Mangini v. Aerojet-General Corporation*, 230 Cal.App.3d 1125 (1991)

### L. Timothy Fisher

L. Timothy Fisher specializes in consumer and securities class actions and complex business litigation. He has been actively involved in several cases in which the firm achieved multi-million dollar recoveries for consumers and investors. Mr. Fisher has handled cases involving a wide range of issues including nutritional labeling, health care, telecommunications, corporate governance, unfair business practices and fraud.

Mr. Fisher joined the firm as a law clerk in 1996 and became an associate in 1997 after he was admitted to the State Bar of California. He is also a member of the bar of the United States Court of Appeals for the Ninth Circuit. Mr. Fisher has taught appellate advocacy at John F. Kennedy University School of Law since 2003.

Mr. Fisher received his Juris Doctorate from Boalt Hall at the University of California at Berkeley in 1997. While in law school, he was an active member of the Moot Court Board and participated in moot court competitions throughout the United States. In 1994, Mr. Fisher received an award for Best Oral Argument in the first year moot court competition.

In 1992, Mr. Fisher graduated with highest honors from the University of California at Berkeley and received a degree in political science. Prior to graduation, he authored an honors thesis for Professor Bruce Cain entitled "The Role of Minorities on the Los Angeles City Council." He is also a member of Phi Beta Kappa.

### Michael S. Strimling

Michael S. Strimling is an attorney with extensive experience in complex litigation and class actions. He received his J.D. from Boalt Hall Law School at U.C. Berkeley and was admitted to the California Bar in 1980. As well as actively prosecuting class actions and mass tort litigation while at Lieff, Cabraser, Heimann & Bernstein, at Bramson, Plutzik, Mahler & Birkheauser, LLP, and of counsel in other complex litigation, he has defended class actions while associated with Bartko, Zankel, Tarrant & Miller and Wendel, Rosen, Black & Dean.

In addition, Mr. Strimling has served as the Research Attorney for the Complex Litigation Department of Santa Clara County Superior Court, as a Senior Research Attorney to the California Sixth District Court of Appeal, as a Research Attorney to the Alameda County

Superior Court, as a Legal Advisor to the Solomon Islands government in the United States Peace Corps, and as a three-term member of the California State Bar's Committee on the Administration of Justice. In addition to admission before State and Federal District Courts he has been admitted to the Bar and argued before the U.S. Court of Federal Claims in Washington, D.C., lectured in continuing legal education seminars, published articles on derivative litigation, and been admitted to the New Zealand and Solomon Islands Bar.

10

## Paul F. Mahler (Of Counsel)

Paul F. Mahler is a 1980 graduate of the University of California, Boalt Hall School of Law.  After working several years in-house at a major educational company headquartered in San Francisco, Mr. Mahler joined the firm in 1985, became a partner in the firm in 1997 and is currently of counsel to the firm.

Mr. Mahler handles business transactions, representing primarily small and medium-sized businesses.  Mr. Mahler's transactional work includes entity formation and agreements among owners; the purchase and sale of assets, stock or other interests; intellectual property issues; employment matters; and commercial real estate matters, primarily in leasing.  His clients include high technology companies, biotechnology companies, accounting and insurance firms and companies with significant retail store operations.

11