1  Reed R. Kathrein (139304)
   Peter E. Borkon (212596)
2  HAGENS BERMAN SOBOL SHAPIRO LLP
   715 Hearst Avenue, Suite 202
3  Berkeley, CA 94710
   Telephone:  (510) 725-3000
4  Facsimile:  (510) 725-3001
   reed@hbsslaw.com
5  peterb@hbsslaw.com

6  Attorneys for Plaintiff

7  [Additional counsel listed on signature page]

8

9                     UNITED STATES DISTRICT COURT

10                   NORTHERN DISTRICT OF CALIFORNIA

11                        SAN FRANCISCO DIVISION

12  MIKE LABINS, on Behalf of Himself and all    )    No. 08-cv-1510 WHA
    Others Similarly Situated,                    )
13                                                 )    NOTICE OF MOTION AND MOTION TO
                                Plaintiff,         )    CONSOLIDATE, TO APPOINT THE
14                                                 )    YIELDPLUS INVESTOR GROUP AS LEAD
           v.                                      )    PLAINTIFF AND TO APPROVE
15                                                 )    PROPOSED LEAD PLAINTIFF'S
    THE CHARLES SCHWAB CORPORATION,                )    SELECTION OF COUNSEL;
16  CHARLES SCHWAB & CO. INC., CHARLES             )    MEMORANDUM OF POINTS AND
    SCHWAB INVESTMENT MANAGEMENT,                  )    AUTHORITIES IN SUPPORT THEREOF
17  INC., CHARLES R. SCHWAB, EVELYN                )
    DILSAVER, RANDALL W. MERK and                  )    DATE:  July 3, 2008
18  GEORGE PEREIRA,                                )    TIME:  8:00 a.m.
                                                   )    DEPT:  CR 9, 19th Floor
19                              Defendants.         )
    _____)
20  GERRY HAGEMAN, on Behalf of Himself and )    No. 08-cv-1733 WHA
    all Others Similarly Situated,                )
21                                                 )
                                Plaintiff,         )
22                                                 )
           v.                                      )
23                                                 )
    THE CHARLES SCHWAB CORPORATION,                )
24  CHARLES SCHWAB & CO. INC., CHARLES             )
    SCHWAB INVESTMENT MANAGEMENT,                  )
25  INC., CHARLES R. SCHWAB, EVELYN                )
    DILSAVER, RANDALL W. MERK and                  )
26  GEORGE PEREIRA,                                )
                                                   )
27                              Defendants.         )
    _____)
28

010036-12 239153 V1

1    W. MERRILL GLASGOW, on Behalf of        )        No. 08-cv-1936 WHA
     Himself and All Others Similarly Situated,  )
2                                              )
                                               )
3                          Plaintiff,          )
                                               )
4            v.                                )
                                               )
5    THE CHARLES SCHWAB CORPORATION,           )
     CHARLES SCHWAB & CO. INC., CHARLES         )
6    SCHWAB INVESTMENT MANAGEMENT,              )
     INC., CHARLES R. SCHWAB, EVELYN            )
7    DILSAVER, RANDALL W. MERK and              )
     GEORGE PEREIRA,                            )
8                                              )
                          Defendants.          )
9    _____ )
     NILS FLANZRAICH and JILL FLANZRAICH, )        No. 08-cv-1994 WHA
10   on Behalf of Themselves and all Others     )
     Similarly Situated,                        )
11                                             )
                          Plaintiffs,          )
12                                             )
             v.                                )
13                                             )
     THE CHARLES SCHWAB CORPORATION,           )
14   CHARLES SCHWAB & CO. INC., CHARLES         )
     SCHWAB INVESTMENT MANAGEMENT,              )
15   INC., CHARLES R. SCHWAB, SCHWAB            )
     INVESTMENTS, SCHWAB YIELDPLUS              )
16   FUND SELECT SHARES, EVELYN                 )
     DILSAVER, RANDALL W. MERK and              )
17   GEORGE PEREIRA,                            )
                                               )
18                        Defendants.          )
     _____ )

19

20

21

22

23

24

25

26

27

28

| | |
|---|---|
| VINAYAK R. PAI DEFINED BENEFITS PENSION PLAN, on Behalf of Itself and all Others Similarly Situated, | ) ) ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| THE CHARLES SCHWAB CORPORATION, CHARLES SCHWAB & CO. INC., CHARLES SCHWAB INVESTMENT MANAGEMENT, INC., SCHWAB INVESTMENTS, CHARLES R. SCHWAB, EVELYN DILSAVER, RANDALL W. MERK, GREGORY HAND, GEORGE PEREIRA, DONALD F. DOWARD, MARIANN BYERWALTER, WILLIAM A. HASLER, ROBERT G. HOLMES, GERALD B. SMITH, DONALD R. STEPHENS, MICHAEL W. WILSEY and JEFF LYONS, | ) ) ) ) ) ) ) ) ) ) ) ) |
| | ) |
| Defendants. | ) ) |

