1  COUGHLIN STOIA GELLER
      RUDMAN & ROBBINS LLP
2  AZRA Z. MEHDI (220406)
   100 Pine Street, Suite 2600
3  San Francisco, CA  94111
   Telephone:  415/288-4545
4  415/288-4534 (fax)
   qmehdi@csgrr.com
5        – and –
   SAMUEL H. RUDMAN                          SCHIFFRIN BARROWAY TOPAZ
6  DAVID A. ROSENFELD                          & KESSLER, LLP
   MARK S. REICH                             SEAN M. HANDLER
7  58 South Service Road, Suite 200          STEVEN D. RESNICK
   Melville, NY  11747                       280 King of Prussia Road
8  Telephone:  631/367-7100                  Radnor, PA  19087
   631/367-1173 (fax)                        Telephone:  610/667-7706
9  srudman@csgrr.com                         610/667-7056 (fax)
   drosenfeld@csgrr.com                      shandler@sbtklaw.com
10 mreich@csgrr.com                          sresnick@sbtklaw.com

11 [Proposed] Co-Lead Counsel for Plaintiffs

12 [Additional counsel appear on signature page.]

13              UNITED STATES DISTRICT COURT

14             NORTHERN DISTRICT OF CALIFORNIA

15 MIKE LABINS, On Behalf of Himself and All )   No. 3:08-cv-01510-WHA
   Others Similarly Situated,                )
16                                           )   CLASS ACTION
                             Plaintiff,      )
17                                           )   THE PEATE GROUP'S NOTICE OF
       vs.                                   )   MOTION AND MOTION FOR
18                                           )   APPOINTMENT AS LEAD PLAINTIFF
   THE CHARLES SCHWAB CORPORATION, )             AND FOR APPROVAL OF LEAD
19 et al.,                                   )   PLAINTIFF'S SELECTION OF LEAD
                                             )   COUNSEL; MEMORANDUM OF POINTS
20                           Defendants.     )   AND AUTHORITIES IN SUPPORT
                                             )   THEREOF
21

22

23

24

25

26

27

28

1

**NOTICE OF MOTION AND MOTION**

2

TO:    ALL PARTIES AND THEIR RESPECTIVE COUNSEL OF RECORD

3

PLEASE TAKE NOTICE that on June 26, 2008, at 8:00 a.m., or as soon thereafter as the

4

matter may be heard in Courtroom 9 of the Honorable William H. Alsup, Garfield Peate, Mark

5

Verge and Malkit Singh, Power of Attorney for Jameet K. Singh (collectively, the "Peate Group")

6

will move this Court pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"),

7

15 U.S.C. §77z-1(a)(3)(B), for an Order: (1) appointing the Peate Group as Lead Plaintiff; and (2)

8

approving its selection of Coughlin Stoia Geller Rudman & Robbins LLP ("Coughlin Stoia") and

9

Schiffrin Barroway Topaz & Kessler, LLP ("Schiffrin Barroway") as Lead Counsel. This Motion is

10

made on the grounds that the Peate Group is the "most adequate plaintiff" to serve as Lead Plaintiff.

11

In support of this Motion, the Peate Group submits herewith a Memorandum of Law and Declaration

12

of Azra Z. Mehdi.

13

**MEMORANDUM OF POINTS AND AUTHORITIES**

14

**I.    PRELIMINARY STATEMENT**

15

Presently pending before this Court is a securities class action lawsuit (the "Action")[1]

16

brought on behalf of all those who purchased or otherwise acquired Schwab YieldPlus Funds

17

Investor Shares or Schwab YieldPlus Funds Select Shares (collectively, the "YieldPlus Shares")

18

from The Charles Schwab Corporation ("Charles Schwab" or the "Company") between March 17,

19

2005 and March 28, 2008, inclusive (the "Class Period") and allege violations of Sections 11,

20

12(a)(2) and 15 of the Securities Act of 1933 (the "Securities Act") (15 U.S.C. §§77k, 77l(a)(2) and

21

77o), as amended by the PSLRA.

22

This motion is made on the grounds that the Peate Group is the most adequate plaintiff, as

23

defined by the PSLRA. The Peate Group collectively suffered losses of $376,334.67 in connection

24

with its purchases of Charles Schwab YieldPlus Shares during the Class Period. *See* Mehdi Decl.

