Vahn Alexander (167373)
FARUQI & FARUQI, LLP
1901 Avenue of the Stars, Second Floor
Los Angeles, CA 90067
Tel: (310) 461-1426
Fax: (310) 461-1427
valexander@faruqilaw.com

Nadeem Faruqi
Antonio Vozzolo
FARUQI & FARUQI, LLP
369 Lexington Avenue, Tenth Floor
New York, NY 10017
Tel: (212) 983-9330
Fax: (212) 983-9331
nfaruqi@faruqilaw.com
avozzolo@faruqilaw.com

*[Proposed] Lead Counsel for Plaintiffs
Nils and Jill Flanzraich*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIKE LABINS, On Behalf of Himself and all Others Similarly Situated,<br><br>    Plaintiff,<br><br>v.<br><br>THE CHARLES SCHWAB CORPORATION, CHARLES SCHWAB & CO. INC., CHARLES SCHWAB INVESTMENT MANAGEMENT, INC., CHARLES R. SCHWAB EVELYN DILSAVER, RANDALL W. MERK and GEORGE PEREIRA,<br><br>    Defendants. | No. 08-cv-01510-WHA<br><br>CLASS ACTION<br><br>**NILS AND JILL FLANZRAICH'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR CONSOLIDATION OF ALL RELATED CASES, APPOINTMENT AS LEAD PLAINTIFFS AND FOR APPROVAL OF THEIR SELECTION OF LEAD COUNSEL**<br><br>Related Cases:<br><br>*Flanzraich*, CV-08-01994 WHA<br>*Hageman*, CV-08-01733 WHA<br>*Glasgow*, CV-08-01936 WHA<br>*Pai*, CV-08-02058 WHA<br><br>DATE:  June 26, 2008<br>TIME:   8:00 a.m.<br>COURTROOM:  9 |

[ADDITIONAL CAPTIONS FOLLOW]

---

**MPA IN SUPPORT OF MOT. FOR CONSOLIDATION, APPT. OF LEAD PLS.
AND APPROVAL OF LEAD COUNSEL**

| | | |
|---|---|---|
| 1 | GERRY HAGEMAN, on Behalf of Himself and all Others Similarly Situated, | No. 08-cv-01733 WHA |
| 2 | | |
| 3 | Plaintiff, | |
| 4 | v. | |
| 5 | THE CHARLES SCHWAB CORPORATION, CHARLES SCHWAB & CO. INC., CHARLES SCHWAB INVESTMENT MANAGEMENT, INC., CHARLES R. SCHWAB, EVELYN DILSAVER, RANDALL W. MERK and GEORGE PEREIRA, | |
| 8 | Defendants. | |
| 9 | W. MERRIL GLASGOW, on Behalf of Himself and All Others Similarly Situated, | No. 08-cv-01936 WHA |
| 11 | Plaintiff, | |
| 12 | v. | |
| 13 | THE CHARLES SCHWAB CORPORATION, CHARLES SCHWAB & CO. INC., CHARLES SCHWAB INVESTMENT MANAGEMENT, INC., CHARLES R. SCHWAB, EVELYN DILSAVER, RANDALL W. MERK and GEORGE PEREIRA, | |
| 16 | Defendants. | |
| 18 | NILS FLANZRAICH and JILL FLANZRAICH on behalf of themselves and all others similarly situated, | No. 08-cv-01994 WHA |
| 20 | Plaintiff, | |
| 21 | v. | |
| 22 | THE CHARLES SCHWAB CORPORATION, CHARLES SCHWAB & CO., INC., CHARLES SCHWAB INVESTMENT MANAGEMENT, INC., CHARLES R. SCHWAB, SCHWAB INVESTMENTS, SCHWAB YIELDPLUS FUND SELECT SHARES, EVELYN DILSAVER, RANDALL W. MERK and GEORGE PEREIRA, | |
| 26 | Defendants | |
| 27 | [ADDITIONAL CAPTIONS FOLLOW] | |

