1  Vahn Alexander (167373)
   FARUQI & FARUQI, LLP
2  1901 Avenue of the Stars, Second Floor
   Los Angeles, CA 90067
3  Tel: (310) 461-1426
   Fax: (310) 461-1427
4  valexander@faruqilaw.com

5  Nadeem Faruqi
   Antonio Vozzolo
6  FARUQI & FARUQI, LLP
   369 Lexington Avenue, Tenth Floor
7  New York, NY 10017
   Tel: (212) 983-9330
8  Fax: (212) 983-9331
   nfaruqi@faruqilaw.com
9  avozzolo@faruqilaw.com

10 *[Proposed] Lead Counsel for Plaintiffs*
   *Nils and Jill Flanzraich*

11

12              **UNITED STATES DISTRICT COURT**

13            **NORTHERN DISTRICT OF CALIFORNIA**

14
   MIKE LABINS, On Behalf of Himself and all      )  No. 08-cv-01510-WHA
15 Others Similarly Situated,                     )
                                                  )  CLASS ACTION
16                    Plaintiff,                  )
                                                  )  **DECLARATION OF VAHN**
17      v.                                        )  **ALEXANDER IN SUPPORT OF**
                                                  )  **MOTION OF NILS AND JILL**
18 THE CHARLES SCHWAB CORPORATION,                )  **FLANZRAICH FOR CONSOLIDATION**
   CHARLES SCHWAB & CO. INC., CHARLES             )  **OF ALL RELATED CASES,**
19 SCHWAB INVESTMENT MANAGEMENT,                  )  **APPOINTMENT AS LEAD PLAINTIFFS**
   INC., CHARLES R. SCHWAB EVELYN                 )  **AND FOR APPROVAL OF THEIR**
20 DILSAVER, RANDALL W. MERK and                  )  **SELECTION OF LEAD COUNSEL**
   GEORGE PEREIRA,                                )
21                                                )  Related Cases:
                      Defendants.                 )
22                                                )  *Flanzraich*, CV-08-01994 WHA
                                                  )  *Hageman,* CV-08-01733 WHA
23                                                )  *Glasgow,* CV-08-01936 WHA
                                                  )  *Pai*, CV-08-02058 WHA
24                                                )
                                                  )  DATE:          June 26, 2008
25                                                )  TIME:          8:00 a.m.
                                                  )  COURTROOM:       9
26                                                )
                                                  )
27 _____
   [ADDITIONAL CAPTIONS FOLLOW]
28

─────────────────────────────────────────────────────────
         DECLARATION OF VAHN ALEXANDER IN SUPPORT OF MOTION FOR CONSOLIDATION,
           APPOINTMENT OF LEAD PLAINTIFFS AND APPROVAL OF LEAD COUNSEL



1  GERRY HAGEMAN, on Behalf of Himself and ) No. 08-cv-01733 WHA
   all Others Similarly Situated,                )
2                                                )
                      Plaintiff,                 )
3                                                )
             v.                                  )
4                                                )
   THE CHARLES SCHWAB CORPORATION,               )
5  CHARLES SCHWAB & CO. INC., CHARLES            )
   SCHWAB INVESTMENT MANAGEMENT,                 )
6  INC., CHARLES R. SCHWAB, EVELYN               )
   DILSAVER, RANDALL W. MERK and                 )
7  GEORGE PEREIRA,                               )
                                                 )
8                     Defendants.                )
                                                 )
9  _____      )
   W. MERRIL GLASGOW, on Behalf of Himself) No. 08-cv-01936 WHA
10 and All Others Similarly Situated,            )
                                                 )
11                    Plaintiff,                 )
                                                 )
12           v.                                  )
                                                 )
13 THE CHARLES SCHWAB CORPORATION,               )
   CHARLES SCHWAB & CO. INC., CHARLES            )
14 SCHWAB INVESTMENT MANAGEMENT,                 )
   INC., CHARLES R. SCHWAB, EVELYN               )
15 DILSAVER, RANDALL W. MERK and                 )
   GEORGE PEREIRA,                               )
16                                               )
                      Defendants.                )
17 _____      )
                                                 )
18 NILS FLANZRAICH and JILL FLANZRAICH ) No. 08-cv-01994 WHA
   on behalf of themselves and all others similarly )
19 situated,                                     )
                                                 )
20                    Plaintiff,                 )
                                                 )
21           v.                                  )
                                                 )
22 THE CHARLES SCHWAB CORPORATION,               )
   CHARLES SCHWAB & CO., INC.,                   )
23 CHARLES SCHWAB INVESTMENT                     )
   MANAGEMENT, INC., CHARLES R.                  )
24 SCHWAB, SCHWAB INVESTMENTS,                   )
   SCHWAB YIELDPLUS FUND SELECT                  )
25 SHARES, EVELYN DILSAVER, RANDALL              )
   W. MERK and GEORGE PEREIRA,                   )
26                                               )
                      Defendants                 )
27 _____      )
   [ADDITIONAL CAPTIONS FOLLOW]
28

   ━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━
   DECLARATION OF VAHN ALEXANDER IN SUPPORT OF MOTION FOR CONSOLIDATION,
   APPOINTMENT OF LEAD PLAINTIFFS AND APPROVAL OF LEAD COUNSEL

1    VINAYAK R. PAI DEFINED BENEFITS        )    No. 08-cv-02058 WHA
     PENSION PLAN, on Behalf of Itself and all   )
2    Others Similarly Situated,                  )
                                                 )
3                          Plaintiff,            )
                                                 )
4          v.                                    )
                                                 )
5    THE CHARLES SCHWAB CORPORATION,         )
     CHARLES SCHWAB & CO. INC., CHARLES      )
6    SCHWAB INVESTMENT MANAGEMENT,           )
     INC., SCHWAB INVESTMENTS, CHARLES       )
7    R. SCHWAB, EVELYN DILSAVER,             )
     RANDALL W. MERK, GREGORY HAND,          )
8    GEORGE PEREIRA, DONALD F. DOWARD,       )
     MARIANN BYERWALTER, WILLIAM A.          )
9    HASLER, ROBERT G. HOLMES, GERALD        )
     B. SMITH DONALD R. STEPHENS,            )
10   MICHAEL W. WILSEY and JEFF LYONS,       )
                                                 )
11                         Defendants.           )
     _____)

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DECLARATION OF VAHN ALEXANDER IN SUPPORT OF MOTION FOR CONSOLIDATION,
APPOINTMENT OF LEAD PLAINTIFFS AND APPROVAL OF LEAD COUNSEL

1      I, Vahn Alexander, hereby declare as follows:

2      1.      I am an attorney duly licensed to practice law in the State of California. I am a

3  partner with the law firm of Faruqi & Faruqi, LLP, counsel of record for plaintiffs in *Flanzraich v.*

4  *The Charles Schwab Corp., et al.,* Case No. 08-01994-WHA. I have personal knowledge of the

5  matters stated herein and, if called upon, I could and would competently testify thereto.

6      2.      Nils and Jill Flanzraich ("Movants") seek appointment as lead plaintiffs pursuant to

7  §27(a)(3) of the Securities Act of 1933.

8      3.      I submit this declaration, together with the attached exhibits, in support of Movants'

9  motion for "Consolidation of all Related Cases, Appointment as Lead Plaintiffs and for Approval of

10  Their Selection of Lead Counsel."

11      4.      Attached hereto as *Exhibit A* are true and correct copies of the sworn shareholder

12  certifications of plaintiffs Nils and Jill Flanzraich, as well as a table reflecting the calculated losses

13  incurred by Movants as a result of their transactions in Schwab YieldPlus Fund Select Shares.

14      5.      Attached hereto as *Exhibit B* is a true and correct copy of the press release published

15  on March 19, 2008, on *PRNewswire*, a well-known national business-oriented publication,

16  announcing the pendency of the first-filed related lawsuit commenced against defendants.

17      6.      Attached hereto as *Exhibit C* is a true and correct copy of the firm resume of Faruqi &

18  Faruqi, LLP.

19      I declare under penalty of perjury under the laws of the state of California that the foregoing

20  facts are true and correct. Executed this 19th day of May 2008, at Los Angeles, California.

