DARRYL P. RAINS (CA SBN 104802)
DRains@mofo.com
MORRISON & FOERSTER LLP
755 Page Mill Road
Palo Alto, California 94304-1018
Telephone: 650.813.5600
Facsimile: 650.494.0792

STUART C. PLUNKETT (CA SBN 187971)
KIMBERLY L. TAYLOR (CA SBN 240483)
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: 415.268.7000
Facsimile: 415.268.7522

Attorneys for Defendants The Charles Schwab Corporation, Charles Schwab & Co. Inc., Charles Schwab Investment Management, Inc., Charles R. Schwab, Evelyn Dilsaver, Randall W. Merk, and George Pereira

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| MIKE LABINS, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>THE CHARLES SCHWAB CORPORATION, CHARLES SCHWAB & CO. INC., CHARLES SCHWAB INVESTMENT MANAGEMENT, INC., CHARLES R. SCHWAB, EVELYN DILSAVER, RANDALL W. MERK and GEORGE PEREIRA,<br><br>Defendants. | Case No.     CV-08-01510-WHA<br><br>CLASS ACTION<br><br>**DEFENDANTS' RESPONSE TO MOTIONS FOR CONSOLIDATION AND APPOINTMENT OF LEAD PLAINTIFF AND LEAD COUNSEL**<br><br>Related Cases:<br><br>*Hageman,* CV-08-01733 WHA<br>*Glasgow,* CV-08-01936 WHA<br>*Flanzraich,* CV-08-01994 WHA<br>*Pai,* CV-08-02058 WHA |

**TABLE OF CONTENTS**

INTRODUCTION ........................................................................................................................... 1

ARGUMENT .................................................................................................................................. 2

I.    THE *LEVIN* ACTION SHOULD BE CONSOLIDATED ............................................... 2

II.    THE COURT SHOULD NOT APPROVE MULTIPLE LEAD COUNSEL ................... 3

CONCLUSION ............................................................................................................................... 4

DEFS.' RESP. TO MOTS. FOR CONSOLIDATION AND FOR APPOINTMENT OF LEAD PL. AND LEAD COUNSEL
CASE NO. CV-08-01510-WHA
sf-2525499

i

**INTRODUCTION**

Six class actions involving Schwab's YieldPlus mutual fund have been assigned to this Court. Plaintiffs have moved for consolidation of five of these actions for all pretrial purposes. Defendants agree that consolidation of these actions is appropriate.[1]

The sixth case, *Levin et al. v. The Charles Schwab Corporation et al.* (No. CV-08-02487-WHA), has not been consolidated and is not the subject of plaintiffs' motions. It, too, should be consolidated. It meets all the requirements for consolidation set out in the Reform Act and Rule 42(a). And consolidation would eliminate duplication of effort, wasted costs (for both defendants and the proposed plaintiff class), and judicial inefficiencies. The *Levin* action arises out of the same facts and occurrences as the other cases, and involves the same parties. The only difference is that the other cases assert claims under sections 11, 12, and 15 of the Securities Act of 1933, while the *Levin* action asserts a claim under the Investment Company Act of 1940 as well as certain state law claims. These differences in legal theories make no difference either as a matter of law or as a matter of efficiency. The *Levin* action should be consolidated with the other actions before the Court.

In addition, four groups of plaintiffs and one individual plaintiff have moved for appointment as lead plaintiffs and for selection as lead class counsel. Schwab offers no opinion as to which plaintiff, or law firm, should be appointed to represent the proposed plaintiff class. Schwab does, however, oppose the appointment of groups of law firms as lead counsel. No justification has been offered for these proposals, which run afoul of the applicable provisions of the Reform Act and will, if adopted, increase the costs of litigation without conveying any corresponding benefits.

---

[1] Three other similar class actions were filed in the Southern District of New York and the District of Massachusetts, but have been ordered transferred to this Court. When those cases arrive, they, too, should be consolidated with the actions now pending before the Court.

**ARGUMENT**

**I.     THE *LEVIN* ACTION SHOULD BE CONSOLIDATED**

Plaintiffs' consolidation motions do not address the *Levin* action. This is likely because the *Levin* action was the last to be filed and had not been related to the other pending actions at the time plaintiffs' consolidation motions were filed.

The *Levin* action is very similar to the first five actions on file in this Court and should be consolidated with them. All of the cases are brought by investors in Schwab's YieldPlus mutual fund, and all of the plaintiffs allege losses related to a decline in value of the fund. All of the cases name essentially the same defendants. Indeed, the law firm that filed the *Levin* action filed one of the other actions, and they agree the *Levin* action should be related precisely because it involves "many of the same events" and proposes "overlapping classes" of investors. (Pls. Robert Levin and Karl Kyzer's Stmt. of Non-Opposition to Mot. to Relate Cases, filed June 3, 2008, at 1.) The only difference between the *Levin* action and the other cases is that the *Levin* action asserts a claim under the Investment Company Act of 1940 as well as certain state law claims, while the other cases assert claims under sections 11, 12, and 15 of the Securities Act of 1933.

