**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIKE LABINS, on behalf of himself and all others similarly situated,<br><br>    Plaintiff,<br><br>  v.<br><br>CHARLES SCHWAB CORPORATION, CHARLES SCHWAB & CO. INC., CHARLES SCHWAB INVESTMENT MANAGEMENT, INC., CHARLES R. SCHWAB, EVELYN DILSAVER, RANDALL W. MERK and GEORGE PEREIRA,<br><br>    Defendants.<br>_____ / | No. C 08-01510 WHA<br>No. C 08-01733 WHA<br>No. C 08-01936 WHA<br>No. C 08-01994 WHA<br>No. C 08-02058 WHA<br>No. C 08-02487 WHA<br><br>**ORDER CONSOLIDATING ACTIONS AND REQUESTING INFORMATION FROM LEAD PLAINTIFF CANDIDATES** |
| GERRY HAGEMAN, on behalf of himself and all others similarly situated,<br><br>    Plaintiff,<br><br>  v.<br><br>CHARLES SCHWAB CORPORATION, CHARLES SCHWAB & CO. INC., CHARLES SCHWAB INVESTMENT MANAGEMENT, INC., CHARLES R. SCHWAB, EVELYN DILSAVER, RANDALL W. MERK and GEORGE PEREIRA,<br><br>    Defendants.<br>_____ / | |

**United States District Court**
For the Northern District of California

1  W. MERRILL GLASGOW, on behalf of
   himself and all others similarly situated,
2
              Plaintiff,
3
      v.
4
   CHARLES SCHWAB CORPORATION,
5  CHARLES SCHWAB & CO. INC.,
   CHARLES SCHWAB INVESTMENT
6  MANAGEMENT, INC., CHARLES R.
   SCHWAB, EVELYN DILSAVER,
7  RANDALL W. MERK and GEORGE
   PEREIRA,
8
              Defendants.
9                                                          /

10
   NILS FLANZRAICH and JILL
11 FLANZRAICH, on behalf of himself and all
   others similarly situated,
12
              Plaintiff,
13
      v.
14
   CHARLES SCHWAB CORPORATION,
15 CHARLES SCHWAB & CO. INC.,
   CHARLES SCHWAB INVESTMENT
16 MANAGEMENT, INC., CHARLES R.
   SCHWAB, SCHWAB INVESTMENTS;
17 SCHWAB YIELDPLUS FUND SELECT
   SHARES; EVELYN DILSAVER; RANDALL
18 W. MERK, and GEORGE PEREIRA,

19            Defendants.
                                                           /
20

21

22

23

24

25

26

27

28

                                    2

United States District Court
For the Northern District of California

1  VINAYAK R. PAI DEFINED BENEFITS
   PENSION PLAN, on behalf of himself and all
2  others similarly situated,

3             Plaintiff,

4    v.

5  CHARLES SCHWAB CORPORATION,
   CHARLES SCHWAB & CO. INC.,
6  CHARLES SCHWAB INVESTMENT
   MANAGEMENT, INC., SCHWAB
7  INVESTMENTS, CHARLES R. SCHWAB,
   EVELYN DILSAVER, RANDALL W.
8  MERK, GREGORY HAND, GEORGE
   PEREIRA, DONALD F. DOWARD,
9  MARIANN BYERWALTER, WILLIAM A.
   HASLER, ROBERT G. HOLMES, GERALD
10 B. SMITH, DONALD R. STEPHENS,
   MICHAEL W. WILSEY, and JEFF LYONS,
11
              Defendants.
12                                              /

13
   ROBERT LEVINS and KARL KYZER, on
14 behalf of himself and all others similarly
   situated,
15
              Plaintiffs,
16
     v.
17
   CHARLES SCHWAB CORPORATION,
18 CHARLES SCHWAB & CO. INC.,
   CHARLES SCHWAB INVESTMENT
19 MANAGEMENT, INC., CHARLES R.
   SCHWAB, EVELYN DILSAVER,
20 RANDALL W. MERK, MARIANN
   BYERWALTER, DONALD F. DORWARD,
21 WILLIAM A. HASLER, ROBERT G.
   HOLMES, GERALD B. SMITH, DONALD R.
22 STEPHENS, and MICHAEL W. WILSEY,

23            Defendants.
                                                /
24

25
         Many parties have moved to consolidate the above-entitled related civil actions. No
26
   opposition having been received, this order hereby **CONSOLIDATES** the actions for all purposes,
27
   pursuant to FRCP 42(a). The caption of these consolidated cases shall be "*In re Charles*
28
   *Schwab Corp. Securities Litigation*," and the files of this action shall be maintained in one file

3

under Master File No. C 08-01510 WHA.  Any other actions now pending or hereafter filed in this district which arise out of the same facts and claims as alleged in these related actions shall be consolidated for all purposes, if and when they are brought before this Court and the Court accepts the transfer and approves consolidation.

