1  COUGHLIN STOIA GELLER
     RUDMAN & ROBBINS LLP
2  AZRA Z. MEHDI (220406)
   100 Pine Street, Suite 2600
3  San Francisco, CA 94111
   Telephone: 415/288-4545
4  415/288-4534 (fax)
   qmehdi@csgrr.com
5       – and –
   SAMUEL H. RUDMAN                    SCHIFFRIN BARROWAY TOPAZ
6  DAVID A. ROSENFELD                    & KESSLER, LLP
   MARK S. REICH                       SEAN M. HANDLER
7  58 South Service Road, Suite 200    STEVEN D. RESNICK
   Melville, NY 11747                  280 King of Prussia Road
8  Telephone: 631/367-7100             Radnor, PA 19087
   631/367-1173 (fax)                  Telephone: 610/667-7706
9  srudman@csgrr.com                   610/667-7056 (fax)
   drosenfeld@csgrr.com                shandler@sbtklaw.com
10 mreich@csgrr.com                    sresnick@sbtklaw.com

11 [Proposed] Co-Lead Counsel for Plaintiffs

12 [Additional counsel appear on signature page.]

13                    UNITED STATES DISTRICT COURT

14                   NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIKE LABINS, On Behalf of Himself and All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>THE CHARLES SCHWAB CORPORATION, et al.,<br><br>Defendants. | No. 3:08-cv-01510-WHA<br><br><u>CLASS ACTION</u><br><br>THE PEATE GROUP'S MEMORANDUM OF LAW IN FURTHER SUPPORT OF ITS MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND FOR APPROVAL OF LEAD PLAINTIFF'S SELECTION OF LEAD COUNSEL, AND IN OPPOSITION TO ALL OTHER MOTIONS<br><br>DATE: July 2, 2008<br>TIME: 9:00 a.m.<br>COURTROOM: 9<br>JUDGE: Hon. William H. Alsup |

**TABLE OF CONTENTS**

Page

I. INTRODUCTION ................................................................................................................1

II. ARGUMENT .......................................................................................................................3

    A. The YieldPlus Investor Group Cannot Adequately Represent the Interests of the Class..................................................................................................................3

        1. The YieldPlus Investor Group is Too Large and Unmanageable to Effectively Serve as Lead Plaintiff ...............................................................3

    B. The Peate Group is the Most Adequate Plaintiff ......................................................5

        1. The Court Should Look to the Movant With the Next Largest Loss...........5

        2. The Peate Group Satisfies Rule 23 .............................................................5

    C. The Remaining Movant Groups Are Not the Most Adequate Plaintiffs ..................7

III. CONCLUSION....................................................................................................................7

# TABLE OF AUTHORITIES

Page

**CASES**

*Berger v. Compaq Comp. Corp.*,
    257 F.3d 475 (5th Cir. 2001) ...................................................................................3

*Hanlon v. Chrysler Corp.*,
    150 F.3d 1011 (9th Cir. 1998) .................................................................................5

*In re Baan Sec. Litig.*,
    186 F.R.D. 214 (D.D.C. 1999)................................................................................4

*In re Cavanaugh*,
    306 F.3d 726 (9th Cir. 2002) ...................................................................................5

*In re Cendant Corp. Litig.*,
    264 F.3d 201 (3d Cir. 2001)....................................................................................3

*In re Gemstar-Tv Guide Int'l Sec. Litig.*,
    209 F.R.D. 447 (C.D. Cal. 2002)........................................................................2, 4

*In re HiEnergy Tech., Inc. Sec. Litig.*,
    No. CV 08-1226 DOC ............................................................................................6

*In re Northern Dist. of Cal., Dalkon Shield IUD Prod. Liab. Litig.*,
    693 F.2d 847 (9th Cir. 1982) ..................................................................................6

*Lerwill v. Inflight Motion Pictures, Inc.*,
    582 F. 2d 507 (9th Cir. 1978) .................................................................................6

*Tanne v. Autobytel, Inc.*,
    226 F.R.D. 659 (C.D. Cal. 2005) .......................................................................5, 6

**STATUTES, RULES AND REGULATIONS**

15 U.S.C.
    §74u-4 *et seq.* ........................................................................................................1
    §78u-4(a)(3)(B)(iii)(I)..............................................................................................3

Federal Rules of Civil Procedure
    Rule 23 .........................................................................................................2, 3, 5, 6

On May 19, 2008, Garfield Peate, Mark Verge, and Malkit Singh, Power of Attorney for Jameet Singh, (the "Peate Group"), moved this Court, pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. § 74u-4 *et seq.*, for appointment as Lead Plaintiff and for approval of its selection of Coughlin Stoia Geller Rudman & Robbins ("Coughlin Stoia") and Schiffrin Barroway Topaz & Kessler ("Schiffrin Barroway") as Co-Lead Counsel for the Class. The Peate Group respectfully submits this memorandum of law in further support of its lead plaintiff motion and in opposition to all competing motions.

