# EXHIBIT A

1

2

3

4

\_\_\_\_ Priority

5                    \_\_\_\_ Send

6                    \_\_\_\_ Clsd

\_\_\_\_ Enter

7                    \_\_\_\_ JS-5/JS-6

8                    \_\_\_\_ JS-2/JS-3

9

10                    UNITED STATES DISTRICT COURT

11                    CENTRAL DISTRICT OF CALIFORNIA

12

13    In re GEMSTAR-TV GUIDE              Master File No. 02-02775 NM (PLAx)
      INTERNATIONAL, INC.
14    SECURITIES LITIGATION              ORDER DENYING MOTION FOR
                                         RECONSIDERATION
15

16                              **I. Introduction**

17         Between August 1999 and April 2002, sixteen lawsuits were filed against

18    Gemstar-TV Guide International, Inc. ("Gemstar"), alleging that Gemstar and its

19    affiliates engaged in a fraudulent scheme to misstate the company's revenues,

20    assets, and financial results in Forms 10-Q and 10-K, as well as in press releases,

21    thus artificially inflating stock prices. On May 28, 2002, the court consolidated all

22    related actions, pursuant to Federal Rule of Civil Procedure 42(a). On August 9,

23    2002, the court filed its Amended Order appointing the Teachers' Retirement

24    System of Louisiana and the General Retirement System of the City of Detroit (the

25    "pension plans") as lead plaintiffs and Bernstein, Litowitz, Berger & Grossmann,

26    L.L.P. as lead counsel. Currently before the court is Georgica Advisors' and

27    Ardsley Partner's motion for reconsideration pursuant to Local Rules 7-18(c) and

28    7-18(b).

## II. DISCUSSION

### A. Local Rule 7-18(c) Analysis

Local Rule 7-18(c) provides that "[a] motion for reconsideration of the decision on any motion may be made . . . on the grounds of . . . a manifest showing of a failure to consider material facts presented to the Court before such decision." Specifically, Georgica Advisors ("Georgica") argues that upon finding that the Georgica Group could not adequately serve as lead plaintiff, the court should have next considered Group member Georgica Advisors individually, or together with co-Group member Ardsley Partners, because Georgica Advisors had the next largest loss after Georgica Group. Georgica makes this argument despite the considered decision of the Georgica Group members to seek selection as lead plaintiff as a consolidated group, rather than as individuals or smaller groupings. See Amended Order, filed August 9, 2002 ("Am. Order"), p. 2; Georgica Group Consolidated Opp. p. 1.

The Private Securities Litigation Reform Act of 1995 ("PSLRA") provides that "as soon as practicable" after a motion to consolidate has been decided, the court shall appoint a lead plaintiff "that the court determines to be most capable of adequately representing the interests of the class members." 15 U.S.C. § 78u-4(a)(3)(B)(i). In making this decision, the court applies a rebuttable presumption that the most adequate plaintiff is:

> [T]he person or group of persons that –
>
>       (aa) has either filed the complaint or made a motion in
>       response to a notice under subparagraph (A)(i);
>       (bb) in the determination of the court, has the largest
>       financial interest in the relief sought by the class; and
>       (cc) otherwise satisfies the requirements of Rule 23 of
>       the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). This presumption can be rebutted by a showing

2

1    that the presumptive candidate for appointment cannot fairly or adequately

2    represent the class or is subject to unique defenses. Z-Seven Fund, Inc. v.

3    Motorcar Parts & Accessories, 231 F.3d 1215, 1217-18 (9th Cir. 2000) (citing 15

4    U.S.C. § 78u-4(a)(3)(B)(iii)(II)).

5        In making its determination, the court considered three applicants: (1) the

6    Georgica Group, with financial losses of approximately $22 million; (2) the

7    pension plans, with financial losses of approximately $10 million; and (3) Morris

8    and Fran Gad ("the Gads"), with losses of approximately $2.6 million.[1] See Am.

9    Order, pp. 3-4. Applying the rebuttable presumption, the court first considered the

10   Georgica Group, as the applicant with the largest loss, but determined that it

11   would be inappropriate to appoint the group lead plaintiff. The court concluded

12   that with its seven unrelated institutional and individual investors, the Georgica

13   Group was too large and too diverse to adequately represent the class. See Am.

14   Order, pp. 4-7. After disqualifying the Georgica Group, as required by the

15   PSLRA, the court considered the applicant with the next largest loss, the pension

16   plans. The court found that the pension plans could fairly and adequately

17   represent the class and selected them as lead plaintiffs. See Am. Order, pp. 8-9.

