1  LOVITT & HANNAN, INC.
   Ronald Lovitt (State Bar No. 040921)
2  J. Thomas Hannan (State Bar No. 039140)
   900 Front Street, Suite 300
3  San Francisco 94111
   Telephone: (415) 362-8769
4  Facsimile: (415) 362-7528

5  BRAMSON, PLUTZIK, MAHLER & BIRKHAEUSER, LLP
   Alan R. Plutzik (State Bar No. 77785)
6  Michael S. Strimling (State Bar No. 96135)
   2125 Oak Grove Road, Suite 120
7  Walnut Creek, CA 94598
   Telephone: (925) 945-0200
8  Facsimile: (925) 945-8792

9  Attorneys for the Schwartz Group
   of Investors, Individually and On
10 Behalf of All Others Similarly
   Situated, and Proposed Lead Counsel

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>CHARLES SCHWAB CORP. SECURITIES LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>All Actions | Case No. CV-08-1510-WHA<br><br>THE SCHWARTZ GROUP OF INVESTORS' REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF LEAD PLAINTIFF MOTION<br><br>Date: July 2, 2008<br>Time: 8:00 a.m.<br>Judge: The Hon. William Alsup |

THE SCHWARTZ GROUP'S REPLY MEMORANDUM IN SUPPORT OF MOTION TO BE
APPOINTED LEAD PLAINTIFF
C08-1510 WHA

The Schwartz Group of Investors submits this Reply Memorandum in support of its motion to be appointed Lead Plaintiff in this litigation and for approval of its selection of Lead Counsel.

## I. INTRODUCTION

Six lead plaintiff motions have been filed in this case. All three of the contenders who remain are *groups* of investors rather than individual investors. But only one of those groups, the Schwartz Group, consists of a cohesive family group of *related* investors. The other two groups, the Yield Plus Group and the Peate Group, consist of unrelated investors assembled by counsel. Thus, the Schwartz Group consists of Richard Schwartz, as Trustee of two family trusts; Casa Marin, a corporation of which Mr. Schwartz is the sole shareholder and president; and Mr. Schwartz's wife, Sheri Bell, as a Trustee and an individual, asserting claims derived from investments made by two other family trusts.[1] In its June 11, 2008 Order, the Court directed that "[a]ny 'group' of movants must narrow its candidates to one or two single investors...." The Schwartz Group already meets that requirement.

The Schwartz Group is the most adequate lead plaintiff to represent the interests of the class in this action. The losses it suffered are competitive with those of any of the individual members of the Yield Plus Group or the Peate Group. Moreover, the Schwartz Group has its own strong interest in this litigation and the ability to exercise its independent judgment and authority over attorneys. It came *as a related group* to the attorneys to seek their assistance in obtaining a recovery against defendants. It thus fulfills the policies of the Private Securities Litigation Reform Act ("PSLRA"), which are aimed at preventing the phenomenon of attorneys who overpower the interests of actual investors, directing the action for the benefit of the attorneys to the exclusion of the real input, advice or control by clients. Accordingly, the Court should select the Schwartz Group to serve as Lead Plaintiff.

---

[1] The Schwartz Group consists of Richard M. Schwartz, Trustee of the Celesta Schwartz Trust FBO Richard Schwartz under the Celesta Schwartz Revocable Trust Dtd June 12, 1992; Richard M. Schwartz, Trustee of the Meyer Schwartz Trust FBO Richard Schwartz under the Will of Meyer Schwartz, Deceased; the Charles C. Bell Limited Partnership; Casa Marin, a California Corporation; and Sheri Bell, individually and on behalf of C. Scott Bell pursuant to power of attorney.

## II. THE COURT SHOULD SELECT THE SCHWARTZ GROUP TO SERVE AS LEAD PLAINTIFF

The Schwartz Group is the most adequate lead plaintiff, and is preferable to its remaining two competitors – the "YieldPlus Investor Group" and the "Peate Group." Both the YieldPlus Group and the Peate Group consist of unrelated investors assembled by counsel. As this Court observed in *In re Network Associates Sec. Litig.*, 76 F. Supp. 2d at 1027: "Artificial aggregation of the type here proposed should never be allowed for any purpose, including to serve as lead plaintiff or to sponsor a subgroup as lead plaintiff."

To qualify as the "most adequate plaintiff," a group of investors must be a cohesive, related group. The goal of the PSLRA was to make the client substantial enough to direct the attorneys, so that control of the litigation would reside in the client rather than in the attorneys. *See McKitty v. Advanced Tissue Sciences, Inc. (In re Advanced Tissue Sciences Sec. Litig.)*, 184 F.R.D. 346, 352 (S.D.Cal. 1998) (refusing to appoint a group consisting of "over 250 unrelated investors" because of the court's determination that doing so would be "inconsistent with the goal of restoring control over lawsuits to plaintiffs instead of counsel"); *Chill v. Green Tree Fin. Corp.*, 181 F.R.D. 398, at 408 (D. Minn. 1998) (declining to confer presumptive lead plaintiff status upon a "group" with almost 300 members because doing so "would threaten the interests of the class, would subvert the intent of Congress, and would be too unwieldy to allow for the just, speedy and inexpensive determination of this action").

