Reed R. Kathrein (139304)
Peter E. Borkon (212596)
HAGENS BERMAN SOBOL SHAPIRO LLP
715 Hearst Avenue, Suite 202
Berkeley, CA 94710
Telephone: (510) 725-3000
Facsimile: (510) 725-3001
reed@hbsslaw.com
peterb@hbsslaw.com

Attorneys for Plaintiff

[Additional counsel listed on signature page]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE SCHWAB CORP. SECURITIES LITIGATION | No. 08-cv-01510 WHA |
| THIS DOCUMENT RELATES TO: | DECLARATION OF REED R. KATHREIN IN SUPPORT OF YIELDPLUS INVESTOR GROUP'S COLLECTIVE AND INDIVIDUAL RESPONSES TO COURT'S JUNE 11, 2008 ORDER CONSOLIDATING ACTIONS AND REQUESTING INFORMATION FROM LEAD PLAINTIFF CANDIDATES |
| ALL ACTIONS *EXCEPT:* | |
| *Levin v. Schwab Corp., et al.,* Case No. 08-cv-2487 WHA | |
| | DATE: July 2, 2008 TIME: 9:00 a.m. DEPT: CR 9, 19th Floor |

I, REED R. KATHREIN, declare as follows:

1.     I am a member in good standing of the state bar of California.  I am an attorney at Hagens Berman Sobol Shapiro LLP, proposed Lead Counsel for the YieldPlus Investor Group.  I submit this declaration in support of theYieldPlus Investor Group's responses to the Court's June 11, 2008 Order consolidating actions and requesting information from lead plaintiff candidates.

2.     Attached as exhibits are true and correct copies of the following:

Exhibit 1:     Excel spreadsheet of YieldPlus Investor Group showing comparisons of trades in the Schwab YieldPlus Fund.

Exhibit 2:     Court Questionnaire to Lead Plaintiff Candidates, for Kevin O'Donnell;

Exhibit 3:     Court Questionnaire to Lead Plaintiff Candidates, for James Coffin;

Exhibit 4:     Court Questionnaire to Lead Plaintiff Candidates, for David and Gretchen Mikelonis;

Exhibit 5:     Court Questionnaire to Lead Plaintiff Candidates, for John Hill;

Exhibit 6:     Court Questionnaire to Lead Plaintiff Candidates, for N. Richard Kimmel; and

Exhibit 7:     Court Questionnaire to Lead Plaintiff Candidates, for Robert Dickson.

I declare, under penalty of perjury of the laws of the United States, that the foregoing is true and correct to the best of my knowledge.

Executed this 25th day of June 2008.

_____
        /s/ Reed R. Kathrein
        REED R. KATHREIN

1

**CERTIFICATE OF SERVICE**

2

      1.      I hereby certify that on June 25, 2008 I electronically filed the foregoing with the

3

Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-

4

mail addresses registered, as denoted on the attached Electronic Mail Notice List.

5

      2.      That on June 25, 2008, I caused the foregoing to be served by facsimile and via U.S.

6

Mail to the parties listed on the attached Service List.

7

8

9

                               /s/ Reed R. Kathrein

10

                               REED R. KATHREIN

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# Mailing Information for a Case 3:08-cv-01510-WHA

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Vahn Alexander**
  valexander@faruqilaw.com

- **Peter E. Borkon**
  peterb@hbsslaw.com

- **Timothy J. Burke**
  service@ssbla.com

- **Reed R. Kathrein**
  reed@hbsslaw.com,steve@hbsslaw.com,nancyq@hbsslaw.com,sf_filings@hbsslaw.com

- **Azra Z. Mehdi**
  azram@csgrr.com,e_file_sf@csgrr.com,e_file_sd@csgrr.com

- **Stuart Christopher Plunkett**
  ggerrish@mofo.com,splunkett@mofo.com

- **Alan R Plutzik**
  aplutzik@bramsonplutzik.com

- **Darryl Paul Rains**
  drains@mofo.com,dgillis@mofo.com

## Manual Notice List

The following is the list of attorneys who are **not**
on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)

*In re Charles Schwab Corp. Securities Litigation*
USDC ND Cal. Case No. 08-cv-01510 WHA

Service List
June 25, 2008

**Counsel for Defendants**

| | |
|---|---|
| Stuart C. Plunkett<br>Craig David Martin<br>Kevin A. Calia<br>MORRISON & FOERSTER LLP<br>425 Market Street<br>San Francisco, CA 94105<br>Telephone: (415) 268-6145<br>Facsimile: (415) 268-7522<br>splunkett@mofo.com<br>cmartin@mofo.com<br><br><br>Attorneys for Defendants Charles Schwab & Co. Inc., Charles Schwab Investment Management Inc., The Charles Schwab Corporation, Charles R. Schwab, Evelyn Dilsaver, George Pereira, Randall W. Merk<br><br>**VIA U.S. MAIL AND FACSIMILE** | Darryl Paul Rains<br>Thomas Roy Plummer<br>MORRISON & FOERSTER LLP<br>755 Page Mill Road<br>Palo Alto, CA 94304-1018<br>Telephone: (650) 813-5600<br>Facsimile: (650) 494-0792<br>drains@mofo.com<br>tplummer@mofo.com<br><br><br><br>Attorneys for Defendants The Charles Schwab Corporation, Charles Schwab & Co., Inc., Charles Schwab Investment Management Inc., Charles R. Schwab, Evelyn Dilsaver, George Pereira, Randall W. Merk<br><br>**VIA U.S. MAIL AND FACSIMILE** |
| Matthew Mark D'Amore<br>MORRISON & FOERSTER LLP<br>1290 Avenue of the Americas<br>New York, NY 10104<br>Telephone: (212) 468-8000<br>Facsimile: (212) 903-7820<br>mdamore@mofo.com<br><br><br><br>Attorneys for Defendants Charles Schwab & Co., Inc., Charles Schwab Investment Management Inc., Schwab Investments, Charles R. Schwab, Evelyn Dilsaver, George Pereira, Randall W. Merk<br><br>**VIA U.S. MAIL AND FACSIMILE** | Frances S. Cohen<br>Steven W. Hansen<br>BINGHAM MCCUTCHEN LLP<br>150 Federal Street<br>Boston, MA 02110<br>Telephone: (617) 951-8872<br>Facsimile: (617) 951-8736<br>frances.cohen@bingham.com<br><br><br>Attorneys for Defendants Charles Schwab & Co., Inc., Charles Schwab Investment Management Inc., The Charles Schwab Corporation, Charles R. Schwab, Evelyn Dilsaver, George Pereira, Randall W. Merk<br><br>**VIA U.S. MAIL AND FACSIMILE** |

*In re Charles Schwab Corp. Securities Litigation*
USDC ND Cal. Case No. 08-cv-01510 WHA

Service List
June 25, 2008

**Counsel for the Flanzraichs**

| | |
|---|---|
| Vahn Alexander<br>FARUQU & FARUQU LLP<br>1901 Avenue of the Stars, Second Floor<br>Los Angeles, CA 90067<br>Telephone:  (310) 461-1426<br>Facsimile:  (310) 461-1427<br>valexander@faruqilaw.com<br><br><br>Attorneys for Jill Flanzraich and Nils Flanzraich<br><br>**VIA U.S. MAIL AND FACSIMILE** | |

**Counsel for Cunningham, Kale, and Lewis**

| | |
|---|---|
| Timothy J. Burke<br>STULL STULL & BRODY<br>1940 Wilshire Boulevard, Suite 2300<br>Los Angeles, CA 90024<br>Telephone: (310) 209-2468<br>Facsimile: (310) 209-2087<br>service@ssbla.com<br><br><br>Attorneys for Karen Cunningham, Mark Kale and Monte Lewis<br><br>**VIA U.S. MAIL AND FACSIMILE** | |

**Counsel for the Peate Group**

| | |
|---|---|
| Azra Z. Mehdi<br>COUGHLIN STOIA GELLER RUDMAN & ROBBINS LLP<br>100 Pine Street, Suite 2600<br>San Francisco, CA 94111<br>Telephone: (415) 288-4545<br>Facsimile: (415) 288-4534<br>azram@csgrr.com<br><br><br><br>Attorneys for the Peate Group<br><br>**VIA U.S. MAIL AND FACSIMILE** | Mario Alba<br>Samuel H. Rudman<br>Mark S. Reich<br>David A. Rosenfeld<br>COUGHLIN STOIA GELLER RUDMAN & ROBBINS LLP<br>58 South Service Road, Suite 200<br>Melville, NY 11747<br>Telephone: (631) 367-7100<br>Facsimile: (631) 367-1173<br>malba@csgrr.com<br><br>Attorneys for the Peate Group<br><br>**VIA U.S. MAIL AND FACSIMILE** |

- 2 -

*In re Charles Schwab Corp. Securities Litigation*
USDC ND Cal. Case No. 08-cv-01510 WHA

Service List
June 25, 2008

| | |
|---|---|
| Jeffrey A. Berens<br>DYER & BERENS LLP<br>682 Grant Street<br>Denver, CO 80203-3507<br>Telephone: (303) 861-1764<br>Facsimile: (303) 395-0393<br><br>Attorneys for the Peate Group<br><br>**VIA U.S. MAIL AND FACSIMILE** | Sean M. Handler<br>Steven D. Resnick<br>SCHIFFRIN BARROWAY TOPAZ &<br>KESSLER LLP<br>280 King of Prussia Road<br>Radnor, PA 19087<br>Telephone: (610) 667-7706<br>Facsimile: (610) 667-7056<br><br>Attorneys for the Peate Group<br><br>**VIA U.S. MAIL AND FACSIMILE** |

**Counsel for the Schwartz Group of Investors, Gerry Hageman, W. Merrill Glasglow and Vinayak R. Pai Defined Benefits Pension Plan**

| | |
|---|---|
| Alan R. Plutzik<br>BRAMSON, PLUTZIK, MAHLER &<br>BIRKHAEUSER LLP<br>2125 Oak Grove Road, Suite 120<br>Walnut Creek, CA 94598<br>Telephone: (925) 945-0200<br>Facsimile: (925) 945-8792<br>aplutzik@bramsonplutzik.com<br><br>Attorneys for the Schwartz Group of Investors<br><br>**VIA U.S. MAIL AND FACSIMILE** | Jeffrey A. Berens<br>DYER & BERENS LLP<br>682 Grant Street<br>Denver, CO 80203-3507<br>Telephone: (303) 861-1764<br>Facsimile: (303) 395-0393<br><br><br><br>Attorneys for Gerry Hageman<br><br>**VIA U.S. MAIL AND FACSIMILE** |
| Robert Wade Mills<br>THE MILLS LAW FIRM<br>145 Marina Boulevard<br>San Rafael, CA 94901-4224<br>Telephone: (415) 455-1326<br>Facsimile: (415) 455-1327<br>rwm@millslawfirm.com<br><br>Attorneys for Gerry Hageman<br><br>**VIA U.S. MAIL AND FACSIMILE** | Adam P. Schiffer<br>SCHIFFER ODOM HICKS PLLC<br>3200 Southwest Freeway, Suite 2390<br>Houston, TX 77027<br>Telephone: (713) 357-5150<br>Facsimile: (713) 357-5160<br><br><br>Attorneys for W. Merrill Glasgow<br><br>**VIA U.S. MAIL AND FACSIMILE** |
| Marc Morris Seltzer<br>SUSMAN GODFREY LLP<br>1901 Avenue of the Stars, Suite 950<br>Los Angeles, CA 90067-6029<br>Telephone: (310) 789-3100<br>Facsimile: (310) 789-3150<br>mseltzer@susmangodfrey.com<br><br><br>Attorneys for W. Merrill Glasgow | Harry P. Susman<br>SUSMAN GODFREY LLP<br>1000 Louisiana Street, Suite 5100<br>Houston, TX 77002-5096<br>Telephone: (713) 651-9366<br>Facsimile: (713) 654-6666<br><br><br><br>Attorneys for W. Merrill Glasgow |

*In re Charles Schwab Corp. Securities Litigation*
USDC ND Cal. Case No. 08-cv-01510 WHA

Service List
June 25, 2008

| VIA U.S. MAIL AND FACSIMILE | VIA U.S. MAIL AND FACSIMILE |
|---|---|
| Blair Allen Nicholas<br>BERNSTEIN LITOWITZ BERGER &<br>GROSSMAN LLP<br>12481 High Bluff Drive, Suite 300<br>San Diego, CA 92130<br>Telephone: (858) 793-0070<br>Facsimile: (858) 793-0323<br>blairn@blbglaw.com<br><br><br>Attorneys for Vinayak R. Pai Defined Benefits<br>Pension Plan<br><br>**VIA U.S. MAIL AND FACSIMILE** | |

**Counsel for the Tullys**

| Daniel W. Krasner<br>WOLF HALDENSTEIN ADLER FREEMAN<br>& HERZ LLP<br>270 Madison Avenue<br>New York, NY 10016<br>Telephone: (212) 545-4600<br>Facsimile: (212) 545-4653<br>krasner@whafh.com<br><br>Attorneys for Hugh John Tully, Penelope Carol<br>Tully<br><br>**VIA U.S. MAIL AND FACSIMILE** | Robert B. Weintraub<br>WOLF HALDENSTEIN ADMLER FREEMAN<br>& HERZ LLP<br>270 Madison Avenue<br>New York, NY 10016<br>Telephone: (212) 545-4689<br>Facsimile: (212) 545-4653<br>weintraub@whafh.com<br><br>Attorneys for Hugh John Tully and Penelope<br>Carol Tully<br><br>**VIA U.S. MAIL AND FACSIMILE** |

**Counsel for Arnita Coleman**

| David Pastor<br>GILMAN AND PASTOR, LLP<br>225 Franklin Street, 16th Floor<br>Boston, MA 02110<br>Telephone: (617) 742-9700<br>Facsimile: (617) 742-9701<br>dpastor@gilmanpastor.com<br><br><br>Attorneys for Arnita Coleman<br><br>**VIA U.S. MAIL AND FACSIMILE** | |

*In re Charles Schwab Corp. Securities Litigation*
USDC ND Cal. Case No. 08-cv-01510 WHA

Service List
June 25, 2008

**Counsel for R. Daniel Bohl**

| | |
|---|---|
| Thomas G. Shapiro<br>Adam M. Stewart<br>SHAPIRO HABER & URMY LLP<br>53 State Street, 37th Floor<br>Boston, MA 02109<br>Telephone: (617) 439-3939<br>Facsimile: (617) 439-0134<br>tshapiro@shulaw.com<br><br>Attorneys for R. Daniel Bohl<br><br>**VIA U.S. MAIL AND FACSIMILE** | |

# Exhibit 1

## YIELDPLUS INVESTOR GROUP COMPARISONS

| Row | Individual | Shares Purchased | Share Price | Total Spent | Shares Sold | Selling Price | Total Earned | Total Shares Acquired | Net Shares Acquired |
|---|---|---|---|---|---|---|---|---|---|
| | | YieldPlus Investor Group | | | | | | | |
| 1 | | | | | | | | | |
| 2 | | | | | | | | | |
| 3 | Kevin O'Donnell | 15,527.9500 | $9.6600 | $149,999.9970 | 100,000.0000 | $7.7600 | $776,000.0000 | 211,256.2260 | 11,256.2260 |
| 4 | | 36,231.0840 | $9.6600 | $349,999.9994 | 50,000.0000 | $7.5900 | $379,500.0000 | | |
| 5 | | 8,281.5740 | $9.6600 | $80,000.0048 | 50,000.0000 | $7.4700 | $373,500.0000 | | |
| 6 | | 200.3350 | $9.6700 | $1,937.2395 | | | | | |
| 7 | | 21.6440 | $9.6700 | $209.2375 | | | | | |
| 8 | | 18.2260 | $9.6700 | $176.0632 | | | | | |
| 9 | | 241.1680 | $9.6600 | $2,329.6829 | | | | | |
| 10 | | 10,351.9670 | $9.6600 | $100,000.0012 | | | | | |
| 11 | | 282.8200 | $9.6600 | $2,732.0412 | | | | | |
| 12 | | 46.5580 | $9.6600 | $449.7503 | | | | | |
| 13 | | 4.5560 | $9.6600 | $44.0110 | | | | | |
| 14 | | 303.9230 | $9.6600 | $2,935.8962 | | | | | |
| 15 | | 0.0010 | $9.6700 | $0.0097 | | | | | |
| 16 | | 327.2520 | $9.6700 | $3,164.5268 | | | | | |
| 17 | | 708.0160 | $9.6700 | $6,846.5147 | | | | | |
| 18 | | 335.3410 | $9.6700 | $3,242.7475 | | | | | |
| 19 | | 2.5550 | $9.6700 | $24.7069 | | | | | |
| 20 | | 0.9210 | $9.6600 | $8.8969 | | | | | |
| 21 | | 319.8850 | $9.6600 | $3,090.4868 | | | | | |
| 22 | | 334.2920 | $9.6800 | $3,235.9466 | | | | | |
| 23 | | 349.4170 | $9.6800 | $3,382.3566 | | | | | |
| 24 | | 103,199.1740 | $9.6900 | $999,999.9961 | | | | | |
| 25 | | 334.1830 | $9.6900 | $3,238.2333 | | | | | |
| 26 | | 326.9460 | $9.6900 | $3,168.0971 | | | | | |
| 27 | | 571.4580 | $9.6900 | $5,537.4280 | | | | | |
| 28 | | 207.1440 | $9.6900 | $2,007.2254 | | | | | |
| 29 | | 832.8260 | $9.6900 | $8,070.0839 | | | | | |
| 30 | | 0.0300 | $9.6900 | $0.2907 | | | | | |
| 31 | | 20,639.8350 | $9.6900 | $200,000.0012 | | | | | |
| 32 | | 766.6580 | $9.6900 | $7,428.9160 | | | | | |
| 33 | | 81.8580 | $9.6900 | $793.2040 | | | | | |
| 34 | | 891.9810 | $9.6800 | $8,634.3761 | | | | | |
| 35 | | 24.2210 | $9.6800 | $234.4593 | | | | | |
| 36 | | 0.0110 | $9.6800 | $0.1064 | | | | | |
| 37 | | 938.5380 | $9.6700 | $9,075.6625 | | | | | |
| 38 | | 919.8700 | $9.6200 | $8,849.1494 | | | | | |
| 39 | | 1,072.8200 | $9.4100 | $10,095.2362 | | | | | |
| 40 | | 867.6500 | $9.4400 | $8,190.6160 | | | | | |
| 41 | | 974.1870 | $9.4200 | $9,176.8415 | | | | | |
| 42 | | 1,040.0570 | $9.1700 | $9,537.3227 | | | | | |
| 43 | | 964.9420 | $9.0700 | $8,752.0239 | | | | | |
| 44 | | 954.7290 | $8.9300 | $8,525.7300 | | | | | |
| 45 | | 972.9680 | $8.7900 | $8,552.3887 | | | | | |
| 46 | | 783.8560 | $7.1700 | $5,620.2475 | | | | | |
| 47 | SUBTOTAL | 211,256.2260 | | $2,039,303.8122 | 200,000.0000 | | $1,529,000.0000 | | |
| 48 | | | | | | | | | |
| 49 | | | | | | | | | |
| 50 | Robert Dickson | 48,503.6120 | $9.6900 | $470,000.0003 | 46,924.6810 | $6.9800 | $327,534.2734 | 50,874.6810 | 3,950.0000 |

1

YIELDPLUS INVESTOR GROUP COMPARISONS

| | A | B Shares Purchased | C Share Price | D Total Spent | E Shares Sold | F Selling Price | G Total Earned | H Total Shares Acquired | I Net Shares Acquired |
|---|---|---|---|---|---|---|---|---|---|
| 3 | Individual | Shares Purchased | Share Price | Total Spent | Shares Sold | Selling Price | Total Earned | Total Shares Acquired | Net Shares Acquired |
| 51 | | 184.9610 | $9.6900 | $1,792.2721 | | | | | |
| 52 | | 215.4660 | $9.6800 | $2,085.7109 | | | | | |
| 53 | | 220.2550 | $9.6700 | $2,129.8659 | | | | | |
| 54 | | 215.8730 | $9.6200 | $2,076.6983 | | | | | |
| 55 | | 249.7900 | $9.4100 | $2,350.5239 | | | | | |
| 56 | | 193.0350 | $9.4400 | $1,822.2504 | | | | | |
| 57 | | 216.7380 | $9.4200 | $2,041.6720 | | | | | |
| 58 | | 231.3930 | $9.1700 | $2,121.8738 | | | | | |
| 59 | | 214.6820 | $9.0700 | $1,947.1657 | | | | | |
| 60 | | 212.4080 | $8.9300 | $1,896.8034 | | | | | |
| 61 | | 216.4680 | $8.7900 | $1,902.7537 | | | | | |
| 62 | SUBTOTAL | 50.874.6810 | | $492,167.5903 | 46,924.6810 | | $327,534.2734 | | |
| 63 | James Coffin | | | | | | | | |
| 64 | | 103,305.7850 | $9.6800 | $999,999.9988 | 110,810.4240 | $6.3200 | $700,321.8797 | 110,810.4240 | 0.0000 |
| 65 | | 111.2460 | $9.6800 | $1,076.6613 | | | | | |
| 66 | | 74.7630 | $9.6800 | $723.7068 | | | | | |
| 67 | | 413.6620 | $9.6800 | $4,004.2482 | | | | | |
| 68 | | 0.0600 | $9.6900 | $0.5814 | | | | | |
| 69 | | 456.9530 | $9.6900 | $4,427.8746 | | | | | |
| 70 | | 456.0010 | $9.6900 | $4,418.6497 | | | | | |
| 71 | | 487.7800 | $9.6900 | $4,726.5882 | | | | | |
| 72 | | 449.0060 | $9.6900 | $4,350.8681 | | | | | |
| 73 | | 481.3540 | $9.6900 | $4,659.5067 | | | | | |
| 74 | | 493.0920 | $9.6700 | $4,768.1996 | | | | | |
| 75 | | 483.2770 | $9.6200 | $4,649.1247 | | | | | |
| 76 | | 563.6380 | $9.4100 | $5,303.8336 | | | | | |
| 77 | | 455.8410 | $9.4400 | $4,303.1390 | | | | | |
| 78 | | 511.8160 | $9.4200 | $4,821.3067 | | | | | |
| 79 | | 546.4220 | $9.1700 | $5,010.6897 | | | | | |
| 80 | | 506.9590 | $9.0700 | $4,598.1181 | | | | | |
| 81 | | 501.5940 | $8.9300 | $4,479.2344 | | | | | |
| 82 | | 511.1750 | $8.7900 | $4,493.2283 | | | | | |
| 83 | SUBTOTAL | 110,810.4240 | | $1,070,815.7571 | 110,810.4240 | | $700,321.8797 | | |
| 84 | | | | | | | | | |

