BRAMSON, PLUTZIK, MAHLER & BIRKHAEUSER, LLP
Alan R. Plutzik (State Bar No. 77785)
Michael S. Strimling (State Bar No. 96135)
2125 Oak Grove Road, Suite 120
Walnut Creek, CA 94598
Telephone: (925) 945-0200
Facsimile: (925) 945-8792

LOVITT & HANNAN, INC.
Ronald Lovitt (State Bar No. 040921)
J. Thomas Hannan (State Bar No. 039140)
900 Front Street, Suite 300
San Francisco 94111
Telephone: (415) 362-8769
Facsimile: (415) 362-7528

Attorneys for the Schwartz Group of Investors

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE CHARLES SCHWAB CORP. SECURITIES LITIGATION | CASE NO. CV-08-1510-WHA<br><br>**SUBMISSION OF COURT QUESTIONNAIRE COMPLETED BY RICHARD SCHWARTZ, FOR APPOINTMENT OF THE SCHWARTZ GROUP OF INVESTORS AS LEAD PLAINTIFFS; AND FOR APPROVAL OF LEAD PLAINTIFFS' CHOICE OF LEAD COUNSEL**<br><br>Date: July 2, 2008<br>Time: 8:00 a.m.<br>Judge: The Honorable William H. Alsup |

1  Attached hereto is the COURT QUESTIONNAIRE TO LEAD PLAINTIFF CANDIDATES, completed by Richard M. Schwartz, in accordance with the Court's order of June 11, 2008. Mr. Schwartz plans to be available in Court on July 2, 2008, with counsel, and prepared to answer questions.

Dated: June 25, 2008

LOVITT & HANNAN, INC.
Ronald Lovitt (State Bar No. 040921)
J. Thomas Hannan (State Bar No. 039140)
900 Front Street, Suite 300
San Francisco 94111
Telephone: (415) 362-8769
Facsimile: (415) 362-7528


_____/s/_____
J. Thomas Hannan

BRAMSON, PLUTZIK, MAHLER & BIRKHAEUSER, LLP
Alan R. Plutzik
Michael S. Strimling
2125 Oak Grove Road, Suite 120
Walnut Creek, CA 94598
Telephone: (925) 945-0200
Facsimile: (925) 945-8792

Attorneys for the Schwartz Group of Investors, Individually and On Behalf of All Others Similarly Situated, and Proposed Lead Counsel

**EXHIBIT A**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIKE LABINS, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CHARLES SCHWAB CORPORATION, CHARLES SCHWAB & CO. INC., CHARLES SCHWAB INVESTMENT MANAGEMENT, INC., CHARLES R. SCHWAB, EVELYN DILSAVER, RANDALL W. MERK and GEORGE PEREIRA,<br><br>Defendants. | No. C 08-01510 WHA<br>No. C 08-01733 WHA<br>No. C 08-01936 WHA<br>No. C 08-01994 WHA<br>No. C 08-02058 WHA<br>No. C 08-02487 WHA<br><br>**COURT QUESTIONNAIRE TO LEAD PLAINTIFF CANDIDATES** |
| GERRY HAGEMAN, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CHARLES SCHWAB CORPORATION, CHARLES SCHWAB & CO. INC., CHARLES SCHWAB INVESTMENT MANAGEMENT, INC., CHARLES R. SCHWAB, EVELYN DILSAVER, RANDALL W. MERK and GEORGE PEREIRA,<br><br>Defendants. | |

