Reed R. Kathrein (139304)
Peter E. Borkon (212596)
HAGENS BERMAN SOBOL SHAPIRO LLP
715 Hearst Avenue, Suite 202
Berkeley, CA 94710
Telephone: (510) 725-3000
Facsimile: (510) 725-3001
reed@hbsslaw.com
peterb@hbsslaw.com

Steve W. Berman
Sean R. Matt
Erin K. Flory
HAGENS BERMAN SOBOL SHAPIRO LLP
1301 Fifth Avenue, Suite 2900
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594
steve@hbsslaw.com
sean@hbsslaw.com
erin@hbsslaw.com

*Attorneys for Lead Plaintiff YieldPlus Investor Group*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE SCHWAB CORP. SECURITIES LITIGATION | No. 08-cv-01510 WHA |
| THIS DOCUMENT RELATES TO:<br><br>All Actions | NOTICE OF MOTION AND MOTION BY LEAD PLAINTIFFS TO APPOINT LEAD COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF<br><br>DATE ACTION FILED: March 18, 2008 |

## NOTICE OF MOTION AND MOTION

**TO: ALL PARTIES AND THEIR ATTORNEYS OF RECORD**

PLEASE TAKE NOTICE that pursuant to this Court's Order Appointing Lead Plaintiff entered July 3, 2008 by the Honorable William H. Alsup, United States District Court, Northern District of California, San Francisco Division, Courtroom 9, 19th Floor, 450 Golden Gate Avenue, San Francisco, California 94102, David and Gretchen Mikelonis, Kevin O'Donnell, John Hill, James Coffin and Robert Dickson (referred to collectively as "Lead Plaintiffs") hereby move for an order approving and appointing Hagens Berman Sobol Shapiro LLP as Lead Counsel pursuant to the Lead Counsel provisions of the Private Securities Litigation Reform Act of 1995 ("PSRLA"), codified as Section 27 (a)(3) of the Securities Act of 1933, 15 U.S.C. § 77z-1(a)(3) (2007).

This motion is based on this Notice of Motion and Motion, the Memorandum of Points and Authorities in Support Thereof, the Joint Declaration of the YieldPlus Investor Group in Support of this Motion, the pleadings on file in this action, oral argument and such other matters as the Court may consider in deciding this motion. At the Court's direction, the Joint Declaration of the YieldPlus Investor Group will be filed under seal and will only be served on the Court. Also upon the Court's instruction, the Notice of Motion and Motion will not be set for oral argument absent further instruction from the Court.

**STATEMENT OF ISSUES TO BE DECIDED**

Whether the Court should approve the YieldPlus Investor Group's selection of the law firm Hagens Berman Sobol Shapiro LLP as Lead Counsel pursuant to the Lead Counsel provisions of the Private Securities Litigation Reform Act of 1995.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

Pursuant to the Court's July 3, 2008 Order Appointing Lead Plaintiff ("Order"), David and Gretchen Mikelonis, Kevin O'Donnell, John Hill, James Coffin and Robert Dickson (referred to collectively as "Lead Plaintiffs" or "YieldPlus Investor Group") conducted extensive due diligence and respectfully request that the Court appoint Hagens Berman Sobol Shapiro LLP ("Hagens Berman") as Lead Counsel in this consolidated action. The YieldPlus Investor Group's due diligence included sending a notice and invitation to bid to every firm that filed a complaint or sought to appoint a lead plaintiff, a fifty-eight (58) question request for proposal, interviews of firms that responded to the notice and one unsolicited firm that contacted the Lead Plaintiffs as well as numerous conference calls within the YieldPlus Investor Group, reviews of resumes and independent research of each firms' qualifications. *See* Joint Declaration of the YieldPlus Investor Group in Support of Motion for Lead Counsel ("Joint Decl.").[1]  Based upon their extensive due diligence and the qualifications of proposed Lead Counsel, the YieldPlus Investor Group unanimously requests that the Court approve their selection and appoint Hagens Berman as Lead Counsel.

## II.   PROCEDURAL AND FACTUAL BACKGROUND

On July 2, 2008, the Court entertained oral argument on two competing motions to appoint Lead Plaintiffs and Lead Counsel in the above-captioned cases. At that hearing the Court admonished the competing movants that any Lead Plaintiff appointed by the Court would be required to conduct due diligence in selecting Lead Counsel and that the Court would require an explanation of that due diligence. By order dated July 3, 2008, the Court appointed the YieldPlus Investor Group as Lead Plaintiff and instructed them to file certifications stating that they understood their fiduciary obligations, were willing and able to adhere to the Court's schedule and had read the Court's Order. In compliance with the Court's instruction, each Lead Plaintiff filed a certification. [Dkt. Nos. 78, 79, 80, 81 and 85].

