DARRYL P. RAINS (CA SBN 104802)
MORRISON & FOERSTER LLP
755 Page Mill Road
Palo Alto, California 94304-1018
Telephone: 650.813.5600
Facsimile: 650.494.0792
Email: DRains@mofo.com

STUART C. PLUNKETT (CA SBN 187971)
KIMBERLY L. TAYLOR (CA SBN 240483)
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: 415.268.7000
Facsimile: 415.268.7522

Attorneys for Defendants Mariann Byerwalter, Donald F. Dorward, William A. Hasler, Robert G. Holmes, Gerald B. Smith, Donald R. Stephens, and Michael W. Wilsey

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE CHARLES SCHWAB CORP. SECURITIES LITIGATION | Master File No. C-08-01510-WHA <br><br> CLASS ACTION <br><br> INDEPENDENT TRUSTEES' MOTION TO DISMISS FIRST CONSOLIDATED AMENDED COMPLAINT <br><br> Date: December 11, 2008 <br> Time: 8:00 a.m. <br> Judge: Hon. William H. Alsup <br> Courtroom: 9 |

**NOTICE OF MOTION AND MOTION TO DISMISS
FIRST CONSOLIDATED AMENDED COMPLAINT**

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE THAT, on December 11, 2008, at 8:00 a.m. or as soon thereafter as the matter may be heard, in Courtroom 9 of the United States District Court for the Northern District of California, 450 Golden Gate Avenue, San Francisco, California, defendants Mariann Byerwalter, Donald F. Dorward, William A. Hasler, Robert G. Holmes, Gerald B. Smith, Donald R. Stephens, and Michael W. Wilsey will, and hereby do, move for dismissal of the First Consolidated Amended Complaint pursuant to Rules 8, 9(b), and 12 of the Federal Rules of Civil Procedure and Local Rule 7-2.

The motion is based on this notice of motion, the memorandum set forth below, the accompanying declaration of Kimberly L. Taylor, the accompanying request for judicial notice, the reply memorandum, the pleadings and papers on file in this action, and such other written or oral argument as may be presented before the motion is taken under submission by the Court.

## STATEMENT OF ISSUES
### (Local Rule 7-4)

1. Are the independent trustees "sellers" of the fund's shares for purposes of section 12(a)(2) simply because they signed the fund's registration statement?

2. Are the independent trustees "control persons" over the other defendants?

3. Did the independent trustees "intentionally interfere" with some contract between the fund and its investors?

4. Did the independent trustees commit "unlawful acts" within the meaning of section 17200?

5. Have plaintiffs pleaded enough facts to overcome the business judgment rule?

**TABLE OF CONTENTS**

Page

NOTICE OF MOTION AND MOTION TO DISMISS FIRST CONSOLIDATED AMENDED COMPLAINT .................................................................................................. i

STATEMENT OF ISSUES ........................................................................................................ ii

TABLE OF AUTHORITIES ..................................................................................................... iv

INTRODUCTION ....................................................................................................................... 1

BACKGROUND FACTS ........................................................................................................... 1

ARGUMENT ............................................................................................................................... 2

I. PLAINTIFFS' SECTION 12 CLAIM DOES NOT ALLEGE THE INDEPENDENT TRUSTEES WERE "SELLERS" OF THE FUND'S SHARES. ............ 3

II. PLAINTIFFS' SECTION 15 "CONTROL PERSON" CLAIM DOES NOT PLEAD THE INDEPENDENT TRUSTEES CONTROL THE OTHER DEFENDANTS. ............................................................................................................... 5

III. COUNTS IV AND VI DO NOT ALLEGE THE INDEPENDENT TRUSTEES INTENTIONALLY INTERFERED WITH ANY CONTRACT. ..................................... 6

IV. THE INDEPENDENT TRUSTEES COMMITTED NO "UNLAWFUL" ACT UNDER SECTION 17200. .............................................................................................. 8

V. PLAINTIFFS' BREACH OF FIDUCIARY DUTY CLAIM VIOLATES RULE 9(B) AND DOES NOT OVERCOME THE BUSINESS JUDGMENT RULE. ................ 8

