DAVID B. BAYLESS (SBN 189235)
Email: dbayless@cov.com
TAMMY ALBARRÁN (SBN 215605)
Email: talbarran@cov.com
AILEEN WHEELER (SBN 203705)
Email: awheeler@cov.com
PAUL WATKINS (SBN 244974)
Email: pwatkins@cov.com
COVINGTON & BURLING LLP
One Front Street
San Francisco, CA 94111
Telephone:    415-591-6000
Facsimile:     415-591-6091

Attorneys for Defendant Kimon P. Daifotis

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE SCHWAB CORP. SECURITIES LITIGATION | Civil Case No.: 08-CV-01510 WHA<br><br>**DEFENDANT KIMON P. DAIFOTIS'S ANSWER TO PLAINTIFFS' FIRST CONSOLIDATED AMENDED COMPLAINT**<br><br>Judge:        Hon. William H. Alsup<br>Courtroom:   9, 19th Floor |

### ANSWER

Defendant Kimon P. Daifotis ("Mr. Daifotis"), by and through his undersigned counsel, answers the First Consolidated Amended Complaint ("Complaint") as follows:

Answering the introductory paragraph, Mr. Daifotis is without knowledge or information sufficient to form a belief as to the truth regarding the basis of plaintiffs' personal knowledge and information and belief, and deny all the allegations in that paragraph on this basis.

1.   Answering paragraph 1, Mr. Daifotis admits that plaintiffs purport to bring this action on behalf of persons who bought shares in the Schwab YieldPlus Fund (the "Fund"). Mr. Daifotis further admits that the Fund sold the two classes of shares identified in that paragraph.  Except as expressly admitted, Mr. Daifotis denies the allegations in paragraph 1.

2.   Answering paragraph 2, Mr. Daifotis admits that plaintiffs purport to assert the federal and state violations described in that paragraph.  Except as expressly admitted, Mr. Daifotis denies the allegations contained in paragraph 2.

3.   Answering paragraph 3, Mr. Daifotis admits that plaintiffs seek to certify the two classes identified in that paragraph but denies that certification is appropriate.

4.   Answering paragraph 4, Mr. Daifotis denies the characterization of the content of the Registration Statement, Prospectus, notes, circulars, and other written communications contained in the first sentence of paragraph 4.  Mr. Daifotis denies the allegation contained in the first sentence of paragraph 4 that "notes, circulars, and other written communications" are "prospectus materials."  To the extent paragraph 4 purports to quote from the Registration Statement, Prospectus, notes, circulars, or other written communications, those documents speak for themselves and Mr. Daifotis denies the allegations regarding their content to the extent the allegations are inconsistent with the documents.  Except as expressly admitted, Mr. Daifotis denies the allegations in paragraph 4.

5.   Answering paragraph 5, Mr. Daifotis denies the allegations in that paragraph.

6.   Answering paragraph 6, Mr. Daifotis denies the allegations in that paragraph, including all subparagraphs.

Answering the header and subheader between paragraphs 6 and 7, Mr. Daifotis denies all the allegations contained therein.

7.   Answering paragraph 7, Mr. Daifotis denies the allegation in that paragraph. To the extent paragraph 7 purports to quote the November 15, 2004 Statement of Additional Information, that document speaks for itself and Mr. Daifotis denies the allegations regarding the content of that document to the extent the allegations are inconsistent with the document.

8.   Answering paragraph 8, Mr. Daifotis responds as follows: to the extent the allegations in paragraph 8 are not addressed to him, Mr. Daifotis is not required to respond to them.  To the extent a response is required, Mr. Daifotis avers that Schwab's public disclosures speak for themselves.  Except as expressly admitted, Mr. Daifotis denies the allegations contained in paragraph 8.

9.   Answering paragraph 9, Mr. Daifotis responds as follows: to the extent the allegations in paragraph 9 are not addressed to him, Mr. Daifotis is not required to respond to them.  To the extent a response is required, Mr. Daifotis avers that the Fund's public disclosures regarding the composition of its investments speak for themselves.  Except as expressly admitted, Mr. Daifotis denies the allegations contained in paragraph 9.

10. Answering paragraph 10, Mr. Daifotis responds as follows: to the extent the allegations in paragraph 10 are not addressed to him, Mr. Daifotis is not required to respond to them.  To the extent the allegations in that paragraph contain a legal conclusion, no response is required.  To the extent a response is required, the September 1, 2006 Statement of Additional Information speaks for itself and Mr. Daifotis denies the allegations regarding its content to the extent the allegations are inconsistent with the document.

11. Answering paragraph 11, Mr. Daifotis avers that the Fund's public disclosures regarding the composition of its investments speak for themselves. Except as expressly admitted, Mr. Daifotis denies all the allegations in paragraph 11.

Answering the subheader between paragraphs 11 and 12, Mr. Daifotis denies the allegation contained therein.

12. Answering paragraph 12, Mr. Daifotis avers that the allegations contained in that paragraph relate to claims the Court dismissed in its February 4, 2009 Order and thus cannot form the basis of liability. Accordingly, Mr. Daifotis is not required to answer the allegations contained in that paragraph.

Answering the subheader between paragraphs 12 and 13, Mr. Daifotis denies the allegation contained therein.

13. Answering paragraph 13, Mr. Daifotis avers that the Fund's historical share prices speak for themselves. Mr. Daifotis is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the second sentence of paragraph 13 regarding shareholders' awareness of share price or belief as to the safety of their investments. Except as expressly admitted, Mr. Daifotis denies the allegations contained in paragraph 13.

14. Answering paragraph 14, Mr. Daifotis admits that he is informed and believes that from time to time during the purported class period, Morningstar issued reports regarding the Fund. To the extent paragraph 14 refers to a specific report, the report speaks for itself and Mr. Daifotis denies the allegations regarding the content of the report to the extent those allegations are inconsistent with the document. Except as expressly admitted, Mr. Daifotis denies the allegations in paragraph 14.

15. Answering paragraph 15, Mr. Daifotis is informed and believes that, on or about August 20, 2008, Morningstar analyst Miriam Sjobom reported on the Fund. The report speaks for itself and Mr. Daifotis denies the allegations regarding the content of the report to the extent those allegations are inconsistent with the document. Except as expressly admitted, Mr. Daifotis denies the allegations in paragraph 15.

16. Answering paragraph 16, Mr. Daifotis responds as follows: To the extent the allegations in paragraph 16 are not addressed to him, Mr. Daifotis is not required to respond to them. To the extent Mr. Daifotis is required to respond, Mr. Daifotis is without knowledge or

information sufficient to form a belief as to the truth of the allegations contained in that paragraph. Except as expressly admitted, Mr. Daifotis denies the allegations in paragraph 16.

17. Answering paragraph 17, Mr. Daifotis admits that plaintiffs purport to assert the claims identified in that paragraph. Except as expressly admitted, Mr. Daifotis denies the allegations contained in paragraph 17.

18. Answering paragraph 18, Mr. Daifotis admits that plaintiffs purport to allege that jurisdiction is conferred upon this court by 28 U.S.C. §§ 1331, 1332(d)(2) and 1367, and the principles of pendent and supplemental jurisdiction. To the extent that the allegations contained in paragraph 18 are legal conclusions, no response is required.

