1   DARRYL P. RAINS (CA SBN 104802)
    MORRISON & FOERSTER LLP
2   755 Page Mill Road
    Palo Alto, California 94304-1018
3   Telephone: 650.813.5600
    Facsimile: 650.494.0792
4   Email: DRains@mofo.com

5   DOROTHY L. FERNANDEZ (CA SBN 184266)
    KIMBERLY L. TAYLOR (CA SBN 240483)
6   MORRISON & FOERSTER LLP
    425 Market Street
7   San Francisco, California 94105-2482
    Telephone: 415.268.7000
8   Facsimile: 415.268.7522

9   Attorneys for defendants The Charles Schwab Corporation,
    Charles Schwab & Co., Inc., Charles Schwab Investment
10  Management, Inc., Schwab Investments, Charles R. Schwab,
    Evelyn Dilsaver, Randall W. Merk, George Pereira, Matthew
11  Hastings, Mariann Byerwalter, Donald F. Dorward, William A.
    Hasler, Robert G. Holmes, Gerald B. Smith, Donald R.
12  Stephens, and Michael W. Wilsey

13

14                    UNITED STATES DISTRICT COURT

15                   NORTHERN DISTRICT OF CALIFORNIA

16                       SAN FRANCISCO DIVISION

17

18  IN RE CHARLES SCHWAB CORP.          Master File No. C-08-01510-WHA
    SECURITIES LITIGATION
19                                      CLASS ACTION

20                                      ANSWER TO FIRST
                                        CONSOLIDATED AMENDED
21                                      COMPLAINT

22                                      Trial Date: May 10, 2010
                                        Time:       7:30 a.m.
23                                      Judge:      Hon. William H. Alsup
                                        Courtroom:  9
24

25

26

27

28

1       Defendants The Charles Schwab Corporation, Charles Schwab & Co., Inc., Charles

2   Schwab Investment Management, Inc., Schwab Investments, Charles R. Schwab, Evelyn

3   Dilsaver, Randall W. Merk, George Pereira, Matthew Hastings, Mariann Byerwalter, Donald F.

4   Dorward, William A. Hasler, Robert G. Holmes, Gerald B. Smith, Donald R. Stephens, and

5   Michael W. Wilsey answer plaintiffs' complaint as follows:

6       1.      Answering Paragraph 1, defendants admit that plaintiffs purport to bring this

7   action as a class action on behalf of all investors who acquired shares in the Schwab YieldPlus

8   fund.  The defendants also admit that the YieldPlus fund sold two classes of shares:  Investor

9   Shares (ticker SWYPX) and Select Shares (ticker SWYSX).  Except as admitted, defendants deny

10  the allegations of paragraph 1.

11      2.      Answering paragraph 2, defendants admit that plaintiffs' complaint purports to

12  seek redress for violations of federal and state law.  Except as expressly admitted, defendants

13  deny the allegations of paragraph 2.

14      3.      Answering paragraph 3, defendants admit that plaintiffs seek to certify two classes.

15  Except as expressly admitted, defendants deny the allegations of paragraph 3.

16      4.      Answering paragraph 4, defendants aver that the YieldPlus fund's registration

17  statement and prospectuses speak for themselves.  Except as expressly admitted, defendants deny

18  the allegations of paragraph 4.

19      5.      Answering paragraph 5, defendants are without knowledge or information

20  sufficient to form a belief as to the truth of these allegations.

21      6.      Answering paragraph 6, defendants deny the allegations.

22      7.      Answering paragraph 7, defendants aver that the YieldPlus fund's registration

23  statements and prospectuses speak for themselves.  The defendants also aver that the

24  November 15, 2004, statement of additional information speaks for itself.  Except as expressly

25  admitted, defendants deny the allegations of paragraph 7.

26      8.      Answering paragraph 8, defendants aver that Schwab's public disclosures speak

27  for themselves.  Except as expressly admitted, defendants deny the allegations of paragraph 8.

28

9.      Answering paragraph 9, defendants aver that the allegations in this paragraph constitute legal conclusions and require no response.  To the extent that a response is required, the defendants aver that the YieldPlus fund's public disclosures regarding the composition of its investments speak for themselves.  Except as expressly admitted, defendants deny the allegations of paragraph 9.

10.     Answering paragraph 10, defendants aver that the allegations in this paragraph constitute legal conclusions and require no response.  To the extent a response is required, defendants aver that the September 1, 2006, statement of additional information speaks for itself. Except as expressly admitted, defendants deny the allegations of paragraph 10.

11.     Answering paragraph 11, defendants aver that the YieldPlus fund's public disclosures regarding the composition of its investments speak for themselves.  Except as expressly admitted, defendants deny the allegations of paragraph 11.

12.     Answering paragraph 12, defendants aver that the allegations in this paragraph relate to claims that the Court dismissed in its February 4, 2009, order and thus cannot form the basis of liability and require no answer.

13.     Answering paragraph 13, defendants aver that the YieldPlus fund's historical share prices speak for themselves.  Except as expressly admitted, defendants deny the allegations of paragraph 13.

14.     Answering paragraph 14, defendants aver that Morningstar's reports speak for themselves.  Except as expressly admitted, defendants deny the allegations of paragraph 14.

15.     Answering paragraph 15, defendants aver that the August 20, 2008, Morningstar report speaks for itself.  Except as expressly admitted, defendants deny the allegations of paragraph 15.

16.     Answering paragraph 16, defendants are without knowledge or information sufficient to form a belief as to the truth of these allegations.

17.     Answering paragraph 17, defendants admit that plaintiffs purport to assert the claims listed.  Except as expressly admitted, defendants deny the allegations of paragraph 17.

18.     Answering paragraph 18, defendants admit that the Court has jurisdiction over the subject matter of this action.  Except as expressly admitted, defendants deny the allegations of paragraph 18.

