1

2

3

4

5

6                           IN THE UNITED STATES DISTRICT COURT

7

8                       FOR THE NORTHERN DISTRICT OF CALIFORNIA

9

10   IN RE CHARLES SCHWAB                          No. C 08-01510 WHA
     CORPORATION
11   SECURITIES LITIGATION.
                                                   **ORDER DENYING DEFENDANT**
12                                                 **DAIFOTIS' MOTION FOR**
                                                   **RECONSIDERATION**
13   _____/

14          In this securities action, defendant Kimon Daifotis, one of numerous defendants, filed a

15   motion to reconsider a prior order granting in part and denying in part a motion to dismiss filed

16   by all Schwab defendants.  Defendant Daifotis argues that the order had applied the now-

17   superseded pleading standard of *Conley v. Gibson*, 355 U.S. 41 (1957), rather than the more

18   recent standards of *Ashcroft v. Iqbal*, 2009 WL 1361536 (2009) and *Bell Atlantic v. Twombley*,

19   550 U.S. 544 (2007).  The motion is denied.  When the order had occasion to consider the

20   sufficiency of the pleadings, rather than purely legal issues, it applied the *Twombley* standard

21   and, although *Iqbal* had yet to be decided, the order was entirely consistent with that decision.

22          Defendant's motion complains of the order's citation to *In re Westinghouse Securities*

23   *Litigation*, 90 F.3d 696 (3d Cir. 1996), a pre-*Twombley* decision that had applied the *Conley*

24   pleading standard, in its discussion of the Section 12 claim.  *Westinghouse* was cited for the

25   proposition that:  "[w]hether or not defendants actually solicited plaintiffs' sales is a factual

26   question which should generally be left to the jury; at this stage plaintiffs need only satisfy Rule

27   8(a)'s lenient pleading standards."  *Id*. at 717.  All of that remains true.  *Twombley* and *Iqbal*

28   had no occasion to consider whether the Section 12 "solicitation" inquiry is a factual issue for

     the jury rather than a legal issue for the Court.  Nor did they address whether Rule 8 is the

**United States District Court**
For the Northern District of California

**United States District Court**
For the Northern District of California

1   appropriate pleading standard (under the circumstances of this action, it is).  Granted, the order

2   had previously ruled that "plaintiffs adequately pled solicitation."  It so ruled, however, under

3   the current understanding of Rule 8, not the *Conley* standard.  It explained (Order at 15):

> Plaintiffs alleged more than mere participation.  As many courts
> have found, the registration statement is itself a solicitation
> document.  Although the act of signing a registration statement,
> alone, may not always suffice, it is at least suggestive of
> solicitation activity.  As stated, the complaint also alleges that
> defendants "actively solicited the sale of the fund's shares" and
> that certain defendants were involved in marketing the fund.

8       The complaint raises plausible allegations of solicitation activity satisfying the

9   *Twombley* (and now *Iqbal*) standards.  Defendant's motion is **DENIED**.

11      **IT IS SO ORDERED.**

13   Dated:  August 21, 2009.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

2