United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

IN RE:

CHARLES SCHWAB CORPORATION
SECURITIES LITIGATION.
_____/

This Document Relates

To All Cases.
_____/

No. C 08-01510 WHA

**ORDER GRANTING MOTION FOR LEAVE TO AMEND IN PART AND DENYING IN PART AND VACATING HEARING**

**INTRODUCTION**

In this class action, plaintiffs allege that defendants Charles Schwab Corporation and several affiliated entities and individuals violated federal securities laws and various state laws by misrepresenting the risk profile of Schwab's YieldPlus Fund and by improperly changing the fund's investment policies. Following motions on the pleadings, the bulk of plaintiffs' claims have been permitted to proceed against the Schwab defendants and the fund's independent trustees, although two state claims against those defendants were dismissed. All claims against Schwab's independent auditor were dismissed. On August 21, 2009, class certification was granted. Despite a case management order deadline ordering that requests for leave to amend be made by February 26, 2009 — eight months ago — plaintiffs now request for leave to amend the complaint to: (1) amend existing securities claims to conform to allegedly new evidence, (2) conform the complaint to the certification order, (3) plead a nationwide class claim based on Section 13(a) of the Investment Company Act of 1940, and (4) reallege dismissed claims to

preserve their right to appeal the dismissals. For the reasons stated below, this order holds that plaintiffs' request to allege new facts, conform the complaint to the certification order, and reallege dismissed claims is **GRANTED**. All other requests are **DENIED**. The hearing set for October 29, 2009, is **VACATED**.

**STATEMENT**

Investors in Schwab's YieldPlus Fund, a short-term fixed-income mutual fund, brought this action against (1) several Schwab corporate entities, and officers and employees thereof, (2) trustees of the fund who signed the registration statements at issue, and (3) PricewaterhouseCoopers LLP, the fund's auditor. All of plaintiffs' federal claims — claims under Sections 11, 12 and 15 of the 1933 Act — and a state unfair-competition claim survived motions to dismiss filed by the Schwab defendants and the fund's independent trustees, but two other state claims against those defendants were dismissed. The claims against PricewaterhouseCoopers were also dismissed. There are no 1934 Act claims. On August 21, 2009, class certification was granted. The basic circumstances of the case were set forth in previous orders (*see* Dkt. No. 164, 195).

In brief, defendants annually filed registration statements with the SEC. They marketed and sold fund shares to investors with annual prospectuses. The prospectuses referred investors to various statements of additional information. These contained more detailed discussions of the fund's investment policies and risks. Investors were also referred to the fund's certified shareholder reports (*i.e.*, annual reports). Both were incorporated by reference into the prospectuses.

Plaintiffs allege that these documents as well as other Schwab advertisements and communications misrepresented the investment policies and risk profile of the fund. Defendants allegedly positioned the fund as an "ultra short term bond fund" which sought to keep its average portfolio duration below one year and to limit "principal risk" exposure in order to preserve capital. Instead, plaintiffs allege, the fund took on significantly greater risk by extending its average portfolio duration beyond two years.

Defendants also represented that the fund was similar to a money market fund and sought to maintain minimal changes in share price. Such representations were false, plaintiffs allege, because the fund concentrated an increasing portion of its assets — eventually more than 45 percent — in riskier mortgaged-backed and asset-backed securities. Due to such misrepresentations, plaintiffs allege, investors were unwittingly exposed to significant risks, and as the nation's mortgage crisis unfolded those risks led to substantial losses.

Multiple independent class actions filed by the fund's investors were consolidated into the present class action, and five lead plaintiffs were appointed.[1] On August 21, 2009, two federal securities classes based on Section 11 and Section 12 of the Securities Act of 1933 were certified. In addition, a single state class based on the state unfair competition claim was certified. Plaintiffs' had originally requested for a nationwide class based on the state claim but the request was denied.

Plaintiffs now move to amend the pleadings despite a deadline to do so that has long since passed. Plaintiffs allege that this delayed amendment is necessary to (1) amend existing securities claims to conform to allegedly new evidence, (2) conform the complaint to the certification order, (3) plead a nationwide class claim based on Section 13(a) of the Investment Company Act of 1940, and (4) reallege dismissed claims to preserve their right to appeal the dismissals. For the reasons stated below, this order holds that plaintiffs' request to allege new facts, conform the complaint to the certification order, and realleage dismissed claims is **GRANTED**. All other requests are **DENIED**.

## ANALYSIS

### 1. LEGAL STANDARD.

This Court previously entered a case management order which required plaintiffs to seek leave to add any new parties or pleading amendments by February 26, 2009. Rule 16(b)(4) provides that leave to amend following entry of such a case management order may be granted only upon a showing of "good cause" for the delay and with the judge's consent. This good cause

---

[1] The lead plaintiffs are Kevin O'Donnell, James Coffin, John Hill, David and Gretchen Mikelonis, and Robert Dickson.

