1    DARRYL P. RAINS (CA SBN 104802)
     MORRISON & FOERSTER LLP
2    755 Page Mill Road
     Palo Alto, California 94304-1018
3    Telephone: 650.813.5600
     Facsimile: 650.494.0792
4    Email: DRains@mofo.com

5    DOROTHY L. FERNANDEZ (CA SBN 184266)
     KIMBERLY L. TAYLOR (CA SBN 240483)
6    MORRISON & FOERSTER LLP
     425 Market Street
7    San Francisco, California 94105-2482
     Telephone: 415.268.7000
8    Facsimile: 415.268.7522

9    Attorneys for defendants The Charles Schwab Corporation,
     Charles Schwab & Co., Inc., Charles Schwab Investment
10   Management, Inc., Schwab Investments, Charles R. Schwab,
     Evelyn Dilsaver, Randall W. Merk, George Pereira, Matthew
11   Hastings, Mariann Byerwalter, Donald F. Dorward, William A.
     Hasler, Robert G. Holmes, Gerald B. Smith, Donald R.
12   Stephens, and Michael W. Wilsey

13

14                    UNITED STATES DISTRICT COURT

15                  NORTHERN DISTRICT OF CALIFORNIA

16                      SAN FRANCISCO DIVISION

17

18   IN RE CHARLES SCHWAB CORP.              Master File No. C-08-01510-WHA
     SECURITIES LITIGATION
19                                           CLASS ACTION

20                                           ANSWER TO SECOND
                                             CONSOLIDATED AMENDED
21                                           COMPLAINT

22                                           Trial Date:  May 10, 2010
                                             Time:        7:30 a.m.
23                                           Judge:       Hon. William H. Alsup
                                             Courtroom:   9
24

25

26

27

28

ANSWER TO SECOND CONSOLIDATED AMENDED COMPLAINT
MASTER FILE NO. C-08-01510-WHA
sf-2761443

1        Defendants The Charles Schwab Corporation, Charles Schwab & Co., Inc., Charles

2    Schwab Investment Management, Inc., Schwab Investments, Charles R. Schwab, Evelyn

3    Dilsaver, Randall W. Merk, George Pereira, Matthew Hastings, Mariann Byerwalter, Donald F.

4    Dorward, William A. Hasler, Robert G. Holmes, Gerald B. Smith, Donald R. Stephens, and

5    Michael W. Wilsey answer plaintiffs' Second Consolidated Amended Complaint as follows:

6        1.      Answering Paragraph 1, defendants admit that plaintiffs purport to bring this

7    action as a class action on behalf of all investors who acquired shares in the Schwab YieldPlus

8    fund. The defendants also admit that the YieldPlus fund sold two classes of shares:  Investor

9    Shares (ticker SWYPX) and Select Shares (ticker SWYSX).  Except as admitted, defendants deny

10   the allegations of paragraph 1.

11        2.      Answering paragraph 2, defendants admit that plaintiffs' complaint purports to

12   seek redress for violations of federal and state law.  Except as expressly admitted, defendants

13   deny the allegations of paragraph 2.

14        3.      Answering paragraph 3, defendants aver that the YieldPlus fund's registration

15   statement and prospectuses speak for themselves.  Except as expressly admitted, defendants deny

16   the allegations of paragraph 3.

17        4.      Answering paragraph 4, defendants are without knowledge or information

18   sufficient to form a belief as to the truth of these allegations.

19        5.      Answering paragraph 5, defendants deny the allegations.

20        6.      Answering paragraph 6, defendants aver that the YieldPlus fund's registration

21   statements and prospectuses speak for themselves.  The defendants also aver that the

22   November 15, 2004, statement of additional information speaks for itself.  Except as expressly

23   admitted, defendants deny the allegations of paragraph 6.

24        7.      Answering paragraph 7, defendants aver that Schwab's public disclosures speak

25   for themselves.  Except as expressly admitted, defendants deny the allegations of paragraph 7.

26        8.      Answering paragraph 8, defendants aver that the allegations in this paragraph

27   constitute legal conclusions and require no response.  To the extent that a response is required, the

28   defendants aver that the YieldPlus fund's public disclosures regarding the composition of its

1   investments speak for themselves.  Except as expressly admitted, defendants deny the allegations

2   of paragraph 8.

3       9.      Answering paragraph 9, defendants aver that the allegations in this paragraph

4   constitute legal conclusions and require no response.  To the extent a response is required,

5   defendants aver that the September 1, 2006, statement of additional information speaks for itself.

6   Except as expressly admitted, defendants deny the allegations of paragraph 9.

7       10.     Answering paragraph 10, defendants aver that the YieldPlus fund's public

8   disclosures regarding the composition of its investments speak for themselves.  Except as

9   expressly admitted, defendants deny the allegations of paragraph 10.

10      11.     Answering paragraph 11, defendants aver that the allegations in this paragraph

11  relate to claims that the Court dismissed in its February 4, 2009, order and thus cannot form the

12  basis of liability and require no answer.

13      12.     Answering paragraph 12, defendants aver that the Court, in its October 22, 2009,

14  order, denied plaintiffs leave to amend to assert the allegations in this paragraph and thus these

15  allegations cannot form the basis of liability and require no answer.

16      13.     Answering paragraph 13, defendants aver that the YieldPlus fund's historical share

17  prices speak for themselves.  Except as expressly admitted, defendants deny the allegations of

18  paragraph 13.

19      14.     Answering paragraph 14, defendants aver that Morningstar's reports speak for

20  themselves.  Except as expressly admitted, defendants deny the allegations of paragraph 14.

21      15.     Answering paragraph 15, defendants aver that the August 20, 2008, Morningstar

22  report speaks for itself.  Except as expressly admitted, defendants deny the allegations of

23  paragraph 15.

24      16.     Answering paragraph 16, defendants are without knowledge or information

25  sufficient to form a belief as to the truth of these allegations.

26      17.     Answering paragraph 17, defendants admit that plaintiffs purport to assert the

27  claims listed despite the fact that the Court's October 22, 2009, order denied plaintiffs leave to

28

ANSWER TO SECOND CONSOLIDATED AMENDED COMPLAINT                                2
MASTER FILE NO. C-08-01510-WHA
sf-2761443

1  amend to add certain of these claims.  Except as expressly admitted, defendants deny the

2  allegations of paragraph 17.

3       18.    Answering paragraph 18, defendants admit that the Court has jurisdiction over the

4  subject matter of this action.  Except as expressly admitted, defendants deny the allegations of

5  paragraph 18.

6       19.    Answering paragraph 19, defendants admit that venue is proper in this district and

7  that The Charles Schwab Corporation, Charles Schwab & Co., Inc., Charles Schwab Investment

8  Management, Inc., and Schwab Investments have offices in this district.  Except as expressly

9  admitted, defendants deny the allegations of paragraph 19.

10       20.    Answering paragraph 20, defendants admit they used the means and

11  instrumentalities of interstate commerce to conduct their business.  Except as expressly admitted,

12  defendants deny the allegations of paragraph 20.

13       21.    Answering paragraph 21, defendants admit that the Court's July 2, 2008, Order

14  appointed lead plaintiffs as listed and that subsequently Gretchen Mikelonis withdrew as lead

15  plaintiff.  Except as expressly admitted, defendants deny the allegations of paragraph 21.

16       22.    Answering paragraph 22, defendants admit that Robert Levin purchased Select

17  Shares.  Except as expressly admitted, defendants deny the allegations of paragraph 22.

18       23.    Answering paragraph 23, defendants admit that Karl Kyzer purchased Investor

19  Shares.  Except as expressly admitted, defendants deny the allegations of paragraph 23.

20       24.    Answering paragraph 24, defendants aver that the term "affiliated" constitutes a

21  legal conclusion and requires no response.  Defendants admit that Charles Schwab is one of the

22  largest financial services organizations in the world.  Except as expressly admitted, defendants

23  deny the allegations of paragraph 24.

24       25.    Answering paragraph 25, defendants admit the allegations of paragraph 25, except

25  for the location of The Charles Schwab Corporation's headquarters, which are located at 211

26  Main Street, San Francisco.

27

28

26.     Answering paragraph 26, defendants admit the allegations of paragraph 26, except for the location of Charles Schwab & Co., Inc.'s headquarters, which are located at 211 Main Street, San Francisco.

27.     Answering paragraph 27, defendants admit the allegations of paragraph 27, except for the location of Charles Schwab Investment Mangement, Inc.'s headquarters, which are located at 211 Main Street, San Francisco.

28.     Answering paragraph 28, defendants admit the allegations of paragraph 28, except for the location of Schwab Investments's headquarters, which are located at 211 Main Street, San Francisco and the amount of the advisory fees paid during 2007.

29.     Answering paragraph 29, defendants admit the allegations of paragraph 29.

30.     Answering paragraph 30, defendants admit the allegations of paragraph 30.

31.     Answering paragraph 31, defendants admit the allegations of paragraph 31, except that Evelyn Dilsaver was not a trustee of Schwab Investments.

32.     Answering paragraph 32, defendants admit the allegations of paragraph 32.

33.     Answering paragraph 33, defendants admit the allegations of paragraph 33, except that George Pereira's title was Principal Financial Officer and Treasurer.

34.     Answering paragraph 34, defendants admit the allegations of paragraph 34.

35.     Answering paragraph 35, defendants admit that Donald F. Dorward was a Trustee of Schwab Investments and signed each of the registration statements identified in paragraph 48. Mr. Dorward is no longer a Trustee.  Except as expressly admitted, defendants deny the allegations of paragraph 35.

36.     Answering paragraph 36, defendants admit that William A. Hasler was a Trustee of Schwab Investments and signed each of the registration statements identified in paragraph 48. Mr. Hasler is no longer a Trustee.  Except as expressly admitted, defendants deny the allegations of paragraph 36.

37.     Answering paragraph 37, defendants admit the allegations of paragraph 37.

38.     Answering paragraph 38, defendants admit the allegations of paragraph 38.

39.     Answering paragraph 39, defendants admit the allegations of paragraph 39.

40.     Answering paragraph 40, defendants admit the allegations of paragraph 40.

41.     Answering paragraph 41, defendants admit that Kimon Daifotis held the job titles during the employment term as listed.  Defendants further admit that Daifotis had "overall responsibility for the management of the funds."   Defendants aver that the YieldPlus fund's public disclosures speak for themselves.  Defendants also aver that the allegations in this paragraph constitute legal conclusions and require no response.  Except as expressly admitted, defendants deny the allegations of paragraph 41.

42.     Answering paragraph 42, defendants admit that Matthew Hastings joined Charles Schwab Investment Management in 2004, and was responsible for the YieldPlus fund's day-to-day management.  Except as expressly admitted, defendants deny the allegations of paragraph 42.

43.     Answering paragraph 43, defendants admit that the persons listed in paragraphs 30-42 are referred to as the "Individual Defendants" in the complaint.

44.     Answering paragraph 44, defendants admit the allegations of paragraph 44.

45.     Answering paragraph 45, defendants aver that the phrase "control the Fund" constitutes a legal conclusion to which no response is required.  Except as expressly admitted, defendants deny the allegations of paragraph 45.

46.     Answering Paragraph 46, defendants admit that there were two classes of YieldPlus fund shares:  Investor Shares (ticker SWYPX) and Select Shares (ticker SWYSX).  Defendants also admit that the minimum purchase requirement for the Select Shares was higher than for the Investor Shares and that the expense ratio for the Select Shares was lower than for the Investor Shares.  Except as expressly admitted, defendants deny the allegations of paragraph 46.

47.     Answering paragraph 47, defendants admit that prospectuses for the YieldPlus fund were filed with the SEC.  Defendants aver that the YieldPlus fund's prospectuses regarding the YieldPlus fund's strategy and holdings speak for themselves.  Except as expressly admitted, defendants deny the allegations of paragraph 47.

48.     Answering paragraph 48, defendants admit that the listed YieldPlus fund registration statements were filed with the SEC.  Except as expressly admitted, defendants deny the allegations of paragraph 48.

49.     Answering paragraph 49, defendants admit that the listed YieldPlus fund prospectuses were filed with the SEC, except that the prospectus purportedly dated November 15, 2005, as amended August 17, 2005, was actually amended on August 17, 2006, and filed with the SEC on that date.  Except as expressly admitted, defendants deny the allegations of paragraph 49.

50.     Answering paragraph 50, defendants admit that the listed YieldPlus fund statements of additional information and the listed YieldPlus fund annual and semiannual reports were filed with the SEC.  Defendants aver that these documents speak for themselves.  Except as expressly admitted, defendants deny the allegations of paragraph 50.

51.     Answering paragraph 51, defendants deny the allegations.

52.     Answering paragraph 52, defendants admit that registration statements and prospectuses for the YieldPlus fund were filed with the SEC.  Defendants aver that the YieldPlus fund's registration statements and prospectuses speak for themselves.  Except as expressly admitted, defendants deny the allegations of paragraph 52.

53.     Answering paragraph 53, defendants deny the allegations.

54.     Answering paragraph 54, defendants admit that a November 14, 2005, YieldPlus fund prospectus was filed with the SEC.  Defendants aver that the YieldPlus fund prospectus speaks for itself.  Except as expressly admitted, defendants deny the allegations of paragraph 54.

55.     Answering paragraph 55, defendants deny the allegations.

56.     Answering paragraph 56, defendants admit that a November 15, 2005, YieldPlus fund prospectus, as amended August 17, 2006, was filed with the SEC.  Defendants aver that the YieldPlus fund's prospectus speaks for itself.  Except as expressly admitted, defendants deny the allegations of paragraph 56.

57.     Answering paragraph 57, defendants deny the allegations.

58.     Answering paragraph 58, defendants admit that a November 15, 2006, YieldPlus fund prospectus was filed with the SEC.  Defendants aver that the YieldPlus fund's prospectus speaks for itself.  Except as expressly admitted, defendants deny the allegations of paragraph 58.

59.     Answering paragraph 59, defendants deny the allegations.

1      60.    Answering paragraph 60, defendants admit that a November 15, 2006, prospectus,

2  as amended July 13, 2007, was filed with the SEC.  Defendants aver that the YieldPlus fund's

3  prospectus speaks for itself.  Except as expressly admitted, defendants deny the allegations of

4  paragraph 60.

5      61.    Answering paragraph 61, defendants deny the allegations.

6      62.    Answering paragraph 62, defendants admit that a November 15, 2007, YieldPlus

7  fund prospectus was filed with the SEC.  Defendants aver that the YieldPlus fund's prospectus

8  speaks for itself.  Except as expressly admitted, defendants deny the allegations of paragraph 62.

9      63.    Answering paragraph 63, defendants deny the allegations.

10      64.    Answering paragraph 64, defendants admit that a November 15, 2007, prospectus,

11  as amended June 13, 2008, was filed with the SEC.  Defendants aver that the YieldPlus fund's

12  prospectus speaks for itself.  Except as expressly admitted, defendants deny the allegations of

13  paragraph 64.

14      65.    Answering paragraph 65, defendants deny the allegations.

15      66.    Answering paragraph 66, defendants admit that the listed statements of additional

16  information for the YieldPlus fund were filed with the SEC.  Defendants aver that the YieldPlus

17  fund's statements of additional information speak for themselves.  Except as expressly admitted,

18  defendants deny the allegations of paragraph 66.

19      67.    Answering paragraph 67, defendants deny the allegations.

20      68.    Answering paragraph 68, defendants admit that reports for the YieldPlus fund

21  were filed with the SEC.  Defendants aver that the YieldPlus fund's reports speak for themselves.

22  Except as expressly admitted, defendants deny the allegations of paragraph 68.

23      69.    Answer paragraph 69, defendants admit that statements of additional information

24  for the YieldPlus fund were filed with the SEC.  Defendants aver that the YieldPlus fund's

25  statements of additional information speak for themselves.  Except as expressly admitted,

26  defendants deny the allegations of paragraph 69.

27      70.    Answer paragraph 70, defendants admit that statements of additional information

28  for the YieldPlus fund were filed with the SEC.  Defendants aver that the YieldPlus fund's

1    statements of additional information speak for themselves.  Except as expressly admitted,

2    defendants deny the allegations of paragraph 70.

3          71.    Answering paragraph 71, defendants aver that the allegations in this paragraph

4    constitute legal conclusions and require no response.  To the extent that a response is required,

5    defendants admit that Schwab produced brochures, letters, advertisements, and has a website.

6    Except as expressly admitted, defendants deny the allegations of paragraph 71.

7          72.    Answering paragraph 72, defendants admit that schwab.com contained material

8    regarding the YieldPlus fund and that these materials speak for themselves.  Except as expressly

9    admitted, defendants deny the allegations in paragraph 72.

10          73.    Answering paragraph 73, defendants admit that Mr. Hastings had a Bloomberg

11    interview in May 2007, and that he made the quoted statement.  Except as expressly admitted,

12    defendants deny the allegations of paragraph 73.

13          74.    Answering paragraph 74, defendants deny the allegations.

14          75.    Answering paragraph 75, defendants deny the allegations.

15          76.    Answering paragraph 76, defendants deny the allegations.

16          77.    Answering paragraph 77, defendants deny the allegations.

17          78.    Answering paragraph 78, defendants are without knowledge or information

18    sufficient to form a belief as to whether paragraph 78 accurately quotes the purported investor

19    communications.  Except as expressly admitted, defendants deny the allegations of paragraph 78.

20          79.    Answering paragraph 79, defendants are without knowledge or information

21    sufficient to form a belief as to whether paragraph 79 accurately quotes the purported investor

22    communications.  Except as expressly admitted, defendants deny the allegations of paragraph 79.

23          80.    Answering paragraph 80, defendants deny the allegations.

24              (a)    Answering paragraph 80(a), defendants deny the allegations.

25              (b)    Answering paragraph 80(b), defendants aver that the YieldPlus fund's

26    public disclosures speak for themselves.  Except as expressly admitted, defendants deny the

27    allegations.

28

ANSWER TO SECOND CONSOLIDATED AMENDED COMPLAINT                                    8
MASTER FILE NO. C-08-01510-WHA
sf-2761443

1         (c)     Answering paragraph 80(c), defendants aver that the "stated maturity"

2 column of the listed securities as of May 31, 2008, reflects the information in the Form N-Q of

3 that date filed with SEC.  Except as expressly admitted, defendants deny the allegations of

4 paragraph 80(c).

5         (d)     Answering paragraph 80(d), defendants admit that 46.50% of the YieldPlus

6 fund's assets were invested in mortgage-backed securities as of May 31, 2007, as disclosed in the

7 Form N-Q of that date filed with the SEC; admit that 28.9% of the YieldPlus fund's assets were

8 held in mortgage-backed securities as of August 31, 2006, as disclosed in the Annual Report of

9 that date; and admit that 11.1% of the YieldPlus fund's assets were invested in mortgage-backed

10 securities as of August 31, 2004, as disclosed in the Annual Report of that date.  Except as

11 expressly admitted, defendants deny the allegations of paragraph 80(d).

12        (e)     Answering paragraph 80(e), defendants aver that the YieldPlus fund's

13 public disclosures speak for themselves.  Except as expressly admitted, defendants deny the

14 allegations.

15        (f)     Answering paragraph 80(f), defendants deny the allegations.

16        (g)     Answering paragraph 80(g), defendants incorporate by reference their

17 answer to paragraph 122 of the complaint.  Except as expressly admitted, defendants deny the

18 allegations of paragraph 80(g).

19        (h)     Answering paragraph 80(h), defendants deny the allegations.

20    81.     Answering paragraph 81, defendants deny the allegations.

21    82.     Answering paragraph 82, defendants aver that the "DailyInfoForInternalUse"

22 sheets speak for themselves.  Except as expressly admitted, defendants deny the allegations of

23 paragraph 82.

24    83.     Answering paragraph 83, defendants aver that the tolerance reports speak for

25 themselves.  Except as expressly admitted, defendants deny the allegations of paragraph 83.

26    84.     Answering paragraph 84, defendants aver that "DailyOversight" and "DailyRate"

27 sheets speak for themselves.  Except as expressly admitted, defendants deny the allegations of

28 paragraph 84.

1    85.    Answering paragraph 85, defendants aver that the daily tolerance sheets speak for

2    themselves.  Except as expressly admitted, defendants deny the allegations of paragraph 85.

3    86.    Answering paragraph 86, defendants deny the allegations.

4    87.    Answering paragraph 87, defendants admit that reports for the YieldPlus fund

5    were filed with the SEC.  Defendants aver that the YieldPlus fund's reports speak for themselves.

6    Except as expressly admitted, defendants deny the allegations of paragraph 87.

7    88.    Answering paragraph 88, defendants deny the allegations.

8    89.    Answering paragraph 89, defendants deny the allegations.

9    90.    Answering paragraph 90, defendants aver that the YieldPlus fund's prospectuses

10    speak for themselves.  Except as expressly admitted, defendants deny the allegations.

11    91.    Answering paragraph 91, defendants deny the allegations.

12    92.    Answering paragraph 92, defendants aver that the YieldPlus fund's SAIs speak for

13    themselves.  Except as expressly admitted, defendants deny the allegations.

14    93.    Answering paragraph 93, defendants admit that marketable Treasuries are

15    generally considered to be liquid.  Except as expressly admitted, defendants deny the allegations

16    of paragraph 93.

17    94.    Answering paragraph 94, defendants are without knowledge or information

18    sufficient to form a belief as to the truth of the allegations concerning plaintiffs' expert's analysis

19    of liquidity spread.  Except as expressly admitted, defendants deny the allegations of paragraph

20    94.

21    95.    Answering paragraph 95, defendants are without knowledge or information

22    sufficient to form a belief as to the truth of these allegations, which appear to be based on

23    plaintiffs' expert's analysis.  Except as expressly admitted, defendants deny the allegations of

24    paragraph 95.

25    96.    Answering paragraph 96, defendants are without knowledge or information

26    sufficient to form a belief as to the truth of these allegations, which appear to be based on

27    plaintiffs' expert's analysis.  Except as expressly admitted, defendants deny the allegations of

28    paragraph 96.

1    97.    Answering paragraph 97, defendants deny the allegations.

2    98.    Answering paragraph 98, defendants aver that the allegations in this paragraph

3   constitute legal conclusions and require no response.  To the extent that a response is required,

4   defendants deny the allegations of paragraph 98.

5    99.    Answering paragraph 99, defendants aver that the allegations in this paragraph

6   relate to claims that the Court dismissed in its February 4, 2009, order and thus cannot form the

7   basis of liability and require no answer.

8    100.    Answering paragraph 100, defendants aver that the allegations in this paragraph

9   relate to claims that the Court dismissed in its February 4, 2009, order and thus cannot form the

10   basis of liability and require no answer.

11    101.    Answering paragraph 101, defendants aver that the allegations in this paragraph

12   relate to claims that the Court dismissed in its February 4, 2009, order and thus cannot form the

13   basis of liability and require no answer.

14    102.    Answering paragraph 102, defendants aver that the YieldPlus fund's registration

15   statements speak for themselves.  Except as expressly admitted, defendants deny the allegations

16   of paragraph 102.

17    103.    Answering paragraph 103, defendants aver that the YieldPlus fund's year-end

18   financial statements speak for themselves.  Except as expressly admitted, defendants deny the

19   allegations of paragraph 103.

20    104.    Answering paragraph 104, defendants aver that the allegations in this paragraph

21   constitute legal conclusions and require no response.  To the extent a response is required,

22   defendants aver that the YieldPlus fund's historical shares prices speak for themselves.  Except as

23   expressly admitted, defendants deny the allegations of paragraph 104.

24    105.    Answering paragraph 105, defendants admit that Schwab made an announcement

25   about the YieldPlus fund on March 22, 2007.  Defendants aver that the announcement speaks for

26   itself.  Except as expressly admitted, defendants deny the allegations of paragraph 105.

27

28

106.    Answering paragraph 106, defendants aver that the YieldPlus fund's historical asset data speaks for itself.  Except as expressly admitted, defendants deny the allegations of paragraph 106.

107.    Answering paragraph 107, defendants aver that the allegations in this paragraph constitute legal conclusions and require no response.  To the extent a response is required, defendants deny the allegations of paragraph 107.

108.    Answering paragraph 108, defendants aver that the allegations in this paragraph constitute legal conclusions and require no response.  To the extent a response is required, defendants deny the allegations of paragraph 108.

109.    Answering paragraph 109, defendants admit that Schwab issued a report to shareholders in April 2007.  Defendants aver that this report speaks for itself.  Except as expressly admitted, defendants deny the allegations of paragraph 109.

110.    Answering paragraph 110, defendants admit that Schwab issued a report to shareholders in June 2007.  Defendants aver that this report speaks for itself.  Except as expressly admitted, defendants deny the allegations of paragraph 110.

111.    Answering paragraph 111, defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 111.

112.    Answering paragraph 112, defendants admit that the New York Times published an article discussing Countrywide, with the quoted language, on July 25, 2007.  Defendants aver that this article speaks for itself.  Except as expressly admitted, defendants deny the allegations of paragraph 112.

113.    Answering paragraph 113, defendants aver that the YieldPlus fund's historical share prices speak for themselves.  Except as expressly admitted, defendants deny the allegations of paragraph 113.

114.    Answering paragraph 114, defendants aver that the YieldPlus fund's historical share prices speak for themselves.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations concerning the performance of other mutual funds.  Except as expressly admitted, defendants deny the allegations of paragraph 114.

1      115.    Answering paragraph 115, defendants admit that Schwab posted a letter to its

2  website on March 20, 2008.  Defendants aver that this letter speaks for itself.  Except as expressly

3  admitted, defendants deny the allegations of paragraph 115.

4      116.    Answering paragraph 116, defendants aver that the YieldPlus fund's historical

5  share prices speak for themselves.  Defendants are without knowledge or information sufficient to

6  form a belief as to the truth of the allegations concerning the performance of other mutual funds.

7  Except as expressly admitted, defendants deny the allegations of paragraph 116.

8      117.    Answering paragraph 117, defendants admit that Schwab sent an e-mail to

9  shareholders in November 2007.  Defendants aver that the e-mail speaks for itself.  Except as

10  expressly admitted, defendants deny the allegations of paragraph 117.

11      118.    Answering paragraph 118, defendants admit that Schwab sent a letter to investors

12  on March 10, 2008.  Defendants aver that this letter speaks for itself.  Except as expressly

13  admitted, defendants deny the allegations of paragraph 118.

14      119.    Answering paragraph 119, defendants admit that Schwab released a statement on

15  March 20, 2008.  Defendants aver that the document speaks for itself.  Except as expressly

16  admitted, defendants deny the allegations of paragraph 119.

17      120.    Answering paragraph 120, defendants aver that the YieldPlus fund's historical

18  share prices speak for themselves.  Defendants are without knowledge or information sufficient to

19  form a belief as to the truth of the allegations concerning the performance of other mutual funds.

20  Except as expressly admitted, defendants deny the allegations of paragraph 120.

21      121.    Answering paragraph 121, defendants are without knowledge or information

22  sufficient to form a belief as to the truth of the allegations concerning the performance of other

23  mutual funds.  Except as expressly admitted, defendants deny the allegations of paragraph 121.

24      122.    Answering paragraph 122, defendants are without knowledge or information

25  sufficient to form a belief as to the truth of the allegations concerning the performance of other

26  mutual funds.  Except as expressly admitted, defendants deny the allegations of paragraph 122.

27      123.    Answering paragraph 123, defendants admit that Schwab issued communications

28  to shareholders on March 10, March 20, and April 1, 2008.  Defendants aver that these documents

speak for themselves.  Except as expressly admitted, defendants deny the allegations of paragraph 123.

124.    Answering paragraph 124, defendants admit that plaintiffs bring this lawsuit as a class action.  Defendants aver that on August 21, 2009, the Court entered an order certifying federal securities law classes for claims brought under the Securities Act of 1933 and a California class for a claim under California Business and Professions Code section 17200.  Except as expressly admitted, defendants deny the allegations in paragraph 124.

125.    Answering paragraph 125, defendants aver that on August 21, 2009, the Court entered an order excluding certain individuals from the class.  Except as expressly admitted, defendants deny the allegations in paragraph 125.

126.    Answering paragraph 126, defendants aver that the allegations in this paragraph constitute a legal conclusion and require no response.  Defendants further aver that they are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 126.  Except as expressly admitted, defendants deny the allegations of paragraph 126.

127.    Answering paragraph 127, defendants aver that the allegations in this paragraph constitute a legal conclusion and require no response.  Except as expressly admitted, defendants deny the allegations of paragraph 127.

128.    Answering paragraph 128, defendants are without knowledge or information sufficient to form a belief as to the truth of these allegations.

129.    Answering paragraph 129, defendants aver that the allegations in this paragraph constitute a legal conclusion and require no response.  To the extent a response is required, defendants deny the allegations of paragraph 129.

130.    Answering paragraph 130, defendants aver that the allegations in this paragraph constitute a legal conclusion and require no response.  To the extent a response is required, defendants deny the allegations of paragraph 130.

131.    Answering paragraph 131, defendants incorporate by reference their responses to paragraphs 1-130 of the complaint as if fully set forth herein.  Defendants admit that plaintiffs

1   purport to bring this action pursuant to section 11 of the 1933 Act, 15 U.S.C. § 77k.  Except as

2   expressly admitted, defendants deny the allegations of paragraph 131.

3        132.   Answering paragraph 132, defendants aver that the allegations in this paragraph

4   constitute legal conclusions and require no response.  To the extent a response is required,

5   defendants deny the allegations of paragraph 132.

6        133.   Answering paragraph 133, defendants deny the allegation to the extent it

7   constitutes a legal conclusion, to which no response is required.  To the extent a response is

8   required, defendants Charles R. Schwab, Evelyn Dilsaver, Randall W. Merk, George Pereira,

9   Mariann Byerwalter, Donald F. Dorward, William A. Hasler, Robert G. Holmes, Gerald B.

10  Smith, Donald R. Stephens, and Michael W. Wilsey admit that each signed the YieldPlus fund's

11  registration statement.  Defendant Schwab Investments admits that it is the issuer of the YieldPlus

12  fund's shares.  Except as expressly admitted, defendants deny the allegations of paragraph 133.

13       134.   Answering paragraph 134, defendants aver that the allegation in this paragraph

14  constitutes a legal conclusion and requires no response.  To the extent a response is required,

15  defendants deny the allegation of paragraph 134.

16       135.   Answering paragraph 135, defendants aver that the allegation in this paragraph

17  constitutes a legal conclusion and requires no response.  To the extent a response is required,

18  defendants deny the allegation of paragraph 135.

19       136.   Answering paragraph 136, defendants aver that the allegation in this paragraph

20  constitutes a legal conclusion and requires no response.  To the extent a response is required,

21  defendants deny the allegation of paragraph 136.

22       137.   Answering paragraph 137, defendants aver that the YieldPlus fund's historical

23  share prices speak for themselves.  Except as expressly admitted, defendants deny the allegations

24  of paragraph 137.

25       138.   Answering paragraph 138, defendants aver that the allegations in this paragraph

26  constitute legal conclusions and require no response.  To the extent a response is required,

27  defendants deny the allegations of paragraph 138.

28

139. Answering paragraph 139, defendants incorporate by reference their responses to paragraphs 1-138 of the complaint as if fully set forth herein. Except as expressly admitted, defendants deny the allegations of paragraph 139.

140. Defendants admit that plaintiffs purport to bring this action pursuant to section 12 of the 1933 Act, 15 U.S.C. § 77*l*, against the listed defendants. Except as expressly admitted, defendants deny the allegations of paragraph 140.

141. Answering paragraph 141, defendants aver that the allegations in this paragraph constitute a legal conclusion and require no response. To the extent a response is required, defendants deny the allegations of paragraph 141.

142. Answering paragraph 142, defendants aver that the allegations in this paragraph constitute a legal conclusion and require no response. To the extent a response is required, defendants deny the allegations of paragraph 142.

143. Answering paragraph 143, defendants are without knowledge or information sufficient to form a belief as to the truth of these allegations.

144. Answering paragraph 144, defendants aver that the allegations in this paragraph constitute a legal conclusion and require no response. To the extent a response is required, defendants deny the allegations of paragraph 144.

145. Answering paragraph 145, defendants admit that plaintiffs purport to tender their YieldPlus fund shares.

146. Answering paragraph 146, defendants aver that the allegations in this paragraph constitute a legal conclusion and require no response. To the extent a response is required, defendants deny the allegations of paragraph 146.

147. Answering paragraph 147, defendants incorporate by reference their responses to paragraphs 1-146 of the complaint as if fully set forth herein. Except as expressly admitted, defendants deny the allegations of paragraph 147.

148. Defendants admit that plaintiffs purport to bring this action pursuant to section 15 of the 1933 Act, 15 U.S.C. § 77*o*, against the asserted defendants. Except as expressly admitted, defendants deny the allegations of paragraph 148.

149.     Answering paragraph 149, defendants aver that the allegations in this paragraph constitute a legal conclusion and require no response.  To the extent a response is required, defendants deny the allegations of paragraph 149.

150.     Answering paragraph 150, defendants aver that the allegation in this paragraph constitutes a legal conclusion and requires no response.  To the extent a response is required, defendants deny the allegation of paragraph 150.

151.     Answering paragraph 151, defendants incorporate by reference their responses to paragraphs 6-10, 18-51, and 124-130 of the complaint as if fully set forth herein.  Except as expressly admitted, defendants deny the allegations of paragraph 151.

152.     Defendants admit that plaintiffs purport to bring this action pursuant to California Business and Professions Code section 17200 against the asserted defendants.  Except as expressly admitted, defendants deny the allegations of paragraph 152.

153.     Answering paragraph 153, defendants aver that the allegations in this paragraph constitute a legal conclusion and require no response.  To the extent a response is required, defendants deny the allegations of paragraph 153.

154.     Answering paragraph 154, defendants aver that the allegations in this paragraph constitute a legal conclusion and require no response.  To the extent a response is required, defendants deny the allegations of paragraph 154.

155.     Answering paragraph 155, defendants aver that the YieldPlus fund's statements of additional information speak for themselves.  Defendants additionally aver that the allegations in this paragraph constitute a legal conclusion and require no response.  Except as expressly admitted, defendants deny the allegations of paragraph 155.

156.     Answering paragraph 156, defendants aver that the YieldPlus fund's statements of additional information speak for themselves.  Except as expressly admitted, defendants deny the allegations of paragraph 156.

157.     Answering paragraph 157, defendants aver that the YieldPlus fund's statements of additional information speak for themselves.  Except as expressly admitted, defendants deny the allegations of paragraph 157.

1    158.    Answering paragraph 158, defendants aver that the allegations in this paragraph

2    constitute a legal conclusion and require no response.  To the extent a response is required,

3    defendants deny the allegations of paragraph 158.

4    159.    Answering paragraph 159, defendants aver that the YieldPlus fund's statements of

5    additional information speak for themselves.  Except as express admitted, defendants deny the

6    allegations of paragraph 159.

7    160.    Answering paragraph 160, defendants aver that the YieldPlus fund's statements of

8    additional information speak for themselves.  Defendants additionally aver that the allegations in

9    this paragraph constitute legal conclusions and require no response.  Except as expressly

10   admitted, defendants deny the allegations of paragraph 160.

11   161.    Answering paragraph 161, defendants aver that the allegations in this paragraph

12   constitute a legal conclusion and require no response.  To the extent a response is required,

13   defendants deny the allegations of paragraph 161.

14   162.    Answering paragraph 162, defendants deny the allegations.

15   163.    Answering paragraph 163, defendants aver that the YieldPlus fund's historical

16   rates of return speak for themselves.  Defendants additionally aver that the allegations constitute

17   legal conclusions and require no response.  Defendants are without knowledge or information

18   sufficient to form a belief as to the truth of the allegations relating to other mutual funds.  Except

19   as expressly admitted, defendants deny the allegations.

20   164.    Answering paragraph 164, defendants aver that the YieldPlus fund's historical

21   asset data speaks for itself.  Defendants also aver that Morningstar and Lipper reports speak for

22   themselves.  Except as expressly admitted, defendants deny the allegations.

23   165.    Answering paragraph 165, defendants aver that the YieldPlus fund's August 31,

24   2006, annual report speaks for itself.  Defendants additionally aver that the allegations in this

25   paragraph constitute a legal conclusion and require no response.  Except as expressly admitted,

26   defendants deny the allegations of paragraph 165.

27

28

1    166.    Answering paragraph 166, defendants aver that the YieldPlus fund's statements of

2    additional information speak for themselves.  Except as express admitted, defendants deny the

3    allegations of paragraph 166.

4    167.    Answering paragraph 167, defendants aver that the YieldPlus fund's September 1,

5    2006, amended statement of additional information speaks for itself.  Except as expressly

6    admitted, defendants deny the allegations of paragraph 167.

7    168.    Answering paragraph 168, defendants admit that 46.50% of the YieldPlus fund's

8    assets were invested in mortgage-backed securities as of May 31, 2007, as disclosed in the Form

9    N-Q of that date filed with the SEC; admit that 28.9% of the YieldPlus fund's assets were held in

10   mortgage-backed securities as of August 31, 2006, as disclosed in the Annual Report of that date;

11   and admit that 11.1% of the YieldPlus fund's assets were invested in mortgage-backed securities

12   as of August 31, 2004, as disclosed in the Annual Report of that date.  Defendants aver that the

13   YieldPlus fund's portfolio holdings reports speak for themselves.  Except as expressly admitted,

14   defendants deny the allegations.

15   169.    Answering paragraph 169, defendants aver that the allegations in this paragraph

16   constitute a legal conclusion and require no response.  Except as expressly admitted, defendants

17   deny the allegations of paragraph 169.

18   170.    Answering paragraph 170, defendants aver that the allegations in this paragraph

19   constitute a legal conclusion and require no response.  To the extent that a response is required,

20   defendants deny the allegations of paragraph 170.

21   171.    Answering paragraph 171, defendants aver that the allegations in this paragraph

22   constitute a legal conclusion and require no response.  To the extent that a response is required,

23   defendants deny the allegations of paragraph 171.

24   172.    Answering paragraph 172, defendants aver that the allegations in this paragraph

25   constitute a legal conclusion and require no response.  To the extent a response is required,

26   defendants deny the allegations of paragraph 172.

27

28

173.   Answering paragraph 173, defendants aver that the allegations in this paragraph constitute a legal conclusion and require no response.  To the extent a response is required, defendants deny the allegations of paragraph 173.

174.   Answering paragraph 174, Defendants deny any basis of liability to plaintiffs.

175.   Answering paragraph 175, defendants aver that the Court, in its October 22, 2009, order, denied plaintiffs leave to amend to assert the allegations in this paragraph and thus these allegations cannot form the basis of liability and require no answer.

176.   Answering paragraph 176, defendants aver that the Court, in its October 22, 2009, order, denied plaintiffs leave to amend to assert the allegations in this paragraph and thus these allegations cannot form the basis of liability and require no answer.

177.   Answering paragraph 177, defendants aver that the Court, in its October 22, 2009, order, denied plaintiffs leave to amend to assert the allegations in this paragraph and thus these allegations cannot form the basis of liability and require no answer.

178.   Answering paragraph 178, defendants aver that the Court, in its October 22, 2009, order, denied plaintiffs leave to amend to assert the allegations in this paragraph and thus these allegations cannot form the basis of liability and require no answer.

179.   Answering paragraph 179, defendants aver that the Court, in its October 22, 2009, order, denied plaintiffs leave to amend to assert the allegations in this paragraph and thus these allegations cannot form the basis of liability and require no answer.

180.   Answering paragraph 180, defendants aver that the Court, in its May 15, 2009, order, denied plaintiffs leave to amend to assert allegations related to this claim and thus these allegations cannot form the basis of liability and require no answer.

181.   Answering paragraph 181, defendants aver that the Court, in its May 15, 2009, order, denied plaintiffs leave to amend to assert allegations related to this claim and thus these allegations cannot form the basis of liability and require no answer.

182.   Answering paragraph 182, defendants aver that the Court, in its May 15, 2009, order, denied plaintiffs leave to amend to assert allegations related to this claim and thus these allegations cannot form the basis of liability and require no answer.

1    183.   Answering paragraph 183, defendants aver that the Court, in its May 15, 2009,

2    order, denied plaintiffs leave to amend to assert allegations related to this claim and thus these

3    allegations cannot form the basis of liability and require no answer.

4    184.   Answering paragraph 184, defendants aver that the Court, in its May 15, 2009,

5    order, denied plaintiffs leave to amend to assert allegations related to this claim and thus these

6    allegations cannot form the basis of liability and require no answer.

7    185.   Answering paragraph 185, defendants aver that the Court, in its May 15, 2009,

8    order, denied plaintiffs leave to amend to assert allegations related to this claim and thus these

9    allegations cannot form the basis of liability and require no answer.

10    186.   Answering paragraph 186, defendants aver that the Court, in its May 15, 2009,

11    order, denied plaintiffs leave to amend to assert allegations related to this claim and thus these

12    allegations cannot form the basis of liability and require no answer.

13    187.   Answering paragraph 187, defendants aver that the allegations in this paragraph

14    relate to claims that the Court dismissed in its February 4, 2009, order and thus cannot form the

15    basis of liability and require no answer.

16    188.   Answering paragraph 188, defendants aver that the allegations in this paragraph

17    relate to claims that the Court dismissed in its February 4, 2009, order and thus cannot form the

18    basis of liability and require no answer.

19    189.   Answering paragraph 189, defendants aver that the allegations in this paragraph

20    relate to claims that the Court dismissed in its February 4, 2009, order and thus cannot form the

21    basis of liability and require no answer.

22    190.   Answering paragraph 190, defendants aver that the allegations in this paragraph

23    relate to claims that the Court dismissed in its February 4, 2009, order and thus cannot form the

24    basis of liability and require no answer.

25    191.   Answering paragraph 191, defendants aver that the allegations in this paragraph

26    relate to claims that the Court dismissed in its February 4, 2009, order and thus cannot form the

27    basis of liability and require no answer.

28

192. Answering paragraph 192, defendants aver that the allegations in this paragraph relate to claims that the Court refused to certify for class treatment in its August 21, 2009, order and thus cannot form the basis of liability and require no answer.

193. Answering paragraph 193, defendants aver that the allegations in this paragraph relate to claims that the Court refused to certify for class treatment in its August 21, 2009, order and thus cannot form the basis of liability and require no answer.

194. Answering paragraph 194, defendants aver that the allegations in this paragraph relate to claims that the Court refused to certify for class treatment in its August 21, 2009, order and thus cannot form the basis of liability and require no answer.

195. Answering paragraph 195, defendants aver that the allegations in this paragraph relate to claims that the Court refused to certify for class treatment in its August 21, 2009, order and thus cannot form the basis of liability and require no answer.

196. Answering paragraph 196, defendants aver that the allegations in this paragraph relate to claims that the Court refused to certify for class treatment in its August 21, 2009, order and thus cannot form the basis of liability and require no answer.

197. Answering paragraph 197, defendants aver that the allegations in this paragraph relate to claims that the Court refused to certify for class treatment in its August 21, 2009, order and thus cannot form the basis of liability and require no answer.

198. Answering paragraph 198, defendants aver that the Court, in its May 15, 2009, order, denied plaintiffs leave to amend to assert allegations related to this claim and thus these allegations cannot form the basis of liability and require no answer.

199. Answering paragraph 199, defendants aver that the Court, in its May 15, 2009, order, denied plaintiffs leave to amend to assert allegations related to this claim and thus these allegations cannot form the basis of liability and require no answer.

200. Answering paragraph 200, defendants aver that the Court, in its May 15, 2009, order, denied plaintiffs leave to amend to assert allegations related to this claim and thus these allegations cannot form the basis of liability and require no answer.

1        201.   Answering paragraph 201, defendants aver that the Court, in its May 15, 2009,

2   order, denied plaintiffs leave to amend to assert allegations related to this claim and thus these

3   allegations cannot form the basis of liability and require no answer.

4        202.   Answering paragraph 202, defendants aver that the Court, in its May 15, 2009,

5   order, denied plaintiffs leave to amend to assert allegations related to this claim and thus these

6   allegations cannot form the basis of liability and require no answer.

7        203.   Answering paragraph 203, defendants aver that the Court, in its May 15, 2009,

8   order, denied plaintiffs leave to amend to assert allegations related to this claim and thus these

9   allegations cannot form the basis of liability and require no answer.

10        204.   Answering paragraph 204, defendants aver that the Court, in its May 15, 2009,

11   order, denied plaintiffs leave to amend to assert allegations related to this claim and thus these

12   allegations cannot form the basis of liability and require no answer.

13        205.   Answering paragraph 205, defendants aver that the allegations in this paragraph

14   relate to claims that the Court dismissed in its February 4, 2009, order and thus cannot form the

15   basis of liability and require no answer.

16        206.   Answering paragraph 206, defendants aver that the allegations in this paragraph

17   relate to claims that the Court dismissed in its February 4, 2009, order and thus cannot form the

18   basis of liability and require no answer.

19        207.   Answering paragraph 207, defendants aver that the allegations in this paragraph

20   relate to claims that the Court dismissed in its February 4, 2009, order and thus cannot form the

21   basis of liability and require no answer.

22        208.   Answering paragraph 208, defendants aver that the allegations in this paragraph

23   relate to claims that the Court dismissed in its February 4, 2009, order and thus cannot form the

24   basis of liability and require no answer.

25        209.   Answering paragraph 209, defendants aver that the allegations in this paragraph

26   relate to claims that the Court dismissed in its February 4, 2009, order and thus cannot form the

27   basis of liability and require no answer.

28

210.     Answering paragraph 210, defendants aver that the allegations in this paragraph relate to claims that the Court dismissed in its February 4, 2009, order and thus cannot form the basis of liability and require no answer.

211.     Answering paragraph 211, defendants aver that the allegations in this paragraph relate to claims that the Court dismissed in its February 4, 2009, order and thus cannot form the basis of liability and require no answer.

212.     Answering paragraph 212, defendants aver that the allegations in this paragraph relate to claims that the Court dismissed in its February 4, 2009, order and thus cannot form the basis of liability and require no answer.

213.     Answering paragraph 213, defendants aver that the allegations in this paragraph relate to claims that the Court dismissed in its February 4, 2009, order and thus cannot form the basis of liability and require no answer.

214.     Answering paragraph 214, defendants aver that the allegations in this paragraph relate to claims that the Court dismissed in its February 4, 2009, order and thus cannot form the basis of liability and require no answer.

215.     Answering paragraph 215, defendants aver that the allegations in this paragraph relate to claims that the Court dismissed in its February 4, 2009, order and thus cannot form the basis of liability and require no answer.

216.     Answering paragraph 216, defendants aver that the allegations in this paragraph relate to claims that the Court dismissed in its February 4, 2009, order and thus cannot form the basis of liability and require no answer.

217.     Answering paragraph 217, defendants aver that the allegations in this paragraph relate to claims that the Court dismissed in its February 4, 2009, order and thus cannot form the basis of liability and require no answer.

218.     Answering paragraph 218, defendants aver that the allegations in this paragraph relate to claims that the Court dismissed in its February 4, 2009, order and thus cannot form the basis of liability and require no answer.

1

**AFFIRMATIVE DEFENSES**

2    Without admitting or acknowledging that defendants bear any burden of proof as to any of

3    them, the defendants assert the following affirmative defenses:

4

**FIRST AFFIRMATIVE DEFENSE**

5

**(Count I – § 11, Non-Expertised Portions of the Registration Statements)**

6    1.    Defendants are not liable for any damages suffered by plaintiffs, because

7    defendants, with regard to any part of the registration statements challenged in the complaint that

8    do not purport to be made on the authority of an expert, had, after reasonable investigation,

9    reasonable grounds to believe and did believe, at the time the registration statements became

10   effective, that the statements contained in the registration statements were true and that there was

11   no omission of any material fact required to be stated in the registration statements or necessary to

12   make the statements contained in the registration statements not misleading.

13

**SECOND AFFIRMATIVE DEFENSE**

14

**(Count I – § 11, Expertised Portions of the Registration Statements)**

15   2.    Defendants are not liable for any damages suffered by plaintiffs, because

16   defendants, with regard to any part of the registration statements challenged in the complaint that

17   purports to have been made on the authority of an expert, or to be a copy of or an extract from a

18   report, valuation, or work product of an expert, had no reasonable grounds to believe and did not

19   believe, at the time the registration statements became effective, that the statements contained

20   therein were untrue or that there was an omission of any material fact required to be stated in the

21   registration statements necessary to make the statements contained in the registration statements

22   not misleading, or that any such part of the registration statements did not fairly represent the

23   statement of the expert, or was not a fair copy of or an extract from the report, valuation, or work

24   product of the expert.

25

**THIRD AFFIRMATIVE DEFENSE**

26

**(Count I – § 11; Plaintiffs' Knowledge)**

27   3.    Some or all of the plaintiffs had knowledge of the facts alleged in the complaint

28   upon which defendants' liability purportedly rests.

ANSWER TO SECOND CONSOLIDATED AMENDED COMPLAINT
MASTER FILE NO. C-08-01510-WHA
sf-2761443

25

1

**FOURTH AFFIRMATIVE DEFENSE**

2

**(Count II – § 12; Reasonable Care)**

3

       4.      Even if the misrepresentations and omissions alleged in the complaint were made,

4

which the defendants deny, the defendants did not know, and in the exercise of reasonable care

5

could not have known, of any such misrepresentations or omissions.

6

**FIFTH AFFIRMATIVE DEFENSE**

7

**(Count II – § 12; Setoff)**

8

       5.      Some or all of the plaintiffs have received a greater amount in dividends and total

9

returns than any recovery they would receive should they prevail in this lawsuit.

10

**SIXTH AFFIRMATIVE DEFENSE**

11

**(Counts I & II – §§ 11 & 12; Causation)**

12

       6.      Some or all of plaintiffs' alleged damages did not result from the portions of the

13

registration statements and prospectuses alleged to be untrue or misleading.

14

**SEVENTH AFFIRMATIVE DEFENSE**

15

**(Count III – § 15; Control Person Liability)**

16

       7.      Defendants had no knowledge of or reasonable ground to believe in the existence

17

of the facts by reason of which the liability of the alleged controlled persons is said to exist.

18

**EIGHTH AFFIRMATIVE DEFENSE**

19

**(Counts I, II, & III – §§ 11, 12, 15; Statute of Limitations)**

20

       8.      Plaintiffs' claims are barred in whole, or in part, by the requisite statute of

21

limitations and/or statute of repose.

22

**NINTH AFFIRMATIVE DEFENSE**

23

**(Count IV– § 17200; Safe Harbor)**

24

       9.      Defendants are not liable for violations of claims arising under California Business

25

and Professions Code section 17200 because the defendants' actions were permitted by Congress

26

and federal regulatory agencies.

27

28

ANSWER TO SECOND CONSOLIDATED AMENDED COMPLAINT
MASTER FILE NO. C-08-01510-WHA
sf-2761443

26

1

**TENTH AFFIRMATIVE DEFENSE**

2

**(Count IV – § 17200; Exculpatory Provision)**

3          10.     Plaintiffs' claims are barred in whole, or in part, by the exculpatory provisions in

4     Schwab Investment's Agreement and Declaration of Trust.

5

**ELEVENTH AFFIRMATIVE DEFENSE**

6

**(Count IV – § 17200; Federal Preemption)**

7          11.     Plaintiffs' claims are barred by the doctrine of preemption because the challenged

8     conduct is regulated by a detailed and comprehensive enforcement scheme established under

9     federal law.  Plaintiffs' claims are also preempted under the Securities Litigation Uniform

10    Standards Act.

11

**TWELFTH AFFIRMATIVE DEFENSE**

12

**(All Counts; Contractual Indemnity)**

13         12.     Plaintiffs' claims are barred in whole or in part by contractual indemnity

14    provisions.

15

**THIRTEENTH AFFIRMATIVE DEFENSE**

16

**(All Counts; Standing)**

17         13.     Plaintiffs lack standing to bring some or all of the claims asserted in the complaint.

18

**FOURTEENTH AFFIRMATIVE DEFENSE**

19

**(All Counts; Failure to Mitigate)**

20         14.     Plaintiffs have failed to mitigate any damages they may have suffered.

21

**FIFTEENTH AFFIRMATIVE DEFENSE**

22

**(All Counts; Res Judicata/Collateral Estoppel)**

23         15.     Plaintiffs' claims are barred in whole or in part by the doctrines of res judicata

24    and/or collateral estoppel.

25    ///

26    ///

27    ///

28

1

<u>PRAYER</u>

2      WHEREFORE, the defendants pray for judgment as follows:

3      1.      That plaintiffs take nothing from the defendants by their complaint;

4      2.      For costs, expert witness fees and court hearing fees;

5      3.      For attorneys' fees;

6      4.      For judgment in favor of the defendants; and

7      5.      For such other and further relief as the Court deems just and proper.

8

9   Dated:  November 12, 2009                  DARRYL P. RAINS
                                              DOROTHY L. FERNANDEZ
10                                             KIMBERLY L. TAYLOR
                                              MORRISON & FOERSTER LLP
11
                                              By:  /s/ Darryl P. Rains
12                                                      Darryl P. Rains

13                                             Attorneys for Defendants The Charles
                                              Schwab Corporation, Charles Schwab &
14                                             Co., Inc., Charles Schwab Investment
                                              Management, Inc., Schwab Investments,
15                                             Charles R. Schwab, Evelyn Dilsaver,
                                              Randall W. Merk, George Pereira,
16                                             Matthew Hastings, Mariann Byerwalter,
                                              Donald F. Dorward, William A. Hasler,
17                                             Robert G. Holmes, Gerald B. Smith,
                                              Donald R. Stephens, and Michael W.
18                                             Wilsey

19

20

21

22

23

24

25

26

27

28