DAVID B. BAYLESS (SBN 189235)
Email: dbayless@cov.com
TAMMY ALBARRÁN (SBN 215605)
Email: talbarran@cov.com
AILEEN WHEELER (SBN 203705)
Email: awheeler@cov.com
PAUL WATKINS (SBN 244974)
Email: pwatkins@cov.com
COVINGTON & BURLING LLP
One Front Street
San Francisco, CA 94111
Telephone:    415-591-6000
Facsimile:     415-591-6091

Attorneys for Defendant Kimon P. Daifotis

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE SCHWAB CORP. SECURITIES LITIGATION | Civil Case No.: 08-CV-01510 WHA<br><br>**DEFENDANT KIMON P. DAIFOTIS' ANSWER TO PLAINTIFFS' SECOND CONSOLIDATED AMENDED COMPLAINT**<br><br>Judge:          Hon. William H. Alsup<br>Courtroom:   9, 19th Floor |

## ANSWER

Defendant Kimon P. Daifotis ("Mr. Daifotis"), by and through his undersigned counsel, answers the Second Consolidated Amended Complaint ("Complaint") as follows:

Answering the introductory paragraph, Mr. Daifotis is without knowledge or information sufficient to form a belief as to the truth regarding the basis of plaintiffs' personal knowledge and information and belief, and deny all the allegations in that paragraph on this basis.

1.      Answering paragraph 1, Mr. Daifotis admits that plaintiffs purport to bring this action on behalf of persons who bought shares in the Schwab YieldPlus Fund (the "Fund").  Mr. Daifotis further admits that the Fund sold the two classes of shares identified in that paragraph.  Except as expressly admitted, Mr. Daifotis denies the allegations in paragraph 1.

2.      Answering paragraph 2, Mr. Daifotis admits that plaintiffs purport to assert the federal and state violations described in that paragraph.  Except as expressly admitted, Mr. Daifotis denies the allegations contained in paragraph 2.

3.      Answering paragraph 3, Mr. Daifotis denies the characterization of the content of the Registration Statement, Prospectus, notes, circulars, and other written communications contained in the first sentence of paragraph 3.  Mr. Daifotis denies the allegation contained in the first sentence of paragraph 3 that "notes, circulars, and other written communications" are "prospectus materials."  To the extent paragraph 3 purports to quote from the Registration Statement, Prospectus, notes, circulars, or other written communications, those documents speak for themselves and Mr. Daifotis denies the allegations regarding their content to the extent the allegations are inconsistent with the documents.  Except as expressly admitted, Mr. Daifotis denies the allegations in paragraph 3.

4.      Answering paragraph 4, Mr. Daifotis denies the allegations in that paragraph.

5.      Answering paragraph 5, Mr. Daifotis denies the allegations in that paragraph, including all subparagraphs.

Answering the header entitled "B." and subheader entitled "1." between paragraphs 5 and 6, Mr. Daifotis avers that the allegations contained in that header and subheader relate to claims the Court dismissed against him in its August 21, 2009 Order re: motion for Class Certification and thus cannot form the basis of liability. Accordingly, Mr. Daifotis is not required to answer the allegations contained in that header and subheader.

6. Answering paragraph 6, Mr. Daifotis avers that the allegations contained in that paragraph relate to claims the Court dismissed against him in its August 21, 2009 Order re: motion for Class Certification and thus cannot form the basis of liability. Accordingly, Mr. Daifotis is not required to answer the allegations contained in that paragraph.

7. Answering paragraph 7, Mr. Daifotis avers that the allegations contained in that paragraph relate to claims the Court dismissed against him in its August 21, 2009 Order re: motion for Class Certification and thus cannot form the basis of liability. Accordingly, Mr. Daifotis is not required to answer the allegations contained in that paragraph.

8. Answering paragraph 8, Mr. Daifotis avers that the allegations contained in that paragraph relate to claims the Court dismissed against him in its August 21, 2009 Order re: motion for Class Certification and thus cannot form the basis of liability. Accordingly, Mr. Daifotis is not required to answer the allegations contained in that paragraph.

9. Answering paragraph 9, Mr. Daifotis avers that the allegations contained in that paragraph relate to claims the Court dismissed against him in its August 21, 2009 Order re: motion for Class Certification and thus cannot form the basis of liability. Accordingly, Mr. Daifotis is not required to answer the allegations contained in that paragraph.

10. Answering paragraph 10, Mr. Daifotis avers that the allegations contained in that paragraph relate to claims the Court dismissed against him in its August 21, 2009 Order re: motion for Class Certification and thus cannot form the basis of liability. Accordingly, Mr. Daifotis is not required to answer the allegations contained in that paragraph.

Answering the subheader entitled "2." between paragraphs 10 and 11, Mr. Daifotis avers that the allegations contained in that subheader relate to claims the Court dismissed in its

February 4, 2009 Order and thus cannot form the basis of liability.  Accordingly, Mr. Daifotis is not required to answer the allegations contained in that subheader.

11.    Answering paragraph 11, Mr. Daifotis avers that the allegations contained in that paragraph relate to claims the Court dismissed in its February 4, 2009 Order and thus cannot form the basis of liability.  Accordingly, Mr. Daifotis is not required to answer the allegations contained in that paragraph.

Answering the header entitled "C." between paragraphs 11 and 12, Mr. Daifotis responds as follows: the allegations contained in that subheader are not directed toward Mr. Daifotis and no response is required.

12.    Answering paragraph 12, Mr. Daifotis responds as follows: the allegations contained in that paragraph are not directed toward Mr. Daifotis and no response is required.

Answering the header entitled "D." between paragraphs 12 and 13, Mr. Daifotis denies the allegation contained therein.

13.    Answering paragraph 13, Mr. Daifotis avers that the Fund's historical share prices speak for themselves.  Mr. Daifotis is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the second sentence of paragraph 13 regarding shareholders' awareness of share price or belief as to the safety of their investments.  Except as expressly admitted, Mr. Daifotis denies the allegations contained in paragraph 13.

14.    Answering paragraph 14, Mr. Daifotis admits that he is informed and believes that from time to time during the purported class period, Morningstar issued reports regarding the Fund.  To the extent paragraph 14 refers to a specific report, the report speaks for itself and Mr. Daifotis denies the allegations regarding the content of the report to the extent those allegations are inconsistent with the document.  Except as expressly admitted, Mr. Daifotis denies the allegations in paragraph 14.

15.    Answering paragraph 15, Mr. Daifotis is informed and believes that, on or about August 20, 2008, Morningstar analyst Miriam Sjobom reported on the Fund.  The report

1  speaks for itself and Mr. Daifotis denies the allegations regarding the content of the report to the

2  extent those allegations are inconsistent with the document.  Except as expressly admitted, Mr.

3  Daifotis denies the allegations in paragraph 15.

4         16.     Answering paragraph 16, Mr. Daifotis responds as follows: To the extent

5  the allegations in paragraph 16 are not addressed to him, Mr. Daifotis is not required to respond

6  to them.  To the extent Mr. Daifotis is required to respond, Mr. Daifotis is without knowledge or

7  information sufficient to form a belief as to the truth of the allegations contained in that

8  paragraph.  Except as expressly admitted, Mr. Daifotis denies the allegations in paragraph 16.

9         17.     Answering paragraph 17, Mr. Daifotis admits that plaintiffs purport to

10  assert the claims identified in that paragraph.  Except as expressly admitted, Mr. Daifotis denies

11  the allegations contained in paragraph 17.

12         18.     Answering paragraph 18, Mr. Daifotis admits that plaintiffs purport to

13  allege that jurisdiction is conferred upon this court by 28 U.S.C. §§ 1331, 1332(d)(2) and 1367,

14  and the principles of pendent and supplemental jurisdiction.  To the extent that the allegations

15  contained in paragraph 18 are legal conclusions, no response is required.

16         19.     Answering paragraph 19, Mr. Daifotis admits that plaintiffs purport to rest

17  venue in this district pursuant to 15 U.S.C. § 80a-43, 28 U.S.C. § 1391(b).  To the extent that the

18  allegations contained in paragraph 19 are legal conclusions, no response is required.  Mr.

19  Daifotis admits that the Fund, The Charles Schwab Corporation ("Schwab Corp."), Charles

20  Schwab & Co., Inc. ("Schwab"), Charles Schwab Investment Management Services (the

21  "Investment Advisor") and Schwab Investments (the "Trust") have offices located in the

22  Northern District of California.  Except as expressly admitted, Mr. Daifotis denies the

23  allegations in paragraph 19.

24         20.     Answering paragraph 20, Mr. Daifotis admits that, during the purported

25  class period, as part of his duties and responsibilities as the Fund's portfolio manager, he made

26  use of the means and instrumentalities of interstate commerce.  Except as expressly admitted,

27  Mr. Daifotis denies the allegations in paragraph 20.

28

21.     Answering paragraph 21, Mr. Daifotis admits that on July 2, 2008, the Court appointed the identified individuals as Lead Plaintiff.  Mr. Daifotis is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding Lead Plaintiffs' purchases of Fund shares.  Except as expressly admitted, Mr. Daifotis denies the allegations contained in paragraph 21.

22.     Answering paragraph 22, Mr. Daifotis is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding Robert Levin's purchases of Fund shares and deny those allegations on this basis.  Mr. Daifotis denies that Mr. Levin was damaged as a result of statements or conduct of Mr. Daifotis.

23.     Answering paragraph 23, Mr. Daifotis is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding Karl Kyzer's purchases of Fund shares and deny those allegations on this basis.  Mr. Daifotis denies that Mr. Kyzer was damaged as a result of statements or conduct of Mr. Daifotis.

24.     Answering paragraph 24, Mr. Daifotis denies that he is affiliated with the other defendants named in this action.  Mr. Daifotis is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 24.

25.     Answering paragraph 25, Mr. Daifotis admits the allegations contained in that paragraph.

26.     Answering paragraph 26, Mr. Daifotis admits the first two sentences of that paragraph.  To the extent paragraph 26 refers to a Distribution Agreement, that agreement speaks for itself and Mr. Daifotis denies the allegations to the extent they are inconsistent with the document.

27.     Answering paragraph 27, Mr. Daifotis admits the allegations contained in that paragraph.

28.     Answering paragraph 28, Mr. Daifotis is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding when or how Schwab Investments was organized under law or whether it is a "Massachusetts Business Trust,"

or the amount of "net advisory fees" paid by Schwab Investments to the Fund.  Mr. Daifotis admits the remaining allegations in paragraph 28.

29. Answering paragraph 29, Mr. Daifotis is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 29.

30. Answering paragraph 30, Mr. Daifotis admits the first two sentences of that paragraph.  Mr. Daifotis is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 30.  To the extent paragraph 30 refers to specific registration statements, those statements speak for themselves and Mr. Daifotis denies the allegations regarding their content to the extent the allegations are inconsistent with the documents.

31. Answering paragraph 31, Mr. Daifotis is informed and believes that Evelyn Dilsaver was President and Chief Executive Officer of the Fund for some or all of the purported relevant time period.  Mr. Daifotis is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 31.  To the extent paragraph 31 refers to specific registration statements, shareholder reports and associated certifications, those documents speak for themselves and Mr. Daifotis denies the allegations regarding their content to the extent the allegations are inconsistent with the documents.

32. Answering paragraph 32, Mr. Daifotis is informed and believes that Randall W. Merk was President and Chief Executive Officer of the Fund for some or all of the purported relevant time period. Mr. Daifotis is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 32.  To the extent paragraph 32 refers to specific registration statements, those documents speak for themselves and Mr. Daifotis denies the allegations regarding their content to the extent the allegations are inconsistent with the documents.

33. Answering paragraph 33, Mr. Daifotis is informed and believes that George Pereira was Principal Financial Officer and Treasurer of the Fund for some or all of the purported relevant time period.  Mr. Daifotis is without knowledge or information sufficient to

form a belief as to the truth of the remaining allegations of paragraph 33.  To the extent paragraph 33 contains legal conclusions, no response is required.  To the extent paragraph 33 refers to specific registration statements, shareholder reports and associated certifications, those documents speak for themselves and Mr. Daifotis denies the allegations regarding their content to the extent the allegations are inconsistent with the documents.

34.    Answering paragraph 34, Mr. Daifotis is informed and believes that Mariann Byerwalter was a trustee of Schwab Investments for some or all of the purported relevant time period.  To the extent paragraph 34 refers to specific registration statements, those documents speak for themselves and Mr. Daifotis denies the allegations regarding their content to the extent the allegations are inconsistent with the documents.

35.    Answering paragraph 35, Mr. Daifotis is informed and believes that Donald Doward was a trustee of Schwab Investments for some or all of the purported relevant time period.  To the extent paragraph 35 refers to specific registration statements, those documents speak for themselves and Mr. Daifotis denies the allegations regarding their content to the extent the allegations are inconsistent with the documents.

36.    Answering paragraph 36, Mr. Daifotis is informed and believes that William A. Hasler was a trustee of Schwab Investments for some or all of the purported relevant time period.  To the extent paragraph 36 refers to specific registration statements, those documents speak for themselves and Mr. Daifotis denies the allegations regarding their content to the extent the allegations are inconsistent with the documents

37.    Answering paragraph 37, Mr. Daifotis is informed and believes that Robert G. Holmes was a trustee of Schwab Investments for some or all of the purported relevant time period.  To the extent paragraph 37 refers to specific registration statements, those documents speak for themselves and Mr. Daifotis denies the allegations regarding their content to the extent the allegations are inconsistent with the documents.

38.    Answering paragraph 38, Mr. Daifotis is informed and believes that Gerald B. Smith was a trustee of Schwab Investments for some or all of the purported relevant

time period.  To the extent paragraph 38 refers to specific registration statements, those documents speak for themselves and Mr. Daifotis denies the allegations regarding their content to the extent the allegations are inconsistent with the documents.

39.     Answering paragraph 39, Mr. Daifotis is informed and believes that Donald R. Stephens was a trustee of Schwab Investments for some or all of the purported relevant time period.  To the extent paragraph 39 refers to specific registration statements, those documents speak for themselves and Mr. Daifotis denies the allegations regarding their content to the extent the allegations are inconsistent with the documents.

40.     Answering paragraph 40, Mr. Daifotis is informed and believes that Michael W. Wilsey was a trustee of Schwab Investments for some or all of the purported relevant time period.  To the extent paragraph 40 refers to specific registration statements, those documents speak for themselves and Mr. Daifotis denies the allegations regarding their content to the extent the allegations are inconsistent with the documents.

41.     Answering paragraph 41, Mr. Daifotis admits that he held the job titles during the employment term as listed.  Except as expressly admitted, Mr. Daifotis denies the allegations in paragraph 41.

42.     Answering paragraph 42, Mr. Daifotis admits that Matt Hastings joined Charles Schwab Investment Management in 2004 and was responsible for the Fund's day-to-day management.  Except as expressly admitted, Mr. Daifotis denies the allegations in paragraph 42.

43. Mr. Daifotis admits that plaintiffs refer to the persons identified in paragraphs ¶¶ 30-42 as "Individual Defendants."

44. Answering paragraph 44, Mr. Daifotis admits the allegations contained in that paragraph.

45.     Answering paragraph 45, Mr. Daifotis denies the allegations contained in that paragraph.

46.     Answering paragraph 46, Mr. Daifotis admits the allegations contained in that paragraph.

47.     Answering paragraph 47, Mr. Daifotis responds as follows: to the extent paragraph 47 refers to specific Fund prospectuses, those documents speak for themselves and Mr. Daifotis denies the allegations regarding their content to the extent the allegations are inconsistent with the documents.  Except as expressly admitted, Mr. Daifotis denies the allegations in paragraph 47.

48.     Answering paragraph 48, Mr. Daifotis responds as follows: to the extent the allegations contained in paragraph 48 refer to specific Fund registration statements and prospectuses and their effective dates, those documents speak for themselves and Mr. Daifotis denies the allegations regarding their content to the extent the allegations are inconsistent with the documents.  Except as expressly admitted, Mr. Daifotis denies the allegations contained in paragraph 48.

49.     Answering paragraph 49, Mr. Daifotis responds as follows: to the extent paragraph 49 refers to specific Fund prospectuses, those documents speak for themselves and Mr. Daifotis denies the allegations regarding their content to the extent the allegations are inconsistent with the documents.  Except as expressly admitted, Mr. Daifotis denies the allegations in paragraph 49.

50.     Answering paragraph 50, Mr. Daifotis responds as follows: to the extent paragraph 50 refers to specific Fund Statements of Additional Information and annual and semi-annual reports, those documents speak for themselves and Mr. Daifotis denies the allegations regarding their content to the extent the allegations are inconsistent with the documents.  Except as expressly admitted, Mr. Daifotis denies the allegations in paragraph 50.

51.     Answering paragraph 51, Mr. Daifotis is without knowledge or information sufficient to form a belief as to when each of the documents referenced in that paragraph issued.  Mr. Daifotis denies the remaining allegations.

Answering the header entitled "C." and the subheader entitled "1." between paragraphs 51 and 52, Mr. Daifotis denies the allegations contained therein.

52. Answering paragraph 52, Mr. Daifotis responds as follows: The Fund's registration statements and prospectuses speak for themselves and Mr. Daifotis denies the allegations to the extent they are inconsistent with these documents. Except as expressly admitted, Mr. Daifotis denies the allegations contained in paragraph 52.

53. Answering paragraph 53, Mr. Daifotis denies the allegations contained in paragraph 53.

54. Answering paragraph 54, Mr. Daifotis responds as follows: to the extent paragraph 54 purports to quote portions of the November 15, 2005 Prospectus, that document speaks for itself and Mr. Daifotis denies the allegations regarding its content to the extent the allegations are inconsistent with the document. Except as expressly admitted, Mr. Daifotis denies the allegations contained in paragraph 54.

55. Answering paragraph 55, Mr. Daifotis denies the allegations contained in paragraph 55.

56. Answering paragraph 56, Mr. Daifotis responds as follows: to the extent paragraph 56 purports to quote portions of the November 15, 2005 Prospectus, as amended August 17, 2006, that document speaks for itself and Mr. Daifotis denies the allegations regarding its content to the extent the allegations are inconsistent with the document. Except as expressly admitted, Mr. Daifotis denies the allegations contained in paragraph 56.

57. Answering paragraph 57, Mr. Daifotis denies the allegations contained in paragraph 57.

58. Answering paragraph 58, Mr. Daifotis responds as follows: to the extent paragraph 58 purports to quote portions of the November 15, 2006 Prospectus, that document speaks for itself and Mr. Daifotis denies the allegations regarding its content to the extent the allegations are inconsistent with the document. Except as expressly admitted, Mr. Daifotis denies the allegations contained in paragraph 58.

59. Answering paragraph 59, Mr. Daifotis denies the allegations contained in paragraph 59.

60.     Answering paragraph 60, Mr. Daifotis responds as follows: to the extent paragraph 60 purports to quote portions of the November 15, 2006 Prospectus, as amended July 13, 2007, that document speaks for itself and Mr. Daifotis denies the allegations regarding its content to the extent the allegations are inconsistent with the document.  Except as expressly admitted, Mr. Daifotis denies the allegations contained in paragraph 60.

61.     Answering paragraph 61, Mr. Daifotis denies the allegations contained in paragraph 61.

62.     Answering paragraph 62, Mr. Daifotis responds as follows: to the extent paragraph 62 purports to quote portions of the November 15, 2007 Prospectus, that document speaks for itself and Mr. Daifotis denies the allegations regarding its content to the extent the allegations are inconsistent with the document.  Except as expressly admitted, Mr. Daifotis denies the allegations contained in that paragraph.

63.     Answering paragraph 63, Mr. Daifotis denies the allegations contained in paragraph 63.

64.     Answering paragraph 64, Mr. Daifotis responds as follows: to the extent paragraph 64 purports to quote portions of the November 15, 2007 Prospectus, as amended June 13, 2008, that document speaks for itself and Mr. Daifotis denies the allegations regarding its content to the extent the allegations are inconsistent with the document.  Except as expressly admitted, Mr. Daifotis denies the allegations contained in that paragraph.

65.     Answering paragraph 65, Mr. Daifotis denies the allegations contained in paragraph 65.

66.     Answering paragraph 66, Mr. Daifotis responds as follows: to the extent paragraph 66 purports to quote from specific Statements of Additional Information, those documents speak for themselves and Mr. Daifotis denies the allegations regarding their content to the extent the allegations are inconsistent with the documents.  Except as expressly admitted, Mr. Daifotis denies the allegations contained in that paragraph.

67.     Answering paragraph 67, Mr. Daifotis denies the allegations contained in paragraph 67.

68.     Answering paragraph 68, Mr. Daifotis responds as follows: the Fund's reports to shareholders speak for themselves and Mr. Daifotis denies the allegations to the extent they are inconsistent with the reports.  Except as expressly admitted, Mr. Daifotis denies the allegations contained in paragraph 68.

Answering the subheader entitled "2." between paragraphs 68 and 69, Mr. Daifotis denies the allegations contained therein.

69.     Answering paragraph 69, Mr. Daifotis responds as follows: to the extent paragraph 69 purports to quote from the Fund's Statements of Additional Information, those documents speak for themselves and Mr. Daifotis denies the allegations regarding their content to the extent the allegations are inconsistent with the documents.

70.     Answering paragraph 70, Mr. Daifotis responds as follows: to the extent paragraph 70 purports to quote from the Fund's Statements of Additional Information, those documents speak for themselves and Mr. Daifotis denies the allegations regarding their content to the extent the allegations are inconsistent with the documents.

Answering the subheader entitled "3." between paragraphs 70 and 71, Mr. Daifotis denies the allegations contained therein.

71.     Answering paragraph 71, Mr. Daifotis responds as follows: to the extent paragraph 71 contains legal conclusions, no response is required.  To the extent a response is required, Mr. Daifotis admits that Schwab produced brochures, letters, advertisements, and has a website.  Except as expressly admitted, Mr. Daifotis denies the allegations contained in paragraph 71.

72.     Answering paragraph 72, Mr. Daifotis responds as follows: to the extent paragraph 72 references or purports to quote content posted to the Schwab website, that material speaks for itself and Mr. Daifotis denies the allegations to the extent the allegations are

1    inconsistent with that material.  Except as expressly admitted, Mr. Daifotis denies the allegations

2    contained in paragraph 72.

3             Answering the subheader entitled "4." between paragraphs 72 and 73, Mr. Daifotis

4    denies the allegations contained therein.

5             73.     Answering paragraph 73, Mr. Daifotis responds as follows: To the extent

6    the allegations contained in paragraph 73 do not relate to Mr. Daifotis, no response is required.

7    To the extent a response is required, Mr. Daifotis admits that in May 2007, Mr. Hastings had an

8    interview with Bloomberg TV and that he made the quoted statement.  Except as expressly

9    admitted, Mr. Daifotis denies the allegations contained in paragraph 73.

10            74.     Answering paragraph 74, Mr. Daifotis avers that to the extent that the

11   allegations contained in paragraph 74 are not directed toward Mr. Daifotis, he is not required to

12   respond to them.  To the extent a response is required, Mr. Daifotis is without knowledge or

13   information sufficient to form a belief as to the truth of the allegations relating to how Schwab

14   brokers were trained.  Mr. Daifotis denies the remaining allegations contained in paragraph 74.

15            75.     Answering paragraph 75, Mr. Daifotis avers that to the extent that the

16   allegations contained in paragraph 75 are not directed toward Mr. Daifotis, he is not required to

17   respond to them.  To the extent a response is required, Mr. Daifotis Mr. Daifotis lacks

18   knowledge or information sufficient to form a belief as to the truth of the allegations relating to

19   how Schwab presented the Fund to brokers or what Schwab told brokers about the Fund.  Mr.

20   Daifotis denies the remaining allegations contained in paragraph 75.

21            76.     Answering paragraph 76, Mr. Daifotis avers that to the extent that the

22   allegations contained in paragraph 76 are not directed toward Mr. Daifotis, he is not required to

23   respond to them.  To the extent a response is required, Mr. Daifotis lacks knowledge or

24   information sufficient to form a belief as to the truth of the allegations relating to the

25   compensation structure for customer representatives.  Mr. Daifotis denies the remaining

26   allegations contained in paragraph 76.

27

28

77.     Answering paragraph 77, Mr. Daifotis avers that to the extent that the allegations contained in paragraph 77 are not directed toward Mr. Daifotis, he is not required to respond to them.  To the extent a response is required, Mr. Daifotis lacks knowledge or information sufficient to form a belief as to the truth of the allegations relating to a common script or sales pitch for the Fund, what brokers were provided and investors were told.  Mr. Daifotis denies the remaining allegations set forth in paragraph 77.

78.     Answering paragraph 78, Mr. Daifotis avers that to the extent that the allegations contained in paragraph 78 are not directed toward Mr. Daifotis, he is not required to respond to them.  To the extent a response is required, Mr. Daifotis lacks knowledge or information sufficient to form a belief as to whether that paragraph accurately quotes the purported investor communications.  Except as expressly admitted, Mr. Daifotis denies the allegations contained in paragraph 78.

79.     Answering paragraph 79, Mr. Daifotis avers that to the extent that the allegations contained in paragraph 79 are not directed toward Mr. Daifotis, he is not required to respond to them.  To the extent a response is required, Mr. Daifotis lacks knowledge or information sufficient to form a belief as to whether that paragraph accurately quotes the purported investor communications.  Except as expressly admitted, Mr. Daifotis denies the allegations contained in paragraph 79.

Answering the header entitled "D." between paragraphs 79 and 80, Mr. Daifotis denies the allegations contained therein.

80.     Answering paragraph 80, Mr. Daifotis responds as follows: to the extent the allegations call for expert opinion, no response is required.  To the extent a response to these allegations is required, Mr. Daifotis is without knowledge or information sufficient to form a belief as to the truth of these allegations.  To the extent paragraph 80 refers to holdings reports, those reports speak for themselves and Mr. Daifotis denies the allegations to the extent the allegations are inconsistent with the documents.  Except as expressly admitted, Mr. Daifotis denies the allegations contained in paragraph 80, including all subparagraphs.

81.     Answering paragraph 81, Mr. Daifotis denies the allegations contained in that paragraph.

82.     Answering paragraph 82, Mr. Daifotis responds as follows: to the extent paragraph 82 references "DailyInfoForInternalUse sheets," that material speaks for itself and Mr. Daifotis denies the allegations to the extent the allegations are inconsistent with that material.  Except as expressly admitted, Mr. Daifotis denies the allegations contained in paragraph 82.

83.     Answering paragraph 83, Mr. Daifotis responds as follows: to the extent paragraph 83 references "Tolerance reports," that material speaks for itself and Mr. Daifotis denies the allegations to the extent the allegations are inconsistent with that material.  Except as expressly admitted, Mr. Daifotis denies the allegations contained in paragraph 83.

84.     Answering paragraph 84, Mr. Daifotis responds as follows: to the extent paragraph 84 references "DailyOversight" and "DailyRate" sheets, that material speaks for itself and Mr. Daifotis denies the allegations to the extent the allegations are inconsistent with that material.  Except as expressly admitted, Mr. Daifotis denies the allegations contained in paragraph 84.

85.     Answering paragraph 85, Mr. Daifotis responds as follows: to the extent paragraph 85 references "Daily tolerance" sheets, that material speaks for itself and Mr. Daifotis denies the allegations to the extent the allegations are inconsistent with that material.  Except as expressly admitted, Mr. Daifotis denies the allegations contained in paragraph 85.

86.     Answering paragraph 86, Mr. Daifotis denies the allegations contained in that paragraph.

87.     Answering paragraph 87, Mr. Daifotis responds as follows: to the extent paragraph 87 refers to holdings reports, those reports speak for themselves and Mr. Daifotis denies the allegations to the extent the allegations are inconsistent with the reports.  Except as expressly admitted, Mr. Daifotis denies the allegations contained in paragraph 87.

88.     Answering paragraph 88, Mr. Daifotis responds as follows: to the extent paragraph 88 references "Prospectuses" or "SAIs," that material speaks for itself and Mr. Daifotis denies the allegations to the extent the allegations are inconsistent with that material. Except as expressly admitted, Mr. Daifotis denies the allegations contained in paragraph 88.

89.     Answering paragraph 89, Mr. Daifotis responds as follows: to the extent paragraph 89 references a "Prospectus" or other document, that material speaks for itself and Mr. Daifotis denies the allegations to the extent the allegations are inconsistent with that material. Except as expressly admitted, Mr. Daifotis denies the allegations contained in paragraph 89.

90.     Answering paragraph 90, Mr. Daifotis avers that to the extent that the allegations contained in paragraph 90 are not directed toward Mr. Daifotis, he is not required to respond to them. To the extent a response is required, Mr. Daifotis responds as follows: to the extent paragraph 89 references "Prospectuses" or "SAIs" that material speaks for itself and Mr. Daifotis denies the allegations to the extent the allegations are inconsistent with that material.. Except as expressly admitted, Mr. Daifotis denies the allegations contained in paragraph 90.

91.     Answering paragraph 91, Mr. Daifotis denies the allegations contained in that paragraph.

92.     Answering paragraph 92, Mr. Daifotis responds as follows: to the extent paragraph 92 references a "SAI" or "written materials" those materials speaks for themselves and Mr. Daifotis denies the allegations to the extent the allegations are inconsistent with those materials. Except as expressly admitted, Mr. Daifotis denies the allegations contained in paragraph 92.

93.     Answering paragraph 93, Mr. Daifotis denies the allegations contained in that paragraph..

94.     Answering paragraph 94, Mr. Daifotis lacks knowledge or information sufficient to form a belief as to the truth of the allegations relating to the thoughts or actions of Plaintiffs. Mr. Daifotis denies the remaining allegations contained in paragraph 94.

95.     Answering paragraph 95, Mr. Daifotis responds as follows: to the extent paragraph 95 references historical liquidity spreads, those facts speak for themselves and Mr. Daifotis denies the allegations to the extent the allegations are inconsistent with those facts.  Mr. Daifotis lacks knowledge or information sufficient to form a belief as to the truth of the chart referenced in paragraph 95. Except as expressly admitted, Mr. Daifotis denies the allegations contained in paragraph 95.

96.     Answering paragraph 96, Mr. Daifotis responds as follows: to the extent paragraph 96 references historical liquidity spreads, those facts speak for themselves and Mr. Daifotis denies the allegations to the extent the allegations are inconsistent with those facts.  Mr. Daifotis lacks knowledge or information sufficient to form a belief as to the truth of the table referenced in paragraph 96.  Mr. Daifotis denies the remaining allegations contained in paragraph 96.

97.     Answering paragraph 97, Mr. Daifotis responds as follows: to the extent paragraph 97 references a "SAI" those materials speaks for themselves and Mr. Daifotis denies the allegations to the extent the allegations are inconsistent with those materials.  Mr. Daifotis avers that the Fund's historical holdings speak for themselves.  Mr. Daifotis denies the remaining allegations contained in paragraph 97.

98.     Answering paragraph 98, Mr. Daifotis denies the allegations contained in that paragraph.

Answering the subheader entitled "E." between paragraphs 98 and 99, Mr. Daifotis denies the allegations contained therein.

99.     Answering paragraph 99, Mr. Daifotis avers that the allegations in that paragraph relate to claims that the Court dismissed in its February 4, 2009 Order and thus cannot form the basis of liability and require no answer.

100.    Answering paragraph 100, Mr. Daifotis avers that the allegations in that paragraph relate to claims that the Court dismissed in its February 4, 2009 Order and thus cannot form the basis of liability and require no answer.

101.    Answering paragraph 101, Mr. Daifotis avers that the allegations in that paragraph relate to claims that the Court dismissed in its February 4, 2009 Order and thus cannot form the basis of liability and require no answer.

Answering the header entitled "F." between paragraphs 101 and 102, Mr. Daifotis denies the allegation contained therein.

102.    Answering paragraph 102, Mr. Daifotis responds as follows: to the extent paragraph 102 references a specific Registration Statement, that document speaks for itself and Mr. Daifotis denies the allegation to the extent it is inconsistent with the document.

103.    Answering paragraph 103, Mr. Daifotis avers that the Fund's year-end financial statements speak for themselves and Mr. Daifotis denies the allegations to the extent they are inconsistent with those financial statements.  Except as expressly admitted, Mr. Daifotis denies the allegations contained in paragraph 103.

Answering the header entitled "G." between paragraphs 103 and 104, Mr. Daifotis denies the allegation contained therein.

104.    Answering paragraph 104, Mr. Daifotis responds as follows: to the extent the allegations in that paragraph contain legal conclusions, no response is required.  To the extent a response is required, Mr. Daifotis avers that the Fund's historical share prices speak for themselves and Mr. Daifotis denies the allegations to the extent they are inconsistent with that data.  Except as expressly admitted, Mr. Daifotis denies the allegations contained in paragraph 104.

105.     Answering paragraph 105, Mr. Daifotis admits that Schwab made an announcement about the Fund on March 22, 2007.  Mr. Daifotis avers that the announcement speaks for itself.  Except as expressly admitted, Mr. Daifotis denies the allegations contained in paragraph 105.

106.    Answering paragraph 106, Mr. Daifotis avers that the Fund's historical asset data speaks for itself.  Except as expressly admitted, Mr. Daifotis denies the allegations contained in paragraph 106.

107.     Answering paragraph 107, Mr. Daifotis denies the allegation contained in paragraph 107.

108.     Answering paragraph 108, Mr. Daifotis denies the allegations contained in paragraph 108.

109.     Answering paragraph 109, Mr. Daifotis responds as follows: to the extent paragraph 109 purports to quote a portion of the April, 2007 report to shareholders, that document speaks for itself and Mr. Daifotis denies the allegations to the extent they are inconsistent with that report.  Except as expressly admitted, Mr. Daifotis denies the allegations contained in paragraph 109.

110.     Answering paragraph 110, Mr. Daifotis responds as follows: to the extent paragraph 108 purports to quote a portion of the June, 2007 report to shareholders of Schwab's equity funds, that document speaks for itself and Mr. Daifotis denies the allegations to the extent they are inconsistent with that report.  Except as expressly admitted, Mr. Daifotis denies the allegation contained in paragraph 110.

111.     Answering paragraph 111, Mr. Daifotis is without knowledge or information to form belief as to the truth of the allegations contained in paragraph 111.

112.     Answering paragraph 112, Mr. Daifotis responds as follows: to the extent paragraph 112 purports to quote a July 5, 2007 New York Times article, that article speaks for itself and Mr. Daifotis denies the allegations to the extent they are inconsistent with the article.

113.     Answering paragraph 113, Mr. Daifotis avers that the Fund's historical share prices speak for themselves.  Except as expressly admitted, Mr. Daifotis denies the allegations contained in paragraph 113.

114.     Answering paragraph 114, Mr. Daifotis responds as follows:  Mr. Daifotis avers that the Fund's historical share prices speak for themselves.  Mr. Daifotis lacks knowledge or information sufficient to form a belief as to the truth of the allegations relating to the Morningstar charts referenced in that paragraph.  Except as expressly admitted, Mr. Daifotis denies the allegations contained in paragraph 114.

115.    Answering paragraph 115, Mr. Daifotis admits that Schwab posted a letter to its website on March 20, 2008.  That letter speaks for itself and Mr. Daifotis denies the allegations to the extent they are inconsistent with the content of that letter.  Except as expressly admitted, Mr. Daifotis denies the allegations contained in paragraph 115.

116.    Answering paragraph 116, Mr. Daifotis responds as follows: to the extent paragraph 116 references a chart published by Morningstar, that chart speaks for itself and Mr. Daifotis is without knowledge or information sufficient to form a belief as to the truth of the information contained therein.  Except as expressly admitted, Mr. Daifotis denies the allegations contained in paragraph 116.

117.    Answering paragraph 117, Mr. Daifotis responds as follows: to the extent paragraph 117 references an e-mail to shareholders in November 2007, that e-mail speaks for itself and Mr. Daifotis denies the allegations to the extent they are inconsistent with that e-mail. Except as expressly admitted, Mr. Daifotis denies the allegations contained in paragraph 117.

118.    Answering paragraph 118, Mr. Daifotis responds as follows: to the extent paragraph 118 purports to quote a March 10, 2008 letter, that letter speaks for itself and Mr. Daifotis denies the allegations to the extent they are inconsistent with that letter.  Except as expressly admitted, Mr. Daifotis denies the allegations contained in that paragraph.

119.    Answering paragraph 119, Mr. Daifotis responds as follows: to the extent paragraph 119 references and purports to quote a March 20, 2008 statement released by Schwab management, that statement speaks for itself and Mr. Daifotis denies the allegations to the extent they are inconsistent with that statement.  Except as expressly admitted, Mr. Daifotis denies the allegations contained in that paragraph.

120.    Answering paragraph 120, Mr. Daifotis is without knowledge of information sufficient to form a belief as to the truth of the allegations relating to the performance of other mutual funds.  Except as expressly admitted, Mr. Daifotis denies the allegations contained in that paragraph.

1    121.   Answering paragraph 121, Mr. Daifotis is without knowledge of

2  information sufficient to form a belief as to the truth of the allegations relating to the

3  performance of other mutual funds.  Except as expressly admitted, Mr. Daifotis denies the

4  allegations contained in that paragraph.

5    122.   Answering paragraph 122, Mr. Daifotis is without knowledge of

6  information sufficient to form a belief as to the truth of the allegations relating to the

7  performance of other mutual funds.  Except as expressly admitted, Mr. Daifotis denies the

8  allegations contained in that paragraph.

9    Answering the header entitled "H." between paragraphs 122 and 123, Mr. Daifotis denies

10  the allegation contained therein.

11    123.   Answering paragraph 123,  Mr. Daifotis admits that Schwab issued

12  communications to shareholders on March 10, March 20 and April 1, 2008.  Those letters speak

13  for themselves and Mr. Daifotis denies the allegations to the extent they are inconsistent with

14  those letters.  Except as expressly admitted, Mr. Daifotis denies the allegations contained in that

15  paragraph.

16    124.   Answering paragraph 124, Mr. Daifotis admits that plaintiffs purport to

17  bring this action as a class action as described in that paragraph on behalf of the identified

18  purported classes.  Mr. Daifotis denies that lead plaintiffs or other members of the purported

19  classes were damaged as a result of statements or conduct of Mr. Daifotis.  Mr. Daifotis is

20  without knowledge or information sufficient to form a belief as to the appropriateness of class

21  certification and on this basis denies that class certification is appropriate.  Except as expressly

22  admitted, Mr. Daifotis denies all the allegations contained in paragraph 124.

23    125.   Answering paragraph 125, Mr. Daifotis admits that plaintiffs purport to

24  exclude from the purported classes the persons and entities identified in that paragraph.

25    126.   Answering paragraph 126, Mr. Daifotis is without knowledge or

26  information sufficient to form a belief as to the truth of the allegations regarding whether

27

28

1    members of the purported classes are so numerous that joinder is impracticable.  To the extent

2    paragraph 126 contains legal conclusions, no response is required.

3              127.    Answering paragraph 127, Mr. Daifotis is without knowledge or

4    information sufficient to form a belief as to the truth of the allegations regarding the typicality of

5    plaintiffs' claims.  Mr. Daifotis denies that statements or conduct of Mr. Daifotis violated federal

6    or state law.   Mr. Daifotis further denies that plaintiffs or other members of the purported

7    classes and subclasses were damaged as a result of statements or conduct of Mr. Daifotis.  To

8    the extent paragraph 127 contains a legal conclusion, no response is required.

9              128.    Answering paragraph 128, Mr. Daifotis is without knowledge or

10   information sufficient to form a belief as to the truth of the allegations contained in that

11   paragraph.

12             129.    Answering paragraph 129, Mr. Daifotis is without knowledge or

13   information sufficient to form a belief as to the truth of the allegations contained in paragraph

14   129 and all subparagraphs.  Mr. Daifotis denies that statements or conduct of Mr. Daifotis

15   violated federal or state law.   Mr. Daifotis further denies that plaintiffs or other members of the

16   purported classes and subclasses were damaged as a result of statements or conduct of Mr.

17   Daifotis.  To the extent paragraph 129 contains legal conclusions, no response is required.

18             130.    Answering paragraph 130, Mr. Daifotis is without knowledge or

19   information sufficient to form a belief as to the truth of the allegations regarding the superiority

20   of maintaining this action as a class actions and regarding plaintiffs' knowledge of any difficulty

21   in managing this action as a class action.  Mr. Daifotis denies that plaintiffs or other members of

22   the purported classes and subclasses were damaged as a result of statements or conduct of Mr.

23   Daifotis.  To the extent paragraph 130 contains legal conclusions, no response is required.

24             131.    Answering paragraph 131, Mr. Daifotis responds as follows: the

25   allegations contained in that paragraph are not directed toward Mr. Daifotis and no response is

26   required.

27

28
     DEFENDANT KIMON P. DAIFOTIS' ANSWER TO          -22-
     PLAINTIFFS' FIRST CONSOLIDATED AMENDED
     COMPLAINT
     Case No.: 08-CV-01510 WHA

132.    Answering paragraph 132, Mr. Daifotis responds as follows: the allegations contained in that paragraph are not directed toward Mr. Daifotis and no response is required.

133.    Answering paragraph 133, Mr. Daifotis responds as follows: the allegations contained in that paragraph are not directed toward Mr. Daifotis and no response is required.

134.    Answering paragraph 134, Mr. Daifotis responds as follows: the allegations contained in that paragraph are not directed toward Mr. Daifotis and no response is required.

135.    Answering paragraph 135, Mr. Daifotis responds as follows: the allegations contained in that paragraph are not directed toward Mr. Daifotis and no response is required.

136.    Answering paragraph 136, Mr. Daifotis responds as follows: the allegations contained in that paragraph are not directed toward Mr. Daifotis and no response is required.

137.    Answering paragraph 137, Mr. Daifotis responds as follows: the allegations contained in that paragraph are not directed toward Mr. Daifotis and no response is required.

138.    Answering paragraph 138,  Mr. Daifotis responds as follows: the allegations contained in that paragraph are not directed toward Mr. Daifotis and no response is required.

139.    Answering paragraph 139, Mr. Daifotis incorporates by reference his responses to paragraphs 1-138 of the complaint as if fully set forth herein.  Except as expressly admitted, Mr. Daifotis denies the allegations contained in paragraph 139.

140.    Answering paragraph 140, Mr. Daifotis admits that plaintiffs allege against him and the other persons identified therein, violations of Section 12(a)(2) of the

1   Securities Act of 1933.  Except as expressly admitted, Mr. Daifotis denies the allegations

2   contained in paragraph 140.

3          141.   Answering paragraph 141, Mr. Daifotis denies the allegations contained

4   in that paragraph.

5          142.   Answering paragraph 142, Mr. Daifotis denies the allegations contained

6   in that paragraph.

7          143.   Answering paragraph 143, Mr. Daifotis is without knowledge or

8   information sufficient to form a belief as to the truth of the allegations contained in that

9   paragraph.

10         144.   Answering paragraph 144, Mr. Daifotis denies the allegations contained

11  in that paragraph.

12         145.   Answering paragraph 145, Mr. Daifotis is without knowledge or

13  information sufficient to form a belief as to the truth of the allegations contained therein.

14         146.   Answering paragraph 146, Mr. Daifotis denies the allegations contained

15  in that paragraph.

16         147.   Answering paragraph 147, Mr. Daifotis responds as follows: the

17  allegations contained in that paragraph are not directed toward Mr. Daifotis and no response is

18  required.

19         148.   Answering paragraph 148, Mr. Daifotis responds as follows: the

20  allegations contained in that paragraph are not directed toward Mr. Daifotis and no response is

21  required.

22         149.   Answering paragraph 149, Mr. Daifotis responds as follows: the

23  allegations contained in that paragraph are not directed toward Mr. Daifotis and no response is

24  required.

25         150.   Answering paragraph 150, Mr. Daifotis responds as follows: the

26  allegations contained in that paragraph are not directed toward Mr. Daifotis and no response is

27  required.

28

151.    Answering paragraph 151, Mr. Daifotis avers that the allegations contained in that paragraph relate to claims the Court dismissed against him in its August 21, 2009 Order re: motion for Class Certification and thus cannot form the basis of liability. Accordingly, Mr. Daifotis is not required to answer the allegations contained in that paragraph.

152.    Answering paragraph 152, Mr. Daifotis avers that the allegations contained in that paragraph relate to claims the Court dismissed against him in its August 21, 2009 Order re: motion for Class Certification and thus cannot form the basis of liability. Accordingly, Mr. Daifotis is not required to answer the allegations contained in that paragraph.

153.    Answering paragraph 153, Mr. Daifotis avers that the allegations contained in that paragraph relate to claims the Court dismissed against him in its August 21, 2009 Order re: motion for Class Certification and thus cannot form the basis of liability. Accordingly, Mr. Daifotis is not required to answer the allegations contained in that paragraph.

154.    Answering paragraph 154, Mr. Daifotis avers that the allegations contained in that paragraph relate to claims the Court dismissed against him in its August 21, 2009 Order re: motion for Class Certification and thus cannot form the basis of liability. Accordingly, Mr. Daifotis is not required to answer the allegations contained in that paragraph.

155.    Answering paragraph 155, Mr. Daifotis avers that the allegations contained in that paragraph relate to claims the Court dismissed against him in its August 21, 2009 Order re: motion for Class Certification and thus cannot form the basis of liability. Accordingly, Mr. Daifotis is not required to answer the allegations contained in that paragraph.

156.    Answering paragraph 156, Mr. Daifotis avers that the allegations contained in that paragraph relate to claims the Court dismissed against him in its August 21, 2009 Order re: motion for Class Certification and thus cannot form the basis of liability. Accordingly, Mr. Daifotis is not required to answer the allegations contained in that paragraph.

157.    Answering paragraph 157, Mr. Daifotis avers that the allegations contained in that paragraph relate to claims the Court dismissed against him in its August 21,

1   2009 Order re: motion for Class Certification and thus cannot form the basis of liability.

2   Accordingly, Mr. Daifotis is not required to answer the allegations contained in that paragraph..

3          158.    Mr. Daifotis avers that the allegations contained in that paragraph relate to

4   claims the Court dismissed against him in its August 21, 2009 Order re: motion for Class

5   Certification and thus cannot form the basis of liability.  Accordingly, Mr. Daifotis is not

6   required to answer the allegations contained in that paragraph.

7          159.    Mr. Daifotis avers that the allegations contained in that paragraph relate to

8   claims the Court dismissed against him in its August 21, 2009 Order re: motion for Class

9   Certification and thus cannot form the basis of liability.  Accordingly, Mr. Daifotis is not

10  required to answer the allegations contained in that paragraph.

11         160.    Mr. Daifotis avers that the allegations contained in that paragraph relate to

12  claims the Court dismissed against him in its August 21, 2009 Order re: motion for Class

13  Certification and thus cannot form the basis of liability.  Accordingly, Mr. Daifotis is not

14  required to answer the allegations contained in that paragraph.

15         161.    Mr. Daifotis avers that the allegations contained in that paragraph relate to

16  claims the Court dismissed against him in its August 21, 2009 Order re: motion for Class

17  Certification and thus cannot form the basis of liability.  Accordingly, Mr. Daifotis is not

18  required to answer the allegations contained in that paragraph.

19         162.    Mr. Daifotis avers that the allegations contained in that paragraph relate to

20  claims the Court dismissed against him in its August 21, 2009 Order re: motion for Class

21  Certification and thus cannot form the basis of liability.  Accordingly, Mr. Daifotis is not

22  required to answer the allegations contained in that paragraph.

23         163.    Mr. Daifotis avers that the allegations contained in that paragraph relate to

24  claims the Court dismissed against him in its August 21, 2009 Order re: motion for Class

25  Certification and thus cannot form the basis of liability.  Accordingly, Mr. Daifotis is not

26  required to answer the allegations contained in that paragraph.

27

28

164.     Answering paragraph 164, Mr. Daifotis avers that the allegations contained in that paragraph relate to claims the Court dismissed against him in its August 21, 2009 Order re: motion for Class Certification and thus cannot form the basis of liability. Accordingly, Mr. Daifotis is not required to answer the allegations contained in that paragraph.

165.     Answering paragraph 165, Mr. Daifotis avers that the allegations contained in that paragraph relate to claims the Court dismissed against him in its August 21, 2009 Order re: motion for Class Certification and thus cannot form the basis of liability. Accordingly, Mr. Daifotis is not required to answer the allegations contained in that paragraph.

166.     Answering paragraph 166, Mr. Daifotis avers that the allegations contained in that paragraph relate to claims the Court dismissed against him in its August 21, 2009 Order re: motion for Class Certification and thus cannot form the basis of liability. Accordingly, Mr. Daifotis is not required to answer the allegations contained in that paragraph.

167.     Answering paragraph 167, Mr. Daifotis avers that the allegations contained in that paragraph relate to claims the Court dismissed against him in its August 21, 2009 Order re: motion for Class Certification and thus cannot form the basis of liability. Accordingly, Mr. Daifotis is not required to answer the allegations contained in that paragraph.

168.     Answering paragraph 168, Mr. Daifotis avers that the allegations contained in that paragraph relate to claims the Court dismissed against him in its August 21, 2009 Order re: motion for Class Certification and thus cannot form the basis of liability. Accordingly, Mr. Daifotis is not required to answer the allegations contained in that paragraph.

169.     Answering paragraph 169, Mr. Daifotis avers that the allegations contained in that paragraph relate to claims the Court dismissed against him in its August 21, 2009 Order re: motion for Class Certification and thus cannot form the basis of liability. Accordingly, Mr. Daifotis is not required to answer the allegations contained in that paragraph.

170.     Answering paragraph 170, Mr. Daifotis avers that the allegations contained in that paragraph relate to claims the Court dismissed against him in its August 21,

2009 Order re: motion for Class Certification and thus cannot form the basis of liability. Accordingly, Mr. Daifotis is not required to answer the allegations contained in that paragraph.

171.    Answering paragraph 171, Mr. Daifotis avers that the allegations contained in that paragraph relate to claims the Court dismissed against him in its August 21, 2009 Order re: motion for Class Certification and thus cannot form the basis of liability. Accordingly, Mr. Daifotis is not required to answer the allegations contained in that paragraph.

172.    Answering paragraph 172, Mr. Daifotis avers that the allegations contained in that paragraph relate to claims the Court dismissed against him in its August 21, 2009 Order re: motion for Class Certification and thus cannot form the basis of liability. Accordingly, Mr. Daifotis is not required to answer the allegations contained in that paragraph.

173.    Answering paragraph 173, Mr. Daifotis avers that the allegations contained in that paragraph relate to claims the Court dismissed against him in its August 21, 2009 Order re: motion for Class Certification and thus cannot form the basis of liability. Accordingly, Mr. Daifotis is not required to answer the allegations contained in that paragraph.

174.    Answering paragraph 174, Mr. Daifotis avers that the allegations contained in that paragraph relate to claims the Court dismissed against him in its August 21, 2009 Order re: motion for Class Certification and thus cannot form the basis of liability. Accordingly, Mr. Daifotis is not required to answer the allegations contained in that paragraph.

175.    Answering paragraph 175, Mr. Daifotis responds as follows: the allegations contained in that paragraph are not directed toward Mr. Daifotis and no response is required.

176.    Answering paragraph 176, Mr. Daifotis responds as follows: the allegations contained in that paragraph are not directed toward Mr. Daifotis and no response is required.

177.    Answering paragraph 177, Mr. Daifotis responds as follows: the allegations contained in that paragraph are not directed toward Mr. Daifotis and no response is required.

1     178. Answering paragraph 178, Mr. Daifotis responds as follows: the

2 allegations contained in that paragraph are not directed toward Mr. Daifotis and no response is

3 required.

4     179. Answering paragraph 179, Mr. Daifotis responds as follows: the

5 allegations contained in that paragraph are not directed toward Mr. Daifotis and no response is

6 required.

7     180. Answering paragraph 180, Mr. Daifotis responds as follows: the

8 allegations contained in that paragraph are not directed toward Mr. Daifotis and no response is

9 required.

10     181. Answering paragraph 181, Mr. Daifotis responds as follows: the

11 allegations contained in that paragraph are not directed toward Mr. Daifotis and no response is

12 required.

13     182. Answering paragraph 182, Mr. Daifotis responds as follows: the

14 allegations contained in that paragraph are not directed toward Mr. Daifotis and no response is

15 required.

16     183. Answering paragraph 183, Mr. Daifotis responds as follows: the

17 allegations contained in that paragraph are not directed toward Mr. Daifotis and no response is

18 required.

19     184. Answering paragraph 184, Mr. Daifotis responds as follows: the

20 allegations contained in that paragraph are not directed toward Mr. Daifotis and no response is

21 required.

22     185. Answering paragraph 185, Mr. Daifotis responds as follows: the

23 allegations contained in that paragraph are not directed toward Mr. Daifotis and no response is

24 required.

25     186. Answering paragraph 186, Mr. Daifotis responds as follows: the

26 allegations contained in that paragraph are not directed toward Mr. Daifotis and no response is

27 required.

28

187.    Answering paragraph 187, Mr. Daifotis avers that the allegations contained in that paragraph relate to claims the Court dismissed in its February 4, 2009 Order and thus cannot form the basis of liability.  Accordingly, Mr. Daifotis is not required to answer the allegations contained in that paragraph.

188.    Answering paragraph 188, Mr. Daifotis avers that the allegations contained in that paragraph relate to claims the Court dismissed in its February 4, 2009 Order and thus cannot form the basis of liability.  Accordingly, Mr. Daifotis is not required to answer the allegations contained in that paragraph.

189.    Answering paragraph 189, Mr. Daifotis avers that the allegations contained in that paragraph relate to claims the Court dismissed in its February 4, 2009 Order and thus cannot form the basis of liability.  Accordingly, Mr. Daifotis is not required to answer the allegations contained in that paragraph.

190.    Answering paragraph 190, Mr. Daifotis avers that the allegations contained in that paragraph relate to claims the Court dismissed in its February 4, 2009 Order and thus cannot form the basis of liability.  Accordingly, Mr. Daifotis is not required to answer the allegations contained in that paragraph.

191.    Answering paragraph 191, Mr. Daifotis avers that the allegations contained in that paragraph relate to claims the Court dismissed in its February 4, 2009 Order and thus cannot form the basis of liability.  Accordingly, Mr. Daifotis is not required to answer the allegations contained in that paragraph.

192.    Answering paragraph 192, Mr. Daifotis avers that the allegations contained in that paragraph relate to claims the Court dismissed against him in its August 21, 2009 Order re: motion for Class Certification and thus cannot form the basis of liability. Accordingly, Mr. Daifotis is not required to answer the allegations contained in that paragraph.

193.    Answering paragraph 193, Mr. Daifotis avers that the allegations contained in that paragraph relate to claims the Court dismissed against him in its August 21,

1   2009 Order re: motion for Class Certification and thus cannot form the basis of liability.

2   Accordingly, Mr. Daifotis is not required to answer the allegations contained in that paragraph.

3   194.   Answering paragraph 194, Mr. Daifotis avers that the allegations

4   contained in that paragraph relate to claims the Court dismissed against him in its August 21,

5   2009 Order re: motion for Class Certification and thus cannot form the basis of liability.

6   Accordingly, Mr. Daifotis is not required to answer the allegations contained in that paragraph.

7   195.   Answering paragraph 195, Mr. Daifotis avers that the allegations

8   contained in that paragraph relate to claims the Court dismissed against him in its August 21,

9   2009 Order re: motion for Class Certification and thus cannot form the basis of liability.

10   Accordingly, Mr. Daifotis is not required to answer the allegations contained in that paragraph.

11   196.   Answering paragraph 196, Mr. Daifotis avers that the allegations

12   contained in that paragraph relate to claims the Court dismissed against him in its August 21,

13   2009 Order re: motion for Class Certification and thus cannot form the basis of liability.

14   Accordingly, Mr. Daifotis is not required to answer the allegations contained in that paragraph.

15   197.   Answering paragraph 197, Mr. Daifotis avers that the allegations

16   contained in that paragraph relate to claims the Court dismissed against him in its August 21,

17   2009 Order re: motion for Class Certification and thus cannot form the basis of liability.

18   Accordingly, Mr. Daifotis is not required to answer the allegations contained in that paragraph.

19   198.   Answering paragraph 198, Mr. Daifotis responds as follows: the

20   allegations contained in that paragraph are not directed toward Mr. Daifotis and no response is

21   required.

22   199.   Answering paragraph 199, Mr. Daifotis responds as follows: the

23   allegations contained in that paragraph are not directed toward Mr. Daifotis and no response is

24   required.

25   200.   Answering paragraph 200, Mr. Daifotis responds as follows: the

26   allegations contained in that paragraph are not directed toward Mr. Daifotis and no response is

27   required.

28

1      201.    Answering paragraph 201, Mr. Daifotis responds as follows: the

2   allegations contained in that paragraph are not directed toward Mr. Daifotis and no response is

3   required.

4      202.    Answering paragraph 202, Mr. Daifotis responds as follows: the

5   allegations contained in that paragraph are not directed toward Mr. Daifotis and no response is

6   required.

7      203.    Answering paragraph 203, Mr. Daifotis responds as follows: the

8   allegations contained in that paragraph are not directed toward Mr. Daifotis and no response is

9   required.

10      204.    Answering paragraph 204, Mr. Daifotis responds as follows: the

11  allegations contained in that paragraph are not directed toward Mr. Daifotis and no response is

12  required.

13      205.    Answering paragraph 205, Mr. Daifotis avers that the allegations

14  contained in that paragraph relate to claims the Court dismissed in its February 4, 2009 Order

15  and thus cannot form the basis of liability.  Accordingly, Mr. Daifotis is not required to answer

16  the allegations contained in that paragraph.

17      206.    Answering paragraph 206, Mr. Daifotis avers that the allegations

18  contained in that paragraph relate to claims the Court dismissed in its February 4, 2009 Order

19  and thus cannot form the basis of liability.  Accordingly, Mr. Daifotis is not required to answer

20  the allegations contained in that paragraph.

21      207.    Answering paragraph 207, Mr. Daifotis avers that the allegations

22  contained in that paragraph relate to claims the Court dismissed in its February 4, 2009 Order

23  and thus cannot form the basis of liability.  Accordingly, Mr. Daifotis is not required to answer

24  the allegations contained in that paragraph.

25      208.    Answering paragraph 208, Mr. Daifotis avers that the allegations

26  contained in that paragraph relate to claims the Court dismissed in its February 4, 2009 Order

27

28

1   and thus cannot form the basis of liability.  Accordingly, Mr. Daifotis is not required to answer

2   the allegations contained in that paragraph.

3          209.    Answering paragraph 209, Mr. Daifotis avers that the allegations

4   contained in that paragraph relate to claims the Court dismissed in its February 4, 2009 Order

5   and thus cannot form the basis of liability.  Accordingly, Mr. Daifotis is not required to answer

6   the allegations contained in that paragraph.

7          210.    Answering paragraph 210, Mr. Daifotis avers that the allegations

8   contained in that paragraph relate to claims the Court dismissed in its February 4, 2009 Order

9   and thus cannot form the basis of liability.  Accordingly, Mr. Daifotis is not required to answer

10   the allegations contained in that paragraph.

11          211.    Answering paragraph 211, Mr. Daifotis avers that the allegations

12   contained in that paragraph relate to claims the Court dismissed in its February 4, 2009 Order

13   and thus cannot form the basis of liability.  Accordingly, Mr. Daifotis is not required to answer

14   the allegations contained in that paragraph.

15          212.    Answering paragraph 212, Mr. Daifotis avers that the allegations

16   contained in that paragraph relate to claims the Court dismissed in its February 4, 2009 Order

17   and thus cannot form the basis of liability.  Accordingly, Mr. Daifotis is not required to answer

18   the allegations contained in that paragraph.

19          213.    Answering paragraph 213, Mr. Daifotis avers that the allegations

20   contained in that paragraph relate to claims the Court dismissed in its February 4, 2009 Order

21   and thus cannot form the basis of liability.  Accordingly, Mr. Daifotis is not required to answer

22   the allegations contained in that paragraph.

23          214.    Answering paragraph 214, Mr. Daifotis avers that the allegations

24   contained in that paragraph relate to claims the Court dismissed in its February 4, 2009 Order

25   and thus cannot form the basis of liability.  Accordingly, Mr. Daifotis is not required to answer

26   the allegations contained in that paragraph.

27

28

215.   Answering paragraph 215, Mr. Daifotis avers that the allegations contained in that paragraph relate to claims the Court dismissed in its February 4, 2009 Order and thus cannot form the basis of liability.  Accordingly, Mr. Daifotis is not required to answer the allegations contained in that paragraph.

216.   Answering paragraph 216, Mr. Daifotis avers that the allegations contained in that paragraph relate to claims the Court dismissed in its February 4, 2009 Order and thus cannot form the basis of liability.  Accordingly, Mr. Daifotis is not required to answer the allegations contained in that paragraph.

217.   Answering paragraph 217, Mr. Daifotis avers that the allegations contained in that paragraph relate to claims the Court dismissed in its February 4, 2009 Order and thus cannot form the basis of liability.  Accordingly, Mr. Daifotis is not required to answer the allegations contained in that paragraph.

218.   Answering paragraph 218, Mr. Daifotis responds as follows: the allegations contained in that paragraph are not directed toward Mr. Daifotis and no response is required.

## PRAYER FOR RELIEF

Mr. Daifotis denies that plaintiffs are entitled to the relief requested.

## AFFIRMATIVE DEFENSES

Without admitting or acknowledging that Mr. Daifotis bears any burden of proof as to any of them, Mr. Daifotis asserts the following affirmative defenses.  Mr. Daifotis intends to rely upon any additional defenses that become available or apparent during pretrial proceedings in this action and hereby reserves the right to amend this Answer in order to assert all such further defenses.

## **First Affirmative Defense**

### **(Count II, §12: Reasonable Care)**

1       Even if the misrepresentations and omissions alleged in the complaint were made,

2   which Mr. Daifotis denies, Mr. Daifotis did not know, and in the exercise of reasonable care

3   could not have known, of any such misrepresentations or omissions.

4                                    **Second Affirmative Defense**

5                                    **(Count II, §12: Set-Off)**

6       Some or all of the plaintiffs have received a greater amount in dividends and total

7   returns than any recovery they would receive should they prevail in this lawsuit

8                                    **Third Affirmative Defense**

9                                    **(Count II, §12: Negative Causation)**

10       Mr. Daifotis is not liable for any damages allegedly suffered by plaintiffs because

11   factors other than the alleged misrepresentations and omissions in the registration statements and

12   prospectuses influenced the value of the fund when plaintiffs acquired their shares and led to any

13   alleged decline in the value of the fund.

14                                    **Fourth Affirmative Defense**

15                                    **(Count II, §12: Statute of Limitations)**

16       Plaintiffs' claims are barred in whole, or in part, by the applicable statute of

17   limitations and/or statute of repose.

18                                    **Fifth Affirmative Defense**

19                                    **(Count II, §12; Lack of Standing)**

20       Plaintiffs lack standing to bring a Section 12 cause of action against Mr. Daifotis.

21                                    **Sixth Affirmative Defense**

22                                    **(Count II, §12; Failure to Mitigate)**

23       Plaintiffs have failed to mitigate any damages they may have suffered.

24                                    **Seventh Affirmative Defense**

25                                    **(Count II, §12; Contractual Indemnity)**

26       Plaintiffs' claims are barred in whole or in part by contractual indemnity

27   provisions.

28

1

## Eighth Affirmative Defense

2

### (Count II, §12; Unjust Enrichment)

3          Some or all of the plaintiffs would be unjustly enriched if they were permitted to

4   obtain any recovery in this action.

5

## Ninth Affirmative Defense

6          Mr. Daifotis incorporates by reference as if fully set forth herein all other

7   applicable defenses asserted by other defendants in this action.

8

## PRAYER FOR RELIEF

9          WHEREFORE, Mr. Daifotis prays that this Court enter judgment as follows:

10          1.      That plaintiffs and members of the putative class on whose behalf

11   plaintiffs purport to sue take nothing from Mr. Daifotis by their Complaint;

12          2.      That Mr. Daifotis be awarded his costs of suit and attorneys' fees;

13          3.      For judgment in favor of Mr. Daifotis; and

14          4.      For such other and further relief as this Court deems proper and just.

15

16   DATED:  November 12, 2009                    Respectfully submitted,
                                                  COVINGTON & BURLING LLP

17                                                By:     /s/ David B. Bayless

18                                                David Bayless, CSB No. 189235
                                                  Tammy Albarrán, CSB No. 215605

19                                                Aileen Wheeler, CSB No. 223705
                                                  Paul Watkins, CSB No. 244974

20                                                Attorneys for Defendant Kimon P. Daifotis

21

22

23

24

25

26

27

28