IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

IN RE:

CHARLES SCHWAB CORPORATION
SECURITIES LITIGATION.

    This Document Relates
        To All Cases.
_____/

No. C 08-01510 WHA

**ORDER GRANTING
CONDITIONAL DISCOVERY
AND TRIAL POSTPONEMENT**

       Plaintiffs now ask for yet another extension of the case management schedule, the discovery period having closed (after one prior extension at plaintiffs' request). Contrary to plaintiffs, they have not shown that defendants tardily produced documents that were actually called for by plaintiffs' earlier document requests. Yes, one or two of the earlier requests can be stretched to arguably include some of the later-produced documents. But the scope of the earlier requests failed to clearly capture the examples shown at the lengthy discovery hearing. The defense interpretation of the earlier requests was reasonable and indeed, a better construction of those requests than now posed by plaintiffs. The defense responded to all of the requests with more diligence and cooperation than usually found in these cases. No wrong has been proven.

       The true reason plaintiffs' counsel are now "behind the eight ball" is that they requested — and got — millions of pages of materials in discovery. Due to this desired volume, they were late in finding the smoking guns. But the defense cannot be fairly blamed for the predicament now facing plaintiffs, at least on the present record.

       Still, one circumstance militates in favor of some conditional relief in the form of re-opening discovery on a discrete set of topics. In the course of reviewing the materials plaintiffs'

counsel have come to appreciate the importance of a possible treasure trove of further evidence. This evidence concerns the so-called "Investment Strategy Council" and Liz Ann Sonders, the Chief Investment Strategist at Charles Schwab. This order agrees that it is worthwhile to pursue this lead but only on the condition that plaintiffs pay for the disruption and extra cost imposed on the defense as a result.

On the condition stated below, defendants are ordered to produce, from *all* sources within defendants likely to have such materials, all materials that were generated in connection with the ISC referring to mortgage-backed securities, foreclosure rates, the housing and/or real-estate market, lender loan-loss reserves, GSEs, adequacies of disclosures *or* Kimon Daifotis.

Similarly, on the same condition defendants must produce all materials in the custody of Liz Ann Sonders referring to any of the same subjects, whether or not generated in connection with the ISC.

Similarly, on the same condition defendants must produce all materials in the custody of Janice Diamond referring to any of the same subjects.

The time period for these document calls is the class period plus 42 days on each end. "Materials" include hard-copy and electronic materials and include those in the possession of the secretary, if any, to the person indicated. After these materials have been fully produced (no later than **NOON ON FEBRUARY 19, 2010**), plaintiffs may depose one Schwab person for one day, the person be selected by plaintiffs from among the seven referenced at the hearing and the deposition to occur on or before **FEBRUARY 26, 2010**. All plaintiff expert reports will have to be revised, if at all, and served by noon on **MARCH 12, 2010.** Plaintiffs' experts may be re-deposed on the revisions by **MARCH 19, 2010.** All other proposed discovery is denied.

The condition is that plaintiffs must pay all reasonable expenses — including defense attorney's fees — incurred in tracking down and producing the above-described documents and for re-deposing plaintiffs' experts on any revisions to their expert reports up to a ceiling of $300,000. The reason for this condition is that defendants have not been shown to be at fault and plaintiffs simply want to re-open discovery to pursue leads now of importance to them. There would be no manifest injustice in denying relief altogether. But the exploration desired by

2

1  plaintiffs would plausibly be worthwhile and fair to defendants so long as defendants are
2  reasonably held harmless from the extra expense.  By **NOON ON JANUARY 27, 2010**, plaintiffs
3  must file a statement stating whether they agree to the condition.  If the answer is anything other
4  than an unequivocal yes (reserving only appellate rights), then the existing schedule shall remain
5  in place with no new discovery.

6        Defense experts need not revise their reports but will be given leeway at trial and on
7  summary judgment to comment on the plaintiffs' revisions and on the mitigation effect of other
8  evidence also produced to plaintiffs that might undermine the revisions.  This leeway will be a
9  deviation from the normal practice regarding experts wherein all opinions and reasons must be in
10 the report.  It would just be unfair to force the expense of revisions on the defense when the
11 defense was not at fault.  If, however, plaintiffs agree in writing on or before February 26 to
12 reimburse all expert and attorney's fees and expenses incurred in revising said defense reports,
13 then the Court will so order it and set a prompt schedule.  If plaintiffs so elect, the overall ceiling
14 will be raised to $400,000.  All reimbursements will have to be within ten days of invoicing (*i.e.*,
15 not at the end of the case).

16       If by January 27, plaintiffs expressly elect the conditional relief herein, then the deadline
17 for filing the summary judgment motions (on a 35-day track) will be moved to **APRIL 8, 2010**, the
18 final pretrial conference will be moved to **JUNE 21, 2010, AT 1:00 P.M.**, and the trial will be
19 moved to **JULY 5, 2010, AT 7:30 A.M.**  These dates are the best that can be done.  Please do not try
20 to negotiate with the Court.  Many hours have been devoted to this question and this is the best
21 the Court can do.

22       Nothing in this order would reopen the opportunity to bring new motions to compel with
23 respect to the discovery period already closed.  The only discovery motions that could be brought
24 would be those involving directly the new discovery authorized by this order.

**IT IS SO ORDERED.**

Dated: January 22, 2010.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

3