IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: <br><br> CHARLES SCHWAB CORPORATION SECURITIES LITIGATION. <br><br> This Document Relates To All Cases. _____/ | No. C 08-01510 WHA <br><br> **NOTICE FOR ORAL ARGUMENT** |

Appended hereto is a possible jury introduction on how to evaluate the role of counsel in the preparation of the registration statements. Please come to the hearing with your own critique and counter proposals. This is *not* a ruling, for the Court has not made up its mind. This is only a way to focus discussion on how this problem would be explained to the jury.

Also, defense counsel should be prepared to answer:

1. Which defendants will testify that they actually believed in the accuracy of the registration statements based at least in part on the involvement of counsel;

2. Which defendants actually had communication with counsel concerning the registration statement; and

3. Does the record contain an offer of proof?

Dated: February 9, 2010.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

JURY INSTRUCTION
(For Discussion Only)

Section 11 allows defendants to avoid liability by proving that they "had, after reasonable investigation, reasonable ground to believe and did believe that the registration statement was not materially misleading." This is an affirmative defense and the burden of proof rests on defendants. The key inquiry focuses on each defendant's belief at the time in question and specifically whether he had reasonable belief in the accuracy of the registration statement.

Defendants have placed before you evidence that lawyers were involved in the process of preparing the registration statements. Defendants, however, have asserted and still assert the attorney-client privilege as to what they told the lawyers, if anything, and what the lawyers told them, if anything. There is nothing improper in defendants asserting the attorney-client privilege. But I must instruct you concerning the effect of this evidence and the assertion of the privilege.

Under Section 11, however, the burden is on defendants to prove that they "did believe" in the accuracy of the registration statement. If lawyers were involved in the preparation and filing process, you may not assume that the lawyers blessed the documents or that the lawyers ever learned all of the facts necessary properly to vet the registration statements. Although that sometimes occurs in such circumstances, it also sometimes occurs that lawyers advise caution or suggest revisions or state that the registration statements are not as accurate as they should be, in which case it is the client's final decision whether to follow the advice or to run risks.

In this case, due to the assertion of the privilege, we do not know the actual communications between defendants and their lawyers, so it is impossible to know how those communications affected or should have affected defendants' beliefs as to the accuracy or inaccuracy of the registration statement. If, for example, a defendant knew of facts and circumstances that should have been revealed to counsel but failed to reveal them, then that defendant should not have relied on lawyers being involved in the process. On the other hand, that a defendant had no communications directly or indirectly with counsel yet was aware that competent lawyers had been engaged for the preparation and filing process, may be considered by

you, along with all other facts and circumstances known to the defendant, in evaluating that defendant's good-faith belief.