1  DARRYL P. RAINS (CA SBN 104802)
   EUGENE ILLOVSKY (CA SBN 117892)
2  MORRISON & FOERSTER LLP
   755 Page Mill Road
3  Palo Alto, California 94304-1018
   Telephone: 650.813.5600
4  Facsimile: 650.494.0792
   Email: DRains@mofo.com
5
   CRAIG D. MARTIN (CA SBN 168195)
6  DOROTHY L. FERNANDEZ (CA SBN 184266)
   MORRISON & FOERSTER LLP
7  425 Market Street
   San Francisco, California 94105-2482
8  Telephone: 415.268.7000
   Facsimile: 415.268.7522
9
   Attorneys for defendants Mariann Byerwalter, Donald F.
10 Dorward, William A. Hasler, Robert G. Holmes, Gerald B.
   Smith, Donald R. Stephens, and Michael W. Wilsey

11

12

13                UNITED STATES DISTRICT COURT

14                NORTHERN DISTRICT OF CALIFORNIA

15                    SAN FRANCISCO DIVISION

16

17 | IN RE CHARLES SCHWAB CORP.         | Master File No. C-08-01510-WHA
   | SECURITIES LITIGATION              |
18 |                                    | <u>CLASS ACTION</u>
   |                                    |
19 |                                    | INDEPENDENT TRUSTEES'
   |                                    | MOTION FOR SUMMARY
20 |                                    | JUDGMENT
   |                                    |
21 |                                    | Date:    March 25, 2010
   |                                    | Time:    8:00 a.m.
22 |                                    | Judge:   Hon. William H. Alsup

23

24

25

26

27

28

**NOTICE OF MOTION AND MOTION**

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE THAT, on March 25, 2010, at 8:00 a.m. or as soon thereafter as the matter may be heard, in Courtroom 9 of the United States District Court for the Northern District of California, 450 Golden Gate Avenue, San Francisco, California, defendants Mariann Byerwalter, Donald F. Dorward, William A. Hasler, Robert G. Holmes, Gerald B. Smith, Donald R. Stephens, and Michael Wilsey will, and hereby do, move the Court, pursuant to Rule 56 of the Federal Rules of Civil Procedure, for summary judgment on the section 12 and section 17200 claims asserted against them in Plaintiffs' Second Consolidated Amended Complaint. The motion is made on the ground that, as to the issues set forth in the motion, there is no genuine issue as to any material fact.

The motion is based on this notice of motion, the accompanying brief in support of the motion, the declarations of Kimberly L. Taylor, Mariann Byerwalter, Donald F. Dorward, William A. Hasler, Robert G. Holmes, Gerald B. Smith, Donald R. Stephens, and Michael W. Wilsey, and such other written or oral argument as may be presented at or before the time this Motion is taken under submission by the Court.

# STATEMENT OF ISSUES
### (Local Rule 7-4)

1. Should the Court grant summary judgment on plaintiffs' section 12(a)(2) claim (15 U.S.C. § 77$l$(a)(2)) where plaintiffs cannot establish that the independent trustees passed title to YieldPlus fund shares to any investor or directly solicited the purchase of YieldPlus fund shares by any investor?

2. Should the Court grant summary judgment on plaintiffs' California Business and Professions Code section 17200 claim where plaintiffs cannot establish that they are entitled to restitution from any of the independent trustees?

# **TABLE OF CONTENTS**

Page

NOTICE OF MOTION AND MOTION ................................................................................................ i

STATEMENT OF ISSUES ................................................................................................................... ii

TABLE OF AUTHORITIES ................................................................................................................ iv

INTRODUCTION ................................................................................................................................. 1

ARGUMENT ......................................................................................................................................... 1

I.  PLAINTIFFS CANNOT SHOW THAT THE INDEPENDENT TRUSTEES ARE "SELLERS" UNDER SECTION 12. ............................................................................. 2

    A.  The Independent Trustees Did Not Pass Title to Fund Shares. ........................... 2

    B.  The Independent Trustees Did Not "Solicit" Purchases of Fund Shares. ............ 3

        1.  Plaintiffs Cannot Establish Solicitation on the Basis that the Independent Trustees Signed Registration Statements. ........................... 4

        2.  Plaintiffs Cannot Establish Solicitation on the Basis that the Independent Trustees Reviewed Advertising. ......................................... 6

        3.  Plaintiffs Cannot Establish Solicitation By "Attribution." ...................... 7

II. PLAINTIFFS CANNOT ESTABLISH A SECTION 17200 CLAIM FOR RESTITUTION AGAINST THE INDEPENDENT TRUSTEES. ................................ 9

CONCLUSION ...................................................................................................................................... 9

# **TABLE OF AUTHORITIES**

Page(s)

**CASES**

*Capri v. Murphy*,
  856 F.2d 473 (2d Cir. 1988) .................................................................................................. 8

*Celotex Corp. v. Catrett*,
  477 U.S. 317 (1986) .............................................................................................................. 2

*Cent. Labs. Pens. Fund v. Merix Corp.*,
  2005 WL 2244072 (D. Or. Sept. 15, 2005) ........................................................................... 6

*Endo v. Albertine*,
  147 F.R.D. 164 (N.D. Ill. 1993) ............................................................................................ 4

*In re Alliance Equip. Lease Program Sec. Litig.*,
  2002 WL 34451621 (S.D. Cal. Oct. 15, 2002) ...................................................................... 7

*In re Charles Schwab Corp. Sec. Litig.*,
  2009 WL 1371409 (N.D. Cal. May 15, 2009) ...................................................................... 5

*In re Charles Schwab Corp. Sec. Litig.*,
  2009 WL 2591389 (N.D. Cal. Aug. 21, 2009) ...................................................................... 9

*In re Charles Schwab Corp. Sec. Litig.*,
  257 F.R.D. 534 (N.D. Cal. 2009) ................................................................................*passim*

*In re Craftmatic Sec. Litig.*,
  890 F.2d 628 (3d Cir. 1989) .................................................................................................. 5

*In re Daou Sys., Inc. Sec. Litig.*,
  411 F.3d 1006 (9th Cir. 2005) ............................................................................................... 7

*In re DDi Corp. Sec. Litig.*,
  2005 WL 3090882 (C.D. Cal. Jul. 21, 2005) ......................................................................... 6

*In re Gas Reclamation, Inc., Sec. Litig.*,
  733 F. Supp. 713 (S.D.N.Y. 1990) ........................................................................................ 7

*In re Harmonic, Inc., Sec. Litig.*,
  2006 WL 3591148 (N.D. Cal. Dec. 11, 2006) ................................................................. 5, 6

*In re Infonet Servs. Corp. Sec. Litig.*,
  310 F. Supp. 2d 1080 (C.D. Cal. 2003) ............................................................................ 3, 6

*In re Lehman Bros. Sec. & ERISA Litig.*,
  2010 WL 337997 (S.D.N.Y. Feb. 1, 2010) ........................................................................... 8

*In re Metro. Sec. Litig.*,
   532 F. Supp. 2d 1260 (E.D. Wash. 2007) .................................................................... 6

*In re Mikohn Gaming Corp. Sec. Litig.*,
   2006 WL 2547095 (D. Nev. Aug. 31, 2006) ................................................................ 6

*In re Stratosphere Corp. Sec. Litig.*,
   1 F. Supp. 2d 1096 (D. Nev. 1998) .............................................................................. 6

*Mabon, Nugent, & Co. v. Borey*,
   127 B.R. 727 (S.D.N.Y. 1991) ..................................................................................... 8

*Moore v. Kayport Package Express, Inc.*,
   885 F.2d 531 (9th Cir. 1989) ........................................................................................ 7

*Persky v. Turley*,
   1991 WL 327434 (D. Ariz. Dec. 19, 1991) .................................................................. 7

*Pinter v. Dahl*,
   486 U.S. 622 (1988) ............................................................................................ *passim*

*Scholes v. Tomlinson*,
   145 F.R.D. 485 (N.D. Ill. 1992) ................................................................................... 4

*Shain v. Duff & Phelps Credit Rating Co.*,
   915 F. Supp. 575 (S.D.N.Y. 1996) ............................................................................... 8

*Shaw v. Digital Equip. Corp.*,
   82 F.3d 1194 (1st Cir. 1996) ........................................................................................ 5

*Siemers v. Wells Fargo & Co.*,
   2007 WL 1456047 (N.D. Cal. May 17, 2007) ........................................................ 2, 10

**STATUTES AND RULES**

15 U.S.C.
   § 77*l*(a)(2) ................................................................................................................ 2, 4

Cal. Bus. & Prof. Code
   § 17200 ......................................................................................................................... 1
   § 17203 ......................................................................................................................... 9

Fed. R. Civ. P.
   Rule 56(b) ..................................................................................................................... 2
   Rule 56(c)(2) ............................................................................................................ 1, 2

# INTRODUCTION

This motion is brought by the seven independent trustees of Schwab Investments.[1] The independent trustees also join in the motion for summary judgment filed by the Schwab-affiliated defendants and incorporate their arguments by reference. This motion presents separate bases for granting summary judgment for the independent trustees on plaintiffs' section 12 and section 17200 claims.

Plaintiffs alleged that the independent trustees were "sellers" under section 12 because they signed the fund's registration statement and "actively solicited" investors. Signing a registration statement is, as a matter of law, not enough to establish that the independent trustees are sellers for purposes of section 12. And the undisputed evidence shows the independent trustees did not actively solicit any investors' purchases of the YieldPlus fund.

Plaintiffs also named the independent trustees as defendants to their section 17200 claim. Section 17200 only allows restitution as the measure of relief available to plaintiffs. But the undisputed evidence shows the trustees did not receive any monies from plaintiffs. Plaintiffs have no basis for obtaining restitution from the independent trustees.

For these reasons, the Court should grant summary judgment on plaintiffs' section 12 and section 17200 claims in favor of the independent trustees.

# ARGUMENT

A court should grant summary judgment when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2). The "party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion," but it does not have to produce evidence

---

[1] Schwab Investments is a trust consisting of several series of Schwab mutual funds, including the YieldPlus fund. The seven independent trustees are — Mariann Byerwalter, Donald F. Dorward, William A. Hasler, Robert G. Holmes, Gerald B. Smith, Donald R. Stephens, and Michael W. Wilsey. (Sec. Am. Compl. [Dkt. 250] ¶¶ 34–40; see Declaration of Kimberly L. Taylor in Support of the Independent Trustees' Motion for Summary Judgment ("Taylor Decl."), Exh. 1 (Trustees' Declarations).)

"*negating* the opponent's claim." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Rather, the moving party may discharge its burden by simply "showing — that is, pointing out . . . that there is an absence of evidence to support the nonmoving party's case." *Id.* at 325; *see also* Fed. R. Civ. P. 56(b) & (c)(2). In response, the nonmoving party bears "the burden of identifying with reasonable particularity the evidence that precludes summary judgment." *Siemers v. Wells Fargo & Co.*, 2007 WL 1456047, at *2 (N.D. Cal. May 17, 2007) (citation omitted). Only when "there is sufficient evidence for a reasonable finder of fact to return a verdict for the non-moving party" is there a "genuine dispute as to a material fact." *Id.*

## I. PLAINTIFFS CANNOT SHOW THAT THE INDEPENDENT TRUSTEES ARE "SELLERS" UNDER SECTION 12.

Count II of plaintiffs' complaint is a section 12(a)(2) claim. Section 12(a)(2) permits the purchaser of a security to sue the person from whom he purchased it if the sale was made "by means of a prospectus or oral communication" that contained "an untrue statement of a material fact" or "omit[ted] to state a material fact." 15 U.S.C. § 77*l*(a)(2).

A section 12(a)(2) claim may only be asserted against the "seller" of a security. 15 U.S.C. § 77*l*(a)(2). The United States Supreme Court has interpreted "seller" to mean the "owner who passed title," along with any "person who successfully solicits the purchase motivated at least in part by a desire to serve his own financial interests or those of the security owner." *Pinter v. Dahl*, 486 U.S. 622, 647 (1988); *In re Charles Schwab Corp. Sec. Litig.*, 257 F.R.D. 534, 548 n.2 (N.D. Cal. 2009) ("Ninth Circuit has clarified that" *Pinter*'s "inquiry" under section 12(a)(1) "governs claims under Section 12(a)(2).") (citation omitted).

No evidence supports plaintiffs' charge that the independent trustees are "sellers" for purposes of section 12 liability.

### A. The Independent Trustees Did Not Pass Title to Fund Shares.

Plaintiffs cannot meet the first test under *Pinter*. Plaintiffs' complaint did not allege that any independent trustee "passed title" to any of the plaintiffs. (*See* Sec. Am. Compl.) Quite the contrary: the complaint alleges, and it is undisputed, that Schwab Investments is the "issuer of [the] shares." (*Id.* ¶ 28.) The independent trustees did not pass title to the fund's securities to any

investor. (*See* Taylor Decl. Exh. 1 (Trustees' Decls.) ¶ 4.) Plaintiffs will, therefore, be unable to establish liability on this basis. *See, e.g., In re Infonet Servs. Corp. Sec. Litig.*, 310 F. Supp. 2d 1080, 1100 (C.D. Cal. 2003) (section 12(a)(2) claim dismissed where defendants did not pass title to the security).

### B. The Independent Trustees Did Not "Solicit" Purchases of Fund Shares.

Because the independent trustees did not pass title to YieldPlus fund shares, plaintiffs must prove that the independent trustees directly "solicited" plaintiffs. *Pinter*, 486 U.S. at 647. There is, however, no evidence to support this allegation.

In deciding whether a defendant "solicited" a plaintiff's purchase, the focus of the inquiry is on "defendant's relationship with the plaintiff-purchaser." *In re Charles Schwab Corp. Sec. Litig.*, 257 F.R.D. at 549 (citation omitted). The plaintiff must prove that the defendant "had some 'direct' role in the solicitation of the plaintiff." *Id*. (citations omitted); *see also id*. at 548 ("'defendants [must have done] more than simply urge another to purchase a security; rather, the plaintiff must show that the defendants solicited purchase of the securities for their own financial gain'") (citation omitted).

Just participating in the sales process is not enough to establish "direct solicitation." As the Court wrote in ruling on an earlier motion to dismiss in this case:

> In *Pinter*, the Supreme Court left little doubt that mere participation in a solicitation or sale will not suffice: "[Section] 12's failure to impose express liability for mere participation in unlawful sales transactions suggests that Congress did not intend that the section impose liability on participants' collateral to the offer or sale. When Congress wished to create such liability, it had little trouble doing so."

257 F.R.D. at 549 (*citing Pinter*, 486 U.S. at 650 & n.27).

Plaintiffs dutifully alleged, in their complaint, that the independent trustees "were 'participants' in the distribution of the fund's shares,'" "'offered and sold'" shares, and "'actively solicited the sale of the fund's shares.'" *Id*. at 549–50. No evidence supports these allegations. None of the independent trustees played any role in soliciting investors in the YieldPlus fund. They did not draft or approve the fund's advertisements. (*See* Taylor Decl. Exh. 1 (Trustees' Decls.) ¶ 5.) They did not participate in any solicitation efforts of the YieldPlus fund's

underwriter, Charles Schwab & Co., Inc. (*Id*.) And, with one isolated exception, none of the trustees spoke with, or otherwise communicated with, any individual investors about the YieldPlus fund.[2]

We recently sent plaintiffs an interrogatory asking them to specify exactly "how each '§ 12 Defendant[]' was a 'seller' of the YieldPlus Fund's shares." (*See* Taylor Decl. Exh. 2 (Schwab's First Set of Interrogs. to Pl. Kevin O'Donnell and Suppl. Resps., No. 10) at 19:23–24.) Plaintiffs answered with three identical "facts" for each independent trustee: (1) they signed the fund's registration statement; (2) they had "the opportunity to review and provide input on YieldPlus advertising"; and (3) they "delegat[ed] [solicitation] to employees of CS&Co. and CSIM" and "those efforts [we]re directly attributable to the trustees." (*See id.*; *see also* Taylor Decl. Exh. 3 (Schwab's First Set of Interrogs. to Pl. David Mikelonis and Suppl. Resps., No. 13) at 50:18–56:12).) These arguments cannot withstand summary judgment.

### 1. Plaintiffs Cannot Establish Solicitation on the Basis that the Independent Trustees Signed Registration Statements.

Plaintiffs say that the independent trustees are section 12 sellers because they signed the fund's registration statements. (*See, e.g.*, Taylor Decl. Exh. 3 at 50:19–20.) In *Pinter v. Dahl*, however, the Supreme Court rejected the idea that "seller" status could arise from a defendant's role in the preparation, or execution, of a registration statement. 486 U.S. at 649–50. The Court specifically rejected the Fifth Circuit's "substantial factor" test which defined sellers as those "'whose participation in the buy-sell transaction [wa]s a substantial factor in causing the

---

[2] One trustee, Robert Holmes, spoke with one individual investor about the YieldPlus fund. (*See* Taylor Decl. Exh. 1 (Holmes Decl.) ¶ 5.) Even if plaintiffs could prove this constitutes solicitation under section 12, a single conversation with one investor cannot transform Mr. Holmes into a seller vis-à-vis the class. Section 12, by its terms, extends seller liability only "to the person purchasing such security from" a defendant. 15 U.S.C. § 77*l*(a)(2); *see also Endo v. Albertine*, 147 F.R.D. 164, 172 (N.D. Ill. 1993) (explaining that plaintiffs can only recover from the specific defendants from whom they purchased stock). Mr. Holmes did not solicit the named plaintiffs and the class cannot bring a section 12 claim against him. *See, e.g., Scholes v. Tomlinson*, 145 F.R.D. 485, 491–92 (N.D. Ill. 1992) (limiting section 12 certification to a subclass of only those investors who purchased securities from, or were solicited by, the defendants).

transaction to take place.'" *Id.* at 649 (citation omitted).[3] The Court rejected this test because it focused on the "defendant's degree of involvement in the securities transaction." *Id.* at 651. It held the use of the words "purchase from" in the statute requires that the focus should be on the "defendant's relationship with the plaintiff purchaser." *Id.*

In interpreting the language of section 12, the Supreme Court emphasized the differences between sections 11 and 12, noting that section 11 — unlike section 12 — expressly applies to persons who "sign" a registration statement. *Id.* at 650. The Court concluded:

> Section 11(a) explicitly enumerates the various categories of persons involved in the registration process who are subject to suit under that section, including many who are participants in the activities leading up to the sale. There are no similar provisions in § 12, and therefore we may conclude that Congress did not intend such persons to be defendants in § 12 actions.

*Id.* at 650 n.26.

The act of signing a registration statement does not meet the test set out in *Pinter* because signing an SEC filing does not say anything about whether the defendant has developed any type of "relationship" with an investor. As this Court noted in a prior order, prospectuses are not like traditional "offers," but rather "are *mandatory* regulatory disclosure documents." *In re Charles Schwab Corp. Sec. Litig.*, 2009 WL 1371409, at *3 (N.D. Cal. May 15, 2009). Nothing about signing a mandatory disclosure document suggests the signer has a relationship with any investor or engaged in direct solicitation of that investor's purchase of fund shares.

The Ninth Circuit has not addressed whether signing a registration statement "will suffice to state a Section 12 claim." *In re Charles Schwab Corp. Sec. Litig.*, 257 F.R.D. at 549. But other "circuits that have addressed the issue have determined that simply signing a registration statement or prospectus provides an insufficient legal basis for relief." *In re Harmonic, Inc., Sec. Litig.*, 2006 WL 3591148, at *13 (N.D. Cal. Dec. 11, 2006) (*citing Rosenzweig v. Azurix*, 332 F.3d 854, 871 (5th Cir. 2003); *In re Craftmatic Sec. Litig.*, 890 F.2d 628, 636 (3d Cir. 1989)); *see also Shaw v. Digital Equip. Corp.*, 82 F.3d 1194, 1216 (1st Cir. 1996) ("Under *Pinter* . . .

---

[3] The Ninth Circuit had applied a similar test. *See Pinter*, 486 U.S. at 650 n.25.

neither involvement in preparation of a registration prospectus nor participation in 'activities' relating to the sale of securities, standing alone, demonstrates the kind of *relationship between defendant and plaintiff* that could establish statutory seller status.").[4]

To survive summary judgment, "plaintiffs must point to facts establishing that defendants were actually and directly involved in solicitation or sales." *In re Charles Schwab Corp. Sec. Litig.*, 257 F.R.D. at 555. "[M]ere *participation* in a solicitation or sale will not suffice." *Id.* at 549. Because signing a registration statement is, at most, merely "participating" in a sale and shows no relationship between the investors and the trustees, as a matter of law it is not enough to establish seller status under section 12.

### 2. Plaintiffs Cannot Establish Solicitation on the Basis that the Independent Trustees Reviewed Advertising.

Plaintiffs also argue that the independent trustees are "sellers" because they "had the opportunity to review and provide input on [the] YieldPlus advertising" either at board or committee meetings. (*See, e.g.*, Taylor Decl. Exh. 3 at 51:12–18.)

Plaintiffs have no evidence, however, that the independent trustees reviewed and provided input into any YieldPlus fund ad. That's because the board of trustees had no role in drafting or approving YieldPlus fund advertisements. (*See* Taylor Decl. Exh. 1 (Trustees' Decls.) ¶ 5.) Moreover, as a matter of law, reviewing advertising does not constitute "direct" solicitation of an investor's purchase. It is, at most, a "collateral" activity only tangentially related to an actual

---

[4] Although there is some disagreement, the weight of recent authority in the district courts also holds that merely preparing or signing a registration statement or prospectus does not establish "seller" status. *See, e.g., In re Metro. Sec. Litig.*, 532 F. Supp. 2d 1260, 1295 (E.D. Wash. 2007) (signing prospectus insufficient); *In re Harmonic, Inc., Sec. Litig.*, 2006 WL 3591148, at *14 (N.D. Cal. Dec. 11, 2006) (same); *In re Mikohn Gaming Corp. Sec. Litig.*, 2006 WL 2547095, at *18 (D. Nev. Sept. 1, 2006) (signing registration statement insufficient); *Cent. Labs. Pens. Fund v. Merix Corp.*, 2005 WL 2244072, at *8 (D. Or. Sept. 15, 2005) ("[T]his court follows the weight of the authority that merely signing a prospectus does not qualify as soliciting a sale of securities sufficient to render an individual a seller for purposes of section 12(a)(2)."); *In re DDi Corp. Sec. Litig.*, 2005 WL 3090882, at *18 (C.D. Cal. Jul. 21, 2005) (assisting in preparing and issuing a prospectus insufficient); *In re Infonet Servs. Corp. Sec. Litig.*, 310 F. Supp. 2d 1080, 1101 (C.D. Cal. 2003) (serving on board and signing prospectus and registration statement insufficient); *In re Stratosphere Corp. Sec. Litig.*, 1 F. Supp. 2d 1096, 1120–21 (D. Nev. 1998) (involvement in preparing registration statement insufficient).

sales solicitation. *Pinter*, 486 U.S. at 647; *see, e.g.*, *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 537 (9th Cir. 1989) (participation of lawyers and accountants in preparing marketing materials did not rise to the level of "solicitation"); *In re Alliance Equip. Lease Program Sec. Litig.*, 2002 WL 34451621, at *9–10 (S.D. Cal. Oct. 15, 2002) (assembling written materials amounts to "'merely assist[ing] in another's solicitation efforts'") (citation omitted); *In re Gas Reclamation, Inc., Sec. Litig.*, 733 F. Supp. 713, 723 (S.D.N.Y. 1990) ("extensive[]" participation in preparation of prospectus not enough to establish direct solicitation of a purchase).

The independent trustees did not review and provide input on YieldPlus fund ads. And, even if they had, that would not make them section 12 sellers. Like signing a registration statement, editing an advertisement does not create a "direct" relationship between a trustee and a YieldPlus fund investor. The Court should grant summary judgment for the independent trustees in light of the absence of any evidence of a "direct" relationship with investors. *In re Alliance Equip. Lease Program Sec. Litig.*, 2002 WL 34451621, at *8 (summary judgment granted for defendant where plaintiffs failed to submit any evidence of "direct contact with any of the investors").

### 3. Plaintiffs Cannot Establish Solicitation By "Attribution."

Finally, plaintiffs say the independent trustees are "sellers" because they "exerted control through delegation to employees of CS&Co. and CSIM of the solicitation of the YieldPlus fund." (*See, e.g.*, Taylor Decl. Exh. 3 at 51:18–21.) Plaintiffs argue that, as a result, solicitations by other persons or entities are "attributable" to the trustees. (*Id.*)

In the Ninth Circuit, plaintiffs must prove that the defendant was "'directly involved' in the actual solicitation of a securities purchase." *In re Daou Sys., Inc. Sec. Litig.*, 411 F.3d 1006, 1029 (9th Cir. 2005). Delegation to others, of course, is the antithesis of being "actually and directly involved in solicitation or sales." *In re Charles Schwab Corp. Sec. Litig.*, 257 F.R.D. at 555; *see also Persky v. Turley*, 1991 WL 327434, at *8–9 (D. Ariz. Dec. 19, 1991) (allegations that defendants supervised the distribution and sale of securities is not enough).

Plaintiffs didn't allege that the independent trustees were "directly" involved in any solicitation efforts by either of the Schwab entities. The independent trustees, of course, are not "officers, directors, or employees" of either the fund's underwriter, Charles Schwab & Co., Inc., or its investment adviser, Charles Schwab Investment Management, Inc. (*See* Taylor Decl. Exh. 1 (Trustees' Decls.) ¶ 3.) Nor did they directly participate in any sales efforts by the fund's underwriter. (*Id.*)[5]

Some courts have held that, in limited circumstances, a defendant may be liable for another person's solicitation. *See, e.g.*, *Capri v. Murphy*, 856 F.2d 473, 478 (2d Cir. 1988). Those circumstances exist when the direct seller is the defendant's agent and the defendant has specifically directed all aspects of the solicitation efforts. *Id*. (general partners could be liable where agent has taken "no action in relation to the investors other than that which was contemplated and authorized by the defendants") (citation omitted).[6] This case, however, does not present the unique circumstances that would make the independent trustees liable for the solicitation efforts of the fund's underwriter and investment adviser. The Schwab entities are not the agents of the independent trustees and, as already explained, the trustees did not direct their solicitation efforts. *See, e.g.*, *Mabon, Nugent, & Co. v. Borey*, 127 B.R. 727, 735 (S.D.N.Y. 1991) (directors are "quintessentially collateral participants," even when they act to authorize a sale).

---

[5] It's undisputed that Charles Schwab & Co., Inc. is the fund's underwriter. (Sec. Am. Compl. ¶ 26.) Nowhere do plaintiffs explain how the fund's investment adviser, Charles Schwab Investment Management, Inc., purportedly participated in the sale or solicitation of fund shares. (*Id.* ¶ 27.)

[6] District courts within the Second Circuit have interpreted *Capri*'s holding narrowly, limiting it to its unique facts and requiring direct, personal contact between defendants and investors. *See, e.g., In re Lehman Bros. Sec. & ERISA Litig.*, 2010 WL 337997, at *3–4 (S.D.N.Y. Feb. 1, 2010) (distinguishing *Capri* and requiring direct contact with investors); *Shain v. Duff & Phelps Credit Rating Co.*, 915 F. Supp. 575, 581–83 (S.D.N.Y. 1996) (distinguishing *Capri* and requiring that defendant "directly or personally solicit the buyer").

INDEPENDENT TRUSTEES' MOTION FOR SUMMARY JUDGMENT
MASTER FILE NO. C-08-01510-WHA
sf-2796289

8

## II. PLAINTIFFS CANNOT ESTABLISH A SECTION 17200 CLAIM FOR RESTITUTION AGAINST THE INDEPENDENT TRUSTEES.

Count IV of plaintiffs' complaint alleges a violation of California Business and Professions Code section 17200. (Sec. Am. Compl. ¶ 152.) Plaintiffs cannot proceed on this claim against the independent trustees because they have no basis for seeking restitution from them. Restitution can only be obtained from someone who wrongfully "obtained" money directly from an injured plaintiff. Cal. Bus. & Prof. Code § 17203. The undisputed evidence shows that no independent trustee received any money from any investor.

The Court previously dismissed plaintiffs' section 17200 claim against Kimon Daifotis on this ground, and the Court's logic applies to the independent trustees with equal force. *In re Charles Schwab Corp. Sec. Litig.*, 2009 WL 2591389, at *10–11 (N.D. Cal. Aug. 21, 2009). In its order, the Court noted that "[a]n order for restitution is one 'compelling a UCL defendant to return money obtained through an unfair business practice to those persons in interest from whom the property was taken, that is, to persons who had an ownership interest in the property or those claiming through that person.'" *Id.* at *10 (*citing Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal. 4th 1134, 1149 (2003)). The Court recognized that "losses to the fund's value" is not the same as paying money to an individual defendant. *Id.* The Court added that any compensation paid to Mr. Daifotis was paid by his employer, not by the fund's investors. *Id.*

The Court's conclusions equally apply to the independent trustees. None of these defendants obtained any benefit from investors when the fund's net asset value ("NAV") declined. And none of these defendants received money directly from investors. They were all compensated by Schwab Investments for their services, not by any YieldPlus fund investor. Just as plaintiffs failed to identify any "money or property taken by Mr. Daifotis," they fail to identify any money or property taken by the independent trustees. The independent trustees are entitled to summary judgment on plaintiffs' section 17200 claim.

## CONCLUSION

Plaintiffs lumped the independent trustees along with the other defendants in their complaint. To survive summary judgment, however, plaintiffs now must come forward with

1 evidence to support their claims against these particular defendants. Plaintiffs can no longer rely
2 solely on their pleadings for support.

3       Plaintiffs do not have evidence that the independent trustees directly solicited YieldPlus
4 fund investors. Plaintiffs will be unable to point to a genuine issue of material fact on this
5 question and thus lack "sufficient evidence for a reasonable finder of fact" to find in their favor.
6 *Siemers,* 2007 WL 1456047, at *2. Because plaintiffs will be unable to prove that the
7 independent trustees are "sellers" under section 12, we respectfully request summary judgment
8 for the independent trustees on this claim.

9       Likewise, plaintiffs lack any evidence that the independent trustees received any money
10 from YieldPlus investors or any benefit from the decline in the YieldPlus fund's NAV. As a
11 result, plaintiffs have no claim for restitution against these defendants and cannot prevail on their
12 section 17200 claim. For these reasons, we respectfully request summary judgment for the
13 independent trustees on plaintiffs' section 17200 claim.

14 Dated: February 11, 2010       DARRYL P. RAINS
      EUGENE ILLOVSKY
15       CRAIG D. MARTIN
      DOROTHY L. FERNANDEZ
16       MORRISON & FOERSTER LLP

17       By: /s/ Darryl P. Rains
           Darryl P. Rains
18
      Attorneys for defendants Mariann
19       Byerwalter, Donald F. Dorward, William
      A. Hasler, Robert G. Holmes, Gerald B.
20       Smith, Donald R. Stephens, and Michael
      W. Wilsey

21

22

23

24

25

26

27

28

INDEPENDENT TRUSTEES' MOTION FOR SUMMARY JUDGMENT       10
MASTER FILE NO. C-08-01510-WHA
sf-2796289