DARRYL P. RAINS (CA SBN 104802)
EUGENE ILLOVSKY (CA SBN 117892)
MORRISON & FOERSTER LLP
755 Page Mill Road
Palo Alto, California 94304-1018
Telephone: 650.813.5600
Facsimile: 650.494.0792
Email: DRains@mofo.com

CRAIG D. MARTIN (CA SBN 168195)
DOROTHY L. FERNANDEZ (CA SBN 184266)
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: 415.268.7000
Facsimile: 415.268.7522

Attorneys for defendants The Charles Schwab Corporation, Charles Schwab & Co., Inc., Charles Schwab Investment Management, Inc., Schwab Investments, Charles R. Schwab, Evelyn Dilsaver, Randall W. Merk, George Pereira, and Matthew Hastings

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE CHARLES SCHWAB CORP. SECURITIES LITIGATION | Master File No. C-08-01510-WHA <br><br> <u>CLASS ACTION</u> <br><br> [PROPOSED] ORDER GRANTING SCHWAB'S MOTION FOR SUMMARY JUDGMENT |

Defendants The Charles Schwab Corporation, Charles Schwab & Co., Inc., Charles Schwab Investment Management, Inc., Schwab Investments, Charles R. Schwab, Evelyn Dilsaver, Randall W. Merk, George Pereira, and Matthew Hastings have moved the Court, pursuant to Federal Rule of Civil Procedure 56, for summary judgment on all claims in plaintiffs' Second Consolidated Amended Complaint.

This matter came on for hearing on March 25, 2010 at 8:00 a.m.

Having considered all the papers filed by the parties in connection with Schwab's Motion for Summary Judgment, the parties' arguments at the hearing on this matter, and other materials of which the Court may properly take judicial notice, the Court hereby GRANTS the motion as to the following:

1. Count I for violation of section 11 of the Securities Act of 1933;

2. Count II for violation of section 12(a)(2) of the Securities Act of 1933;

3. Count III for violation of section 15 of the Securities Act of 1933; and

4. Count IV for violation of section 17200 of the California Business & Professions Code.

The Court also holds that there is no genuine issue of material fact as to whether plaintiffs are entitled to section 12 damages for losses sustained after they filed their complaint in this action on March 18, 2008. The Court therefore rules that plaintiffs are not entitled to section 12 post-class period damages as a matter of law.

IT IS SO ORDERED.

Dated: _____, 2010

_____
HON. WILLIAM H. ALSUP
UNITED STATES DISTRICT JUDGE