IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

IN RE

CHARLES SCHWAB CORPORATION
SECURITIES LITIGATION.

No. C 08-01510 WHA

This Document Relates To All Cases.

**ORDER RE WAIVER OF ATTORNEY-CLIENT AND WORK-PRODUCT PRIVILEGES**

    Section 11 allows defendants to avoid liability by proving that they "had, after reasonable investigation, reasonable ground to believe and did believe that the registration statement was not materially misleading." This is an affirmative defense and the burden of proof rests on defendants. The key inquiry focuses on a defendant's belief at the time in question and specifically whether he had reasonable belief in the accuracy of the registration statement. A similar affirmative defense is afforded by Sections 12 and 15.

    When a defendant asserts the affirmative defense, he places in issue his subjective state of mind as to the contested disclosures at the time in question and therefore *all* information, whether privileged or not, received by him on those matters during or before the time in question are discoverable. This is because all information received by him on those matters would have, or at least arguably should have, informed his belief as to the reasonableness of the investigation and the accuracy of the registration statement. The waiver extends to all relevant communications received by said defendant on or before the time in question, whether or not said

defendant now remembers those communications. It does not, however, waive any privilege as to communications received only *by others*, for those communications could not have influenced the state of mind of the defendant in question. This means that those defendants who merely testify at trial that they believed competent counsel had been employed to investigate and to prepare the registration statement in compliance with regulations and that they otherwise had nothing to do with their preparation will waive no privilege *so long as they had no relevant privileged communications*.

If the defendant is a corporation rather than an individual, then the communications that matter are all those received by all officers, directors and any managing agents responsible for the registration statements, for their state of mind would be at issue, they being the ones through whom the corporation must have acted. Therefore, in the case of a corporation asserting the defense, the waiver must extend to all officers, directors and any managing agents responsible for the registration statements and the relevant communications received by them up to the time in question. Again, the waiver occurs even if one or more of the officers, directors and managing agents have now forgotten the communications, for those communications would have helped inform their beliefs at the time in question, regardless of their present-day memories.

As to such communications, the waiver extends to the following subjects: (i) the investigative process used to prepare the registration statement, including the scope of engagement, the qualifications and experience of those involved; (ii) the registration statement itself, and (iii) the specific topics (such as the duration issue) challenged in this action. An example of the latter would be communications regarding the duration question whether or not the communication came upon in the specific context of the registration statement.

Also waived are any communications *from* said defendant *to* counsel made during or before the time in question bearing upon the registration statement or the investigative process used to prepare it or the particular topics challenged as misleading (such as the duration question) since these statements would or could reasonably be expected to have influenced or revealed said defendant's beliefs. And, the adequacy of the client disclosure to counsel may be a factor in evaluating the reasonableness of reliance on counsel's response or investigation.

Assuming, therefore, that the documents were requested and that the requests were otherwise unobjectionable, this order holds that, as to each defendant asserting said defense, any privilege assertable by said defendant must be deemed waived and the requested communications must be turned over under Rule 34. As stated, there is no waiver as to communications received only by others. Nor is there any waiver as to the actual propriety of compliance counsel's vetting process except to the extent of actual communications on that subject to or from those defendants invoking the defense.

Each defendant may have until **MARCH 1 AT NOON** to file an election whether to withdraw the affirmative defense. Some may choose to do so and others may not. But on that date, defense counsel must produce for inspection and copying all documents previously withheld from production on account of privilege which were directed to or from any defendant persisting in the defense, at least for documents prepared during or before the time in question on the subject of the registration statement, the investigative process and to prepare them, and any of the particular topics challenged herein as misleading (such as the duration question), whether or not said defendant now remembers the communication, keeping in mind that for any corporate defendant the waiver will extend to all officers, directors and any managing agents responsible for the registration statements.

The Court has read the declarations of Darryl P. Rains and David B. Bayless submitted yesterday. Those declarations plainly indicate that there are documents that should be produced under this ruling. The exact extent of the required production depends on facts in the possession of counsel and so the Court hereby **ORDERS** Attorneys Rains and Bayless to produce unredacted copies of all previously withheld materials as to those defendants who persist in these affirmative defenses, as set forth above. The declarations do not reveal enough information for the Court to identify all documents that should be produced, so the Court will not pick some and thereby imply that others need not be produced. Counsel will understand this ruling and knowing all of

3

the facts will proceed honorably. Depositions of counsel and those involved in the process will not be ordered at this time.

**IT IS SO ORDERED.**

Dated: February 23, 2010.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE