IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE<br>CHARLES SCHWAB CORPORATION<br>SECURITIES LITIGATION.<br>_____/<br>This Document Relates To All Cases.<br>_____/ | No. C 08-01510 WHA<br><br>**ORDER FOLLOWING<br>FEBRUARY 24 HEARING** |

A hearing was held on February 24 regarding the Court's *in camera* review of ten documents listed on defendants' privilege log which plaintiffs identified as being unable determine the basis for privilege. Based on the Court's review and the explanation of defendants in their written submission and during the hearing, exhibits 2, 3, 4, 5, 6, 7 and 10 are held to be privileged for the reasons stated at the hearing. Exhibit 9 was found to have been misidentified by defendants as privileged, although plaintiffs stated at the hearing that they have already received unredacted copies of this exhibit elsewhere in defendants' production and one sentence of both versions is privileged. Defendants must supplement their showing as to why exhibit 8 is privileged, specifically addressing whether the redlines in the exhibit were reviewed only by nonlawyers or by lawyers, by **NOON ON MARCH 8, 2010**. The issue of whether exhibit 1 is properly withheld as privileged is still under review by the Court.

By **NOON ON MARCH 1, 2010**, defendant Kimon Daifotis shall file a written submission regarding who has authority to waive privilege as he is no longer an employee of Schwab and how this affects the overall analysis. Plaintiffs shall file a response on or before **NOON ON**

**MARCH 5, 2010.** By **NOON ON APRIL 12, 2010**, defendants must produce all documents as to which privilege has been waived.

At the February 24 hearing, plaintiffs identified four overarching topics that allegedly made the YieldPlus fund riskier than was disclosed to investors, including (1) overconcentration of risk, (2) lack of internal controls and proper risk management, (3) violation of liquidity limits and (4) mismanaged duration. By **NOON ON MARCH 8, 2010**, plaintiffs shall identify which of the 51 alleged misstatements identified in their expert's report correspond to each of these four overarching topics and whether any of them can be provisionally dropped from the case, with the understanding that plaintiffs may reinsert some of them at or before the pretrial conference for good cause.

**IT IS SO ORDERED.**

Dated: February 25, 2010.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE