United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

IN RE

CHARLES SCHWAB CORPORATION
SECURITIES LITIGATION.
                                                     /
This Document Relates To All Cases.
                                                     /

No. C 08-01510 WHA

**ORDER RE WELLS SUBMISSION**

Plaintiffs have moved to compel production of material that defendants withheld on the basis of attorney-client privilege. Plaintiffs allege that defendants waived the privilege as to these materials by revealing the substance of advice of counsel to the SEC via their Wells submission of November 19, 2009, and the testimony of several individual defendants to the SEC. After consideration of the excerpts of the Wells submission and testimony transcripts submitted by plaintiffs in support of their motion, this order finds that defendants did not waive the privilege.

To be sure, defendants' Wells submission was carefully crafted to leave the impression that three sets of lawyers — including funds' in-house lawyers, funds' outside counsel and the independent trustees' separate outside counsel — had blessed the change in concentration policy. A close reading, however, shows that at no time did the Wells submission actually reveal the substance of what counsel advised. Though it would be inconsistent with the overall impression left by the Wells submission, the fact remains that counsel might have advised a different course of action, or advised as to potential risks of the course taken. Still, the actual advice given was not revealed. Therefore, this orders finds no waiver occurred by reason of the Wells submission.

Plaintiffs also identified five individual defendants whose SEC testimony allegedly waived the privilege by similarly revealing the substance of attorney advice. Again, however, examination of these testimony excerpts demonstrates that no attorney advice was actually revealed. For example, defendant Randall Merk, who was a trustee and then president and CEO of the funds, merely testified that he reviewed a memorandum from outside counsel prior to a board meeting and that the legal advice contained in the memorandum was discussed during the meeting. However, he never actually disclosed any of the substance of what that legal advice was, and in fact pointedly refused to do so (Lopez Decl. Exh. F, Merk Dep. 64–65). The other four individual defendants who testified before the SEC — Charles Schwab, Michael Wilsey, Gerald Smith and Donald Stephens — also did not divulge the content of attorney advice. That these defendants disclosed the mere fact that they consulted their counsel without revealing the substance of the advice was insufficient to waive the privilege.

For the foregoing reasons, plaintiffs' motion to compel on the basis that defendants waived attorney-client privilege through disclosure to the SEC is **DENIED**.

**IT IS SO ORDERED.**

Dated: March 1, 2010.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE