DAVID B. BAYLESS (SBN 189235)
Email: dbayless@cov.com
TAMMY ALBARRÁN (SBN 215605)
Email: talbarran@cov.com
AILEEN WHEELER (SBN 203705)
Email: awheeler@cov.com
PAUL WATKINS (SBN 244974)
Email: pwatkins@cov.com
COVINGTON & BURLING LLP
One Front Street
San Francisco, CA 94111
Telephone: 415-591-6000
Facsimile: 415-591-6091

Attorneys for Defendant Kimon P. Daifotis

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE SCHWAB CORP. SECURITIES LITIGATION | Master File No.: 08-CV-01510 WHA<br><br>**CLASS ACTION**<br><br>**DEFENDANT KIMON P. DAIFOTIS' REPLY TO SUPPLEMENTAL BRIEFING PURSUANT TO COURT ORDER ENTERED FEBRUARY 25, 2010**<br><br>Judge: Hon. William H. Alsup<br>Courtroom: 9, 19th Floor |

## INTRODUCTION

Defendant Kimon P. Daifotis ("Mr. Daifotis") submits this reply in support of his supplemental brief on the issue of who has authority to waive the privilege as he is no longer employed by Schwab and how Schwab's assertion of the privilege impacts his right to assert a reasonable care affirmative defense under Section 12(a)(2) of the Securities Act of 1933 ("Section 12") – the only remaining claim against him. *See* 15 U.S.C. § 77l(a)(2).

In asserting a reasonable care defense, Mr. Daifotis seeks to introduce evidence at trial that "he did not know, and in the exercise of reasonable care could not have known," of the alleged false or misleading statements contained in the prospectus. *See* 15 U.S.C. § 77l(a)(2). Mr. Daifoitis intends to rely on the existence of *non-privileged* facts to support this defense, namely that in-house and outside lawyers were involved in the review of certain documents that plaintiffs allege were false and misleading.

Contrary to plaintiffs' assertion – an assertion that has no legal basis – Mr. Daifotis cannot waive the attorney-client privilege that belongs to Schwab, not Mr. Daifotis. As a result, Mr. Daifotis stands to suffer unfair prejudice under the Court's Order restricting his right to testify and introduce evidence relevant to his reasonable care defense.

Thus, Mr. Daifotis requests that the Court defer ruling on the question of how Schwab's assertion of the attorney-client privilege affects Mr. Daifotis' reasonable care defense until closer to trial. Alternatively, Mr. Daifotis requests that he be allowed to rely on non-privileged communications to assert his reasonable care defense.[1]

---

[1] Plaintiffs complain that Mr. Daifotis is inappropriately "attempting to re-litigate" issues already decided by the Court's February 23, 2010 Order. (*See* Pls.' Opp., dkt. no. 463, at 1.) But, the Court explicitly invited additional argument on "who owns the privilege," "[who] has the right to waive it" and how that affects Mr. Daifotis' reasonable care defense. (*See* Ex 1. at 76.) As the Court stated, "I'll let you have another crack at that piece of it." (*Id.*)

## ARGUMENT

### I. MR. DAIFOTIS SHOULD NOT BE BARRED FROM ASSERTING HIS REASONABLE CARE AFFIRMATIVE DEFENSE WHEN HE DOES NOT HAVE AUTHORITY TO WAIVE HIS FORMER EMPLOYER'S ATTORNEY-CLIENT PRIVILEGE.

Mr. Daifotis showed that the Court's order barring him from testifying about his knowledge that certain documents, whose contents plaintiffs challenge, were reviewed by lawyers is premature given Mr. Daifotis' pending summary judgment motion, and the uncertainty as to which alleged misstatements plaintiffs will include as part of their case-in-chief.

But if the case against Mr. Daifotis were to proceed to trial, it would be patently unfair for the Court to penalize Mr. Daifotis and bar him from raising a defense that he is legally entitled to raise because his former employer decided to assert the attorney-client privilege — a decision in which he did not participate. Such a restriction on Mr. Daifotis' reasonable care defense would, in effect, render him strictly liable under Section 12, which is a stricter standard of liability than the statute provides. *See Ernst & Ernst v. Hochfelder*, 425 U.S. 185, 208-209, 96 S.Ct. 1375, 1388 (1976) (noting that Section 12 allows recovery for "negligent conduct"). It would be patently unfair to penalize Mr. Daifotis because of another party's litigation strategy.

And the legal authority directly on point is unequivocal — only the corporation, through its existing officers and directors, may waive the corporation's privilege. *Commodity Futures Trading Comm'n v. Weinstraub*, 471 U.S. 343, 348 (1985); *United States v. Chen*, 99 F.3d 1495, 1502 (9th Cir. 1996) (holding ex-employee cannot waive the corporation's privilege).

Plaintiffs assert that "Mr. Daifotis is privileged to defend himself even if that means divulging confidences of his former employer," relying on the Restatement of Agency. (Pls.' Opp. at 4.) But plaintiffs are wrong. This privilege does not permit disclosure of another's privileged attorney-client communications. The Restatement of Agency — plaintiffs' only authority for this proposition — does <u>not</u> permit a blanket disclosure of privileged attorney-client communications; nor can it be read to apply to such privileged communications.

Rather, the limited exception to the general duty of non-disclosure is the crime fraud exception. Restatement (Third) of Agency, Rest. 3d Agency § 8.05, comment c (2006) (an agent may reveal "to law-enforcement authorities that the principal is committing or is about to commit a crime" or "to a private party who is being or will be harmed by the principal's illegal conduct"). But no such exception applies here.

Furthermore, the Restatement of Agency does not support plaintiff's argument that a defendant-witness may waive a corporation's privilege (whereas a non-party or plaintiff witness can't). (*See* Pls.' Opp. at 4.) If that were the law, then every individual defendant would have authority to waive the corporate privilege. This is simply not the law. The Restatement of Agency provides no authority for the proposition that Mr. Daifotis has the authority to waive Schwab's corporate privilege to assert his statutory defense. (*See Id.* at 5) Rather, as the Ninth Circuit in *United States v. Chen* noted, the Restatement of Agency stands for the proposition that employees must generally *keep* an employer's confidence. 99 F.3d at 1502.

## II. MR. DAIFOTIS SHOULD BE PERMITTED TO ASSERT A REASONABLE CARE DEFENSE THAT FOCUSES ON THE PROCESS USED TO PREPARE A PROSPECTUS.

Mr. Daifotis' reasonable care defense will focus on the *process* by which a YieldPlus prospectus was prepared. His defense does not turn on the *substance* of any privileged communications. Thus, he should be permitted to testify about his personal knowledge of that process and about his reasonable reliance on that process to ensure that the prospectuses at issue complied with all legal requirements. Any ruling to the contrary unfairly penalizes Mr. Daifotis for Schwab's assertion (not Mr. Daifotis' assertion) of the attorney-client privilege. *See e.g., Ross v. City of Memphis*, 423 F.3d 596, 603 (6th Cir. 2005).

Plaintiffs' respond that *Memphis* actually supports the conclusion that Mr. Daifoitis cannot mount his defense without permitting the plaintiffs access to privileged communications. But unlike the reliance on the advice of counsel defense asserted in *Memphis*, Mr. Daifotis is *not* asserting that he relied on privileged communications. Rather, he simply relied on a *process*. That attorneys were involved in this process does not put their legal advice

to Schwab – advice that he neither sought or obtained for disclosure purposes – at issue. If Mr. Daifotis were asserting that he relied on privileged communications, then plaintiffs would have a basis to argue that the otherwise protected communications should be disclosed. But this is not the case here.

Mr. Daifotis, who is not a lawyer, should have the ability to state to the jury that he reasonably relied on the process Schwab had in place with respect to all disclosures made in its prospectuses. Part of that process, Mr. Daifotis knew, was lawyer review. In view of this process, Mr. Daifotis' reasonably believed that the prospectuses at issue were true and did not make an untrue statement of material facts or omit a material fact necessary to make any statement not misleading. Mr. Daifotis did not know, and in the exercise of reasonable care could not have known of any purported misrepresentation or omission in the prospectuses, as alleged by plaintiffs.

## CONCLUSION

For these reasons, Mr. Daifotis requests that the Court defer ruling on the impact of Schwab's assertion of the attorney-client privilege on Mr. Daifotis until after the Court has ruled on the pending motions for summary judgment. In the alternative, should the Court decide this issue now, Mr. Daifotis requests that the Court permit Mr. Daifotis to testify fully in support of his reasonable care affirmative defense.

Dated: March 10, 2010

COVINGTON & BURLING LLP

By: /s/ David Bayless
DAVID BAYLESS
TAMMY ALBARRÁN
AILEEN WHEELER
PAUL WATKINS

Attorneys for Defendant
Kimon P. Daifotis