1
2
3
4
5
6                    IN THE UNITED STATES DISTRICT COURT

7              FOR THE NORTHERN DISTRICT OF CALIFORNIA

8
9
10   IN RE

11   CHARLES SCHWAB CORPORATION                No. C 08-01510 WHA
     SECURITIES LITIGATION.
12
13   _____/

14   This Document Relates To All Cases.        **FURTHER ORDER
                                                RE PRIVILEGE**
15   _____/

16

17        This order clarifies the order dated February 23, 2010.  As stated at the last hearing by

18   way of clarification, if defense counsel demonstrates that an individual defendant had no

19   privileged communications on subject X (*e.g.*, duration) or on the preparation of the registration

20   statement or on the investigative process used to prepare it, then said defendant may testify in

21   support of a due diligence defense as to subject X without waiving any privileged

22   communications on subject Y (*e.g.*, concentration).  In doing so, said defendant and counsel must

23   be careful to avoid leaving the impression that the due-diligence defense applies beyond subject

24   X; otherwise, to that extent, the privilege will be waived.  At all events, it is likely that some form

25   of the draft jury instruction previously circulated will be needed.

26        With respect to the documents submitted for *in camera* review and the subject of several

27   hearings, most recently February 24, this order holds that the first document (the draft power

28   point) is not privileged because the segment of the e-mail loop in which it was first circulated

United States District Court
For the Northern District of California

**United States District Court**
For the Northern District of California

1   included no lawyers — only business personnel — and it has not been shown to have been

2   prepared at the request of counsel, but rather as a precursor to a slide to be shown at a board

3   meeting.  The first part of the e-mail loop was predominated by business personnel and the author

4   was a non-lawyer.  It is true that a lawyer was included in the first segment and he no doubt gave

5   some responsive legal advice on aspects of the document but the later preparation of the power

6   point draft was not needed for seeking or giving any advice, so no privilege has been shown.

7   So the draft power point should be produced by April 22.

8          With respect to Exhibit 8, defendants submitted supplemental briefing as to why they

9   assert privilege over this document.  Exhibit 8 is a draft of a response to a letter received

10  by Schwab from SEC on August 10, 2006, regarding a routine compliance examination.

11  This document contains red lines prepared by a Schwab employee in compliance.  The Schwab

12  employee in question was asked to provide comments on the draft response to the SEC and was

13  told that outside counsel would be reviewing her comments.  Another draft that incorporated

14  much of the employee's comments was forwarded to an outside counsel a couple of days later.

15  This order holds that Exhibit 8 is privileged because it was created by a corporate employee as a

16  part of a larger communication with legal counsel for the purpose of receiving legal advice.

17         Given that ten spot checks (selected by plaintiffs) have shown that defense counsel's

18  privilege assertions have been almost perfect, there will be no further review by the Court of the

19  privilege log.

20

21         **IT IS SO ORDERED.**

22

23  Dated:  March 11, 2010.

24                                                                WILLIAM ALSUP
                                                                  UNITED STATES DISTRICT JUDGE

25

26

27

28

2