IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE:<br><br>CHARLES SCHWAB CORPORATION<br>SECURITIES LITIGATION.<br><br>This Document Relates<br>To All Cases.<br>_____/ | No. C 08-01510 WHA<br><br>**SUPPLEMENTAL ORDER<br>REGARDING CLASS NOTICE** |

The opt-out period for class members passed over three months ago. Despite this reality, class counsel now informs the Court that the claims administrator failed to email notices to class members as required under the notice plan approved on September 21, 2009 (Dkt. Nos. 235, 239, 523). Class counsel now seeks an order excusing them from the emailed notice requirement and stating that emailed notice was *not* necessary to provide the "best notice practicable" under FRCP 23(c)(2). As the signed stipulation and proposed order submitted by the parties demonstrates, *defendants do not oppose this request by class counsel* (Dkt. No. 526).

There is no question that emailed notices, in addition to notices individually sent by first-class mail, could have benefitted those class members whose mailing addresses were erroneous or out of date. Nevertheless, the law is clear that individualized notice by first-class mail is sufficient to meet the requirements of due process and the notice requirements of FRCP 23(c)(2) *Eisen v. Carlisle & Jacqueline*, 417 U.S. 156, 173-77 (1974); *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 812 (1985). Here, class counsel provided individual notice via first-class mail to

*all* known class members (Sylvester Decl. ¶¶ 3, 4).  For the small subset of mailed notices that were returned as undeliverable (approximately 1,300 out of the 90,000-plus class members), class counsel located new mailing addresses and resent class notices for over half of them (*id.* at ¶¶ 5, 6).  Under *Eisen*, this is sufficient to meet the "best notice practicable" standard.

As such, the parties' stipulation and order regarding class notice — filed concurrently with this order — has been **GRANTED**.  While class counsel's failure to provide emailed notice under the notice plan is excused, the Court is displeased that its order was violated and will likely take this failure into account if and when the question of attorney's fees and costs is presented.

**IT IS SO ORDERED.**

Dated:  April 12, 2010.

WILLIAM ALSUP  
UNITED STATES DISTRICT JUDGE