IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE:<br><br>CHARLES SCHWAB CORPORATION<br>SECURITIES LITIGATION.<br><br>This Document Relates<br>   To All Cases.<br>                                                       / | No. C 08-01510 WHA<br><br>**ORDER VACATING PRIOR<br>ORDERS RE EMAILED NOTICE,<br>REQUESTING RESPONSES, AND<br>SETTING HEARING** |

In light of a troubling letter received from an absent class member who suffered a significant loss of retirement savings in the YieldPlus fund, but apparently "never received the prescribed notice of the claim," the prior orders excusing class counsel's failure to email notice to class members — filed yesterday as docket numbers 606 and 607— are **VACATED** without prejudice to possible reinstatement.

Copies of this letter, dated April 6, 2010, and signed by Professor Garvey at the University of San Francisco School of Law, were sent to Dorothy Fernandez at Morrison & Foerster LLP, and Steve Berman at Hagens, Berman, Sobel, Shapiro LLP. Both sides are **ORDERED** to address the following issues raised by this letter **BY NOON ON FRIDAY, APRIL 16, 2010**:

1. Counsel shall advise whether notice was sent to Professor Garvey and if so, why he did not receive it.

2. Counsel's response should directly address the statements attributed to Ms. Carole Sylvester at Gilardi & Co. (the claims administrator) regarding the "problems with notices sticking together" and being "not at all surprised to hear that an investor had not received a notice." A declaration on point from Ms. Sylvester is required.

3. Counsel shall further explain why, in seeking to excuse the failure to give emailed notice to class members, they neglected to bring these problems with the individually mailed notices to the Court's attention (in either the initial or supplemental declarations filed a few days ago) as well as the contentions by the professor, at least some of which were known evidently to counsel.

4. Counsel shall also advise as to the particulars of any other class members who claim to have not received notice of this class action.

5. The Schwab defendants are separately ordered to provide the Court with a list of all pending arbitrations or claims brought individually by YieldPlus investors that Schwab contends will be bound to any settlement or judgment in this action because they failed to opt out.

6. Finally, counsel shall address the implications of *Schwarzschild v. Tse*, 69 F.3d 293, 297 (9th Cir. 1995) in light of the contentions of inadequate notice.

Counsel shall please give same-day service of their responses to Professor Garvey, who will then be allowed to file a reply, to be served on both sides, **BY NOON ON APRIL 22**. A further hearing shall be held on this matter **AT 11:00 A.M. ON APRIL 29.** The Clerk shall mail a copy of this order to Professor Garvey.

**IT IS SO ORDERED.**

Dated: April 13, 2010.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

2