No. 08-cv-2058 WHA

# NOTICE OF MOTION AND MOTION

**TO: ALL PARTIES AND THEIR ATTORNEYS OF RECORD**

PLEASE TAKE NOTICE that on July 3, 2008, at 8:00 A.M., or as soon thereafter as the matter may be heard, before the Honorable Judge William H. Alsup, United States District Court, Northern District of California, San Francisco Division, Courtroom 9, 19th Floor, 450 Golden Gate Avenue, San Francisco, California 94102, David and Gretchen Mikelonis, Kevin O'Donnell, John Hill, N. Richard Kimmel, James Coffin and Robert Dickson (referred to collectively as "YieldPlus Investor Group" or "Movant") will and hereby moves for an order for consolidation of these actions; to be appointed Lead Plaintiff in these actions against Defendants The Charles Schwab Corporation, Charles Schwab & Co. Inc., Charles Schwab Investment Management, Inc., Charles R. Schwab, Schwab Investments, Schwab YieldPlus Fund Select Shares, Evelyn Dilsaver, Randall W. Merk, George Pereira, Gregory Hand, Donald F. Doward, Mariann Byerwalter, William A. Hasler, Robert G. Holmes, Gerald B. Smith, Donald R. Stephens, Michael W. Wilsey and Jeff Lyons (referred to collectively as "Schwab Defendants"), pursuant to the Lead Plaintiff provisions of the Private Securities Litigation Reform Act of 1995 ("PSLRA"), codified as Section 27(a)(3) of the Securities Act of 1933, 15 U.S.C. § 77z-1(a)(3) (2007), and/or Section 21D(a)(3) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(3) (2007); and for approval of Movant's selection of the law firm Hagens Berman Sobol Shapiro LLP ("Hagens Berman") as Lead Counsel in this action.

This motion is based on this Notice of Motion and Motion, the Memorandum of Points and Authorities in Support Thereof, the Declaration of Reed R. Kathrein in Support of this Motion, the pleadings on file in this action, oral argument and such other matters as the Court may consider in hearing this motion.

Movant makes this Motion on the belief that Movant is the most "adequate plaintiff" as defined in the PSLRA because:

1.      Movant has the largest financial interest in the relief sought by the Class and has incurred substantial losses in the amount of $1,438,209.29 as a result of Movant's purchase and/or acquisition of shares of Schwab YieldPlus securities pursuant to or traceable to the Registration

1    Statements and Prospectuses ("Prospectus") during the period March 17, 2005 through March 18,

2    2008, and

3           2.    Movant satisfies the typicality and adequacy requirements of Federal Rule of Civil

4    Procedure 23.

5          Movant further requests that the Court approve the selection of Movant's counsel, Hagens

6    Berman as Lead Counsel for the Class.  Hagens Berman is a nationally recognized law firm with

7    significant class action, fraud and complex litigation experience, and is a firm with the resources to

8    effectively and properly pursue this action.

9          For all of the foregoing reasons, the YieldPlus Investor Group respectfully requests that this

10   Court: (1) consolidate these related cases; (2) appoint the YieldPlus Investor Group to serve as Lead

11   Plaintiff in this action; (3) approve the YieldPlus Investor Group's selection of Lead Counsel for the

12   Class; and (4) grant such other and further relief as the Court may deem just and proper.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## STATEMENT OF ISSUES TO BE DECIDED

2        Whether these cases should be consolidated pursuant to Rule 42(a) of the Federal Rules of

3  Civil Procedure as actions involving a common question of law or fact pending before the Court;

4        Whether Movant should be appointed Lead Plaintiff in the consolidated action against The

5  Charles Schwab Corporation, Charles Schwab & Co. Inc., Charles Schwab Investment

6  Management, Inc., Charles R. Schwab, Schwab Investments, Schwab YieldPlus Fund Select

7  Shares, Evelyn Dilsaver, Randall W. Merk, George Pereira, Gregory Hand, Donald F. Doward,

8  Mariann Byerwalter, William A. Hasler, Robert G. Holmes, Gerald B. Smith, Donald R. Stephens,

9  Michael W. Wilsey and Jeff Lyons pursuant to the Lead Plaintiff provisions of the Private

10  Securities Litigation Reform Act of 1995 ("PSLRA"), codified as Section 27(a)(3) of the Securities

11  Act of 1933, 15 U.S.C. § 77z-1(a)(3) (2007), and/or Section 21D(a)(3) of the Securities  Exchange

12  Act of 1934, 15 U.S.C. § 78u-4(a)(3) (2007);

13        Whether the Court should approve Movant's selection of the law firm Hagens Berman

14  Sobol Shapiro LLP ("Hagens Berman") to represent the class in this action, also pursuant to the

15  Lead Plaintiff provisions of the Private Securities Litigation Reform Act of 1995 ("PSLRA"),

16  codified as Section 27(a)(3) of the Securities Act of 1933, 15 U.S.C. § 77z-1(a)(3) (2007), and/or

17  Section 21D(a)(3) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(3) (2007).

18

19

20

21

22

23

24

25

26

27

28

1

## TABLE OF CONTENTS

2   I.      INTRODUCTION ................................................................................................. 1

3   II.     PROCEDURAL HISTORY .................................................................................. 2

4   III.    SUMMARY OF FACTS ....................................................................................... 3

5   IV.     ARGUMENT ........................................................................................................ 4

6           A.      The Court Should Consolidate the Related Actions.................................... 4

7           B.      The YieldPlus Investor Group Should Be Appointed Lead Plaintiff ........... 6

8                   1.      The PSLRA Procedure for Lead Plaintiff Appointment Favors
                            Appointment of the YieldPlus Investor Group ................................. 6
9
                    2.      The YieldPlus Investor Group Has Complied With the PSLRA and
10                          Should Be Appointed Lead Plaintiff ................................................ 7

11                  3.      The YieldPlus Investor Group Has the Largest Financial Interest of
                            the Plaintiffs Who Have Submitted Applications for Lead Plaintiff ................ 7
12
                    4.      The YieldPlus Investor Group Satisfies the Requirements of Rule 23 ............ 8
13
            C.      This Court Should Approve the Yieldplus Investor Group's Choice of Lead
14                  Counsel ......................................................................................................... 10

15  V.      CONCLUSION .................................................................................................... 11

16

17

18

19

20

21

22

23

24

25

26

27

28

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

The YieldPlus Investor Group hereby moves to consolidate these related actions; be appointed Lead Plaintiff in this action against the Schwab Defendants ("Schwab" or the "Company") pursuant to the lead plaintiff provisions of the Private Securities Litigation Reform Act of 1995 ("PSLRA"), codified as Section 27(a)(3) of the Securities Act of 1933 (the "Securities Act"), 15 U.S.C. § 77z-1(a)(3) (2007), and/or Section 21D(a)(3) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(3) (2007); and for approval of Movant's selection of the law firm Hagens Berman Sobol Shapiro LLP ("Hagens Berman") as Lead Counsel in this action.

The members of the YieldPlus Investor Group fully understand their duties and responsibilities to the Class, and are willing and able to oversee the vigorous prosecution of this action.  As described in the certifications attached to the Declaration of Reed R. Kathrein at Ex. A, ("Kathrein Decl."), the YieldPlus Investor Group has suffered a loss of $1,438,209.29 as a result of Movant's purchase and/or acquisition of shares of Schwab securities pursuant to or traceable to the Company's Registration Statements and Prospectuses (collectively "Prospectus") through March 18, 2008.[1]  To the best of Movant's knowledge, the YieldPlus Investor Group has therefore sustained the largest loss of any qualified investor seeking to be appointed as Lead Plaintiff.  In addition to evidencing the largest financial interest in the outcome of this litigation, Movants' certifications demonstrate the intent to serve as Lead Plaintiff in this litigation, including Movant's cognizance of the duties of serving in that role.[2]

Moreover, Movant satisfies both the applicable requirements of the PSLRA and Rule 23 of the Federal Rules of Civil Procedure ("Rule 23") and is presumptively the "most adequate plaintiff."

---

[1]    "Kathrein Decl." or "Kathrein Declaration" refers to the Declaration of Reed R. Kathrein in Support of Motion to Consolidate, to Appoint the YieldPlus Investor Group Lead Plaintiff and to Approve Proposed Lead Plaintiff's Selection of Counsel, filed concurrently herewith.

[2]    The relevant federal securities laws specifically authorize any class member seeking to be appointed lead plaintiff to either file a complaint or move for appointment as lead plaintiff.  *See*, 15 U.S.C. § 77z-l(a)(3)(B)(i)(Claims under the Securities Act of 1933) and 15 U.S.C. § 78u-4(a)(3) (Claims under the Securities Exchange Act of 1934).  A copy of each member of the YieldPlus Investor Group's certifications of Movant's transactions in Schwab YieldPlus securities is attached as Exhibit A to the Kathrein Declaration.

1   Movant respectfully submits that the YieldPlus Investor Group should be appointed as Lead Plaintiff

2   in this action, and that this Honorable Court should approve Movant's selection of the law firm

3   Hagens Berman as Lead Counsel in this action.

4          Movant also moves to consolidate all related actions pursuant to Rule 42(a) of the Federal

5   Rules of Civil Procedure as each involves common questions of law or fact relating to untrue

6   statements of material fact and/or the omissions of material facts necessary to make Defendants'

7   statements in the Prospectus not misleading, and the purchase of Schwab YieldPlus securities

8   between March 17, 2005 and March 18, 2008 inclusive.

9                      **II.    PROCEDURAL HISTORY**

10         The first lawsuit against Defendants in any district, *Labins v. The Schwab Corp., et al.*, was

11  filed on March 18, 2008 in the Northern District of California by Mike Labins, individually and on

12  behalf of all persons or entities that purchased or otherwise acquired Schwab YieldPlus Investor

13  Shares and/or Schwab YieldPlus Select Shares pursuant to or traceable to the Company's

14  Prospectus.[3]  The gravamen of the complaint is Defendants' violation of the Securities Act.

15  Specifically, the complaint arises out of Defendants' including or allowing the inclusion of

16  materially false and misleading statements in the Prospectus, in direct violation of the Securities

17  Act.[4]  These misrepresentations and omissions resulted in the damages suffered by The YieldPlus

18  Investor Group and the other members of the Class.

19         The same day that his complaint was filed, March 18, 2008, Labins published a notice of

20  pendency over the national wire service *PR Newswire* on March 18, 2008 informing investors that

21  ─────────────────

22  3      After Mr. Labins filed, four additional cases were filed against the Defendants in the
    Northern District of California.  They include: *Hageman v. The Charles Schwab Corp.. et al.*, 08-cv-
23  01733-WHA (filed March 31, 2008); *Glasgow v. The Charles Schwab Corp., et al.*, 08-cv-01936-
    WHA (filed on April 11, 2008); *Flanzraich, et al. v. The Charles Schwab Corp., et al.*, 08-cv-01994-
24  WHA (filed April 15, 2008); and *Vinayak R. Pai Defined Benefits Pension Plan v. The Charles
    Schwab Corp., et al.*, 08-02058-WHA (filed April 21, 2008).  Each of these cases raise identical
25  claims for the same groups of investors over the same time period.  Three additional cases were filed
    in two other District Courts.  Those cases include: *Bohl v. The Charles Schwab Corp., et al.,* 08-cv-
26  10593 RGS (filed D. Mass. April 8, 2008); *Coleman v. The Charles Schwab Corp., et al.*, 08-cv-
    10626 RGS (filed D. Mass. April 11, 2008) and *Tully v. The Charles Schwab Corp., et al.*, 08-cv-
27  3652-BSJ (filed S.D. N.Y. April 16, 2008).

    4      The complaint referenced herein refers to the first-filed lawsuit against Defendants, *Labins v.
28  The Charles Schwab Corp., et al*., filed on March 18, 2008.

this case was filed and that they had sixty days to seek appointment as Lead Plaintiff. Kathrein Decl., Ex. C (Published Notice). That notice advised Class Members of the existence of the lawsuit and described the claims asserted. Motions to transfer the cases filed in the District of Massachusetts and the Southern District of New York are pending. Movant joined in those motions.

Consistent with the terms of the PSLRA, Movant timely filed this motion for appointment as Lead Plaintiff within 60 days from the publication of the notice of pendency of the action in the *PR Newswire* press release.

### III.     SUMMARY OF FACTS

This is a class action brought on behalf of the purchasers of Schwab YieldPlus Funds Investor Shares ("SWYPX") and Schwab YieldPlus Funds Select Shares ("SWYSX") (together "the Funds") during the period March 17, 2005 through March 18, 2008 pursuant to the Prospectus issued during that time.

The Schwab Defendants are each charged with including, or allowing the inclusion of materially false and misleading statements in the Prospectus between March 17, 2005 and March 18, 2008. Specifically, the Schwab Defendants each failed to reveal that at the time of the Prospectus the YieldPlus Funds had significantly deviated from its investment guidelines exposing purchasers to high-risk, mortgage-backed instruments, including complex illiquid investments.

Moreover, the Funds' Prospectus contained untrue statements of material facts, omitted to state other facts necessary to make the statements made not misleading, and/or omitted to state material facts required to be stated therein, relating, *inter alia*, to (i) the lack of true diversification of the Funds' assets and concentration in the subprime market of mortgage backed and related securities, (ii) the fact that the Funds risk profile was not only "marginally higher" than cash, (iii) the high vulnerability of the Funds assets to suddenly becoming illiquid, (v) the fact that the net asset values ("NAVs") of the Funds, were highly speculative and inflated, and (vi) that the Funds relied on the very same broker-dealers, who sold the Funds shares, to package and sell them these highly complex and speculative mortgage back securities, and at the same time relied upon the credit ratings of rating agencies paid by their broker-dealers, through commissions on the sale of  assets to the

1    Funds, to represent to the investing public that these investments meet the stated investment criteria

2    of the Funds.

3         From its peak value of nearly $14 billion, the Fund's assets have precipitously fallen to under

4    $1.5 billion.

5                                    IV.    ARGUMENT

6    A.    The Court Should Consolidate the Related Actions

7         The Private Securities Litigation Reform Act of 1995 requires that the question of

8    consolidation be decided prior to the determination of the appointment of Lead Plaintiff. The Private

9    Securities Litigation Reform Act of 1995, Pub. L. No. 104-67, 109 Stat. 737 (1995) ("PSLRA")

10   provides, among other things, for consolidation of substantially similar actions:

11             If more than one action on behalf of a class asserting substantially the
               same claim or claims arising under this title has been filed, and any
12             party has sought to consolidate those actions for pretrial purposes or
               for trial, the court shall not make the determination [of appointment of
13             lead plaintiff under §21D(a)(3)(B)] until after the decision on the
               motion to consolidate is rendered.
14
15   15 U.S.C. § 77z-4(a)(3)(B)(ii) and 15 U.S.C. § 78u-4(a)(3)(B)(ii).

16        Thus, the PSLRA establishes a two-step process for resolving lead plaintiff and consolidation

17   issues where more than one action on behalf of a class based on substantially the same facts has been

18   filed.  The court "shall" first decide the consolidation issue and thereafter decide the lead plaintiff

19   issue "[a]s soon as practicable" after the consolidation motion has been decided.  *Id.*

20        Given that the selection of lead plaintiff and lead counsel is the necessary first step to

21   prosecute the actions, Plaintiff urges the Court to grant the consolidation motion as soon as

22   practicable and consolidate these related actions under the lowest case number.   A prompt

23   determination is reasonable and warranted under Federal Rule of Civil Procedure 42(a), given the

24   common questions of fact and law presented by the actions now pending in this District.

25        Consolidation pursuant to Rule 42(a) is proper and routinely granted in actions such as this,

26   where there are common questions of law and fact.  *See Yousefi v. Lockheed Martin Corp.*,

27

28

70 F. Supp. 2d 1061, 1064 (C.D. Cal. 1999).[5]  Courts have recognized that securities class actions, in particular, are ideally suited to consolidation pursuant to Rule 42(a) because their unification expedites pretrial proceedings, reduces case duplication, avoids contacting of the parties and witnesses for inquiries in multiple proceedings, and minimizes the expenditure of time and money by all persons concerned.  *See* e.g., *In re Equity Funding Corp. of Am. Sec. Litig*, 416 F. Supp. 161, 176 (C.D. Cal. 1976), *Primavera Familienstiftung v. Askin*, 173 F.R.D. 115, 129 (S.D.N.Y. 1997). Indeed, "[i]n securities actions where the complaints are based on the same 'public statements and reports' consolidation is appropriate if there are common questions of law and fact" and the parties will not be prejudiced.  *Garber v. Randell*, 477 F.2d 711, 714 (2d Cir. 1973); *Weltz v. Lee*, 199 F.R.D. 129, 131 (S.D.N.Y. 2001).  Consolidating shareholder class actions streamlines and simplifies pre-trial and discovery proceedings, including motions, class action issues, clerical and administrative duties, and generally reduces the confusion and delay that result from prosecuting related actions separately before two or more judges.  *Id.  See also In re Olsten Corp. Sec. Litig.,* 3 F. Supp. 2d 286 (E.D.N.Y. 1998).

As discussed above, the actions pending before this Court present identical factual issues, each one alleges violations of the federal securities laws and each action names nearly identical defendants.  The differences in the complaints are minor and will be resolved upon the filing of a consolidated complaint.  Because these actions are based on the same facts and involve the same subject matter, the same discovery will be relevant to all lawsuits.  Thus, consolidation is appropriate.

Accordingly, this Court should enter an Order that consolidates the related cases and all future related cases with the instant action.

---

5    Rule 42(a) of the Federal Rules of Civil Procedure allows this Court to order consolidation of separate actions:

> When actions involving a common question of law or fact are pending before the Court, it may order a joint hearing or trial of any or all of the matters in issue in the actions; it may order all of the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs of delay.

**B.    The YieldPlus Investor Group Should Be Appointed Lead Plaintiff**

    **1.    The PSLRA Procedure for Lead Plaintiff Appointment Favors Appointment of the YieldPlus Investor Group**

The selection of Lead Plaintiff in a securities class action is a determination made by the Court as to which plaintiff is the most capable of adequately representing the class. The Court:

> (s)hall appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be ***most capable of adequately representing*** the interests of class members in accordance with this subparagraph.

15 U.S.C. § 77z-1(a)(3)(B)(i) and 15 U.S.C. § 78u-4(a)(3)(B)(i) (emphasis added).

The "most adequate plaintiff" assumes a rebuttable presumption that:

> The most adequate plaintiff in any private action arising under this chapter is the person or group of persons that ---
>
> (aa) has either filed the complaint or made a motion in response to a notice under subparagraph (A)(i);
>
> (bb) ***in the determination of the court, has the largest financial interest in the relief sought by the class; and***
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 77z-1(a)(3)(B)(iii)(I) and15 U.S.C. § 78u-4(a)(3)(B)(iii)(I) (emphasis added).

Only by a showing that a Lead Plaintiff will not fairly and adequately represent the Class, or is subject to unique defenses that will render such plaintiff incapable of adequately representing the Class, will this presumption be overcome. 15 U.S.C. § 77z-1(a)(3)(B)(iii)(II) and 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

Under this statutory test, the YieldPlus Investor Group is the "most adequate plaintiff" and should be appointed as Lead Plaintiff on behalf of the proposed Class. The YieldPlus Investor Group has timely moved this Court for appointment as Lead Plaintiff in accordance with the PSLRA and has the willingness, resources and expertise to obtain excellent results for the Class. Consequently, this Court should appoint the YieldPlus Investor Group as Lead Plaintiff and approve Movant's selection of Hagens Berman as Lead Counsel for the Class.

1

2        **2.      The YieldPlus Investor Group Has Complied With the PSLRA and Should Be
                 Appointed Lead Plaintiff**

3        The YieldPlus Investor Group moves the Court to be appointed Lead Plaintiff and has timely

4   filed the instant motion to be appointed lead plaintiff within the 60-day time period requirement.  The

5   plaintiff in the first-filed action published notice on *PR Newswire*, a national business-oriented wire

6   service, on March 18, 2008.  Accordingly, the YieldPlus Investor Group meets the requirement of 15

7   U.S.C. § 77z1(a)(3)(B)(iii)(I)(aa) and 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(aa), and has filed Movant's

8   motion within the 60-day time period requirement.

9        Moreover, the YieldPlus Investor Group has sustained a substantial loss from Movant's

10  investment in Schwab YieldPlus securities and has shown Movant's willingness to represent the

11  Class by signing a certification detailing Movant's Schwab YieldPlus transaction information.

12  Kathrein Decl., Ex. A.  As demonstrated by these certifications, the YieldPlus Investor Group is

13  prepared to consult with counsel on a regular basis, prior to every major litigation event, and direct

14  the course of the litigation, with the benefit of counsel's advice.  In addition, the YieldPlus Investor

15  Group has selected and retained highly competent counsel to represent the Class with significant

16  experience in securities class action litigation.  Kathrein Decl., Ex. D (firm resume).

17       **3.      The YieldPlus Investor Group Has the Largest Financial Interest of the Plaintiffs
                 Who Have Submitted Applications for Lead Plaintiff**

18       As a result of Movant's purchases of YieldPlus securities throughout the Class Period, the

19  YieldPlus Investor Group has suffered losses of $1,438,209.29.  Kathrein Decl., Ex. B.   The

20  YieldPlus Investor Group believes Movant has the largest financial interest in this class action

21  compared to any other party moving for Lead Plaintiff.  The PSLRA provides that there is a

22  rebuttable presumption that the "most adequate plaintiff" is the plaintiff with the largest financial

23  interest in the relief sought by the class.  15 U.S.C. § 77z-l(a)(3)(B)(iii)(I)(bb).  "So long as the

24  plaintiff with the largest losses satisfies the adequacy requirements, he is entitled to lead plaintiff

25  status . . . ."  *Ferrari v. Gisch,* 225 F.R.D. 599, 603 (C.D. Cal. 2004) (*citing In re Cavanaugh* 306

26  F.3d 726, 732 (9th Cir. 2002)).  The YieldPlus Investor Group, therefore, is presumptively the "most

27  adequate plaintiff" pursuant to the PSLRA.

28

1

      **4.**      **The YieldPlus Investor Group Satisfies the Requirements of Rule 23**

2

      Section 27(a)(3)(B)(iii)(I)(cc) of the Securities Act and Section 21D(a)(3)(B)(iii)(I)(cc) of the

3

Securities Exchange Act of 1934, as amended by the PSLRA, provides that the Lead Plaintiff must

4

satisfy the typicality and adequacy requirements of Federal Rule of Civil Procedure 23(a). *Siegall v.*

5

*Tibco Software, Inc.,* No. C 05-2146 SBA, 2006 U.S. Dist. Lexis 26780, *14-*15 (N.D. Cal. Feb. 24,

6

2006) ("In the context of determining the appropriate lead plaintiff under the PSLRA, the

7

requirements of 'typicality' and adequacy of representation are the key factors."). This Court's

8

analysis of any other requirements of Rule 23 as it relates to class certification should be deferred

9

until the Lead Plaintiff moves for class certification. *Schriver v. Impac. Mortg. Holdings*, *Inc.*, No.

10

SACV 06-31 CJC (RNBx), 2006 Dist. Lexis 40607, *15-*16 (C.D. Cal. May 2, 2006) ("At the lead

11

plaintiff appointment stage, the Rule 23 inquiry is not as searching as it would be on a motion for

12

class certification; the prospective lead plaintiff need only make a prima facie showing that it meets

13

the typicality and adequacy factors."). As detailed below, the YieldPlus Investor Group satisfies

14

both the typicality and adequacy requirements of Rule 23(a), and should therefore be appointed Lead

15

Plaintiff in this action.

16

      **a.**      **The YieldPlus Investor Group's Claims Are Typical of the Claims of All the Class Members**

17

18

      Under Rule 23(a)(3), typicality exists where "the claims . . . of the representative parties" are

19

"typical of the claims . . . of the class." The typicality requirement of Rule 23(a)(3) is satisfied when

20

the representative plaintiffs' claims arise from the same event or course of conduct that gives rise to

21

claims of other class members, and when the claims are based on the same legal theory. *See Crossen*

22

*v. CV Therapeutics*, No. C 03-03709 SI, 2005 US Dist. Lexis 41396, *13 (N.D. Cal. Aug. 10, 2005).

23

The requirement that the proposed class representatives' claims be typical of the claims of the class

24

does not mean, however, that the claims must be identical. *See Hanlon v*. *Chrysler Corp*., 150 F.3d

25

1011, 1020 (9th Cir. 1998).

26

      In this case, the typicality requirement is met because the YieldPlus Investor Group's claims

27

*are* identical to the claims of the other Class Members. The YieldPlus Investor Group and all the

28

members of the Class purchased YieldPlus securities when the stock prices were artificially inflated

1    as a result of the Defendants' misrepresentations and omissions, and thus, both the YieldPlus

2    Investor Group and the Class Members suffered damages as a result of these purchases. Simply put,

3    the YieldPlus Investor Group, like all the other Class Members, (1) purchased Schwab YieldPlus

4    securities pursuant to or traceable to its Registration Statements and Prospectuses; (2) purchased

5    Schwab YieldPlus securities at artificially inflated prices as a result of the Defendants'

6    misrepresentations and omissions; and (3) suffered damages thereby. The YieldPlus Investor

7    Group's claims and injuries "arise from the same event or course of conduct that [gave] rise to the

8    claims of other class members." *Crossen*, 2005 U.S. Dist. Lexis 41396 at *13.

9         Moreover, the YieldPlus Investor Group is not subject to any unique or special defenses.

10   Thus, the YieldPlus Investor Group meets the typicality requirement of Rule 23 because Movant's

11   claims are the same as the claims of the other Class Members.

12             **b.    The YieldPlus Investor Group Will Adequately Represent the Interests of
                       the Class**

13

14        The requirements of Rule 23(a) relating to adequate representation are satisfied if (1) the

15   class counsel is qualified, experienced and generally able to conduct the litigation; (2) the interests of

16   the class are not antagonistic to one another; and (3) the lead plaintiff has a "sufficient interest in the

17   outcome of the case to ensure vigorous advocacy." *Miller v. Ventro Corp.*, No. C 01-01287 SBA,

18   2001 U.S. Dist. Lexis 26027, *44 (N.D Cal. Nov. 28, 2001) (*citing Takeda v. Turbodyne Techs.*, 67

19   F.Supp. 2d 1129, 1137 (C.D. Cal. 1999)). As described below, the YieldPlus Investor Group will

     adequately represent the interests of the class.

20        The YieldPlus Investor Group's interests are clearly aligned with the members of the Class

21   because Movant's claims are identical to the claims of the Class. There is no evidence of antagonism

22   between the YieldPlus Investor Group's interests and those of proposed Class Members.

23   Furthermore, the YieldPlus Investor Group has a significant, compelling interest in prosecuting this

24   action to a successful conclusion based upon the very large financial loss Movant incurred as a result

25   of the wrongful conduct alleged herein. This motivation, combined with the YieldPlus Investor

26   Group's identical interest with the members of the Class, clearly shows that the YieldPlus Investor

27   Group will adequately and vigorously pursue the interests of the Class. In addition, the YieldPlus

28

1  Investor Group has selected counsel that is highly experienced in prosecuting securities class actions

2  such as this one to represent the fund and the class.

3       In sum, because of the YieldPlus Investor Group's common interests with the Class

4  Members, Movant's clear motivation and ability to vigorously pursue this action, and Movant's

5  competent counsel, the adequacy requirement of Federal Rule of Civil Procedure 23(a) is met in this

6  case.  Therefore, since the YieldPlus Investor Group not only meets both the typicality and adequacy

7  requirements of Rule 23(a), and has sustained the largest amount of losses at the hands of the

8  Defendants, the YieldPlus Investor Group is, in accordance with 15 U.S.C. § 77z-1(a)(3)(B)(iii)(I),

9  presumptively the most adequate plaintiff to lead this action.[6]

10  **C.    This Court Should Approve the Yieldplus Investor Group's Choice of Lead Counsel**

11       The PSLRA vests authority in the Lead Plaintiff to select and retain counsel to represent the

12  class, subject to the Court's approval.  15 U.S.C. § 77z-1(a)(3)(B)(v) and § 78u-1(a)(3)(B)(v).  Thus,

13  this Court should not disturb the Lead Plaintiff's choice of counsel unless necessary to "protect the

14  interests of the class."  15 U.S.C. § 77z-l(a)(3)(B)(iii)(II)(aa) and§ 78u-l(a)(3)(B)(iii)(II)(aa).  The

15  YieldPlus Investor Group has selected Hagens Berman to serve as Lead Counsel for the Class.  This

16  firm has not only prosecuted complex securities fraud actions, but has successfully prosecuted many

17  other types of complex cases.  Kathrein Decl., Ex. D (firm resume).  This Court may be assured that

18  in the event that this motion is granted, the members of the Class will receive the highest caliber of

19  legal representation.

20  //

21  //

22  //

23  //

24  //

25  //

26

27  _____

6       The PSLRA clearly envisions a two-part test of a presumption of adequacy and a mechanism
for rebutting the presumption. 15 U.S.C. § 77z-1(a)(3)(B)(iii)(I) and (II) and § 78u-1(a)(3)(B)(iii)(I)
28  and (II).  The Yieldplus Investor Group meets the presumption of adequacy.

1

## V.    CONCLUSION

2          For all of the foregoing reasons, the YieldPlus Investor Group respectfully requests that this

3    Court: (1) consolidate these related cases; (2) appoint the YieldPlus Investor Group to serve as Lead

4    Plaintiff in this action; (3) approve the YieldPlus Investor Group's selection of Lead Counsel for the

5    Class; and (4) grant such other and further relief as the Court may deem just and proper.

6

7    Dated: May 16, 2008                          HAGENS BERMAN SOBOL SHAPIRO LLP

8                                                 By:  _____/s/ Reed R. Kathrein_____

9                                                      REED R. KATHREIN

10                                                Peter E. Borkon
                                                  715 Hearst Avenue, Suite 202
11                                                Berkeley, CA 94710
                                                  Telephone: (510) 725-3000
12                                                Facsimile: (510) 725-3001
                                                  reed@hbsslaw.com
13                                                peterb@hbsslaw.com

14
                                                  Steve Berman
15                                                Sean R. Matt
                                                  Erin K. Flory
16                                                HAGENS BERMAN SOBOL SHAPIRO, LLP
                                                  1301 Fifth Avenue, Suite 2900
17                                                Seattle, WA 98101
                                                  Telephone: (206) 623-7292
18                                                Facsimile: (206) 623-0594
                                                  steve@hbsslaw.com
19                                                sean@hbsslaw.com
                                                  erin@hbsslaw.com
20

21                                                Attorneys for Proposed Lead Plaintiff the YieldPlus
                                                  Investor Group
22

23

24

25

26

27

28

1

**CERTIFICATE OF SERVICE**

2          I hereby certify that on May 16, 2008 I electronically filed the foregoing with the Clerk of the

3   Court using the CM/ECF system which will send notification of such filing to the e-mail addresses

4   registered, as denoted on the attached Electronic Mail Notice List, and I hereby certify that I have

5   mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF

6   participants indicated on the attached Manual Notice List.

7

8                                              _____/s/ Reed R. Kathrein_____
                                                            REED R. KATHREIN
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# Mailing Information for a Case 3:08-cv-01510-WHA

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Peter E. Borkon**
  peterb@hbsslaw.com

- **Reed R. Kathrein**
  reed@hbsslaw.com,nancyq@hbsslaw.com,sf_filings@hbsslaw.com

- **Darryl Paul Rains**
  drains@mofo.com,dgillis@mofo.com

## Manual Notice List

The following is the list of attorneys who are **not**
on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use
your mouse to select and copy this list into your word processing program in order to create notices or labels for
these recipients.

- (No manual recipients)