25

---

26

[1]    Two additional actions are pending before the Honorable Richard G. Stearns in the District of

27

Massachusetts and another action is pending before the Honorable Barbara S. Jones in the Southern
District of New York.

28

THE PEATE GROUP'S NOTICE OF MOT AND MOT FOR APPT AS LEAD PLTF AND FOR
APPROVAL OF LEAD PLTF'S SELECTION OF LEAD COUNSEL - 3:08-cv-01510-WHA         - 1 -

1    Ex. B.[2]   In addition, the Peate Group, for the purposes of this motion, adequately satisfies the

2    requirements of Rule 23 of the Federal Rules of Civil Procedure in that its claims are typical of the

3    claims of the putative class and that it will fairly and adequately represent the interests of the class.

4    **II.    FACTUAL BACKGROUND[3]**

5        Charles Schwab provides a variety of financial services to individual investors, independent

6    investment managers, retirement plans, and institutions.

7        The complaint charges Charles Schwab and certain of its related subsidiaries, among others,

8    with violations of the Securities Act.  The complaint alleges that defendants solicited investors to

9    purchase shares of the YieldPlus Shares by making statements that described the YieldPlus Shares as

10   a safe alternative to money market funds.  As alleged in the complaint, these statements were

11   materially false and misleading because defendants did not adequately disclose the risks associated

12   with investing in the YieldPlus Shares, including, for example, that the YieldPlus Shares were

13   heavily invested in high-risk mortgage-backed securities.

14   **III.    ARGUMENT**

15       **A.    The Peate Group Should Be Appointed Lead Plaintiff**

16           **1.    The Procedure Required By the PSLRA**

17       The PSLRA has established a procedure that governs the appointment of a Lead Plaintiff in

18   "each private action arising under the [Securities Act] that is brought as a plaintiff class action

19   pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. §77z-1 and (a)(3)(B)(i).

20       First, the plaintiff who files the initial action must publish a notice to the class, within 20

21   days of filing the action, informing class members of their right to file a motion for appointment as

22   Lead Plaintiff. 15 U.S.C. §77z-1(a)(3)(A)(i).  Plaintiff in the action entitled *Mike Labins vs. The*

23   *Charles Schwab Corporation, et al.*, No. 3:08-cv-01510-WHA caused the first notice regarding the

24

---

25   [2]    References to the "Mehdi Decl. Ex. ___" are to the exhibits attached to the accompanying
26   Declaration of Azra Z. Mehdi dated May 19, 2008 and submitted herewith.

27   [3]    These facts are drawn from the allegations in the complaint captioned *R. Daniel Bohl vs. The*
     *Charles Schwab Corporation, et al.*, Civil Action No. 1:08-cv-10593-RGS (D. Mass.).

28

1  pendency of these actions to be published on *PR Newswire*, a national, business-oriented newswire

2  service, on March 18, 2008.  *See* Mehdi Decl. Ex. A.  Within 60 days after publication of the notice,

3  any person or group of persons who are members of the proposed class may apply to the Court to be

4  appointed as Lead Plaintiff, whether or not they have previously filed a complaint in the action. 15

5  U.S.C. §§77z-1(a)(3)(A) and (B).

6      Second, the PSLRA provides that, within 90 days after publication of the notice, the Court

7  shall consider any motion made by a class member and shall appoint as Lead Plaintiff the member or

8  members of the class that the Court determines to be most capable of adequately representing the

9  interests of class members. 15 U.S.C. §77z-1(a)(3)(B).  In determining the "most adequate plaintiff,"

10  the PSLRA provides that:

11      [T]he court shall adopt a presumption that the most adequate plaintiff in any private
        action arising under this Act is the person or group of persons that

12

        (aa) has either filed the complaint or made a motion in response to a notice...

13

        (bb) in the determination of the court, has the largest financial interest in the relief

14      sought by the class; and

15      (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil
        Procedure.

16

17  15 U.S.C. §77z-1(a)(3)(B)(iii).  *See generally Greebel v. FTP Software*, 939 F. Supp. 57, 64 (D.

    Mass. 1996).

18

                    **2.      The Peate Group Satisfies the "Lead Plaintiff" Requirements**

19                  **of the Securities Act**

20                  **a.      The Peate Group Has Complied with the Securities Act**
                    **and Should Be Appointed Lead Plaintiff**

21

22      The time period in which class members may move to be appointed Lead Plaintiff herein

    under 15 U.S.C. §§77z-1(a)(3)(A) and (B) expires on May 19, 2008.  Pursuant to the provisions of

23

    the PSLRA and within the requisite time frame after publication of the required notice (published on

24

    March 18, 2008), the Peate Group timely moves this Court to be appointed Lead Plaintiff on behalf

25

    of all members of the class.

26

        The members of the Peate Group have duly signed and filed certifications stating that they

27

    are willing to serve as representative parties on behalf of the class.  *See* Mehdi Decl. Ex. C.  In

28

1  addition, the Peate Group has selected and retained competent counsel to represent them and the

2  class. *See* Mehdi Decl. Exs. D-E.  Accordingly, the Peate Group has satisfied the individual

3  requirements of 15 U.S.C. §77z-1(a)(3)(B) and is entitled to have its application for appointment as

4  Lead Plaintiff and selection of Lead Counsel, as set forth herein, considered and approved by the

5  Court.

6  ### b.    The Peate Group Has the Requisite Financial Interest in the Relief Sought By the Class

7

8  During the Class Period, as evidenced by, among other things, the accompanying signed

9  certifications, *see* Mehdi Decl. Ex. C., the members of the Peate Group purchased Charles Schwab

10  YieldPlus Shares in reliance upon the materially false and misleading statements issued by the

11  defendants and were injured thereby.  In addition, the Peate Group collectively incurred a substantial

12  $376,334.67 loss on its transactions in Charles Schwab YieldPlus Shares.  The Peate Group thus has

13  a significant financial interest in this case.  Therefore, the Peate Group satisfies all of the PSLRA's

14  prerequisites for appointment as Lead Plaintiff in this Action and should be appointed Lead Plaintiff

15  pursuant to 15 U.S.C. §77z-1(a)(3)(B).

16  ### c.    The Peate Group Otherwise Satisfies Rule 23

17  According to 15 U.S.C. §77z-1(a)(3)(B), in addition to possessing the largest financial

18  interest in the outcome of the litigation, the Lead Plaintiff must also "otherwise satisf[y] the

19  requirements of Rule 23 of the Federal Rules of Civil Procedure."  Rule 23(a) provides that a party

20  may serve as a class representative only if the following four requirements are satisfied: (1) the class

21  is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact

22  common to the class; (3) the claims or defenses of the representative parties are typical of the claims

23  or defenses of the class; and (4) the representative parties will fairly and adequately protect the

24  interests of the class.

25  Of the four prerequisites to class certification, only two -- typicality and adequacy -- directly

26  address the personal characteristics of the class representative.  Consequently, in deciding a motion

27  to serve as Lead Plaintiff, the Court should limit its inquiry to the typicality and adequacy prongs of

28  Rule 23(a), and defer examination of the remaining requirements until the Lead Plaintiff moves for

1   class certification. *Lax v. First Merchants Acceptance Corp.*, No. 97 c 2715 (DHC), 1997 U.S. Dist.

2   LEXIS 11866 at *20, (N.D. Ill. Aug. 6, 1997).  The Peate Group satisfies both the typicality and

3   adequacy requirements of Rule 23, thereby justifying its appointment as Lead Plaintiff.

4           Under Rule 23(a)(3), the claims or defenses of the representative parties must be typical of

5   those of the class.  Typicality exists where the plaintiffs' claims arise from the same series of events

6   and are based on the same legal theories as the claims of all the class members. *See Rossini v. Ogilvy*

7   *& Mather, Inc.*, 798 F.2d 590, 598 (2d Cir. 1986).  Typicality does not require that there be no

8   factual differences between the class representatives and the class members because it is the

9   generalized nature of the claims asserted which determines whether the class representatives are

10  typical. *See Priest v. Zayre Corp.*, 118 F.R.D. 552, 555 (D. Mass. 1988) ("'With respect to typicality

11  under Rule 23(a)(3), plaintiffs need not show substantial identity between their claims and those of

12  absent class members, but need only show that their claims arise from the same course of conduct

13  that gave rise to the claims of the absent [class] members.'") (citations omitted). The requirement

14  that the proposed class representatives' claims be typical of the claims of the class does not mean,

15  however, that the claims must be identical.  *Phillips v. Joint Legislative Comm. on Performance &*

16  *Expenditure Review*, 637 F.2d 1014, 1024 (5th Cir. 1981).

17          The Peate Group satisfies this requirement because, just like all other class members, it: (1)

18  purchased Charles Schwab YieldPlus Shares during the Class Period; (2) purchased Charles Schwab

19  YieldPlus Shares in reliance upon the allegedly materially false and misleading statements issued by

20  defendants; and (3) suffered damages thereby. Thus, the Peate Group's claim is typical of those of

21  other class members since its claim and the claims of other class members arise out of the same

22  course of events.

23          Under Rule 23(a)(4) the representative parties must also "fairly and adequately protect the

24  interests of the class."  The PSLRA directs this Court to limit its inquiry regarding the adequacy of

25  the Peate Group to represent the class to the existence of any conflicts between the interests of the

26  Peate Group and the members of the class.  The standard for adequacy of representation under Rule

27  23(a)(4) is met by: (1) the absence of potential conflict between the named plaintiffs and the class

28  members; and (2) the class representatives' choice of counsel who is qualified, experienced and able

1  to vigorously conduct the proposed litigation. *Modell v. Eliot Sav. Bank*, 139 F.R.D. 17, 23 (D.

2  Mass. 1991) (citing *Andrews v. Bechtel Power Corp.*, 780 F.2d 124, 130 (lst Cir. 1985)).

3      Here, the Peate Group is an adequate representative of the class.  As evidenced by the

4  injuries suffered by the Peate Group, who purchased Charles Schwab YieldPlus Shares at prices

5  allegedly artificially inflated by defendants' materially false and misleading statements, the interest

6  of the Peate Group is clearly aligned with the members of the class, and there is no evidence of any

7  antagonism between the Peate Group's interest and those of the other members of the class.  Further,

8  the members of the Peate Group have taken significant steps which demonstrate that they will

9  protect the interests of the class: they have retained competent and experienced counsel to prosecute

10  these claims.  In addition, as shown below, the Peate Group's proposed Lead Counsel are highly

11  qualified, experienced and able to conduct this complex litigation in a professional manner.  Thus,

12  the Peate Group *prima facie* satisfies the commonality, typicality and adequacy requirements of Rule

13  23 for the purposes of this motion.

14      **B.      The Court Should Approve the Peate Group's Choice of Counsel**

15      Pursuant to 15 U.S.C. §77z-1(a)(3)(B)(v), the proposed lead plaintiff shall, subject to Court

16  approval, select and retain counsel to represent the class it seeks to represent.  In that regard, the

17  Peate Group has selected the law firms of Coughlin Stoia and Schiffrin Barroway as Lead Counsel,

18  firms which have substantial experience in the prosecution of shareholder and securities class

19  actions.  *See* Mehdi Decl. Exs. D-E.  Accordingly, the Court should approve the Peate Group's

20  selection of counsel.

21  **IV.     CONCLUSION**

22      For all the foregoing reasons, the Peate Group respectfully requests that the Court: (i) appoint

23  the Peate Group as Lead Plaintiff in the Action; (iii) approve its selection of Lead Counsel as set

24  forth herein; and (iv) grant such other relief as the court may deem just and proper.

25

26

27

28

1  DATED:  May 19, 2008                         COUGHLIN STOIA GELLER
                                                  RUDMAN & ROBBINS LLP
2                                               AZRA Z. MEHDI

3

4                                                    /s/ *Azra Z. Mehdi*
                                                   AZRA Z. MEHDI

5
                                                100 Pine Street, Suite 2600
6                                               San Francisco, CA  94111
                                                Telephone:  415/288-4545
7                                               415/288-4534 (fax)

8                                               COUGHLIN STOIA GELLER
                                                  RUDMAN & ROBBINS LLP
9                                               SAMUEL H. RUDMAN
                                                DAVID A. ROSENFELD
10                                              MARK S. REICH
                                                MARIO ALBA JR.
11                                              58 South Service Road, Suite 200
                                                Melville, NY  11747
12                                              Telephone:  631/367-7100
                                                631/367-1173 (fax)
13
                                                SCHIFFRIN BARROWAY TOPAZ
14                                                & KESSLER, LLP
                                                SEAN M. HANDLER
15                                              STEVEN D. RESNICK
                                                280 King of Prussia Road
16                                              Radnor, PA  19087
                                                Telephone:  610/667-7706
17                                              610/667-7056 (fax)

18                                              [Proposed] Co-Lead Counsel for Plaintiffs

19                                              DYER & BERENS LLP
                                                JEFFREY A. BERENS
20                                              682 Grant Street
                                                Denver, CO  80203-3507
21                                              Telephone:  303/861-1764
                                                303/395-0393 (fax)
22
                                                Additional Counsel for Plaintiffs
23

24

25

26

27

28

THE PEATE GROUP'S NOTICE OF MOT AND MOT FOR APPT AS LEAD PLTF AND FOR
APPROVAL OF LEAD PLTF'S SELECTION OF LEAD COUNSEL - 3:08-cv-01510-WHA          - 7 -

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on May 19, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I have mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I further certify that I caused this document to be forwarded to the following designated Internet site at:  http://securities.csgrr.com/.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on May 19, 2008.


s/ Azra z. Mehdi
AZRA Z. MEHDI


COUGHLIN STOIA GELLER
  RUDMAN & ROBBINS LLP
100 Pine Street, 26th Floor
San Francisco, CA  94111
Telephone:  415/288-4545
415/288-4534 (fax)

E-mail:  azram@csgrr.com

# Mailing Information for a Case 3:08-cv-01510-WHA

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Peter E. Borkon**
  peterb@hbsslaw.com

- **Timothy J. Burke**
  service@ssbla.com

- **Reed R. Kathrein**
  reed@hbsslaw.com,nancyq@hbsslaw.com,sf_filings@hbsslaw.com

- **Alan R Plutzik**
  aplutzik@bramsonplutzik.com

- **Darryl Paul Rains**
  drains@mofo.com,dgillis@mofo.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)

CHARLES SCHWAB YIELDPLUS (CA)

Service List - 5/19/2008    (08-0087C)

Page 1 of  2

## Counsel For Defendant(s)

Craig D. Martin
Stuart C. Plunkett
Kevin A. Calia
Morrison & Foerster LLP
425 Market Street
San Francisco, CA  94105-2482
  415/268-7000
  415/268-7522 (Fax)

Darryl P. Rains
Thomas R. Plummer
Morrison & Foerster LLP
755 Page Mill Road
Palo Alto, CA  94304
  650/813-5600
  650/494-0792 (Fax)

## Counsel For Plaintiff(s)

Blair A. Nicholas
Bernstein Litowitz Berger & Grossmann LLP
12481 High Bluff Dr., Suite 300
San Diego, CA  92130
  858/793-0070
  858/793-0323 (Fax)

Dave  Gaba
Compass Law Group PLLC
1200 Fifth Avenue, Suite 1900
Seattle, WA  98101
  206/467-7026

Samuel H. Rudman
David A. Rosenfeld
Mark S. Reich
Coughlin Stoia Geller Rudman & Robbins LLP
58 South Service Road, Suite 200
Melville, NY  11747
  631/367-7100
  631/367-1173 (Fax)

Azra Z. Mehdi
Coughlin Stoia Geller Rudman & Robbins LLP
100 Pine Street, Suite 2600
San Francisco, CA  94111-5238
  415/288-4545
  415/288-4534 (Fax)

Jeffrey A. Berens
Dyer & Berens LLP
682 Grant Street
Denver, CO  80203-1764
  303/861-1764
  303/395-0393 (Fax)

Vahn  Alexander
Faruqi & Faruqi, LLP
1901 Avenue of the Stars, 2nd Floor
Los Angeles, CA  90067
  310/461-1426
  310/461-1427 (Fax)

CHARLES SCHWAB YIELDPLUS (CA)

Service List - 5/19/2008    (08-0087C)

Page 2 of  2

Nadeem  Faruqi
Antonio  Vozzolo
Faruqi & Faruqi, LLP
369 Lexington Avenue, 10th Floor
New York, NY  10017-6531
  212/983-9330
  212/983-9331 (Fax)

Reed R. Kathrein
Peter E. Borkon
Hagens Berman Sobol Shapiro LLP
715 Hearst Avenue, Suite 202
Berkeley, CA  94710
  510/725-3000
  510/725-3001 (Fax)

Sean M. Handler
Steven D. Resnick
Schiffrin Barroway Topaz & Kessler, LLP
280 King of Prussia Road
Radnor, PA  19087
  610/667-7706
  610/667-7056 (Fax)

Marc M. Seltzer
Susman Godfrey L.L.P.
1901 Avenue of the Stars, Suite 950
Los Angeles, CA  90067
  310/789-3100
  310/789-3150 (Fax)

Steve W. Berman
Sean R. Matt
Hagens Berman Sobol Shapiro LLP
1301 Fifth Avenue, Suite 2900
Seattle, WA  98101
  206/623-7292
  206/623-0594 (Fax)

Adam P. Schiffer
Schiffer Odom Hicks PLLC
3200 Southwest Freeway, Suite 2390
Houston, TX  77027
  713/357-5150
  713/357-5160 (Fax)

Harry P. Susman
Susman Godfrey L.L.P.
1000 Louisiana Street, Suite 5100
Houston, TX  77002-5096
  713/651-9366
  713/654-6666 (Fax)

Robert W. Mills
The Mills Law Firm
145 Marina Blvd.
San Rafael, CA  94901
  415/455-1326
  415/455-1327 (Fax)

1 | COUGHLIN STOIA GELLER
      RUDMAN & ROBBINS LLP
2 | AZRA Z. MEHDI (220406)
   | 100 Pine Street, Suite 2600
3 | San Francisco, CA  94111
   | Telephone:  415/288-4545
4 | 415/288-4534 (fax)
   | qmehdi@csgrr.com
5 |        – and –
   | SAMUEL H. RUDMAN                    SCHIFFRIN BARROWAY TOPAZ
6 | DAVID A. ROSENFELD                     & KESSLER, LLP
   | MARK S. REICH                         SEAN M. HANDLER
7 | MARIO ALBA JR.                        STEVEN D. RESNICK
   | 58 South Service Road, Suite 200     280 King of Prussia Road
8 | Melville, NY  11747                   Radnor, PA  19087
   | Telephone:  631/367-7100             Telephone:  610/667-7706
9 | 631/367-1173 (fax)                    610/667-7056 (fax)
   | srudman@csgrr.com                    shandler@sbtklaw.com
10 | drosenfeld@csgrr.com                 sresnick@sbtklaw.com
   | mreich@csgrr.com
11 | malba@csgrr.com

12 | [Proposed] Co-Lead Counsel for Plaintiffs

13 | [Additional counsel appear on signature page.]

14 |              UNITED STATES DISTRICT COURT

15 |             NORTHERN DISTRICT OF CALIFORNIA

16 | MIKE LABINS, On Behalf of Himself and All )   No. 3:08-cv-01510-WHA
   | Others Similarly Situated,                 )
17 |                                            )   CLASS ACTION
   |                          Plaintiff,        )
18 |                                            )   [PROPOSED] ORDER APPOINTING LEAD
   |     vs.                                    )   PLAINTIFF AND APPROVING
19 |                                            )   SELECTION OF LEAD COUNSEL
   | THE CHARLES SCHWAB CORPORATION, )
20 | et al.,                                    )
   |                                            )
21 |                          Defendants.       )
   | _____ )

22

23

24

25

26

27

28

1    Having considered the motion of Garfield Peate, Mark Verge and Malkit Singh, Power of

2  Attorney for Jameet K. Singh (collectively, the "Peate Group") for Appointment as Lead Plaintiff

3  and Approval of Selection of Lead Counsel and the Memorandum of Law and Declaration of Azra

4  Z. Mehdi, in support thereof, and good cause appearing therefore:

5        1.    The Peate Group is hereby appointed Lead Plaintiff for the Class pursuant to Section

6  27 of the Securities Act of 1933; and

7        2.    The law firms of Coughlin Stoia Geller Rudman & Robbins LLP and Schiffrin

8  Barroway Topaz & Kessler, LLP are hereby appointed Lead Counsel.

9

10  IT IS SO ORDERED.

11

12

   DATED: _____        _____
13                                              THE HONORABLE WILLIAM H. ALSUP
                                                UNITED STATES DISTRICT JUDGE
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28