**MPA IN SUPPORT OF MOT. FOR CONSOLIDATION, APPT. OF LEAD PLS. AND APPROVAL OF LEAD COUNSEL**

| | |
|---|---|
| VINAYAK R. PAI DEFINED BENEFITS PENSION PLAN, on Behalf of Itself and all Others Similarly Situated, | ) No. 08-cv-02058 WHA<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | )<br>) |
| THE CHARLES SCHWAB CORPORATION, CHARLES SCHWAB & CO. INC., CHARLES SCHWAB INVESTMENT MANAGEMENT, INC., SCHWAB INVESTMENTS, CHARLES R. SCHWAB, EVELYN DILSAVER, RANDALL W. MERK, GREGORY HAND, GEORGE PEREIRA, DONALD F. DOWARD, MARIANN BYERWALTER, WILLIAM A. HASLER, ROBERT G. HOLMES, GERALD B. SMITH DONALD R. STEPHENS, MICHAEL W. WILSEY and JEFF LYONS, | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| Defendants. | )<br>) |

# MEMORANDUM OF POINTS AND AUTHORITIES

Nils and Jill Flanzraich ("Plaintiffs" or "Movants") respectfully submit their memorandum of points and authorities in support of their motion for "Consolidation of all Related Cases, Appointment as Lead Plaintiffs and for Approval of their Selection of Lead Counsel" (the "Motion").

## I. PRELIMINARY STATEMENT

Plaintiffs hereby move to consolidate various related securities class actions[1] filed against defendants, to be appointed lead plaintiffs pursuant to the Securities Act of 1933 (the "Securities Act"), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), and for approval of their selection of Faruqi & Faruqi, LLP ("Faruqi") as lead counsel.[2] *See* 15 U.S.C. §77z-1(a)(3)(B).

Plaintiffs make this Motion on the grounds that consolidation is appropriate under Rule 42 of the *Federal Rules of Civil Procedure*. Further, Movants file this Motion on the grounds that they are the most "adequate plaintiffs" as defined in the PSLRA because: (1) Movants have the largest financial interest in the relief sought by the proposed class and have incurred substantial losses as a result of their purchase of Schwab YieldPlus Fund Select Shares during the period March 17, 2005

---

[1] In addition to *Flanzraich v. The Charles Schwab Corp., et al.*, Case No. 08-cv-01994-WHA, which was filed by Movants in this Court, the related securities class actions include: *Labins v. The Charles Schwab Corp., et al.*, Case No. 08-cv-01510-WHA (N.D. Cal.) (filed March 18, 2008); *Hageman v. The Charles Schwab Corp., et al.*, Case No. 08-cv-01733-WHA (N.D. Cal.) (filed March 31, 2008); *Glasgow v. The Charles Schwab Corp., et al.*, Case No. 08-cv-01936-WHA (N.D. Cal.) (filed April 11, 2008); and *Vinayak R. Pai Defined Pension Benefits Plan v. The Charles Schwab Corp., et al.*, Case No. 08-cv-02058-WHA (N.D. Cal.) (filed April 21, 2008) (collectively referred to as the "Related Actions"). Additionally, two similar actions have been filed in the District of Massachusetts - *Bohl v. The Charles Schwab Corp., et al.*, Case No. 08-cv-10593-RGS (D. Mass.) (filed April 8, 2008) and *Coleman v. The Charles Schwab Corp., et al.*, Case No. 08-cv-10626-RGS (D. Mass.) (filed April 11, 2008) - and one other action has been filed in the Southern District of New York, *Tully v. The Charles Schwab Corp. et al.*, Case No. 08-cv-03652 (S.D.N.Y) (filed April 16, 2008) ("*Tully*"). On May 13, 2008, defendants in *Tully* filed a motion in the Southern District of New York for transfer of the *Tully* action to the Northern District of California pursuant to 28 U.S.C. §1404(a).

[2] Movants move together as a group. Alternatively, each agrees to have the Court consider their losses individually and appoint a single individual from amongst the two of them.

through March 17, 2008;[3] and (2) Movants satisfy the typicality and adequacy requirements of Rule 23 of the *Federal Rules of Civil Procedure*.

Movants understand their duties and responsibilities to the proposed class, and are willing and able to oversee the vigorous prosecution of this action. As described in the certifications attached to the Declaration of Vahn Alexander filed herewith, Movants suffered losses of $29,248.18 as a result of their purchases of Schwab YieldPlus Fund Select Shares during the Class Period. *See* Alexander Decl., *Exhibit A*. To the best of their knowledge, Movants have sustained the largest loss of any investor seeking to be appointed lead plaintiff.

In addition to evidencing the largest financial interest in the outcome of this litigation, Movants' certifications demonstrate their intent to serve as lead plaintiff in this litigation, including their cognizance of the duties of serving in that role.[4] Moreover, Movants satisfy both the applicable requirements of the PSLRA and Rule 23 of the *Federal Rules of Civil Procedure* and are presumptively the "most adequate plaintiffs."

Plaintiffs further request that the Court approve the selection of their counsel as lead counsel for the proposed class. Faruqi is a nationally recognized law firm with significant class action, fraud and complex litigation experience, and is a firm with the resources to effectively and properly pursue this action. *See* Alexander Decl., *Exhibit C*.

For all of the foregoing reasons, Movants respectfully request that this Court: (1) consolidate all related actions; (2) appoint Movants to serve as lead plaintiffs in this consolidated action; (3) approve Movants' selection of Faruqi as lead counsel for the proposed class; and (4) grant such other and further relief as the Court may deem just and proper.

---

[3] The class proposed in the first notice disseminated referred to all those who purchased Schwab YieldPlus Fund Investor Shares (Ticker Symbol: SWYSX) *or* Schwab YieldPlus Fund Select Shares (Ticker Symbol: SWYPX) from Charles Schwab Corporation from March 17, 2005 to March 18, 2008 (the "Class Period"). *See Exhibit B* attached to the Declaration of Vahn Alexander filed herewith in support of the Motion ("Alexander Decl.").

[4] The relevant federal securities laws specifically authorize any class member seeking to be appointed lead plaintiff to either file a complaint of move for appointment as lead Plaintiff. *See* 15 U.S.C. §77z-1(a)(3)(B)(iii). A copy of Movants' certifications of their transactions is attached as *Exhibit A* to the Alexander Declaration.

## II. PROCEDURAL BACKGROUND

The first lawsuit, *Labins v. The Charles Schwab Corporation, et al.*, Case No. 08-cv-01510-WHA (N.D. Cal.) was filed on March 18, 2008 in the Northern District of California. Pursuant to 15 U.S.C. §77z-1(a)(3)(A)(i), on March 19, 2008, the plaintiff in the first filed action published notice, on *PRNewswire*, that a securities class action had been initiated against defendants. The March 19, 2008 notice advised members of the proposed class of their right to move the Court to serve as lead plaintiff within 60 days of the notice's publication. *See* Alexander Decl., *Exhibit B*. Movants are members of the proposed class (*see* Alexander Decl., *Exhibit A*) who have timely filed this Motion.

## III. STATEMENT OF FACTS

Defendants are each charged with including or allowing the inclusion of materially false and misleading statements in the registration statements and prospectuses for shares of Schwab YieldPlus Fund Investor Shares or Schwab YieldPlus Fund Select Shares (collectively, the "Fund") after March 17, 2005, in violation of the Securities Act. Defendants are charged with omitting material facts from offering materials that defendants were duty-bound either to include or that were necessary to render other statements in the offering materials materially accurate, truthful and complete, including: (1) that the Fund lacked true diversification of its assets; (2) that the Fund's over-concentration in mortgage-backed and related securities exposed it to severe problems stemming from mortgages sold to subprime borrowers; (3) that the offering materials inaccurately described the Fund's risk profile as "offer[ing] lower risk than longer-term bond funds and only marginally higher risk than money market funds," a description which remains on the Fund's website today; (4) that the securities in which the Fund invested subjected it to the high vulnerability of sudden illiquidity; and (5) that as a result of that illiquidity, the Fund's net asset values ("NAVs") were materially and artificially inflated.

In July 2007, defendants began lowering the value of the share price for the Fund. The NAV of the shares have plummeted to as low as $7.95 per share on March 17, 2008, or a loss of over 18% since June 2007 and almost 11% for the year. By comparison, the average loss for this category of investment has been 1.12%.

## IV. ARGUMENT

### A. THE COURT SHOULD CONSOLIDATE ALL RELATED ACTIONS

Consolidation of actions is appropriate where the actions involve common questions of law and fact. Rule 42 of the *Federal Rules of Civil Procedure*[5] and the PSLRA provide for consolidation of related actions brought under the federal securities laws. Section 27(a)(3)(B)(ii) of the Securities Act addresses the issue of consolidation of related securities actions:

> If more than one action on behalf of a class asserting substantially the same claim or claims arising under this title has been filed, and any party has sought to consolidate those actions for pretrial purposes or for trial, the Court shall not make the determination [of appointment of lead plaintiffs] until after the decision on the motion to consolidate is rendered.

The Related Actions are well suited for consolidation. *See Yousefi v. Lockheed Martin Corp.*, 70 F. Supp. 2d 1061, 1064 (C.D. Cal. 1999). The Related Actions contain similar allegations charging defendants with making false and misleading statements, and omitting material information concerning the Fund during an identical time period. The Related Actions allege substantially the same defendants and involve common legal issues and assert claims under §§11 and 15 of the Securities Act.[6] Accordingly, this Court should consolidate the Related Actions.

### B. MOVANTS SHOULD BE APPOINTED LEAD PLAINTIFFS

#### 1. The PSLRA's Procedural Requirements

The PSLRA sets forth a detailed procedure for the selection of a lead plaintiff to oversee securities class actions. *See* 15 U.S.C. §77z-1(a)(3). First, the plaintiff who files the initial action must, within 20 days of filing the action, publish a notice to the proposed class informing class members of their right to file a motion for appointment as lead plaintiff. *See* 15 U.S.C. §77z-

---

[5] Rule 42(a) of the *Federal Rules of Civil Procedure* states in pertinent part: "When actions involving a common question of law or fact are pending before the Court…it may order all the actions consolidated[.]"

[6] This assessment is based upon a review of all of the similar complaints currently available on PACER.

1(a)(3)(A)(i). Plaintiff in the first-filed action published a notice on *PRNewswire* on March 19, 2008. *See* Alexander Decl., *Exhibit B*.[7]

Next, according to the PSLRA, within 90 days after publication of the initial notice of pendency of the action, the Court shall appoint as lead plaintiff the movant or movants that the Court determines to be most capable of adequately representing the interests of class members. 15 U.S.C. §77z-1(a)(3)(B)(i). In determining who is the "most adequate plaintiff," the PSLRA provides that:

> [T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under this title is the person or group of persons that –
>
> (aa) has either filed the complaint or made a motion in response to a notice…
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

*See* 15 U.S.C. §77z-1(a)(3)(B)(iii).

### 2. Movants Are "The Most Adequate Plaintiffs"

#### (a) Movants Have Complied With the PLSRA and Should Be Appointed Lead Plaintiffs

Plaintiffs move this Court to be appointed lead plaintiff and have timely filed the instant motion within the 60-day time period requirement. The plaintiff in the first-filed action published notice on *PRNewswire*, a national business-oriented wire service, on March 19, 2008. Accordingly, Movants meet the requirement of 15 U.S.C. § 77z-1(a)(3)(B)(iii)(I)(aa) by timely filing their motion on May 19, 2008.

Moreover, Movants have sustained a substantial loss from their investment in the Fund and have shown their willingness to represent the proposed class by signing certifications detailing their transaction information. *See* Alexander Decl., *Exhibit A*. In addition, Movants have selected and

---

[7] The notice incorrectly indicated that applications for appointment as lead plaintiff were to be made no later than May 16, 2008. The notice should have properly indicated that applications for appointment as lead plaintiff were to be made no later than May 19, 2008, the correct date, because within 60 days after publication of the required notice, any member or members of the proposed class may apply to the Court to be appointed as lead plaintiff, whether or not they have previously filed a complaint in this action. 15 U.S.C. §77z-1(a)(3)(A).

retained highly competent counsel with significant experience in class action and securities litigation to represent the proposed class. The firm biography of Faruqi, proposed lead counsel, is attached as *Exhibit C* to the Alexander Decl. filed herewith.

### (b) Movants Have the Largest Financial Interest

According to 15 U.S.C. §77z-1(a)(3)(B)(iii), the Court shall appoint as lead plaintiff the movant or movants who have the largest financial interest in the relief sought by the action. "So long as the plaintiff with the largest losses satisfies the typicality and adequacy requirements, he is entitled to lead plaintiff status . . ." *Ferrari v. Gisch*, 225 F.R.D. 599, 602 (C.D. Cal. 2004) (citing *In re Cavanaugh*, 306 F.3d 726, 732 (9th Cir. 2002)). As demonstrated herein, Movants (with losses of $29,248.18) have the largest financial interest in the relief sought by the proposed class. *See* Alexander Decl., *Exhibit A*.

### (c) Movants Satisfy the Requirements of Rule 23

According to 15 U.S.C. §77z-1(a)(3)(B), in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

*See* Fed. R. Civ. P. 23(a).

Of the four prerequisites to class certification, only two – typicality and adequacy – directly address the personal characteristics of the class representative. *See Siegall v. Tibco Software, Inc.*, No. 05-2146, 2006 U.S. Dist. LEXIS 26780, at *14-15 (N.D. Cal. Feb. 24, 2006) ("In the context of determining the appropriate lead plaintiff under the PSLRA, the requirements of 'typicality' and 'adequacy of representation' are key factors."). Consequently, in deciding a motion to serve as lead plaintiff, the Court should limit its inquiry to the typicality and adequacy prongs of Rule 23(a) and defer examination of the remaining requirements until the lead plaintiff moves for class certification. *See Schriver v. Impac. Mortg. Holdings, Inc.*, No. 06-31, 2006 U.S. Dist. LEXIS 40607, at *16 (C.D.

Cal. May 1, 2006) ("At the lead plaintiff appointment stage, the Rule 23 inquiry is not as searching as it would be on a motion for class certification; the prospective lead plaintiff need only make a prima facie showing that it meets the typicality and adequacy factors."). Here, Movants satisfy both the typicality and adequacy requirements of Rule 23, thereby justifying their appointment as lead plaintiffs.

### (i) Movants' Claims Are Typical of the Claims of All Class Members

Under Rule 23(a)(3), typicality exists where "the claims…of the representative parties" are "typical of the claims…of the class." The typicality requirement of Rule 23(a)(3) is satisfied when the representative plaintiff's claims arise from the same event or course of conduct that gives rise to claims of other class members, and when the claims are based on the same legal theory. *See Crossen v. CV Therapeutics*, No. 03-03709, 2005 U.S. Dist. LEXIS 41396, at *13 (N.D. Cal. Aug. 9, 2005). The requirement that the proposed class representatives' claims be typical of the claims of the class does not mean, however, that the claims must be identical. *See Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1020 (9th Cir. 1998).

In this case, Movants are typical because their claims are identical, non-competing and non-conflicting with the claims of the other class members. Movants and all of the class members purchased their Fund shares pursuant to offering materials and during the Class Period. Thus, Movants and class members suffered damages as a result of these purchases. Simply put, Movants, like all other class members: (1) purchased Fund shares during the Class Period; (2) purchased Fund shares at artificially-inflated prices as a result of defendants' misrepresentations and omissions; and (3) suffered damages thereby. Movants' claims and injuries "arise from the same event or course of conduct that gives rise to the claims of other class members." *Crossen*, 2005 U.S. Dist. LEXIS 41396, at *13-14. Movants are not subject to any unique or special defenses. Thus, Movants meet the typicality requirement of Rule 23 because their claims are the same as the claims of the other class members.

        **(ii)    Movants Will Adequately Represent the Class**

Under Rule 23(a)(4), the representative party must "fairly and adequately protect the interests of the class." The PSLRA directs the Court to limit its inquiry regarding the adequacy of a lead plaintiff movant to: (1) whether there are any conflicts between the interests of the movant and the members of the class; (2) whether the movant is an adequate representative of the class; (3) whether the interests of the movant are clearly aligned with the interests of the members of the putative class; and (4) whether there is evidence of any antagonism between their respective interests. *See Miller v. Ventro Corp.*, No. 01-01287, 2001 U.S. Dist. LEXIS 26027, at *44 (N.D. Cal. Nov. 28, 2001) (citing *Takeda v. Turbodyne Techs.*, 67 F. Supp. 2d 1129, 1132 (C.D. Cal. 1999)).

Movants' interests are clearly aligned with the members of the class because their claims are identical to the claims of the class. There is no evidence of antagonism between their interests and those of the proposed class members. Furthermore, Movants have a significant, compelling interest in prosecuting this action to a successful conclusion based upon the large financial loss they incurred as a result of the wrongful conduct alleged herein. This motivation, combined with Plaintiffs identical interest with the members of the class, clearly shows that Movants will adequately and vigorously pursue the interest of the class. In addition, Movants have selected as proposed lead counsel a law firm that is experienced in successfully prosecuting securities class action to represent them.

As a result of Movants' common interests with the proposed class members, their clear motivation and ability to vigorously pursue this action, and their competent counsel, the adequacy requirement of Rule 23(a) is met in this case. Therefore, since Movants not only meet both the typicality and adequacy requirements of Rule 23(a), and have sustained the largest amount of losses at the hands of defendants, they are, in accordance with 15 U.S.C. §77z-1(a)(3)(B)(iii)(I), presumptively the most adequate plaintiffs to lead this action.

**C.    THE COURT SHOULD APPROVE MOVANTS' CHOICE OF LEAD COUNSEL**

The PSLRA vests authority in the lead plaintiff to select and retain counsel to represent the class, subject to the Court's approval. *See* 15 U.S.C. §77z-1(a)(3)(B)(v). Thus, this Court should

not disturb the lead plaintiffs' choice of counsel unless necessary to "protect the interests of the class." 15 U.S.C. §77z-1(a)(3)(B)(iii)(II)(aa).

Movants have selected Faruqi to serve as lead counsel for the class. This firm has not only successfully prosecuted complex securities fraud actions, but has also successfully prosecuted many other types of complex class actions. *See* Alexander Decl., *Exhibit C*. Furthermore, Movants' counsel has continually invested time and resources in carefully investigating and prosecuting this case. This Court may be assured that in the event this Motion is granted, the members of the proposed class will receive the highest caliber of legal representation.

## V.  CONCLUSION

For the foregoing reasons, Movants respectfully request that this Court: (1) consolidate the Related Actions; (2) appoint Nils and Jill Flanzraich to serve as lead plaintiffs in the consolidated action; (3) approve Movants' selection of lead counsel, Faruqi & Faruqi, LLP, for the proposed class; and (4) grant such other and further relief as the Court may deem just and proper.

Dated: May 19, 2008         Respectfully submitted,

FARUQI & FARUQI, LLP

By: s/Vahn Alexander
    Vahn Alexander
    1901 Avenue of the Stars, Second Floor
    Los Angeles, CA 90067
    Tel: (310) 461-1426
    Fax: (310) 461-1427
    valexander@faruqilaw.com

Nadeem Faruqi
Antonio Vozzolo
FARUQI & FARUQI, LLP
369 Lexington Avenue, Tenth Floor
New York, NY 10017
Tel: (212) 983-9330
Fax: (212) 983-9331
nfaruqi@faruqilaw.com
avozzolo@faruqilaw.com

*[Proposed] Lead Counsel for Plaintiffs*
*Nils and Jill Flanzraich*

## CERTIFICATE OF SERVICE

I hereby certify that on May 19, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses registered, as denoted on the attached Electronic Mail Notice List, and I hereby certify that I have mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed this 19th day of May 2008, at Los Angeles, California.

                                                  s/Vahn Alexander
                                                  Vahn Alexander

# Mailing Information for a Case 3:08-cv-01510-WHA

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Peter E. Borkon**
  peterb@hbsslaw.com

- **Timothy J. Burke**
  service@ssbla.com

- **Reed R. Kathrein**
  reed@hbsslaw.com,nancyq@hbsslaw.com,sf_filings@hbsslaw.com

- **Alan R Plutzik**
  aplutzik@bramsonplutzik.com

- **Darryl Paul Rains**
  drains@mofo.com,dgillis@mofo.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)