21

22

23                                         Vahn Alexander

24

25

26

27

28

1

## CERTIFICATE OF SERVICE

2  I hereby certify that on May 19, 2008, I electronically filed the foregoing with the Clerk

3  of the Court using the CM/ECF system which will send notification of such filing to the e-mail

4  addresses registered, as denoted on the attached Electronic Mail Notice List, and I hereby certify

5  that I have mailed the foregoing document or paper via the United States Postal Service to the

6  non-CM/ECF participants indicated on the attached Manual Notice List.

7

8  I declare under penalty of perjury under the laws of the United States of America that the

9  foregoing is true and correct.  Executed this 19th day of May 2008, at Los Angeles, California.

10
s/Vahn Alexander
Vahn Alexander

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# Mailing Information for a Case 3:08-cv-01510-WHA

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Peter E. Borkon**
  peterb@hbsslaw.com

- **Timothy J. Burke**
  service@ssbla.com

- **Reed R. Kathrein**
  reed@hbsslaw.com,nancyq@hbsslaw.com,sf_filings@hbsslaw.com

- **Alan R Plutzik**
  aplutzik@bramsonplutzik.com

- **Darryl Paul Rains**
  drains@mofo.com,dgillis@mofo.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)

Exhibit A

## CORRECTED PLAINTIFF CERTIFICATION
## PURSUANT TO 15 U.S.C. § 77z-1[1]

1.    I, Nils Flanzraich, hereby certify that I have reviewed a draft complaint against The Charles Schwab Corporation ("Schwab Corp.") and others.  I authorize the filing of a complaint substantially similar to the one I reviewed on my behalf and on behalf of a class of persons similarly situated.

2.    I select Faruqi & Faruqi, LLP and any firm with which it affiliates for the purpose of prosecuting this action as my counsel for purposes of prosecuting my claim against Schwab Corp. and others.

3.    I did not purchase any security or securities that is or are the subject of this action at the direction of my counsel or to participate in any private action arising under the federal securities laws.

4.    Should the Court appoint me, I am willing to serve as a class representative on behalf of the class, including guiding my attorneys in the prosecution of this action, overseeing the litigation, including any discussions of settlement, providing answers to discovery requests at the direction of my counsel, and providing deposition testimony and testimony at trial, if necessary.

5.    To the best of my knowledge, the following represents all of my transactions in securities of Schwab YieldPlus Fund Select Shares (if the space provided is inadequate, complete transaction history on another sheet):

---

[1] The Private Securities Litigation Reform Act of 1995, codified at 15 U.S.C. §77z-1(a)(2)(A), requires, in relevant part, the following:

In general, each plaintiff seeking to serve as a representative party on behalf of a class shall provide a sworn certification, which shall be personally signed by such plaintiff and filed with the complaint, that--
(i) states that the plaintiff has reviewed the complaint and authorized its filing;
(ii) states that the plaintiff did not purchase the security that is the subject of the complaint at the direction of plaintiff's counsel or in order to participate in any private action arising under this *title [15 USCS § § 77a* et seq.];
(iii) states that the plaintiff is willing to serve as a representative party on behalf of a class, including providing testimony at deposition and trial, if necessary;
(iv) sets forth all of the transactions of the plaintiff in the security that is the subject of the complaint during the class period specified in the complaint;
(v) identifies any other action under this *title [15 USCS § § 77a* et seq.], filed during the 3-year period preceding the date on which the certification is signed by the plaintiff, in which the plaintiff has sought to serve, or served, as a representative party on behalf of a class; and
(vi) states that the plaintiff will not accept any payment for serving as a representative party on behalf of a class beyond the plaintiff's pro rata share of any recovery, except as ordered or approved by the court in accordance with paragraph (4).

| SECURITY PURCHASED/SOLD | DATE OF TRANSACTION | NUMBER OF UNITS PURCHASED/SOLD | PRICE PAID/RECEIVED PER UNIT |
|---|---|---|---|
| Buy | 7/25/2007 | 41,595.93 | $9.65 |
| Buy | 7/25/2007 | 14,451.22 | $9.65 |
| Buy | 7/26/2007 | 9.14 | $9.64 |
| Buy | 7/31/2007 | 12.96 | $9.62 |
| Buy | 7/31/2007 | 37.27 | $9.62 |
| Buy | 8/31/2007 | 76.09 | $9.41 |
| Buy | 8/31/2007 | 218.87 | $9.41 |
| Sell | 9/13/2007 | 3,000.00 | $9.40 |
| Buy | 9/28/2007 | 53.56 | $9.44 |
| Buy | 9/28/2007 | 177.01 | $9.44 |
| Buy | 10/31/2007 | 54.87 | $9.42 |
| Buy | 10/31/2007 | 198.75 | $9.42 |
| Sell | 11/1/2007 | 24,390.00 | $9.42 |
| Buy | 11/30/2007 | 58.58 | $9.17 |
| Buy | 11/30/2007 | 93.47 | $9.17 |
| Sell | 12/20/2007 | 17,931.30 | $9.09 |
| Sell | 12/20/2007 | 11,716.41 | $9.09 |

6.     During the three years prior to the date of this certification, I have not sought to serve as representative of any class, except as specified below.

| CASE CAPTION | COURT | DATE FILED | CURRENTLY PENDING? (Y/N) |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

7.      I understand that I am only entitled to my *pro rata* share of any recovery for the class, except as approved by the Court.  I shall not seek nor will I accept any payment beyond that approved by the Court in return for my service as class representative.

8.      I declare, under penalty of perjury under the laws of the United States of America, that the foregoing information is correct to the best of my knowledge.

Signed this ⎵ day of ___May___, 2008, at ___Henderson, NV___.

_____

Nils Flanzraich

3

## CORRECTED PLAINTIFF CERTIFICATION
## PURSUANT TO 15 U.S.C. § 77z-1[1]

1.    I, Jill Flanzraich, hereby certify that I have reviewed a draft complaint against The Charles Schwab Corporation ("Schwab Corp.") and others. I authorize the filing of a complaint substantially similar to the one I reviewed on my behalf and on behalf of a class of persons similarly situated.

2.    I select Faruqi & Faruqi, LLP and any firm with which it affiliates for the purpose of prosecuting this action as my counsel for purposes of prosecuting my claim against Schwab Corp. and others.

3.    I did not purchase any security or securities that is or are the subject of this action at the direction of my counsel or to participate in any private action arising under the federal securities laws.

4.    Should the Court appoint me, I am willing to serve as a class representative on behalf of the class, including guiding my attorneys in the prosecution of this action, overseeing the litigation, including any discussions of settlement, providing answers to discovery requests at the direction of my counsel, and providing deposition testimony and testimony at trial, if necessary.

5.    To the best of my knowledge, the following represents all of my transactions in securities of Schwab YieldPlus Fund Select Shares (if the space provided is inadequate, complete transaction history on another sheet):

---

[1] The Private Securities Litigation Reform Act of 1995, codified at 15 U.S.C. §77z-1(a)(2)(A), requires, in relevant part, the following:

   In general. Each plaintiff seeking to serve as a representative party on behalf of a class shall provide a sworn certification, which shall be personally signed by such plaintiff and filed with the complaint, that--
      (i) states that the plaintiff has reviewed the complaint and authorized its filing;
      (ii) states that the plaintiff did not purchase the security that is the subject of the complaint at the direction of plaintiff's counsel or in order to participate in any private action arising under this *title [15 USCS § § 77a* et seq.];
      (iii) states that the plaintiff is willing to serve as a representative party on behalf of a class, including providing testimony at deposition and trial, if necessary;
      (iv) sets forth all of the transactions of the plaintiff in the security that is the subject of the complaint during the class period specified in the complaint;
      (v) identifies any other action under this *title [15 USCS § § 77a* et seq.], filed during the 3-year period preceding the date on which the certification is signed by the plaintiff, in which the plaintiff has sought to serve, or served, as a representative party on behalf of a class; and
      (vi) states that the plaintiff will not accept any payment for serving as a representative party on behalf of a class beyond the plaintiff's pro rata share of any recovery, except as ordered or approved by the court in accordance with paragraph (4).

| SECURITY PURCHASED/SOLD | DATE OF TRANSACTION | NUMBER OF UNITS PURCHASED/SOLD | PRICE PAID/RECEIVED PER UNIT |
|---|---|---|---|
| Buy | 7/25/2007 | 14,345.94 | $9.65 |
| Buy | 7/31/2007 | 12.86 | $9.62 |
| Buy | 8/31/2007 | 75.49 | $9.41 |
| Sell | 9/5/2007 | 3,600.00 | $9.43 |
| Sell | 9/20/2007 | 1,100.00 | $9.42 |
| Buy | 9/28/2007 | 45.24 | $9.44 |
| Buy | 10/31/2007 | 46.25 | $9.42 |
| Buy | 11/30/2007 | 49.37 | $9.17 |
| Sell | 12/20/2007 | 9,875.14 | $9.09 |

6.    During the three years prior to the date of this certification, I have not sought to serve as representative of any class, except as specified below.

| CASE CAPTION | COURT | DATE FILED | CURRENTLY PENDING? (Y/N) |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

7.    I understand that I am only entitled to my *pro rata* share of any recovery for the class, except as approved by the Court. I shall not seek nor will I accept any payment beyond that approved by the Court in return for my service as class representative.

8.    I declare, under penalty of perjury under the laws of the United States of America, that the foregoing information is correct to the best of my knowledge.

Signed this 14 day of *May*, 2008, at *Henderson, NV*.

Jill Flanzraich

2

Movants Register and Transaction Report
Class Period: March 17, 2005 - March 17, 2008

### Nils Flanzraich

| Proposed Lead Plaintiff | Date of Purchase | Number of Shares | Price Per Share | Cost Per Transaction | Date of Sale | Number of Shares Sold | Price of Sale | Gross Receipts | Gains (Losses) |
|---|---|---|---|---|---|---|---|---|---|
| | 7/25/2007 | 41,595.93 | $9.65 | $ 401,400.72 | | | | | |
| | 7/25/2007 | 14,451.22 | $9.65 | 139,454.27 | | | | | |
| | 7/26/2007 | 9.14 | $9.64 | 88.11 | | | | | |
| | 7/31/2007 | 37.27 | $9.62 | 358.56 | | | | | |
| | 7/31/2007 | 12.96 | $9.62 | 124.64 | | | | | |
| | 8/31/2007 | 76.09 | $9.41 | 715.98 | | | | | |
| | 8/31/2007 | 218.87 | $9.41 | 2,059.60 | | | | | |
| | 9/28/2007 | 53.56 | $9.44 | 505.63 | | | | | |
| | 9/28/2007 | 177.01 | $9.44 | 1,670.99 | | | | | |
| | 10/30/2007 | 198.75 | $9.42 | 1,872.21 | 9/13/2007 | 3,000.00 | $9.40 | $ 28,200.00 | |
| | 10/31/2007 | 54.87 | $9.42 | 516.86 | 11/1/2007 | 24,390.00 | $9.42 | 229,753.80 | |
| | 11/30/2007 | 58.58 | $9.17 | 537.18 | 12/20/2007 | 17,931.30 | $9.09 | 162,995.52 | |
| | 11/30/2007 | 93.47 | $9.17 | 857.13 | 12/20/2007 | 11,716.41 | $9.09 | 106,502.17 | |
| TOTALS | | 57,038 | | $ 550,161.88 | | 57,038 | | $ 527,451.48 | $ (22,710.40) |

### Jill Flanzraich

| Proposed Lead Plaintiff | Date of Purchase | Number of Shares | Price Per Share | Cost Per Transaction | Date of Sale | Number of Shares Sold | Price of Sale | Gross Receipts | Gains (Losses) |
|---|---|---|---|---|---|---|---|---|---|
| | 7/25/2007 | 14,345.94 | $9.65 | $ 138,438.32 | | | | | |
| | 7/31/2007 | 12.86 | $9.62 | 123.67 | | | | | |
| | 8/31/2007 | 75.49 | $9.41 | 710.33 | | | | | |
| | 9/28/2007 | 45.24 | $9.44 | 427.09 | 9/5/2007 | 3,600.00 | $9.42 | $ 33,912.00 | |
| | 10/31/2007 | 46.25 | $9.42 | 435.64 | 9/20/2007 | 1,100.00 | $9.43 | 10,373.00 | |
| | 11/30/2007 | 49.37 | $9.17 | 452.74 | 12/20/2007 | 9,875.14 | $9.09 | 89,765.02 | |
| TOTALS | | 14,575 | | $ 140,587.80 | | 14,575 | | $ 134,050.02 | $ (6,537.78) |

| TOTAL | | 14,575 | | | | 14,575 | | | $ (29,248.18) |

# Exhibit B

75 of 101 DOCUMENTS

Copyright 2008 PR Newswire Association LLC.
All Rights Reserved.
PR Newswire

March 19, 2008 Wednesday 3:12 AM GMT

**LENGTH:** 679 words

**HEADLINE:** Hagens Berman Sobol Shapiro Files Proposed **Class-Action** Lawsuit On Behalf of Investors in the **Schwab** YieldPlus Funds

**DATELINE:** SEATTLE March 18

**BODY:**

SEATTLE, March 18 /PRNewswire/ -- Hagens Berman Sobol Shapiro LLP ("Hagens Berman") ( http://www.hbsslaw.com/schw ) today announced it filed a proposed **class-action** lawsuit in the United States District Court for the Northern District of California on behalf of those who purchased **Schwab** YieldPlus Funds Investor Shares(NASDAQ:SWYSX)or **Schwab** YieldPlus Funds Select Shares(NASDAQ:SWYPX)from Charles **Schwab** Corporation ("Charles **Schwab**" or the "Company")(NASDAQ:SCHW)from March 17, 2005 to March 18, 2008 (the "Class Period").

If you wish to serve as lead plaintiff, you must move the Court no later than May 16, 2008. If you wish to consider joining this action as lead plaintiff, discuss this action or have any questions concerning this notice or your rights or interests, please contact plaintiff's counsel, Reed Kathrein of Hagens Berman at 510/725-3000 or via e-mail info@hbsslaw.com . You can view a copy of the complaint as filed or join this **class action** online at http://www.hbsslaw.com/schw . Any member of the purported class may move the Court to serve as lead plaintiff through counsel of their choice, or may choose to do nothing and remain an absent class member. Although your ability to share in any recovery is not affected by the decision whether or not to seek appointment as a lead plaintiff, lead plaintiffs make important decisions which could affect the overall recovery for class members, including decisions concerning settlement. The securities laws require the Court to consider the class member(s) with the largest financial interest as presumptively the most adequate lead plaintiff(s).

The complaint claims Charles **Schwab** Corporation headquartered in San Francisco, CA, the funds' underwriter, investment advisers and officers and directors issued untrue statements regarding the lack of diversification of these funds and the extent of investments assigned to sub-prime mortgage backed and related securities. The complaint alleges the funds registration statements and prospectuses contained untrue statements of material facts, and omitted important information regarding the funds' investments, ultimately misleading investors.

On Nov. 15, 2004, the Company began offering the **Schwab** YieldPlus investment funds through a registration statement and prospectus. The YieldPlus funds are advertised by the defendants as 'a safe alternative to money market funds that preserve principal while being designed with your income needs in mind'. Throughout the Class Period the Company claimed the funds were investments in a large, well-diversified portfolio, a seasoned team of taxable bond portfolio managers actively managed the funds, and that investment in **Schwab** YieldPlus would return higher yields on cash with only marginally higher risk, a smart alternative. Since July of 2007, the share price for the funds began lowering, for a total loss of 18 percent. Today the funds stand at an all-time low of $7.96, down more than 11 percent from Jan. 1, 2008.

Hagens Berman Sobol Shapiro Files Proposed Class-Action Lawsuit On Behalf of Investors in the Schwab YieldPlus Funds PR Newswire March 19, 2008 Wednesday 3:12 AM GMT

The lawsuit claims the funds are not well diversified, instead concentrated in a single risky industry with more than 50 percent of the funds assets invested in the mortgage industry. The lawsuit seeks remedies under the 1933 Act on behalf of all fund purchasers during the Class Period.

Hagens Berman Sobol Shapiro, a law firm with offices in Seattle, San Francisco, Los Angeles, Boston, Chicago and Phoenix, is active in major litigations pending in federal and state courts throughout the United States and has taken a leading role in many important actions on behalf of defrauded investors, consumers, and companies, as well as victims of human rights violations. The Hagens Berman Web site ( http://www.hbsslaw.com/ ) has more information about the firm.

```
Contact:  Hagens Berman Sobol Shapiro LLP
          Reed R. Kathrein
          510/725-3000
```

```
info@hbsslaw.com
```

```
http://www.hbsslaw.com
/
```

CONTACT: Reed R. Kathrein of Hagens Berman Sobol Shapiro LLP, +1-510-725-3000, info@hbsslaw.com

Web site:  http://www.hbsslaw.com/

SOURCE Hagens Berman Sobol Shapiro LLP

**URL:** http://www.prnewswire.com

**LOAD-DATE:** March 19, 2008

Exhibit C



# FARUQI & FARUQI, LLP

## *FIRM RESUME*

**_Faruqi & Faruqi, LLP_** concentrates in corporate, consumer and securities litigation. The firm maintains its main office in New York, New York, with offices in California, Florida and Pennsylvania.

Faruqi & Faruqi, LLP has an impressive track record with an experienced group of lawyers, and has been appointed sole lead or co-lead counsel in numerous class and derivative actions. For example, Faruqi & Faruqi, LLP was sole lead counsel in *Brickell Partners v. Emerging Comm'ns, Inc.*, C. A. No. 16415 (Del. Ch. 1998). The case was litigated for over four years through trial, at which a verdict was returned in favor of plaintiff and the class in June, 2004. The *Brickell Partners* case established new law and new standards for determining the fiduciary duties of corporate directors especially directors that have specialized backgrounds (such as, accountants, lawyers, financial experts, etc.).

## *SIGNIFICANT ACHIEVEMENTS*

Faruqi & Faruqi, LLP has obtained significant recoveries for class members as either sole lead counsel or co-lead counsel in the following representative actions:

- *In re Olsten Corp. Secs. Litig.*, C.A. No. 97-CV-5056 (E.D.N.Y.) (recovered $25 million dollars for class members);

- *Dennis v. Pronet, Inc.*, C.A. No. 96-06509 (Tex. Dist. Ct.) (recovered over $15 million dollars on behalf of shareholders);

- *In re Howmet Int'l S'holder Litig.*, Consolidated C.A. No. 17575 (Del. Ch. 1999) (successfully obtained an increased benefit to class members of $61.5 million dollars);

- *In re Sodexho Marriott S'holders Litig.*, Consolidated C.A. No. 18640 (Del. Ch. 1999) (obtained an increased benefit to class members of $165 million dollars);

- *In re Azurix Corp.*, Consolidated C.A. No. 18463 (Del. Ch. 1999) (obtained an increased benefit to class members of $54 million dollars);

- *In re Fox Entm't Group, Inc.*, *S'holders Litig.*, C.A. No. 1033-N (Del. Ch 2005) (increased merger consideration for public shareholders in "going private" by $450 million dollars);

- *In re Hartford Life, Inc. S'holders Litig.*, Consolidated C.A. No. 17951-NC (Del. Ch. 2000) (obtained an increased benefit to class members of $169 million dollars);

- *Zeid v. Open Env't Corp.*, C.A. No. 96 CV 12466-EFH (D. Mass. 1996) ($9 million dollars recovered on behalf of securities class);

- *In re Avatex Corp. S'holders Litig.*, C.A. No. 16334-NC (Del. Ch. 1999) (established certain new standards for preferred shareholders rights);

- *In re PurchasePro, Inc., Secs. Litig.*, Master File No. CV-S-01-0483 (D. Nev. 2001) ($24.2 million dollars recovery on behalf of the class in securities fraud action);

- *In re Think New Ideas, Inc. Secs. Litig.*, Master File No. 98 Civ. 6809 (S.D.N.Y. 1998) (significant monetary recovery on behalf of the class);

- *In re Mitcham Indus, Inc. Secs. Litig.*, Master File No. H-98-1244 (S.D. Tex. 1998) (recovered $3 million dollars on behalf of class members despite the fact that corporate defendant was on the verge of declaring bankruptcy);

- *Ruskin v. TIG Holdings, Inc.*, C.A. No. 98 Civ. 1068 (S.D.N.Y. 1998) (recovered $3 million dollars on behalf of class members);

- *In re Pennaco Energy, Inc. S'holders Litig.*, Consolidated C.A. No. 18606 NC (Del. Ch. 2001) (significant additional disclosures obtained during hard-fought merger litigation);

- *Delre v. Hewlett-Packard Co.*, C.A. No. 3232-02 (N.J. Sup. Ct. 2002) (successfully recovered on behalf of a class of consumers 100% of the loss incurred by class members);

- *Altman v. IQ Software Corp.*, C.A. No. 97-CV-3203 (N.D. Ga. 1997) ($550,000 settlement in a securities fraud litigation);

- *In re TD Waterhouse Group Inc. S'holders Litig.*, Consolidated C.A. No. 19166 NC (Del. Ch. 2001) (obtained an increased price and governance changes);

- *In re AMC Entm't Inc. S'holder Litig.*, Consol. C.A. No. 19880-NC (Del. Ch. 2002) (significant disclosures achieved in merger litigation);

- *In re McAfee.com Corp. S'holders Litig.*, Consolidated C.A. No. 19481 NC (Del. Ch. 2002) (increased price obtained in merger litigation);

- *In re Travelocity.com S'holders Litig.*, Consolidated C.A. No. 19419 NC (Del. Ch. 2002) (significant recovery on behalf of class);

- *In re Coorstek, Inc. S'holders Litig.*, Consolidated C.A. No. 20014-NC (Del. Ch. 2002) (significant recovery on behalf of class); and

- *In re Tenet Healthcare Corp. Derivative Litig.*, Lead Case No. 01098905 (Cal. Sup. Ct. 2002) (achieved a $51.5 million benefit to the corporation in derivative litigation).

### *PENDING MERGER AND DERIVATIVE CASES*

Faruqi & Faruqi, LLP represents clients in the currently pending actions and has been appointed as sole lead or co-lead counsel in many of these merger and derivative actions, including:

- *In re Michaels Stores, Inc. Class and Deriv. Litig.*, No. 03-02641 (Tex. Dist. Ct. 125th Jud. Dist);

- *Rauch v. Mays*, No. 2006-CI-17436 (Tex. Dist. Ct. 225 Jud. Dist.);

- *Gerber v. Freescale Semiconductor, Inc.*, No. D-GN-06-003501 (Tex. Dist. Ct. 98th Jud. Dist.);

- *Golombuski v. EGL, Inc.*, No. 2007-00139 (Tex. Dist. 125th Jud. Dist.);

- *In re Station Casino's S'holder Litig.*, No. A-535395 (Nev. Dist. Ct);

- *Lang v. Reader's Digest Ass'n, Inc.*, No. 06-22856 (N.Y. Sup. Ct.);

- *In re Equity Office Props. Trust Transactional Litig.*, No. 24-C-06-010525 (Md. Cir. Ct.);

- *In re Harrah's S'holder Litig.*, No. 2:06-CV-1356 (Nev. Dist. Ct.);

- *Eisenstein v. Harrah's Entm't*, No. A-531963 (Nev. Dist. Ct.);

- *Chait v. Sabre Holdings Corp.*, No. 067-221619-06 (Tex. Dist. Ct. 67th Jud. Dist.);

- *McMullen v. United Surgical Partners Int'l, Inc.*, No. 07-00156 (Tex. Dist. Ct. 134th Jud. Dist.);

- *In re Direct General Inc., Deriv. Litig.*, No. 3:05-0158 (D. Md.);

- *In re Enron Derivative Litig.*, No. 0110-10742 (Or. Cir. Ct.);

- *Simon et al. v. Bechererl*, ("*JP Morgan Derivative* Litigation"), No. 2002-600480 (N.Y. Sup. Ct.);

- *In re Citizens For Consumers v. Abbott Labs., Inc.*, No. 01-CV-12257 (D. Mass.); and

- *In re Advanced Mktg. Servs., Inc. Derivative Litig.*, No. CIC824845 (Cal. Super. Ct.).

### *PENDING COMSUMER AND ANTITRUST CASES*

Faruqi & Faruqi, LLP has been appointed as sole lead or co-lead counsel in the following

consumer/antitrust class actions that are currently pending:

- *In re Wireless Tel. 911 Calls Litig.,* No. 03-CV-2597 (N.D. Ill.) (alleging industry noncompliance with FCC);

- *In re Wireless Tel. Srvs. Antitrust Litig.*, No. 02 Civ. 2637 (S.D.N.Y.);

- *Wanzo v. Nextel Commc'ns, Inc.*, No. GIC 791626 (Cal. Sup. Ct.) (alleging unfair and deceptive trade practices); and

- *Potter v. Sharper Image Corp.*, No. CGC-03426350 (Cal Sup Ct.) (alleging unfair and deceptive trade practices).

### *THE ATTORNEYS*

These exceptional results obtained in litigation, as well as the cases currently being

prosecuted were handled by the experienced lawyers at the firm, as set forth below:

***Nadeem Faruqi*** is Co-Founder and Managing Partner of the Firm.

Mr. Faruqi oversees all aspects of the firm's practice areas.  Mr. Faruqi has acted as sole

lead or co-lead counsel in many notable class or derivative action cases, such as: *In re Olsten*

*Corp. Secs. Litig.*, C.A. No. 97-CV-5056 (E.D.N.Y.) (recovered $25 million dollars for class

members); *In re PurchasePro, Inc., Secs. Litig.*, Master File No. CV-S-01-0483 (D. Nev. 2001)

($24.2 million dollars recovery on behalf of the class in securities fraud action); *In re Avatex*

*Corp. S'holders Litig.*, C.A. No. 16334-NC (Del. Ch. 1999) (established certain new standards

for preferred shareholders rights); *Dennis v. Pronet, Inc.*, C.A. No. 96-06509 (Tex. Dist. Ct.)

(recovered over $15 million dollars on behalf of shareholders); *In re Tellium, Inc. Secs. Litig.*,

C.A. No. 02-CV-5878 (D.N.J.) (class action settlement of $5.5 million); *In re Tenet Healthcare*

*Corp. Derivative Litig.*, Lead Case No. 01098905 (Cal. Sup. Ct. 2002) (achieved a $51.5 million

benefit to the corporation in derivative litigation).

Upon graduation from law school, Mr. Faruqi was associated with a large corporate legal department in New York. In 1988, he became associated with Kaufman Malchman Kirby & Squire, specializing in shareholder litigation, and in 1992, became a member of that firm. While at Kaufman Malchman Kirby & Squire, Mr. Faruqi served as one of the trial counsel for plaintiff in *Gerber v. Computer Assocs. Int'l, Inc.*, 91-CV-3610 (E.D.N.Y. 1991). Mr. Faruqi actively participated in cases such as: *Colaprico v. Sun Microsystems*, No. C-90-20710 (N.D. Cal. 1993) (recovery in excess of $5 million on behalf of the shareholder class); *In re Jackpot Secs. Enters., Inc. Secs. Litig.*, CV-S-89-805 (D. Nev. 1993) (recovery in excess of $3 million on behalf of the shareholder class); *In re Int'l Tech. Corp. Secs. Litig.*, CV 88-440 (C.D. Cal. 1993) (recovery in excess of $13 million on behalf of the shareholder class); and *In re Triangle Inds., Inc. S'holders Litig.*, C.A. No. 10466 (Del. Ch. 1990) (recovery in excess of $70 million).

Mr. Faruqi earned his Bachelor of Science Degree from McGill University (1981), his Master of Business from York University (1984) and his law degree from New York Law School (1987) where he graduated *cum laude*. Mr. Faruqi was Executive Editor of New York Law School's Journal of International and Comparative Law. He is the author of "Letters of Credit: Doubts As To Their Continued Usefulness," Journal of International and Comparative Law, 1988. He was awarded the Professor Ernst C. Stiefel Award for Excellence in Comparative, Common and Civil Law by New York Law School in 1987.

**_Lubna M. Faruqi_** is Co-Founder of Faruqi & Faruqi, LLP.

Ms. Faruqi is involved in all aspects of the firm's practice. Ms. Faruqi has actively participated in numerous cases in federal and state courts which have resulted in significant recoveries for shareholders.

Ms. Faruqi was involved in litigating the successful recovery of $25 million to class members in *In re Olsten Corp. Secs. Litig.*, C.A. No. 97-CV-5056 (E.D.N.Y.). She helped to

establish certain new standards for preferred shareholders in Delaware in *In re Avatex Corp. S'holders Litig.*, C.A. No. 16334-NC (Del. Ch. 1999). Ms. Faruqi was also lead attorney in *In re Mitcham Indus., Inc. Secs. Litig.*, Master File No. H-98-1244 (S.D. Tex. 1998), where she successfully recovered $3 million on behalf of class members despite the fact that the corporate defendant was on the verge of declaring bankruptcy.

Upon graduation from law school, Ms. Faruqi worked with the Department of Consumer and Corporate Affairs, Bureau of Anti-Trust, the Federal Government of Canada. In 1987, Ms. Faruqi became associated with Kaufman Malchman Kirby & Squire, specializing in shareholder litigation, where she actively participated in cases such as: *In re Triangle Inds., Inc. S'holders Litig.*, C.A. No. 10466 (Del. Ch. 1990) (recovery in excess of $70 million); *Kantor v. Zondervan Corp.*, C.A. No. 88 C5425 (W.D. Mich. 1989) (recovery of $3.75 million on behalf of shareholders); and *In re A.L. Williams Corp. S'holders Litig.*, C.A. No. 10881 (Del. Ch. 1990) (recovery in excess of $11 million on behalf of shareholders).

Ms. Faruqi graduated from McGill University Law School at the age of twenty-one with two law degrees: Bachelor of Civil Law (B.C.L.) (1980) and a Bachelor of Common Law (L.L.B.) (1981).

**_Emily C. Komlossy_**, a partner in Faruqi & Faruqi, LLP's Hollywood, Florida office, has devoted her entire legal career to the practice of complex class action securities fraud and shareholder litigation. With a wealth of experience in this field, Ms. Komlossy has also provided portfolio monitoring services to institutional and hedge fund clients to enable them to identify and determine an appropriate course of action when potential misconduct affects the client's portfolio holdings.

Ms. Komlossy has represented clients in a number of high profile actions. Recently, she successfully represented the Genesee County Employees' Retirement System in a class action

securities fraud case against Transaction System Architects which claims included very complex accounting principles.  This action ultimately resulted in a $24.5 million settlement on behalf of the class.

In addition, a substantial portion of Ms. Komlossy's litigation has been in the shareholder merger litigation area.  She has litigated cases for her shareholder clients against companies such as Daniel Industries, Inc., Pennaco Corp. and AMC Entertainment, Inc.

Ms. Komlossy's skills have been noted favorably by the courts.  In *Yud v. Saf T Lok*, 98 CV 8507 (S.D. Fla.), a case in which she played a major role, Magistrate Judge Linnea R. Johnson noted "the attorneys have done an outstanding amount of work in a short period of time to bring this class action to resolution in a successful fashion."

Ms. Komlossy earned a B.A. from the State University of New York at Oneonta in 1983 and a J.D. from New York Law School in 1989.  She is admitted to practice in New York and Florida and the United States District Courts for the Southern District of New York, Southern District of Florida and Western District of Michigan.

**_Shane T. Rowley_** became a member of Faruqi & Faruqi, LLP in July 2000.

During his tenure at Faruqi & Faruqi, LLP Mr. Rowley has amassed extensive experience in complex litigation.  For example, in *Brickell Partners v. Emerging Comm'ns, Inc.*, C. A. No. 16415 (Del. Ch. 1998), Mr. Rowley, as sole class counsel, was instrumental in establishing new law and new standards for determining the fiduciary duties of corporate directors, especially directors that have specialized backgrounds (such as, accountants, lawyers, financial experts, etc.).  The *Brickell Partners* action was litigated vigorously by Mr. Rowley for over four years, including a six week trial, after which the Court returned a verdict in favor of plaintiff.  The landmark decision is now reported as *In re Emerging Commc'ns, Inc. S'holders Litig.*, No. 16415, 2006 Del. Ch. LEXIS 25 (Del. Ch. Jan. 9, 2006).

Mr. Rowley has recovered hundreds of millions of dollars for shareholders of publicly traded companies. Recently, Mr. Rowley was successful, as co-lead counsel, in *Rice v. Lafarge North America*, No. 268974 (Md. Cir. Ct.), representing the public shareholders of Lafarge North America ("LNA") in challenging the buyout of LNA by its French parent, Lafarge S.A., at the original offer price of $75 per share. Following discovery and extensive injunction motion practice by Mr. Rowley and his co-counsel, the price per share was increased from $75 to $85.50 per share, representing a total benefit to the public shareholders of $388 million.

Also, in *In re Fox Entm't Group, Inc. S'holders Litig.*, No. 1033-N (Del. Ch. 2005), Mr. Rowley, as co-lead counsel, was responsible for creating an increased offer price from the original proposal to shareholders, which represented an increased benefit to Fox Entertainment Group, Inc. shareholders of $450 million.

Mr. Rowley graduated from Trinity College, Dublin, Ireland in 1987 with a Bachelor of Common Law (LL.B.) degree and from the Honorable Society of Kings Inns, Dublin in 1989 with a Barrister at Law (B.L.) degree. Mr. Rowley is a citizen of the United States of America and Ireland and is admitted to practice in both countries. From 1991 to June 2000 Mr. Rowley was associated with the law firm of Wolf Haldenstein Adler Freeman & Herz LLP, where he concentrated in securities class actions and shareholder derivative litigation.

***Jacob A. Goldberg*** became a member of Faruqi & Faruqi, LLP in 2006 and has concentrated his legal career in all facets of complex commercial litigation in the federal and state courts.

Prior to joining the firm as a partner, Mr. Goldberg was a partner at Berger & Montague, P.C. and Schiffrin & Barroway, LLP. In 2004, he formed his own firm where he focused on commercial disputes, including theft of trade secrets, theft of business plan and breaches of

contract while continuing to litigate cases involving violations of fiduciary duties, consumer protection laws, and the federal securities laws.

Among Mr. Goldberg's most notable cases are *In Re New America High Income Fund Secs. Litig.* (D. Mass 1990) (alleged false and misleading prospectus for junk bond fund; $2.5 million settlement); *Rosenthal v. Dean Witter Reynolds, Inc.*, (Colo. Dist. Ct. 18th Jud. Dist. 1991); *In re IKON Office Solutions Secs. Litig.*, No. 98-04286 (E.D. P.A. 1998) (alleged complex accounting fraud involving manipulation of reserves; $111 million settlement); *In re Creditrust Corp. Secs. Litig.* (D. Md. 2000) (alleged complex accounting fraud, relating to predicting financial results for securitized debt and adequately assessing gains on sales); *In re Scholastic, Inc. Secs. Litig.* (S.D. N.Y 1997) (alleged false financial projections and inadequate reserves; $7 million settlement); *Cohen v. Mirage Resorts, Inc.*, 119 Nev. Adv. Op. No. 1 (Feb. 7, 2003) (Nevada Supreme Court reversed dismissal of shareholder action related to fair value of shares in a freeze out merger); *In re QuadraMed, Inc. Secs. Litig.*, No. 02-04770 (N.D. Cal. 2002) (alleged manipulation of revenue and new management and auditor cover-up; $5.25 million settlement); and *Studer v. Heng Fung Holdings* (D. Colo. 2002) (derivative lawsuit, alleging the stripping of company assets to a related entity; approximately $1.75 million settlement).

Mr. Goldberg graduated from Columbia University (B.A. 1988) and Temple University School of Law (J.D., *cum laude*, 1992) and practices from the Philadelphia area. He is admitted before all courts in the Commonwealth of Pennsylvania and to the United States Supreme Court, the United States Courts of Appeal for the Third and Fourth Circuits, and the United States District Courts for the Eastern District of Pennsylvania, Central District of Illinois, and District of Colorado. His admission to the Bar of the State of New York is pending. Mr. Goldberg is a dual citizen of the United States of America and the Republic of Ireland.

**_Kendall S. Zylstra_** joined Faruqi & Faruqi, LLP as a partner at the beginning of 2008, after many years litigating complex commercial and civil litigation in the complex class action arena.

Mr. Zylstra has spent the last several years focusing on antitrust class actions challenging practices such as unfair trade practices, national price-fixing claims, monopolies, and the delayed-generic entry pharmaceutical cases.

Prior to joining the Firm, Mr. Zylstra represented victims of human radiation experiments from the Cold War Era.  He was significantly responsible for litigating two mass actions, which settled for nearly $5 million and played a significant role in winning a reversal of summary judgment in _Bibeau, et al. v. Pacific Northwest Research Foundation, et al.,_ 188 F. 3d 1005 (9th Circ. 1999).

For over five years, Mr. Zylstra was the Head of the Antitrust Department at a notable plaintiff's class action litigation firm, and developed a portfolio of antitrust cases, including gasoline dealer-franchises suing large oil companies for unfair trade practices; representing medical device wholesalers and distributors asserting antitrust claims against monopolists; and representing two internet companies in a litigation asserting vertical price fixing claims against a giant retailer and its co-conspirator manufacturers.

Mr. Zylstra graduated from Calvin College in 1987 with a Bachelor of Arts and from Temple University School of Law (J.D. 1991) where he received the _Temple Law Alumni/ae Award_ for Moot Court Excellence.  Mr. Zylstra was an Assistant District Attorney in Philadelphia, PA between 1991-1996, where he gained extensive trial experience in the prosecution of hundreds of cases primarily involving cases of sexual assault.

**_Vahn Alexander_** joined the firm as a partner in October, 2007.  Mr. Alexander's practice focuses on shareholder litigation and securities class actions in federal and state court.  Mr.

10

Alexander also litigates consumer fraud cases concerning unfair business practices and false and misleading advertising under California law. After graduating law school, Mr. Alexander joined the California office of a New York law firm which concentrated on securities class action litigation. After gaining extensive experience with that firm for over 10 years, Mr. Alexander left to start his own firm in 2004. Mr. Alexander is a member of the State Bar of California and is admitted to practice in the United States District Courts for the Central, Northern, Southern and Eastern Districts of California, as well as the Ninth Circuit Court of Appeals. He is also a member of Consumer Attorneys of California and the American Association for Justice (formerly the Association of Trial Lawyers of America), as well as the American Bar Association and the Los Angeles County Bar Association.

Prior to joining the firm, Mr. Alexander has acted as sole lead or co-lead counsel in numerous cases which include the following: *In re Apria Healthcare Group Sec. Litig.*, Master File No. 797060 (Orange County Super. Ct.) ($42 million settlement obtained for the class); *In re PurchasePro.com, Inc. Sec. Litig.*, Case No. CV-S-01-0483 (D. Nev.) ($24.2 million settlement obtained for the class); *In re Lantronix, Inc. Sec. Litig.*, Case No. CV-02-3899 (C.D. Cal.) ($15.175 million settlement obtained for the class); *In re California Microwave Sec. Litig.*, Master File No. C-95-4009-CW (N.D. Cal.) ($14 million settlement obtained for the class); *In re Cybermedia Sec. Litig.*, Master File No. 98-1811 CBM (Ex) (C.D. Cal.)($10.6 million settlement obtained for the class); *In re Mesa Airlines Sec. Litig.*, Case No. 94-690 JC/WWD (D.N.M.) ($8 million settlement obtained for the class); *In re Brightpoint Sec. Litig.*, Case No. IP 011796 C-T/K (S.D. Ind.) ($5.25 million settlement obtained for the class); *In re Resource America Sec. Litig.*, Master File No. 98-CV-5446 (E.D. Pa.) ($5.425 million settlement obtained for the class); and *In re Sumitomo Bank of California Sec. Litig.*, Master File No. 994002 (S.F. County Super. Ct.) ($4.95 million settlement obtained for the class).

Mr. Alexander graduated from the University of California at Los Angeles (B.A. 1990), with honors, and received his law degree from Loyola Law School, Los Angeles (J.D. 1993), where he was a member of the Scott Moot Court Honor's Board (1993 - Jessup Team).

**_Antonio Vozzolo_** joined Faruqi & Faruqi, LLP in 1999 and became a partner of the firm in January, 2004.

Mr. Vozzolo's practice focuses on representing individuals and institutional investors in complex matters involving federal and state securities laws, and fiduciary duties of corporate officers and directors (or corporate governance matters).

Most recently, Mr. Vozzolo was one of the primary counsel responsible for prosecuting *In re PurchasePro, Inc., Secs. Litig.*, Master File No. CV-S-01-0483 (D. Nev. 2001), a case against the officers and directors of PurchasePro.com as well as AOL Time Warner, Inc., America On-Line, Inc., and Time Warner, Inc., which obtained an excellent result for the class, culminating in a $24.2 million settlement.

Mr. Vozzolo graduated, *cum laude*, from Fairleigh Dickinson University in 1992 with a Bachelor of Science (B.Sc.), where he was on the Dean's List, and with a Masters in Business Administration (M.B.A.) in 1995. He is a graduate of Brooklyn Law School (1998). Mr. Vozzolo served as an intern to the Honorable Ira Gammerman of the New York Supreme Court and the New York Stock Exchange while attending law school.

**_Andras Vamos-Goldman_** joined Faruqi & Faruqi, LLP in February 2003 as the firm's Institutional Counsel.

Mr. Vamos-Goldman has moved with ease between the private and public sectors, gaining considerable experience in many aspects of international law, mergers and acquisitions, as well as hands on experience in working with governments and large institutions. He was a diplomat in the Canadian Foreign Service and served in East Africa (1986-88) and Washington

D.C. (1992-96), where as Chief of Staff to the Ambassador he participated in the management of the one billion dollar per day trade relationship between Canada and USA.  Mr. Vamos-Goldman also served as the Head of the Political Section of the Canadian Mission to the United Nations (1997-1999), the last time Canada was a member of the United Nations Security Council.  From 1996-1997 Mr. Vamos-Goldman was associated with the law firm of Stikeman Elliot in their Central European office in Budapest and worked in connection with the privatization of Central European Industry.  From 2000-2002 Mr. Vamos-Goldman was Canada's legal advisor to the United Nations (2000-2002) where he, *inter alia*, worked to create the International Criminal Court as a member of its Bureau, and was the Chairman of the Management Committee for the Sierra Leone Special Court (a sui generus international entity with a $60 million budget).

Mr. Vamos-Goldman graduated from Dalhousie University (B.A. 1979; L.L.B. 1982) and Georgetown University (L.L.M. *cum laude*, 1995).  Mr. Vamos-Goldman is a member of the Bar of Ontario, Canada, as well as the New York State Bar.

**_Adam Gonnelli_** became associated with Faruqi & Faruqi, LLP, and in January, 2004, became a partner of the firm.

Since joining Faruqi & Faruqi, Mr. Gonnelli has concentrated his practice on transaction litigation and consumer class actions.  Representative cases include: *In re NutraQuest, Inc.*, No. 06-202 (D.N.J.) (consumer fraud case against national diet supplement company); *Wanzo v. Nextel Commc'ns, Inc.*, No. GIC 791626 (Cal. Sup. Ct.) (consumer case challenging change in "nights and weekends" plan); *Garcia v. Lowe's, Cos., Inc.*, No. 841120 (Cal. Super. Ct.) (case to recover overtime pay for delivery drivers); *Rice v. Lafarge North America*, No. 268974 (Md. Cir. Ct.) (merger case resulted in a benefit of $388 million); and *In re Fox Entm't Group, Inc. S'holders Litig.*, No. 1033-N (Del. Ch. 2005) (benefit to shareholders of $450 million).

Mr. Gonnelli has extensive litigation experience.  Prior to joining the firm, he actively participated in such cases as: *Kurzweil v. Philip Morris Cos.*, Nos. 94 CIV 2373, 94 CIV 2546 (S.D.N.Y.) (Section 10(b) action concerning tobacco addictiveness and trade loading practices, resulting in $116 million settlement.); *McNamara v. Bre-X Minerals, Ltd.*, No. 597 CV 159 (E.D. Tex.)  ("Gold fraud of the century." – *Time Magazine*); *Sanders v. Computer Assocs.*, No. 16640-NC (Del. Ch. Ct.) (derivative case resulting in judgment for plaintiff requiring executives to return 9.5 million shares to company); *Romig v. Jefferson-Pilot Life Ins. Co.*, No. 95 Civ. 9703 (N.C. Sup. Ct.) (consumer class action on behalf of purchasers of vanishing premium insurance policies); and *Koppell v. New York State Board of Elections*, No. 98 CIV 4920 (S.D.N.Y.) (constitutional action on behalf of former New York State Attorney General challenging state statute governing order of candidates' names on primary ballot).

Mr. Gonnelli received a B.A. from Rutgers University (Newark) in 1989 and a J.D. from Cornell Law School in 1997.  At Rutgers University, Mr. Gonnelli lettered in football and fencing and served as Student Government President.  Prior to attending law school, Mr. Gonnelli was a Financial Writer at the Federal Reserve Bank of New York, where he wrote educational materials on international trade, monetary policy, and other topics.  While attending Cornell Law School, Mr. Gonnelli served as Editor-in-Chief of the Cornell Journal of Law and Public Policy and was a member of the Atlantic Regional Championship moot court team in the Jessup International Law Moot Court Competition (1997).

***David H. Leventhal*** joined Faruqi & Faruqi, LLP in 2003, and in 2006 became a partner in the firm.

At Faruqi & Faruqi, LLP, Mr. Leventhal concentrates in securities, consumer, and antitrust class actions as well as derivative actions.  Mr. Leventhal recently has actively and successfully reached settlements requiring companies to make significant and meaningful

disclosures to shareholders in connection with going private transactions in actions such as *In re Direct General Corp. Derivative Litig.,* No. 05-0158 (M.D. Tenn.); *In re Vans Derivative Litig.*, No. BC309805 (Cal. Super. Ct.); *Gerber v. Freescale Semiconductor, Inc.*, No. D-GN-06-003501 (Tex. Dist. Ct. 98th Jud. Dist.); *Schuman v. CDW Corp.,* No. 07CH1416 (Ill. Cir. Ct.). Also recently, Mr. Leventhal was responsible for settlements in *Schachter v. Toback*, No. 04 CH 09131 (Ill. Cir. Ct.) (derivative action alleging breach of fiduciary duties by certain officers and directors of the company, settled for modifications to composition of company's management and significant corporate governance reforms); *McCoon v. Wiederhorn*, No. 0407-6900 (Or. Cir. Ct.) (same); *Collet v. Moore*, No. 04CC07844 (Cal. Super. Ct.) (same); and *In re Nutraquest, Inc.*, No. 06-202 (D.N.J.) (alleged misrepresentations made in connection with sale of dietary supplement, settled for $15 million). He is currently actively involved in litigating *In re Digital Music Antitrust Litig.*, MDL No. 1780 (S.D.N.Y.) (case pending against major record companies alleging antitrust violations in connection with the sale of digital music).

Before joining Faruqi & Faruqi, LLP Mr. Leventhal actively participated in such cases as: *In Re Real Estate Assocs. Limited P'ship Litig.*, No. CV-98-7035 (C.D. Cal.) (federal securities class action resulting in $184 million jury verdict); *In re Visa Check/MasterMoney Antitrust Litig.*, No. 96-CV-5238 (E.D.N.Y.) (antitrust class action on behalf of 5 million merchants against Visa and MasterCard resulting in settlement worth in excess of $3 billion); *Romig v. Jefferson-Pilot Life Ins. Co.*, 95 Civ. 9703 (N.C. Sup. Ct.) (consumer class action on behalf of purchasers of vanishing premium insurance policies resulting in $55.3 million settlement); *Kurzweil v. Philip Morris Cos.*, Nos. 94 CIV 2373, 94 CIV 2546 (S.D.N.Y.) (federal securities class action concerning tobacco addictiveness and trade loading practices, resulting in $116 million settlement).

15

Mr. Leventhal graduated from University of Michigan, Ann Arbor (A.B. 1990 with distinction) and from Fordham University School of Law (J.D. 1993). At Fordham, Mr. Leventhal was a member of the Fordham University International Law Journal and was on the Dean's List.

**_Beth A. Keller_** joined Faruqi & Faruqi, LLP as an associate in October 2003, after spending several years litigating commercial and civil litigation at a prior firm.

Since joining Faruqi & Faruqi, LLP, Ms. Keller has been actively involved in numerous complex cases in which the firm, as sole or co-lead counsel, achieved substantial corporate governance enhancements and/or financial recoveries for the corporation and its shareholders, including: *In re Tenet Healthcare Corp. Derivative Litig.*, Lead Case No. 01098905 (Cal. Sup. Ct. 2002); *In re Advanced Mktg. Srvs., Inc. Derivative Litig.*, No. CIC824845 (Cal. Super. Ct.); *In re Ligand Pharm. Inc. Deriative. Litig.*, Lead Case No. GIC834255 (Cal. Super. Ct.); and *In re Novastar Fin., Inc. Derivative Litig.*, Lead Case No. 04-CV-212685 (Cir. Ct. Mo. 2004).

Ms. Keller graduated from Hobart & William Smith Colleges in 1999 with a Bachelor of Arts (double major in Political Science and English) and from the State University of New York at Buffalo Law School (J.D. 2002). Ms. Keller participated in the Desmond Moot Court Competition while at law school. She is a member of both the New York and New Jersey Bars and is admitted to practice in the United States District Courts for the Southern, Eastern and Western Districts of New York.

**_Stephen E. Connolly_** joined Faruqi & Faruqi, LLP as an associate of the firm in the beginning of 2008.

Mr. Connolly has focused his career as an attorney in the areas of complex commercial litigation, including class action securities fraud and antitrust litigation.

16

Mr. Connolly received his law degree for the Villanova University School of Law (J.D. 2000) and received a Bachelor of Science from Penn State University (1997).

**_Christopher Marlborough_** joined Faruqi & Faruqi, LLP as an associate in January, 2007.

Since joining Faruqi & Faruqi, Mr. Marlborough has actively participated in such cases as: _Brocade Commc'ns Sys., Inc. Derivative Litig._, No. C05-02233 (N.D. C.A.) (action for damages to company as a result of backdating employee stock options) and _Thomas v. Global Vision Prods., Inc._, No. RG03-091195 (Cal. Sup. Ct.) (consumer class action for the false and misleading advertising of the Avacor hair care system).

Before joining Faruqi & Faruqi, LLP, Mr. Marlborough was associated with the firm of McCoyd, Parkas and Ronan, LLP, where he concentrated in the areas of estate litigation and trusts.

Mr. Marlborough earned a Bachelor of Arts from the State University of New York at Purchase (_magna cum laude_, 1991) and a J.D. from Brooklyn Law School (_magna cum laude,_ 2003). As an undergraduate, Mr. Marlborough was a President's Merit Scholar and on the Dean's List. In law school, he was a member of the Brooklyn Law School Journal of Law and Policy and the Jerome Prince Memorial Evidence Competition, Moot Court Writing Team. He was also an Edward V. Sparer Public Interest Fellow and a Judge Moses M. Weinstein Scholar. He authored "Evolution, Child Abuse and the Constitution" which was published in the spring 2003 edition of the Brooklyn Law School Journal of Law and Policy. Mr. Marlborough is admitted to practice in the courts of New York, New Jersey and Florida, as well as the United States District Courts for the Eastern and Southern Districts of New York and the Southern District of Florida.

**_Jamie Mogil_** joined Faruqi & Faruqi, LLP as an associate in February 2006, and has been involved in litigation encompassing each of the firm's practice areas.

Ms. Mogil was a member of the team that successfully prosecuted the following recent cases representing investors in merger and acquisition litigation: *Rice v. Lafarge North America*, No. 268974 (Md. Cir. Ct.) (increased price merger consideration for shareholders by 15%); *In re Aeroflex, Inc. S'holders Litig.*, No.07-003943 (N.Y. Sup. Ct.) (achieved substantial additional disclosures for investors); *In re First Data Corp. S'holder Litig.*, No. 2007 CV621 (Colo. Dist. Ct.) (achieved substantial additional disclosures for investors), and *McMullen v. United Surgical Partners Int'l*, No. 07-00156 (Tex. Dist. Ct.) (same).

Ms. Mogil is also a member of the legal team prosecuting, among other cases: *In re SFBC Int'l, Inc. Secs. & Derivative Litig.*, No. 06-165 (D.N.J.) (derivative action alleging gross mismanagement and breaches of fiduciary duties in connection with the egregious misconduct by the company and certain of its former or current officers and directors); *Sokol Holdings, Inc. v. BMB Munai,* No. 05 CV2749 (S.D.N.Y.) (action for tortious interference with a contract, specific performance, conversion, unjust enrichment, breach of contract, breach of fiduciary duty and damages arising from the alleged theft of plaintiffs' conceived business plan to purchase and explore oil fields in Kazakhstan); *J and R Mktg., SEP v. General Motors Corp.*, No. 07-1411(6th Cir.) (securities fraud claim brought on behalf of the class pursuant to Sections 11,12(a)(2) and 15 of the Securities Act of 1933 in connection with GMAC's alleged materially false and misleading offering materials issued between July 28, 2003 and November 9, 2005), *Halpern v. Alliance Data Sys. Corp.*, No. 07-04689 (Tex. Dist. Ct., 68th Jud. Dist.) (merger litigation class action on behalf of shareholders challenging the acquisition of the outstanding stock of Alliance Data Systems Corp. by The Blackstone Group), and *Schuman v. CDW Corp.*, No.07CH1416 (Ill. Cir. Ct., 19th Jud. Cir.) (merger litigation class action on behalf of shareholders challenging the proposed buyout of CDW Corp. by Madison Dearborn Partners, LLC).

Before attending law school, Ms. Mogil worked for the non-profit organization, Institute for Policy Studies in Washington, D.C.  While in law school, Ms. Mogil was the recipient of the Public Interest Fellowship and on the Executive Board of the New York Law School Moot Court Association.  Ms. Mogil competed in three national competitions, winning Second Best Brief and placing as a National Finalist and Semi-Finalist. Ms. Mogil was also the Chair of the Robert F. Wagner National Labor & Employment Law Moot Court Competition. Also while in law school Ms. Mogil worked for the Office of the New State Attorney General in the Investment Protection Bureau, specifically investigating and prosecuting the mutual fund "market-timing" and "late-trading" cases.

Ms. Mogil graduated from The George Washington University in 2000 (B.A., Fine Arts and Art History, *cum laude*) and from New York Law School (J.D., 2005).  She is licensed to practice law in New York and admitted to the United States District Courts for the Southern District of New York and the Eastern District of New York as well as the United States Court of Appeals for the Sixth Circuit.

***Richard Schwartz*** joined Faruqi & Faruqi, LLP as an associate in May 2006. Mr. Schwartz has been involved extensively in the firm's merger, derivative and antitrust practice areas.  Mr. Schwartz has been a member of the teams prosecuting *In re Michaels Stores, Inc. Class and Derivative Litig.*, *In re Equity Office Properties Trust Transactional Litig.*, *In re Direct General Inc. Derivative Litig.* and *In re Station Casino's S'holder Litig.*  Currently, Mr. Schwartz is a member of the team prosecuting *In re Florida East Coast Indus., Inc. S'holder Litig.*, *In re McAfee Derivative Litig.* and *In re Digital Music Antitrust Litig.*

Mr. Schwartz graduated from the University of Washington (B.A.) and the University of Chicago (J.D.).  Mr. Schwartz served as a law clerk at the MacArthur Justice Center in Chicago, a summer associate with the Chicago law firm Robinson Curley & Clayton P.C. and an associate

with the New York law firm Jaffe & Asher, LLP.   Mr. Schwartz is admitted to practice before the courts of the State of New York and the United States District Courts for the Southern and Eastern Districts of New York.