The differences in legal theories are not a basis for declining consolidation of the *Levin* action. Consolidation is appropriate under the Reform Act and Rule 42(a) when the actions are substantially similar and consolidation would save time and effort. 15 U.S.C. 78u-4(a)(3)(B)(ii) (consolidation may occur where actions assert "substantially the same claim"); *Takeda v. Turbodyne Techs., Inc.*, 67 F. Supp. 2d 1129, 1133 (C.D. Cal. 1999) ("[A] court must balance the savings of time and effort consolidation will produce against any inconvenience, delay, confusion, or prejudice that may result."); *see also Siegall v. Tibco Software*, 2006 U.S. Dist. Lexis 26780 at *9 (N.D. Cal. Feb. 24, 2006) (consolidation appropriate where actions involve common questions of law or fact). There is no requirement that the cases assert the same legal claims.

DEFS.' RESP. TO MOTS. FOR CONSOLIDATION AND FOR APPOINTMENT OF LEAD PL. AND LEAD COUNSEL
CASE NO. CV-08-01510-WHA
sf-2525499

2

1  Schwab therefore requests that the *Levin* action be consolidated with the five other actions

2  now pending in this Court (as well as the other three actions being transferred from New York

3  and Massachusetts).

4  **II.  THE COURT SHOULD NOT APPROVE MULTIPLE LEAD COUNSEL**

5  Three groups of plaintiffs have proposed the appointment of two law firms as co-lead

6  counsel.  Their motions offer no explanation as to why two law firms are needed.  Schwab

7  opposes the appointment of multiple law firms, which would inevitably lead to complications and

8  inefficiencies.

9  The Court may require a lead plaintiff to appoint just one law firm as lead class counsel.

10 As one court has explained:

11
> [T]he Court finds that the [PSLRA] would be better served by the
> appointment of one law firm to manage the case. . . .  [O]ne of the
12 > central purposes of the [PSLRA] is to enable plaintiffs to control
> counsel.  *See* S. Rep. No. 104-98, at 11 (1995), *reprinted in* 1995
13 > U.S.C.C.A.N. 679, 690.  If the Court appointed three law firms as
> lead counsel, [lead plaintiffs] would have to exert their authority in
14 > triplicate every time they made a decision.  The Court finds that
> [lead plaintiffs] are more likely to develop a strong attorney-client
15 > relationship if they only have to deal with one central law firm, as
> opposed to three.  Accordingly, the Court will only permit one law
16 > firm to serve as lead counsel in this case on the basis that class
> interests are better served by a central law firm.

17

18 *Yousefi et al. v. Lockheed Martin Corp. et al.*, 70 F. Supp. 2d 1061, 1072 (C.D. Cal. 1999).  The

19 Court should therefore select one law firm to act as lead class counsel.

20 If the Court were to approve multiple law firms, the Court should, at a minimum, require

21 the lead plaintiff to take specific steps to avoid confusion, duplication, and inefficiencies.  The

22 Court should require, for example, that one law firm be designated to receive service of pleadings

23 and discovery, to negotiate schedules, and to appear in court and at depositions.

24 In that regard, the Northern District's Model Stipulation and Proposed Consolidation

25 Order for Securities Fraud Class Actions contains various provisions intended to minimize

26 confusion and duplication of effort by lead class counsel.  The proposed orders submitted by the

27 various plaintiffs' groups omit these provisions.  The Court should, upon selecting a lead plaintiff

28 and approving the selection of lead counsel, include these model provisions in its order:

> 8. . . . Lead Plaintiff's Counsel shall have authority to speak for, and enter into agreements on behalf of, plaintiffs in all matters regarding pretrial procedures, discovery, and settlement negotiations. Lead Plaintiff's Counsel shall manage the prosecution of this litigation to avoid duplicative or unproductive activities. Lead Plaintiff's Counsel shall be responsible for coordination of all activities and appearances on behalf of plaintiffs and for dissemination of notices and orders. Lead Plaintiff's Counsel shall be responsible for communications with the Court. Lead Plaintiff's Counsel shall maintain a master service list of all parties and counsel.
>
> 9. Defendants' counsel may rely on agreements made with Lead Plaintiffs' Counsel. Such agreements shall be binding on all plaintiffs.

Only by imposing these minimal procedures can the duplication of effort, inefficiencies, and confusion resulting from having multiple law firms as lead class counsel be minimized.

## CONCLUSION

Schwab requests that the *Levin* case be consolidated with the other actions and that only one law firm be approved as lead class counsel.

Dated: June 11, 2008

DARRYL P. RAINS
STUART C. PLUNKETT
KIMBERLY L. TAYLOR
MORRISON & FOERSTER LLP

By:  /s/ Darryl P. Rains
         Darryl P. Rains

Attorneys for Defendants The Charles Schwab Corporation, Charles Schwab & Co. Inc., Charles Schwab Investment Management, Inc., Charles R. Schwab, Evelyn Dilsaver, Randall W. Merk and George Pereira

DEFS.' RESP. TO MOTS. FOR CONSOLIDATION AND FOR APPOINTMENT OF LEAD PL. AND LEAD COUNSEL
CASE NO. CV-08-01510-WHA
sf-2525499

4