The motions to appoint lead plaintiff and lead counsel are currently set for Wednesday, July 2, 2008.  As opposed to "group" candidates, the Court wishes to evaluate the qualifications of single investors, either institutional investors or individuals, to serve as lead plaintiff.  *See In re Network Assocs., Inc., Sec. Litig.*, 76 F. Supp. 2d 1017, 1019–27 (N.D. Cal. 1999) (Alsup, J.).  The Court is particularly interested in considering single investors with large losses and in evaluating their experience in managing litigation.  Any "group" of movants must narrow its candidates to one or two single investors and file answers to the appended questionnaire by **WEDNESDAY, JUNE 25, 2008**, including the certification called for therein.

Each candidate must attend the hearing on July 2, 2008, and be prepared to answer questions.  They should also be prepared to critique the methodology used by competing candidates.  The Court would also appreciate defense counsel to attend the hearing on lead plaintiff selection.  Defense counsel should be prepared to address the accuracy of the methodology used by candidates to assess their damage claims.

All questionnaires and other submissions shall be served both by facsimile and by mail on all counsel named on the Court's appended service list.  Counsel are responsible for contacting each other and obtaining the correct facsimile number.  Applications for class counsel shall be deferred until after the lead plaintiff has been appointed.

**IT IS SO ORDERED.**

Dated: June 11, 2008.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

4

United States District Court
For the Northern District of California

1
2
3
4
5
6                    IN THE UNITED STATES DISTRICT COURT
7
8                   FOR THE NORTHERN DISTRICT OF CALIFORNIA
9
10  MIKE LABINS, on behalf of himself and all         No. C 08-01510 WHA
    others similarly situated,                        No. C 08-01733 WHA
11                                                    No. C 08-01936 WHA
                    Plaintiff,                        No. C 08-01994 WHA
12                                                    No. C 08-02058 WHA
         v.                                           No. C 08-02487 WHA
13
    CHARLES SCHWAB CORPORATION,
14  CHARLES SCHWAB & CO. INC.,
    CHARLES SCHWAB INVESTMENT                         **COURT QUESTIONNAIRE TO**
15  MANAGEMENT, INC., CHARLES R.                      **LEAD PLAINTIFF CANDIDATES**
    SCHWAB, EVELYN DILSAVER,
16  RANDALL W. MERK and GEORGE
    PEREIRA,
17
                    Defendants.
18                                               /
19
    GERRY HAGEMAN, on behalf of himself and
20  all others similarly situated,
21                  Plaintiff,
22       v.
23  CHARLES SCHWAB CORPORATION,
    CHARLES SCHWAB & CO. INC.,
24  CHARLES SCHWAB INVESTMENT
    MANAGEMENT, INC., CHARLES R.
25  SCHWAB, EVELYN DILSAVER,
    RANDALL W. MERK and GEORGE
26  PEREIRA,
27                  Defendants.
28                                               /

**United States District Court**
For the Northern District of California

1  W. MERRILL GLASGOW, on behalf of himself and all others similarly situated,

   Plaintiff,

  v.

CHARLES SCHWAB CORPORATION, CHARLES SCHWAB & CO. INC., CHARLES SCHWAB INVESTMENT MANAGEMENT, INC., CHARLES R. SCHWAB, EVELYN DILSAVER, RANDALL W. MERK and GEORGE PEREIRA,

   Defendants.
              /

NILS FLANZRAICH and JILL FLANZRAICH, on behalf of himself and all others similarly situated,

   Plaintiff,

  v.

CHARLES SCHWAB CORPORATION, CHARLES SCHWAB & CO. INC., CHARLES SCHWAB INVESTMENT MANAGEMENT, INC., CHARLES R. SCHWAB, SCHWAB INVESTMENTS; SCHWAB YIELDPLUS FUND SELECT SHARES; EVELYN DILSAVER; RANDALL W. MERK, and GEORGE PEREIRA,

   Defendants.
              /

2

**United States District Court**
For the Northern District of California

1  VINAYAK R. PAI DEFINED BENEFITS
   PENSION PLAN, on behalf of himself and all
2  others similarly situated,

3           Plaintiff,

4     v.

5  CHARLES SCHWAB CORPORATION,
   CHARLES SCHWAB & CO. INC.,
6  CHARLES SCHWAB INVESTMENT
   MANAGEMENT, INC., SCHWAB
7  INVESTMENTS, CHARLES R. SCHWAB,
   EVELYN DILSAVER, RANDALL W.
8  MERK, GREGORY HAND, GEORGE
   PEREIRA, DONALD F. DOWARD,
9  MARIANN BYERWALTER, WILLIAM A.
   HASLER, ROBERT G. HOLMES, GERALD
10 B. SMITH, DONALD R. STEPHENS,
   MICHAEL W. WILSEY, and JEFF LYONS,
11
            Defendants.
12                                                     /

13
   ROBERT LEVINS and KARL KYZER, on
14 behalf of himself and all others similarly
   situated,
15
            Plaintiffs,
16
      v.
17
   CHARLES SCHWAB CORPORATION,
18 CHARLES SCHWAB & CO. INC.,
   CHARLES SCHWAB INVESTMENT
19 MANAGEMENT, INC., CHARLES R.
   SCHWAB, EVELYN DILSAVER,
20 RANDALL W. MERK, MARIANN
   BYERWALTER, DONALD F. DORWARD,
21 WILLIAM A. HASLER, ROBERT G.
   HOLMES, GERALD B. SMITH, DONALD R.
22 STEPHENS, and MICHAEL W. WILSEY,

23          Defendants.
                                                       /
24

25
   TO EACH LEAD PLAINTIFF CANDIDATE:
26
        The Court appreciates your interest in serving as the lead plaintiff in this lawsuit.  You
27
   must personally read this statement of duties of the lead plaintiff and how class counsel will be
28
   selected and approved.  It is important for you to understand that the lead plaintiff will have to

3

1  take an active role in managing the lawsuit. You could not, if selected, simply leave the case
2  for counsel to handle.

3  In 1996, our Congress enacted a statute known as the Private Securities Litigation
4  Reform Act (PSLRA). The PSLRA seeks to place a real investor, not a lawyer, in charge of any
5  securities class action. To do this, the PSLRA created a statutory position of responsibility
6  called "the lead plaintiff." This officer acts as a fiduciary for all members of the proposed class
7  and must manage the case to obtain the largest recovery for the proposed class consistent with
8  good faith and meritorious advocacy.

9  Over the course of the litigation, the lead plaintiff must take affirmative steps to keep
10  himself or herself reasonably informed on the progress and status of the case, including its
11  strengths and weaknesses, the prospects for settlement, and the resources invested in the suit or
12  proposed to be invested. With respect to each major litigation decision — such as important
13  motions, settlement discussions and trial preparation — the lead plaintiff shall have the
14  authority and responsibility to manage the case and to direct class counsel, after, of course,
15  receiving the advice of class counsel. The lead plaintiff shall meet in person with counsel
16  periodically, shall attend all major hearings and mediation sessions, and shall attend trial. And,
17  of course, the lead plaintiff must give deposition and trial testimony. No settlement will be
18  approved by the Court without the lead plaintiff's careful recommendation in favor of it.
19  Reasonable travel, telephone and business expenses incurred as a result of the lead plaintiff
20  duties may be reimbursed as expenses from any recovery or may be advanced by class counsel.

21  The first obligation of the lead plaintiff will be to select and propose class counsel for
22  court approval, an important choice that will warrant care and due diligence. No decision by
23  the lead plaintiff is more important than the selection of class counsel. Like any other important
24  decision by a fiduciary, the decision should be preceded by due diligence. The extent of such
25  due diligence will be a matter of judgment based on the facts and circumstances. Significantly,
26  even if you have already retained a lawyer for yourself in this matter, if you are selected as the
27  lead plaintiff, you would assume a higher responsibility, and would then be obligated to
28

1 undertake due diligence appropriate to the higher responsibility. In selecting class counsel, you
2 could not automatically keep your present lawyer.

3     In selecting class counsel, the lead plaintiff has an obligation to assess the trial and
4 securities track records of the specific lawyer candidate who would perform the actual work for
5 the class. This requires evaluation of particular, individual lawyers. In exercising due
6 diligence, it is also important to compare fees and expenses proposed by the candidates, *i.e.*, to
7 comparison shop. In securities class actions, class counsel are usually awarded a fee (plus all
8 reasonable expenses) from the recovery. Only the leftover residue is distributed to the class.
9 The greater the fees and expenses, therefore, the less will be available for the investors. It is not
10 uncommon for fees and expenses, plus the costs of administration and distribution, to reduce the
11 individual plaintiffs' recovery to a few cents per share. In the Court's experience, excellent
12 candidates will differ substantially in their up-front fee proposals. In one securities case, for
13 example, the fee proposals of excellent candidates varied from as low as eight percent to over
14 twenty-five percent of the eventual recovery. The lead plaintiff has an obligation to the investor
15 class to take such potential savings into account.

16     Depending upon the facts and circumstances, the Court may require the lead plaintiff to
17 evaluate competitive proposals from various lawyers seeking the job of class counsel, including
18 from his or her present counsel. (If so, the Court would post an order soliciting proposals and
19 arrange for the proposals to be delivered to the lead plaintiff.) It is important to the Court, in
20 evaluating the qualifications of lead-plaintiff candidates, to know in advance that the lead-
21 plaintiff candidate is fully prepared to carry out his or her lead-plaintiff responsibilities, as
22 outlined above, and to fully comply with any such process and fully prepared to serve as lead
23 plaintiff even if his or her present counsel is not selected and/or approved as class counsel.

24     With the benefit of the foregoing information, please answer the following questions in
25 your own handwriting:

26 1.    State your name, address, phone and fax number.

27 _____

28 _____

5

2. What are your qualifications to be the lead plaintiff?

_____

_____

_____

_____

3. If you are an institutional investor or other organization, identify the individual who would primarily be in charge of managing your litigation responsibilities as the lead plaintiff and the individual's experience and qualifications. State the location of the individual's workplace.

_____

_____

_____

_____

4. What experience have you had in managing litigation? If you are an institution or organization, do you have an in-house counsel and, if so, what would be his or her role in this case if you were selected as lead plaintiff?

_____

_____

_____

_____

_____

5. List each transaction you made in the securities at issue up to the present (not just during the class period), including the dollar amounts, the number of shares, the price, and the dates. As to each, were they open-market transactions or negotiated transactions? To what extent were your transactions in the United States versus abroad?

_____

_____

1
2
3
4
5   6.   Are there any circumstances that might give rise to possible issues asserted against you
6        that would not generally apply against the rest of the class?  Have you ever been
7        convicted of a crime?  If so, state the circumstances.  Have you ever been sued in a fraud
8        suit?  If so, state the circumstances.
9
10
11
12  7.   Do you have the time and are you willing to travel as needed to carry out the
13       lead-plaintiff responsibilities described above?
14
15
16  8.   Is your willingness to serve as a lead plaintiff contingent on being reimbursed by
17       counsel for your expenses in the event there is no recovery in the case?
18
19
20  9.   Who prepared and/or reviewed the answers given above?  Did any lawyer assist in any
21       way?  If so, identify each such lawyer.
22
23
24  10.  List each previous case in which the lead-plaintiff candidate has been a lead plaintiff.
25
26
27
28

7

Read the following and if you agree with the following, insert your name in the blank and then sign below.

**I have read and understand the above, including the duties of lead plaintiff and the procedure for selecting and approving class counsel. I agree and promise to faithfully execute those provisions. Once class counsel are selected and approved, I will work and cooperate fully with such counsel for the benefit of the investor class and will do so regardless of whether the selection-and-approval process for counsel results in appointment of lawyers other than my initial choice.**

I certify under penalty of perjury that the foregoing is true and correct.

Dated: _____

_____
Lead Plaintiff Candidate

_____
Name of Lead-Plaintiff Candidate if Organization

_____
Title of Person Signing on Behalf of Organization