## I. INTRODUCTION

In addition to the Peate Group, five competing movants filed motions seeking appointment as lead plaintiff in this action.[1] The chart below lists the movants and their respective claimed financial losses.

| MOVANT | CLAIMED LOSS |
|---|---|
| YieldPlus Investor Group<br>David and Gretchen Mikelonis<br>Kevin O'Donnell<br>John Hill<br>N. Richard Kimmel<br>James Coffin<br>Robert Dickson | ($1,438,209) |
| Peate Group<br>Garfield Peate<br>Mark Verge<br>Malkit Singh, Power of Attorney for<br>Jameet K. Singh | ($376,335) |

---

[1]   W. Merrill Glasgow withdrew his motion for appointment as lead plaintiff on May 28, 2008.

THE PEATE GROUP'S MEMO OF LAW IN FURTHER SUPPORT OF ITS MOT FOR APPT AS LEAD PLTF AND FOR APPROVAL OF LEAD PLTF'S SELECTION OF LEAD COUNSEL, AND IN OPPOSITION TO ALL OTHER MOTIONS - 3:08-cv-01510-WHA                                                                                       - 1 -

| MOVANT | CLAIMED LOSS |
|---|---|
| <u>The Schwartz Group</u><br>Richard M. Schwartz, Trustee of the Celesta Schwartz Trust FBO Richard Schwartz under the Celesta Schwartz Revocable Trust<br>Richard M. Schwartz, Trustee of the Meyer Schwartz Trust FBO Richard Schwartz under the Will of Meyer Schwartz<br>The Charles C. Bell Limited Partnership;<br>Sheri Bell, individually and on behalf of C. Scott Bell<br>Casa Marin | ($231,642) |
| <u>The Cunningham Group</u><br>Karen Cunningham<br>Mark Kale<br>Monte Lewis | ($111,401) |
| W. Merrill Glasgow | ($71,389) |
| Nils and Jill Flanzraich | ($29,248) |

As shown above, the YieldPlus Investor Group is the only movant who has claimed losses greater than the Peate Group. The remaining three movants all have a lesser financial interest in the outcome of this litigation. Despite their claimed financial losses, the YieldPlus Investor Group is an inappropriate movant group which cannot adequately represent the interests of the class. This amalgamation of seven individual movants is simply too large and unwieldy to effectively fulfill the obligations of lead plaintiff. *See In re Gemstar-Tv Guide Int'l Sec. Litig.*, 209 F.R.D. 447, 451 (C.D. Cal. 2002). Moreover, there is no requirement that this Court "sift through each member of the rejected proposed plaintiff group – each of whom has elected to apply a member of a group, rather than individually – in order to find one to represent the class." *In re Gemstar-Tv Guide Int'l Secs. Litig.*, Master File No. 02-02775 NM (PLAx), slip op. at *5, n.3 (C.D. Cal. Nov. 7, 2002) (attached hereto as Exhibit A).

The Peate Group, with the next largest financial interest among the competing movants, is the "most adequate plaintiff" because it is a properly constituted movant group and it satisfies the adequacy and typicality requirements of Rule 23 of the Federal Rules of Civil Procedure. ("Rule

THE PEATE GROUP'S MEMO OF LAW IN FURTHER SUPPORT OF ITS MOT FOR APPT AS LEAD PLTF AND FOR APPROVAL OF LEAD PLTF'S SELECTION OF LEAD COUNSEL, AND IN OPPOSITION TO ALL OTHER MOTIONS - 3:08-cv-01510-WHA - 2 -

23"). Specifically, it is a small, cohesive group that has demonstrated its willingness and ability to effectively act as Lead Plaintiff in this litigation. Accordingly, its motion should be granted.

## II. ARGUMENT

### A. The YieldPlus Investor Group Cannot Adequately Represent the Interests of the Class

The PSLRA creates a *rebuttable* presumption concerning which class member is most capable of adequately representing the interests of class members. The court must apply the rebuttable presumption to the person or group of persons that: (1) has either filed the complaint or made a motion in response to a notice of the action; (2) has the largest financial interest in the relief sought by the class; and (3) otherwise satisfies the requirements of Fed. R. Civ. P. 23. 15 U.S.C. 78u-4(a)(3)(B)(iii)(I). The presumption may be rebutted, ". . . upon proof by a member of the purported plaintiff class that the presumptively most adequate plaintiff: (1) *will not fairly and adequately represent the interests of the class*; or (2) is subject to unique defenses that render such plaintiff incapable of adequately representing the class." *Id*. §78u-4(a)(3)(B)(iii)(I) (emphasis added).

When evaluating whether a particular movant can adequately represent the interests of the Class, "[c]ourts must inquire whether a movant group is too large to represent the class in an adequate manner." *In re Cendant Corp. Litig.*, 264 F.3d 201, 267 (3d Cir. 2001). "At some point, a group becomes too large for its members to operate effectively as a single unit. When that happens . . . *the court should conclude that such a movant does not satisfy the adequacy requirement*." *Id*. at 267 (emphasis added) (citation omitted). While the YieldPlus Investor Group has claimed larger losses than the Peate Group, the presumption that the YieldPlus Investor Group is the most adequate plaintiff must be rebutted because the size of the group renders it incapable of fairly and adequately representing the interests of the class. Its motion should therefore be denied.

#### 1. The YieldPlus Investor Group is Too Large and Unmanageable to Effectively Serve as Lead Plaintiff

Courts have held that "groups with more than five members are too large to work effectively." *Cendant,* 264 F.3d at 267; *Berger v. Compaq Comp. Corp.*, 257 F.3d 475, 478 n.2 (5th

THE PEATE GROUP'S MEMO OF LAW IN FURTHER SUPPORT OF ITS MOT FOR APPT AS LEAD
PLTF AND FOR APPROVAL OF LEAD PLTF'S SELECTION OF LEAD COUNSEL, AND IN
OPPOSITION TO ALL OTHER MOTIONS - 3:08-cv-01510-WHA                                           - 3 -

1  Cir. 2001); *In re Baan Sec. Litig.*, 186 F.R.D. 214, 216-17 (D.D.C. 1999) (citing the Securities and
2  Exchange Commission's ("SEC") memorandum as stating "a court generally should only approve a
3  group that is small enough to be capable of effectively managing the litigation and lawyers . . .
4  .ordinarily this should be ***no more than three to five persons*** . . . ." (emphasis added)).  According to
5  the SEC, an investor group should be "no more than three to five persons . . . [which] will facilitate
6  joint decision-making and also help to assure that each group member has a sufficiently large stake
7  in the litigation."  *Id*.  More specifically, "where unrelated investors are to be Lead Plaintiff, a
8  triumvirate is preferable."  *Baan,* 186 F.R.D. at 217 (further noting that "in most cases three should
9  be the initial target, with five or six as the upper limit.").  "While there are no bright-line rules
10 governing this inquiry, 'courts generally presume that groups with more than five members are too
11 large to work effectively.'"  *Gemstar*, 209 F.R.D. at 450 (citing Brief for the SEC as Amicus Curiae
12 at 17, n. 13).

13     Because of the sheer size of the YieldPlus Investor Group, the members will not be able to
14 effectively coordinate their efforts, nor will they be able to efficiently make decisions on matters
15 affecting the class.  There is also no requirement that this Court "sift through each member of the
16 rejected proposed plaintiff group – each of whom has elected to apply a member of a group, rather
17 than individually – in order to find one to represent the class."  *Gemstar,* slip op. at *5, n.3.  The
18 Court should not saddle the class with such an unwieldy amalgamation of seven individuals and, as
19 such, their motion should be rejected.

20     By contrast, the Peate Group consists of just three members – a number well within the range
21 that comports with the PSLRA's "group of persons" requirement.  *See Baan,* 186 F.R.D. at 216-17
22 ("The Lead Plaintiff decision should be made under a rule of reason but in most cases three should
23 be the initial target, with five or six as the upper limit" (relying on memorandum submitted by the
24 SEC)).  The smaller, three-member Peate Group will be far more effective and efficient because of
25 its size and cohesiveness.  Accordingly, the Peate Group is a preferred group under the PSLRA and
26 is better-suited to manage this complex litigation.

27
28

### B. The Peate Group is the Most Adequate Plaintiff

#### 1. The Court Should Look to the Movant With the Next Largest Loss

If the District court finds that the presumptive lead plaintiff does not meet the typicality or adequacy requirement, then it must determine whether the plaintiff with the next lower stake in the litigation has made a *prima facie* showing of typicality and adequacy. If so, it must pronounce that plaintiff the presumptive lead plaintiff. *In re Cavanaugh*, 306 F.3d 726, 730 (9th Cir. 2002). Once this Court finds that the presumption that the YieldPlus Investor Group is the most adequate plaintiff has been rebutted, the Court should look to determine whether the movant with the next largest loss meets the requirements of Rule 23. In the instant matter, the Peate Group is the movant with the next largest loss.

#### 2. The Peate Group Satisfies Rule 23

As stated, the Court must determine whether the movant with the largest financial loss, *i.e.*, the Peate Group, has made a *prima facie* showing of typicality and adequacy under Rule 23. *Cavanaugh*, 306 F.3d at 730. At this preliminary stage, a "wide-ranging analysis [under Rule 23] is not appropriate . . . and should be left for consideration on a motion for class certification." *Tanne v. Autobytel, Inc.,* 226 F.R.D. 659, 666 (C.D. Cal. 2005) (internal quotations and citations omitted).

The Peate Group easily satisfies the typicality requirements of Rule 23 at this preliminary stage. A lead plaintiff's claims are typical if they arise from the same course of conduct and the same operative facts which damaged the entire Class. *See Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1020 (9th Cir. 1998) (discussing typicality requirements). Under Rule 23's "permissive standards," a lead plaintiff will satisfy typicality if its claims are "'reasonably co-extensive with those of absent class members; they need not be substantially identical.'" *Autobytel,* 226 F.R.D. at 667 (citing *Hanlon*, 150 F.3d at 1020). Here, the Peate Group's claims are typical because, just like all other class members, it: (1) purchased or acquired Charles Schwab YieldPlus shares during the Class Period; (2) at prices allegedly artificially inflated by defendants' materially false and misleading statements and/or omissions; and (3) suffered damages thereby. Thus, the Peate Group's claims are typical since its claims and the claims of other class members arise out of the same course of events.

1  *See id.* (holding that lead plaintiff movant satisfied the "preliminary showing" of typicality by submitting a sworn certification indicating that he purchased securities and suffered losses during the class period.)

   The adequacy requirement of Rule 23 is measured by a two-pronged test. The moving party must show that its attorneys are qualified and experienced and that the plaintiff does not have interests antagonistic to that of the class. *See In re HiEnergy Tech., Inc. Sec. Litig.*, No. CV 08-1226 DOC (JTLx), 2006 WL 2780058, at *4 (C.D. Cal. Sept. 26, 2006 ) (citing *Lerwill v. Inflight Motion Pictures, Inc.*, 582 F. 2d 507 (9th Cir. 1978)). "Representation is 'adequate' when counsel for the class is qualified and competent, the representative's interests are not antagonistic to the interests of the absent class members, and it is unlikely that the action is collusive." *Autobytel,* 226 F.R.D. at 667 (citing *In re Northern Dist. of Cal., Dalkon Shield IUD Prod. Liab. Litig*., 693 F.2d 847, 855 (9th Cir. 1982)). Last, a lead plaintiff movant must also have "a sufficient interest in the outcome of the case to ensure vigorous advocacy." *Id.*

   Here, the Peate Group has chosen adequate counsel. Coughlin Stoia and Schiffrin Barroway are two of the premier securities class action firms in the nation. They are firms with distinguished track records of prosecuting complex securities class actions. The attorneys in these firms have substantial experience in the prosecution of shareholder and securities class actions and have the resources necessary to efficiently conduct this litigation.

   Furthermore, the Peate Group's interests are clearly aligned with the rest of the class as the Peate Group already has taken significant steps demonstrating that it has and will protect the interests of the Class: it has executed sworn certifications of the group members, demonstrating their desire to serve as a lead plaintiff in this action and evidencing their understanding of the attendant duties and obligations of serving as lead plaintiff; it has moved this Court to be appointed as lead plaintiff in this action; and it has retained competent and experienced counsel who will be able to conduct this complex litigation in a professional manner. Lastly, the Peate Group's significant financial losses provide a sufficient interest in the outcome of the case to ensure vigorous advocacy.

1  In light of its consistent dedication to this case and its sizable financial interest, the Peate Group
2  undoubtedly is a suitable Lead Plaintiff.

3  **C.    The Remaining Movant Groups Are Not the Most Adequate Plaintiffs**

4  The remaining three movant groups have claimed smaller financial losses than the Peate
5  Group and, therefore, have a lesser financial interest in the outcome of this litigation.  Because the
6  Peate Group is an adequate plaintiff under the PSLRA, the Court need not address the other lead
7  plaintiff applications.

8  **III.    CONCLUSION**

9  For the foregoing reasons, the Peate Group respectfully requests that the Court: (a) appoint
10 the Peate Group as Lead Plaintiff; and (b) approve its selection of Coughlin Stoia and Schiffrin
11 Barroway as Co-Lead Counsel for the class.

12 DATED:  June 11, 2008                COUGHLIN STOIA GELLER
                                          RUDMAN & ROBBINS LLP
13                                       AZRA Z. MEHDI

14

15                                          s/ Azra Z. Mehdi
                                          AZRA Z. MEHDI
16
                                       100 Pine Street, Suite 2600
17                                     San Francisco, CA  94111
                                       Telephone:  415/288-4545
18                                     415/288-4534 (fax)

19                                     COUGHLIN STOIA GELLER
                                          RUDMAN & ROBBINS LLP
20                                     SAMUEL H. RUDMAN
                                       DAVID A. ROSENFELD
21                                     MARK S. REICH
                                       58 South Service Road, Suite 200
22                                     Melville, NY  11747
                                       Telephone:  631/367-7100
23                                     631/367-1173 (fax)

24

25

26

27

28

THE PEATE GROUP'S MEMO OF LAW IN FURTHER SUPPORT OF ITS MOT FOR APPT AS LEAD
PLTF AND FOR APPROVAL OF LEAD PLTF'S SELECTION OF LEAD COUNSEL, AND IN
OPPOSITION TO ALL OTHER MOTIONS - 3:08-cv-01510-WHA                                     - 7 -

```
                              SCHIFFRIN BARROWAY TOPAZ
                                & KESSLER, LLP
                              SEAN M. HANDLER
                              STEVEN D. RESNICK
                              280 King of Prussia Road
                              Radnor, PA  19087
                              Telephone:  610/667-7706
                              610/667-7056 (fax)

                              [Proposed] Co-Lead Counsel for Plaintiffs

                              DYER & BERENS LLP
                              JEFFREY A. BERENS
                              682 Grant Street
                              Denver, CO  80203-3507
                              Telephone:  303/861-1764
                              303/395-0393 (fax)

                              Additional Counsel for Plaintiffs
```

THE PEATE GROUP'S MEMO OF LAW IN FURTHER SUPPORT OF ITS MOT FOR APPT AS LEAD
PLTF AND FOR APPROVAL OF LEAD PLTF'S SELECTION OF LEAD COUNSEL, AND IN
OPPOSITION TO ALL OTHER MOTIONS - 3:08-cv-01510-WHA                                                  - 8 -

CERTIFICATE OF SERVICE

I hereby certify that on June 11, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I have mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

*s/ Azra Z. Mehdi*
AZRA Z. MEHDI

COUGHLIN STOIA GELLER
　　　RUDMAN & ROBBINS LLP
100 Pine Street, 26th Floor
San Francisco, CA 94111
Telephone: 415/288-4545
415/288-4534 (fax)
E-mail:azram@csgrr.com

# Mailing Information for a Case 3:08-cv-01510-WHA

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Vahn Alexander**
  valexander@faruqilaw.com

- **Peter E. Borkon**
  peterb@hbsslaw.com

- **Timothy J. Burke**
  service@ssbla.com

- **Reed R. Kathrein**
  reed@hbsslaw.com,steve@hbsslaw.com,nancyq@hbsslaw.com,sf_filings@hbsslaw.com

- **Azra Z. Mehdi**
  azram@csgrr.com,shkaplan@csgrr.com,DPfefferbaum@csgrr.com,llargent@csgrr.com,e_file_sf@csgrr.com,e_file_sd@csgrr.com

- **Stuart Christopher Plunkett**
  ggerrish@mofo.com,splunkett@mofo.com

- **Alan R Plutzik**
  aplutzik@bramsonplutzik.com

- **Darryl Paul Rains**
  drains@mofo.com,dgillis@mofo.com

## Manual Notice List

The following is the list of attorneys who are **not**
on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)