18       Movants argue that rather than considering the applicants as they presented

19   themselves, the court should have considered Georgica Group member Georgica

20   Advisors individually. Mot., p. 3. To support its argument, Georgica cites cases

21   where courts, for various reasons, have selected a member of an applicant group as

22

23

24

25

26   [1] Georgica Advisors, L.L.C. and Ardsley Partners, L.P. combined with Steven W. Chan, Normura Trust & Banking Co., Ltd., Jonathan Kovler, Henry Steig, and Richard Orlandi to form the so-called Georgica Group, which sought to be named lead plaintiff. This group was represented by Milberg, Weiss, Bershad, Hynes & Lerach, L.L.P. ("Milberg Weiss") and

27

28   Schriffrin & Barroway, L.L.P. ("Schriffrin & Barroway"). Am. Order, p. 2.

1  lead plaintiff.[2] None of the cases cited, however, supports the proposition that
2  where the court has rejected a proposed applicant for lead plaintiff status, it must
3  shuffle other possible combinations to determine whether any member – or
4  combination of members – might qualify. Accordingly, Georgica has not shown
5  that the court failed to consider a material fact.

6  ### B. Local Rule 7-18(b) Analysis

7  Local Rule 7-18(b) provides that "[a] motion for reconsideration of the
8  decision on any motion may be made . . . on the grounds of . . . the emergence of
9  new material facts or a change of law occurring after the time of such decision . . .
10 ." Georgica argues that the recently decided case In re Cavanaugh, 2002 WL
11 31051543 (9th Cir. 2002) requires the court to consider not just the applicant
12 group, but the individual members of an applicant group in selecting a lead
13 plaintiff. Georgica Reply, pp. 4-5. In Cavanaugh, the Ninth Circuit ordered the
14 district court to vacate its order in In re Quintus Sec. Litig., 201 F.R.D. 475 (N.D.
15 Cal. 2001) appointing an individual lead plaintiff, Quinn Barton, who had lower
16 losses than the other two candidates, the Cavanaugh group and William A.
17 Chenoweth. Cavanaugh, 2002 WL 31051543, at *5,*9. The Ninth Circuit found
18 that the lower court had failed to follow the procedure laid out by the PSLRA, and
19 instead had engaged in a "freewheeling comparison of the parties competing for
20 lead plaintiff." Id. at *4. The lower court was directed to proceed by determining
21 whether the presumption that the Cavanaugh group was the most adequate
22 plaintiff (based on having the largest losses) was rebutted by the evidence. Id. at

23

---

24  [2] These reasons include, for example: unwillingness to name an aggregate of unrelated
25  plaintiffs as lead plaintiff (In re Donnkenny Inc. Sec. Litig., 171 F.R.D. 156, 157 (S.D.N.Y.
    1997)); having no qualified lead plaintiff movants, and thus being forced to select a member of a
26  movant group as lead plaintiff (In re Razorfish, Inc. Sec. Litig., 143 F. Supp. 2d 304, 308-312
27  (S.D.N.Y. 2001)); and a conviction that the lead plaintiff must be a close knit group of persons
    where movants were groups of as many as 4,000 plaintiffs (Aronson v. McKesson HBOC, Inc.,
28  79 F. Supp. 2d 1146, 1154 (N.D. Cal. 1999)).

1  *9.  Judge Kozinski stressed:

2      [T]he *only* basis on which a court may compare plaintiffs competing

3      to serve as lead is the size of their financial stake in the controversy.

4      Once it determines which plaintiff has the biggest stake, the court

5      must appoint that plaintiff as lead, unless it finds that he does not

6      satisfy the typicality or adequacy requirements.

7  Id. at *4. (Emphasis in original.)

8      Unlike the court in In re Quintus Sec. Litig., this court followed the

9  statutory procedure iterated by the Ninth Circuit in Cavanaugh.  Contrary to

10  Georgica's assertions, Cavanaugh stands only for the proposition that the

11  PSLRA's statutory procedure must be followed, and that each applicant for lead

12  plaintiff must be considered in descending order of its financial stake in the

13  controversy.[3]  As Cavanaugh does not constitute a change of law, but rather a

14  confirmation of the existing law applied by the court in its Amended Order, the

15  court finds no grounds for reconsideration pursuant to Local Rule 7-18(b).

16

17

18

19

20

21

22      [3] Georgica points to language in Cavanaugh that the district court must consider the losses

23  allegedly suffered by "the various plaintiffs" to argue that each member of a group must be

24  considered individually.  The court finds this argument unconvincing, as the Cavanaugh court
compared the selected lead plaintiff's losses to the aggregate losses of the Cavanaugh group and

25  never addressed the issue of de-aggregating an applicant group for purposes of selecting a lead
plaintiff. Reply, p. 4; Cavanaugh, 2002 WL 31051543, at * 5.  In short, this court does not read

26  Cavanaugh as directing district judges who have found a presumptive plaintiff inadequate to

27  thereafter sift through each member of the rejected proposed plaintiff group -- each of whom has
elected to apply as a member of a group, rather than individually -- in order to find one to

28  represent the class.

1

### III. Conclusion

2      Based upon the foregoing, Georgica Advisors' and Ardsley Partner's

3  Motion for Reconsideration is **DENIED**.

4

5

6

7  IT IS SO ORDERED.

8

9  DATED: November 7, 2002

10                                                  Nora M. Manella
                                                    United States District Judge

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28