As Judge Joyce Hens Green of the United States District Court for the District of Columbia held in *In re Baan Co. Sec. Litig.*, 186 F.R.D. 214, 224 (D.D.C. 1999):

> The mere fact that a proposed lead plaintiff group might have the largest combined financial stake, however, does not guarantee client control. A particular concern arises when lead plaintiff status is sought by a "group" of persons who were previously unaffiliated, each of whom have suffered modest losses, and who thus have no demonstrated incentive or ability to work together to control the litigation. The problem is made worse if the members have been recruited by counsel. It ordinarily will be the case that such an assemblage will be unable to manage the litigation and control the lawyers. The net result will be that while the "group" nominally has a large stake in the litigation, the lawyers will dominate decisionmaking.[2]

---

[2] Footnote omitted.

The Schwartz Group is a related family group – a husband and wife asserting the claims of family trusts of which they are trustees and claims derived from the investments made by two other family trusts. The Group's losses total more than $230,000. That gives them a strong incentive to pursue the litigation vigorously. As such, they are clients with substantial individual incentive, independent of attorneys, to pursue the action. They are therefore the sort of related plaintiffs' group that is preferred under the PSLRA – a group with the cohesiveness and motivation to control the litigation and direct the work of the attorneys.

Thus, the *only other* family-related group applicant, Nils and Jill Flanzraich, is now supporting the Schwartz Group's application. As the Flanzraichs stated in their Statement of Non-Opposition, filed June 5, 2008:

> Movants ... specifically support the Schwartz Group because they seem to satisfy the requirements under the PSLRA. Aside from Movants, the Schwartz Group, as a cohesive related family group, are the only movants who are not part of an artificial, attorney aggregated group. *See In re Network Assocs., Inc. Sec. Litig.*, 76 F. Supp. 2d 1017, 1023-24 (N.D. Cal. 1999) (improper to aggregate unrelated investors to satisfy lead plaintiff requirements).

Neither of the other two competing groups has demonstrated that they are anything other than lawyer-assembled groups. Moreover, the YieldPlus Group has seven members, which renders it too large to work together effectively. *In re Baan*, 186 F.R.D. at 216-17 (quoting an SEC memorandum providing that ordinarily, any group to be selected should contain "no more than three to five persons").

Furthermore, the Schwartz Group amply satisfies the requirements of Rule 23. Its members have claims typical of the claims of other class members, in that they acquired Schwab YieldPlus units during the Class Period and were harmed thereby. The Schwartz Group also satisfies the requirement of adequacy of representation. That requirement is met where a movant has engaged adequate counsel and does not have interests antagonistic to those of the other class members. *See In re Northern District of California, Dalkon Shield IUD Products Liability Litigation v. A.H. Robins Co.*, 693 F.2d 847, 855 (9th Cir. 1982). Here, the Schwartz Group has engaged two experienced and competent law firms to represent it: Lovitt & Hannan, Inc., a firm which over a

nearly forty-year period has consistently and successfully tried complex commercial cases, including class actions and derivative actions, and Bramson, Plutzik, Mahler & Birkhaeuser, LLP, a firm specializing in class action work whose partners have decades of experience in handling securities fraud, consumer fraud and other complex actions.

### III. CONCLUSION

The Schwartz Group not only satisfies the requirements of the PSLRA but meets the policy goals of that statute. It is a cohesive family group with large losses that has both the incentive and the ability to direct the litigation for the benefit of the class. Accordingly, the Court should find that the Schwartz Group is the most adequate lead plaintiff.

Dated: June 19, 2008

LOVITT & HANNAN, INC.
Ronald Lovitt (State Bar No. 040921)
J. Thomas Hannan (State Bar No. 039140)
900 Front Street, Suite 300
San Francisco 94111
Telephone: (415) 362-8769
Facsimile: (415) 362-7528

BRAMSON, PLUTZIK, MAHLER &
BIRKHAEUSER, LLP
Alan R. Plutzik
Michael S. Strimling
2125 Oak Grove Road, Suite 120
Walnut Creek, CA 94598
Telephone: (925) 945-0200
Facsimile: (925) 945-8792

_____/s/_____
Alan R. Plutzik

Attorneys for the Schwartz Group of Investors, Individually and On Behalf of All Others Similarly Situated, and Proposed Lead Counsel