2

YIELDPLUS INVESTOR GROUP COMPARISONS

| | A | B | C | D | E | F | G | H | I |
|---|---|---|---|---|---|---|---|---|---|
| 3 | Individual | Shares Purchased | Share Price | Total Spent | Shares Sold | Selling Price | Total Earned | Total Shares Acquired | Net Shares Acquired |
| 85 | N. Richard Kimmel | 129,132.2310 | $9.6800 | $1,249,999.9961 | 51,600.0000 | $9.6900 | $500,004.0000 | 445,620.3140 | 0.0000 |
| 86 | | 410.6760 | $9.6800 | $3,975.3437 | 104,000.0000 | $9.6900 | $1,007,760.0000 | | |
| 87 | | 103,305.7850 | $9.6800 | $999,999.9988 | 70,000.0000 | $9.6900 | $678,300.0000 | | |
| 88 | | 51,652.8930 | $9.6800 | $500,000.0042 | 10,400.0000 | $9.6900 | $100,776.0000 | | |
| 89 | | 1,197.4570 | $9.6800 | $11,591.3838 | 52,100.0000 | $9.6800 | $504,328.0000 | | |
| 90 | | 1,089.5100 | $9.6900 | $10,557.3519 | 35,150.0000 | $9.6800 | $340,252.0000 | | |
| 91 | | 684.8100 | $9.6900 | $6,635.8089 | 26,050.0000 | $9.6800 | $252,164.0000 | | |
| 92 | | 613.6800 | $9.6900 | $5,946.5592 | 96,320.3100 | $6.4300 | $619,339.62 | | |
| 93 | | 507.8810 | $9.6900 | $4,921.3669 | | | | | |
| 94 | | 72,239.4220 | $9.6900 | $699,999.9992 | | | | | |
| 95 | | 419.5100 | $9.6800 | $4,060.8568 | | | | | |
| 96 | | 288.8790 | $9.6700 | $2,793.4599 | | | | | |
| 97 | | 173.3920 | $9.6200 | $1,668.0310 | | | | | |
| 98 | | 202.2220 | $9.4100 | $1,902.9090 | | | | | |
| 99 | | 163.5480 | $9.4400 | $1,543.8931 | | | | | |
| 100 | | 183.6310 | $9.4200 | $1,729.8040 | | | | | |
| 101 | | 196.0450 | $9.1700 | $1,797.7327 | | | | | |
| 102 | | 181.8860 | $9.1700 | $1,648.7332 | | | | | |
| 103 | | 179.9610 | $9.0700 | $1,607.0517 | | | | | |
| 104 | | 183.4000 | $8.7900 | $1,612.0860 | | | | | |
| 105 | | 191.6260 | $7.1700 | $1,373.9584 | | | | | |
| 106 | | 165.1280 | $6.5800 | $1,086.5422 | | | | | |
| 107 | | 51,652.8930 | $9.6800 | $500,000.0042 | | | | | |
| 108 | | 143.8150 | $9.6800 | $1,392.1292 | | | | | |
| 109 | | 120.1480 | $9.6900 | $1,164.2341 | | | | | |
| 110 | | 107.6720 | $9.6900 | $1,043.3417 | | | | | |
| 111 | | 227.2960 | $9.6900 | $2,202.4982 | | | | | |
| 112 | | 0.0190 | $9.6900 | $0.1841 | | | | | |
| 113 | | 243.1580 | $9.6900 | $2,356.2010 | | | | | |
| 114 | | 223.8280 | $9.6900 | $2,168.8933 | | | | | |
| 115 | | 239.9510 | $9.6800 | $2,322.7257 | | | | | |
| 116 | | 144.3280 | $9.6700 | $1,395.6518 | | | | | |
| 117 | | 122.4980 | $9.6200 | $1,178.4308 | | | | | |
| 118 | | 142.8660 | $9.4100 | $1,344.3691 | | | | | |
| 119 | | 115.5420 | $9.4400 | $1,090.7165 | | | | | |
| 120 | | 129.7310 | $9.4200 | $1,222.0060 | | | | | |
| 121 | | 138.5030 | $9.1700 | $1,270.0725 | | | | | |
| 122 | | 128.4980 | $9.0700 | $1,165.4789 | | | | | |
| 123 | | 127.1400 | $8.9300 | $1,135.3602 | | | | | |
| 124 | | 129.5720 | $8.7900 | $1,138.9379 | | | | | |
| 125 | | 135.3640 | $7.1700 | $970.5599 | | | | | |
| 126 | | 116.6630 | $6.5800 | $767.6425 | | | | | |
| 127 | | 25,826.4460 | $9.6800 | $249,999.9973 | | | | | |
| 128 | | 71.9070 | $9.6800 | $696.0598 | | | | | |
| 129 | | 53.8330 | $9.6900 | $521.6418 | | | | | |
| 130 | | 60.0730 | $9.6900 | $582.1074 | | | | | |
| 131 | | 0.0090 | $9.6900 | $0.0872 | | | | | |
| 132 | | 113.6490 | $9.6900 | $1,101.2588 | | | | | |
| 133 | | 121.5780 | $9.6900 | $1,178.0908 | | | | | |
| 134 | | 111.9150 | $9.6900 | $1,084.4564 | | | | | |

YIELDPLUS INVESTOR GROUP COMPARISONS

| | A — Individual | B — Shares Purchased | C — Share Price | D — Total Spent | E — Shares Sold | F — Selling Price | G — Total Earned | H — Total Shares Acquired | Net Shares Acquired |
|---|---|---|---|---|---|---|---|---|---|
| 135 | | 119.9770 | $9.6800 | $1,161.3774 | | | | | |
| 136 | | 122.9040 | $9.6700 | $1,188.4817 | | | | | |
| 137 | | 120.4550 | $9.6200 | $1,158.7771 | | | | | |
| 138 | | 140.4850 | $9.4100 | $1,321.9639 | | | | | |
| 139 | | 113.6190 | $9.4400 | $1,072.5634 | | | | | |
| 140 | | 127.5710 | $9.4200 | $1,201.7188 | | | | | |
| 141 | | 136.1940 | $9.1700 | $1,248.8990 | | | | | |
| 142 | | 126.3590 | $9.0700 | $1,146.0761 | | | | | |
| 143 | | 125.0250 | $8.9300 | $1,116.4733 | | | | | |
| 144 | | 127.4110 | $8.7900 | $1,119.9427 | | | | | |
| 145 | | 133.1260 | $7.1700 | $954.5134 | | | | | |
| 146 | | 114.7170 | $6.5800 | $754.8379 | | | | | |
| 147 | SUBTOTAL | 445,620.3140 | | $4,310,392.6903 | 445,620.3100 | | $4,002,923.6190 | | |
| 148 | SUBTOTAL/3 FOR 30% GENERAL PARTNER | 148,540.1047 | | $1,436,797.5634 | 148,540.1033 | | $1,334,307.8730 | | |
| 149 | John Hill | 209,284.4970 | $9.6800 | $2,025,683.5310 | 222,670.3900 | $8.6600 | $1,932,778.9852 | 235,815.3350 | 672.0000 |
| 150 | | 13,144.9450 | $9.6900 | $127,374.5171 | 12,472.9450 | $8.3900 | $104,648.0086 | | |
| 151 | | 13,415.8930 | $9.6900 | $130,000.0032 | | | | | |
| 152 | SUBTOTAL | 235,815.3350 | | $2,282,958.0512 | 235,143.3350 | | $2,037,426.9938 | | |
| 155 | Mikelonis | 20,639.8349 | $9.6900 | $200,000.0002 | 20,639.8350 | $6.7400 | $139,112.4879 | 86,293.3420 | 0.0000 |
| 156 | | 51,599.5870 | $9.6900 | $499,999.9980 | 55,100.6340 | $6.7400 | $371,378.2732 | | |
| 157 | | 45.8569 | $6.7400 | $309.0755 | 5,186.1900 | $8.9300 | $46,312.6767 | | |
| 158 | | 225.6630 | $6.7400 | $1,520.9686 | 1,060.0000 | $7.4700 | $7,918.2000 | | |
| 159 | | 241.3849 | $6.7400 | $1,626.9342 | 4,156.8900 | $6.7900 | $28,225.2831 | | |
| 160 | | 222.1959 | $6.7400 | $1,497.6004 | 15.0000 | $7.3400 | $110.1000 | | |
| 161 | | 238.2079 | $6.7400 | $1,605.5212 | 145.0000 | $6.5600 | $951.2000 | | |
| 162 | | 244.0140 | $6.7400 | $1,644.6544 | | | | | |
| 163 | | 239.1570 | $6.7400 | $1,611.9182 | | | | | |
| 164 | | 278.9200 | $6.7400 | $1,879.9208 | | | | | |
| 165 | | 225.5829 | $6.7400 | $1,520.4287 | | | | | |
| 166 | | 253.2810 | $6.7400 | $1,707.1139 | | | | | |
| 167 | | 270.4080 | $6.7400 | $1,822.5499 | | | | | |
| 168 | | 250.8770 | $6.7400 | $1,690.9110 | | | | | |
| 169 | | 248.2230 | $6.7400 | $1,673.0230 | | | | | |
| 170 | | 252.9639 | $6.7400 | $1,704.9767 | | | | | |
| 171 | | 264.3109 | $6.7400 | $1,781.4555 | | | | | |
| 172 | | 5,175.9830 | $9.6600 | $49,999.9958 | | | | | |
| 173 | | 5,186.1900 | $8.9300 | $46,312.6767 | | | | | |
| 174 | | 24.0749 | $6.7900 | $163.4686 | | | | | |
| 175 | | 21.6269 | $6.7900 | $146.8467 | | | | | |
| 176 | | 144.9990 | $9.6100 | $1,393.4404 | | | | | |
| 177 | | 10.2070 | $6.7900 | $69.3065 | | | | | |
| 178 | SUBTOTAL | 86,303.5490 | | $821,682.7839 | 86,303.5490 | | $594,008.2209 | 86,293.3420 | 0.0000 |
| 180 | TOTAL | 843,600.3197 | | $8,143,725.5581 | 827,722.0923 | | $6,522,599.2407 | 1,140,670.3220 | 15,878.2260 |

YIELDPLUS INVESTOR GROUP COMPARISONS

| # | A — Individual | B — Shares Purchased | C — Share Price | D — Total Spent | E — Shares Sold | F — Selling Price | G — Total Earned | H — Total Shares Acquired | I — Net Shares Acquired |
|---|---|---|---|---|---|---|---|---|---|
| 3 | Individual | Shares Purchased | Share Price | Total Spent | Shares Sold | Selling Price | Total Earned | Total Shares Acquired | Net Shares Acquired |
| 182 | | Schwartz Group | | | | | | | |
| 184 | Richard Schwartz (Casa Marin) | 20,703.9340 | $9.6600 | $200,000.0024 | 21,450.1350 | $7.0136 | $150,443.6100 | 21,450.1350 | 0.0000 |
| 185 | | 746.2010 | $9.2055 | $6,869.1476 | | | | | |
| 186 | SUBTOTAL | 21,450.1350 | $9.2055 | $206,869.1500 | 21,450.1350 | | $150,443.6100 | 21,450.1350 | 0.0000 |
| 188 | Richard Schwartz (Celesta Schwartz Trust) | 23,337.5820 | $9.6600 | $225,441.0421 | 1,800.0000 | $8.8300 | $15,894.0000 | 24,177.9270 | 0.0000 |
| 189 | | 840.3450 | $7.4534 | $6,263.4400 | 22,377.9270 | $6.9800 | $156,950.7900 | | |
| 190 | SUBTOTAL | 24,177.9270 | | $231,704.4821 | 24,177.9270 | | $172,844.7900 | 24,177.9270 | 0.0000 |
| 192 | Richard Schwartz (Will Meyer Schwartz) | 20,703.9340 | $9.6600 | $200,000.0024 | 21,450.1340 | $7.0136 | $150,443.6000 | 21,450.1340 | 0.0000 |
| 193 | | 746.2000 | $9.2065 | $6,869.1524 | | | | | |
| 194 | SUBTOTAL | 21,450.1340 | | $206,869.1524 | 21,450.1340 | | $150,443.6000 | 21,450.1340 | 0.0000 |
| 196 | Sheri Bell (Charles C. Bell FLP) | 63,638.6510 | $9.6600 | $614,748.4027 | 64,702.8140 | $9.3896 | $607,534.4200 | 64,702.8140 | 0.0000 |
| 197 | | 1,064.2650 | $9.4507 | $10,058.0600 | | | | | |
| 198 | SUBTOTAL | 64,702.8140 | | $624,806.4627 | 64,702.8140 | | $607,534.4200 | 64,702.8140 | 0.0000 |
| 200 | Sheri Bell (Margaret J. Bell Trust) | 14,475.7200 | $9.5200 | $137,808.8544 | 14,927.3720 | $6.9333 | $103,495.3200 | 14,927.3720 | 0.0000 |
| 201 | | 451.6520 | $9.1587 | $4,136.5600 | | | | | |
| 202 | SUBTOTAL | 14,927.3720 | | $141,945.4144 | 14,927.3720 | | $103,495.3200 | 14,927.3720 | 0.0000 |
| 204 | TOTAL | 146,708.3820 | | $1,412,194.6617 | 146,708.3820 | | $1,184,761.7400 | 146,708.3820 | 0 |
| 205 | | Peate Group | | | | | | | |
| 208 | James K. Singh | 103,305.7850 | $9.6800 | $999,999.9988 | 103,305.7850 | $6.6700 | $689,049.5660 | 103,305.7850 | 0 |
| 209 | SUBTOTAL | 103,305.7850 | | $999,999.9988 | 103,305.7850 | | $689,049.5660 | 103,305.7850 | 0.0000 |
| 211 | Garfield Peate | 39,253.6160 | $9.6806 | $380,000.0000 | 460.0000 | $9.5957 | $4,414.0000 | 78,618.3620 | 0.0000 |
| 212 | | 72.9420 | $9.6800 | 706.08 | 3,116.0000 | $9.6519 | $30,075.4500 | | |
| 213 | | 126.7530 | $9.6800 | $1,226.9700 | 700.0000 | $9.6600 | $6,762.0000 | | |
| 214 | | 130.3760 | $9.6800 | $1,262.0400 | 14,500.0000 | $9.6600 | $140,070.0000 | | |
| 215 | | 141.8730 | $9.6700 | $1,371.9100 | 3,100.0000 | $9.6900 | $30,039.0000 | | |
| 216 | | 132.5640 | $9.6800 | $1,280.5700 | 21,011.0320 | $6.8500 | $143,925.5700 | | |
| 217 | | 145.6030 | $9.6700 | $1,405.0700 | 3,054.0000 | $9.1800 | $28,035.7200 | | |
| 218 | | 161.7310 | $9.6600 | $1,560.70 | 2,000.0000 | $7.4500 | $14,900.0000 | | |
| 219 | | 146.0240 | $9.6600 | $1,410.5900 | 30,677.3300 | $6.8500 | $210,139.7100 | | |
| 220 | | 136.4340 | $9.6600 | $1,317.9500 | | | | | |
| 221 | | 124.0620 | $9.6600 | $1,198.4400 | | | | | |
| 222 | | 83.6470 | $9.6700 | $808.8700 | | | | | |
| 223 | | 93.4870 | $9.6600 | $903.0800 | | | | | |
| 224 | | 101.9350 | $9.6600 | $984.6900 | | | | | |
| 225 | | 95.0450 | $9.6600 | $918.1300 | | | | | |
| 226 | | 100.8290 | $9.6700 | $975.0200 | | | | | |
| 227 | | 103.3220 | $9.6700 | $999.1200 | | | | | |
| 228 | | 97.8860 | $9.6800 | $947.5400 | | | | | |

| | A | B | C | D | E | F | G | H | I |
|---|---|---|---|---|---|---|---|---|---|
| 3 | Individual | Shares Purchased | Share Price | Total Spent | Shares Sold | Selling Price | Total Earned | Total Shares Acquired | Net Shares Acquired |
| 229 | | 102.0020 | $9.6800 | $987.3800 | | | | | |
| 230 | | 106.6140 | $9.6800 | $1,032.0200 | | | | | |
| 231 | | 99.7560 | $9.6900 | $966.6400 | | | | | |
| 232 | | 99.0440 | $9.6900 | $959.7400 | | | | | |
| 233 | | 92.0440 | $9.6900 | $891.9100 | | | | | |
| 234 | | 84.7280 | $9.6899 | $821.0100 | | | | | |
| 235 | | 90.8320 | $9.6800 | $879.2500 | | | | | |
| 236 | | 93.0470 | $9.6800 | $899.7600 | | | | | |
| 237 | | 91.1960 | $9.6700 | $877.3100 | | | | | |
| 238 | | 106.3610 | $9.4100 | $1,000.8600 | | | | | |
| 239 | | 86.0190 | $9.4400 | $812.0200 | | | | | |
| 240 | | 96.5810 | $9.4200 | $909.7900 | | | | | |
| 241 | | 103.1120 | $9.1700 | $945.5400 | | | | | |
| 242 | | 95.6640 | $9.0700 | $867.6700 | | | | | |
| 243 | | 94.6530 | $8.9300 | $845.2500 | | | | | |
| 244 | | 96.4620 | $8.7900 | $847.9000 | | | | | |
| 245 | | 100.7280 | $7.1700 | $722.2500 | | | | | |
| 246 | | 33,550.6600 | $9.6900 | $325,105.5000 | | | | | |
| 247 | | 141.4870 | $9.6900 | $1,371.0100 | | | | | |
| 248 | | 156.7870 | $9.6900 | $1,519.2700 | | | | | |
| 249 | | 144.3250 | $9.6900 | $1,398.5100 | | | | | |
| 250 | | 154.7230 | $9.6800 | $1,497.7200 | | | | | |
| 251 | | 158.4950 | $9.6700 | $1,532.6500 | | | | | |
| 252 | | 155.3420 | $9.6200 | $1,494.3900 | | | | | |
| 253 | | 181.1720 | $9.4100 | $1,704.8300 | | | | | |
| 254 | | 146.5230 | $9.4400 | $1,383.1800 | | | | | |
| 255 | | 164.5170 | $9.4200 | $1,549.7500 | | | | | |
| 256 | | 175.6380 | $9.1700 | $1,610.6000 | | | | | |
| 257 | | 149.2650 | $9.0700 | $1,353.8300 | | | | | |
| 258 | | 147.2160 | $8.9300 | $1,314.6400 | | | | | |
| 259 | | 150.0270 | $8.7900 | $1,318.7400 | | | | | |
| 260 | | 155.1530 | $7.1700 | $1,112.4500 | | | | | |
| 261 | SUBTOTAL | 78,618.3620 | | $759.810.9400 | 78,618.3620 | | $608,361.4500 | | |
| 262 | | | | | | | | | |
| 263 | Mark Verge | 51,759.8300 | $9.6600 | $499,999.9578 | 77.9900 | $9.6600 | $753.3834 | 57,398.2200 | -302.4200 |
| 264 | | 103.1900 | $9.6600 | $996.8154 | 5,480.0000 | $9.6700 | $52,991.6000 | | |
| 265 | | 0.0600 | $9.6600 | $0.5796 | 52,142.6500 | $6.9000 | $359,784.2850 | | |
| 266 | | 199.8800 | $9.6600 | $1,930.8408 | | | | | |
| 267 | | 0.0200 | $9.6700 | $0.1934 | | | | | |
| 268 | | 223.4200 | $9.6700 | $2,160.4714 | | | | | |
| 269 | | 243.6000 | $9.6600 | $2,353.1760 | | | | | |
| 270 | | 227.1400 | $9.6600 | $2,194.1724 | | | | | |
| 271 | | 240.9600 | $9.6700 | $2,330.0832 | | | | | |
| 272 | | 246.9100 | $9.6700 | $2,387.6197 | | | | | |
| 273 | | 221.9200 | $9.6800 | $2,148.1886 | | | | | |
| 274 | | 218.8300 | $9.6800 | $2,118.2744 | | | | | |
| 275 | | 228.7300 | $9.6800 | $2,214.1064 | | | | | |
| 276 | | 214.0200 | $9.6900 | $2,073.8538 | | | | | |
| 277 | | 213.5500 | $9.6900 | $2,069.2995 | | | | | |
| 278 | | 228.4200 | $9.6900 | $2,213.3898 | | | | | |

YIELDPLUS INVESTOR GROUP COMPARISONS

YIELDPLUS INVESTOR GROUP COMPARISONS

| | A | B | C | D | E | F | G | H | I |
|---|---|---|---|---|---|---|---|---|---|
| 3 | Individual | Shares Purchased | Share Price | Total Spent | Shares Sold | Selling Price | Total Earned | Total Shares Acquired | Net Shares Acquired |
| 279 | | 210.2700 | 9.6900 | $2,037.5163 | | | | | |
| 280 | | 225.4200 | 9.6800 | $2,182.0656 | | | | | |
| 281 | | 230.9200 | 9.6700 | $2,232.9964 | | | | | |
| 282 | | 226.3200 | 9.6200 | $2,177.1984 | | | | | |
| 283 | | 263.9500 | $9.4100 | $2,483.7695 | | | | | |
| 284 | | 213.4700 | $9.4400 | $2,015.1568 | | | | | |
| 285 | | 239.6800 | $9.4200 | $2,257.7856 | | | | | |
| 286 | | 255.8900 | $9.1700 | $2,346.5113 | | | | | |
| 287 | | 237.4100 | $9.0700 | $2,153.3087 | | | | | |
| 288 | | 234.9000 | $8.9300 | $2,097.6570 | | | | | |
| 289 | | 239.3900 | $8.7900 | $2,104.2381 | | | | | |
| 290 | | 250.1200 | $7.1700 | $1,793.3604 | | | | | |
| 291 | SUBTOTAL | 57,398.2200 | | $553,072.5833 | | | $413,529.2684 | | |
| 292 | | | | | | | | | |
| 293 | TOTAL | 239,322.3670 | | $2,312,883.5221 | 239,624.7870 | | $1,710,940.3044 | 239,322.3670 | -302.4200 |

7

# Exhibit 2

1

2

3

4

5

6                    IN THE UNITED STATES DISTRICT COURT

7               FOR THE NORTHERN DISTRICT OF CALIFORNIA

8

9

10   MIKE LABINS, on behalf of himself and all          No. C 08-01510 WHA
11   others similarly situated,                          No. C 08-01733 WHA
                                                         No. C 08-01936 WHA
12                    Plaintiff,                         No. C 08-01994 WHA
                                                         No. C 08-02058 WHA
13        v.                                             No. C 08-02487 WHA

14   CHARLES SCHWAB CORPORATION,
     CHARLES SCHWAB & CO. INC.,
15   CHARLES SCHWAB INVESTMENT                           **COURT QUESTIONNAIRE TO**
     MANAGEMENT, INC., CHARLES R.                        **LEAD PLAINTIFF CANDIDATES**
16   SCHWAB, EVELYN DILSAVER,
     RANDALL W. MERK and GEORGE
17   PEREIRA,

18                    Defendants.
                                                    /
19

20   GERRY HAGEMAN, on behalf of himself and
     all others similarly situated,
21
                      Plaintiff,
22
          v.
23
     CHARLES SCHWAB CORPORATION,
24   CHARLES SCHWAB & CO. INC.,
     CHARLES SCHWAB INVESTMENT
25   MANAGEMENT, INC., CHARLES R.
     SCHWAB, EVELYN DILSAVER,
26   RANDALL W. MERK and GEORGE
     PEREIRA,
27
                      Defendants.
28                                                  /

**United States District Court**
For the Northern District of California

United States District Court
For the Northern District of California

1  W. MERRILL GLASGOW, on behalf of
   himself and all others similarly situated,
2
3              Plaintiff,

4     v.

5  CHARLES SCHWAB CORPORATION,
   CHARLES SCHWAB & CO. INC.,
6  CHARLES SCHWAB INVESTMENT
   MANAGEMENT, INC., CHARLES R.
7  SCHWAB, EVELYN DILSAVER,
   RANDALL W. MERK and GEORGE
8  PEREIRA,

9              Defendants.
                                          /
10

11 NILS FLANZRAICH and JILL
   FLANZRAICH, on behalf of himself and all
12 others similarly situated,

13             Plaintiff,

14    v.

15 CHARLES SCHWAB CORPORATION,
   CHARLES SCHWAB & CO. INC.,
16 CHARLES SCHWAB INVESTMENT
   MANAGEMENT, INC., CHARLES R.
17 SCHWAB, SCHWAB INVESTMENTS;
   SCHWAB YIELDPLUS FUND SELECT
18 SHARES; EVELYN DILSAVER; RANDALL
   W. MERK, and GEORGE PEREIRA,

19             Defendants.
                                          /
20

21

22

23

24

25

26

27

28

                          2

1   VINAYAK R. PAI DEFINED BENEFITS
2   PENSION PLAN, on behalf of himself and all
    others similarly situated,

3                   Plaintiff,

4       v.

5   CHARLES SCHWAB CORPORATION,
    CHARLES SCHWAB & CO. INC.,
6   CHARLES SCHWAB INVESTMENT
    MANAGEMENT, INC., SCHWAB
7   INVESTMENTS, CHARLES R. SCHWAB,
    EVELYN DILSAVER, RANDALL W.
8   MERK, GREGORY HAND, GEORGE
    PEREIRA, DONALD F. DOWARD,
9   MARIANN BYERWALTER, WILLIAM A.
    HASLER, ROBERT G. HOLMES, GERALD
10  B. SMITH, DONALD R. STEPHENS,
    MICHAEL W. WILSEY, and JEFF LYONS,
11
                 Defendants.
12  _____/

13
    ROBERT LEVINS and KARL KYZER, on
14  behalf of himself and all others similarly
    situated,
15
                  Plaintiffs,
16
        v.
17
    CHARLES SCHWAB CORPORATION,
18  CHARLES SCHWAB & CO. INC.,
    CHARLES SCHWAB INVESTMENT
19  MANAGEMENT, INC., CHARLES R.
    SCHWAB, EVELYN DILSAVER,
20  RANDALL W. MERK, MARIANN
    BYERWALTER, DONALD F. DORWARD,
21  WILLIAM A. HASLER, ROBERT G.
    HOLMES, GERALD B. SMITH, DONALD R.
22  STEPHENS, and MICHAEL W. WILSEY,

23                Defendants.
    _____/
24

25  TO EACH LEAD PLAINTIFF CANDIDATE:
26
27          The Court appreciates your interest in serving as the lead plaintiff in this lawsuit. You

28  must personally read this statement of duties of the lead plaintiff and how class counsel will be

    selected and approved. It is important for you to understand that the lead plaintiff will have to

                                        3

1   take an active role in managing the lawsuit. You could not, if selected, simply leave the case
2   for counsel to handle.

3       In 1996, our Congress enacted a statute known as the Private Securities Litigation
4   Reform Act (PSLRA). The PSLRA seeks to place a real investor, not a lawyer, in charge of any
5   securities class action. To do this, the PSLRA created a statutory position of responsibility
6   called "the lead plaintiff." This officer acts as a fiduciary for all members of the proposed class
7   and must manage the case to obtain the largest recovery for the proposed class consistent with
8   good faith and meritorious advocacy.

9       Over the course of the litigation, the lead plaintiff must take affirmative steps to keep
10  himself or herself reasonably informed on the progress and status of the case, including its
11  strengths and weaknesses, the prospects for settlement, and the resources invested in the suit or
12  proposed to be invested. With respect to each major litigation decision — such as important
13  motions, settlement discussions and trial preparation — the lead plaintiff shall have the
14  authority and responsibility to manage the case and to direct class counsel, after, of course,
15  receiving the advice of class counsel. The lead plaintiff shall meet in person with counsel
16  periodically, shall attend all major hearings and mediation sessions, and shall attend trial. And,
17  of course, the lead plaintiff must give deposition and trial testimony. No settlement will be
18  approved by the Court without the lead plaintiff's careful recommendation in favor of it.
19  Reasonable travel, telephone and business expenses incurred as a result of the lead plaintiff
20  duties may be reimbursed as expenses from any recovery or may be advanced by class counsel.

21      The first obligation of the lead plaintiff will be to select and propose class counsel for
22  court approval, an important choice that will warrant care and due diligence. No decision by
23  the lead plaintiff is more important than the selection of class counsel. Like any other important
24  decision by a fiduciary, the decision should be preceded by due diligence. The extent of such
25  due diligence will be a matter of judgment based on the facts and circumstances. Significantly,
26  even if you have already retained a lawyer for yourself in this matter, if you are selected as the
27  lead plaintiff, you would assume a higher responsibility, and would then be obligated to
28

United States District Court
For the Northern District of California

4

1    undertake due diligence appropriate to the higher responsibility. In selecting class counsel, you
2    could not automatically keep your present lawyer.
3        In selecting class counsel, the lead plaintiff has an obligation to assess the trial and
4    securities track records of the specific lawyer candidate who would perform the actual work for
5    the class. This requires evaluation of particular, individual lawyers. In exercising due
6    diligence, it is also important to compare fees and expenses proposed by the candidates, *i.e.*, to
7    comparison shop. In securities class actions, class counsel are usually awarded a fee (plus all
8    reasonable expenses) from the recovery. Only the leftover residue is distributed to the class.
9    The greater the fees and expenses, therefore, the less will be available for the investors. It is not
10   uncommon for fees and expenses, plus the costs of administration and distribution, to reduce the
11   individual plaintiffs' recovery to a few cents per share. In the Court's experience, excellent
12   candidates will differ substantially in their up-front fee proposals. In one securities case, for
13   example, the fee proposals of excellent candidates varied from as low as eight percent to over
14   twenty-five percent of the eventual recovery. The lead plaintiff has an obligation to the investor
15   class to take such potential savings into account.
16       Depending upon the facts and circumstances, the Court may require the lead plaintiff to
17   evaluate competitive proposals from various lawyers seeking the job of class counsel, including
18   from his or her present counsel. (If so, the Court would post an order soliciting proposals and
19   arrange for the proposals to be delivered to the lead plaintiff.) It is important to the Court, in
20   evaluating the qualifications of lead-plaintiff candidates, to know in advance that the lead-
21   plaintiff candidate is fully prepared to carry out his or her lead-plaintiff responsibilities, as
22   outlined above, and to fully comply with any such process and fully prepared to serve as lead
23   plaintiff even if his or her present counsel is not selected and/or approved as class counsel.
24       With the benefit of the foregoing information, please answer the following questions in
25   your own handwriting:
26   1.   State your name, address, phone and fax number.
27        *KEViN M. O'DonneLL ; 8876 WestLaKE DR*
28        *GReeNDale, Wi. 53129 ; TeL. 414-425-1806*
                                          *No FAX Number*

5

*United States District Court*
*For the Northern District of California*

2.    What are your qualifications to be the lead plaintiff?

*Trial Attorney (Tort Commercial) for 10 years. Founded and ran Subrogation Adjusting company for 16 years. Employed 8 attorneys and worked with hundreds in pursuit of health subro recoveries.*

3.    If you are an institutional investor or other organization, identify the individual who would primarily be in charge of managing your litigation responsibilities as the lead plaintiff and the individual's experience and qualifications. State the location of the individual's workplace.

*N/A*

4.    What experience have you had in managing litigation? If you are an institution or organization, do you have an in-house counsel and, if so, what would be his or her role in this case if you were selected as lead plaintiff?

*As noted above, the Subrogation business I owned required negotiation of thousands of cases throughout the country. Hundreds of times we were forced to retain our own counsel to pursue. I was local counsel in FMC Corp. v. Cynthia Holliday, 498 U.S. 52 (1990)* *

5.    List each transaction you made in the securities at issue up to the present (not just during the class period), including the dollar amounts, the number of shares, the price, and the dates. As to each, were they open-market transactions or negotiated transactions? To what extent were your transactions in the United States versus abroad?

*See addendum. I believe they would be called open-market transactions. Entirely in the United States.*

6

\* *my company represented FMC Corp. and managed the litigation through the Supreme Court decision.*

6.  Are there any circumstances that might give rise to possible issues asserted against you that would not generally apply against the rest of the class? Have you ever been convicted of a crime? If so, state the circumstances. Have you ever been sued in a fraud suit? If so, state the circumstances.

*No to each question.*

7.  Do you have the time and are you willing to travel as needed to carry out the lead-plaintiff responsibilities described above?

*Yes, with Advance Notice (presently on month-long sail in Great Lakes)*

8.  Is your willingness to serve as a lead plaintiff contingent on being reimbursed by counsel for your expenses in the event there is no recovery in the case?

*No.*

9.  Who prepared and/or reviewed the answers given above? Did any lawyer assist in any way? If so, identify each such lawyer.

*No one Assisted me in Answering these questions.*

10. List each previous case in which the lead-plaintiff candidate has been a lead plaintiff.

*None*

United States District Court
For the Northern District of California

7

1         Read the following and if you agree with the following, insert your name in the blank

2    and then sign below.

3         **I have read and understand the above, including the duties of lead plaintiff and the**

4    **procedure for selecting and approving class counsel. I agree and promise to faithfully**

5    **execute those provisions. Once class counsel are selected and approved, I will work and**

6    **cooperate fully with such counsel for the benefit of the investor class and will do so**

7    **regardless of whether the selection-and-approval process for counsel results in**

8    **appointment of lawyers other than my initial choice.**

9         I certify under penalty of perjury that the foregoing is true and correct.

Dated:

6/16/08

_____
Lead Plaintiff Candidate
Kevin M. O'Donnell

_____
Name of Lead-Plaintiff Candidate if Organization

_____
Title of Person Signing on Behalf of Organization

United States District Court
For the Northern District of California

8

**Kevin M. O'Donnell**

History for account XXXX-4701 as of 04/18/2008 11:37:55 EDT

| Date | Action | Quantity | Symbol | Description | Price | Amount | Fees & Comm |
|------|--------|----------|--------|-------------|-------|--------|-------------|
| 03/31/2008 | | | SWYSX | SCHWAB YIELDPLUS SELECT SHARES type: ORD INC DIV REINV. | | $5,620.25 | |
| 03/31/2008 | Buy | 783.8560 | SWYSX | SCHWAB YIELDPLUS SELECT SHARES type: REINVEST DIVIDEND | $7.1700 | -$5,620.25 | |
| 03/25/2008 | Sell | 50,000.0000 | SWYSX | SCHWAB YIELDPLUS SELECT SHARES | $7.4700 | $373,500.00 | |
| 03/24/2008 | Sell | 50,000.0000 | SWYSX | SCHWAB YIELDPLUS SELECT SHARES | $7.5900 | $379,500.00 | |
| 03/20/2008 | Sell | 100,000.0000 | SWYSX | SCHWAB YIELDPLUS SELECT SHARES | $7.7600 | $776,000.00 | |
| 02/29/2008 | | | SWYSX | SCHWAB YIELDPLUS SELECT SHARES type: ORD INC DIV REINV. | | $8,552.39 | |
| 02/29/2008 | Buy | 972.9680 | SWYSX | SCHWAB YIELDPLUS SELECT SHARES type: REINVEST DIVIDEND | $8.7900 | -$8,552.39 | |
| 01/31/2008 | | | SWYSX | SCHWAB YIELDPLUS SELECT SHARES type: ORD INC DIV REINV. | | $8,525.73 | |
| 01/31/2008 | Buy | 954.7290 | SWYSX | SCHWAB YIELDPLUS SELECT SHARES type: REINVEST DIVIDEND | $8.9300 | -$8,525.73 | |
| 12/31/2007 | | | SWYSX | SCHWAB YIELDPLUS SELECT SHARES type: ORD INC DIV REINV. | | $8,752.02 | |
| 12/31/2007 | Buy | 964.9420 | SWYSX | SCHWAB YIELDPLUS SELECT SHARES type: REINVEST DIVIDEND | $9.0700 | -$8,752.02 | |
| 11/30/2007 | | | SWYSX | SCHWAB YIELDPLUS SELECT SHARES type: ORD INC DIV REINV. | | $9,537.32 | |
| 11/30/2007 | Buy | 1,040.0570 | SWYSX | SCHWAB YIELDPLUS SELECT SHARES type: REINVEST DIVIDEND | $9.1700 | -$9,537.32 | |
| 10/31/2007 | | | SWYSX | SCHWAB YIELDPLUS SELECT SHARES type: ORD INC DIV REINV. | | $9,176.84 | |
| 10/31/2007 | Buy | 974.1870 | SWYSX | SCHWAB YIELDPLUS SELECT SHARES type: REINVEST DIVIDEND | $9.4200 | -$9,176.84 | |
| 09/28/2007 | | | SWYSX | SCHWAB YIELDPLUS SELECT SHARES type: ORD INC DIV REINV. | | $8,190.62 | |
| 09/28/2007 | Buy | 867.6500 | SWYSX | SCHWAB YIELDPLUS SELECT SHARES type: REINVEST DIVIDEND | $9.4400 | -$8,190.62 | |
| 08/31/2007 | | | SWYSX | SCHWAB YIELDPLUS SELECT SHARES type: ORD INC DIV REINV. | | $10,095.24 | |
| 08/31/2007 | Buy | 1,072.8200 | SWYSX | SCHWAB YIELDPLUS SELECT SHARES type: REINVEST DIVIDEND | $9.4100 | -$10,095.24 | |
| 07/31/2007 | | | SWYSX | SCHWAB YIELDPLUS SELECT SHARES type: ORD INC DIV REINV. | | $8,849.15 | |
| 07/31/2007 | Buy | 919.6700 | SWYSX | SCHWAB YIELDPLUS SELECT SHARES type: REINVEST DIVIDEND | $9.6200 | -$8,849.15 | |
| 06/29/2007 | | | SWYSX | SCHWAB YIELDPLUS SELECT SHARES type: ORD INC DIV REINV. | | $9,075.66 | |
| 06/29/2007 | | | SWYSX | SCHWAB YIELDPLUS SELECT SHARES type: ORD INC DIV REINV. | | $0.11 | |
| 06/29/2007 | Buy | 938.5380 | SWYSX | SCHWAB YIELDPLUS SELECT SHARES type: REINVEST DIVIDEND | $9.6700 | -$9,075.66 | |
| 06/29/2007 | Buy | 0.0110 | SWYSX | SCHWAB YIELDPLUS SELECT SHARES type: ORD INC DIV REINV. | $9.6700 | -$0.11 | |
| 05/31/2007 | | | SWYSX | SCHWAB YIELDPLUS SELECT SHARES type: ORD INC DIV REINV. | | $8,634.38 | |
| 05/31/2007 | | | SWYSX | SCHWAB YIELDPLUS SELECT SHARES type: ORD INC DIV REINV. | | $234.46 | |
| 05/31/2007 | Buy | 24.2210 | SWYSX | SCHWAB YIELDPLUS SELECT SHARES type: REINVEST DIVIDEND | $9.6800 | -$234.46 | |
| 05/31/2007 | Buy | 891.9810 | SWYSX | SCHWAB YIELDPLUS SELECT SHARES type: REINVEST DIVIDEND | $9.6800 | -$8,634.38 | |
| 04/30/2007 | | | SWYSX | SCHWAB YIELDPLUS SELECT SHARES type: ORD INC DIV REINV. | | $7,428.92 | |
| 04/30/2007 | | | SWYSX | SCHWAB YIELDPLUS SELECT SHARES type: ORD INC DIV REINV. | | $793.20 | |
| 04/30/2007 | Buy | 81.6580 | SWYSX | SCHWAB YIELDPLUS SELECT SHARES type: REINVEST DIVIDEND | $9.6900 | -$793.20 | |
| 04/30/2007 | Buy | 766.6580 | SWYSX | SCHWAB YIELDPLUS SELECT SHARES type: REINVEST DIVIDEND | $9.6900 | -$7,428.92 | |
| 04/03/2007 | Buy | 20,639.8350 | SWYSX | SCHWAB YIELDPLUS SELECT SHARES | $9.6900 | -$200,000.00 | |
| 03/30/2007 | | | SWYSX | SCHWAB YIELDPLUS SELECT SHARES type: ORD INC DIV REINV. | | $0.29 | |
| 03/30/2007 | | | SWYSX | SCHWAB YIELDPLUS SELECT SHARES type: ORD INC DIV REINV. | | $8,070.08 | |
| 03/30/2007 | Buy | 0.0300 | SWYSX | SCHWAB YIELDPLUS SELECT SHARES type: REINVEST DIVIDEND | $9.6900 | -$0.29 | |
| 03/30/2007 | Buy | 832.8260 | SWYSX | SCHWAB YIELDPLUS SELECT SHARES type: REINVEST DIVIDEND | $9.6900 | -$8,070.08 | |
| 02/28/2007 | | | SWYSX | SCHWAB YIELDPLUS SELECT SHARES type: ORD INC DIV REINV. | | $2,007.23 | |
| 02/28/2007 | | | SWYSX | SCHWAB YIELDPLUS SELECT SHARES type: ORD INC DIV REINV. | | $5,537.43 | |
| 02/28/2007 | Buy | 207.1440 | SWYSX | SCHWAB YIELDPLUS SELECT SHARES type: REINVEST DIVIDEND | $9.6900 | -$2,007.23 | |

## Kevin M. O'Donnell

| | | | | | | |
|---|---|---|---|---|---|---|
| 02/28/2007 | Buy | 571.4580 | SWYSX | SCHWAB YIELDPLUS SELECT SHARES type: REINVEST DIVIDEND | $9.6900 | -$5,537.43 |
| 01/31/2007 | | | SWYSX | SCHWAB YIELDPLUS SELECT SHARES type: ORD INC DIV REINV. | | $3,168.10 |
| 01/31/2007 | | | SWYSX | SCHWAB YIELDPLUS SELECT SHARES type: ORD INC DIV REINV. | | $3,238.23 |
| 01/31/2007 | Buy | 326.9450 | SWYSX | SCHWAB YIELDPLUS SELECT SHARES type: REINVEST DIVIDEND | $9.6900 | -$3,168.10 |
| 01/31/2007 | Buy | 334.1830 | SWYSX | SCHWAB YIELDPLUS SELECT SHARES type: REINVEST DIVIDEND | $9.6900 | -$3,238.23 |
| 01/09/2007 | Buy | 103,199.1740 | SWYSX | SCHWAB YIELDPLUS SELECT SHARES | $9.6900 | -$1,000,000.00 |
| 12/29/2006 | | | SWYSX | SCHWAB YIELDPLUS SELECT SHARES type: ORD INC DIV REINV. | | $3,382.36 |
| 12/29/2006 | Buy | 349.4170 | SWYSX | SCHWAB YIELDPLUS SELECT SHARES type: REINVEST DIVIDEND | $9.6800 | -$3,382.36 |
| 11/30/2006 | | | SWYSX | SCHWAB YIELDPLUS SELECT SHARES type: ORD INC DIV REINV. | | $3,235.95 |
| 11/30/2006 | Buy | 334.2920 | SWYSX | SCHWAB YIELDPLUS SELECT SHARES type: REINVEST DIVIDEND | $9.6800 | -$3,235.95 |
| 10/31/2006 | | | SWYSX | SCHWAB YIELDPLUS SELECT SHARES type: ORD INC DIV REINV. | | $3,096.49 |
| 10/31/2006 | | | SWYSX | SCHWAB YIELDPLUS SELECT SHARES type: ORD INC DIV REINV. | | $8.92 |
| 10/31/2006 | Buy | 319.8850 | SWYSX | SCHWAB YIELDPLUS SELECT SHARES type: REINVEST DIVIDEND | $9.6800 | -$3,096.49 |
| 10/31/2006 | Buy | 0.9210 | SWYSX | SCHWAB YIELDPLUS SELECT SHARES type: REINVEST DIVIDEND | $9.6800 | -$8.92 |
| 09/29/2006 | | | SWYSX | SCHWAB YIELD PLUS SELECTSHARES type: ORD INC DIV REINV. | | $24.71 |
| 09/29/2006 | | | SWYSX | SCHWAB YIELD PLUS SELECTSHARES type: ORD INC DIV REINV. | | $3,242.75 |
| 09/29/2006 | Buy | 2.5550 | SWYSX | SCHWAB YIELD PLUS SELECTSHARES type: REINVEST DIVIDEND | $9.6700 | -$24.71 |
| 09/29/2006 | Buy | 335.3410 | SWYSX | SCHWAB YIELD PLUS SELECTSHARES type: REINVEST DIVIDEND | $9.6700 | -$3,242.75 |
| 09/07/2006 | Buy | 708.0160 | SWYSX | SCHWAB YIELD PLUS SELECTSHARES | $9.6700 | -$6,846.51 |
| 08/31/2006 | | | SWYSX | SCHWAB YIELD PLUS SELECTSHARES type: ORD INC DIV REINV. | | $0.01 |
| 08/31/2006 | | | SWYSX | SCHWAB YIELD PLUS SELECTSHARES type: ORD INC DIV REINV. | | $3,164.53 |
| 08/31/2006 | Buy | 327.2520 | SWYSX | SCHWAB YIELD PLUS SELECTSHARES type: REINVEST DIVIDEND | $9.6700 | -$3,164.53 |
| 08/31/2006 | Buy | 0.0010 | SWYSX | SCHWAB YIELD PLUS SELECTSHARES type: REINVEST DIVIDEND | $9.6700 | -$0.01 |
| 07/31/2006 | | | SWYSX | SCHWAB YIELD PLUS SELECTSHARES type: ORD INC DIV REINV. | | $44.01 |
| 07/31/2006 | | | SWYSX | SCHWAB YIELD PLUS SELECTSHARES type: ORD INC DIV REINV. | | $2,935.90 |
| 07/31/2006 | Buy | 303.9230 | SWYSX | SCHWAB YIELD PLUS SELECTSHARES type: REINVEST DIVIDEND | $9.6600 | -$2,935.90 |
| 07/31/2006 | Buy | 4.5560 | SWYSX | SCHWAB YIELD PLUS SELECTSHARES type: REINVEST DIVIDEND | $9.6600 | -$44.01 |
| 06/30/2006 | | | SWYSX | SCHWAB YIELD PLUS SELECTSHARES type: ORD INC DIV REINV. | | $449.75 |
| 06/30/2006 | | | SWYSX | SCHWAB YIELD PLUS SELECTSHARES type: ORD INC DIV REINV. | | $2,732.04 |
| 06/30/2006 | Buy | 46.5580 | SWYSX | SCHWAB YIELD PLUS SELECTSHARES type: REINVEST DIVIDEND | $9.6600 | -$449.75 |
| 06/30/2006 | Buy | 282.8200 | SWYSX | SCHWAB YIELD PLUS SELECTSHARES type: REINVEST DIVIDEND | $9.6600 | -$2,732.04 |
| 06/01/2006 | Buy | 10,351.9670 | SWYSX | SCHWAB YIELD PLUS SELECTSHARES | $9.6600 | -$100,000.00 |
| 05/31/2006 | | | SWYSX | SCHWAB YIELD PLUS SELECTSHARES type: ORD INC DIV REINV. | | $176.06 |
| 05/31/2006 | | | SWYSX | SCHWAB YIELD PLUS SELECTSHARES type: ORD INC DIV REINV. | | $2,329.68 |
| 05/31/2006 | Buy | 241.1680 | SWYSX | SCHWAB YIELD PLUS SELECTSHARES type: REINVEST DIVIDEND | $9.6600 | -$2,329.68 |
| 05/31/2006 | Buy | 18.2260 | SWYSX | SCHWAB YIELD PLUS SELECTSHARES type: REINVEST DIVIDEND | $9.6600 | -$176.06 |
| 04/28/2006 | | | SWYSX | SCHWAB YIELD PLUS SELECTSHARES type: ORD INC DIV REINV. | | $209.30 |
| 04/28/2006 | | | SWYSX | SCHWAB YIELD PLUS SELECTSHARES type: ORD INC DIV REINV. | | $1,937.24 |
| 04/28/2006 | Buy | 21.6440 | SWYSX | SCHWAB YIELD PLUS SELECTSHARES type: REINVEST DIVIDEND | $9.6700 | -$209.30 |
| 04/28/2006 | Buy | 200.3350 | SWYSX | SCHWAB YIELD PLUS SELECTSHARES type: REINVEST DIVIDEND | $9.6700 | -$1,937.24 |
| 04/11/2006 | Buy | 8,281.5740 | SWYSX | SCHWAB YIELD PLUS SELECTSHARES | $9.6600 | -$80,000.00 |

0006-5926

Brokerage Products: Not FDIC Insured • No Bank Guarantee • May Lose Value

Today's Date: 04/18/08 11:37 AM EDT

*charles* **SCHWAB**

Trade Confirmation

101 Montgomery Street  San Francisco  California  94104  800 435 4000  www.schwab.com

Retain for Your Records

Account Number: 6749-4701
Page 1 of 1

Mail To

KEVIN M O'DONNELL
8876 WESTLAKE DR
GREENDALE WI  53129

017622

Going paperless is easy. Log on to *www.schwab.com/paperless.*

| Security Description | | |
|---|---|---|

| | Action | BOUGHT | |
|---|---|---|---|
| SCHWAB YIELD PLUS SELECT | Symbol: | SWYSX | Trade Date: | 1/13/06 |
| SHARES | Security No./Cusip: | 808525-20-8 | Settlement Date: | 1/17/06 |
| Reinv Divs/Reinv Cap Gns | Branch Code: | MLYY | Type: | Cash |

| Quantity | Price | Principal | Fees & Charges | Total Amount |
|---|---|---|---|---|
| 36,231.884 | $9.66 | $350,000.00 | N/A | $350,000.00 |

For all of the above:
Executed by fund
Solicited trade
Capacity code AM
With prospectus 00000

00001762201 01

©2005 Charles Schwab & Co., Inc. All rights reserved. Member SIPC. Please see reverse for terms, conditions and capacity code definitions.
MFP YY 2

SIPC

*charles* SCHWAB

Trade Confirmation

101 Montgomery Street  San Francisco  California 94104  800 435 4000  www.schwab.com

Retain for Your Records

**Account Number: 6749-4701**
Page 1 of 1

Mail To

KEVIN M O'DONNELL
8876 WESTLAKE DR
GREENDALE WI  53129

910610

*Going paperless is easy. Log on to www.schwab.com/paperless.*

| Security Description | | | | |
|---|---|---|---|---|

| | **Action** | **BOUGHT** | | |
|---|---|---|---|---|
| SCHWAB YIELD PLUS SELECT SHARES | Symbol: | SWYSX | Trade Date: | 4/11/06 |
| Reinv Divs/Reinv Cap Gns | Security No./Cusip: | 808525-20-8 | Settlement Date: | 4/12/06 |
| | Branch Code: | MLYY | Type: | Cash |

| Quantity | Price | Principal | Fees & Charges | Total Amount |
|---|---|---|---|---|
| 8,281.574 | $9.66 | $80,000.00 | N/A | $80,000.00 |

*For all of the above:*
*Executed by fund*
*Unsolicited trade*
*Capacity code AM*
*Prospectus prev. sent*

0000190160101

©2005 Charles Schwab & Co., Inc. All rights reserved. Member SIPC. Please see reverse for terms, conditions and capacity code definitions.
MFR YY 2



*charles* **SCHWAB**

Trade Confirmation

101 Montgomery Street  San Francisco  California  94104  800 435 4000  www.schwab.com

Retain for Your Records

Account Number: 6749-4701
Page 1 of 1

Mail To

KEVIN M O'DONNELL
8876 WESTLAKE DR
GREENDALE WI 53129

021021

---

Going paperless is easy. Log on to www.schwab.com/paperless.

---

| Security Description | | | |
|---|---|---|---|

| | Action | BOUGHT | |
|---|---|---|---|
| SCHWAB YIELD PLUS SELECT SHARES | Symbol: | SWYSX | Trade Date: 2/21/06 |
| Reinv Divs/Reinv Cap Gns | Security No./Cusip: | 808525-20-8 | Settlement Date: 2/22/06 |
| | Branch Code: | MLYY | Type: Cash |

| Quantity | Price | Principal | Fees & Charges | Total Amount |
|---|---|---|---|---|
| 15,527.950 | $9.66 | $150,000.00 | N/A | $150,000.00 |

*For all of the above:*
*Executed by fund*
*Unsolicited trade*
*Capacity code AM*
*Prospectus prev. sent*

0000210210101

©2005 Charles Schwab & Co., Inc. All rights reserved. Member SIPC. Please see reverse for terms, conditions and capacity code definitions.
MFR YY 2

SIPC

Exhibit 3

1

2

3

4

5

6        IN THE UNITED STATES DISTRICT COURT

7

8        FOR THE NORTHERN DISTRICT OF CALIFORNIA

9

10   MIKE LABINS, on behalf of himself and all        No. C 08-01510 WHA

11   others similarly situated,                     No. C 08-01733 WHA

                                            No. C 08-01936 WHA

12         Plaintiff,                        No. C 08-01994 WHA

                                            No. C 08-02058 WHA

13      v.                                   No. C 08-02487 WHA

14   CHARLES SCHWAB CORPORATION,
     CHARLES SCHWAB & CO. INC.,

15   CHARLES SCHWAB INVESTMENT         **COURT QUESTIONNAIRE TO**
     MANAGEMENT, INC., CHARLES R.        **LEAD PLAINTIFF CANDIDATES**

16   SCHWAB, EVELYN DILSAVER,
     RANDALL W. MERK and GEORGE

17   PEREIRA,

18         Defendants.
    ————————————————————/

19

20   GERRY HAGEMAN, on behalf of himself and
     all others similarly situated,

21

        Plaintiff,

22

     v.

23

  CHARLES SCHWAB CORPORATION,

24   CHARLES SCHWAB & CO. INC.,
     CHARLES SCHWAB INVESTMENT

25   MANAGEMENT, INC., CHARLES R.
     SCHWAB, EVELYN DILSAVER,

26   RANDALL W. MERK and GEORGE
     PEREIRA,

27

        Defendants.

28    ————————————————————/

*United States District Court*
*For the Northern District of California*

**United States District Court**
For the Northern District of California

1    W. MERRILL GLASGOW, on behalf of
     himself and all others similarly situated,
2
                    Plaintiff,
3
4         v.

5    CHARLES SCHWAB CORPORATION,
     CHARLES SCHWAB & CO. INC.,
6    CHARLES SCHWAB INVESTMENT
     MANAGEMENT, INC., CHARLES R.
7    SCHWAB, EVELYN DILSAVER,
     RANDALL W. MERK and GEORGE
     PEREIRA,
8
                    Defendants.
9    _____/

10
11   NILS FLANZRAICH and JILL
     FLANZRAICH, on behalf of himself and all
12   others similarly situated,

13                  Plaintiff,

14        v.

15   CHARLES SCHWAB CORPORATION,
     CHARLES SCHWAB & CO. INC.,
16   CHARLES SCHWAB INVESTMENT
     MANAGEMENT, INC., CHARLES R.
17   SCHWAB, SCHWAB INVESTMENTS;
     SCHWAB YIELDPLUS FUND SELECT
18   SHARES; EVELYN DILSAVER; RANDALL
     W. MERK, and GEORGE PEREIRA,
19
                    Defendants.
20   _____/

21
22
23
24
25
26
27
28

2

1    VINAYAK R. PAI DEFINED BENEFITS
     PENSION PLAN, on behalf of himself and all
2    others similarly situated,

3                    Plaintiff,

4        v.

5    CHARLES SCHWAB CORPORATION,
     CHARLES SCHWAB & CO. INC.,
6    CHARLES SCHWAB INVESTMENT
     MANAGEMENT, INC., SCHWAB
7    INVESTMENTS, CHARLES R. SCHWAB,
     EVELYN DILSAVER, RANDALL W.
8    MERK, GREGORY HAND, GEORGE
     PEREIRA, DONALD F. DOWARD,
9    MARIANN BYERWALTER, WILLIAM A.
     HASLER, ROBERT G. HOLMES, GERALD
10   B. SMITH, DONALD R. STEPHENS,
     MICHAEL W. WILSEY, and JEFF LYONS,
11
12                  Defendants.
     _____/
13
     ROBERT LEVINS and KARL KYZER, on
14   behalf of himself and all others similarly
     situated,
15
                    Plaintiffs,
16
         v.
17
     CHARLES SCHWAB CORPORATION,
18   CHARLES SCHWAB & CO. INC.,
     CHARLES SCHWAB INVESTMENT
19   MANAGEMENT, INC., CHARLES R.
     SCHWAB, EVELYN DILSAVER,
20   RANDALL W. MERK, MARIANN
     BYERWALTER, DONALD F. DORWARD,
21   WILLIAM A. HASLER, ROBERT G.
     HOLMES, GERALD B. SMITH, DONALD R.
22   STEPHENS, and MICHAEL W. WILSEY,

23                  Defendants.
     _____/
24
25
26   TO EACH LEAD PLAINTIFF CANDIDATE:

27        The Court appreciates your interest in serving as the lead plaintiff in this lawsuit.  You

28   must personally read this statement of duties of the lead plaintiff and how class counsel will be

     selected and approved.  It is important for you to understand that the lead plaintiff will have to

United States District Court
For the Northern District of California

3

1  take an active role in managing the lawsuit. You could not, if selected, simply leave the case

2  for counsel to handle.

3     In 1996, our Congress enacted a statute known as the Private Securities Litigation

4  Reform Act (PSLRA). The PSLRA seeks to place a real investor, not a lawyer, in charge of any

5  securities class action. To do this, the PSLRA created a statutory position of responsibility

6  called "the lead plaintiff." This officer acts as a fiduciary for all members of the proposed class

7  and must manage the case to obtain the largest recovery for the proposed class consistent with

8  good faith and meritorious advocacy.

9     Over the course of the litigation, the lead plaintiff must take affirmative steps to keep

10  himself or herself reasonably informed on the progress and status of the case, including its

11  strengths and weaknesses, the prospects for settlement, and the resources invested in the suit or

12  proposed to be invested. With respect to each major litigation decision — such as important

13  motions, settlement discussions and trial preparation — the lead plaintiff shall have the

14  authority and responsibility to manage the case and to direct class counsel, after, of course,

15  receiving the advice of class counsel. The lead plaintiff shall meet in person with counsel

16  periodically, shall attend all major hearings and mediation sessions, and shall attend trial. And,

17  of course, the lead plaintiff must give deposition and trial testimony. No settlement will be

18  approved by the Court without the lead plaintiff's careful recommendation in favor of it.

19  Reasonable travel, telephone and business expenses incurred as a result of the lead plaintiff

20  duties may be reimbursed as expenses from any recovery or may be advanced by class counsel.

21     The first obligation of the lead plaintiff will be to select and propose class counsel for

22  court approval, an important choice that will warrant care and due diligence. No decision by

23  the lead plaintiff is more important than the selection of class counsel. Like any other important

24  decision by a fiduciary, the decision should be preceded by due diligence. The extent of such

25  due diligence will be a matter of judgment based on the facts and circumstances. Significantly,

26  even if you have already retained a lawyer for yourself in this matter, if you are selected as the

27  lead plaintiff, you would assume a higher responsibility, and would then be obligated to

28

United States District Court
For the Northern District of California

**United States District Court**
For the Northern District of California

1    undertake due diligence appropriate to the higher responsibility. In selecting class counsel, you

2    could not automatically keep your present lawyer.

3        In selecting class counsel, the lead plaintiff has an obligation to assess the trial and

4    securities track records of the specific lawyer candidate who would perform the actual work for

5    the class. This requires evaluation of particular, individual lawyers. In exercising due

6    diligence, it is also important to compare fees and expenses proposed by the candidates, *i.e.*, to

7    comparison shop. In securities class actions, class counsel are usually awarded a fee (plus all

8    reasonable expenses) from the recovery. Only the leftover residue is distributed to the class.

9    The greater the fees and expenses, therefore, the less will be available for the investors. It is not

10   uncommon for fees and expenses, plus the costs of administration and distribution, to reduce the

11   individual plaintiffs' recovery to a few cents per share. In the Court's experience, excellent

12   candidates will differ substantially in their up-front fee proposals. In one securities case, for

13   example, the fee proposals of excellent candidates varied from as low as eight percent to over

14   twenty-five percent of the eventual recovery. The lead plaintiff has an obligation to the investor

15   class to take such potential savings into account.

16       Depending upon the facts and circumstances, the Court may require the lead plaintiff to

17   evaluate competitive proposals from various lawyers seeking the job of class counsel, including

18   from his or her present counsel. (If so, the Court would post an order soliciting proposals and

19   arrange for the proposals to be delivered to the lead plaintiff.) It is important to the Court, in

20   evaluating the qualifications of lead-plaintiff candidates, to know in advance that the lead-

21   plaintiff candidate is fully prepared to carry out his or her lead-plaintiff responsibilities, as

22   outlined above, and to fully comply with any such process and fully prepared to serve as lead

23   plaintiff even if his or her present counsel is not selected and/or approved as class counsel.

24       With the benefit of the foregoing information, please answer the following questions in

25   your own handwriting:

26   1.    State your name, address, phone and fax number.

27        JAMES E. COFFIN, PO Box 142, 99 Victorian Valley DR.,

28   ORCAS, WA 98280. Telephone: (360) 376-9017,

Case 3:08-cv-01510-WHA    Document 50-2    Filed 06/11/2008    Page 6 of 8

1    facsimile: (360) 376-9018

2    2.    What are your qualifications to be the lead plaintiff?

3    Please see supplemental page attached.

4

5

6

7    3.    If you are an institutional investor or other organization, identify the individual who

8    would primarily be in charge of managing your litigation responsibilities as the lead

9    plaintiff and the individual's experience and qualifications. State the location of the

10   individual's workplace.

11   Please see supplemental page attached.

12

13

14

15   4.    What experience have you had in managing litigation? If you are an institution or

16   organization, do you have an in-house counsel and, if so, what would be his or her role

17   in this case if you were selected as lead plaintiff?

18   Please see supplemental page attached

19

20

21

22

23   5.    List each transaction you made in the securities at issue up to the present (not just during

24   the class period), including the dollar amounts, the number of shares, the price, and the

25   dates. As to each, were they open-market transactions or negotiated transactions? To

26   what extent were your transactions in the United States versus abroad?

27   Please see transaction summary attached. All

28   transactions were open market in United States.

**United States District Court**
For the Northern District of California

1

2

3

4

5    6.    Are there any circumstances that might give rise to possible issues asserted against you

6    that would not generally apply against the rest of the class? Have you ever been

7    convicted of a crime? If so, state the circumstances. Have you ever been sued in a fraud

8    suit? If so, state the circumstances.

9    *no, to all questions.*

10

11

12    7.    Do you have the time and are you willing to travel as needed to carry out the

13    lead-plaintiff responsibilities described above?

14    *Yes to both parts of the question.*

15

16    8.    Is your willingness to serve as a lead plaintiff contingent on being reimbursed by

17    counsel for your expenses in the event there is no recovery in the case?

18    *no.*

19

20    9.    Who prepared and/or reviewed the answers given above? Did any lawyer assist in any

21    way? If so, identify each such lawyer.

22    *I submitted my answers to Hagens, Berman*

23    *Sobol Shapiro LLP for review. Answers are mine.*

24    10.    List each previous case in which the lead-plaintiff candidate has been a lead plaintiff.

25    *none.*

26

27

28

Case 3:08-cv-01510-WHA    Document 50-2    Filed 06/11/2008    Page 8 of 8

1       Read the following and if you agree with the following, insert your name in the blank

2   and then sign below.

3       **I have read and understand the above, including the duties of lead plaintiff and the**

4   **procedure for selecting and approving class counsel.  I agree and promise to faithfully**

5   **execute those provisions.  Once class counsel are selected and approved, I will work and**

6   **cooperate fully with such counsel for the benefit of the investor class and will do so**

7   **regardless of whether the selection-and-approval process for counsel results in**

8   **appointment of lawyers other than my initial choice.**

9       I certify under penalty of perjury that the foregoing is true and correct.

10

11

12

13

14  Dated:    June 19, 2008                  _____

15                                                  Lead Plaintiff Candidate

16

17                    C-Y DEVELOPMENT CO.

                      Name of Lead Plaintiff Candidate if Organization

18

19                           JAMES C. LOFFIN

20                        Title of Person Signing on Behalf of Organization

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California

8

Supplement to Court Questionnaire to Lead Plaintiff Candidates
Page 1 of 1

2.      I have the broad experience, skill and will to exercise sound and independent judgment and am highly motivated to see that my interests, and, by way of extension those of the class, are effectively and efficiently represented in this matter. Taken collectively, the following demonstrate the well-rounded perspective I believe necessary to an effective lead plaintiff.

My experience/training in brief sum: BS Loma Linda University 1974, JD University of San Diego cum laude (with numerous other awards) 1986, member California bar. I have extensive legal experience in complex real estate and business transactions, served as a receiver, served as a mediator and served extensively as a volunteer arbitrator of low level consumer oriented issues (lemon law). In addition, I hold an elective public office (Fire District commissioner) and am the president and a director of a §501 (c)(3) public charity. I have 30 years experience in managing a contracting/development business owned by my family.

3.    C-Y Development Co. is the actual investor suffering the losses. I have been an officer and director since 1975, control all of the stock and will be solely responsible for managing its litigation responsibilities as lead plaintiff.

4.    I have extensive experience in working with litigators in strategizing, negotiating and structuring settlements in complex business litigation. I have managed C-Y Development's litigation matters. C-Y Does not have in-house counsel.

June 19, 2008

Transaction Summary
Acquisitions of SWYSX by C-Y Development Co.

| Date | | Shares | Symbol | Description | Price | Amount |
|---|---|---|---|---|---|---|
| 11/22/2006 | Buy | 103,305.7850 | SWYSX | SCHWAB YIELDPLUS SELECT SHARES | $9.6800 | -$1,000,000.00 |
| 11/30/2006 | Buy | 111.2460 | SWYSX | SCHWAB YIELDPLUS SELECT SHARES type: REINVEST DIVIDEND | $9.6800 | -$1,076.86 |
| 12/29/2006 | Buy | 74.7630 | SWYSX | SCHWAB YIELDPLUS SELECT SHARES type: REINVEST DIVIDEND | $9.6800 | -$723.71 |
| 12/29/2006 | Buy | 413.6620 | SWYSX | SCHWAB YIELDPLUS SELECT SHARES type: REINVEST DIVIDEND | $9.6800 | -$4,004.25 |
| 01/31/2007 | Buy | 0.0600 | SWYSX | SCHWAB YIELDPLUS SELECT SHARES type: REINVEST DIVIDEND | $9.6900 | -$0.58 |
| 01/31/2007 | Buy | 456.9530 | SWYSX | SCHWAB YIELDPLUS SELECT SHARES type: REINVEST DIVIDEND | $9.6900 | -$4,427.87 |
| 02/28/2007 | Buy | 456.0010 | SWYSX | SCHWAB YIELDPLUS SELECT SHARES type: REINVEST DIVIDEND | $9.6900 | -$4,418.65 |
| 03/30/2007 | Buy | 487.7800 | SWYSX | SCHWAB YIELDPLUS SELECT SHARES type: REINVEST DIVIDEND | $9.6900 | -$4,726.59 |
| 04/30/2007 | Buy | 449.0060 | SWYSX | SCHWAB YIELDPLUS SELECT SHARES type: REINVEST DIVIDEND | $9.6900 | -$4,350.87 |
| 05/31/2007 | Buy | 481.3540 | SWYSX | SCHWAB YIELDPLUS SELECT SHARES type: REINVEST DIVIDEND | $9.6800 | -$4,659.51 |
| 06/29/2007 | Buy | 493.0920 | SWYSX | SCHWAB YIELDPLUS SELECT SHARES type: REINVEST DIVIDEND | $9.6700 | -$4,768.20 |
| 07/31/2007 | Buy | 483.2770 | SWYSX | SCHWAB YIELDPLUS SELECT SHARES type: REINVEST DIVIDEND | $9.6200 | -$4,649.12 |
| 08/31/2007 | Buy | 563.6380 | SWYSX | SCHWAB YIELDPLUS SELECT SHARES type: REINVEST DIVIDEND | $9.4100 | -$5,303.83 |
| 09/28/2007 | Buy | 455.8410 | SWYSX | SCHWAB YIELDPLUS SELECT SHARES type: REINVEST DIVIDEND | $9.4400 | -$4,303.14 |
| 10/31/2007 | Buy | 511.8160 | SWYSX | SCHWAB YIELDPLUS SELECT SHARES type: REINVEST DIVIDEND | $9.4200 | -$4,821.31 |
| 11/30/2007 | Buy | 546.4220 | SWYSX | SCHWAB YIELDPLUS SELECT SHARES type: REINVEST DIVIDEND | $9.1700 | -$5,010.69 |
| 12/31/2007 | Buy | 506.9590 | SWYSX | SCHWAB YIELDPLUS SELECT SHARES type: REINVEST DIVIDEND | $9.0700 | -$4,598.12 |
| 01/31/2008 | Buy | 501.5940 | SWYSX | SCHWAB YIELDPLUS SELECT SHARES type: REINVEST DIVIDEND | $8.9300 | -$4,479.23 |
| 02/29/2008 | Buy | 511.1750 | SWYSX | SCHWAB YIELDPLUS SELECT SHARES type: REINVEST DIVIDEND | $8.7900 | -$4,493.23 |

Page 1 of 1

June 19, 2008

*charles* **SCHWAB**

**Trade Confirmation**

101 Montgomery Street, San Francisco, CA 94104  1-800-435-4000  www.schwab.com

Retain for Your Records

**Account Number:**
**Page 1 of 3**

**Mail To**

L TRR <6 00032811 000000051536 0002 20080521
  C-Y DEVELOPMENT CO

*Going paperless is easy. Log on to www.schwab.com/paperless.*

| Security Description |
|---|

|  | **Action** | **SOLD** |  |
|---|---|---|---|
| SCHWAB YIELDPLUS SELECT SHARES<br>Cash Divs/Cash Cap Gains | **Symbol:**<br>**Security No./Cusip:**<br>**Branch Code:** | SWYSX<br>808525-20-8<br>UPYY | **Trade Date:**      5/21/08<br>**Settlement Date:** 5/22/08<br>**Type:**              Margin |

| Quantity | Price | Principal | Charges and/or Interest | Total Amount |
|---|---|---|---|---|
| 110,810.424 | $6.32 | $700,321.88 | N/A | $700,321.88 |

**For all of the above:**
*Executed by fund*
*Unsolicited trade*
*Capacity code AM*

# Exhibit 4



1

2

3

4

5

6                         IN THE UNITED STATES DISTRICT COURT

7                        FOR THE NORTHERN DISTRICT OF CALIFORNIA

8

9

10   MIKE LABINS, on behalf of himself and all          No. C 08-01510 WHA
     others similarly situated,                          No. C 08-01733 WHA
11                                                        No. C 08-01936 WHA
12                Plaintiff,                              No. C 08-01994 WHA
                                                         No. C 08-02058 WHA
13       v.                                              No. C 08-02487 WHA

14   CHARLES SCHWAB CORPORATION,
     CHARLES SCHWAB & CO. INC.,
15   CHARLES SCHWAB INVESTMENT                           **COURT QUESTIONNAIRE TO**
     MANAGEMENT, INC., CHARLES R.                        **LEAD PLAINTIFF CANDIDATES**
16   SCHWAB, EVELYN DILSAVER,
     RANDALL W. MERK and GEORGE
17   PEREIRA,

18                Defendants.
                                                    /
19

20   GERRY HAGEMAN, on behalf of himself and
     all others similarly situated,
21
22                Plaintiff,

23       v.

24   CHARLES SCHWAB CORPORATION,
     CHARLES SCHWAB & CO. INC.,
25   CHARLES SCHWAB INVESTMENT
     MANAGEMENT, INC., CHARLES R.
26   SCHWAB, EVELYN DILSAVER,
     RANDALL W. MERK and GEORGE
27   PEREIRA,

28                Defendants.
                                                    /

**United States District Court**
For the Northern District of California

In Re Charles Schwab Corp. Securities Litigation
Master File No. C 08-01510 WHA
RESPONSE TO COURT QUESTIONNARE
FOR LEAD PLAINTIFF CANDIDATES

No 1.    David A. Mikelonis
         1899 Glen Drive
         Jackson, MI   49203
         mikelonisjax @ yahoo.com      e-mail

         (517) 784-7312    telephone and fax *
         * best to scan docs (and/or convert to pdf files)
         and send via e-mail as attachments to
         above e-mail address.

No. 2.    See Attachment A hereto.

No. 3.    Not Applicable

No. 4.    See Attachment B hereto.

No. 5.    See MIKELONIS trading history
          for David & Gretchen
          attachedfor SWYSX
          These were all open market
          transactions executed
          in the United States and
          were self-directed by me.
          Per Schwab, our losses total
              $ 236,416.86.
          Wife still owns 14,575 shares
          w/ approx $/00 market value.

                                    p1 of 11

No. 6.
No special circumstances apply to me of which I am aware that do not apply generally to the rest of the class. I have never been convicted of a crime. I have never been sued for fraud.

No. 7.
I am retired from full-time work and can schedule time to participate among my other activities and am willing to travel as needed.
HOWEVER, I have been traveling in China since June 11 and will not be leaving Hong Kong until July 3 to return to Chicago.

No. 8.
I am willing to share some of the risk of no recovery in terms of having some portion of my expenses not reimbursed. However, I believe it appropriate from a cash flow perspective to have the expenses advanced contingent on repayment at a share if there is zero recovery in the case.

p 2 of 11

No. 9.    I prepared these answers myself
but showed them to Reed Kathrein
when I asked him to submit them
to the Court for me.

With respect to typed attachments:

Attachment A is based on a bio I drafted
and provided to Reed Kathrein and which
we were preparing to file with the
Court as part of a declaration.

Attachment B — — I prepared this
and asked Reed Kathrein to file
with Court as part of my responses.

Trading Histories — — I prepared
these from our Schwab records and
sent to Reid Kathrein after contacting
his firm after reading article in
The Wall Street Journal

No. 10.    Never been a lead plaintiff
but see Attachment A, pg 7 of 11.

p 3 of 11

No. 7.    <u>Supplemental Response</u>

After returning from China, I have commitments in Washington, D.C. on July 9 - 12. I could meet with the Court in San Francisco on either July 14 or 15th -- maybe even July 16 - 18. I guess July 7th & 8th would be a possibility, but it would be tough due to jet lag, etc.

<u>General Note</u>

I read & had access to a hard copy of the Court's questionnaire in DOC 50-2 filed on 6/11/2008 when preparing these handwritten responses. Also read the Court's orders.

*Daniel A. Mikulecis*

June 16, 2008

p 4 of 11

1    Read the following and if you agree with the following, insert your name in the blank

2    and then sign below.

3    **I have read and understand the above, including the duties of lead plaintiff and the**

4    **procedure for selecting and approving class counsel. I agree and promise to faithfully**

5    **execute those provisions. Once class counsel are selected and approved, I will work and**

6    **cooperate fully with such counsel for the benefit of the investor class and will do so**

7    **regardless of whether the selection-and-approval process for counsel results in**

8    **appointment of lawyers other than my initial choice.**

9    I certify under penalty of perjury that the foregoing is true and correct.

10

11

12

13    Dated:  June 16, 2008          *David A. Mikelonis*

14                                  _____
                                    Lead Plaintiff Candidate

15                                  *David A. Mikelonis*

16

17                                  _____
                                    Name of Lead-Plaintiff Candidate if Organization

18

19

20                                  _____
                                    Title of Person Signing on Behalf of Organization

21

22

23

24

25                                  p 5 of 11

26

27

28

<div style="text-align:center">United States District Court
For the Northern District of California</div>

8

David and Gretchen Mikelonis are married. Mr. Mikelonis made the investment decisions and invested the funds for both in the Schwab YieldPlus Funds. Mr. Mikelonis is an attorney admitted to the bar in the State of Michigan and admitted to practice in numerous federal courts and the United States Supreme Court. He has degrees from the University of Notre Dame, A.B. in Government and International Relations, June 1970; University of Michigan Law School, J.D., August 1972; and University of Michigan Graduate School of Business, M.B.A., April 1979.

Prior to retirement from full time employment in September 2004, Mr. Mikelonis was Vice President and General Attorney of Consumers Energy Company ("Consumers") from February 1986 to December 1988, and then Senior Vice President and General Counsel from December 1988 to September 2004  In his capacity at Consumers, he managed every aspect of a department with an annual budget in the millions of dollars. This included being ultimately responsible for all litigation in which Consumers was involved in state and federal courts. This responsibility included close supervision of the legal strategy and its implementation in all of the significant court litigation (including commercial arbitrations) and regulatory and administrative proceedings encountered before state and federal agencies. In addition, he personally handled important contract matters and governance matters. He was also a registered lobbyist agent with the Michigan Secretary of State on behalf of Consumers and participated in the Lansing legislative process with respect to legislation and regulations of interest to Consumers. Finally, several times, most recently in 2006, at their personal requests, he has also served as a Jackson County co-chair of the nonpartisan re-election efforts of four sitting justices of the Michigan Supreme Court.

p 6 of 11

1

small legal office in Washington, D.C. The total staff varied over the years, but generally consisted of between 60-70 people. Of that number, there were approximately 30 lawyers, a half dozen paralegals, a data base management group, three professional investigators, one office manager, with the balance being support and clerical staff of various types. He supplemented in-house staff with carefully selected outside counsel chosen for assignments depending on the matter involved and the best interests of the client. In his role, he had responsibility for developing and administering budgets and five-year plans for the legal department and participated in the company's overall budgeting and planning process each year.

While working for Consumers, he was involved from a defendant's perspective in two separate instances of shareholder litigation. One occurred in the late 1980s when Consumers was named as a defendant in the wake of ceasing construction in 1984 on the Midland nuclear plant. The other was in 2002-04 when Consumers was named as one of several corporate defendants after publication of an article in *The Wall Street Journal* on "round trip trading" engaged in by one of its sister companies. Consumers was dismissed from this latter litigation on motion.

Since retiring, Mr. Mikelonis has previously served in 2006 as secretary for a group of employee/investors who objected to various aspects of a settlement in ERISA litigation in the U.S. District Court for the Eastern District of Michigan involving CMS Energy Corporation (Master File No. 02-CV-72834), including an objection to fees and expenses. He and another retired officer of Consumers also filed objections in 2007 to a class action settlement in shareholder litigation in the U. S. District Court in the Eastern District of Michigan involving CMS Energy Corporation (Master File No. 02-CV-72004) and participated in the fairness hearing related to the settlement. They also filed a claim of appeal with the Sixth Circuit Court of Appeals after failing to obtain relief at the fairness hearing. Judge Steeh was the presiding District Court judge in both instances. p 7 of 11

2

Attachment B prepared by David Mikelonis to Questionnaire

for Lead Plaintiff Candidates in Master File No. C 08-01510 WHA

As set forth in Attachment 8, I have spend 18 years as a general counsel for a large Michigan public utility. As chief legal officer, I was ultimately responsible for all litigation in which the company was involved. The utility operated in every county of the lower peninsula of Michigan, had from 8,000 – 14,000 employees during this period, and had over 1 million electric customers and 1 million gas customers so there was always a significant amount of litigation of various types pending at any moment. In the vast majority, we were the defendant, but we also were plaintiff at times. Our legal department had an in-house tort and commercial litigation practice group, but we also supplemented it with outside counsel. My approval was needed for hiring all outside counsel in the company so I have had extensive experience in the selection and management of outside counsel, including the creation of innovative fee arrangements with our counsel.

There was almost a ten year period when we were defendant in almost 300 cases similar to a mass product liability situation, where we hired a number of different law firms and followed a strategy of preparing all cases for trial without seeking adjournments. The firms signed agreements which I conceived which had at least part of their compensation based on their success in securing no causes. We also hired a separate full time coordinator to keep all of the law firms on the same page and to prevent duplication of effort.

As plaintiff, we had had least two significant pieces of litigation where we negotiated contingent fees with our outside counsel based on the recovery we received. One went to hearing before an arbitrator and we persuaded the defendants to require the arbitrator to select "baseball style" among one of two forms of relief - - ours or the defendant insurance companies.



1

Claims and is in the discovery stage.  The selection of counsel and negotiation of the fee

arrangement took place before I retired.  The dispute involves the failure of the U.S. Dept of

Energy to take delivery of spent nuclear fuel for permanent storage as required by contract and

federal statute.

In summary, I have extensive personal experience in managing litigation, selecting

outside counsel and negotiating innovative fee arrangements.  My personal litigation practice

involved utility rate litigation and appeals.  These "rate cases" were large and complex and

usually took months to prepare and years to try.  When appealed, which was very often, the

appeal process lasted from 2-4 years.  We did most of our utility rate work in-house for the bulk

of my career at Consumers, and I personally participated in many, many cases during my tenure

at Consumers.



2

As of May 8, 2008 based on data shown by Schwab site

## David Mikelonis Trading History in SWYSX

|  | Block A | Block B | Notes |
|---|---|---|---|
| Date acquired | Jan 23, 2007 | Jan 25, 2007 | **Block A** - - all distributions were received in cash - - These shares were held in my Schwab One brokerage account |
| No. of shares | 20,639.83499 | 51,599.587 | |
| Purchase price per share | $9.69 | $9.69 | **Block B** - - all distributions were automatically reinvested and this happened monthly - - These shares were held in my Schwab IRA |
| Date sold | April 16, 2008 | April 17, 2008 | |
| No. of shares | 20,639.835 | 55,100.634 | |
| Sales price per share | $6.74 | $6.74 | |
| Loss per Schwab | $60,887.51 | $160,941.44 | |

p 10 of 11

## David Mikelonis Trading History in SWYSX

|  | Block A | Block B | Notes |
|---|---|---|---|
| Date acquired | Jan 23, 2007 | Jan 25, 2007 | **Block A - - all distributions were received in cash - - These shares were held in my Schwab One brokerage account** |
| No. of shares | 20,639.83499 | 51,599.587 | |
| Purchase price per share | $9.69 | $9.69 | **Block B - - all distributions were automatically reinvested and this happened monthly - - These shares were held in my Schwab IRA** |
| Date sold | April 16, 2008 | April 17, 2008 | |
| No. of shares | 20,639.835 | 55,100.634 | |
| Sales price per share | $6.74 | $6.74 | |
| Loss per Schwab | $60,887.51 | $160,941.44 | |

p 10 of 11

As of May 8, 2008 based on data shown on Schwab site
Case 3:08-cv-01510-WHA    Document 68-5    Filed 06/25/2008    Page 14 of 18
<u>Gretchen Mikelonis Trading History in SWYSX</u>

|  | Block A | Block B | Notes |
|---|---|---|---|
| Date acquired | July 11, 2007 |  | **Block A** - - all distributions were automatically reinvested and this happened monthly - - These shares held in an individual Schwab One brokerage account |
| No. of shares | 5,175.98300 |  |  |
| Purchase price per share | $9.66 |  |  |
| February 1. 2008 | 157.9630 shares remain in **Block A** | 5,186.1900 shares transferred from **Block A** | **Block B** - - transferred shares held in joint Schwab One brokerage account- - all distributions were automatically reinvested and this happened monthly |
| Price of transferred shares |  | $8.93 | Journal entry on Schwab books |
| Date sold |  | March 25, 2008 |  |
| No. of shares |  | 1,060.00 |  |
| Sales price per share |  | $7.47 |  |
| Date sold |  | March 27, 2008 |  |
| No. of shares |  | 15.00 |  |
| Sales price per share |  | $7.34 |  |
| Date sold |  | April 14, 2008 |  |
| No. of shares |  | 4,156.89 | No shares left in **Block B** |
| Sales price per share |  | $6.79 | **Block B** loss is $14,146.13 per Schwab |
| Date sold | May 7, 2008 |  |  |
| No. of shares | 145.00 |  |  |
| Sales price per share | $6.56 |  | **Block A** loss is $441.78 per Schwab |
| Shares remaining | 14.382 | - - 0 - - |  |

p 11 of 11

*ics* Schwab Customer Center

The Schwab Security Guarantee

*charles* SCHWAB

Customer Service
Open an Account

Log
Out

Overview  Balances  Positions  Performance  Gain/Loss  History  Transfers & Payme

At a Gl    Accoun    Trade    Quotes    Planni    Investin    Produc    Bankin

Research    Advice

Rates & Assumptions                Page Help      Printer-Friendly Version

Your Financial Consultant is

Unrealized Gain/Loss    Realized Gain/Loss

CRETCHED M/KEOOUS    BLOCK  A  TRADING  HISTORY

Realized Gain/Loss Details for: SMYSX SCHWAB YIELDPLUS SELECT SHARES transacted    To view/print Original Lots for this security, click here
on Wed 07-MAY-2008                                                                        OS    S

| Acquired/Opened | Quantity | Proceeds Per Share | Cost Per Share | Total Proceeds | Total Cost Basis | Realized Gain/Loss | Holding Period |
|---|---|---|---|---|---|---|---|
| Thu 31-JAN-2008 | 14.44990 | 6.56 | 9.61 | 94.80 | 138.81 | -44.01 | Short Term |
| Mon 31-DEC-2007 | 24.54899 | 6.56 | 9.61 | 161.04 | 235.84 | -74.80 | Short Term |
| Fri 30-NOV-2007 | 26.45799 | 6.56 | 9.61 | 173.56 | 254.18 | -80.62 | Short Term |
| Wed 31-OCT-2007 | 24.785 | 6.56 | 9.61 | 162.58 | 238.10 | -75.51 | Short Term |
| Fri 28-SEP-2007 | 22.073 | 6.56 | 9.61 | 144.80 | 212.05 | -67.26 | Short Term |
| Fri 31-AUG-2007 | 27.29299 | 6.56 | 9.61 | 178.04 | 262.20 | -83.16 | Short Term |
| Tue 31-JUL-2007 | 5.392 | 5.56 | 9.61 | 35.37 | 51.80 | -16.43 | Short Term |
| **Total:** | | | | $951.20 | $1,392.98 | -$441.78 | |

Mutual funds use the "average cost" method to calculate cost basis and determine the gain or loss on a sale. With the average cost method, the gain or loss of a fund position you
sold is determined by subtracting the averaged cost of all the previous purchases or acquisitions of that fund in your account from the sell price of the closed lot. In order to edit the
cost basis information for shares ... please review the list above to the right ...

https://investing.schwab.com/trading/center?PvwdMsg=Msg1

[Quote]  [Symbol Lookup]

[print]

GRETCHEN MIKELONIS BLOCK B TRADING HISTORY

Realized Gain/Loss Details for: SWYSX SCHWAB YIELDPLUS
SELECT SHARES transacted on Thu 27-MAR-2008     To view/edit Original Lots for this security, click here.

| Acquired/Opened | Quantity | Proceeds Per Share | Cost Per Share | Total Proceeds | Total Cost Basis | Realized Gain/Loss | Holding Period |
|---|---|---|---|---|---|---|---|
| Wed 11-JUL-2007 | 15 | 7.34 | 9.64 | 110.10 | 144.67 | -34.57 | Short Term |
| Total: | | | | $110.10 | $144.67 | -$34.57 | |

Realized Gain/Loss Details for: SWYSX SCHWAB YIELDPLUS
SELECT SHARES transacted on Tue 25-MAR-2008     To view/edit Original Lots for this security, click here.

| Acquired/Opened | Quantity | Proceeds Per Share | Cost Per Share | Total Proceeds | Total Cost Basis | Realized Gain/Loss | Holding Period |
|---|---|---|---|---|---|---|---|
| Wed 11-JUL-2007 | 1,060 | 7.47 | 9.64 | 7,918.20 | 10,223.23 | -2,305.03 | Short Term |
| Total: | | | | $7,918.20 | $10,223.23 | -$2,305.03 | |

Realized Gain/Loss Details for: SWYSX SCHWAB YIELDPLUS
SELECT SHARES transacted on Mon 14-APR-2008     To view/edit Original Lots for this security, click here.

| Acquired/Opened | Quantity | Proceeds Per Share | Cost Per Share | Total Proceeds | Total Cost Basis | Realized Gain/Loss | Holding Period |
|---|---|---|---|---|---|---|---|
| Mon 31-MAR-2008 | 24.07499 | 6.79 | 9.63 | 163.46 | 231.85 | -68.39 | Short Term |
| Fri 29-FEB-2008 | 21.62699 | 6.79 | 9.63 | 146.85 | 208.27 | -61.42 | Short Term |
| Tue 31-JUL-2007 | 10.207 | 6.79 | 9.63 | 69.31 | 98.30 | -28.99 | Short Term |
| Wed 11-JUL-2007 | 4,100.983 | 6.79 | 9.63 | 27,845.68 | 39,493.41 | -11,647.73 | Short Term |
| Total: | | | | $28,225.30 | $40,031.83 | -$11,806.53 | |

Charles Schwab - Print Closed Lot Details

[print]

DAVID MCKEOWN'S BLOCK B TRADING HISTORY

**Realized Gain/Loss Details for: SWYSX SCHWAB YIELDPLUS SELECT SHARES transacted on Thu 17-APR-2008**

To view/edit Original Lots for this security, click here.

| Acquired/Opened | Quantity | Proceeds Per Share | Cost Per Share | Total Proceeds | Total Cost Basis | Realized Gain/Loss | Holding Period |
|---|---|---|---|---|---|---|---|
| Mon 31-MAR-2008 | 254.31099 | 6.74 | 9.66 | 1,781.47 | 2,553.47 | -772.00 | Short Term |
| Fri 29-FEB-2008 | 252.96399 | 6.74 | 9.66 | 1,704.98 | 2,443.85 | -738.87 | Short Term |
| Thu 31-JAN-2008 | 248.223 | 6.74 | 9.66 | 1,673.02 | 2,398.05 | -725.03 | Short Term |
| Mon 31-DEC-2007 | 250.877 | 6.74 | 9.66 | 1,690.91 | 2,423.69 | -732.78 | Short Term |
| Fri 30-NOV-2007 | 270.408 | 6.74 | 9.66 | 1,822.55 | 2,612.37 | -789.82 | Short Term |
| Wed 31-OCT-2007 | 253.281 | 6.74 | 9.66 | 1,707.11 | 2,446.91 | -739.80 | Short Term |
| Fri 28-SEP-2007 | 225.58199 | 6.74 | 9.66 | 1,520.42 | 2,179.32 | -658.90 | Short Term |
| Fri 31-AUG-2007 | 278.92099 | 6.74 | 9.66 | 1,879.93 | 2,694.62 | -814.69 | Short Term |
| Tue 31-JUL-2007 | 239.157 | 6.74 | 9.66 | 1,611.92 | 2,310.46 | -698.54 | Short Term |
| Fri 29-JUN-2007 | 244.014 | 6.74 | 9.66 | 1,644.65 | 2,357.39 | -712.74 | Short Term |
| Thu 31-MAY-2007 | 238.20799 | 6.74 | 9.66 | 1,605.52 | 2,301.29 | -695.77 | Short Term |
| Mon 30-APR-2007 | 222.19599 | 6.74 | 9.66 | 1,497.60 | 2,146.61 | -649.01 | Short Term |
| Fri 30-MAR-2007 | 241.38499 | 6.74 | 9.66 | 1,626.93 | 2,331.99 | -705.06 | Long Term |

# Charles Schwab - Print Closed Lot Details

| | | | | | | |
|---|---|---|---|---|---|---|
| Wed 28-FEB-2007 | 225.663 | 6.74 | 9.66 | 1,520.97 | 2,180.10 | -659.13 | Long Term |
| Wed 31-JAN-2007 | 45.85699 | 6.74 | 9.66 | 309.06 | 443.02 | -133.94 | Long Term |
| Thu 25-JAN-2007 | 51,599.58699 | 6.74 | 9.66 | 347,781.21 | 498,496.57 | -150,715.36 | Long Term |
| Total: | | | | $371,378.27 | $532,319.71 | $160,941.44 | |

Data for this holding has been edited.

Research Missing Cost Basis The historic cost basis research information is provided by Xcitek, which is not affiliated with Charles Schwab & Co., Inc. ("Schwab") or any of Schwab's affiliates. None of the information constitutes a recommendation by Schwab or a solicitation of an offer to buy or sell any securities. The information is not intended to provide tax, legal or investment advice. Schwab does not guarantee the suitability or potential value of any particular investment or information source. Neither Schwab nor Xcitek guarantees the accuracy, timeliness, completeness or correct sequencing of this information nor warrants any results from use of the information.

Mutual funds use the "average cost" method to calculate cost basis and determine the gain or loss on a sale. With the average cost method, the gain or loss of a fund position you sold is determined by subtracting the averaged cost of all the previous purchases or acquisitions of that fund in your account from the sell price of the closed lot. In order to edit the cost basis information for closed lots, please follow the link above to the Original Lots view, and select one or more editable lots to update. Updates to the original lots will flow out to any affected closed lots.

The Realized Gain/Loss page provides summary information of closed transactions. Not all closed transactions appear on this page.

The information on this page is for estimating portfolio performance only; it is not intended as tax or legal advice, and should not be used for tax purposes. Schwab is not responsible for the accuracy or completeness of the information you supply. Please check your records carefully before supplying any information.

Please note that gains and losses realized in retirement accounts are not recognized for tax purposes. Rather, income may be recognized when you receive a cash distribution from these accounts. Please contact your tax advisor for further information.

View as of: Sat Apr 26 17:30:35 EDT 2008

Exhibit 5

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIKE LABINS, on behalf of himself and all others similarly situated,<br><br>    Plaintiff,<br><br> v.<br><br>CHARLES SCHWAB CORPORATION, CHARLES SCHWAB & CO. INC., CHARLES SCHWAB INVESTMENT MANAGEMENT, INC., CHARLES R. SCHWAB, EVELYN DILSAVER, RANDALL W. MERK and GEORGE PEREIRA,<br><br>    Defendants. | No. C 08-01510 WHA<br>No. C 08-01733 WHA<br>No. C 08-01936 WHA<br>No. C 08-01994 WHA<br>No. C 08-02058 WHA<br>No. C 08-02487 WHA<br><br><br><br>**COURT QUESTIONNAIRE TO LEAD PLAINTIFF CANDIDATES** |
| GERRY HAGEMAN, on behalf of himself and all others similarly situated,<br><br>    Plaintiff,<br><br> v.<br><br>CHARLES SCHWAB CORPORATION, CHARLES SCHWAB & CO. INC., CHARLES SCHWAB INVESTMENT MANAGEMENT, INC., CHARLES R. SCHWAB, EVELYN DILSAVER, RANDALL W. MERK and GEORGE PEREIRA,<br><br>    Defendants. | |

United States District Court
For the Northern District of California

United States District Court
For the Northern District of California

1  W. MERRILL GLASGOW, on behalf of
   himself and all others similarly situated,
2
                    Plaintiff,
3
4       v.

5  CHARLES SCHWAB CORPORATION,
   CHARLES SCHWAB & CO. INC.,
6  CHARLES SCHWAB INVESTMENT
   MANAGEMENT, INC., CHARLES R.
7  SCHWAB, EVELYN DILSAVER,
   RANDALL W. MERK and GEORGE
8  PEREIRA,

                    Defendants.
9  _____/

10
   NILS FLANZRAICH and JILL
11 FLANZRAICH, on behalf of himself and all
   others similarly situated,
12
                    Plaintiff,
13
14      v.

15 CHARLES SCHWAB CORPORATION,
   CHARLES SCHWAB & CO. INC.,
16 CHARLES SCHWAB INVESTMENT
   MANAGEMENT, INC., CHARLES R.
17 SCHWAB, SCHWAB INVESTMENTS;
   SCHWAB YIELDPLUS FUND SELECT
18 SHARES; EVELYN DILSAVER; RANDALL
   W. MERK, and GEORGE PEREIRA,

19                  Defendants.
   _____/
20

21

22

23

24

25

26

27

28

                            2

United States District Court
For the Northern District of California

1    VINAYAK R. PAI DEFINED BENEFITS
     PENSION PLAN, on behalf of himself and all
2    others similarly situated,

3              Plaintiff,

4         v.

5    CHARLES SCHWAB CORPORATION,
     CHARLES SCHWAB & CO. INC.,
6    CHARLES SCHWAB INVESTMENT
     MANAGEMENT, INC., SCHWAB
7    INVESTMENTS, CHARLES R. SCHWAB,
     EVELYN DILSAVER, RANDALL W.
8    MERK, GREGORY HAND, GEORGE
     PEREIRA, DONALD F. DOWARD,
9    MARIANN BYERWALTER, WILLIAM A.
     HASLER, ROBERT G. HOLMES, GERALD
10   B. SMITH, DONALD R. STEPHENS,
     MICHAEL W. WILSEY, and JEFF LYONS,
11
               Defendants.
12   _____/

13
     ROBERT LEVINS and KARL KYZER, on
14   behalf of himself and all others similarly
     situated,
15
               Plaintiffs,
16
          v.
17
     CHARLES SCHWAB CORPORATION,
18   CHARLES SCHWAB & CO. INC.,
     CHARLES SCHWAB INVESTMENT
19   MANAGEMENT, INC., CHARLES R.
     SCHWAB, EVELYN DILSAVER,
20   RANDALL W. MERK, MARIANN
     BYERWALTER, DONALD F. DORWARD,
21   WILLIAM A. HASLER, ROBERT G.
     HOLMES, GERALD B. SMITH, DONALD R.
22   STEPHENS, and MICHAEL W. WILSEY,

23             Defendants.
     _____/
24

25

26   TO EACH LEAD PLAINTIFF CANDIDATE:

27        The Court appreciates your interest in serving as the lead plaintiff in this lawsuit. You

28   must personally read this statement of duties of the lead plaintiff and how class counsel will be

     selected and approved. It is important for you to understand that the lead plaintiff will have to

                                         3

1    take an active role in managing the lawsuit. You could not, if selected, simply leave the case
2    for counsel to handle.

3         In 1996, our Congress enacted a statute known as the Private Securities Litigation
4    Reform Act (PSLRA). The PSLRA seeks to place a real investor, not a lawyer, in charge of any
5    securities class action. To do this, the PSLRA created a statutory position of responsibility
6    called "the lead plaintiff." This officer acts as a fiduciary for all members of the proposed class
7    and must manage the case to obtain the largest recovery for the proposed class consistent with
8    good faith and meritorious advocacy.

9         Over the course of the litigation, the lead plaintiff must take affirmative steps to keep
10   himself or herself reasonably informed on the progress and status of the case, including its
11   strengths and weaknesses, the prospects for settlement, and the resources invested in the suit or
12   proposed to be invested. With respect to each major litigation decision — such as important
13   motions, settlement discussions and trial preparation — the lead plaintiff shall have the
14   authority and responsibility to manage the case and to direct class counsel, after, of course,
15   receiving the advice of class counsel. The lead plaintiff shall meet in person with counsel
16   periodically, shall attend all major hearings and mediation sessions, and shall attend trial. And,
17   of course, the lead plaintiff must give deposition and trial testimony. No settlement will be
18   approved by the Court without the lead plaintiff's careful recommendation in favor of it.
19   Reasonable travel, telephone and business expenses incurred as a result of the lead plaintiff
20   duties may be reimbursed as expenses from any recovery or may be advanced by class counsel.

21        The first obligation of the lead plaintiff will be to select and propose class counsel for
22   court approval, an important choice that will warrant care and due diligence. No decision by
23   the lead plaintiff is more important than the selection of class counsel. Like any other important
24   decision by a fiduciary, the decision should be preceded by due diligence. The extent of such
25   due diligence will be a matter of judgment based on the facts and circumstances. Significantly,
26   even if you have already retained a lawyer for yourself in this matter, if you are selected as the
27   lead plaintiff, you would assume a higher responsibility, and would then be obligated to

28

United States District Court
For the Northern District of California

4

United States District Court

For the Northern District of California

1    undertake due diligence appropriate to the higher responsibility. In selecting class counsel, you

2    could not automatically keep your present lawyer.

3        In selecting class counsel, the lead plaintiff has an obligation to assess the trial and

4    securities track records of the specific lawyer candidate who would perform the actual work for

5    the class. This requires evaluation of particular, individual lawyers. In exercising due

6    diligence, it is also important to compare fees and expenses proposed by the candidates, i.e., to

7    comparison shop. In securities class actions, class counsel are usually awarded a fee (plus all

8    reasonable expenses) from the recovery. Only the leftover residue is distributed to the class.

9    The greater the fees and expenses, therefore, the less will be available for the investors. It is not

10   uncommon for fees and expenses, plus the costs of administration and distribution, to reduce the

11   individual plaintiffs' recovery to a few cents per share. In the Court's experience, excellent

12   candidates will differ substantially in their up-front fee proposals. In one securities case, for

13   example, the fee proposals of excellent candidates varied from as low as eight percent to over

14   twenty-five percent of the eventual recovery. The lead plaintiff has an obligation to the investor

15   class to take such potential savings into account.

16       Depending upon the facts and circumstances, the Court may require the lead plaintiff to

17   evaluate competitive proposals from various lawyers seeking the job of class counsel, including

18   from his or her present counsel. (If so, the Court would post an order soliciting proposals and

19   arrange for the proposals to be delivered to the lead plaintiff.) It is important to the Court, in

20   evaluating the qualifications of lead-plaintiff candidates, to know in advance that the lead-

21   plaintiff candidate is fully prepared to carry out his or her lead-plaintiff responsibilities, as

22   outlined above, and to fully comply with any such process and fully prepared to serve as lead

23   plaintiff even if his or her present counsel is not selected and/or approved as class counsel.

24       With the benefit of the foregoing information, please answer the following questions in

25   your own handwriting:

26   1.   State your name, address, phone and fax number.

27        John A Hill - 6215 Waverly Ave - La Jolla

28        Ca. - phone 858) 459-0662

5

fax — call first as I have to turn the fax

1   on. fax is 858 - 459 - 0662

2   2.   What are your qualifications to be the lead plaintiff?

3   I have a strong incentive to right

4   the wrongs caused by Schwabs

5   actions that I believe were to increase

6   their profits at the expense and safty — see

7   3.   If you are an institutional investor or other organization, identify the individual who  extra page

8        would primarily be in charge of managing your litigation responsibilities as the lead

9        plaintiff and the individual's experience and qualifications.  State the location of the

10       individual's workplace.

11   no

12

13

14

15   4.   What experience have you had in managing litigation?  If you are an institution or

16       organization, do you have an in-house counsel and, if so, what would be his or her role

17       in this case if you were selected as lead plaintiff?

18   none

19

20

21

22

23   5.   List each transaction you made in the securities at issue up to the present (not just during

24       the class period), including the dollar amounts, the number of shares, the price, and the

25       dates.  As to each, were they open-market transactions or negotiated transactions?  To

26       what extent were your transactions in the United States versus abroad?

27   I am in Hawaii on vacation.

28   I will have to answer these

United States District Court
For the Northern District of California

6

1  *questions when I get back*
2  *on home on 6-23-08*
3
4

5  6.  Are there any circumstances that might give rise to possible issues asserted against you
6      that would not generally apply against the rest of the class? Have you ever been
7      convicted of a crime? If so, state the circumstances. Have you ever been sued in a fraud
8      suit? If so, state the circumstances.
9      *none*
10
11
12  7.  Do you have the time and are you willing to travel as needed to carry out the
13      lead-plaintiff responsibilities described above?
14      *yes*
15
16  8.  Is your willingness to serve as a lead plaintiff contingent on being reimbursed by
17      counsel for your expenses in the event there is no recovery in the case?
18      *yes*
19
20  9.  Who prepared and/or reviewed the answers given above? Did any lawyer assist in any
21      way? If so, identify each such lawyer.
22      *myself.*
23
24  10. List each previous case in which the lead-plaintiff candidate has been a lead plaintiff.
25      *none*
26
27
28

United States District Court
For the Northern District of California

7

<div style="margin-left: 2em;">United States District Court<br>For the Northern District of California</div>

1         Read the following and if you agree with the following, insert your name in the blank

2    and then sign below.

3         I have read and understand the above, including the duties of lead plaintiff and the

4    procedure for selecting and approving class counsel. I agree and promise to faithfully

5    execute those provisions. Once class counsel are selected and approved, I will work and

6    cooperate fully with such counsel for the benefit of the investor class and will do so

7    regardless of whether the selection-and-approval process for counsel results in

8    appointment of lawyers other than my initial choice.

9         I certify under penalty of perjury that the foregoing is true and correct.

10

11

12

13    Dated:  6 -18-08

14    _____
      Lead Plaintiff Candidate

15

16

17    _____
      Name of Lead-Plaintiff Candidate if Organization

18

19

20    _____
      Title of Person Signing on Behalf of Organization

21

22

23

24

25

26

27

28

2. continued

of my money that was invested in the fund in question.

I believe I have the ability to work honestly and fairly with people. I learned to do this when employed at Lockheed Missle Systems.

CERTIFICATION OF NAMED PLAINTIFF
PURSUANT TO FEDERAL SECURITIES LAWS

John Hill ("Plaintiff") declares as to the claims asserted under the federal securities laws, that:

1.    Plaintiff has reviewed a complaint alleging securities fraud against the Charles Schwab Corporation, *et al.*, and authorized its filing.

2.    Plaintiff did not acquire the security that is the subject of this action at the direction of Plaintiff's counsel in order to participate in this private action or any other litigation under the federal securities laws.

3.    Plaintiff is willing to serve as a representative party on behalf of the class, including providing testimony at deposition and trial, if necessary.

4.    Plaintiff has made no transaction(s) during the Class Period in the debt or equity securities that are the subject of this action except those set forth below:

| Acquisitions | Date Acquired | No. Shares Acquired | Acquisition Price Per Share |
|---|---|---|---|
| SWYSX (Schwab YieldPlus Select) | 12-06-06 | 209,254.4970 | 9.68 |
| " " | 1 - 07 | 13,415.8930 | 9.69 |
| " " IRA | 12-06-06 | 13,144.945 | 9.69 |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

| Sales | Date Sold | No. Shares Sold | Selling Price Per Share |
|---|---|---|---|
| SWYSX (Schwab YieldPlus Select) | all 3-04-08 | 222,670.39 | 8.68 |
| " " IRA | 3-07-08 | 12473.945 | 8.39 |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

5.    During the three years prior to the date of this Certificate, Plaintiff has not sought to serve or served as a representative party for a class in the following actions filed under the federal securities laws except as detailed below:

6.    Plaintiff will not accept any payment for serving as a representative party on behalf of the class beyond the Plaintiff's pro rata share of any recovery, except such reasonable costs and expenses (including lost wages) directly relating to the representation of the class as ordered or approved by the court.

# Exhibit 6

1

2

3

4

5

6                    IN THE UNITED STATES DISTRICT COURT

7                   FOR THE NORTHERN DISTRICT OF CALIFORNIA

8

9

10    MIKE LABINS, on behalf of himself and all          No. C 08-01510 WHA
      others similarly situated,                         No. C 08-01733 WHA
11                                                       No. C 08-01936 WHA
                    Plaintiff,                           No. C 08-01994 WHA
12                                                       No. C 08-02058 WHA
            v.                                           No. C 08-02487 WHA
13

14    CHARLES SCHWAB CORPORATION,
      CHARLES SCHWAB & CO. INC.,
15    CHARLES SCHWAB INVESTMENT                **COURT QUESTIONNAIRE TO**
      MANAGEMENT, INC., CHARLES R.             **LEAD PLAINTIFF CANDIDATES**
16    SCHWAB, EVELYN DILSAVER,
      RANDALL W. MERK and GEORGE
17    PEREIRA,

18                  Defendants.
      _____/
19

20    GERRY HAGEMAN, on behalf of himself and
      all others similarly situated,
21
                    Plaintiff,
22
            v.
23
      CHARLES SCHWAB CORPORATION,
24    CHARLES SCHWAB & CO. INC.,
      CHARLES SCHWAB INVESTMENT
25    MANAGEMENT, INC., CHARLES R.
      SCHWAB, EVELYN DILSAVER,
26    RANDALL W. MERK and GEORGE
      PEREIRA,
27
                    Defendants.
28    _____/

Case 3:08-cv-01510-WHA    Document 68-7    Filed 06/25/2008    Page 3 of 15
Case 3:08-cv-01510-WHA    Document 50-2    Filed 06/11/2008    Page 2 of 8

Case 3:08-cv-01510-WHA    Document 68-7    Filed 06/25/2008    Page 3 of 15
Case 3:08-cv-01510-WHA    Document 50-2    Filed 06/11/2008    Page 2 of 8

**United States District Court**
For the Northern District of California

1  W. MERRILL GLASGOW, on behalf of
   himself and all others similarly situated,
2
3           Plaintiff,
4      v.
5  CHARLES SCHWAB CORPORATION,
   CHARLES SCHWAB & CO. INC.,
6  CHARLES SCHWAB INVESTMENT
   MANAGEMENT, INC., CHARLES R.
7  SCHWAB, EVELYN DILSAVER,
   RANDALL W. MERK and GEORGE
8  PEREIRA,
9           Defendants.
   _____/
10
11 NILS FLANZRAICH and JILL
   FLANZRAICH, on behalf of himself and all
12 others similarly situated,
13          Plaintiff,
14     v.
15 CHARLES SCHWAB CORPORATION,
   CHARLES SCHWAB & CO. INC.,
16 CHARLES SCHWAB INVESTMENT
   MANAGEMENT, INC., CHARLES R.
17 SCHWAB, SCHWAB INVESTMENTS;
   SCHWAB YIELDPLUS FUND SELECT
18 SHARES; EVELYN DILSAVER; RANDALL
   W. MERK, and GEORGE PEREIRA,
19          Defendants.
   _____/
20
21
22
23
24
25
26
27
28

2

United States District Court
For the Northern District of California

1  VINAYAK R. PAI DEFINED BENEFITS
   PENSION PLAN, on behalf of himself and all
2  others similarly situated,

3          Plaintiff,

4     v.

5  CHARLES SCHWAB CORPORATION,
   CHARLES SCHWAB & CO. INC.,
6  CHARLES SCHWAB INVESTMENT
   MANAGEMENT, INC., SCHWAB
7  INVESTMENTS, CHARLES R. SCHWAB,
   EVELYN DILSAVER, RANDALL W.
8  MERK, GREGORY HAND, GEORGE
   PEREIRA, DONALD F. DOWARD,
9  MARIANN BYERWALTER, WILLIAM A.
   HASLER, ROBERT G. HOLMES, GERALD
10 B. SMITH, DONALD R. STEPHENS,
   MICHAEL W. WILSEY, and JEFF LYONS,
11
           Defendants.
12  _____/

13
   ROBERT LEVINS and KARL KYZER, on
14 behalf of himself and all others similarly
   situated,
15
           Plaintiffs,
16
      v.
17
   CHARLES SCHWAB CORPORATION,
18 CHARLES SCHWAB & CO. INC.,
   CHARLES SCHWAB INVESTMENT
19 MANAGEMENT, INC., CHARLES R.
   SCHWAB, EVELYN DILSAVER,
20 RANDALL W. MERK, MARIANN
   BYERWALTER, DONALD F. DORWARD,
21 WILLIAM A. HASLER, ROBERT G.
   HOLMES, GERALD B. SMITH, DONALD R.
22 STEPHENS, and MICHAEL W. WILSEY,

23          Defendants.
   _____/
24

25

26 TO EACH LEAD PLAINTIFF CANDIDATE:

27         The Court appreciates your interest in serving as the lead plaintiff in this lawsuit.  You

28 must personally read this statement of duties of the lead plaintiff and how class counsel will be

   selected and approved.  It is important for you to understand that the lead plaintiff will have to

                                     3

1    take an active role in managing the lawsuit. You could not, if selected, simply leave the case
2    for counsel to handle.

3        In 1996, our Congress enacted a statute known as the Private Securities Litigation
4    Reform Act (PSLRA). The PSLRA seeks to place a real investor, not a lawyer, in charge of any
5    securities class action. To do this, the PSLRA created a statutory position of responsibility
6    called "the lead plaintiff." This officer acts as a fiduciary for all members of the proposed class
7    and must manage the case to obtain the largest recovery for the proposed class consistent with
8    good faith and meritorious advocacy.

9        Over the course of the litigation, the lead plaintiff must take affirmative steps to keep
10   himself or herself reasonably informed on the progress and status of the case, including its
11   strengths and weaknesses, the prospects for settlement, and the resources invested in the suit or
12   proposed to be invested. With respect to each major litigation decision — such as important
13   motions, settlement discussions and trial preparation — the lead plaintiff shall have the
14   authority and responsibility to manage the case and to direct class counsel, after, of course,
15   receiving the advice of class counsel. The lead plaintiff shall meet in person with counsel
16   periodically, shall attend all major hearings and mediation sessions, and shall attend trial. And,
17   of course, the lead plaintiff must give deposition and trial testimony. No settlement will be
18   approved by the Court without the lead plaintiff's careful recommendation in favor of it.
19   Reasonable travel, telephone and business expenses incurred as a result of the lead plaintiff
20   duties may be reimbursed as expenses from any recovery or may be advanced by class counsel.

21       The first obligation of the lead plaintiff will be to select and propose class counsel for
22   court approval, an important choice that will warrant care and due diligence. No decision by
23   the lead plaintiff is more important than the selection of class counsel. Like any other important
24   decision by a fiduciary, the decision should be preceded by due diligence. The extent of such
25   due diligence will be a matter of judgment based on the facts and circumstances. Significantly,
26   even if you have already retained a lawyer for yourself in this matter, if you are selected as the
27   lead plaintiff, you would assume a higher responsibility, and would then be obligated to
28

**United States District Court**
For the Northern District of California

4

1    undertake due diligence appropriate to the higher responsibility. In selecting class counsel, you

2    could not automatically keep your present lawyer.

3        In selecting class counsel, the lead plaintiff has an obligation to assess the trial and

4    securities track records of the specific lawyer candidate who would perform the actual work for

5    the class. This requires evaluation of particular, individual lawyers. In exercising due

6    diligence, it is also important to compare fees and expenses proposed by the candidates, *i.e.*, to

7    comparison shop. In securities class actions, class counsel are usually awarded a fee (plus all

8    reasonable expenses) from the recovery. Only the leftover residue is distributed to the class.

9    The greater the fees and expenses, therefore, the less will be available for the investors. It is not

10   uncommon for fees and expenses, plus the costs of administration and distribution, to reduce the

11   individual plaintiffs' recovery to a few cents per share. In the Court's experience, excellent

12   candidates will differ substantially in their up-front fee proposals. In one securities case, for

13   example, the fee proposals of excellent candidates varied from as low as eight percent to over

14   twenty-five percent of the eventual recovery. The lead plaintiff has an obligation to the investor

15   class to take such potential savings into account.

16       Depending upon the facts and circumstances, the Court may require the lead plaintiff to

17   evaluate competitive proposals from various lawyers seeking the job of class counsel, including

18   from his or her present counsel. (If so, the Court would post an order soliciting proposals and

19   arrange for the proposals to be delivered to the lead plaintiff.) It is important to the Court, in

20   evaluating the qualifications of lead-plaintiff candidates, to know in advance that the lead-

21   plaintiff candidate is fully prepared to carry out his or her lead-plaintiff responsibilities, as

22   outlined above, and to fully comply with any such process and fully prepared to serve as lead

23   plaintiff even if his or her present counsel is not selected and/or approved as class counsel.

24       With the benefit of the foregoing information, please answer the following questions in

25   your own handwriting:

26   1.    State your name, address, phone and fax number.

27   *N. Richard Kimmel    Oct to May*

28   *1200 Royal Palm Way  Boca Raton FL. 33432*
     *561-391-1571  FAX 561-395-9011*

United States District Court
For the Northern District of California

5

**United States District Court**
For the Northern District of California

~~November to~~ June to November
96 Elk Knob Ct. #A4 Bonner Elk, N.C. 28604
828-898-2360   FAX 828-898-4031

2.  What are your qualifications to be the lead plaintiff?

Thirty-five years as head of a commercial, industrial, and institutional Construction company doing twenty or more million $ per year. Chairman of a mortgage Company and vice Chair of a $750,000,00 savings bank

3.  If you are an institutional investor or other organization, identify the individual who would primarily be in charge of managing your litigation responsibilities as the lead plaintiff and the individual's experience and qualifications. State the location of the individual's workplace.

N/A

4.  What experience have you had in managing litigation? If you are an institution or organization, do you have an in-house counsel and, if so, what would be his or her role in this case if you were selected as lead plaintiff?

There were numerous lawsuits filed during my years in the construction ranging from furniture to $40,000,000 most were resolved in arbitration and mediation. As asset liability Chairman with the bank, during the 1980s and 90s I was involved in workout litigation

5.  List each transaction you made in the securities at issue up to the present (not just during the class period), including the dollar amounts, the number of shares, the price, and the dates. As to each, were they open-market transactions or negotiated transactions? To what extent were your transactions in the United States versus abroad?

I made 61 buy transactions in 3 accounts ranging in price from $6.58 (dividend reinvestment) to $969

*United States District Court*
*For the Northern District of California*

for a total cost of $928,800.02 for 96,320.134 shoes.
All shoes were disposed of May 14, 2008. for $6.43 per. sh.
All ~~Translatracties~~ Transactions were open-market
and in the U.S.

6. Are there any circumstances that might give rise to possible issues asserted against you that would not generally apply against the rest of the class? Have you ever been convicted of a crime? If so, state the circumstances. Have you ever been sued in a fraud suit? If so, state the circumstances.

Question:
1. No
2. No

7. Do you have the time and are you willing to travel as needed to carry out the lead-plaintiff responsibilities described above?

Yes

8. Is your willingness to serve as a lead plaintiff contingent on being reimbursed by counsel for your expenses in the event there is no recovery in the case?

No

9. Who prepared and/or reviewed the answers given above? Did any lawyer assist in any way? If so, identify each such lawyer.

I prepared the answers without assistance

10. List each previous case in which the lead-plaintiff candidate has been a lead plaintiff.

None

7

**United States District Court**
For the Northern District of California

1    Read the following and if you agree with the following, insert your name in the blank

2  and then sign below.

3    **I have read and understand the above, including the duties of lead plaintiff and the**

4  **procedure for selecting and approving class counsel.  I agree and promise to faithfully**

5  **execute those provisions.  Once class counsel are selected and approved, I will work and**

6  **cooperate fully with such counsel for the benefit of the investor class and will do so**

7  **regardless of whether the selection-and-approval process for counsel results in**

8  **appointment of lawyers other than my initial choice.**

9    I certify under penalty of perjury that the foregoing is true and correct.

10

11

12

13

14  Dated: *June 18, 2008*                    _N. Richard Kimmel_
                                               Lead Plaintiff Candidate

15

16

17                                             _____
                                               Name of Lead-Plaintiff Candidate if Organization

18

19

20                                             _____
                                               Title of Person Signing on Behalf of Organization

21

22

23

24

25

26

27

28

[Close Window]

History for account NRK XXXX-6177 as of 05/09/2008 14:23:42 EDT                                   [Print]

| Date | Action | Quantity | Symbol | Description | Price | Amount | Fees & Comm |
|---|---|---|---|---|---|---|---|
| 04/30/2008 | | | SWYSX | SCHWAB YIELDPLUS SELECT SHARES type: ORD INC DIV REINV. | | | |
| 04/30/2008 | Buy | 185.1280 | SWYSX | SCHWAB YIELDPLUS SELECT SHARES type: REINVEST DIVIDEND | | $1,086.54 | |
| 03/31/2008 | | | SWYSX | SCHWAB YIELDPLUS SELECT SHARES type: ORD INC DIV REINV. | $6.5800 | -$1,086.54 | |
| 03/31/2008 | Buy | 191.6260 | SWYSX | SCHWAB YIELDPLUS SELECT SHARES type: REINVEST DIVIDEND | | $1,373.96 | |
| 02/29/2008 | | | SWYSX | SCHWAB YIELDPLUS SELECT SHARES type: ORD INC DIV REINV. | $7.1700 | -$1,373.96 | |
| 02/29/2008 | Buy | 183.4000 | SWYSX | SCHWAB YIELDPLUS SELECT SHARES type: REINVEST DIVIDEND | | $1,612.09 | |
| 01/31/2008 | | | SWYSX | SCHWAB YIELDPLUS SELECT SHARES type: ORD INC DIV REINV. | $8.7900 | -$1,612.09 | |
| 01/31/2008 | Buy | 179.9610 | SWYSX | SCHWAB YIELDPLUS SELECT SHARES type: REINVEST DIVIDEND | | $1,607.05 | |
| 12/31/2007 | | | SWYSX | SCHWAB YIELDPLUS SELECT SHARES type: ORD INC DIV REINV. | $8.9300 | -$1,607.05 | |
| 12/31/2007 | Buy | 181.8890 | SWYSX | SCHWAB YIELDPLUS SELECT SHARES type: REINVEST DIVIDEND | | $1,649.73 | |
| 11/30/2007 | | | SWYSX | SCHWAB YIELDPLUS SELECT SHARES type: ORD INC DIV REINV. | $9.0700 | -$1,649.73 | |
| 11/30/2007 | Buy | 196.0450 | SWYSX | SCHWAB YIELDPLUS SELECT SHARES type: REINVEST DIVIDEND | | $1,797.73 | |
| 10/31/2007 | | | SWYSX | SCHWAB YIELDPLUS SELECT SHARES type: ORD INC DIV REINV. | $9.1700 | -$1,797.73 | |
| 10/31/2007 | Buy | 183.6310 | SWYSX | SCHWAB YIELDPLUS SELECT SHARES type: REINVEST DIVIDEND | | $1,729.80 | |
| 09/28/2007 | | | SWYSX | SCHWAB YIELDPLUS SELECT SHARES type: ORD INC DIV REINV. | $9.4200 | -$1,729.80 | |
| 09/28/2007 | Buy | 163.5480 | SWYSX | SCHWAB YIELDPLUS SELECT SHARES type: REINVEST DIVIDEND | | $1,543.89 | |
| 08/31/2007 | | | SWYSX | SCHWAB YIELDPLUS SELECT SHARES type: ORD INC DIV REINV. | $9.4400 | -$1,543.89 | |
| 08/31/2007 | Buy | 202.2220 | SWYSX | SCHWAB YIELDPLUS SELECT SHARES type: REINVEST DIVIDEND | | $1,902.91 | |
| 07/31/2007 | | | SWYSX | SCHWAB YIELDPLUS SELECT SHARES type: ORD INC DIV REINV. | $9.4100 | -$1,902.91 | |
| 07/31/2007 | Buy | 173.3920 | SWYSX | SCHWAB YIELDPLUS SELECT SHARES type: REINVEST DIVIDEND | | $1,608.03 | |
| 06/29/2007 | | | SWYSX | SCHWAB YIELDPLUS SELECT SHARES type: ORD INC DIV REINV. | $9.2600 | -$1,608.03 | |
| 06/29/2007 | Buy | 288.6790 | SWYSX | SCHWAB YIELDPLUS SELECT SHARES type: REINVEST DIVIDEND | | $2,791.53 | |
| 06/14/2007 | Sell | 35,150.0000 | SWYSX | SCHWAB YIELDPLUS SELECT SHARES | $9.6700 | -$2,791.53 | |
| 06/05/2007 | Sell | 52,100.0000 | SWYSX | SCHWAB YIELDPLUS SELECT SHARES | $9.6800 | $340,252.00 | |
| 05/31/2007 | | | SWYSX | SCHWAB YIELDPLUS SELECT SHARES type: ORD INC DIV REINV. | $9.6800 | $504,328.00 | |
| 05/31/2007 | Buy | 419.5100 | SWYSX | SCHWAB YIELDPLUS SELECT SHARES type: REINVEST DIVIDEND | | $4,060.86 | |
| 05/14/2007 | Buy | 72,239.4220 | SWYSX | SCHWAB YIELDPLUS SELECT SHARES | $9.6800 | -$4,060.86 | |
| 04/30/2007 | | | SWYSX | SCHWAB YIELDPLUS SELECT SHARES type: ORD INC DIV REINV. | $9.6900 | -$700,000.00 | |
| 04/30/2007 | Buy | 507.8810 | SWYSX | SCHWAB YIELDPLUS SELECT SHARES type: REINVEST DIVIDEND | | $4,921.37 | |
| 04/26/2007 | Sell | 10,400.0000 | SWYSX | SCHWAB YIELDPLUS SELECT SHARES | $9.6900 | -$4,921.37 | |
| 04/25/2007 | Sell | 70,000.0000 | SWYSX | SCHWAB YIELDPLUS SELECT SHARES | $9.6900 | $100,751.00 | $25.00 |
| 03/30/2007 | | | SWYSX | SCHWAB YIELDPLUS SELECT SHARES type: ORD INC DIV REINV. | $9.6900 | $678,300.00 | |
| 03/30/2007 | Buy | 613.6800 | SWYSX | SCHWAB YIELDPLUS SELECT SHARES type: REINVEST DIVIDEND | | $5,946.58 | |
| 02/28/2007 | | | SWYSX | SCHWAB YIELDPLUS SELECT SHARES type: ORD INC DIV REINV. | $9.6900 | -$5,946.58 | |
| 02/28/2007 | | | SWYSX | SCHWAB YIELDPLUS SELECT SHARES type: ORD INC DIV REINV. | | $6,635.81 | |

Page 2 of 2

| | | | | | | |
|---|---|---|---|---|---|---|
| 02/28/2007 | Buy | 684.8100 | SWYSX | SCHWAB YIELDPLUS SELECT SHARES type: REINVEST DIVIDEND | $9.6900 | -$6,635.81 |
| 02/07/2007 | Sell | 104,000.0000 | SWYSX | SCHWAB YIELDPLUS SELECT SHARES | $9.6900 | $1,007,760.00 |
| 01/31/2007 | | | SWYSX | SCHWAB YIELDPLUS SELECT SHARES type: ORD INC DIV REINV. | | $10,557.35 |
| 01/31/2007 | Buy | 1,089.5100 | SWYSX | SCHWAB YIELDPLUS SELECT SHARES type: REINVEST DIVIDEND | $9.6900 | -$10,557.35 |
| 01/09/2007 | Sell | 51,600.0000 | SWYSX | SCHWAB YIELDPLUS SELECT SHARES | $9.6900 | $500,004.00 |
| 12/29/2006 | | | SWYSX | SCHWAB YIELDPLUS SELECT SHARES type: ORD INC DIV REINV. | | $11,591.38 |
| 12/29/2006 | Buy | 1,197.4570 | SWYSX | SCHWAB YIELDPLUS SELECT SHARES type: REINVEST DIVIDEND | $9.6800 | -$11,591.38 |
| 12/13/2006 | Buy | 51,652.8930 | SWYSX | SCHWAB YIELDPLUS SELECT SHARES | $9.6800 | -$500,000.00 |
| 12/01/2006 | Buy | 103,305.7850 | SWYSX | SCHWAB YIELDPLUS SELECT SHARES | $9.6800 | -$1,000,000.00 |
| 11/30/2006 | | | SWYSX | SCHWAB YIELDPLUS SELECT SHARES type: ORD INC DIV REINV. | | $3,975.34 |
| 11/30/2006 | Buy | 410.6760 | SWYSX | SCHWAB YIELDPLUS SELECT SHARES type: REINVEST DIVIDEND | $9.6800 | -$3,975.34 |
| 11/09/2006 | Buy | 129,132.2310 | SWYSX | SCHWAB YIELDPLUS SELECT SHARES | $9.6800 | -$1,250,000.00 |

0006-5926

---

Brokerage Products: Not FDIC Insured • No Bank Guarantee • May Lose Value

© 2006 Charles Schwab & Co., Inc. All rights reserved. Member SIPC. Unauthorized access is prohibited. Usage will be monitored.

Today's Date: 05/09/08

Agreements | Fees & Commissions | Privacy & Security | USA Patriot Act

[Close Window]

History for account (R K R) XXXX-0650 as of 05/09/2008 14:00:46 EDT                    [Print]

| Date | Action | Quantity | Symbol | Description | Price | Amount | Fees & Comm |
|------|--------|----------|--------|-------------|-------|--------|-------------|
| 04/30/2008 | | | SWYSX | SCHWAB YIELDPLUS SELECT SHARES type: ORD INC DIV REINV. | | $767.64 | |
| 04/30/2008 | Buy | 116.6630 | SWYSX | SCHWAB YIELDPLUS SELECT SHARES type: REINVEST DIVIDEND | $6.5800 | -$767.64 | |
| 03/31/2008 | | | SWYSX | SCHWAB YIELDPLUS SELECT SHARES type: ORD INC DIV REINV. | | $970.70 | |
| 03/31/2008 | Buy | 135.3840 | SWYSX | SCHWAB YIELDPLUS SELECT SHARES type: REINVEST DIVIDEND | $7.1700 | -$970.70 | |
| 02/29/2008 | | | SWYSX | SCHWAB YIELDPLUS SELECT SHARES type: ORD INC DIV REINV. | | $1,138.94 | |
| 02/29/2008 | Buy | 129.5720 | SWYSX | SCHWAB YIELDPLUS SELECT SHARES type: REINVEST DIVIDEND | $8.7900 | -$1,138.94 | |
| 01/31/2008 | | | SWYSX | SCHWAB YIELDPLUS SELECT SHARES type: ORD INC DIV REINV. | | $1,135.36 | |
| 01/31/2008 | Buy | 127.1400 | SWYSX | SCHWAB YIELDPLUS SELECT SHARES type: REINVEST DIVIDEND | $8.9300 | -$1,135.36 | |
| 12/31/2007 | | | SWYSX | SCHWAB YIELDPLUS SELECT SHARES type: ORD INC DIV REINV. | | $1,165.48 | |
| 12/31/2007 | Buy | 128.4980 | SWYSX | SCHWAB YIELDPLUS SELECT SHARES type: REINVEST DIVIDEND | $9.0700 | -$1,165.48 | |
| 11/30/2007 | | | SWYSX | SCHWAB YIELDPLUS SELECT SHARES type: ORD INC DIV REINV. | | $1,270.07 | |
| 11/30/2007 | Buy | 138.5030 | SWYSX | SCHWAB YIELDPLUS SELECT SHARES type: REINVEST DIVIDEND | $9.1700 | -$1,270.07 | |
| 10/31/2007 | | | SWYSX | SCHWAB YIELDPLUS SELECT SHARES type: ORD INC DIV REINV. | | $1,222.07 | |
| 10/31/2007 | Buy | 129.7310 | SWYSX | SCHWAB YIELDPLUS SELECT SHARES type: REINVEST DIVIDEND | $9.4200 | -$1,222.07 | |
| 09/28/2007 | | | SWYSX | SCHWAB YIELDPLUS SELECT SHARES type: ORD INC DIV REINV. | | $1,090.72 | |
| 09/28/2007 | Buy | 115.5420 | SWYSX | SCHWAB YIELDPLUS SELECT SHARES type: REINVEST DIVIDEND | $9.4400 | -$1,090.72 | |
| 08/31/2007 | | | SWYSX | SCHWAB YIELDPLUS SELECT SHARES type: ORD INC DIV REINV. | | $1,344.37 | |
| 08/31/2007 | Buy | 142.8660 | SWYSX | SCHWAB YIELDPLUS SELECT SHARES type: REINVEST DIVIDEND | $9.4100 | -$1,344.37 | |
| 07/31/2007 | | | SWYSX | SCHWAB YIELDPLUS SELECT SHARES type: ORD INC DIV REINV. | | $1,178.43 | |
| 07/31/2007 | Buy | 122.4980 | SWYSX | SCHWAB YIELDPLUS SELECT SHARES type: REINVEST DIVIDEND | $9.6200 | -$1,178.43 | |
| 06/29/2007 | | | SWYSX | SCHWAB YIELDPLUS SELECT SHARES type: ORD INC DIV REINV. | | $1,395.65 | |
| 06/29/2007 | Buy | 144.3280 | SWYSX | SCHWAB YIELDPLUS SELECT SHARES type: REINVEST DIVIDEND | $9.6700 | -$1,395.65 | |
| 06/05/2007 | Sell | 26,050.0000 | SWYSX | SCHWAB YIELDPLUS SELECT SHARES | $9.6800 | $252,164.00 | |
| 05/31/2007 | | | SWYSX | SCHWAB YIELDPLUS SELECT SHARES type: ORD INC DIV REINV. | | $2,322.73 | |
| 05/31/2007 | Buy | 239.9510 | SWYSX | SCHWAB YIELDPLUS SELECT SHARES type: REINVEST DIVIDEND | $9.6800 | -$2,322.73 | |
| 04/30/2007 | | | SWYSX | SCHWAB YIELDPLUS SELECT SHARES type: ORD INC DIV REINV. | | $2,168.89 | |
| 04/30/2007 | Buy | 223.8280 | SWYSX | SCHWAB YIELDPLUS SELECT SHARES type: REINVEST DIVIDEND | $9.6900 | -$2,168.89 | |
| 03/30/2007 | | | SWYSX | SCHWAB YIELDPLUS SELECT SHARES type: ORD INC DIV REINV. | | $2,356.20 | |
| 03/30/2007 | Buy | 243.1580 | SWYSX | SCHWAB YIELDPLUS SELECT SHARES type: REINVEST DIVIDEND | $9.6900 | -$2,356.20 | |
| 02/28/2007 | | | SWYSX | SCHWAB YIELDPLUS SELECT SHARES type: ORD INC DIV REINV. | | $2,202.50 | |
| 02/28/2007 | | | SWYSX | SCHWAB YIELDPLUS SELECT SHARES type: ORD INC DIV REINV. | | $0.18 | |
| 02/28/2007 | Buy | 0.0190 | SWYSX | SCHWAB YIELDPLUS SELECT SHARES type: REINVEST DIVIDEND | $9.6900 | -$0.18 | |

| | | | | | | |
|---|---|---|---|---|---|---|
| 01/31/2007 | | | SWYSX | SCHWAB YIELDPLUS SELECT SHARES type: ORD INC DIV REINV. | | $1,043.34 |
| 01/31/2007 | | | SWYSX | SCHWAB YIELDPLUS SELECT SHARES type: ORD INC DIV REINV. | | $1,184.23 |
| 01/31/2007 | Buy | 107.6720 | SWYSX | SCHWAB YIELDPLUS SELECT SHARES type: REINVEST DIVIDEND | $9.6900 | -$1,043.34 |
| 01/31/2007 | Buy | 120.1480 | SWYSX | SCHWAB YIELDPLUS SELECT SHARES type: REINVEST DIVIDEND | $9.6900 | -$1,184.23 |
| 12/29/2006 | | | SWYSX | SCHWAB YIELDPLUS SELECT SHARES type: ORD INC DIV REINV. | | $1,392.13 |
| 12/29/2006 | Buy | 143.8150 | SWYSX | SCHWAB YIELDPLUS SELECT SHARES type: REINVEST DIVIDEND | $9.6800 | -$1,392.13 |
| 12/13/2006 | Buy | 51,652.8930 | SWYSX | SCHWAB YIELDPLUS SELECT SHARES | $9.6800 | -$500,000.00 |

0006-5926

Brokerage Products: Not FDIC Insured • No Bank Guarantee • May Lose Value

© 2008 Charles Schwab & Co., Inc. All rights reserved. Member SIPC.
Unauthorized access is prohibited. Usage will be monitored.

Today's Date: 05/09/08

Agreements | Fees & Commissions | Privacy & Security | USA Patriot Act

Transaction History

*charles* SCHWAB

Launch
StreetSmart.com®
What's this?

Customer Service | Open an Account

Log Out

The Schwab Se

At a Glance | Account | Trade | Quotes & Research | Planning & Advice | Investment Products | Ban

Overview    Balances    Positions    Performance    Gain/Loss    History    Transfers & Payments    Specialty Accounts

Contact: Schwab Active Trader ✉ Email

# Account History

Page Help ？    Export 📊    Printer-Frien

Select Account: K&R Jt      Show only this symbol: SWYSX      **Account Number:** 9152-

Date Range: All      MM / DD / YYYY   to:   MM / DD / YYYY      (K&R Jt)

Transactions: All      Go      **Total Market Value: $747,(**

View Balar

Order Stat

SWYSX Transactions For All Dates Up to 24 months. **(Beyond 24 months)**

| ▼ Date | Action | Quantity | Symbol | Description | Price |  |
|---|---|---|---|---|---|---|
| **Specified Transactions** | | | | | | |
| 04/30/2008 | | | SWYSX | SCHWAB YIELDPLUS SELECT SHARES type: ORD INC DIV REINV. | | $ |
| 04/30/2008 | Buy | 114.7170 | SWYSX | SCHWAB YIELDPLUS SELECT SHARES type: REINVEST DIVIDEND [Details] | $6.58000 | -$ |
| 03/31/2008 | | | SWYSX | SCHWAB YIELDPLUS SELECT SHARES type: ORD INC DIV REINV. | | $ |
| 03/31/2008 | Buy | 133.1260 | SWYSX | SCHWAB YIELDPLUS SELECT SHARES type: REINVEST DIVIDEND [Details] | $7.17000 | -$ |
| 02/29/2008 | | | SWYSX | SCHWAB YIELDPLUS SELECT SHARES type: ORD INC DIV REINV. | | $ |
| 02/29/2008 | Buy | 127.4110 | SWYSX | SCHWAB YIELDPLUS SELECT SHARES type: REINVEST DIVIDEND [Details] | $8.79000 | -$ |
| 01/31/2008 | | | SWYSX | SCHWAB YIELDPLUS SELECT SHARES type: ORD INC DIV REINV. | | $ |
| 01/31/2008 | Buy | 125.0250 | SWYSX | SCHWAB YIELDPLUS SELECT SHARES type: REINVEST DIVIDEND [Details] | $8.93000 | -$ |
| 12/31/2007 | | | SWYSX | SCHWAB YIELDPLUS SELECT SHARES type: ORD INC DIV REINV. | | $ |
| 12/31/2007 | Buy | 128.3590 | SWYSX | SCHWAB YIELDPLUS SELECT SHARES type: REINVEST DIVIDEND [Details] | $9.07000 | -$ |
| 11/30/2007 | | | SWYSX | SCHWAB YIELDPLUS SELECT SHARES type: ORD INC DIV REINV. | | $ |
| 11/30/2007 | Buy | 136.1940 | SWYSX | SCHWAB YIELDPLUS SELECT SHARES type: REINVEST DIVIDEND [Details] | $9.17000 | -$ |
| 10/31/2007 | | | SWYSX | SCHWAB YIELDPLUS SELECT SHARES type: ORD INC DIV REINV. | | $ |
| 10/31/2007 | Buy | 127.5710 | SWYSX | SCHWAB YIELDPLUS SELECT SHARES type: REINVEST DIVIDEND [Details] | $9.42000 | -$ |
| 09/28/2007 | | | SWYSX | SCHWAB YIELDPLUS SELECT SHARES type: ORD INC DIV REINV. | | $ |
| 09/28/2007 | Buy | 113.6190 | SWYSX | SCHWAB YIELDPLUS SELECT SHARES type: REINVEST DIVIDEND [Details] | $9.44000 | -$ |
| 08/31/2007 | | | SWYSX | SCHWAB YIELDPLUS SELECT SHARES type: ORD INC DIV REINV. | | $ |
| 08/31/2007 | Buy | 140.4850 | SWYSX | SCHWAB YIELDPLUS SELECT SHARES | $9.41000 | -$ |

https://investing.schwab.com/service/Request=ns&subrequest=Transaction                    5/9/2008

Transaction History

| Date | Action | Quantity | Symbol | Description | Price | Amount |
|---|---|---|---|---|---|---|
| 07/31/2007 | | | SWYSX | type: REINVEST DIVIDEND [Details] SCHWAB YIELDPLUS SELECT SHARES | | $ |
| 07/31/2007 | Buy | 120.4550 | SWYSX | type: ORD INC DIV REINV. SCHWAB YIELDPLUS SELECT SHARES | $9.62000 | -$ |
| 06/29/2007 | | | SWYSX | type: REINVEST DIVIDEND [Details] SCHWAB YIELDPLUS SELECT SHARES | | $ |
| 06/29/2007 | Buy | 122.9040 | SWYSX | type: ORD INC DIV REINV. SCHWAB YIELDPLUS SELECT SHARES | $9.67000 | -$ |
| 05/31/2007 | | | SWYSX | type: REINVEST DIVIDEND [Details] SCHWAB YIELDPLUS SELECT SHARES | | $ |
| 05/31/2007 | Buy | 119.9770 | SWYSX | type: ORD INC DIV REINV. SCHWAB YIELDPLUS SELECT SHARES | $9.68000 | -$ |
| 04/30/2007 | | | SWYSX | type: REINVEST DIVIDEND [Details] SCHWAB YIELDPLUS SELECT SHARES | | $ |
| 04/30/2007 | Buy | 111.9150 | SWYSX | type: ORD INC DIV REINV. SCHWAB YIELDPLUS SELECT SHARES | $9.69000 | -$ |
| 03/30/2007 | | | SWYSX | type: REINVEST DIVIDEND [Details] SCHWAB YIELDPLUS SELECT SHARES | | $ |
| 03/30/2007 | Buy | 121.5780 | SWYSX | type: ORD INC DIV REINV. SCHWAB YIELDPLUS SELECT SHARES | $9.69000 | -$ |
| 02/28/2007 | | | SWYSX | type: REINVEST DIVIDEND [Details] SCHWAB YIELDPLUS SELECT SHARES | | |
| 02/28/2007 | | | SWYSX | type: ORD INC DIV REINV. SCHWAB YIELDPLUS SELECT SHARES | | $ |
| 02/28/2007 | Buy | 113.6490 | SWYSX | type: ORD INC DIV REINV. SCHWAB YIELDPLUS SELECT SHARES | $9.69000 | -$ |
| 02/28/2007 | Buy | 0.0090 | SWYSX | type: REINVEST DIVIDEND [Details] SCHWAB YIELDPLUS SELECT SHARES | $9.69000 | |
| 01/31/2007 | | | SWYSX | type: REINVEST DIVIDEND [Details] SCHWAB YIELDPLUS SELECT SHARES | | $ |
| 01/31/2007 | | | SWYSX | type: ORD INC DIV REINV. SCHWAB YIELDPLUS SELECT SHARES | | $ |
| 01/31/2007 | Buy | 60.0730 | SWYSX | type: ORD INC DIV REINV. SCHWAB YIELDPLUS SELECT SHARES | $9.69000 | -$ |
| 01/31/2007 | Buy | 53.8330 | SWYSX | type: REINVEST DIVIDEND [Details] SCHWAB YIELDPLUS SELECT SHARES | $9.69000 | -$ |
| 12/29/2006 | | | SWYSX | type: REINVEST DIVIDEND [Details] SCHWAB YIELDPLUS SELECT SHARES | | $ |
| 12/29/2006 | Buy | 71.9070 | SWYSX | type: ORD INC DIV REINV. SCHWAB YIELDPLUS SELECT SHARES | $9.68000 | -$ |
| 12/13/2006 | Buy | 25826.4460 | SWYSX | type: REINVEST DIVIDEND [Details] SCHWAB YIELDPLUS SELECT SHARES [Details] | $9.68000 | -$250,000 00 |

(0006-5834)

Overview | Balances | Positions | Performance | Gain/Loss | History | Transfers & Payments | Specialty Accounts | eDocuments

Customer Service | Site Map | Help

Brokerage Products: Not FDIC Insured • No Bank Guarantee • May Lose Value

©2008 Charles Schwab & Co., Inc. All rights reserved. Member SIPC.
Unauthorized access is prohibited. Usage will be monitored.

Today's Date: 05/09

https://investing.schwab.com/service/?request=pgSubrequest=Transaction

5/9/2008

Exhibit 7

**Dickson Consulting**

**Robert J. Dickson**
351 Old Babcock Trail
Gibsonia, PA 15044

724-272-1527

bob@dicksonconsulting.biz
www.dicksonconsulting.biz

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIKE LABINS, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CHARLES SCHWAB CORPORATION, CHARLES SCHWAB & CO. INC., CHARLES SCHWAB INVESTMENT MANAGEMENT, INC., CHARLES R. SCHWAB, EVELYN DILSAVER, RANDALL W. MERK and GEORGE PEREIRA,<br><br>Defendants. | No. C 08-01510 WHA<br>No. C 08-01733 WHA<br>No. C 08-01936 WHA<br>No. C 08-01994 WHA<br>No. C 08-02058 WHA<br>No. C 08-02487 WHA<br><br><br>**COURT QUESTIONNAIRE TO LEAD PLAINTIFF CANDIDATES** |
| GERRY HAGEMAN, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CHARLES SCHWAB CORPORATION, CHARLES SCHWAB & CO. INC., CHARLES SCHWAB INVESTMENT MANAGEMENT, INC., CHARLES R. SCHWAB, EVELYN DILSAVER, RANDALL W. MERK and GEORGE PEREIRA,<br><br>Defendants. | |

_United States District Court_
_For the Northern District of California_



**United States District Court**
For the Northern District of California

1    W. MERRILL GLASGOW, on behalf of
       himself and all others similarly situated,
2

3              Plaintiff,

4      v.

5    CHARLES SCHWAB CORPORATION,
       CHARLES SCHWAB & CO. INC.,
6    CHARLES SCHWAB INVESTMENT
       MANAGEMENT, INC., CHARLES R.
7    SCHWAB, EVELYN DILSAVER,
       RANDALL W. MERK and GEORGE
8    PEREIRA,

9             Defendants.
       _____/

10

11   NILS FLANZRAICH and JILL
       FLANZRAICH, on behalf of himself and all
12   others similarly situated,

13           Plaintiff,

14     v.

15   CHARLES SCHWAB CORPORATION,
       CHARLES SCHWAB & CO. INC.,
16   CHARLES SCHWAB INVESTMENT
       MANAGEMENT, INC., CHARLES R.
17   SCHWAB, SCHWAB INVESTMENTS;
       SCHWAB YIELDPLUS FUND SELECT
18   SHARES; EVELYN DILSAVER; RANDALL
       W. MERK, and GEORGE PEREIRA,

19           Defendants.
       _____/
20

21

22

23

24

25

26

27

28

1   VINAYAK R. PAI DEFINED BENEFITS
    PENSION PLAN, on behalf of himself and all
2   others similarly situated,

3               Plaintiff,

4       v.

5   CHARLES SCHWAB CORPORATION,
    CHARLES SCHWAB & CO. INC.,
6   CHARLES SCHWAB INVESTMENT
    MANAGEMENT, INC., SCHWAB
7   INVESTMENTS, CHARLES R. SCHWAB,
    EVELYN DILSAVER, RANDALL W.
8   MERK, GREGORY HAND, GEORGE
    PEREIRA, DONALD F. DOWARD,
9   MARIANN BYERWALTER, WILLIAM A.
    HASLER, ROBERT G. HOLMES, GERALD
10  B. SMITH, DONALD R. STEPHENS,
    MICHAEL W. WILSEY, and JEFF LYONS,

11              Defendants.

12  _____/

13
    ROBERT LEVINS and KARL KYZER, on
14  behalf of himself and all others similarly
    situated,
15
                Plaintiffs,
16
        v.
17
    CHARLES SCHWAB CORPORATION,
18  CHARLES SCHWAB & CO. INC.,
    CHARLES SCHWAB INVESTMENT
19  MANAGEMENT, INC., CHARLES R.
    SCHWAB, EVELYN DILSAVER,
20  RANDALL W. MERK, MARIANN
    BYERWALTER, DONALD F. DORWARD,
21  WILLIAM A. HASLER, ROBERT G.
    HOLMES, GERALD B. SMITH, DONALD R.
22  STEPHENS, and MICHAEL W. WILSEY,

23              Defendants.

24  _____/

25  TO EACH LEAD PLAINTIFF CANDIDATE:

26      The Court appreciates your interest in serving as the lead plaintiff in this lawsuit.  You

27  must personally read this statement of duties of the lead plaintiff and how class counsel will be

28  selected and approved.  It is important for you to understand that the lead plaintiff will have to

1    take an active role in managing the lawsuit. You could not, if selected, simply leave the case

2    for counsel to handle.

3        In 1996, our Congress enacted a statute known as the Private Securities Litigation

4    Reform Act (PSLRA). The PSLRA seeks to place a real investor, not a lawyer, in charge of any

5    securities class action. To do this, the PSLRA created a statutory position of responsibility

6    called "the lead plaintiff." This officer acts as a fiduciary for all members of the proposed class

7    and must manage the case to obtain the largest recovery for the proposed class consistent with

8    good faith and meritorious advocacy.

9        Over the course of the litigation, the lead plaintiff must take affirmative steps to keep

10   himself or herself reasonably informed on the progress and status of the case, including its

11   strengths and weaknesses, the prospects for settlement, and the resources invested in the suit or

12   proposed to be invested. With respect to each major litigation decision — such as important

13   motions, settlement discussions and trial preparation — the lead plaintiff shall have the

14   authority and responsibility to manage the case and to direct class counsel, after, of course,

15   receiving the advice of class counsel. The lead plaintiff shall meet in person with counsel

16   periodically, shall attend all major hearings and mediation sessions, and shall attend trial. And,

17   of course, the lead plaintiff must give deposition and trial testimony. No settlement will be

18   approved by the Court without the lead plaintiff's careful recommendation in favor of it.

19   Reasonable travel, telephone and business expenses incurred as a result of the lead plaintiff

20   duties may be reimbursed as expenses from any recovery or may be advanced by class counsel.

21        The first obligation of the lead plaintiff will be to select and propose class counsel for

22   court approval, an important choice that will warrant care and due diligence. No decision by

23   the lead plaintiff is more important than the selection of class counsel. Like any other important

24   decision by a fiduciary, the decision should be preceded by due diligence. The extent of such

25   due diligence will be a matter of judgment based on the facts and circumstances. Significantly,

26   even if you have already retained a lawyer for yourself in this matter, if you are selected as the

27   lead plaintiff, you would assume a higher responsibility, and would then be obligated to

28

4

1  undertake due diligence appropriate to the higher responsibility. In selecting class counsel, you

2  could not automatically keep your present lawyer.

3          In selecting class counsel, the lead plaintiff has an obligation to assess the trial and

4  securities track records of the specific lawyer candidate who would perform the actual work for

5  the class. This requires evaluation of particular, individual lawyers. In exercising due

6  diligence, it is also important to compare fees and expenses proposed by the candidates, *i.e.*, to

7  comparison shop. In securities class actions, class counsel are usually awarded a fee (plus all

8  reasonable expenses) from the recovery. Only the leftover residue is distributed to the class.

9  The greater the fees and expenses, therefore, the less will be available for the investors. It is not

10 uncommon for fees and expenses, plus the costs of administration and distribution, to reduce the

11 individual plaintiffs' recovery to a few cents per share. In the Court's experience, excellent

12 candidates will differ substantially in their up-front fee proposals. In one securities case, for

13 example, the fee proposals of excellent candidates varied from as low as eight percent to over

14 twenty-five percent of the eventual recovery. The lead plaintiff has an obligation to the investor

15 class to take such potential savings into account.

16          Depending upon the facts and circumstances, the Court may require the lead plaintiff to

17 evaluate competitive proposals from various lawyers seeking the job of class counsel, including

18 from his or her present counsel. (If so, the Court would post an order soliciting proposals and

19 arrange for the proposals to be delivered to the lead plaintiff.) It is important to the Court, in

20 evaluating the qualifications of lead-plaintiff candidates, to know in advance that the lead-

21 plaintiff candidate is fully prepared to carry out his or her lead-plaintiff responsibilities, as

22 outlined above, and to fully comply with any such process and fully prepared to serve as lead

23 plaintiff even if his or her present counsel is not selected and/or approved as class counsel.

24          With the benefit of the foregoing information, please answer the following questions in

25 your own handwriting:

26 1.    State your name, address, phone and fax number.

27      Robert J. Dickson

28      351 Old Babcock Trail

        Gibsonia, PA 15044

        724-272-1527 (phone)    5

        412-963-7770 (fax)

        RD
        5/14

United States District Court
For the Northern District of California

1    *See bio following*

2    2.    What are your qualifications to be the lead plaintiff?

3    *-Extensive business experience as Financial officer*

4    *of companies/- Knowledge of individual investor perspective/*

5    *-Knowledge of mutual fund industry including*

6    *serving on the boards of trustees of mutual funds*

7    3.    If you are an institutional investor or other organization, identify the individual who

8    would primarily be in charge of managing your litigation responsibilities as the lead

9    plaintiff and the individual's experience and qualifications. State the location of the

10    individual's workplace.

11    *N/A - Private investor*

12

13

14

15    4.    What experience have you had in managing litigation? If you are an institution or

16    organization, do you have an in-house counsel and, if so, what would be his or her role

17    in this case if you were selected as lead plaintiff?

18    *-As CFO of companies I have been involved in*

19    *and managed litigation, working with various law*

20    *firms.*

21    *-Not an institutional investor.*

22

23    5.    List each transaction you made in the securities at issue up to the present (not just during

24    the class period), including the dollar amounts, the number of shares, the price, and the

25    dates. As to each, were they open-market transactions or negotiated transactions? To

26    what extent were your transactions in the United States versus abroad?

27    *-Schedule following*

28    *-Transactions were all in the U.S.*

6



1

2

3

4

6.    Are there any circumstances that might give rise to possible issues asserted against you

that would not generally apply against the rest of the class?  Have you ever been

convicted of a crime?  If so, state the circumstances.  Have you ever been sued in a fraud

suit?  If so, state the circumstances.

No issues would be asserted against me.

Never convicted of a crime.

Not sued in a fraud suit.

7.    Do you have the time and are you willing to travel as needed to carry out the

lead-plaintiff responsibilities described above?

Yes.

8.    Is your willingness to serve as a lead plaintiff contingent on being reimbursed by

counsel for your expenses in the event there is no recovery in the case?

Yes reimbursement required

9.    Who prepared and/or reviewed the answers given above?  Did any lawyer assist in any

way?  If so, identify each such lawyer.

No

10.   List each previous case in which the lead-plaintiff candidate has been a lead plaintiff.

None

**United States District Court**
For the Northern District of California

7


8/14

**United States District Court**
For the Northern District of California

1        Read the following and if you agree with the following, insert your name in the blank

2    and then sign below.

3        **I have read and understand the above, including the duties of lead plaintiff and the**

4    **procedure for selecting and approving class counsel.  I agree and promise to faithfully**

5    **execute those provisions.  Once class counsel are selected and approved, I will work and**

6    **cooperate fully with such counsel for the benefit of the investor class and will do so**

7    **regardless of whether the selection-and-approval process for counsel results in**

8    **appointment of lawyers other than my initial choice.**

9        I certify under penalty of perjury that the foregoing is true and correct.

10

11

12

13    Dated: June 20, 2008

14                        Lead Plaintiff Candidate

15

16

17                        Name of Lead-Plaintiff Candidate if Organization

18

19

20                        Title of Person Signing on Behalf of Organization

21

22

23        **Dickson Consulting**

24

25

26    Robert J. Dickson           724-272-1527

27    351 Old Babcock Trail

      Gibsonia, PA 15044         bob@dicksonconsulting.biz

28                              www.dicksonconsulting.biz

Charles Schwab - Print Original Lot Details

Page 1 of 1

## Gain/Loss

[ Close Window ] [ Print ]

Values as of: 04/02/08 05:19PM EDT

Trades made today will not appear until tomorrow.

Account

IRA (2846-8359 )

To view the **Open Lots** for this security, click here.

Original Lots for : SWYSX, SCHWAB YIELDPLUS SELECT SHARES

To view the **Closed Lots** for this security, click here.

| Acquired/Opened | Quantity | Cost Per Share | Cost Basis |
|---|---|---|---|
| 02/29/2008 | 216.468 | $8.79 | $1,902.75 |
| 01/31/2008 | 212.408 | $8.93 | $1,896.80 |
| 12/31/2007 | 214.682 | $9.07 | $1,947.17 |
| 11/30/2007 | 231.393 | $9.17 | $2,121.87 |
| 10/31/2007 | 216.738 | $9.42 | $2,041.67 |
| 09/28/2007 | 193.035 | $9.44 | $1,822.25 |
| 08/31/2007 | 249.79 | $9.41 | $2,350.52 |
| 07/31/2007 | 215.873 | $9.62 | $2,076.70 |
| 06/29/2007 | 220.255 | $9.67 | $2,129.87 |
| 05/31/2007 | 215.466 | $9.68 | $2,085.71 |
| 04/30/2007 | 184.961 | $9.69 | $1,792.27 |
| 04/04/2007 | 48,503.612 | $9.69 | $470,000.00 |

[E]  Data for this holding has been edited.

[U]  Value cannot be provided because security is un-priced.

N/A  Not Available.

[◫]  The total Unrealized Gain/Loss for this account includes values for Short Positions held in the account. For more information on summary totals when there are Short Positions, please see our FAQ in the Help Section.

[§]  The value reported for this security may not reflect the current market price.

Quotes for mutual fund positions are based on a quote from the most recent closing price available.

Quotes for bond positions may not be reflective of the latest market quote. For all other positions, during market hours, market value is derived from intra-day quotes, unless otherwise indicated. After market hours, market value is derived from the most recent closing price or last trade.

Both original cost and adjusted figures are provided for Cost per Share, Total Cost Basis and Unrealized Gain/Loss columns. Adjusted figures reflect amortization/accretion values, which are provided for all fixed income securities other than variable rate and mortgage-backed securities. When amortization/accretion values are unavailable, adjusted figures will reflect the value "N/A".

For options, the Cost Per Share and Total Cost Basis calculations assume 1 contract equals 100 shares.

Mutual funds use the "average cost" method to calculate cost basis and determine the gain or loss on a sale. With the average cost method, the cost basis of a position you hold in a fund today is determined by averaging the cost of all the previous purchases or acquisitions of that fund in your account. For this reason, you may see more lots displayed on this page than you currently hold in your account.

**Research Missing Cost Basis** [◫] The historic cost basis research information is provided by Xcitek, which is not affiliated with Charles Schwab & Co., Inc. ("Schwab") or any of Schwab's affiliates. None of the information constitutes a recommendation by Schwab or a solicitation of an offer to buy or sell any securities. The information is not intended to provide tax, legal or investment advice. Schwab does not guarantee the suitability or potential value of any particular investment or information source. Neither Schwab nor Xcitek guarantees the accuracy, timeliness, completeness or correct sequencing of this information nor warrants any results from use of the information.

(0607-6216)

| Sales | Date Sold | No. Shares Sold | Selling Price Per Share |
|---|---|---|---|
| SWYSX   (Schwab YieldPlus Select) | 4/1/08 | 46,924.681 | $6.98 |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

5.      During the three years prior to the date of this Certificate, Plaintiff has not sought to serve or served as a representative party for a class in the following actions filed under the federal securities laws except as detailed below: (None)

6.      Plaintiff will not accept any payment for serving as a representative party on behalf of the class beyond the Plaintiff's pro rata share of any recovery, except such reasonable costs and expenses (including lost wages) directly relating to the representation of the class as ordered or approved by the court.

- 2 -

4/2/08

## ROBERT J. DICKSON

**351 Old Babcock Trail**                www.dicksonconsulting.biz                bob@dicksonconsulting.biz
**Gibsonia, PA 15044**                www.linkedin.com/in/dickson1                **Phone=724-272-1527**

### SENIOR FINANCIAL AND OPERATING EXECUTIVE

A dynamic, results-oriented senior executive with a strong track record of accomplishment. Motivated and hands-on with a history of working in high pressure, fast-paced, complex situations. Superior interpersonal skills, capable of resolving multiple and complex issues and motivating staff to peak performance. Vision and leadership skills to achieve strategic goals with an exceptionally high degree of personal and professional integrity. Strong financial leadership skills with proven expertise in the following areas:

| **Industry Experience** | **Areas of Expertise** |
| --- | --- |
| Manufacturing and distribution | Acquisitions and divestitures |
| Life sciences/medical devices | Financings and public offerings |
| Mutual funds | Investor relations |
| Building products and construction | Information technology |
| Electric utilities | Legal support/litigation assistance |
| Professional services | Business strategy and execution |
| Public accounting | Corporate governance |
| Information technology | Continuous improvement |

### PROFESSIONAL EXPERIENCE, Current

**CARDIACASSIST, INC. - Senior Vice President and CFO (March 2006 to date).** A medical device company that manufactures and markets the *TandemHeart PTVA System*, which supports the heart and circulatory system on a short term basis.

**Selected Accomplishments:**
- Improved the financial reporting and performance monitoring system. Presented to board of directors resulting in an increased understanding of operations.
- Developed and implemented formal policies on such accounting issues as revenue recognition.
- Formalized a code of ethics and policies on marketing in accordance with the Food and Drug Administration regulations.
- Established financial controls over the development and purchase cost of the new controller for the *TandemHeart* System.
- Improved inventory purchasing controls resulting in a matching of inventory purchases with production needs.
- Directed the change in independent accountants resulting in improved service and reduced fees.
- Assisted with the preparation of the company for sale to strategic buyer but not yet accomplished due to valuation related issues.

**ROBERT J. DICKSON**                                                    **Page 2**

**DICKSON CONSULTING - Managing Director (October 2003 to date).** A consulting firm that provides strategic advice from managerial, operational, financial and investor relations perspectives to focus on increasing shareholder value.

**Selected Accomplishments:**
- Interim CFO of a construction, insurance restoration and property management firm during period of time that it was being separated to accommodate two brothers who were feuding. Developed plan for operating separation.
- Provided strategic and financial advice to a private investor for the successful acquisition of a polymer manufacturing company.
- In connection with an ERP implementation, evaluated the implementation risk and managed the implementation from a user perspective.
- Member of three person team that won the opportunity to manage the Pittsburgh Angel Fund.

**FORT PITT CAPITAL MUTUAL FUND - Board of Trustees (December 2001 to date).** A $45 million multicap mutual fund. Member of the board of trustees and audit committee financial expert since the inception of the fund.

**NUMERIA MANAGEMENT, LLC - Regional Representative (December 2006 to date).** A business valuation firm providing services based on independent, expert analysis.

**BIOSAFE, Inc. - Member of the Advisory Board (December 2006 to date).** An entrepreneurial start-up that produces and markets an anti-microbial agent.

---

## PROFESSIONAL EXPERIENCE, Previous

**EMERALD MUTUAL FUNDS FAMILY - Board of Trustees.** A family of three mutual funds- growth, technology and banking and finance. Audit committee financial expert.

**Selected Accomplishments:**
- Board member during period of time that the fund was "sold" to Forward Funds, requiring a higher level of board member involvement.

**TRACO - Chief Financial Officer (March 2001 to October 2003).** A $175 million revenue, privately owned company that manufactures fenestration (windows, doors, curtain wall, skylights, etc.) products, with six manufacturing locations.

**Selected Accomplishments:**
- Refocused implementation of Oracle 11i ERP system from "fast-forward, big-bang" approach to phased approach to accelerate implementation and reduce risk.
- Determined need for lean manufacturing concepts to reduce manufacturing waste. Recommended independent consultant and championed lean manufacturing program.

**ROBERT J. DICKSON**                                                                    **Page 3**

- Coordinated interaction with joint venture in China. Traveled internationally to maintain the business relationship. Coordinated the sale of joint venture resulting in saving $1.5 million of investment.
- Initiated utilization of "reverse auctions" for purchasing of materials, saving approximately 8% of cost of items purchased.
- Managed complex litigation, discovery, expert witness reports and settlement discussions, including one settlement with a value of approximately $2 million.

**CARPENTER TECHNOLOGY CORPORATION – VP and Treasurer (August 1997 to January 2001).** A $1.2 billion revenue, publicly traded company that is a leading manufacturer and distributor specialty alloys including stainless steel, titanium, high temperature alloys and tool steels.

**Selected Accomplishments:**
- Coordinated $150 million public offering of common stock. The additional equity shares broadened the shareholder base and increased shareholder liquidity.
- Developed and managed a comprehensive investor relations program. Successful investor relations program increased the understanding of the company strategy and market position, resulting in increased analyst coverage.
- Key team member in the $325 million tender offer for and purchase of competitor.
- Determined investment strategy for and oversaw management of $1.5 billion of retirement funds.
- Coordinated issuance of $200 million of publicly traded debt and coordinated presentations to debt rating agencies.

**DYNAMET INCORPORATED - Senior Vice President & Chief Financial Officer (November 1982 to August 1997).** A $100+ million revenue, privately owned company that is a leading supplier of titanium alloy products primarily for the aerospace and medical (including orthopedic implants) industries. Acquired by Carpenter Technology Corporation.

**Selected Accomplishments:**
- Coordinated with the CEO and outside legal counsel, the sale of Dynamet to Carpenter Technology Corporation for $160 million.
- Coordinated the sale of Dynamet's forging and machining operations to a private investor.
- Converted Dynamet from a "C Corporation" to an "S Corporation" status. This eliminated the impact of double taxation of corporate earnings and resulted in millions of dollars of annual tax savings for shareholders.

**PRICE WATERHOUSECOOPERS - Senior Audit Manager (to October 1982).** An international public accounting firm that provides industry-focused service for public and private clients. Various audit and consulting positions in Pittsburgh, National, and Cleveland offices.

**Selected Accomplishments:**
- Performed detailed reviews of internal accounting controls and issued reports to management.

## ROBERT J. DICKSON                                      Page 4

- Reviewed financial reporting for private and public companies and nonprofit organizations.
- National manager in public utilities practice group responsible for responding to technical questions from practice offices and assistance with proposals for new engagements.
- Lead and participated in projects such as pension plan audits, utility management reviews, fuel adjustment clause audits, company valuations, acquisition due diligence reviews and construction audits.

## EDUCATION AND DEVELOPMENT

**PENNSYLVANIA STATE UNIVERSITY**
- Bachelor of Science in Accounting

**CERTIFIED PUBLIC ACCOUNTANT**
- Pennsylvania and Ohio (inactive)

**DUQUESNE UNIVERSITY**
- Certificate in Financial Planning

**HARVARD BUSINESS SCHOOL**
- Executive Education – Competition and Strategy

**Numerous other professional, technical and personal development courses**

## PROFESSIONAL AND COMMUNITY ACTIVITIES, Current

**MEMBER OF AMERICAN INSTITUTE OF CERTIFIED PUBLIC ACCOUNTANT'S**

**MEMBER OF FINANCIAL EXECUTIVES INTERNATIONAL**

**MEMBER OF THE DUQUESNE CLUB**

## SELECTED PROFESSIONAL AND COMMUNITY ACTIVITIES, Previous

**FINANCIAL EXECUTIVES INTERNATIONAL**
- Committee on Corporate Reporting
- AIMR Task Force on SEC Regulation FD
- Chairman – Advisory Board, Financial Executive Magazine
- Area Vice President and National Board
- Chairman, National Budget and Finance Committee
- Steering Committee on Codes of Conduct
- President, Pittsburgh Chapter
- Board of Directors – Pittsburgh Chapter

## ROBERT J. DICKSON                                        Page 5

**GREATER PITTSBURGH CHAMBER OF COMMERCE**
- Leadership Pittsburgh, Class XI
- Senior Examiner, Q-Net Total Quality Award
- Committees on Taxes and Government Action

**ASSOCIATION FOR CORPORATE GROWTH**
- President, Pittsburgh Chapter
- Board of Directors, Pittsburgh Chapter

**WASHINGTON HOSPITAL FOUNDATION**
- Board of Trustees
- Investment Committee of Board

**McCANDLESS TOWNSHIP SANITARY AUTHORITY**
- Board of Directors