United States District Court
For the Northern District of California

| | |
|---|---|
| 1 | W. MERRILL GLASGOW, on behalf of himself and all others similarly situated, |
| 2 | |
| 3 | Plaintiff, |
| 4 | v. |
| 5 | CHARLES SCHWAB CORPORATION, CHARLES SCHWAB & CO. INC., CHARLES SCHWAB INVESTMENT MANAGEMENT, INC., CHARLES R. SCHWAB, EVELYN DILSAVER, RANDALL W. MERK and GEORGE PEREIRA, |
| 6 | |
| 7 | |
| 8 | |
| 9 | Defendants. |
| 10 | |
| 11 | NILS FLANZRAICH and JILL FLANZRAICH, on behalf of himself and all others similarly situated, |
| 12 | |
| 13 | Plaintiff, |
| 14 | v. |
| 15 | CHARLES SCHWAB CORPORATION, CHARLES SCHWAB & CO. INC., CHARLES SCHWAB INVESTMENT MANAGEMENT, INC., CHARLES R. SCHWAB, SCHWAB INVESTMENTS; SCHWAB YIELDPLUS FUND SELECT SHARES; EVELYN DILSAVER; RANDALL W. MERK, and GEORGE PEREIRA, |
| 16 | |
| 17 | |
| 18 | |
| 19 | Defendants. |
| 20 | |
| 21 | |
| 22 | |
| 23 | |
| 24 | |
| 25 | |
| 26 | |
| 27 | |
| 28 | |

United States District Court
For the Northern District of California

1  VINAYAK R. PAI DEFINED BENEFITS
   PENSION PLAN, on behalf of himself and all
2  others similarly situated,

3        Plaintiff,

4     v.

5  CHARLES SCHWAB CORPORATION,
   CHARLES SCHWAB & CO. INC.,
6  CHARLES SCHWAB INVESTMENT
   MANAGEMENT, INC., SCHWAB
7  INVESTMENTS, CHARLES R. SCHWAB,
   EVELYN DILSAVER, RANDALL W.
8  MERK, GREGORY HAND, GEORGE
   PEREIRA, DONALD F. DOWARD,
9  MARIANN BYERWALTER, WILLIAM A.
   HASLER, ROBERT G. HOLMES, GERALD
10 B. SMITH, DONALD R. STEPHENS,
   MICHAEL W. WILSEY, and JEFF LYONS,
11
         Defendants.
12 _____/

13
   ROBERT LEVINS and KARL KYZER, on
14 behalf of himself and all others similarly
   situated,
15
         Plaintiffs,
16
      v.
17
   CHARLES SCHWAB CORPORATION,
18 CHARLES SCHWAB & CO. INC.,
   CHARLES SCHWAB INVESTMENT
19 MANAGEMENT, INC., CHARLES R.
   SCHWAB, EVELYN DILSAVER,
20 RANDALL W. MERK, MARIANN
   BYERWALTER, DONALD F. DORWARD,
21 WILLIAM A. HASLER, ROBERT G.
   HOLMES, GERALD B. SMITH, DONALD R.
22 STEPHENS, and MICHAEL W. WILSEY,

23       Defendants.
   _____/
24

25
   TO EACH LEAD PLAINTIFF CANDIDATE:
26
       The Court appreciates your interest in serving as the lead plaintiff in this lawsuit. You
27
   must personally read this statement of duties of the lead plaintiff and how class counsel will be
28
   selected and approved. It is important for you to understand that the lead plaintiff will have to

3

1  take an active role in managing the lawsuit. You could not, if selected, simply leave the case
2  for counsel to handle.
3      In 1996, our Congress enacted a statute known as the Private Securities Litigation
4  Reform Act (PSLRA). The PSLRA seeks to place a real investor, not a lawyer, in charge of any
5  securities class action. To do this, the PSLRA created a statutory position of responsibility
6  called "the lead plaintiff." This officer acts as a fiduciary for all members of the proposed class
7  and must manage the case to obtain the largest recovery for the proposed class consistent with
8  good faith and meritorious advocacy.
9      Over the course of the litigation, the lead plaintiff must take affirmative steps to keep
10 himself or herself reasonably informed on the progress and status of the case, including its
11 strengths and weaknesses, the prospects for settlement, and the resources invested in the suit or
12 proposed to be invested. With respect to each major litigation decision — such as important
13 motions, settlement discussions and trial preparation — the lead plaintiff shall have the
14 authority and responsibility to manage the case and to direct class counsel, after, of course,
15 receiving the advice of class counsel. The lead plaintiff shall meet in person with counsel
16 periodically, shall attend all major hearings and mediation sessions, and shall attend trial. And,
17 of course, the lead plaintiff must give deposition and trial testimony. No settlement will be
18 approved by the Court without the lead plaintiff's careful recommendation in favor of it.
19 Reasonable travel, telephone and business expenses incurred as a result of the lead plaintiff
20 duties may be reimbursed as expenses from any recovery or may be advanced by class counsel.
21     The first obligation of the lead plaintiff will be to select and propose class counsel for
22 court approval, an important choice that will warrant care and due diligence. No decision by
23 the lead plaintiff is more important than the selection of class counsel. Like any other important
24 decision by a fiduciary, the decision should be preceded by due diligence. The extent of such
25 due diligence will be a matter of judgment based on the facts and circumstances. Significantly,
26 even if you have already retained a lawyer for yourself in this matter, if you are selected as the
27 lead plaintiff, you would assume a higher responsibility, and would then be obligated to
28

4

undertake due diligence appropriate to the higher responsibility. In selecting class counsel, you could not automatically keep your present lawyer.

In selecting class counsel, the lead plaintiff has an obligation to assess the trial and securities track records of the specific lawyer candidate who would perform the actual work for the class. This requires evaluation of particular, individual lawyers. In exercising due diligence, it is also important to compare fees and expenses proposed by the candidates, *i.e.*, to comparison shop. In securities class actions, class counsel are usually awarded a fee (plus all reasonable expenses) from the recovery. Only the leftover residue is distributed to the class. The greater the fees and expenses, therefore, the less will be available for the investors. It is not uncommon for fees and expenses, plus the costs of administration and distribution, to reduce the individual plaintiffs' recovery to a few cents per share. In the Court's experience, excellent candidates will differ substantially in their up-front fee proposals. In one securities case, for example, the fee proposals of excellent candidates varied from as low as eight percent to over twenty-five percent of the eventual recovery. The lead plaintiff has an obligation to the investor class to take such potential savings into account.

Depending upon the facts and circumstances, the Court may require the lead plaintiff to evaluate competitive proposals from various lawyers seeking the job of class counsel, including from his or her present counsel. (If so, the Court would post an order soliciting proposals and arrange for the proposals to be delivered to the lead plaintiff.) It is important to the Court, in evaluating the qualifications of lead-plaintiff candidates, to know in advance that the lead-plaintiff candidate is fully prepared to carry out his or her lead-plaintiff responsibilities, as outlined above, and to fully comply with any such process and fully prepared to serve as lead plaintiff even if his or her present counsel is not selected and/or approved as class counsel.

With the benefit of the foregoing information, please answer the following questions in your own handwriting:

1. State your name, address, phone and fax number.
   RICHARD SCHWARTZ, 8 VALLEY OAKS LN., SANTA ROSA, CA 95409

1  **PH: 707 539-2741  FAX 707 539-2841**

2. What are your qualifications to be the lead plaintiff?

**I AM ABLE TO perform DUTIES AS DESCRIBED WITHIN THIS DOCUMENT. OUT FAMILY HAD SIGNIFICANT LOSSES — WE ARE INVESTED IN A FAIR OUTCOME.**

3. If you are an institutional investor or other organization, identify the individual who would primarily be in charge of managing your litigation responsibilities as the lead plaintiff and the individual's experience and qualifications. State the location of the individual's workplace.

4. What experience have you had in managing litigation? If you are an institution or organization, do you have an in-house counsel and, if so, what would be his or her role in this case if you were selected as lead plaintiff?

**NONE**

5. List each transaction you made in the securities at issue up to the present (not just during the class period), including the dollar amounts, the number of shares, the price, and the dates. As to each, were they open-market transactions or negotiated transactions? To what extent were your transactions in the United States versus abroad?

**CELESTA SCHWARTZ TRUST $215,810./23,337.582/$9.66  7/13/07**
**MEYER SCHWARTZ TRUST $206,869/20,703.934/$9.66  7/13/07**

CHARLES C BELL TRUST $617,748./63,638.551/$9.66/7/13/07
MARGARET Bell TRUST $141,945./14,475.72/$9.52/8/14/07
CASA MARIN $ 206,869./20,103.934/$9.66/7/13/07

6. Are there any circumstances that might give rise to possible issues asserted against you that would not generally apply against the rest of the class? Have you ever been convicted of a crime? If so, state the circumstances. Have you ever been sued in a fraud suit? If so, state the circumstances.

NO

7. Do you have the time and are you willing to travel as needed to carry out the lead-plaintiff responsibilities described above?

YES

8. Is your willingness to serve as a lead plaintiff contingent on being reimbursed by counsel for your expenses in the event there is no recovery in the case?

NO

9. Who prepared and/or reviewed the answers given above? Did any lawyer assist in any way? If so, identify each such lawyer.

I prepared the answers. No one assisted me.

10. List each previous case in which the lead-plaintiff candidate has been a lead plaintiff.

7

Read the following and if you agree with the following, insert your name in the blank and then sign below.

I have read and understand the above, including the duties of lead plaintiff and the procedure for selecting and approving class counsel. I agree and promise to faithfully execute those provisions. Once class counsel are selected and approved, I will work and cooperate fully with such counsel for the benefit of the investor class and will do so regardless of whether the selection-and-approval process for counsel results in appointment of lawyers other than my initial choice.

I certify under penalty of perjury that the foregoing is true and correct.

Dated: 6/24/08

_____
Lead Plaintiff Candidate
SCHWARTZ GROUP

_____
Name of Lead-Plaintiff Candidate if Organization

_____
Title of Person Signing on Behalf of Organization

1  BRAMSON, PLUTZIK, MAHLER & BIRKHAEUSER, LLP
   Alan R. Plutzik (State Bar No. 77785)
2  Michael S. Strimling (State Bar No. 96135)
   2125 Oak Grove Road, Suite 120
3  Walnut Creek, CA 94598
   Telephone: (925) 945-0200
4  Facsimile: (925) 945-8792

5  LOVITT & HANNAN, INC.
   Ronald Lovitt (State Bar No. 040921)
6  J. Thomas Hannan (State Bar No. 039140)
   900 Front Street, Suite 300
7  San Francisco 94111
   Telephone: (415) 362-8769
8  Facsimile: (415) 362-7528

9  Attorneys for the Schwartz Group of Investors

10
                UNITED STATES DISTRICT COURT
11
                NORTHERN DISTRICT OF CALIFORNIA
12

| IN RE CHARLES SCHWAB CORP. SECURITIES LITIGATION | CASE NO. CV-08-1510-WHA<br><br>**PROOF OF SERVICE**<br><br>Judge: The Honorable William H. Alsup |
|---|---|

## PROOF OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is 2125 Oak Grove Road, Suite 120, Walnut Creek, California 94598. On June 25, 2008, I served the within documents:

Submission of Court Questionnaire Completed by Richard Schwartz for Appointment of the Schwartz Group of Investors as Lead Plaintiffs; and for Approval of Lead Plaintiffs' Choice of Lead Counsel

- [x] by placing a copy of the document(s) listed above for collection and mailing following the firm's ordinary business practice in a sealed envelope with postage thereon fully prepaid for deposit in the United States mail at Walnut Creek, California addressed as set forth below.

- [x] by facsimile transmission on that date. This document was transmitted by using a Canon LC 710 facsimile machine that complies with California Rules of Court Rule 2003(3), telephone number (925) 945-8792. The transmission was reported as complete and without error.

- [ ] By causing personal delivery of a copy of the document(s) listed above to the person(s) addressed as set forth below.

- [ ] by depositing a true copy of the same enclosed in a sealed envelope with delivery fees provided for a Federal Express pick up box or office designated for overnight delivery, and addressed as set forth below.

- [ ] by e-mail transmission on that date. These documents were transmitted via e-mail to the following e-mail addresses as set forth below.

| | |
|---|---|
| Peter E. Borkon, Esq.<br>Hagens Berman Sobol Shapiro LLP<br>715 Hearst Avenue, Suite 202<br>Berkeley, CA  94710<br>T:  510-725-3000<br>Fax:  510-725-3001<br>Email:  peterb@hbsslaw.com<br><br>Attorneys for Plaintiff Mike Labins | Reed R. Kathrein, Esq.<br>Hagens Berman Sobol Shapiro LLP<br>715 Hearst Avenue, Suite 202<br>Berkeley, CA  94710<br>T:  510-725-3000<br>Fax:  510-725-3001<br>Email:  reed@hbsslaw.com<br><br>Attorneys for Plaintiff Mike Labins, YieldPlus Investor Group, Robert Levin, Karl Kyzer |
| Darryl Paul Rains, Esq.<br>Morrison & Foerster LLP<br>755 Page Mill Road<br>Palo Alto, CA  94304-1018<br>T: 650-813-5600<br>Fax: 650-494-0792<br>Email:  drains@mofo.com<br><br>Attorneys for Defendant The Charles Schwab Company, Charles Schwab & Co., Inc., Charles Schwab Investment Management, Inc., Charles Schwab, Evelyn Dilsaver, Randall W. Merk, George Pereira | Stuart Christopher Plunkett, Esq.<br>Morrison & Foerster LLP<br>425 Market Street<br>San Francisco, CA  94105<br>T: 415-268-6145<br>Fax: 415-268-7522<br>Email:  splunkett@mofo.com<br><br>Attorneys for Defendant The Charles Schawb Company, Charles Schwab & Co., Inc., Charles Schwab Investment Management, Inc., Charles Schwab, Evelyn Dilsaver, Randall W. Merk, George Pereira |

| | |
|---|---|
| Timothy J. Burke, Esq.<br>Stull Stull & Brody<br>10940 Wilshire Blvd., #2300<br>Los Angeles, CA 90024<br>T: 310-209-2468<br>Fax: 310-209-2087<br>Email: service@ssbla.com<br><br>Attorneys for Karen Cunningham, Mark Kale, Monte Lewis | Azra Z. Mehdi, Esq.<br>Coughlin Stoia Geller Rudman & Robbins LLP<br>100 Pine Street, Suite 2600<br>San Francisco, CA 94111<br>T: 415-288-4545<br>Fax: 415-288-4534<br>Email: azram@csgrr.com<br><br>Attorneys for Garfield Peate, Mark Verge, Malkit Singe |
| Vahn Alexander, Esq.<br>Faruqi & Faruqi, LLP<br>1906 Avenue of the Stars, Second Floor<br>Los Angeles, CA 90067<br>T: 310-461-1426<br>Fax: 310-461-1427<br>Email: valexander@faruqilaw.com<br><br>Attorneys for Nils Flanzraich, Jill Flanzraich | Ronald Lovitt, Esq.<br>J. Thomas Hannan, Esq.<br>Lovitt & Hannan, Inc.<br>900 Front Street, Suite 300<br>San Francisco, CA 94111<br>T: 415-362-8769<br>Fax: 415-372-7528<br>Email: jth@lh-sf.com<br><br>Attorneys for the Schwartz Group of Investors |

I am readily familiar with the firm's practice of collecting and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on the same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct, executed on June 25, 2008, at Walnut Creek, California.

                                            /s/ Peggy Toovey
                                            Peggy Toovey