---

[1] Pursuant to the Court's July 3, 2008 Order Appointing Lead Plaintiff, the Joint Declaration was filed under seal and will not be served on counsel.

On July 17, 2008, the YieldPlus Investor Group e-mailed a directed notice to every firm that filed a case or motion seeking to appoint a Lead Plaintiff. *See* Joint Decl., ¶ 5. Lead Plaintiffs' directed notice informed those firms that the YieldPlus Investor Group intended to conduct due diligence interviews of potential Lead Counsel and attached a fifty-eight question request for proposal setting forth the YieldPlus Investor Group's anticipated areas of inquiry for the interviews. *See* Joint Decl., ¶ 6. The notice provided the firms with five days to respond to the Lead Plaintiff group by indicating that the firm would like to interview for the role of Lead Counsel. *See id*. at ¶ 5. Based upon the responses and after considerable independent work, the YieldPlus Investor Group narrowed the candidates for Lead Counsel to two highly reputable firms.

In selecting Lead Counsel, Lead Plaintiff considered potential Lead Counsel's dedication of resources to this prosecution, experience and past success as trial lawyers and class counsel, passion for this case, willingness to work with the Lead Plaintiff, status of their investigation, ability to work with consultants and experts, proposed costs and fees, and demonstrated history of a willingness to try the case if necessary. Proposed Lead Counsel, Hagens Berman, has extensive experience with large scale litigation including representation of thirteen states as special assistant attorneys general in their law enforcement actions against the tobacco industry. *See* Kathrein Decl., Ex. D at 3.[2] Those cases reached a record settlement of $206 billion. Hagens Berman lawyers also served as co-lead counsel in the *In re Visa-Mastercard Antitrust Litigation*, which settled for damages and injunctive relief valued at $27 billion, making this the largest antitrust settlement in U.S. history. *Id.* Based on their extensive due diligence, the YieldPlus Investor Group selected Hagens Berman as Lead Counsel and respectfully requests that this Court approve their selection.

### III.    ARGUMENT

The Lead Counsel provisions of the PSLRA provide that, subject to court approval, the Lead Plaintiff is vested with the authority to select Lead Counsel. 15 U.S.C. § 77z-1(a)(3) (2007).

---

[2] "Kathrein Decl." or "Kathrein Declaration" refers to the Declaration of Reed R. Kathrein in Support of Motion to Consolidate, to Appoint the YieldPlus Investor Group Lead Plaintiff and to Approve Proposed Lead Plaintiff's Selection of Counsel [Dkt. No. 27].

LEAD PLS.' MOT. TO APPOINT LEAD COUNSEL – 08-cv-01510 WHA — - 2 -

010036-12 255943 V1

The Ninth Circuit emphasized that "the express language of the . . . 'Reform Act clearly leaves the choice of class counsel in the hands of the lead plaintiff.'" *In re New Mexico State Inv. Counsel*, 250 Fed. Appx. 225, 226 (9th Cir. 2007) (quoting *In re Cavanaugh*, 306 F.3d 726, 734 (9th Cir. 2002). "A court may disturb the lead plaintiff's choice of counsel only if it appears necessary to 'protect the interests of the class.'" *Tanne v. Autobytel, Inc.*, 226 F.R.D. 659, 673 (C.D. Cal. 2005) (citing 15 U.S.C. § 78u-(a)(3)(B)(iii)(II)(aa)). As the Ninth Circuit has made amply clear, "Congress enacts statutes, not purposes, and courts may not depart from the statutory text because they believe some other arrangement would better serve the legislative goals." *In re Cavanaugh*, 306 F.3d at 731-32; *see also Erikson v. Cornerstone Propane Partners LP,* Case No. 03-2522-MHP, 2003 WL 22232387 (N.D. Cal. Sept. 15, 2003) (noting the Court's limited role in approving Lead Counsel).

Where individual investors with little litigation experience are appointed as Lead Plaintiff, this Court has taken a more active role in an independent and informed selection of Lead Counsel. *See Wenderhold v. Cylink Corp.,* 191 F.R.D. 600, 602-03 (N.D. Cal. 2000) (suggesting factors the Court may consider when approving Lead Plaintiff's selection of Lead Counsel). As this Court noted in its Order Appointing Lead Plaintiff, the YieldPlus Investor Group is comprised of several individual investors with significant litigation experience. Order at 3. In *Wenderhold,* the court was asked to approve Lead Plaintiff's selection of Lead Counsel. *Wenderhold,* 191 F.R.D. at 601. The court enumerated several factors it may consider when asked to approve Lead Plaintiff's selection of counsel including proposed Lead Counsel's: 1) prior experience litigating within this Circuit and familiarity with special pleading issues in securities cases; 2) local presence; 3) well-established working relationship with defense counsel; 4) knowledge of securities law; 5) size and commitment of principals to litigating the case; and 6) fees and costs to the class. *Id.* at 602-03. Here, the Lead Plaintiffs dutifully executed their due diligence and considered each of the factors suggested by the court in *Wenderhold.*

With these criteria in mind, the YieldPlus Investor Group conducted due diligence, including spending hours meeting by telephonic conference to discuss the process and to reach a decision. Joint Decl., ¶ 7. The YieldPlus Investor Group concluded that Hagens Berman is the

1   firm best suited to serve as Lead Counsel.  Hagens Berman has a demonstrated commitment to
2   bringing large and complex litigation including securities litigation to successful conclusion.  *See*
3   Kathrein Decl., Ex. D.  Hagens Berman and its lawyers have significant experience litigating
4   within this Circuit and a demonstrated familiarity with the special pleading issues in securities
5   cases.  Joint Decl., ¶ 8.  Hagens Berman has a local presence within the Northern District of
6   California as well as a national presence.  Kathrein Decl. at 1.  Hagens Berman has a
7   well-documented working relationship with defense counsel including more than fifteen published
8   cases where Hagens Berman and Morrison Foerster served as opposing counsel.  Hagens Berman
9   and its team of securities litigators and trial counsel have extensive experience in securities law and
10  principal attorneys from Hagens Berman are committed to litigating and trying this case.  Joint
11  Decl., ¶ 8.

12       The YieldPlus Investor Group conducted arm's length fee negotiations.  Joint Decl, ¶ 8.
13  Ultimately, the YieldPlus Investor Group based their selection on Hagens Berman's quality,
14  passion for this case, knowledge of securities law, fee negotiations and commitment of personnel.
15  *Id.*  Finally, Lead Plaintiffs considered whether any difficulties or conflicts exist with respect to the
16  claims in *Levin v. The Charles Schwab Corp., et al.,* Case No. C 08-02487-WHA.  *Levin* has been
17  consolidated with this case.  Lead Plaintiffs do not believe that these claims pose any difficulty or
18  conflict.  *Id*. at ¶ 9.

LEAD PLS.' MOT. TO APPOINT LEAD                - 4 -
COUNSEL – 08-cv-01510 WHA
010036-12  255943 V1

## IV. CONCLUSION

Considering the strengths, weaknesses and experience of counsel, as well as the financial burden in terms of fees and costs on the class, the YieldPlus Investor Group respectfully requests that this Court approve the selection of Hagens Berman Sobol Shapiro LLP as Lead Counsel.

Dated: August 14, 2008          HAGENS BERMAN SOBOL SHAPIRO LLP

By:  /s/ Reed R. Kathrein
     REED R. KATHREIN

Peter E. Borkon
715 Hearst Avenue, Suite 202
Berkeley, CA  94710
Telephone:  (510) 725-3000
Facsimile:  (510) 725-3001
reed@hbsslaw.com
peterb@hbsslaw.com

Steve W. Berman
Sean R. Matt
Erin K. Flory
HAGENS BERMAN SOBOL SHAPIRO LLP
1301 Fifth Avenue, Suite 2900
Seattle, WA  98101
Telephone:  (206) 623-7292
Facsimile:  (206) 623-0594
steve@hbsslaw.com
sean@hbsslaw.com
erin@hbsslaw.com

*Attorneys for Lead Plaintiff YieldPlus Investor Group*

**CERTIFICATE OF SERVICE**

I hereby certify that on August 14, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses registered, as denoted on the attached Electronic Mail Notice List, and I hereby certify that I have mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

       /s/ Reed R. Kathrein
       REED R. KATHREIN

# Mailing Information for a Case 3:08-cv-01510-WHA

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Vahn Alexander**
  valexander@faruqilaw.com

- **Peter E. Borkon**
  peterb@hbsslaw.com

- **Timothy J. Burke**
  service@ssbla.com

- **J. Thomas Hannan**
  hannan@lh-sf.com

- **Reed R. Kathrein**
  reed@hbsslaw.com,steve@hbsslaw.com,nancyq@hbsslaw.com,sf_filings@hbsslaw.com

- **Azra Z. Mehdi**
  azram@csgrr.com,e_file_sf@csgrr.com,e_file_sd@csgrr.com

- **Stuart Christopher Plunkett**
  rpelletier@mofo.com,ggerrish@mofo.com,splunkett@mofo.com

- **Alan R Plutzik**
  aplutzik@bramsonplutzik.com

- **Darryl Paul Rains**
  drains@mofo.com,dgillis@mofo.com

## Manual Notice List

The following is the list of attorneys who are **not**
on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)