CONCLUSION ......................................................................................................................... 10

# TABLE OF AUTHORITIES

Page(s)

### CASES

*Applied Equip. Corp. v. Litton Saudi Arabia Ltd.*,
  7 Cal. 4th 503 (1994) .................................................................................................................. 7

*Ashker v. Horel*,
  2007 WL 2348732 (N.D. Cal. Aug. 14, 2007) ............................................................................ 7

*Bartlett v. New York, N.H. & H.R. Co.*,
  109 N.E. 452 (Mass. 1915) ......................................................................................................... 9

*Batchelder v. Kawamoto*,
  147 F.3d 915 (9th Cir. 1998) ....................................................................................................... 9

*Brodsky v. Yahoo!, Inc.*,
  2008 WL 4531815 (N.D. Cal. Oct. 7, 2008) ............................................................................... 5

*Certain Underwriters at Lloyd's v. Real Estate Prof'ls Ins. Co.*,
  2007 WL 4249078 (C.D. Cal. Nov. 26, 2007) ............................................................................ 8

*Davis & Cox v. Summa Corp.*,
  751 F.2d 1507 (9th Cir. 1985) ..................................................................................................... 9

*Durham v. Kelly*,
  810 F.2d 1500 (9th Cir. 1987) ..................................................................................................... 5

*Everett v. Bozic*,
  2006 WL 2291083 (S.D.N.Y. Aug. 3, 2006) .............................................................................. 9

*Harhen v. Brown*,
  730 N.E.2d 859 (Mass. 2000) ..................................................................................................... 9

*Howard v. Everex Sys., Inc.*,
  228 F.3d 1057 (9th Cir. 2000) .................................................................................................. 5, 6

*In re GlenFed Sec. Litig.*,
  42 F.3d 1541 (9th Cir. 1994) ....................................................................................................... 2

*In re Harmonic, Inc. Sec. Litig.*,
  2006 WL 3591148 (N.D. Cal. Dec. 11, 2006) ............................................................................ 4

*In re Infonet Servs. Corp. Sec. Litig.*,
  310 F. Supp. 2d 1080 (C.D. Cal. 2003) ...................................................................................... 4

*In re McKesson HBOC, Inc. Sec. Litig.*,
  126 F. Supp. 2d 1248 (N.D. Cal. 2000) ................................................................................... 2, 5

*In re Ross Sys. Sec. Litig.*,
    1994 WL 583114 (N.D. Cal. July 21, 1994) ........................................................................ 3, 6

*In re Silicon Graphics Sec. Litig.*,
    970 F. Supp. 746 (N.D. Cal. 1997) ......................................................................................... 8

*In re Splash Tech. Holdings, Inc., Sec. Litig.*,
    2000 WL 1727405 (N.D. Cal. Sept. 29, 2000) ................................................................... 5, 6

*In re Stratosphere Corp. Sec. Litig.*,
    1 F. Supp. 2d 1096 (D. Nev. 1998) ......................................................................................... 5

*In re Worldcom, Inc. Sec. Litig.*,
    2004 WL 1097786 (S.D.N.Y. May 18, 2004) ......................................................................... 6

*ING Principal Protection Funds Derivative Litig.*,
    369 F. Supp. 2d 163 (D. Mass. 2005) ................................................................................... 10

*Marin Tug & Barge, Inc. v. Westport Petroleum, Inc.*,
    271 F.3d 825 (9th Cir. 2001) .................................................................................................. 7

*Moore v. Kayport Package Express, Inc.*,
    885 F.2d 531 (9th Cir. 1989) .................................................................................................. 3

*Neu v. Terminix Int'l, Inc.*,
    2008 WL 2951390 (N.D. Cal. July 24, 2008) ......................................................................... 8

*Parrish v. NFL Players Ass'n*,
    534 F. Supp. 2d 1081 (N.D. Cal. 2007) .................................................................................. 8

*Pinter v. Dahl*,
    486 U.S. 622 (1988) ....................................................................................................... 3, 4, 5

*Richardson v. Clarke*,
    364 N.E. 2d 804 (Mass. 1977) ................................................................................................ 9

*Shoemaker v. Myers*,
    52 Cal. 3d 1 (Cal. 1990) ......................................................................................................... 7

*Stack v. Lobo*,
    903 F. Supp. 1361 (N.D. Cal. 1995) ....................................................................................... 2

*Synapsis LLC v. Evergreen Data Sys., Inc.*,
    2005 WL 1656901 (N.D. Cal. July 13, 2005) ......................................................................... 7

*Vess v. Ciba-Geigy Corp. USA*,
    317 F.3d 1097 (9th Cir. 2003) ............................................................................................ 8, 9

*Woods v. Fox Broad. Sub., Inc.*,
    129 Cal. App. 4th 344 (2005) ................................................................................................. 7

**STATUTES AND RULES**

15 U.S.C.
  § 77l ................................................................................................................................. 3
  § 77o ................................................................................................................................ 5
  § 80a-2 ............................................................................................................................. 6

Federal Rules of Civil Procedure
  8 ....................................................................................................................................... 6
  9 ............................................................................................................................ 2, 3, 8, 9

Cal. Bus. & Prof. Code
  § 17200 ......................................................................................................................... 3, 8

Mass. Gen. Laws ch. 182
  § 2B ................................................................................................................................. 9

## INTRODUCTION

This motion is brought by the seven independent trustees of Schwab Investments, a trust consisting of several series of Schwab mutual funds, including the YieldPlus fund. The independent trustees join in the motion to dismiss filed by the Schwab-affiliated defendants and incorporate their arguments by this reference. We write separately only to emphasize the arguments that apply with special force to the independent trustees.

Plaintiffs' complaint devotes only two lines — the same two lines — to each independent trustee. (Compl. ¶¶ 34–40.) These two lines say only that each individual trustee signed the fund's registration statement. (*Id*.)

That is not enough to support the eight claims pleaded against the independent trustees.[1] Signing a registration statement does not make the trustees "sellers" for purposes of section 12(a)(2). It does not make them section 15 "control persons" over the other defendants. It does not amount to "intentional interference" with any contract between the fund and its investors. It does not constitute an "unlawful act" within the meaning of section 17200. And it does not constitute a breach of any of the trustees' fiduciary duties.

Plaintiffs must plead specific facts showing wrongdoing by each of the independent trustees. Signing a registration statement, without more, is not wrongdoing. Plaintiffs' claims against the independent trustees should be dismissed.

## BACKGROUND FACTS

Schwab Investments is a Massachusetts business trust. (Compl. ¶ 28.) The YieldPlus fund is a series of the trust, and the trust is considered the registrant and the issuer of the fund's shares. (*Id.*)

The trust is governed by a board of nine trustees. Two — including Charles R. Schwab — are associated with The Charles Schwab Corporation and its subsidiaries. (Compl. ¶ 30.) The

---

[1] The independent trustees are Mariann Byerwalter, Donald F. Dorward, William A. Hasler, Robert G. Holmes, Gerald B. Smith, Donald R. Stephens, and Michael W. Wilsey. (Compl. ¶¶ 34–40.) All eight counts are asserted against six of these trustees. The seventh — Mr. Dorward — is a defendant only to Counts I, II, III, and VIII.

other seven trustees are independent of Schwab and qualify as "disinterested" trustees under the Investment Company Act of 1940. (*See* Nov. 15, 2007 SAI at 43–46, attached as Taylor Decl. Ex. B; *see also* accompanying Request for Judicial Notice.)

The independent trustees have no role in the day-to-day operations of the fund. The "asset management and administration of the" fund are delegated to Charles Schwab Investment Management, Inc., the fund's investment advisor. (Compl. ¶ 27.) And the underwriting, distribution, and sales of fund shares are delegated to Charles Schwab & Co., Inc., the broker-dealer arm of The Charles Schwab Corporation. (*Id.* ¶ 26.)

While the independent trustees are alleged to have signed the fund's registration statement, the complaint says nothing about their role in the preparation of that statement. (Compl. ¶¶ 34–40.) Nor does it speak to their involvement in any of the other conduct alleged in the complaint. Plaintiffs do not allege, for example, that any independent trustee: (1) calculated or reported the fund's duration; (2) played any role in reporting coupon dates or maturity dates; (3) made asset valuation decisions for individual securities; (4) allocated securities into classes for reporting purposes; (5) prepared or approved sales literature, advertisements, or web page ads; (6) played any role in soliciting investors or selling fund shares; or (7) deviated from the fund's concentration or diversification policies. (*See id.* ¶¶ 86–87.) None of the misstatements or misconduct alleged in the complaint is ascribed to any of the independent trustees.

## ARGUMENT

Plaintiffs' complaint must meet Federal Rule of Civil Procedure 9(b)'s heightened pleading standard. This means their complaint must state "with particularity the circumstances constituting" the mistake or fraud. *In re GlenFed Sec. Litig.*, 42 F.3d 1541, 1547–49 (9th Cir. 1994); *In re McKesson HBOC, Inc. Sec. Litig.*, 126 F. Supp. 2d 1248, 1257 (N.D. Cal. 2000).

Rule 9(b) must be met separately for each of the independent trustees. The discredited "group pleading" doctrine — if it still exists — cannot be applied to independent trustees who, like outside directors, do not manage business affairs on a day-to-day basis. *Stack v. Lobo*, 903 F. Supp. 1361, 1376 (N.D. Cal. 1995) (doctrine only applicable to outside directors who have "participated in the day-to-day management of the part of the company involved in the alleged

fraud" or have a special relationship with the company) (citations omitted); *In re Ross Sys. Sec. Litig.*, 1994 WL 583114, at *6 (N.D. Cal. July 21, 1994) (same). The trustees, to be sure, signed the fund's registration statement and, as a result, are deemed to have made the statements contained in that document. But plaintiffs cannot use "group pleading" to satisfy the other required elements of their claims.

That is all plaintiffs do here. Apart from alleging that each trustee signed the fund's registration statement, plaintiffs lump the independent trustees in with all the other defendants. (*See, e.g.*, Compl. ¶ 140 ("Defendants offered and sold a security"), *id.* ¶ 170 ("Defendants . . . induced the Fund to breach the contracts").) Plaintiffs cannot satisfy Rule 9(b) by utilizing this type of "group pleading."

We focus here on five pleading deficiencies — five instances in which plaintiffs seek to hold the independent trustees liable by lumping them together with all the other defendants. We show that plaintiffs' complaint fails to plead that the trustees: (1) were "sellers" for purposes of section 12(a)(2), (2) were section 15 "control persons" over the other defendants, (3) "intentionally interfered" with some contract between the investors and Schwab, (4) committed some "unlawful act" within the meaning of section 17200, or (5) breached some aspect of their fiduciary duties.

## I. PLAINTIFFS' SECTION 12 CLAIM DOES NOT ALLEGE THE INDEPENDENT TRUSTEES WERE "SELLERS" OF THE FUND'S SHARES

Count II of plaintiffs' complaint arises under section 12(a)(2). 15 U.S.C. § 77l(a)(2). A section 12(a)(2) claim may only be asserted against the "seller" of a security. *Id*. The United States Supreme Court has interpreted "seller" to mean the "owner who passed title," along with any "person who successfully solicits the purchase, motivated at least in part by a desire to serve his own financial interests or those of the security owner." *Pinter v. Dahl*, 486 U.S. 622, 647 (1988).[2]

---

[2] *Pinter* addressed the definition of "seller" under section 12(a)(1). The Ninth Circuit has held that the same definition applies to section 12(a)(2). *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 536 (9th Cir. 1989).

Plaintiffs' complaint does not allege that any independent trustee "passed title" to any of the plaintiffs. Quite the contrary: the complaint makes it clear that Schwab Investments is the "issuer" of the shares. (Compl. ¶ 28.) *See, e.g.*, *In re Infonet Servs. Corp. Sec. Litig.*, 310 F. Supp. 2d 1080, 1100 (C.D. Cal. 2003) (section 12(a)(2) claim dismissed where defendants did not pass title to the security).

Nor does the complaint allege that any independent trustee solicited any investments in the fund. Quite the contrary: the complaint makes it clear that Charles Schwab & Co., Inc., is the distributor and principal underwriter responsible for soliciting purchases of the fund's shares. (Compl. ¶ 26.)

All plaintiffs allege is that the trustees signed the fund's registration statement. Does that make the independent trustees "sellers"? The cases say "no." In *Pinter v. Dahl*, the Supreme Court rejected the idea that "seller" status could arise from a defendant's role in the preparation, or execution, of a registration statement. 486 U.S. at 649–50. Instead, the Court said that "seller" status arises only from a "defendant's relationship with the plaintiff purchaser." *Id*. at 651. The Supreme Court emphasized the differences between sections 11 and 12, noting that section 11 (unlike section 12) expressly applies to persons who "sign" a registration statement. The Court concluded:

> Section 11(a) explicitly enumerates the various categories of persons involved in the registration process who are subject to suit under that section, including many who are participants in the activities leading up to the sale. There are no similar provisions in § 12, and therefore, we may conclude that Congress did not intend such persons to be defendants in § 12 actions.

*Id*. at 650 n.26.

Subsequent decisions have confirmed that "seller" status can only arise from a relationship with the purchaser — either by means of contractual privity or as a result of direct involvement in the solicitation of the purchaser's investment. *See, e.g.*, *In re Harmonic, Inc. Sec. Litig.*, 2006 WL 3591148, at *14 (N.D. Cal. Dec. 11, 2006) ("defendants, all of whom signed the registration statement, are already potentially liable under § 11(a), and cannot be liable under § 12(a)(2) merely for preparing or signing a prospectus"); *In re Infonet Servs. Corp. Sec. Litig.*,

MASTER FILE NO. C-08-01510-WHA
INDEPENDENT TRUSTEES' MOTION TO DISMISS FIRST CONSOLIDATED AMENDED COMPLAINT
sf-2596701

4

310 F. Supp. 2d at 1101 (dismissing claims against defendants where "their only alleged acts were serving on the Board of Directors and signing the Prospectus and Registration Statement"); *In re Stratosphere Corp. Sec. Litig.*, 1 F. Supp. 2d 1096, 1120–21 (D. Nev. 1998) ("[r]efusing to hold Defendants liable solely on the basis that they signed the Registration Statement and Prospectus comports with the Supreme Court's guidance in *Pinter*"). These cases make it clear that directors (or trustees) who sign a registration statement but do not participate in the actual solicitation of investors cannot be considered sellers under section 12.

Because section 12(a)(2) applies only to "sellers," a person who signs a registration statement but does not pass title and does not participate directly in the sales solicitation process cannot be liable under that section. As plaintiffs do not allege that any of the independent trustees passed title to plaintiffs, or played any direct role in the investment solicitation process, their section 12 claim against the independent trustees should be dismissed.

## II. PLAINTIFFS' SECTION 15 "CONTROL PERSON" CLAIM DOES NOT PLEAD THE INDEPENDENT TRUSTEES CONTROL THE OTHER DEFENDANTS

Plaintiffs' third claim is a section 15 "control person" claim. 15 U.S.C. § 77o. Section 15 depends upon an underlying violation, by a third person, of section 11 or 12. *See*, *e.g.*, *Brodsky v. Yahoo!, Inc.*, 2008 WL 4531815, at *13 (N.D. Cal. Oct. 7, 2008) (control person claim dismissed where plaintiffs failed to properly allege underlying primary violation).

When an underlying violation is properly pleaded, section 15 permits a control person claim against a person who exercised "actual power or control over" the primary violator. *Howard v. Everex Sys., Inc.*, 228 F.3d 1057, 1065 (9th Cir. 2000).[3] "Actual power or control" is established by facts showing the control person "exercised 'a significant degree of day-to-day operational control, amounting to the power to dictate another party's conduct or operations.'" *McKesson HBOC*, 126 F. Supp. 2d at 1277 (citation omitted); *see also In re Splash Tech. Holdings, Inc., Sec. Litig.*, 2000 WL 1727405, at *16 (N.D. Cal. Sept. 29, 2000).

---

[3] This case involves the control person provisions of section 20 of the Securities Exchange Act. The Ninth Circuit has held that section 15 and section 20 should be given the same interpretation. *Durham v. Kelly*, 810 F.2d 1500, 1503 (9th Cir. 1987).

MASTER FILE NO. C-08-01510-WHA
INDEPENDENT TRUSTEES' MOTION TO DISMISS FIRST CONSOLIDATED AMENDED COMPLAINT
sf-2596701

5

The independent trustees do not exercise "a significant degree of day-to-day operational control" over any of the other defendants. Like outside directors, the independent trustees have supervisory and policy functions, not operational control. Plaintiffs do not allege otherwise. *See, e.g., Howard*, 228 F.3d at 1067 & n.13 (control claim rejected where outside director "reviewed and approved" financial statements but was not "active in the day-to-day affairs" of the company); *In re Splash Tech. Holdings, Inc., Sec. Litig.*, 2000 WL 1727405, at *16 (control person claim dismissed where alleged control person signed SEC filings); *In re Ross Sys. Sec. Litig.*, 1994 WL 583114, at *5 ("courts in this District have required plaintiffs to plead more than the status of an outside director in order to survive a motion to dismiss control person claims").

The independent trustees also have no control at all over The Charles Schwab Corporation and its subsidiaries and employees. Plaintiffs seem to allege that the independent trustees control "the Defendant Schwab entities." (Compl. ¶ 148.) No facts pleaded in the complaint support this charge, and it defies common sense. The whole reason the independent trustees can be considered "disinterested" is because they are not officers or directors or employees of any other Schwab entity. 15 U.S.C. § 80a-2(19). (Nov. 15, 2007 SAI at 43–46.)

Plaintiffs' conclusory control allegations against the independent trustees do not show "actual power or control" over any of the other defendants. (Compl. ¶ 148.) *In re Worldcom, Inc. Sec. Litig.*, 2004 WL 1097786, at *2–3 (S.D.N.Y. May 18, 2004) (conclusory allegations of control fail to provide "fair notice" under Federal Rule of Civil Procedure 8). Their section 15 claim should be dismissed as against the independent trustees.

### III. COUNTS IV AND VI DO NOT ALLEGE THE INDEPENDENT TRUSTEES INTENTIONALLY INTERFERED WITH ANY CONTRACT

Counts IV and VI allege intentional interference with some contract between each investor and "Schwab." (Compl. ¶ 151.) An intentional interference claim, however, can only be asserted against someone who is a "stranger" to the contract — and the independent trustees certainly are not strangers. In any event, plaintiffs do not plead any act of "intentional interference" by any of the independent trustees.

A party to a contract cannot interfere with it; neither can the party's agents and employees. Only strangers to the contractual relationship can commit the tort of interference with contract. *Applied Equip. Corp. v. Litton Saudi Arabia Ltd.*, 7 Cal. 4th 503, 514 (1994) ("[t]he tort duty not to interfere with the contract falls only on strangers — interlopers who have no legitimate interest in the scope or course of the contract's performance"); *Shoemaker v. Myers*, 52 Cal. 3d 1, 24 (Cal. 1990) (it is "well established that corporate agents and employees acting for and on behalf of a corporation" cannot be liable for inducing breach); *Marin Tug & Barge, Inc. v. Westport Petroleum, Inc.*, 271 F.3d 825, 832 (9th Cir. 2001) ("the core of intentional interference business torts is interference with an economic relationship by a third-party *stranger* to that relationship") (emphasis in original). *But see Woods v. Fox Broad. Sub., Inc.*, 129 Cal. App. 4th 344 (2005) (*Applied Equipment* should be limited to parties to the contract and their agents).

As trustees of the fund, the independent trustees were not strangers to the relationship between the fund and its investors. (*See, e.g.*, Compl. ¶ 170.) *Ashker v. Horel*, 2007 WL 2348732, at *2 (N.D. Cal. Aug. 14, 2007) ("[a]gents . . . stand in place of the employer, because the employer, the other party to the contract, cannot act except through its agents"); *Synapsis LLC v. Evergreen Data Sys., Inc.*, 2005 WL 1656901, at *3 (N.D. Cal. July 13, 2005) ("corporate agents and employees acting for and on behalf of a corporation cannot be held liable for inducing a breach of the corporation's contract"). Indeed, they are alleged to have controlled the fund. (Compl. ¶ 45.) The trustees cannot face liability for interference with a contract purportedly made between the fund (of which they are trustees) and the fund's investors.

Even if they could, the independent trustees here are not alleged to have intentionally interfered with anything. All plaintiffs say is that "defendants" "violated" the fund's concentration policy without first obtaining shareholder approval. (*Id*. ¶¶ 150–52.) Plaintiffs do not, however, distinguish among the defendants, and they do not plead any facts linking any of the independent trustees to any purported breach. Nor do plaintiffs allege any facts showing any trustee did so with the intent to interfere with any contract. (*See id*. ¶¶ 170, 177.) Most importantly, plaintiffs do not explain how the trustees could have interfered with any contract

simply by signing the fund's registration statement. But, since that is all plaintiffs say about the trustees, plaintiffs' claim for interference with contract cannot survive.

## IV. THE INDEPENDENT TRUSTEES COMMITTED NO "UNLAWFUL" ACT UNDER SECTION 17200

Section 17200 of California's Business & Professions Code prohibits "unlawful, unfair or fraudulent" business practices. Plaintiffs allege it was "unlawful" for the fund not to treat mortgage-backed securities as an "industry" for concentration purposes absent a shareholder vote. (Compl. ¶¶ 172, 180.)

But plaintiffs do not plead what sort of "unlawful" act was committed by each independent trustee. Rule 9(b) obligates plaintiffs to allege the specific fraudulent acts committed by each defendant and to "distinguish among those they sue and enlighten each defendant as to his or her part in the alleged fraud." *In re Silicon Graphics Sec. Litig.*, 970 F. Supp. 746, 752 (N.D. Cal. 1997) (quoting *Erickson v. Kiddie*, 1986 WL 544, at *7 (N.D. Cal. 1986)).[4]

Plaintiffs say only that "the Fund" or the "Defendants" engaged in unlawful business acts and practices. (Compl. ¶¶ 172, 179.) But they do not accuse the independent trustees of any other conduct (lawful or unlawful). They do not allege, for example, that the trustees played any role in the fund's alleged violation of its concentration policy, or any role in the supposed failure to obtain shareholder approval for a change to that policy. (*See id*. ¶¶ 171–75.) Without more, these allegations do not show any unlawful act giving rise to a section 17200 claim.

## V. PLAINTIFFS' BREACH OF FIDUCIARY DUTY CLAIM VIOLATES RULE 9(B) AND DOES NOT OVERCOME THE BUSINESS JUDGMENT RULE

Plaintiffs' final claim is for breach of fiduciary duty. Plaintiffs allege that the trustees, and others, had "inside information" about the fund's "risky nature" and used that information to

---

[4] "Section 17200 claims that are grounded in fraud must satisfy the particularity requirements of Rule 9(b)." *Parrish v. NFL Players Ass'n*, 534 F. Supp. 2d 1081, 1093 (N.D. Cal. 2007) (*citing Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1103 (9th Cir. 2003)); *see also Neu v. Terminix Int'l, Inc.*, 2008 WL 2951390, at *2–4 (N.D. Cal. July 24, 2008); *Certain Underwriters at Lloyd's v. Real Estate Prof'ls Ins. Co.*, 2007 WL 4249078, at *7 (C.D. Cal. Nov. 26, 2007).

1  "cause[]" other Schwab funds to "withdraw from the Fund." (Compl. ¶¶ 184–86.) These

2  allegations do not satisfy Rule 9(b) and do not overcome the business judgment rule.

3        The complaint pleads no facts to support plaintiffs' theory. Plaintiffs do not say which

4  trustees knew about the fund's "risky nature," when they first learned about it, or how they

5  learned it. Plaintiffs do not allege what, if any, control any trustee had over the day-to-day

6  investment decisions of other Schwab funds. And they do not allege what, if anything, any

7  trustee did to "cause" other funds to redeem their shares in the YieldPlus fund. Rule 9(b) requires

8  that each of these allegations be made and supported by specific facts. *See Vess v. Ciba-Geigy*

9  *Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) (noting that plaintiffs must plead the "'who,

10  what, when, where, and how' of the misconduct charged").

11        Plaintiffs also have not pleaded facts to overcome the business judgment rule.[5] The

12  business judgment rule is, at bottom, an evidentiary presumption. It says that "[d]irectors . . . are

13  presumed to be acting, not fraudulently, but with fair discretion in obedience to the law, and in

14  good faith toward all concerned, and with a consciousness of duty toward the corporation and its

15  stockholders." *Bartlett v. New York, N.H. & H.R. Co.*, 109 N.E. 452, 453 (Mass. 1915);

16  *Harhen v. Brown*, 730 N.E.2d 859, 865 (Mass. 2000) ("business judgment rule affords protections

17  to the business decisions of directors . . . because directors are presumed to act in the best

18  interests of the corporation").[6] The independent trustees thus must be presumed to be

19  independent and disinterested in their conduct as trustees. Mass. Gen. Laws ch. 182 § 2B.

20        To overcome this presumption, plaintiffs must allege specific facts showing that a

21  majority of the trustees either had conflicts of interest or acted in bad faith. *See, e.g., Harhen*,

---

[5] Massachusetts law applies to plaintiffs' breach of fiduciary duty claims. *See, e.g., Batchelder v. Kawamoto*, 147 F.3d 915, 920 (9th Cir. 1998) (noting that rights of shareholders of foreign corporations are determined by law of state of incorporation under "internal affairs" doctrine); *Davis & Cox v. Summa Corp.*, 751 F.2d 1507, 1527 (9th Cir. 1985) (noting "internal affairs" doctrine would apply to breach of fiduciary duty claims).

[6] The business judgment rule applies to Massachusetts business trusts. *See, e.g., Richardson v. Clarke*, 364 N.E. 2d 804, 807 (Mass. 1977) ("[b]usiness trusts possess many of the attributes of corporations"); *see also Everett v. Bozic*, 2006 WL 2291083, at *2–3 (S.D.N.Y. Aug. 3, 2006) (rejecting attempt to distinguish Massachusetts business trust from traditional corporation).

28

MASTER FILE NO. C-08-01510-WHA
INDEPENDENT TRUSTEES' MOTION TO DISMISS FIRST CONSOLIDATED AMENDED COMPLAINT
sf-2596701

9

730 N.E.2d at 866–67. Signing a registration statement, of course, does not establish any conflict of interest or bad faith. *See ING Principal Protection Funds Derivative Litig.*, 369 F. Supp. 2d 163, 171–72 (D. Mass. 2005) (allegation that defendants authorized the corporate action at issue was not sufficient to make defendants "interested"). But plaintiffs do not allege anything else. Plaintiffs' failure to rebut the business judgment rule provides another ground for dismissal of this claim.[7]

## CONCLUSION

The seven independent trustees are accused only of signing the fund's registration statement. (Compl. ¶¶ 34–40.) That is not enough. Plaintiffs must plead specific facts showing wrongdoing by each of the independent trustees. Signing a registration statement, without more, is not wrongdoing. Plaintiffs' claims against the independent trustees should be dismissed.

Dated: November 6, 2008

DARRYL P. RAINS
STUART C. PLUNKETT
KIMBERLY L. TAYLOR
MORRISON & FOERSTER LLP

By: /s/ Darryl P. Rains
      Darryl P. Rains

Attorneys for Defendants Mariann Byerwalter, Donald F. Dorward, William A. Hasler, Robert G. Holmes, Gerald B. Smith, Donald R. Stephens, and Michael W. Wilsey

---

[7] The fund's Trust Agreement also protects the independent trustees from liability for errors of judgment or mistakes of fact or law. The agreement provides:

> A Trustee shall be liable for his or her own wilful misfeasance, bad faith, gross negligence or reckless disregard of the duties involved in the conduct of the office of the Trustee, and for nothing else, and shall not be liable for errors of judgment or mistakes of fact or law.

(Trust Agreement Art. IX, § 2, attached as Taylor Decl. Ex. F.) Plaintiffs' complaint does not make out any claim amounting to willful misconduct, bad faith, gross negligence, or reckless disregard.