19. Answering paragraph 19, Mr. Daifotis admits that plaintiffs purport to rest venue in this district pursuant to 15 U.S.C. § 80a-43, 28 U.S.C. § 1391(b). To the extent that the allegations contained in paragraph 19 are legal conclusions, no response is required. Mr. Daifotis admits that the Fund, The Charles Schwab Corporation ("Schwab Corp."), Charles Schwab & Co., Inc. ("Schwab"), Charles Schwab Investment Management Services (the "Investment Advisor") and Schwab Investments (the "Trust") have offices located in the Northern District of California. Except as expressly admitted, Mr. Daifotis denies the allegations in paragraph 19.

20. Answering paragraph 20, Mr. Daifotis admits that, during the purported class period, as part of his duties and responsibilities as the Fund's portfolio manager, he made use of the means and instrumentalities of interstate commerce. Except as expressly admitted, Mr. Daifotis denies the allegations in paragraph 20.

21. Answering paragraph 21, Mr. Daifotis admits that on July 2, 2008, the Court appointed the identified individuals as Lead Plaintiff. Mr. Daifotis is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding Lead Plaintiffs' purchases of Fund shares. Except as expressly admitted, Mr. Daifotis denies the allegations contained in paragraph 21.

Answering Footnote 2 of the Complaint, Mr. Daifotis admits that Lead Plaintiff alleges March 17, 2005 to March 17, 2008 to be the purported "relevant time period" for the alleged "Securities Class" and the initiation of the Fund to March 17, 2008 to be the purported "relevant time period" for the alleged "State Law Class."

22.    Answering paragraph 22, Mr. Daifotis is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding Robert Levin's purchases of Fund shares and deny those allegations on this basis.  Mr. Daifotis denies that Mr. Levin was damaged as a result of statements or conduct of Mr. Daifotis.

23. Answering paragraph 23, Mr. Daifotis is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding Karl Kyzer's purchases of Fund shares and deny those allegations on this basis.  Mr. Daifotis denies that Mr. Kyzer was damaged as a result of statements or conduct of Mr. Daifotis.

24. Answering paragraph 24, Mr. Daifotis denies that he is affiliated with the other defendants named in this action.  Mr. Daifotis is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 24.

25. Answering paragraph 25, Mr. Daifotis admits the allegations contained in that paragraph.

26. Answering paragraph 26, Mr. Daifotis admits the first two sentences of that paragraph.  To the extent paragraph 26 refers to a Distribution Agreement, that agreement speaks for itself and Mr. Daifotis denies the allegations to the extent they are inconsistent with the document.

27. Answering paragraph 27, Mr. Daifotis admits the allegations contained in that paragraph.

28. Answering paragraph 28, Mr. Daifotis is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding when or how Schwab Investments was organized under law or whether it is a "Massachusetts Business Trust."  Mr. Daifotis admits the remaining allegations in  paragraph 28.

29. Answering paragraph 29, Mr. Daifotis is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 29.

30. Answering paragraph 30, Mr. Daifotis admits the first two sentences of that paragraph.  Mr. Daifotis is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 30.  To the extent paragraph 30 refers to specific registration statements, those statements speak for themselves and Mr. Daifotis denies the allegations regarding their content to the extent the allegations are inconsistent with the documents.

31. Answering paragraph 31, Mr. Daifotis is informed and believes that Evelyn Dilsaver was President and Chief Executive Officer of the Fund for some or all of the purported relevant time period.  Mr. Daifotis is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 31.  To the extent paragraph 31 refers to specific registration statements, shareholder reports and associated certifications, those documents speak for themselves and Mr. Daifotis denies the allegations regarding their content to the extent the allegations are inconsistent with the documents.

32. Answering paragraph 32, Mr. Daifotis is informed and believes that Randall W. Merk was President and Chief Executive Officer of the Fund for some or all of the purported relevant time period. Mr. Daifotis is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 32.  To the extent paragraph 32 refers to specific registration statements, those documents speak for themselves and Mr. Daifotis denies the allegations regarding their content to the extent the allegations are inconsistent with the documents.

33. Answering paragraph 33, Mr. Daifotis is informed and believes that George Pereira was Principal Financial Officer and Treasurer of the Fund for some or all of the purported relevant time period.  Mr. Daifotis is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 33.  To the extent paragraph 33 contains legal conclusions, no response is required.  To the extent paragraph 33

refers to specific registration statements, shareholder reports and associated certifications, those documents speak for themselves and Mr. Daifotis denies the allegations regarding their content to the extent the allegations are inconsistent with the documents.

34. Answering paragraph 34, Mr. Daifotis is informed and believes that Mariann Byerwalter was a trustee of Schwab Investments for some or all of the purported relevant time period. To the extent paragraph 34 refers to specific registration statements, those documents speak for themselves and Mr. Daifotis denies the allegations regarding their content to the extent the allegations are inconsistent with the documents.

35. Answering paragraph 35, Mr. Daifotis is informed and believes that Donald Doward was a trustee of Schwab Investments for some or all of the purported relevant time period. To the extent paragraph 35 refers to specific registration statements, those documents speak for themselves and Mr. Daifotis denies the allegations regarding their content to the extent the allegations are inconsistent with the documents.

36. Answering paragraph 36, Mr. Daifotis is informed and believes that William A. Hasler was a trustee of Schwab Investments for some or all of the purported relevant time period. To the extent paragraph 36 refers to specific registration statements, those documents speak for themselves and Mr. Daifotis denies the allegations regarding their content to the extent the allegations are inconsistent with the documents

37. Answering paragraph 37, Mr. Daifotis is informed and believes that Robert G. Holmes was a trustee of Schwab Investments for some or all of the purported relevant time period. To the extent paragraph 37 refers to specific registration statements, those documents speak for themselves and Mr. Daifotis denies the allegations regarding their content to the extent the allegations are inconsistent with the documents.

38. Answering paragraph 38, Mr. Daifotis is informed and believes that Gerald B. Smith was a trustee of Schwab Investments for some or all of the purported relevant time period. To the extent paragraph 38 refers to specific registration statements, those documents speak for

1   themselves and Mr. Daifotis denies the allegations regarding their content to the extent the

2   allegations are inconsistent with the documents.

3         39. Answering paragraph 39, Mr. Daifotis is informed and believes that Donald

4   R. Stephens was a trustee of Schwab Investments for some or all of the purported relevant time

5   period.  To the extent paragraph 39 refers to specific registration statements, those documents

6   speak for themselves and Mr. Daifotis denies the allegations regarding their content to the extent

7   the allegations are inconsistent with the documents.

8         40. Answering paragraph 40, Mr. Daifotis is informed and believes that Michael

9   W. Wilsey was a trustee of Schwab Investments for some or all of the purported relevant time

10   period.  To the extent paragraph 40 refers to specific registration statements, those documents

11   speak for themselves and Mr. Daifotis denies the allegations regarding their content to the extent

12   the allegations are inconsistent with the documents.

13         41. Answering paragraph 41, Mr. Daifotis admits that he held the job titles during

14   the employment term as listed.  Except as expressly admitted, Mr. Daifotis denies the allegations

15   in paragraph 41.

16         42. Answering paragraph 42, Mr. Daifotis admits that Matt Hastings joined

17   Charles Schwab Investment Management in 2004 and was responsible for the Fund's day-to-day

18   management.  Except as expressly admitted, Mr. Daifotis denies the allegations in paragraph 42.

19         43. Mr. Daifotis admits that plaintiffs refer to the persons identified in paragraphs

20   ¶¶ 30-42 as "Individual Defendants."

21         44. Answering paragraph 44, Mr. Daifotis admits the allegations contained in that

22   paragraph.

23         45. Answering paragraph 45, Mr. Daifotis denies the allegations contained in that

24   paragraph.

25         46. Answering paragraph 46, Mr. Daifotis avers that the allegations in that

26   paragraph related to claims the Court dismissed in its February 4, 2009 Order and thus cannot

27   form the basis of liability.  Accordingly, Mr. Daifotis is not required to answer the allegations.

28

To the extent an answer is required, Mr. Daifotis admits that PricewaterhouseCoopers LLP served as auditor of the Fund for some or all the purported relevant time period.  Mr. Daifotis is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 46.

47. Answering paragraph 47, Mr. Daifotis admits the allegations contained in that paragraph.

48. Answering paragraph 48, Mr. Daifotis responds as follows: to the extent paragraph 48 refers to specific Fund prospectuses, those documents speak for themselves and Mr. Daifotis denies the allegations regarding their content to the extent the allegations are inconsistent with the documents.  Except as expressly admitted, Mr. Daifotis denies the allegations in paragraph 48.

49. Answering paragraph 49, Mr. Daifotis responds as follows: to the extent the allegations contained in paragraph 49 refer to specific Fund registration statements and prospectuses and their effective dates, those documents speak for themselves and Mr. Daifotis denies the allegations regarding their content to the extent the allegations are inconsistent with the documents.  Except as expressly admitted, Mr. Daifotis denies the allegations contained in paragraph 49.

50.  Answering paragraph 50, Mr. Daifotis responds as follows: to the extent paragraph 50 refers to specific Fund prospectuses, those documents speak for themselves and Mr. Daifotis denies the allegations regarding their content to the extent the allegations are inconsistent with the documents.  Except as expressly admitted, Mr. Daifotis denies the allegations in paragraph 50.

51. Answering paragraph 51, Mr. Daifotis responds as follows: to the extent paragraph 51 refers to specific Fund statements and annual and semi-annual reports, those documents speak for themselves and Mr. Daifotis denies the allegations regarding their content to the extent the allegations are inconsistent with the documents.  Except as expressly admitted, Mr. Daifotis denies the allegations in paragraph 51.

52. Answering paragraph 52, Mr. Daifotis is without knowledge or information sufficient to form a belief as to when each of the documents referenced in that paragraph issued. Mr. Daifotis denies the remaining allegations.

Answering the Header between paragraphs 52 and 53, Mr. Daifotis denies the allegations contained therein.

Answering the subheaders between paragraphs 52 and 53, Mr. Daifotis denies the allegations contained therein.

53. Answering paragraph 53,  Mr. Daifotis responds as follows: The Fund's registration statements and prospectuses speak for themselves and Mr. Daifotis denies the allegations to the extent they are inconsistent with these documents.  Except as expressly admitted, Mr. Daifotis denies the allegations contained in paragraph 53.

54. Answering paragraph 54, Mr. Daifotis denies the allegations contained in paragraph 54.

55. Answering paragraph 55, Mr. Daifotis responds as follows: to the extent paragraph 55 purports to quote portions of the November 15, 2004 Prospectus, that document speaks for itself and Mr. Daifotis denies the allegations regarding its content to the extent the allegations are inconsistent with the document.  Except as expressly admitted, Mr. Daifotis denies the allegations contained in paragraph 55.

56. Answering paragraph 56, Mr. Daifotis denies the allegations contained in paragraph 56.

57. Answering paragraph 57, Mr. Daifotis responds as follows: to the extent paragraph 57 purports to quote portions of the November 15, 2004 Prospectus, as amended September 15, 2005, that document speaks for itself and Mr. Daifotis denies the allegations regarding its content to the extent the allegations are inconsistent with the document.  Except as expressly admitted, Mr. Daifotis denies the allegations contained in paragraph 57.

58. Answering paragraph 58, Mr. Daifotis denies the allegations contained in paragraph 58.

59. Answering paragraph 59, Mr. Daifotis responds as follows: to the extent paragraph 59 purports to quote portions of the November 15, 2005 Prospectus, that document speaks for itself and Mr. Daifotis denies the allegations regarding its content to the extent the allegations are inconsistent with the document.  Except as expressly admitted, Mr. Daifotis denies the allegations contained in paragraph 59.

60. Answering paragraph 60, Mr. Daifotis denies the allegations contained in paragraph 60.

61. Answering paragraph 61, Mr. Daifotis responds as follows: to the extent paragraph 61 purports to quote portions of the November 15, 2005 Prospectus, as amended August 17, 2006, that document speaks for itself and Mr. Daifotis denies the allegations regarding its content to the extent the allegations are inconsistent with the document.  Except as expressly admitted, Mr. Daifotis denies the allegations contained in paragraph 61.

62. Answering paragraph 62, Mr. Daifotis denies the allegations contained in paragraph 62.

63. Answering paragraph 63, Mr. Daifotis responds as follows: to the extent paragraph 63 purports to quote portions of the November 15, 2006 Prospectus, that document speaks for itself and Mr. Daifotis denies the allegations regarding its content to the extent the allegations are inconsistent with the document.  Except as expressly admitted, Mr. Daifotis denies the allegations contained in that paragraph.

64. Answering paragraph 64, Mr. Daifotis denies the allegations contained in paragraph 64.

65. Answering paragraph 65, Mr. Daifotis responds as follows: to the extent paragraph 65 purports to quote portions of the November 15, 2006 Prospectus, as amended July 13, 2007, that document speaks for itself and Mr. Daifotis denies the allegations regarding its content to the extent the allegations are inconsistent with the document.  Except as expressly admitted, Mr. Daifotis denies the allegations contained in that paragraph.

66. Answering paragraph 66, Mr. Daifotis denies the allegations contained in paragraph 66.

67. Answering paragraph 67, Mr. Daifotis responds as follows: to the extent paragraph 67 purports to quote portions of the November 14, 2007 Prospectus, that document speaks for itself and Mr. Daifotis denies the allegations regarding its content to the extent the allegations are inconsistent with the document.  Except as expressly admitted, Mr. Daifotis denies the allegations contained in that paragraph.

68. Answering paragraph 68, Mr. Daifotis denies the allegations contained in paragraph 68.

69. Answering paragraph 69, Mr. Daifotis responds as follows: to the extent paragraph 69 purports to quote portions of the November 15, 2007 Prospectus, as amended June 13, 2008, that document speaks for itself and Mr. Daifotis denies the allegations regarding its content to the extent the allegations are inconsistent with the document.  Except as expressly admitted, Mr. Daifotis denies the allegations contained in that paragraph.

70. Answering paragraph 70, Mr. Daifotis denies the allegations contained in paragraph 70.

71. Answering paragraph 71, Mr. Daifotis responds as follows: to the extent paragraph 71 purports to quote from specific Statements of Additional Information, those documents speak for themselves and Mr. Daifotis denies the allegations regarding their content to the extent the allegations are inconsistent with the documents.  Except as expressly admitted, Mr. Daifotis denies the allegations contained in that paragraph.

72. Answering paragraph 72, Mr. Daifotis denies the allegations contained in paragraph 72.

73. Answering paragraph 73, Mr. Daifotis responds as follows: the Fund's reports to shareholders speak for themselves and Mr. Daifotis denies the allegations to the extent they are inconsistent with the reports.  Except as expressly admitted, Mr. Daifotis denies the allegations contained in paragraph 73.

74. Answering paragraph 74, Mr. Daifotis responds as follows: to the extent paragraph 74 purports to quote from the Fund's reports to shareholders, those documents speak for themselves and Mr. Daifotis denies the allegations regarding their content to the extent the allegations are inconsistent with the documents.

75. Answering paragraph 75, Mr. Daifotis responds as follows: the allegations in that paragraph relate to claims that the Court dismissed in its February 4, 2009 Order and thus cannot form the basis of liability and require no answer.

76. Answering paragraph 76, Mr. Daifotis responds as follows: the allegations in that paragraph relate to claims that the Court dismissed in its February 4, 2009 Order and thus cannot form the basis of liability and require no answer.

Answering the subheader entitled "2." between paragraphs 76 and 77, Mr. Daifotis denies the allegations contained therein.

77. Answering paragraph 77, Mr. Daifotis responds as follows: to the extent paragraph 77 contains legal conclusions, no response is required.  To the extent a response is required, Mr. Daifotis admits that Schwab produced brochures, letters, advertisements, and has a website.  Except as expressly admitted, Mr. Daifotis denies the allegations contained in paragraph 77.

78. Answering paragraph 78, Mr. Daifotis responds as follows: to the extent paragraph 78 references or purports to quote content posted to the Schwab website, that material speaks for itself and Mr. Daifotis denies the allegations to the extent the allegations are inconsistent with that material.  Except as expressly admitted, Mr. Daifotis denies the allegations contained in paragraph 78.

Answering the subheader entitled "3." between paragraphs 78 and 79, Mr. Daifotis denies the allegations contained therein.

79. Answering paragraph 79, Mr. Daifotis responds as follows: To the extent the allegations contained in paragraph 79 do not relate to Mr. Daifotis, no response is required.  To the extent a response is required, Mr. Daifotis admits that in May 2007, Mr. Hastings had an

1   interview with Bloomberg TV and that he made the quoted statement.  Except as expressly

2   admitted, Mr. Daifotis denies the allegations contained in paragraph 79.

3              80. Answering paragraph 80, Mr. Daifotis avers that to the extent that the

4   allegations contained in paragraph 80 are not directed toward Mr. Daifotis, he is not required to

5   respond to them.  To the extent a response is required, Mr. Daifotis is without knowledge or

6   information sufficient to form a belief as to the truth of the allegations relating to how Schwab

7   brokers were trained.  Mr. Daifotis denies the remaining allegations contained in paragraph 80.

8              81. Answering paragraph 81, Mr. Daifotis avers that to the extent that the

9   allegations contained in paragraph 81 are not directed toward Mr. Daifotis, he is not required to

10  respond to them.  To the extent a response is required, Mr. Daifotis Mr. Daifotis lacks

11  knowledge or information sufficient to form a belief as to the truth of the allegations relating to

12  how Schwab presented the Fund to brokers or what Schwab told brokers about the Fund.  Mr.

13  Daifotis denies the remaining allegations contained in paragraph 81.

14             82.  Answering paragraph 82, Mr. Daifotis avers that to the extent that the

15  allegations contained in paragraph 82 are not directed toward Mr. Daifotis, he is not required to

16  respond to them.  To the extent a response is required, Mr. Daifotis lacks knowledge or

17  information sufficient to form a belief as to the truth of the allegations relating to the

18  compensation structure for customer representatives.  Mr. Daifotis denies the remaining

19  allegations contained in paragraph 82.

20             83. Answering paragraph 83, Mr. Daifotis avers that to the extent that the

21  allegations contained in paragraph 83 are not directed toward Mr. Daifotis, he is not required to

22  respond to them.  To the extent a response is required, Mr. Daifotis lacks knowledge or

23  information sufficient to form a belief as to the truth of the allegations relating to a common

24  script or sales pitch for the Fund, what brokers were provided and investors were told.  Mr.

25  Daifotis denies the remaining allegations set forth in paragraph 83.

26             84. Answering paragraph 84, Mr. Daifotis avers that to the extent that the

27  allegations contained in paragraph 84 are not directed toward Mr. Daifotis, he is not required to

28

1    respond to them.  To the extent a response is required, Mr. Daifotis lacks knowledge or

2    information sufficient to form a belief as to whether that paragraph accurately quotes the

3    purported investor communications.  Except as expressly admitted, Mr. Daifotis denies the

4    allegations contained in  paragraph 84.

5              85.  Answering paragraph 85, Mr. Daifotis avers that to the extent that the

6    allegations contained in paragraph 84 are not directed toward Mr. Daifotis, he is not required to

7    respond to them.  To the extent a response is required, Mr. Daifotis lacks knowledge or

8    information sufficient to form a belief as to whether that paragraph accurately quotes the

9    purported investor communications.  Except as expressly admitted, Mr. Daifotis denies the

10   allegations contained in paragraph 85.

11           Answering the subheader entitled "D." between paragraphs 85 and 86, Mr. Daifotis

12   denies the allegations contained therein.

13             86. Answering paragraph 86, Mr. Daifotis responds as follows: to the extent the

14   allegations call for expert opinion, no response is required.  To the extent a response to these

15   allegations is required, Mr. Daifotis is without knowledge or information sufficient to form a

16   belief as to the truth of these allegations.  To the extent paragraph 86 refers to holdings reports,

17   those reports speak for themselves and Mr. Daifotis denies the allegations to the extent the

18   allegations are inconsistent with the documents.  Except as expressly admitted, Mr. Daifotis

19   denies the allegations contained in paragraph 86, including all subparagraphs.

20             87. Answering paragraph 87, Mr. Daifotis responds as follows: to the extent

21   paragraph 87 refers to holdings reports, those reports speak for themselves and Mr. Daifotis

22   denies the allegations to the extent the allegations are inconsistent with the reports.  Except as

23   expressly admitted, Mr. Daifotis denies the allegations contained in paragraph 87.

24             88. Answering paragraph 88, Mr. Daifotis lacks knowledge or information

25   sufficient to form a belief as to the truth of the allegations relating to the thoughts of a

26   hypothetical investor.  Mr. Daifotis denies the remaining allegations contained in paragraph 88.

27

28

Answering the subheader entitled "E.", Mr. Daifotis denies the allegations contained therein.

89. Answering paragraph 89, Mr. Daifotis responds as follows: to the extent the allegations contained in paragraph 89 are not directed toward Mr. Daifotis, no response is required.  To the extent a response is required, Mr. Daifotis denies the allegations contained in that paragraph.

90. Answering paragraph 90, Mr. Daifotis responds as follows: to the extent the allegations in paragraph 90 are not directed toward Mr. Daifotis, no response is required.  To the extent a response is required, Mr. Daifotis avers that the Fund's reports to shareholders speak for themselves and Mr. Daifotis denies the allegations to the extent they are inconsistent with the reports.  Except as expressly admitted, Mr. Daifotis denies the allegation contained in paragraph 90.

91. Answering paragraph 91, Mr. Daifotis responds as follows: to the extent the allegations in paragraph 91 are not directed toward Mr. Daifotis, no response is required.  To the extent a response is required, Mr. Daifotis avers that the Fund's reports to shareholders speak for themselves and Mr. Daifotis denies the allegations to the extent they are inconsistent with the reports.  Except as expressly admitted, Mr. Daifotis denies the allegation contained in paragraph 91.

92. Answering paragraph 92, Mr. Daifotis responds as follows: to the extent the allegations in paragraph 92 are not directed toward Mr. Daifotis, no response is required.  To the extent a response is required, Mr. Daifotis avers that to the Fund's reports to shareholders speak for themselves and Mr. Daifotis denies the allegations to the extent they are inconsistent with the documents.  Except as expressly admitted, Mr. Daifotis denies the allegations contained in paragraph 92.

93. Answering paragraph 93, Mr. Daifotis responds as follows: to the extent the allegations in paragraph 93 are not directed toward Mr. Daifotis, no response is required.  To the extent the allegations contained in paragraph 93 contain legal conclusions or call for expert

1    opinion, no response is required.  Further, the allegations in that paragraph relate to claims that

2    the Court dismissed in its February 4, 2009 Order and thus cannot form the basis of liability.

3    Accordingly, no response is required.

4             94. Answering paragraph 94, Mr. Daifotis denies the allegations contained in

5    paragraph 94, including all subparagraphs.

6             95. Answering paragraph 95, Mr. Daifotis denies the allegation contained in

7    paragraph 95.

8             96. Answering paragraph 96, Mr. Daifotis avers that the allegations in that

9    paragraph relate to claims that the Court dismissed in its February 4, 2009 Order and thus cannot

10   form the basis of liability and require no answer.

11            Answering the subheader entitled "F." between paragraphs 96 and 97, Mr. Daifotis

12   denies the allegation contained therein.

13            97. Answering paragraph 97, Mr. Daifotis avers that the allegations in that

14   paragraph relate to claims that the Court dismissed in its February 4, 2009 Order and thus cannot

15   form the basis of liability and require no answer.

16            98. Answering paragraph 98, Mr. Daifotis avers that the allegations in that

17   paragraph relate to claims that the Court dismissed in its February 4, 2009 Order and thus cannot

18   form the basis of liability and require no answer.

19            99. Answering paragraph 99, Mr. Daifotis avers that the allegations in that

20   paragraph relate to claims that the Court dismissed in its February 4, 2009 Order and thus cannot

21   form the basis of liability and require no answer.

22            Answering the subparagraph entitled "G." between paragraphs 99 and 100, Mr. Daifotis

23   denies the allegation contained therein.

24            100.    Answering paragraph 100, Mr. Daifotis responds as follows: to the extent

25   paragraph 100 references a specific Registration Statement, that document speaks for itself and

26   Mr. Daifotis denies the allegation to the extent it is inconsistent with the document.

27

28

DEFENDANT KIMON P. DAIFOTIS'S ANSWER TO           -17-
PLAINTIFFS' FIRST CONSOLIDATED AMENDED
COMPLAINT
Case No.: 08-CV-01510 WHA

101.     Answering paragraph 101, Mr. Daifotis avers that the Fund's year-end financial statements speak for themselves and Mr. Daifotis denies the allegations to the extent they are inconsistent with those financial statements.  Except as expressly admitted, Mr. Daifotis denies the allegations contained in paragraph 101.

Answering the subheader entitled "H." between paragraphs 101 and 102, Mr. Daifotis denies the allegation contained therein.

102.     Answering paragraph 102, Mr. Daifotis responds as follows: to the extent the allegations in that paragraph contain legal conclusions, no response is required.  To the extent a response is required, Mr. Daifotis avers that the Fund's historical share prices speak for themselves and Mr. Daifotis denies the allegations to the extent they are inconsistent with that data.  Except as expressly admitted, Mr. Daifotis denies the allegations contained in paragraph 102.

103.     Answering paragraph 103, Mr. Daifotis admits that Schwab made an announcement about the Fund on March 22, 2007.  Mr. Daifotis avers that the announcement speaks for itself.  Except as expressly admitted, Mr. Daifotis denies the allegations contained in paragraph 103.

104.     Answering paragraph 104, Mr. Daifotis avers that the Fund's historical asset data speaks for itself.  Except as expressly admitted, Mr. Daifotis denies the allegations contained in paragraph 104.

105.     Answering paragraph 105, Mr. Daifotis denies the allegation contained in paragraph 105.

106.     Answering paragraph 106, Mr. Daifotis denies the allegations contained in paragraph 106.

107.     Answering paragraph 107, Mr. Daifotis responds as follows: to the extent paragraph 107 purports to quote a portion of the April, 2007 report to shareholders, that document speaks for itself and Mr. Daifotis denies the allegations to the extent they are

1   inconsistent with that report.  Except as expressly admitted, Mr. Daifotis denies the allegations

2   contained in paragraph 107.

3           108.    Answering paragraph 108, Mr. Daifotis responds as follows: to the extent

4   paragraph 108 purports to quote a portion of the June, 2007 report to shareholders of Schwab's

5   equity funds, that document speaks for itself and Mr. Daifotis denies the allegations to the extent

6   they are inconsistent with that report.  Except as expressly admitted, Mr. Daifotis denies the

7   allegation contained in paragraph 108.

8           109.    Answering paragraph 109, Mr. Daifotis is without knowledge or

9   information to form belief as to the truth of the allegations contained in paragraph 109.

10          110.    Answering paragraph 110, Mr. Daifotis responds as follows: to the extent

11  paragraph 110 purports to quote a July 5, 2007 New York Times article, that article speaks for

12  itself and Mr. Daifotis denies the allegations to the extent they are inconsistent with the article.

13          111.    Answering paragraph 111, Mr. Daifotis avers that the Fund's historical

14  share prices speak for themselves.  Except as expressly admitted, Mr. Daifotis denies the

15  allegations contained in paragraph 111.

16          112.    Answering paragraph 112, Mr. Daifotis responds as follows:  Mr. Daifotis

17  avers that the Fund's historical share prices speak for themselves.  Mr. Daifotis lacks knowledge

18  or information sufficient to form a belief as to the truth of the allegations relating to the

19  Morningstar charts referenced in that paragraph.  Except as expressly admitted, Mr. Daifotis

20  denies the allegations contained in paragraph 112.

21          113.    Answering paragraph 113, Mr. Daifotis admits that Schwab posted a letter

22  to its website on March 20, 2008.  That letter speaks for itself and Mr. Daifotis denies the

23  allegations to the extent they are inconsistent with the content of that letter.  Except as expressly

24  admitted, Mr. Daifotis denies the allegations contained in paragraph 113.

25          114.    Answering paragraph 114, Mr. Daifotis responds as follows: to the extent

26  paragraph 114 references a chart published by Morningstar, that chart speaks for itself and Mr.

27  Daifotis is without knowledge or information sufficient to form a belief as to the truth of the

28

information contained therein.  Except as expressly admitted, Mr. Daifotis denies the allegations contained in paragraph 114.

115.     Answering paragraph 115, Mr. Daifotis responds as follows: to the extent paragraph 115 references an e-mail to shareholders in November 2007, that e-mail speaks for itself and Mr. Daifotis denies the allegations to the extent they are inconsistent with that e-mail. Except as expressly admitted, Mr. Daifotis denies the allegations contained in that paragraph.

116.     Answering paragraph 116, Mr. Daifotis responds as follows: to the extent paragraph 116 purports to quote a March 10, 2008 letter, that letter speaks for itself and Mr. Daifotis denies the allegations to the extent they are inconsistent with that letter.  Except as expressly admitted, Mr. Daifotis denies the allegations contained in that paragraph.

117.     Answering paragraph 117, Mr. Daifotis responds as follows: to the extent paragraph 117 references and purports to quote a March 20, 2008 statement released by Schwab management, that statement speaks for itself and Mr. Daifotis denies the allegations to the extent they are inconsistent with that statement.  Except as expressly admitted, Mr. Daifotis denies the allegations contained in that paragraph.

118.     Answering paragraph 118, Mr. Daifotis is without knowledge of information sufficient to form a belief as to the truth of the allegations relating to the performance of other mutual funds.  Except as expressly admitted, Mr. Daifotis denies the allegations contained in that paragraph.

119.     Answering paragraph 119, Mr. Daifotis is without knowledge of information sufficient to form a belief as to the truth of the allegations relating to the performance of other mutual funds.  Except as expressly admitted, Mr. Daifotis denies the allegations contained in that paragraph.

120.     Answering paragraph 120, Mr. Daifotis is without knowledge of information sufficient to form a belief as to the truth of the allegations relating to the performance of other mutual funds.  Except as expressly admitted, Mr. Daifotis denies the allegations contained in that paragraph.

1    Answering the subheader entitled "I." between paragraphs 120 and 121, Mr. Daifotis

2    denies the allegation contained therein.

3         121.    Answering paragraph 121,  Mr. Daifotis admits that Schwab issued

4    communications to shareholders on March 10, March 20 and April 1, 2008.  Those letters speak

5    for themselves and Mr. Daifotis denies the allegations to the extent they are inconsistent with

6    those letters.  Except as expressly admitted, Mr. Daifotis denies the allegations contained in that

7    paragraph.

8         122.    Answering paragraph 122, Mr. Daifotis admits that plaintiffs purport to

9    bring this action as a class action as described in that paragraph on behalf of the two identified

10   purported classes and the two identified purported subclasses.  Mr. Daifotis denies that lead

11   plaintiffs or other members of the purported classes were damaged as a result of statements or

12   conduct of Mr. Daifotis.  Mr. Daifotis is without knowledge or information sufficient to form a

13   belief as to the appropriateness of class certification and on this basis denies that class

14   certification is appropriate.  Except as expressly admitted, Mr. Daifotis denies all the allegations

15   contained in paragraph 122.

16        123.    Answering paragraph 123, Mr. Daifotis admits that plaintiffs purport to

17   exclude from the purported classes the persons and entities identified in that paragraph.

18        124.    Answering paragraph 124, Mr. Daifotis is without knowledge or

19   information sufficient to form a belief as to the truth of the allegations regarding whether

20   members of the purported classes are so numerous that joinder is impracticable.  To the extent

21   paragraph 124 contains legal conclusions, no response is required.

22        125.    Answering paragraph 125, Mr. Daifotis is without knowledge or

23   information sufficient to form a belief as to the truth of the allegations regarding the typicality of

24   plaintiffs' claims.  Mr. Daifotis denies that statements or conduct of Mr. Daifotis violated federal

25   or state law.   Mr. Daifotis further denies that plaintiffs or other members of the purported

26   classes and subclasses were damaged as a result of statements or conduct of Mr. Daifotis.  To

27   the extent paragraph 125 contains a legal conclusion, no response is required.

28

DEFENDANT KIMON P. DAIFOTIS'S ANSWER TO            -21-
PLAINTIFFS' FIRST CONSOLIDATED AMENDED
COMPLAINT
Case No.: 08-CV-01510 WHA

126.     Answering paragraph 126, Mr. Daifotis is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in that paragraph.

127.     Answering paragraph 127, Mr. Daifotis is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 127 and all subparagraphs.  Mr. Daifotis denies that statements or conduct of Mr. Daifotis violated federal or state law.   Mr. Daifotis further denies that plaintiffs or other members of the purported classes and subclasses were damaged as a result of statements or conduct of Mr. Daifotis.  To the extent paragraph 127 contains legal conclusions, no response is required.

128.     Answering paragraph 128, Mr. Daifotis is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding the superiority of maintaining this action as a class actions and regarding plaintiffs' knowledge of any difficulty in managing this action as a class action.  Mr. Daifotis denies that plaintiffs or other members of the purported classes and subclasses were damaged as a result of statements or conduct of Mr. Daifotis.  To the extent paragraph 128 contains legal conclusions, no response is required.

129.     Answering paragraph 129, Mr. Daifotis responds as follows: the allegations contained in that paragraph are not directed toward Mr. Daifotis and no response is required.

130.     Mr. Daifotis responds as follows: the allegations contained in that paragraph are not directed toward Mr. Daifotis and no response is required.

131.     Answering paragraph 131, Mr. Daifotis responds as follows: the allegations contained in that paragraph are not directed toward Mr. Daifotis and no response is required.

132.     Answering paragraph 132, Mr. Daifotis responds as follows: the allegations contained in that paragraph are not directed toward Mr. Daifotis and no response is required.

133.     Answering paragraph 133, Mr. Daifotis responds as follows: the allegations contained in that paragraph are not directed toward Mr. Daifotis and no response is required.

134.     Answering paragraph 134, Mr. Daifotis responds as follows: the allegations contained in that paragraph are not directed toward Mr. Daifotis and no response is required.

135.     Answering paragraph 135, Mr. Daifotis responds as follows: the allegations contained in that paragraph are not directed toward Mr. Daifotis and no response is required.

136.     Answering paragraph 136,  Mr. Daifotis responds as follows: the allegations contained in that paragraph are not directed toward Mr. Daifotis and no response is required.

137.     Answering paragraph 137, Mr. Daifotis incorporates by reference his responses to paragraphs 1-136 of the complaint as if fully set forth herein.  Except as expressly admitted, Mr. Daifotis denies the allegations contained in paragraph 137.

138.     Answering paragraph 138, Mr. Daifotis admits that plaintiffs allege against him and the other persons identified therein, violations of Section 12(a)(2) of the Securities Act of 1933.  Except as expressly admitted, Mr. Daifotis denies the allegations contained in paragraph 138.

139.     Answering paragraph 139, Mr. Daifotis denies the allegations contained in that paragraph.

140.     Answering paragraph 140, Mr. Daifotis denies the allegations contained in that paragraph.

141.     Answering paragraph 141, Mr. Daifotis denies the allegations contained in that paragraph.

142.     Answering paragraph 142, Mr. Daifotis is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in that paragraph.

143.     Answering paragraph 143, Mr. Daifotis denies the allegations contained in that paragraph.

144.     Answering paragraph 144, Mr. Daifotis is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

145.     Answering paragraph 145, Mr. Daifotis denies the allegations contained in that paragraph.

146.     Answering paragraph 146, Mr. Daifotis responds as follows: the allegations contained in that paragraph are not directed toward Mr. Daifotis and no response is required.

147.     Answering paragraph 147, Mr. Daifotis responds as follows: the allegations contained in that paragraph are not directed toward Mr. Daifotis and no response is required.

148.     Answering paragraph 148, Mr. Daifotis responds as follows: the allegations contained in that paragraph are not directed toward Mr. Daifotis and no response is required.

149.     Answering paragraph 149, Mr. Daifotis responds as follows: the allegations contained in that paragraph are not directed toward Mr. Daifotis and no response is required.

150.     Answering paragraph 150, Mr. Daifotis responds as follows: the allegations in that paragraph relate to claims that the Court dismissed in its February 4, 2009 Order and thus cannot form the basis of liability.  Accordingly, no answer is required.

151.     Answering paragraph 151, Mr. Daifotis responds as follows: the allegations in that paragraph relate to claims that the Court dismissed in its February 4, 2009 Order and thus cannot form the basis of liability.  Accordingly, no answer is required.

152.    Answering paragraph 152, Mr. Daifotis responds as follows: the allegations in that paragraph relate to claims that the Court dismissed in its February 4, 2009 Order and thus cannot form the basis of liability.  Accordingly, no answer is required.

153.    Answering paragraph 153, Mr. Daifotis responds as follows: the allegations in that paragraph relate to claims that the Court dismissed in its February 4, 2009 Order and thus cannot form the basis of liability.  Accordingly, no answer is required.

154.    Answering paragraph 154, Mr. Daifotis responds as follows: the allegations in that paragraph relate to claims that the Court dismissed in its February 4, 2009 Order and thus cannot form the basis of liability.  Accordingly, no answer is required.

155.    Answering paragraph 155, Mr. Daifotis responds as follows: the allegations in that paragraph relate to claims that the Court dismissed in its February 4, 2009 Order and thus cannot form the basis of liability.  Accordingly, no answer is required.

156.    Answering paragraph 156, Mr. Daifotis responds as follows: the allegations in that paragraph relate to claims that the Court dismissed in its February 4, 2009 Order and thus cannot form the basis of liability.  Accordingly, no answer is required.

157.    Answering paragraph 157, Mr. Daifotis responds as follows: the allegations in that paragraph relate to claims that the Court dismissed in its February 4, 2009 Order and thus cannot form the basis of liability.  Accordingly, no answer is required.

158.    Answering paragraph 158, Mr. Daifotis responds as follows: the allegations in that paragraph relate to claims that the Court dismissed in its February 4, 2009 Order and thus cannot form the basis of liability.  Accordingly, no answer is required.

159.    Answering paragraph 159, Mr. Daifotis responds as follows: the allegations in that paragraph relate to claims that the Court dismissed in its February 4, 2009 Order and thus cannot form the basis of liability.  Accordingly, no answer is required.

160.    Answering paragraph 160, Mr. Daifotis responds as follows: the allegations in that paragraph relate to claims that the Court dismissed in its February 4, 2009 Order and thus cannot form the basis of liability.  Accordingly, no answer is required.

161.    Answering paragraph 161, Mr. Daifotis responds as follows: the allegations in that paragraph relate to claims that the Court dismissed in its February 4, 2009 Order and thus cannot form the basis of liability.  Accordingly, no answer is required.

162.    Answering paragraph 162, Mr. Daifotis responds as follows: the allegations in that paragraph relate to claims that the Court dismissed in its February 4, 2009 Order and thus cannot form the basis of liability.  Accordingly, no answer is required.

163.    Answering paragraph 163, Mr. Daifotis responds as follows: the allegations in that paragraph relate to claims that the Court dismissed in its February 4, 2009 Order and thus cannot form the basis of liability.  Accordingly, no answer is required.

164.    Answering paragraph 164, Mr. Daifotis responds as follows: the allegations in that paragraph relate to claims that the Court dismissed in its February 4, 2009 Order and thus cannot form the basis of liability.  Accordingly, no answer is required.

165.    Answering paragraph 165, Mr. Daifotis responds as follows: the allegations in that paragraph relate to claims that the Court dismissed in its February 4, 2009 Order and thus cannot form the basis of liability.  Accordingly, no answer is required.

166.    Answering paragraph 166, Mr. Daifotis responds as follows: the allegations in that paragraph relate to claims that the Court dismissed in its February 4, 2009 Order and thus cannot form the basis of liability.  Accordingly, no answer is required.

167.    Answering paragraph 167, Mr. Daifotis responds as follows: the allegations in that paragraph relate to claims that the Court dismissed in its February 4, 2009 Order and thus cannot form the basis of liability.  Accordingly, no answer is required.

168.    Answering paragraph 168, Mr. Daifotis responds as follows: the allegations in that paragraph relate to claims that the Court dismissed in its February 4, 2009 Order and thus cannot form the basis of liability.  Accordingly, no answer is required.

169.    Answering paragraph 169, Mr. Daifotis responds as follows: the allegations in that paragraph relate to claims that the Court dismissed in its February 4, 2009 Order and thus cannot form the basis of liability.  Accordingly, no answer is required.

170.     Answering paragraph 170, Mr. Daifotis responds as follows: the allegations in that paragraph relate to claims that the Court dismissed in its February 4, 2009 Order and thus cannot form the basis of liability.  Accordingly, no answer is required.

171.     Answering paragraph 171, Mr. Daifotis incorporates by reference his responses to paragraphs 1-170 of the complaint as if fully set forth herein.  Except as expressly admitted, Mr. Daifotis denies the allegations contained in paragraph 171.

172.     Answering paragraph 172, Mr. Daifotis denies the allegations contained in that paragraph.

173.     Answering paragraph 173, Mr. Daifotis denies the allegations contained in that paragraph.

174.     Answering paragraph 174, Mr. Daifotis denies the allegations contained in that paragraph.

175.     Answering paragraph 175, Mr. Daifotis denies any basis of liability to plaintiffs.

176.     Answering paragraph 176, Mr. Daifotis responds as follows: the allegations in that paragraph relate to claims that the Court dismissed in its February 4, 2009 Order and thus cannot form the basis of liability.  Accordingly, no answer is required.

177.     Answering paragraph 177, Mr. Daifotis responds as follows: the allegations in that paragraph relate to claims that the Court dismissed in its February 4, 2009 Order and thus cannot form the basis of liability.  Accordingly, no answer is required.

178.     Answering paragraph 178, Mr. Daifotis incorporates by reference his responses to paragraphs 1-177 of the complaint as if fully set forth herein.  Except as expressly admitted, Mr. Daifotis denies the allegations contained in paragraph 178 .

179.     Answering paragraph 179, Mr. Daifotis denies the allegations contained in that paragraph.

180.     Answering paragraph 180, Mr. Daifotis denies the allegations contained in that paragraph.

181.    Answering paragraph 181, Mr. Daifotis denies the allegations contained in that paragraph.

182.    Answering paragraph 182, Mr. Daifotis denies the allegations contained in that paragraph.

183.    Answering paragraph 183, Mr. Daifotis denies any basis of liability to plaintiffs.

184.    Answering paragraph 184, Mr. Daifotis responds as follows: the allegations in that paragraph relate to claims that the Court dismissed in its February 4, 2009 Order and thus cannot form the basis of liability.  Accordingly, no answer is required..

185.    Answering paragraph 185, Mr. Daifotis responds as follows: the allegations in that paragraph relate to claims that the Court dismissed in its February 4, 2009 Order and thus cannot form the basis of liability.  Accordingly, no answer is required.

186.    Answering paragraph 186, Mr. Daifotis responds as follows: the allegations in that paragraph relate to claims that the Court dismissed in its February 4, 2009 Order and thus cannot form the basis of liability.  Accordingly, no answer is required.

187.    Answering paragraph 187, Mr. Daifotis responds as follows: the allegations in that paragraph relate to claims that the Court dismissed in its February 4, 2009 Order and thus cannot form the basis of liability.  Accordingly, no answer is required.


**PRAYER FOR RELIEF**

Mr. Daifotis denies that plaintiffs are entitled to the relief requested.

**AFFIRMATIVE DEFENSES**

Without admitting or acknowledging that Mr. Daifotis bears any burden of proof as to any of them, Mr. Daifotis asserts the following affirmative defenses.  Mr. Daifotis intends to rely upon any additional defenses that become available or apparent during pretrial proceedings in this action and hereby reserves the right to amend this Answer in order to assert all such further defenses.

1

**<u>First Affirmative Defense</u>**

2

**(Count II, §12: Reasonable Care)**

3        Even if the misrepresentations and omissions alleged in the complaint were made,

4   which Mr. Daifotis denies, Mr. Daifotis did not know, and in the exercise of reasonable care

5   could not have known, of any such misrepresentations or omissions.

6

**<u>Second Affirmative Defense</u>**

7

**(Count II, §12: Set-Off)**

8        Some or all of the plaintiffs have received a greater amount in dividends and total

9   returns than any recovery they would receive should they prevail in this lawsuit

10

**<u>Third Affirmative Defense</u>**

11

**(Count II, §12: Negative Causation)**

12        Mr. Daifotis is not liable for any damages allegedly suffered by plaintiffs because

13   factors other than the alleged misrepresentations and omissions in the registration statements and

14   prospectuses influenced the value of the funds when plaintiffs acquired their shares and led to

15   any alleged decline in the value of the funds.

16

**<u>Fourth Affirmative Defense</u>**

17

**(Count II, §12: Statute of Limitations)**

18        Plaintiffs' claims are barred in whole, or in part, by the requisite statute of

19   limitations and/or statute of repose.

20

**<u>Fifth Affirmative Defense</u>**

21

**(Counts V & VII, § 17200; State Unfair Competition Law Safe Harbor)**

22        Mr. Daifotis is not liable for violations of claims arising under California

23   Business and Professions Code section 17200 because his actions were permitted by Congress

24   and federal regulatory agencies.

25

26

27

28

1

<u>**Sixth Affirmative Defense**</u>

2

**(Counts V & VII, § 17200; Exculpatory Provision)**

3         Plaintiffs' claims are barred in whole, or in part, by the exculpatory provision in

4    Schwab Investment's Agreement and Declaration of Trust

5

<u>**Seventh Affirmative Defense**</u>

6

**(All Counts; Lack of Standing)**

7         Plaintiffs lack standing to bring some or all of the claims asserted in the

8    complaint.

9

<u>**Eighth Affirmative Defense**</u>

10

**(All Counts; Failure to Mitigate)**

11    Plaintiffs have failed to mitigate any damage they may have suffered.

12

<u>**Ninth Affirmative Defense**</u>

13

**(All Counts; Contractual Indemnity)**

14         Plaintiffs' claims are barred in whole or in part by contractual indemnity

15    provisions.

16

<u>**Tenth Affirmative Defense**</u>

17

**(All Counts; Unjust Enrichment)**

18         Some or all of the plaintiffs would be unjustly enriched if they were permitted to

19    obtain any recovery in this action.

20

<u>**Eleventh Affirmative Defense**</u>

21

**(All Counts; Res Judicata/Collateral Estoppel)**

22         Plaintiffs' claims are barred in whole or in part by the doctrines of res judicata

23    and/or collateral estoppel.

24

25

26

27

28

DEFENDANT KIMON P. DAIFOTIS'S ANSWER TO          -30-
PLAINTIFFS' FIRST CONSOLIDATED AMENDED
COMPLAINT
Case No.: 08-CV-01510 WHA

1

**Twelfth Affirmative Defense**

2

**(All Counts; Lack of Causation)**

3        Plaintiffs' claims are barred in whole or in part because, to the extent they claim

4   to have suffered any injury, an allegation which Mr. Daifotis expressly denies, such injury was

5   not caused by Mr. Daifotis.

6

**Thirteenth Affirmative Defense**

7        Mr. Daifotis incorporates by reference as if fully set forth herein all other

8   applicable defenses asserted by other defendants in this action.

9

**PRAYER FOR RELIEF**

10        WHEREFORE, Mr. Daifotis prays that this Court enter judgment as follows:

11        1.      That plaintiffs and members of the putative class on whose behalf

12   plaintiffs purport to sue take nothing from Mr. Daifotis by their Complaint;

13        2.      That Mr. Daifotis be awarded his costs of suit and attorneys' fees;

14        3.      For judgment in favor of Mr. Daifotis; and

15        4.      For such other and further relief as this Court deems proper and just.

16

17   DATED:  June 5, 2009                    Respectfully submitted,
                                            COVINGTON & BURLING LLP
18                                          By:    /s/ David B. Bayless
                                                  David Bayless, CSB No. 189235
19                                                Tammy Albarrán, CSB No. 215605
                                                  Aileen Wheeler, CSB No. 223705
20                                                Paul Watkins, CSB No. 244974

21                                          Attorneys for Defendant Kimon P. Daifotis

22

23

24

25

26

27

28