19.     Answering paragraph 19, defendants admit that venue is proper in this district and that The Charles Schwab Corporation, Charles Schwab & Co., Inc., Charles Schwab Investment Management, Inc., and Schwab Investments have offices in this district.  Except as expressly admitted, defendants deny the allegations of paragraph 19.

20.     Answering paragraph 20, defendants admit they used the means and instrumentalities of interstate commerce to conduct their business.  Except as expressly admitted, defendants deny the allegations of paragraph 20.

21.     Answering paragraph 21, defendants admit that the Court's July 2, 2008, Order appointed lead plaintiffs as listed.  Except as expressly admitted, defendants deny the allegations of paragraph 21.

22.     Answering paragraph 22, defendants admit that Robert Levin purchased Select Shares.  Except as expressly admitted, defendants deny the allegations of paragraph 22.

23.     Answering paragraph 23, defendants admit that Karl Kyzer purchased Investor Shares.  Except as expressly admitted, defendants deny the allegations of paragraph 23.

24.     Answering paragraph 24, defendants aver that the term "affiliated" constitutes a legal conclusion and requires no response.  Defendants admit that Charles Schwab is one of the largest financial services organizations in the world.  Except as expressly admitted, defendants deny the allegations of paragraph 24.

25.     Answering paragraph 25, defendants admit the allegations of paragraph 25.

26.     Answering paragraph 26, defendants admit the allegations of paragraph 26.

27.     Answering paragraph 27, defendants admit the allegations of paragraph 27.

28.     Answering paragraph 28, defendants admit the allegations of paragraph 28.

29.     Answering paragraph 29, defendants admit the allegations of paragraph 29.

30.     Answering paragraph 30, defendants admit the allegations of paragraph 30.

31.     Answering paragraph 31, defendants admit the allegations of paragraph 31, except that Evelyn Dilsaver was not a trustee of Schwab Investments.

32.     Answering paragraph 32, defendants admit the allegations of paragraph 32.

33.     Answering paragraph 33, defendants admit the allegations of paragraph 33, except that George Pereira's title was Principal Financial Officer and Treasurer.

34.     Answering paragraph 34, defendants admit the allegations of paragraph 34.

35.     Answering paragraph 35, defendants admit that Donald F. Dorward was a Trustee of Schwab Investments and signed each of the registration statements identified in paragraph 49. Mr. Dorward is no longer a Trustee.  Except as expressly admitted, defendants deny the allegations of paragraph 35.

36.     Answering paragraph 36, defendants admit that William A. Hasler was a Trustee of Schwab Investments and signed each of the registration statements identified in paragraph 49. Mr. Hasler is no longer a Trustee.  Except as expressly admitted, defendants deny the allegations of paragraph 36.

37.     Answering paragraph 37, defendants admit the allegations of paragraph 37.

38.     Answering paragraph 38, defendants admit the allegations of paragraph 38.

39.     Answering paragraph 39, defendants admit the allegations of paragraph 39.

40.     Answering paragraph 40, defendants admit the allegations of paragraph 40.

41.     Answering paragraph 41, defendants admit that Kimon Daifotis held the job titles during the employment term as listed.  Defendants further admit that Daifotis had "overall responsibility for the management of the funds."  Except as expressly admitted, defendants deny the allegations of paragraph 41.

42.     Answering paragraph 42, defendants admit that Matthew Hastings joined Charles Schwab Investment Management in 2004, and was responsible for the YieldPlus fund's day-to-day management.  Except as expressly admitted, defendants deny the allegations of paragraph 42.

43.     Answering paragraph 43, defendants admit that the persons listed in paragraphs 30-42 are referred to as the "Individual Defendants" in the complaint.

44.     Answering paragraph 44, defendants admit the allegations of paragraph 44.

45.     Answering paragraph 45, defendants aver that the phrase "control the Fund" constitutes a legal conclusion to which no response is required.  Except as expressly admitted, defendants deny the allegations of paragraph 45.

46.     Answering paragraph 46, defendants aver that the allegations in this paragraph relate to claims that the Court dismissed in its February 4, 2009, order and thus cannot form the basis of liability and require no answer.  To the extent that a response is required, defendants admit the allegations.

47.     Answering Paragraph 47, defendants admit that there were two classes of YieldPlus fund shares:  Investor Shares (ticker SWYPX) and Select Shares (ticker SWYSX).  Defendants also admit that the minimum purchase requirement for the Select Shares was higher than for the Investor Shares and that the expense ratio for the Select Shares was lower than for the Investor Shares.  Except as expressly admitted, defendants deny the allegations of paragraph 47.

48.     Answering paragraph 48, defendants admit that prospectuses for the YieldPlus fund were filed with the SEC.  Defendants aver that the YieldPlus fund's prospectuses regarding the YieldPlus fund's strategy and holdings speak for themselves.  Except as expressly admitted, defendants deny the allegations of paragraph 48.

49.     Answering paragraph 49, defendants admit that the listed YieldPlus fund registration statements were filed with the SEC.  Except as expressly admitted, defendants deny the allegations of paragraph 49.

50.     Answering paragraph 50, defendants admit that the listed YieldPlus fund prospectuses were filed with the SEC, except that the prospectus purportedly dated November 15, 2005, as amended August 17, 2005, was actually amended on August 17, 2006, and filed with the SEC on that date.  Except as expressly admitted, defendants deny the allegations of paragraph 50.

51.     Answering paragraph 51, defendants admit that the listed YieldPlus fund statements of additional information and the listed YieldPlus fund annual and semiannual reports were filed with the SEC.  Defendants aver that these documents speak for themselves.  Except as expressly admitted, defendants deny the allegations of paragraph 51.

52.     Answering paragraph 52, defendants deny the allegations.

53.     Answering paragraph 53, defendants admit that registration statements and prospectuses for the YieldPlus fund were filed with the SEC.  Defendants aver that the YieldPlus fund's registration statements and prospectuses speak for themselves.  Except as expressly admitted, defendants deny the allegations of paragraph 53.

54.     Answering paragraph 54, defendants deny the allegations.

55.     Answering paragraph 55, defendants admit that a November 15, 2004, YieldPlus fund prospectus was filed with the SEC.  Defendants aver that the YieldPlus fund's prospectus speaks for itself.  Except as expressly admitted, defendants deny the allegations of paragraph 55.

56.     Answering paragraph 56, defendants deny the allegations.

57.     Answering paragraph 57, defendants admit that a November 15, 2004, YieldPlus fund prospectus, as amended September 15, 2005, was filed with the SEC.  Defendants aver that the YieldPlus fund's prospectus speaks for itself.  Except as expressly admitted, defendants deny the allegations of paragraph 57.

58.     Answering paragraph 58, defendants deny the allegations.

59.     Answering paragraph 59, defendants admit that a November 14, 2005, YieldPlus fund prospectus was filed with the SEC.  Defendants aver that the YieldPlus fund prospectus speaks for itself.  Except as expressly admitted, defendants deny the allegations of paragraph 59.

60.     Answering paragraph 60, defendants deny the allegations.

61.     Answering paragraph 61, defendants admit that a November 15, 2005, YieldPlus fund prospectus, as amended August 17, 2006, was filed with the SEC.  Defendants aver that the YieldPlus fund's prospectus speaks for itself.  Except as expressly admitted, defendants deny the allegations of paragraph 61.

62.     Answering paragraph 62, defendants deny the allegations.

63.     Answering paragraph 63, defendants admit that a November 15, 2006, YieldPlus fund prospectus was filed with the SEC.  Defendants aver that the YieldPlus fund's prospectus speaks for itself.  Except as expressly admitted, defendants deny the allegations of paragraph 63.

64.     Answering paragraph 64, defendants deny the allegations.

65.     Answering paragraph 65, defendants admit that a November 15, 2006, prospectus, as amended July 13, 2007, was filed with the SEC.  Defendants aver that the YieldPlus fund's prospectus speaks for itself.  Except as expressly admitted, defendants deny the allegations of paragraph 65.

66.     Answering paragraph 66, defendants deny the allegations.

67.     Answering paragraph 67, defendants admit that a November 14, 2007, YieldPlus fund prospectus was filed with the SEC.  Defendants aver that the YieldPlus fund's prospectus speaks for itself.  Except as expressly admitted, defendants deny the allegations of paragraph 67.

68.     Answering paragraph 68, defendants deny the allegations.

69.     Answering paragraph 69, defendants admit that a November 15, 2007, prospectus, as amended June 13, 2008, was filed with the SEC.  Defendants aver that the YieldPlus fund's prospectus speaks for itself.  Except as expressly admitted, defendants deny the allegations of paragraph 69.

70.     Answering paragraph 70, defendants deny the allegations.

71.     Answering paragraph 71, defendants admit that the listed statements of additional information for the YieldPlus fund were filed with the SEC.  Defendants aver that the YieldPlus fund's statements of additional information speak for themselves.  Except as expressly admitted, defendants deny the allegations of paragraph 71.

72.     Answering paragraph 72, defendants deny the allegations.

73.     Answering paragraph 73, defendants admit that reports for the YieldPlus fund were filed with the SEC.  Defendants aver that the YieldPlus fund's reports speak for themselves.  Except as expressly admitted, defendants deny the allegations of paragraph 73.

74.     Answering paragraph 74, defendants admit that reports for the YieldPlus fund were filed with the SEC.  Defendants aver that the YieldPlus fund's reports speak for themselves.  Except as expressly admitted, defendants deny the allegations of paragraph 74.

75.     Answering paragraph 75, defendants aver that the allegations in this paragraph relate to claims that the Court dismissed in its February 4, 2009, order and thus cannot form the basis of liability and require no answer.

76.     Answering paragraph 76, defendants aver that the allegations in this paragraph relate to claims that the Court dismissed in its February 4, 2009, order and thus cannot form the basis of liability and require no answer.

77.     Answering paragraph 77, defendants aver that the allegations in this paragraph constitute legal conclusions and require no response.  To the extent that a response is required, defendants admit that Schwab produced brochures, letters, advertisements, and has a website. Except as expressly admitted, defendants deny the allegations of paragraph 77.

78.     Answering paragraph 78, defendants admit that schwab.com contained material regarding the YieldPlus fund and that these materials speak for themselves.  Except as expressly admitted, defendants deny the allegations in paragraph 78.

79.     Answering paragraph 79, defendants admit that Mr. Hastings had a Bloomberg interview in May 2007, and that he made the quoted statement.  Except as expressly admitted, defendants deny the allegations of paragraph 79.

80.     Answering paragraph 80, defendants deny the allegations.

81.     Answering paragraph 81, defendants deny the allegations.

82.     Answering paragraph 82, defendants deny the allegations.

83.     Answering paragraph 83, defendants deny the allegations.

84.     Answering paragraph 84, defendants are without knowledge or information sufficient to form a belief as to whether paragraph 84 accurately quotes the purported investor communications.  Except as expressly admitted, defendants deny the allegations of paragraph 84.

85.     Answering paragraph 85, defendants are without knowledge or information sufficient to form a belief as to whether paragraph 85 accurately quotes the purported investor communications.  Except as expressly admitted, defendants deny the allegations of paragraph 85.

86.     Answering paragraph 86, defendants deny the allegations.

        (a)     Answering paragraph 86(a), defendants deny the allegations.

        (b)     Answering paragraph 86(b), defendants deny the allegations.

        (c)     Answering paragraph 86(c), defendants aver that the "stated maturity" column of the listed securities as of May 31, 2008, reflects the information in the Form N-Q of

1  that date filed with SEC.  Except as expressly admitted, defendants deny the allegations of

2  paragraph 86(c).

3          (d)      Answering paragraph 86(d), defendants admit that 46.50% of the YieldPlus

4  fund's assets were invested in mortgage-backed securities as of May 31, 2007, as disclosed in the

5  Form N-Q of that date filed with the SEC; admit that 28.9% of the YieldPlus fund's assets were

6  held in mortgage-backed securities as of August 31, 2006, as disclosed in the Annual Report of

7  that date; and admit that 11.1% of the YieldPlus fund's assets were invested in mortgage-backed

8  securities as of August 31, 2004, as disclosed in the Annual Report of that date.  Except as

9  expressly admitted, defendants deny the allegations of paragraph 86(d).

10          (e)      Answering paragraph 86(e), defendants deny the allegations.

11          (f)      Answering paragraph 86(f), defendants deny the allegations.

12          (g)      Answering paragraph 86(g), defendants incorporate by reference their

13  answer to paragraph 120 of the complaint.  Except as expressly admitted, defendants deny the

14  allegations of paragraph 86(g).

15          (h)      Answering paragraph 86(h), defendants deny the allegations.

16      87.      Answering paragraph 87, defendants admit that reports for the YieldPlus fund

17  were filed with the SEC.  Defendants aver that the YieldPlus fund's reports speak for themselves.

18  Except as expressly admitted, defendants deny the allegations of paragraph 87.

19      88.      Answering paragraph 88, defendants aver that the allegations in this paragraph

20  constitute legal conclusions and require no response.  To the extent that a response is required,

21  defendants deny the allegations of paragraph 88.

22      89.      Answering paragraph 89, defendants aver that the allegations in this paragraph

23  relate to claims that the Court dismissed in its February 4, 2009, order and thus cannot form the

24  basis of liability and require no answer.  To the extent a response is required, defendants deny the

25  allegations of paragraph 89.

26      90.      Answering paragraph 90, defendants aver that the allegations in this paragraph

27  relate to claims that the Court dismissed in its February 4, 2009, order and thus cannot form the

28  basis of liability and require no answer.  To the extent a response is required, defendants aver that

1   the YieldPlus fund's reports speak for themselves.  Except as expressly admitted, defendants deny

2   the allegations of paragraph 90.

3          91.     Answering paragraph 91, defendants aver that the allegations in this paragraph

4   relate to claims that the Court dismissed in its February 4, 2009, order and thus cannot form the

5   basis of liability and require no answer.  To the extent a response is required, defendants aver that

6   the YieldPlus fund's reports speak for themselves.  Except as expressly admitted, defendants deny

7   the allegations of paragraph 91.

8          92.     Answering paragraph 92, defendants aver that the allegations in this paragraph

9   relate to claims that the Court dismissed in its February 4, 2009, order and thus cannot form the

10  basis of liability and require no answer.  To the extent a response is required, defendants aver that

11  the YieldPlus fund's reports speak for themselves.  Except as expressly admitted, defendants deny

12  the allegations of paragraph 92.

13         93.     Answering paragraph 93, defendants aver that the allegations in this paragraph

14  relate to claims that the Court dismissed in its February 4, 2009, order and thus cannot form the

15  basis of liability and require no answer.  To the extent a response is required, defendants aver that

16  the YieldPlus fund's reports speak for themselves.  Except as expressly admitted, defendants deny

17  the allegations of paragraph 93.

18         94.     Answering paragraph 94, defendants deny the allegations.

19             (a)     Answering paragraph 94(a), defendants deny the allegations.

20             (b)     Answering paragraph 94(b), defendants deny the allegations.

21             (c)     Answering paragraph 94(c), defendants deny the allegations.

22             (d)     Answering paragraph 94(d), defendants deny the allegations.

23             (e)     Answering paragraph 94(e), defendants deny the allegations.

24             (f)     Answering paragraph 94(f), defendants deny the allegations.

25             (g)     Answering paragraph 94(g), defendants admit that Sheldon D. Engler

26  Ph.D., is no longer employed by Schwab.  Except as expressly admitted, defendants deny the

27  allegations of paragraph 94(g).

28

1          (h)      Answering paragraph 94(h), defendants aver that the allegations in this

2   paragraph relate to claims that the Court dismissed in its February 4, 2009, order and thus cannot

3   form the basis of liability and require no answer.  To the extent a response is required, defendants

4   deny the allegations of paragraph 94(h).

5          95.      Answering paragraph 95, defendants deny the allegations.

6          96.      Answering paragraph 96, defendants aver that the allegations in this paragraph

7   relate to claims that the Court dismissed in its February 4, 2009, order and thus cannot form the

8   basis of liability and require no answer.  To the extent a response is required, defendants deny the

9   allegations of paragraph 96.

10          97.      Answering paragraph 97, defendants aver that the allegations in this paragraph

11   relate to claims that the Court dismissed in its February 4, 2009, order and thus cannot form the

12   basis of liability and require no answer.

13          98.      Answering paragraph 98, defendants aver that the allegations in this paragraph

14   relate to claims that the Court dismissed in its February 4, 2009, order and thus cannot form the

15   basis of liability and require no answer.

16          99.      Answering paragraph 99, defendants aver that the allegations in this paragraph

17   relate to claims that the Court dismissed in its February 4, 2009, order and thus cannot form the

18   basis of liability and require no answer.

19          100.     Answering paragraph 100, defendants aver that the YieldPlus fund's registration

20   statements speak for themselves.  Except as expressly admitted, defendants deny the allegations

21   of paragraph 100.

22          101.     Answering paragraph 101, defendants aver that the YieldPlus fund's year-end

23   financial statements speak for themselves.  Except as expressly admitted, defendants deny the

24   allegations of paragraph 101.

25          102.     Answering paragraph 102, defendants aver that the allegations in this paragraph

26   constitute legal conclusions and require no response.  To the extent a response is required,

27   defendants aver that the YieldPlus fund's historical shares prices speak for themselves.  Except as

28   expressly admitted, defendants deny the allegations of paragraph 102.

103.     Answering paragraph 103, defendants admit that Schwab made an announcement about the YieldPlus fund on March 22, 2007.  Defendants aver that the announcement speaks for itself.  Except as expressly admitted, defendants deny the allegations of paragraph 103.

104.     Answering paragraph 104, defendants aver that the YieldPlus fund's historical asset data speaks for itself.  Except as expressly admitted, defendants deny the allegations of paragraph 104.

105.     Answering paragraph 105, defendants aver that the allegations in this paragraph constitute legal conclusions and require no response.  To the extent a response is required, defendants deny the allegations of paragraph 105.

106.     Answering paragraph 106, defendants aver that the allegations in this paragraph constitute legal conclusions and require no response.  To the extent a response is required, defendants deny the allegations of paragraph 106.

107.     Answering paragraph 107, defendants admit that Schwab issued a report to shareholders in April 2007.  Defendants aver that this report speaks for itself.  Except as expressly admitted, defendants deny the allegations of paragraph 107.

108.     Answering paragraph 108, defendants admit that Schwab issued a report to shareholders in June 2007.  Defendants aver that this report speaks for itself.  Except as expressly admitted, defendants deny the allegations of paragraph 108.

109.     Answering paragraph 109, defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 109.

110.     Answering paragraph 110, defendants admit that the New York Times published an article discussing Countrywide, with the quoted language, on July 25, 2007.  Defendants aver that this article speaks for itself.  Except as expressly admitted, defendants deny the allegations of paragraph 110.

111.     Answering paragraph 111, defendants aver that the YieldPlus fund's historical share prices speak for themselves.  Except as expressly admitted, defendants deny the allegations of paragraph 111.

112.   Answering paragraph 112, defendants aver that the YieldPlus fund's historical share prices speak for themselves.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations concerning the performance of other mutual funds.  Except as expressly admitted, defendants deny the allegations of paragraph 112.

113.   Answering paragraph 113, defendants admit that Schwab posted a letter to its website on March 20, 2008.  Defendants aver that this letter speaks for itself.  Except as expressly admitted, defendants deny the allegations of paragraph 113.

114.   Answering paragraph 114, defendants aver that the YieldPlus fund's historical share prices speak for themselves.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations concerning the performance of other mutual funds.  Except as expressly admitted, defendants deny the allegations of paragraph 114.

115.   Answering paragraph 115, defendants admit that Schwab sent an e-mail to shareholders in November 2007.  Defendants aver that the e-mail speaks for itself.  Except as expressly admitted, defendants deny the allegations of paragraph 115.

116.   Answering paragraph 116, defendants admit that Schwab sent a letter to investors on March 10, 2008.  Defendants aver that this letter speaks for itself.  Except as expressly admitted, defendants deny the allegations of paragraph 116.

117.   Answering paragraph 117, defendants admit that Schwab released a statement on March 20, 2008.  Defendants aver that the document speaks for itself.  Except as expressly admitted, defendants deny the allegations of paragraph 117.

118.   Answering paragraph 118, defendants aver that the YieldPlus fund's historical share prices speak for themselves.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations concerning the performance of other mutual funds.  Except as expressly admitted, defendants deny the allegations of paragraph 118.

119.   Answering paragraph 119, defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations concerning the performance of other mutual funds.  Except as expressly admitted, defendants deny the allegations of paragraph 119.

120.     Answering paragraph 120, defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations concerning the performance of other mutual funds.  Except as expressly admitted, defendants deny the allegations of paragraph 120.

121.     Answering paragraph 121, defendants admit that Schwab issued communications to shareholders on March 10, March 20, and April 1, 2008.  Defendants aver that these documents speak for themselves.  Except as expressly admitted, defendants deny the allegations of paragraph 121.

122.     Answering paragraph 122, defendants admit that plaintiffs purport to bring this lawsuit as a class action.  Except as expressly admitted, defendants deny the allegations in paragraph 122.

123.     Answering paragraph 123, defendants admit that plaintiffs purport to exclude the enumerated individuals and entities from the classes defined in the complaint.  Except as expressly admitted, defendants deny the allegations in paragraph 123.

124.     Answering paragraph 124, defendants aver that the allegations in this paragraph constitute a legal conclusion and require no response.  Defendants further aver that they are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 124.  To the extent a response is required, defendants deny the allegations of paragraph 124.

125.     Answering paragraph 125, defendants aver that the allegations in this paragraph constitute a legal conclusion and require no response.  Except as expressly admitted, defendants deny the allegations of paragraph 125.

126.     Answering paragraph 126, defendants are without knowledge or information sufficient to form a belief as to the truth of these allegations.

127.     Answering paragraph 127, defendants aver that the allegations in this paragraph constitute a legal conclusion and require no response.  To the extent a response is required, defendants deny the allegations of paragraph 127.

128.    Answering paragraph 128, defendants aver that the allegations in this paragraph constitute a legal conclusion and require no response.  To the extent a response is required, defendants deny the allegations of paragraph 128.

129.    Answering paragraph 129, defendants incorporate by reference their responses to paragraphs 1-128 of the complaint as if fully set forth herein.  Defendants admit that plaintiffs purport to bring this action pursuant to Section 11 of the 1933 Act, 15 U.S.C. § 77k.  Except as expressly admitted, defendants deny the allegations of paragraph 129.

130.    Answering paragraph 130, defendants aver that the allegations in this paragraph constitute legal conclusions and require no response.  To the extent a response is required, defendants deny the allegations of paragraph 130.

131.    Answering paragraph 131, defendants deny the allegation to the extent it constitutes a legal conclusion, to which no response is required.  To the extent a response is required, defendants Charles R. Schwab, Evelyn Dilsaver, Randall W. Merk, George Pereira, Mariann Byerwalter, Donald F. Dorward, William A. Hasler, Robert G. Holmes, Gerald B. Smith, Donald R. Stephens, and Michael W. Wilsey admit that each signed the YieldPlus fund's registration statement.  Defendant Schwab Investments admits that it is the issuer of the YieldPlus fund's shares.  Defendant Charles Schwab & Co., Inc., admits that it is the underwriter for the YieldPlus fund.  Except as expressly admitted, defendants deny the allegations of paragraph 131.

132.    Answering paragraph 132, defendants aver that the allegation in this paragraph constitutes a legal conclusion and requires no response.  To the extent a response is required, defendants deny the allegation of paragraph 132.

133.    Answering paragraph 133, defendants aver that the allegations in this paragraph constitute a legal conclusion and require no response.  To the extent a response is required, defendants deny the allegations of paragraph 133.

134.    Answering paragraph 134, defendants aver that the allegation in this paragraph constitutes a legal conclusion and requires no response.  To the extent a response is required, defendants deny the allegations of paragraph 134.

135. Answering paragraph 135, defendants aver that the YieldPlus fund's historical share prices speak for themselves. Except as expressly admitted, defendants deny the allegations of paragraph 135.

136. Answering paragraph 136, defendants aver that the allegations in this paragraph constitute legal conclusions and require no response. To the extent a response is required, defendants deny the allegations of paragraph 136.

137. Answering paragraph 137, defendants incorporate by reference their responses to paragraphs 1-136 of the complaint as if fully set forth herein. Except as expressly admitted, defendants deny the allegations of paragraph 137.

138. Defendants admit that plaintiffs purport to bring this action pursuant to Section 12 of the 1933 Act, 15 U.S.C. § 77*l*, against the listed defendants. Except as expressly admitted, defendants deny the allegations of paragraph 138.

139. Answering paragraph 139, defendants incorporate by reference their responses to such allegations of the complaint as if fully set forth herein. Except as expressly admitted, defendants deny the allegations of paragraph 139.

140. Answering paragraph 140, defendants aver that the allegations in this paragraph constitute a legal conclusion and require no response. To the extent a response is required, defendants deny the allegations of paragraph 140.

141. Answering paragraph 141, defendants aver that the allegations in this paragraph constitute a legal conclusion and require no response. To the extent a response is required, defendants deny the allegations of paragraph 141.

142. Answering paragraph 142, defendants are without knowledge or information sufficient to form a belief as to the truth of these allegations.

143. Answering paragraph 143, defendants aver that the allegations in this paragraph constitute a legal conclusion and require no response. To the extent a response is required, defendants deny the allegations of paragraph 143.

144. Answering paragraph 144, defendants admit that plaintiffs purport to tender their YieldPlus fund shares.

145.     Answering paragraph 145, defendants aver that the allegations in this paragraph constitute a legal conclusion and require no response.  To the extent a response is required, defendants deny the allegations of paragraph 145.

146.     Answering paragraph 146, defendants incorporate by reference their responses to paragraphs 1-145 of the complaint as if fully set forth herein.  Except as expressly admitted, defendants deny the allegations of paragraph 146.

147.     Defendants admit that plaintiffs purport to bring this action pursuant to Section 12 of the 1933 Act, 15 U.S.C. § 77o, against the asserted defendants.  Except as expressly admitted, defendants deny the allegations of paragraph 147.

148.     Answering paragraph 148, defendants aver that the allegations in this paragraph constitute a legal conclusion and require no response.  To the extent a response is required, defendants deny the allegations of paragraph 148.

149.     Answering paragraph 149, defendants aver that the allegation in this paragraph constitutes a legal conclusion and requires no response.  To the extent a response is required, defendants deny the allegation of paragraph 149.

150.     Answering paragraph 150, defendants aver that the allegations in this paragraph relate to claims that the Court dismissed in its February 4, 2009, order and thus cannot form the basis of liability and require no answer.

151.     Answering paragraph 151, defendants aver that the allegations in this paragraph relate to claims that the Court dismissed in its February 4, 2009, order and thus cannot form the basis of liability and require no answer.

152.     Answering paragraph 152, defendants aver that the allegations in this paragraph relate to claims that the Court dismissed in its February 4, 2009, order and thus cannot form the basis of liability and require no answer.

153.     Answering paragraph 153, defendants aver that the allegations in this paragraph relate to claims that the Court dismissed in its February 4, 2009, order and thus cannot form the basis of liability and require no answer.

154.    Answering paragraph 154, defendants aver that the allegations in this paragraph relate to claims that the Court dismissed in its February 4, 2009, order and thus cannot form the basis of liability and require no answer.

155.    Answering paragraph 155, defendants aver that the allegations in this paragraph relate to claims that the Court dismissed in its February 4, 2009, order and thus cannot form the basis of liability and require no answer.

156.    Answering paragraph 156, defendants aver that the allegations in this paragraph relate to claims that the Court dismissed in its February 4, 2009, order and thus cannot form the basis of liability and require no answer.

157.    Answering paragraph 157, defendants aver that the allegations in this paragraph relate to claims that the Court dismissed in its February 4, 2009, order and thus cannot form the basis of liability and require no answer.

158.    Answering paragraph 158, defendants aver that the allegations in this paragraph relate to claims that the Court dismissed in its February 4, 2009, order and thus cannot form the basis of liability and require no answer.

159.    Answering paragraph 159, defendants aver that the allegations in this paragraph relate to claims that the Court dismissed in its February 4, 2009, order and thus cannot form the basis of liability and require no answer.

160.    Answering paragraph 160, defendants aver that the allegations in this paragraph relate to claims that the Court dismissed in its February 4, 2009, order and thus cannot form the basis of liability and require no answer.

161.    Answering paragraph 161, defendants aver that the allegations in this paragraph relate to claims that the Court dismissed in its February 4, 2009, order and thus cannot form the basis of liability and require no answer.

162.    Answering paragraph 162, defendants aver that the allegations in this paragraph relate to claims that the Court dismissed in its February 4, 2009, order and thus cannot form the basis of liability and require no answer.

163.    Answering paragraph 163, defendants aver that the allegations in this paragraph relate to claims that the Court dismissed in its February 4, 2009, order and thus cannot form the basis of liability and require no answer.

164.    Answering paragraph 164, defendants aver that the allegations in this paragraph relate to claims that the Court dismissed in its February 4, 2009, order and thus cannot form the basis of liability and require no answer.

165.    Answering paragraph 165, defendants aver that the allegations in this paragraph relate to claims that the Court dismissed in its February 4, 2009, order and thus cannot form the basis of liability and require no answer.

166.    Answering paragraph 166, defendants aver that the allegations in this paragraph relate to claims that the Court dismissed in its February 4, 2009, order and thus cannot form the basis of liability and require no answer.

167.    Answering paragraph 167, defendants aver that the allegations in this paragraph relate to claims that the Court dismissed in its February 4, 2009, order and thus cannot form the basis of liability and require no answer.

168.    Answering paragraph 168, defendants aver that the allegations in this paragraph relate to claims that the Court dismissed in its February 4, 2009, order and thus cannot form the basis of liability and require no answer.

169.    Answering paragraph 169, defendants aver that the allegations in this paragraph relate to claims that the Court dismissed in its February 4, 2009, order and thus cannot form the basis of liability and require no answer.

170.    Answering paragraph 170, defendants aver that the allegations in this paragraph relate to claims that the Court dismissed in its February 4, 2009, order and thus cannot form the basis of liability and require no answer.

171.    Answering paragraph 171, defendants incorporate by reference their responses to paragraphs 1-170 of the complaint as if fully set forth herein.  Except as expressly admitted, defendants deny the allegations of paragraph 171.

1   172.   Answering paragraph 172, defendants aver that the allegations in this paragraph
2   constitute a legal conclusion and require no response.  To the extent a response is required,
3   defendants deny the allegations of paragraph 172.

4   173.   Answering paragraph 173, defendants aver that the allegations in this paragraph
5   constitute a legal conclusion and require no response.  To the extent a response is required,
6   defendants deny the allegations of paragraph 173.

7   174.   Answering paragraph 174, defendants aver that the allegations in this paragraph
8   constitute a legal conclusion and require no response.  To the extent a response is required,
9   defendants deny the allegations of paragraph 174.

10   175.   Defendants deny any basis of liability to plaintiffs.

11   176.   Answering paragraph 176, defendants aver that the allegations in this paragraph
12   relate to claims that the Court dismissed in its February 4, 2009, order and thus cannot form the
13   basis of liability and require no answer.

14   177.   Answering paragraph 177, defendants aver that the allegations in this paragraph
15   relate to claims that the Court dismissed in its February 4, 2009, order and thus cannot form the
16   basis of liability and require no answer.

17   178.   Answering paragraph 178, defendants incorporate by reference their responses to
18   paragraphs 1-177 of the complaint as if fully set forth herein.  Except as expressly admitted,
19   defendants deny the allegations of paragraph 178.

20   179.   Answering paragraph 179, defendants aver that the allegations in this paragraph
21   constitute a legal conclusion and require no response.  To the extent a response is required,
22   defendants deny the allegations of paragraph 179.

23   180.   Answering paragraph 180, defendants aver that the allegations in this paragraph
24   constitute a legal conclusion and require no response.  To the extent a response is required,
25   defendants deny the allegations of paragraph 180.

26   181.   Answering paragraph 181, defendants aver that the allegations in this paragraph
27   constitute a legal conclusion and require no response.  To the extent a response is required,
28   defendants deny the allegations of paragraph 181.

182.    Answering paragraph 182, defendants aver that the allegations in this paragraph constitute a legal conclusion and require no response.  To the extent a response is required, defendants deny the allegations of paragraph 182.

183.    Defendants deny any basis of liability to plaintiffs.

184.    Answering paragraph 184, defendants aver that the allegations in this paragraph relate to claims that the Court dismissed in its February 4, 2009, order and thus cannot form the basis of liability and require no answer.

185.    Answering paragraph 185, defendants aver that the allegations in this paragraph relate to claims that the Court dismissed in its February 4, 2009, order and thus cannot form the basis of liability and require no answer.

186.    Answering paragraph 186, defendants aver that the allegations in this paragraph relate to claims that the Court dismissed in its February 4, 2009, order and thus cannot form the basis of liability and require no answer.

187.    Answering paragraph 187, defendants aver that the allegations in this paragraph relate to claims that the Court dismissed in its February 4, 2009, order and thus cannot form the basis of liability and require no answer.

## AFFIRMATIVE DEFENSES

Without admitting or acknowledging that defendants bear any burden of proof as to any of them, the defendants assert the following affirmative defenses:

### FIRST AFFIRMATIVE DEFENSE

### (Count I – § 11, Non-Expertised Portions of the Registration Statements)

1.    Defendants are not liable for any damages suffered by plaintiffs, because defendants, with regard to any part of the registration statements challenged in the complaint that do not purport to be made on the authority of an expert, had, after reasonable investigation, reasonable grounds to believe and did believe, at the time the registration statements became effective, that the statements contained in the registration statements were true and that there was no omission of any material fact required to be stated in the registration statements or necessary to make the statements contained in the registration statements not misleading.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**SECOND AFFIRMATIVE DEFENSE**

**(Count I – § 11, Expertised Portions of the Registration Statements)**

2.      Defendants are not liable for any damages suffered by plaintiffs, because defendants, with regard to any part of the registration statements challenged in the complaint that purports to have been made on the authority of an expert, or to be a copy of or an extract from a report, valuation, or work product of an expert, had no reasonable grounds to believe and did not believe, at the time the registration statements became effective, that the statements contained therein were untrue or that there was an omission of any material fact required to be stated in the registration statements necessary to make the statements contained in the registration statements not misleading, or that any such part of the registration statements did not fairly represent the statement of the expert, or was not a fair copy of or an extract from the report, valuation, or work product of the expert.

**THIRD AFFIRMATIVE DEFENSE**

**(Count I – § 11; Plaintiffs' Knowledge)**

3.      Some or all of the plaintiffs had knowledge of the facts alleged in the complaint upon which defendants' liability purportedly rests.

**FOURTH AFFIRMATIVE DEFENSE**

**(Count II – § 12; Reasonable Care)**

4.      Even if the misrepresentations and omissions alleged in the complaint were made, which the defendants deny, the defendants did not know, and in the exercise of reasonable care could not have known, of any such misrepresentations or omissions.

**FIFTH AFFIRMATIVE DEFENSE**

**(Count II – § 12; Setoff)**

5.      Some or all of the plaintiffs have received a greater amount in dividends and total returns than any recovery they would receive should they prevail in this lawsuit.

1

**SIXTH AFFIRMATIVE DEFENSE**

2

**(Counts I & II – §§ 11 & 12; Causation)**

3

6.      Some or all of plaintiffs' alleged damages did not result from the portions of the

4

registration statements and prospectuses alleged to be untrue or misleading.

5

**SEVENTH AFFIRMATIVE DEFENSE**

6

**(Count III – § 15; Control Person Liability)**

7

7.      Defendants had no knowledge of or reasonable ground to believe in the existence

8

of the facts by reason of which the liability of the alleged controlled persons is said to exist.

9

**EIGHTH AFFIRMATIVE DEFENSE**

10

**(Counts I, II, & III – §§ 11, 12, 15; Statute of Limitations)**

11

8.      Plaintiffs' claims are barred in whole, or in part, by the requisite statute of

12

limitations and/or statute of repose.

13

**NINTH AFFIRMATIVE DEFENSE**

14

**(Counts V & VII – § 17200; Safe Harbor)**

15

9.      Defendants are not liable for violations of claims arising under California Business

16

and Professions Code section 17200 because the defendants' actions were permitted by Congress

17

and federal regulatory agencies.

18

**TENTH AFFIRMATIVE DEFENSE**

19

**(Counts V & VII – § 17200; Exculpatory Provision)**

20

10.      Plaintiffs' claims are barred in whole, or in part, by the exculpatory provisions in

21

Schwab Investment's Agreement and Declaration of Trust.

22

**ELEVENTH AFFIRMATIVE DEFENSE**

23

**(Counts V & VII – § 17200; Federal Preemption)**

24

11.      Plaintiffs' claims are barred by the doctrine of preemption because the challenged

25

conduct is regulated by a detailed and comprehensive enforcement scheme established under

26

federal law.  Plaintiffs' claims are also preempted under the Securities Litigation Uniform

27

Standards Act.

28

**TWELFTH AFFIRMATIVE DEFENSE**

**(All Counts; Contractual Indemnity)**

12.     Plaintiffs' claims are barred in whole or in part by contractual indemnity provisions.

**THIRTEENTH AFFIRMATIVE DEFENSE**

**(All Counts; Standing)**

13.     Plaintiffs lack standing to bring some or all of the claims asserted in the complaint.

**FOURTEENTH AFFIRMATIVE DEFENSE**

**(All Counts; Failure to Mitigate)**

14.     Plaintiffs have failed to mitigate any damages they may have suffered.

**FIFTEENTH AFFIRMATIVE DEFENSE**

**(All Counts; Res Judicata/Collateral Estoppel)**

15.     Plaintiffs' claims are barred in whole or in part by the doctrines of res judicata and/or collateral estoppel.

///

///

///

1

<u>PRAYER</u>

2

WHEREFORE, the defendants pray for judgment as follows:

3

1.    That plaintiffs take nothing from the defendants by their complaint;

4

2.    For costs, expert witness fees and court hearing fees;

5

3.    For attorneys' fees;

6

4.    For judgment in favor of the defendants; and

7

5.    For such other and further relief as the Court deems just and proper.

8

9

Dated:  June 5, 2009

DARRYL P. RAINS
DOROTHY L. FERNANDEZ

10

KIMBERLY L. TAYLOR
MORRISON & FOERSTER LLP

11

By:  /s/ Darryl P. Rains

12

Darryl P. Rains

13

Attorneys for Defendants The Charles
Schwab Corporation, Charles Schwab &

14

Co., Inc., Charles Schwab Investment
Management, Inc., Schwab Investments,

15

Charles R. Schwab, Evelyn Dilsaver,
Randall W. Merk, George Pereira,

16

Matthew Hastings, Mariann Byerwalter,
Donald F. Dorward, William A. Hasler,

17

Robert G. Holmes, Gerald B. Smith,
Donald R. Stephens, and Michael W.

18

Wilsey

19

20

21

22

23

24

25

26

27

28

ANSWER TO FIRST CONSOLIDATED AMENDED COMPLAINT
MASTER FILE NO. C-08-01510-WHA
sf-2695173

25