3

1  standard "primarily considers the diligence of the party seeking the amendment." *Coleman v.
2  Quaker Oats*, 232 F.3d 1271, 1294 (9th Cir. 2000).

### 2. NEW ALLEGATIONS AFTER DISCOVERY.

Defendants argue that plaintiffs do not have good cause for delaying their amendments concerning asset liquidity and risk management. Defendants argue that these new disclosures concerning asset liquidity and risk management are in fact allegations that could have previously been made since they allegedly involve statements taken from publicly available documents not uncovered in discovery. Furthermore, defendants argue that some of these new allegations are verbatim from plaintiffs' expert report and supplemental brief and that since plaintiffs' expert has been on the job for well over a year, there is no reason that plaintiffs could not have come up with these new allegations sooner and complied with the case management deadline. Plaintiffs, however, argue that while the alleged misrepresentations did appear in the SEC filings, the facts show that these statements were false or misleading were not publicly available. New facts to support these allegations were allegedly obtained from internal documents produced by Schwab during discovery after the case management amendment deadline (Reply Br. 4, 5). Plaintiffs also argue that the expert report (Dkt. No. 226) and brief (Dkt. No. 228) that defendants refer to, both depend on evidence obtained through Schwab's initial document production and thus were filed nearly five months after the case management amendment deadline.

In *United States v. Dang*, 488 F.3d 1135, 1142–43 (9th Cir. 2007), the Ninth Circuit held that a district court did not abuse its discretion despite allowing the government to amend the pleadings after the deadline set in the pre-trial scheduling order because "the court granted the motion based on an overall evaluation of [t]he rights of the parties, the ends of justice, and judicial economy." The court held this way despite the argument that the facts and theories underlying the amendments were available to the government since the inception of the action. *Ibid.* "[A] district court is given broad discretion in supervising the pretrial phase of litigation, and its decisions regarding the preclusive effect of a pretrial order . . . will not be disturbed unless they evidence a clear abuse of discretion." *Ibid.* (*quoting Miller v. Safeco Title Ins. Co.*, 758 F.2d 364, 369 (9th Cir. 1985)).

4

In this action, similar to *Dang*, based on the overall evaluation of the ends of justice and judicial economy, plaintiffs' request to amend is **GRANTED**. All of plaintiffs' new allegations pertain to existing claims and are part of the same transactions and occurrences that surround this action. They involve defendants' actions concerning the YieldPlus fund. In fact, as defendants point out, allegations concerning risk management and asset liquidity were originally part of this action (Opp. 7). Plaintiffs argue that due to recent discovery, the amendments should be allowed as plaintiffs are now better able to articulate their securities claims based on internal information provided by discovery. Defendants have not made any argument as to why allowing these amendments, related to existing claims, would cause them to suffer any prejudice. Plaintiffs are not seeking drastic actions such as attempting to re-open discovery, and it is not apparent that these amendments would have obstruct the future litigation. Thus, plaintiffs' request to bolster their existing securities allegations is **GRANTED**.

### 3. SECTION 13(A) CLAIM.

Plaintiffs seek to amend the pleadings to assert a Section 13 securities claim on behalf of a nationwide class because the Court only certified the state law claim for a statewide class and not a nationwide class. Pursuant to the Rule 16, however, plaintiffs have not shown good cause for the delay. Furthermore, counsel has sat on this matter until after class certification. This should have been done prior so that the Court would understand what was tendered for class certification. It is irregular to bring up this claim now. Counsel knew about this potential claim all along and for strategic reasons chose not to assert this claim. Counsel is not now allowed to reassert this claim because counsel chose to gamble by only asserting the state law claim. The fact that the law was uncertain is no excuse. The law is still uncertain and the circumstances remain the same. This is a lame excuse. The motion for leave to amend on this ground is **DENIED**.

### 4. AMENDMENTS TO CONFORM WITH CERTIFICATION ORDER.

Plaintiffs seek to amend the pleadings to conform with the certification order. Defendants do not object to these amendments. Thus, plaintiffs' request is **GRANTED**.

5

**5.   REALLEGATION OF DISMISSED CLAIMS.**

Plaintiffs seek to amend the pleadings to reallege dismissed claims without alteration to preserve their right to appeal the dismissal. Based on plaintiffs' representations, plaintiffs' request is **GRANTED** solely for the purpose of preserving plaintiffs' right to appeal.

**CONCLUSION**

In the interests of justice and judicial economy, plaintiffs' request to amend to conform to evidence allegedly uncovered during discovery is **GRANTED**. In addition, plaintiffs' request to conform the complaint to the certification order and reallege dismissed claims is **GRANTED**. The request to plead a Section 13 claim is **DENIED** since plaintiffs have not shown any good cause to do so at this stage. The hearing set for October 29, 2009, is **VACATED**.

**IT IS SO ORDERED.**

Dated: October 22, 2009.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE