# Exhibit A

Reed R. Kathrein (139304)
Peter E. Borkon (212596)
HAGENS BERMAN SOBOL SHAPIRO LLP
715 Hearst Avenue, Suite 202
Berkeley, CA  94710
Telephone:  (510) 725-3000
Facsimile:  (510) 725-3001
reed@hbsslaw.com
peterb@hbsslaw.com

Steve W. Berman (*Pro Hac Vice*)
Sean R. Matt (*Pro Hac Vice*)
Erin K. Flory (*Pro Hac Vice*)
Lisa M. Hasselman (*Pro Hac Vice*)
Robert F. Lopez (*Pro Hac Vice*)
HAGENS BERMAN SOBOL SHAPIRO LLP
1918 Eighth Avenue, Suite 3300
Seattle, Washington  98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594
steve@hbsslaw.com
sean@hbsslaw.com
erin@hbsslaw.com
lisah@hbsslaw.com
robl@hbsslaw.com

*Attorneys for Lead Plaintiffs YieldPlus Investor Group*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE CHARLES SCHWAB CORP. SECURITIES LITIGATION | No. 08-cv-01510 WHA |
| THIS DOCUMENT RELATES TO:<br><br>All Actions | STIPULATION OF SETTLEMENT<br><br>Date Action Filed:  March 18, 2008 |

1    This Stipulation of Settlement (the "Stipulation") is made and entered into on April 23,

2    2010, by and among the following Settling Parties (as defined further in Section IV hereof) to the

3    above-entitled Litigation:  (i) the Lead Plaintiffs (on behalf of themselves and each of the Class

4    Members), by and through their counsel of record in the Litigation; and (ii) the Defendants, by and

5    through their counsel of record in the Litigation.  The Stipulation is intended by the Settling Parties

6    to fully, finally and forever resolve, discharge and settle the Released Claims, and to bar all future

7    claims relating to the subject matter of the Litigation, upon and subject to the terms and conditions

8    hereof.

9    ## I.       THE LITIGATION

10    On and after March 18, 2008, the following actions were filed in the United States District

11    Court for the Northern District of California as purported securities class actions on behalf of

12    certain investors in the Schwab YieldPlus Fund during a defined period of time.

|   | *CASE NAME* | *CASE NUMBER* |
|---|---|---|
| 14 | *Labins v. The Charles Schwab Corp., et al.* | 08-cv-01510-WHA |
| 15 | *Hageman v. The Charles Schwab Corp., et al.* | 08-cv-01733-WHA |
| 16 | *Glasgow v. The Charles Schwab Corp., et al.* | 08-cv-01936-WHA |
| 17 | *Flanzraich, et al. v. The Charles Schwab Corp., et al.* | 08-cv-01994-WHA |
| 19 | *Vinayak R. Pai Defined Benefits Pension Plan v. The Charles Schwab Corp. et al.* | 08-cv-02058-WHA |
| 20 | *Levin v. The Charles Schwab Corp., et al.* | 08-cv-02487-WHA |
| 21 | *Tully v. The Charles Schwab Corp., et al.* | 08-cv-02878-WHA |
| 22 | *Coleman v. The Charles Schwab Corp., et al.* | 08-cv-02983-WHA |
| 23 | *Bohl, et al. v. The Charles Schwab Corp., et al.* | 08-cv-02984-WHA |

24    These actions were consolidated for all purposes by an Order dated June 11, 2008.  The

25    consolidated actions are referred to herein collectively as the "Litigation" or the "Class Action."

26    On July 3, 2008, the Court appointed as Lead Plaintiffs for the federal securities claims

27    Kevin O'Donnell, James Coffin, John Hill, David and Gretchen Mikelonis, and Robert Dickson.

28    Gretchen Mikelonis later withdrew as a lead plaintiff.

On October 2, 2008, Lead Plaintiffs filed a First Consolidated Amended Complaint ("FCAC"). Lead Plaintiffs alleged that Defendants' management of, disclosures concerning, accounting for, and marketing and sales of the YieldPlus Fund violated state and federal law, including Sections 11, 12(a)(2), and 15 of the Securities Act of 1933, Sections 13(a) and 48(a) of the Investment Company Act of 1940, intentional interference with contractual relations, Section 17200, *et seq.* of the CALIFORNIA BUSINESS & PROFESSIONS CODE (the "17200 Claim"), and breach of fiduciary duty. Lead Plaintiffs asserted, among other things, that Defendants made materially false misstatements and omissions in their descriptions of the fund, its nature, diversification, stability, objectives, concentration policy, and strategy, and that they made material misrepresentations and omissions about the fund's characteristics, such as its safety, liquidity, credit risk, duration, interest rate risk, internal controls, benchmark, the value and nature of its holdings, and credit analysis, and its comparability with cash, a money market fund, certificates of deposit, and Treasury bills. Lead Plaintiffs alleged that the material misrepresentations and omissions were made in filings with the SEC, including registration statements, prospectuses, and statements of additional information dating from as early as November 14, 2004, as well as in annual, semi-annual, and quarterly reports, written selling and offering notices, advertisements, letters, and other written communications, as well as in oral communications, including communications by representatives. Lead Plaintiffs also alleged, among other things, that Defendants had favored some YieldPlus shareholders at the expense of others.

By Order dated August 21, 2009, the Court approved the following classes:

The Section 11 class:

> all persons or entities who acquired shares of the fund traceable to a false and misleading registration statement for the fund and who were damaged thereby.

The Class Period for the Section 11 class is November 15, 2006, through March 17, 2008.

The Section 12 class:

> all persons or entities who acquired shares of the fund traceable to a false and misleading prospectus for the fund and who were damaged thereby.

The class period for the Section 12 class is May 31, 2006, through March 17, 2008.  In the same August 21, 2009 Order, the Court dismissed Plaintiffs' claims under CAL. BUS. & PROF. CODE § 17200 against Defendant Kimon P. Daifotis.

On February 4, 2009, the Court granted in part, and denied in part, Defendants' Motion to Dismiss.  On February 26, 2009, Plaintiffs moved for leave to amend.  On May 15, 2009, the Court denied that motion.

On February 11, 2010, the parties made motions for summary judgment.  On March 30, 2010, the Court issued an order granting plaintiffs' motion for summary judgment on an issue pertaining to plaintiffs' unfair competition claim.

On April 8, 2010, the Court issued orders denying Defendants motions for summary judgment on the issues of disclosure and loss causation, granted the independent director defendants summary judgment on plaintiffs' claim under Section 17200, *et seq*. of the CALIFORNIA BUSINESS AND PROFESSIONS CODE, and denied all other summary judgment motions by Defendants.

On September 23, 2009, Lead Plaintiffs moved for leave to amend the First Consolidated Amended Complaint.  On October 22, 2009, the Court granted that motion in part and denied it in part.  On October 26, 2009, Lead Plaintiffs filed a Second Consolidated Amended Complaint to (1) assert a count under Section 13(a) of the Investment Company Act, (2) reallege previously dismissed claims, (3) conform the complaint to the Court's class certification order and facts identified during discovery, and (4) assert counts for breach of contract.

## II.   DEFENDANTS' DENIALS OF WRONGDOING AND LIABILITY

Defendants have denied and continue to deny each and all of the claims and contentions alleged in the Class Action, and deny that they have committed any violations of law or engaged in any wrongful acts alleged, or that could have been alleged, in the Class Action.  Nonetheless, Defendants have concluded that further conduct of the Class Action would be protracted and expensive, and that it is desirable that the Class Action be fully and finally settled in the manner and upon the terms and conditions set forth in this Stipulation, in order to limit further expense, inconvenience and distraction, and to dispose of the burden of protracted litigation.  Defendants

1   have also taken into account the uncertainty and risks inherent in any litigation, especially in

2   complex cases like these.  Defendants have, therefore, determined that it is desirable and beneficial

3   to them that the Class Action be settled in the manner and upon the terms and conditions set forth

4   in this Stipulation.

5   ### III.       CLAIMS OF THE LEAD PLAINTIFFS AND BENEFITS OF SETTLEMENT

6           The Lead Plaintiffs believe that the claims asserted in the Litigation have merit and that the

7   evidence developed to date supports the claims.  However, the Lead Plaintiffs recognize and

8   acknowledge the expense and length of continued proceedings necessary to prosecute the

9   Litigation against the Defendants through trial and through appeals.  The Lead Plaintiffs have also

10   taken into account the uncertain outcome and the risk of any litigation, especially in complex

11   actions such as the Litigation, as well as the difficulties and delays inherent in such litigation.  The

12   Lead Plaintiffs are also mindful of the inherent problems of proof, and possible defenses to the

13   securities law violations asserted in the Litigation.  The Lead Plaintiffs believe that the settlement

14   set forth in the Stipulation confers substantial benefits upon the Federal Classes.  Based on their

15   evaluation, the Lead Plaintiffs and Lead Counsel have determined that the settlement set forth in

16   the Stipulation is in the best interests of the Lead Plaintiffs and the Federal Classes.

17   ### IV.       TERMS OF STIPULATION AND AGREEMENT OF SETTLEMENT

18           NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and among the

19   Lead Plaintiffs, for themselves and on behalf of members of the Federal Classes, and the

20   Defendants, by and through their respective attorneys of record, that, subject to the approval of the

21   Court, the Litigation and the Released Claims shall be finally and fully compromised, settled and

22   released, and the Litigation shall be dismissed with prejudice, as to all Settling Parties, upon and

23   subject to the terms and conditions of the Stipulation, as follows.

24           **1.       Definitions**

25           As used in the Stipulation, the following terms have the meanings specified below:

26           1.1     The "Class Action" and the "Litigation" mean all complaints consolidated with *In re*

27   *Charles Schwab Corporation Securities Litigation*, No. 08—cv-01510 (WHA).

28           1.2     The "Federal Classes" consist of:

all persons or entities who acquired shares of the fund traceable to a
false and misleading registration statement for the fund and who
were damaged thereby during the period November 15, 2006,
through March 17, 2008, inclusive (the "Section 11 Class"); and

all persons or entities who acquired shares of the fund traceable to a
false and misleading prospectus for the fund and who were damaged
thereby, during the period May 31, 2006, through March 17, 2008,
inclusive (the "Section 12 Class").

The Federal Classes exclude defendants, members of their immediate families and their

legal representatives, heirs, successors or assigns and any entity in which Defendants have or had a

controlling interest.  Also excluded from the Classes are those Persons who timely and validly

requested exclusion from the Class before December 28, 2009.

1.3    "Class Member" or "Member of the Class" means a Person who falls within the

definition of the Federal Classes as set forth in ¶ 1.1 of the Stipulation.

1.4    "Class Periods" means the period November 15, 2006, through March 17, 2008,

inclusive (the "Section 11 Class Period") and the period May 31, 2006, through March 17, 2008,

inclusive (the "Section 12 Class Period").

1.5    "Defendants" means The Charles Schwab Corporation, Charles Schwab & Co., Inc.,

Charles Schwab Investment Management, Inc., Schwab Investments, and the Individual

Defendants.

1.6    "Effective Date" means the first date by which all of the events and conditions

specified in ¶ 7.1 of the Stipulation have been met and have occurred.

1.7    "Escrow Account" means the account maintained by the Escrow Agent, as

described in 3.7, below.

1.8    "Escrow Agent" means the law firm of Hagens Berman Sobol Shapiro LLP or its

successor(s).

1.9    "Fee and Expense Application" means the application by Lead Counsel to the Court

for payment of attorneys' fees, expenses or interest from the Net Settlement Fund.

1.10    "Fee and Expense Award" means any order of the Court approving the Fee and

Expense Application, in whole or in part, and directing payment of attorney fees to Lead Counsel

from the Net Settlement Fund.

1.11   "Final" means when the last of the following with respect to the Judgment approving the Stipulation, in the form of Exhibit B hereto, shall occur:  (i) the expiration of the time to file a motion to alter or amend the Judgment under Federal Rule of Civil Procedure 59(e) has passed without any such motion having been filed; (ii) the expiration of the time in which to appeal the Judgment has passed without any appeal having been taken, which date shall be deemed to be thirty (30) days following the entry of the Judgment, unless the date to take such an appeal shall have been extended by Court order or otherwise, or unless the 30th day falls on a weekend or a Court holiday, in which case the date for purposes of this Stipulation shall be deemed to be the next business day after such 30th day; and (iii) if such motion to alter or amend is filed or if an appeal is taken, immediately after the determination of that motion or appeal so that it is no longer subject to any further judicial review or appeal whatsoever, whether by reason of affirmance by a court of last resort, lapse of time, voluntary dismissal of the appeal or otherwise, and in such a manner as to permit the consummation of the settlement in accordance with the terms and conditions of this Stipulation.  For purposes of this paragraph, an "appeal" shall include any petition for a writ of certiorari or other writ that may be filed in connection with approval or disapproval of this settlement, but shall not include any appeal that concerns only the issue of attorneys' fees and reimbursement of costs or the Plan of Allocation of the Settlement Fund.

1.12   "Individual Defendants" means Charles R. Schwab, Evelyn Dilsaver, Randall W. Merk, George Pereira, Matthew Hastings, Mariann Byerwalter, Donald F. Dorward, William A. Hasler, Robert G. Holmes, Gerald B. Smith, Donald R. Stephens, Michael W. Wilsey, and Kimon P. Daifotis.

1.13   "Judgment" means the judgment to be entered by the Court, in the form attached hereto as Exhibit B.

1.14   "Lead Counsel" means Hagens Berman Sobol Shapiro LLP.

1.15   "Lead Plaintiffs" mean Kevin O'Donnell, James Coffin, John Hill, David and Robert Dickson.

1.16   "Person" means a natural person, individual, corporation, partnership, limited partnership, limited liability company, association, joint venture, joint venturer, joint stock

company, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any business or legal entity and, as applicable, their/its respective spouses, heirs, executors, administrators, predecessors, successors, representatives, or assignees.

1.17    "Plan of Allocation" means a plan or formula of allocation (as set forth in the Settlement Notice) by which the Net Settlement Fund shall be distributed to Class Members.

1.18    "Preliminary Approval Order" means the proposed order attached as Exhibit A preliminarily approving the Settlement and directing notice thereof to the Federal Classes.

1.19    "Related Parties" means each and any of Defendants' respective past, present or future directors, officers, employees, partnerships and partners, principals, agents, controlling shareholders, any entity in which any Defendant or any member(s) of that Defendant's immediate family has or have a controlling interest (directly or indirectly), attorneys, accountants, auditors, investment banks and investment bankers, underwriters, advisors, financial advisors, personal or legal representatives, analysts, agents, associates, servants, insurers, co-insurers and reinsurers, predecessors, successors, parents, subsidiaries, divisions, assigns, joint ventures and joint venturers, spouses, heirs, executors, administrators, related or affiliated entities, members of an Individual Defendant's immediate family, and any trust of which any Defendant is the settlor or which is for the benefit of any Individual Defendant or member(s) of his family, and all other Persons.

1.20    "Released Claims" means any and all claims or causes of action, demands, rights, liabilities, suits, debts, obligations and causes of action of every nature and description whatsoever, direct or class, arbitrable or non-arbitrable, known or unknown (including Unknown Claims as defined in ¶ 1.27 hereof), contingent or absolute, mature or unmature, discoverable or undiscoverable, whether concealed or hidden, asserted or that might have been asserted against the Released Parties based upon, arising out of, or related in any way whatsoever to any of the facts, transactions, events, occurrences, disclosures, statements, acts, omissions or failures to act which were or could have or might have been alleged in or embraced or otherwise referred to or encompassed by the Class Action, or which relate to the subject matter of the Class Action, regardless of upon what legal theory based, whether legal or equitable, including without limitation,

1    claims for negligence, gross negligence, fraud, breach of fiduciary duty, breach of the duty of care or

2    loyalty or violations of the common law, administrative rule or regulation, tort, contract, equity, or

3    otherwise or of any state or federal statutes, rules or regulations.  Claims that Defendants improperly

4    defended or settled the Class Action are also Released Claims.  The 17200 Claim, and only the

5    17200 Claim, is excluded from the Released Claims.

6         1.21    "Released Persons" means each and all of the Defendants and each and all of their

7    Related Parties.

8         1.22    "Settlement" means the terms and conditions set forth in the Stipulation.

9         1.23    "Settlement Administrator" means Gilardi & Co. LLC.

10        1.24    "Settlement Fund" means the principal amount of Two Hundred Million Dollars

11   ($200,000,000) in cash to be paid to the Escrow Agent pursuant to ¶ 3.1 of this Stipulation, plus all

12   interest earned thereon pursuant to ¶¶ 3.3, 3.4 and 3.7.

13        1.25    "Settling Parties" means, collectively, each of the Defendants, and the Lead

14   Plaintiffs on behalf of themselves and each of the other Class Members.

15        1.26    Pursuant to rulings of the Court, the 17200 Claim against Defendants Kimon P.

16   Daifotis, Mariann Byerwalker, Donald F. Dorward, William A. Hasler, Robert G. Holmes,

17   Gerald B. Smith, Donald R. Stephens, and Michael Wilsey has been dismissed with prejudice

18   means the Section 17200 *et seq*. of the CALIFORNIA BUSINESS & PROFESSIONAL CODE asserted in

19   the First Consolidated Amended Complaint and Second Consolidated Amended Complaint.

20        1.27    "Unknown Claims" means any Released Claims that Lead Plaintiffs or any other

21   Class Member do not know or suspect to exist in their favor at the time of the release of the

22   Released Parties which, if known by them, might have affected their Settlement with and release of

23   the Released Parties, or might have affected their decision not to object to this Settlement.  With

24   respect to any and all Released Claims against the Released Parties, the Settling Parties stipulate

25   and agree that, upon the Effective Date, the Lead Plaintiffs shall expressly waive and relinquish,

26   and the other Class Members shall be deemed to have, and by operation of the Judgment shall

27   have, expressly waived and relinquished, to the fullest extent permitted by law, the provisions,

28   rights, and benefits conferred by §1542 of the California Civil Code (and any United States law or

any law of any state or territory of the United States, or principle of common law, or of international or foreign law, which is similar, comparable or equivalent to §1542 of the California Civil Code), which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN TO HIM MUST HAVE MATERIALLY AFFECTED HIS SETTLEMENT WITH THE DEBTOR.

Lead Plaintiffs and the other Class Members may hereafter discover facts in addition to or different from those which he, she, or it now knows or believes to be true with respect to the Released Claims, but the Settling Parties hereby stipulate and agree that upon the Effective Date, the Lead Plaintiffs fully, finally, and forever settle and release, and each other Class Member shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever settled and released the Released Parties from any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts.

**2.     Releases**

2.1     Upon the Effective Date, Lead Plaintiffs and all other Class Members shall, and by operation of the Judgment shall be deemed to, fully, finally, and forever release, relinquish and discharge all Released Claims (including Unknown Claims) against each and all of the Released Persons.  The Settling Parties acknowledge, and the Class Members shall be deemed by operation of law to acknowledge, that the foregoing waiver of Unknown Claims, and of the provisions, rights, and benefits of § 1542 of the California Civil Code, was bargained for and is a key element of the Settlement of which the release in this paragraph is a part.

2.2     Upon the Effective Date, each of the Defendants shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished and

1   discharged the Lead Plaintiffs, each and all of the Class Members, and Lead Counsel from all

2   claims arising out of, relating to, or in connection with the institution, prosecution, assertion,

3   settlement or resolution of the Released Claims.

4         **3.**      **The Settlement Fund**

5             **a.**      **Payment of the Settlement Consideration**

6         3.1      Defendants, including The Charles Schwab Corporation and Schwab Investments,

7   will pay or cause to be paid, on behalf of all Defendants, the principal amount of $100,000,000 in

8   cash (the "First Half of the Settlement Payment") into the Escrow Account maintained by the

9   Escrow Agent within fifteen (15) business days of the Court's issuance of the Preliminary Approval

10  Order.  If the District Court has granted final approval to the Settlement by January 14, 2011,

11  Defendants, including The Charles Schwab Corporation and Schwab Investments, will pay or cause

12  to be paid $100,000,000.00 (One Hundred Million Dollars) of the Settlement Payment (the "Second

13  Half of the Settlement Payment") into the Escrow Account on January 14, 2011, or within ten

14  business days of final approval if final approval occurs after January 14, 2011.

15        3.2      The payments described in ¶ 3.1 are the only payments to be made by or on behalf of

16  Defendants in connection with the Settlement of the Released Claims.

17            **b.**      **The Escrow Agent**

18        3.3      The Escrow Agent may invest the Settlement Fund deposited pursuant to ¶ 3.1

19  hereof in instruments backed by the full faith and credit of the United States Government or fully

20  insured by the United States Government or an agency thereof and shall reinvest the proceeds of

21  these instruments as they mature in similar instruments at their then-current market rates.

22        3.4      The Escrow Agent shall not disburse the Settlement Fund except as provided in the

23  Stipulation, or by an order of the Court.

24        3.5      Subject to further order and/or direction as may be made by the Court, the Escrow

25  Agent is authorized to execute such transactions on behalf of the Class Members as are consistent

26  with the terms of the Stipulation.

27

28

1    3.6    All funds held by the Escrow Agent shall be deemed and considered to be in

2    *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time

3    as such funds shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

4    3.7    Within five (5) business days after payment of the First Half of the Settlement

5    Payment to the Escrow Agent pursuant to ¶ 3.1 hereof, the Escrow Agent may establish a "Class

6    Notice and Administration Fund," and may deposit up to $200,000 from the Settlement Fund in it.

7    The Class Notice and Administration Fund may be used by Lead Counsel to pay costs and

8    expenses reasonably and actually incurred in connection with providing notice to the Class,

9    locating Class Members, administering and distributing the Settlement Fund to Class Members,

10   paying escrow fees and costs, if any, and no Defendant shall have any responsibility for or liability

11   to any Class Member or any other Person with respect to any of these costs, expenses, fees, or acts.

12   The Class Notice and Administration Fund may also be invested and earn interest as provided for

13   in ¶ 3.3 of this Stipulation.  Defendants or their Related Parties have no responsibility for or

14   liability to any Class Member or any other Person with respect to the Escrow Agent or its actions,

15   the Settlement Administrator or its actions, or the Class Notice and Administration Fund.  Any

16   costs or expenses expended for notice or administration in excess of $200,000 shall be paid from

17   the Settlement Fund, subject to approval of Lead Counsel.  After the Effective Date, any balance

18   (including interest) then remaining in the Notice and Administration Fund, less expenses incurred

19   but not yet paid, may be transferred by the Escrow Agent, and deposited and credited as part of, the

20   Settlement Fund.

21               **c.    Taxes**

22   3.8    (a)    The Settling Parties and the Escrow Agent agree to treat the Settlement Fund

23   as being at all times a "qualified settlement fund" within the meaning of Treas. Reg. § 1.468B-1.

24   In addition, the Escrow Agent shall timely make such elections as necessary or advisable to carry

25   out the provisions of this ¶ 3.8, including the "relation-back election" (as defined in Treas. Reg.

26   § 1.468B-1) back to the earliest permitted date.  Such elections shall be made in compliance with

27   the procedures and requirements contained in such regulations.  It shall be the responsibility of the

28

1    Escrow Agent to timely and properly prepare and deliver the necessary documentation for

2    signature by all necessary parties, and thereafter to cause the appropriate filing to occur.

3            (b)     For the purpose of § 1.468B of the Internal Revenue Code of 1986, as

4    amended, and the regulations promulgated thereunder, the "administrator" shall be the Escrow

5    Agent.  The Escrow Agent shall timely and properly file all informational and other tax returns

6    necessary or advisable with respect to the Settlement Fund (including without limitation the returns

7    described in Treas. Reg. § 1.468B-2(k)).  Such returns (as well as the election described in ¶ 3.8(a)

8    hereof) shall be consistent with this ¶ 3.8 and in all events shall reflect that all Taxes (including any

9    estimated Taxes, interest or penalties) on the income earned by the Settlement Fund shall be paid

10   out of the Settlement Fund as provided in ¶ 3.8(c) hereof.

11           (c)     All (a) Taxes (including any estimated Taxes, interest or penalties) arising

12   with respect to the income earned by the Settlement Fund, including any Taxes or tax detriments

13   that may be imposed upon the Defendants or their Related Parties with respect to any income

14   earned by the Settlement Fund for any period during which the Settlement Fund does not qualify as

15   a "qualified settlement fund" for federal or state income tax purposes ("Taxes"), and (b) expenses

16   and costs incurred in connection with the operation and implementation of this ¶ 3.8 (including,

17   without limitation, expenses of tax attorneys and/or accountants and mailing and distribution costs

18   and expenses relating to filing (or failing to file) the returns described in this ¶ 3.8) ("Tax

19   Expenses"), shall be paid out of the Settlement Fund; in no event shall the Defendants or their

20   Related Parties have any responsibility for or liability with respect to the Taxes or the Tax

21   Expenses.  The Escrow Agent shall indemnify and hold each of the Defendants and their Related

22   Parties harmless for Taxes (including, without limitation, Taxes payable by reason of any such

23   indemnification).  Further, Taxes shall be treated as, and considered to be, a cost of administration

24   of the Settlement Fund and shall be timely paid by the Escrow Agent out of the Settlement Fund

25   without prior order from the Court and the Escrow Agent shall be obligated (notwithstanding

26   anything herein to the contrary) to withhold from distribution to Class Members any funds

27   necessary to pay such amounts including the establishment of adequate reserves for any Taxes (as

28   well as any amounts that may be required to be withheld under Treas. Reg. § 1.468B-2(1)(2));

STIPULATION OF SETTLEMENT - 08-cv-01510 WHA           - 13 -
010036-12 365405 V1

neither the Defendants nor their Related Parties are responsible therefore nor shall they have any liability with respect thereto.  The parties hereto agree to cooperate with the Escrow Agent, each other, and their tax attorneys and accountants to the extent reasonably necessary to carry out the provisions of this ¶ 3.8.

(d)     For the purpose of this ¶ 3.8, references to the Settlement Fund shall include both the Settlement Fund and the Class Notice and Administration Fund and shall also include any earnings thereon.

### d.     Termination of Settlement

3.9     In the event that the Settlement is not approved, or is terminated, canceled, or fails to become effective for any reason, the Settlement Fund and the Class Notice and Administration Fund (in each case, including accrued interest), less expenses actually incurred and properly due and owing in connection with the settlement provided for herein, shall be refunded to The Charles Schwab Corporation.

### 4.     Administration and Calculation of Payments, Distribution of Payments, and Supervision and Distribution of Settlement Fund

4.1     The Settlement Administrator shall administer, calculate, and distribute payments from the Settlement Fund.

4.2     The Settlement Fund shall be applied as follows:

(a)     to pay all the costs and expenses reasonably and actually incurred in connection with providing notice, locating Class Members, administering, calculating, and distributing the Settlement Fund to Class Members, and paying escrow fees and costs, if any;

(b)     to pay the Taxes and Tax Expenses described in ¶ 3.8 hereof;

(c)     to pay Lead Counsel's attorneys' fees and expenses (the "Fee and Expense Award"), if and to the extent allowed by the Court; and

(d)     after the Effective Date, to distribute the balance of the Settlement Fund (the "Net Settlement Fund") to Class Members as allowed by the Stipulation, the Plan of Allocation, or the Court.

4.3     The Settlement Administrator shall send each Class Member a Record of Fund Transactions from May 31, 2006, to June 1, 2008, and Estimate of Settlement Payment ("Record and Estimate"), listing the Fund shares the Class Member acquired and sold between May 31, 2006, and June 1, 2008, and estimating the Class Member's recovery from the Settlement.  Any estimate provided to a Class Member is solely a non-binding estimate and shall not be the basis of any liability whatsoever on the part of any Settling Party or the Settlement Administrator.  Class Members who believe the Record and Estimate is incorrect or incomplete will be directed to contact the Settlement Administrator by e-mail, mail, or toll-free call within 60 days of the mailing of the Record and Estimate to request modification or clarification of the information regarding that Class Member.  Within 30 days of such request the Settlement Administrator shall respond. The Class Members will have 14 days thereafter to accept or approve the determination of the Settlement Administrator.  Any disputes will be resolved by Magistrate Judge Spero.  After any disputes are settled through the above process the Claims Administrator shall send checks to each Class Member by first-class U.S. Mail or comparable means as necessary.

4.4     Each check to each Class Member shall be accompanied by a Release in the form attached to Exhibit A-1 and include an endorsement in this form:

> By my (our) signature(s) below, I (We) hereby agree to the terms of the Release that accompanied this check, and acknowledge that the Judgment in *In re Charles Schwab Corporation Securities Litigation*, Case No. 08-cv-01510 WHA, Northern District of California, independently orders that I have released claims against the same Released Persons who are described in the Release that accompanied this check.

**The Class Notice and check will contain this language.**

**Release**

> You have received the enclosed check from the Settlement Administrator in *In re Charles Schwab Corporation Securities Litigation*, Case No. 08-cv-01510 WHA(Northern District of California) (the "Class Action"), because you have been identified as a member of one or both of two classes certified by the United States District Court for the Northern District of California.  By cashing the enclosed check, you provide an additional release to all "Released Persons" from all "Released Claims," as described in the enclosed Release, that is in addition to, and independent of, the releases of the

Released Persons that are included in, and ordered by Judgment in *In re Charles Schwab Corporation Securities Litigation*.

"Released Claims" means any and all claims or causes of action, demands, rights, liabilities, suits, debts, obligations and causes of action of every nature and description whatsoever, direct or class, arbitrable or non-arbitrable, known or unknown (including Unknown Claims as defined below), contingent or absolute, mature or unmature, discoverable or undiscoverable, whether concealed or hidden, asserted or that might have been asserted against the Released Parties based upon, arising out of, or related in any way whatsoever to any of the facts, transactions, events, occurrences, disclosures, statements, acts, omissions or failures to act which were or could have or might have been alleged in or embraced or otherwise referred to or encompassed by the Class Action, or which relate to the subject matter of the Class Action, regardless of upon what legal theory based, whether legal or equitable, including without limitation, claims for negligence, gross negligence, fraud, breach of fiduciary duty, breach of the duty of care or loyalty or violations of the common law, administrative rule or regulation, tort, contract, equity, or otherwise or of any state or federal statutes, rules or regulations.  Claims that Defendants improperly defended or settled the Class Action are also Released Claims.  The 17200 claim alleged in the Class Action, and only that 17200 claim, is excluded from the Released Claims.  "Unknown Claims" means any Released Claims that you do not know or suspect to exist in your favor but which, if known by you, might have affected your additional release of the Released Parties.

"Released Persons" means each and all of the Defendants and each and all of their Related Parties.  "Defendants" means The Charles Schwab Corporation, Charles Schwab & Co., Inc., Charles Schwab Investment Management, Inc., Schwab Investments, Charles R. Schwab, Evelyn Dilsaver, Randall W. Merk, George Pereira, Matthew Hastings, Mariann Byerwalter, Donald F. Dorward, William A. Hasler, Robert G. Holmes, Gerald B. Smith, Donald R. Stephens, Michael W. Wilsey, and Kimon P. Daifotis.  "Related Parties" means each and any of Defendants' respective past, present or future directors, officers, employees, partnerships and partners, principals, agents, controlling shareholders, any entity in which any Defendant or any member(s) of that Defendant's immediate family has or have a controlling interest (directly or indirectly), attorneys, accountants, auditors, investment banks and investment bankers, underwriters, advisors, financial advisors, personal or legal representatives, analysts, agents, associates, servants, insurers, co-insurers and reinsurers, predecessors, successors, parents, subsidiaries, divisions, assigns, joint ventures and joint venturers, spouses, heirs, executors, administrators, related or affiliated entities, members of an Individual Defendant's immediate family, and any trust of which any Defendant is the settlor or which is for the benefit of any Individual Defendant or member(s) of his family, and all other Persons.  "Person" means a natural person, individual, corporation, partnership, limited partnership, limited liability company, association, joint venture, joint venturer, joint stock company, estate, legal representative, trust, unincorporated association, government or

any political subdivision or agency thereof, and any business or legal entity and, as applicable, their/its respective spouses, heirs, executors, administrators, predecessors, successors, representatives, or assignees.

4.5     Each Class Member shall be deemed to have submitted to the jurisdiction of the Court with respect to the Class Action and the Settlement.

4.6     Payment pursuant to this Stipulation shall be deemed final, complete, and conclusive against all Class Members.

4.7     All Class Members who fail to cash or endorse a check distributing to them a portion of the Net Settlement Fund within one hundred fifty days of the check's issuance, or such other period as may be ordered by the Court, or otherwise allowed, shall be forever barred from receiving any payments pursuant to the Stipulation and the Settlement, but will in all other respects be subject to and bound by the provisions of the Stipulation, the releases contained herein, and the Judgment.

4.8     The Net Settlement Fund shall be distributed to the Class Members in the manner described in the Notice and approved by the Court.  If there is any balance remaining in the Net Settlement Fund after six (6) months from the date of distribution of the Net Settlement Fund (whether by reason of tax refunds, uncashed checks or otherwise), Lead Counsel shall, if feasible, reallocate such balance among Class Members in an equitable and economic fashion.  Thereafter, any balance which still remains in the Net Settlement Fund shall be donated to an appropriate, non-profit organization to be determined by Lead Counsel in conjunction with input from Lead Plaintiffs.

4.9     This is not a claims-made settlement and, if all conditions of the Stipulation are satisfied and the settlement becomes Final, no portion of the Settlement Fund will be returned to the Defendants.  The Released Persons shall have no responsibility for, interest in, or liability whatsoever with respect to the distribution of the Settlement Fund, the Net Settlement Fund, the administration, calculation, or distribution of payments from the Settlement Fund to Class Members or any other Persons, the payment or withholding of Taxes or Tax Expenses, or any losses incurred in connection therewith.  The Released Persons shall have no responsibility for, and

no liability whatsoever with respect to, any payment to Lead Counsel from the Settlement Fund or the Net Settlement Fund.

4.10    No Person shall have any claim against Lead Counsel, Lead Plaintiffs, the Settlement Administrator or other entity designated by Lead Counsel based on distributions made substantially in accordance with the Stipulation and the settlement contained herein, or further order(s) of the Court.

**5.    Preliminary Approval Order and Settlement Hearing**

5.1    Promptly after execution of the Stipulation, the Settling Parties shall submit the Stipulation together with its Exhibits to the Court and shall apply for entry of an order (the "Preliminary Approval Order"), in the form of Exhibit A hereto, requesting, *inter alia*, the preliminary approval of the Settlement set forth in the Stipulation, and approval for mailing the Notice of Pendency and Proposed Settlement of Class Action (the "Notice") in the form of Exhibit A-1 hereto.  The Notice shall include the general terms of the Settlement set forth in the Stipulation, the general terms of the Fee and Expense Application and the date of the Settlement Hearing.

5.2    Lead Counsel shall request that after notice is given, the Court hold a hearing (the "Settlement Hearing") and approve the settlement of the Litigation as set forth herein.  At or after the Settlement Hearing, Lead Counsel also will request that the Court approve Fee and Expense Application.

5.3    At the Settlement Hearing, the Settling Parties shall jointly request entry of a Judgment, in the form attached hereto as Exhibit B:

(a)    finally approving the settlement as fair, reasonable, and adequate, within the meaning of Rule 23 of the Federal Rules of Civil Procedure, and directing its consummation pursuant to its terms;

(b)    directing that the Litigation be dismissed without costs and with prejudice, and releasing, as against the Released Persons, the Released Claims;

(c)    permanently barring and enjoining the institution and prosecution, by Lead Plaintiffs and the Class Members, of any other action against the Released Persons in any court or any other forum or proceeding asserting any Released Claims;

(d)    reserving jurisdiction over the Litigation, including all future proceedings concerning the administration, consummation and enforcement of this Stipulation; and

(e)    containing such other and further provisions consistent with the terms of this Stipulation to which the Settling Parties expressly consent in writing.

### 6.   Lead Counsel's Attorneys' Fees and Reimbursement of Expenses

6.1    Lead Counsel and Lead Plaintiffs may submit an application or applications (the "Fee and Expense Application") for distributions to them from the Settlement Fund for:  (i) an award of attorneys' fees; plus (ii) reimbursement of actual expenses, including the fees of any experts or consultants, incurred in connection with prosecuting the Litigation; (iii) reimbursement to Lead Plaintiffs of the costs and expenses incurred directly related to representation of the Class, in an amount not to exceed twenty-five thousand dollars ($25,000) plus any interest on such attorneys' fees and expenses at the same rate and for the same periods as earned by the Settlement Fund (until paid), as may be awarded by the Court.  Lead Counsel reserve the right to make additional applications for fees and expenses incurred.  The application must be consistent with and does not amend the Contingent Retainer Agreement restated as of August 12, 2008, between Lead Counsel and Lead Plaintiffs.  The Released Persons shall have no responsibility for, and no liability whatsoever with respect to, any award of fees and expenses that the Court may make, and Defendants take no position with respect to such matters.

6.2    The attorneys' fees and expenses, as awarded by the Court, shall be paid to Lead Counsel from the Settlement Fund, as ordered, immediately after the Court executes an order awarding such fees and expenses.  In the event that the Effective Date does not occur, or the Judgment or the order making the Fee and Expense Award is reversed or modified, or the Stipulation is canceled or terminated for any other reason, and in the event that the Fee and Expense Award has been paid to any extent, then Lead Counsel shall within five (5) business days from receiving notice from Defendants' counsel or from a court of appropriate jurisdiction, refund

to the Settlement Fund the fees and expenses previously paid to them from the Settlement Fund plus interest thereon at the same rate as earned by the Settlement Fund in an amount consistent with such reversal or modification.

6.3     The procedure for and the allowance or disallowance by the Court of any applications by Lead Counsel for attorneys' fees and expenses, including the fees of experts and consultants, to be paid out of the Settlement Fund, are not part of the settlement set forth in the Stipulation, and are to be considered by the Court separately from the Court's consideration of the fairness, reasonableness and adequacy of the settlement set forth in the Stipulation, and any order or proceedings relating to the Fee and Expense Application, or any appeal from any order relating thereto or reversal or modification thereof, shall not operate to terminate or cancel the Stipulation, or affect or delay the finality of the Judgment approving the Stipulation and the settlement of the Litigation set forth therein (including the releases contained therein).

6.4     Defendants and their Related Parties shall have no responsibility for or liability with respect to any payment of attorneys' fees and expenses to Lead Counsel over and above payment from the Settlement Fund.

**7.     Effective Date of Settlement, Effect of Disapproval, Cancellation or Termination**

7.1     The Effective Date of Settlement shall be the first date by which all the following events and conditions shall have occurred or been met:

(a)     execution of the Stipulation;

(b)     entry of the Preliminary Approval Order in the form attached hereto as Exhibit A;

(c)     payment to the Escrow Agent of the Settlement Fund pursuant to ¶ 3.7 above;

(d)     approval by the Court of the Settlement, following notice to the Class and a hearing, as prescribed by Rule 23 of the Federal Rules of Civil Procedure;

(e)     entry of the Judgment, in the form of Exhibit B attached hereto;

(f)     the Judgment has become Final; and

1       (g)    Defendants' Counsel or Lead Counsel shall not have given notice of intent to

2   withdraw from the Settlement, pursuant to ¶ 7.3.

3       7.2    If all of the conditions specified in ¶ 7.1 are not met, then this Stipulation shall be

4   canceled and terminated unless Lead Counsel and Defendants' counsel mutually agree in writing to

5   proceed with the Stipulation.  No order of the Court or modification or reversal on appeal of any

6   order of the Court approving or disapproving, in whole or in part, the Plan of Allocation or the

7   amount of any attorneys' fees, costs, expenses and interest awarded by the Court to Lead Counsel,

8   or of any payment to Lead Plaintiffs, shall constitute grounds for cancellation or termination of the

9   Stipulation.

10       7.3    Defendants' counsel or Lead Counsel shall have the right to terminate the

11   Settlement and this Stipulation by providing written notice of their election to do so to all other

12   parties hereto within thirty (30) calendar days after:  (a) the Court's refusal to approve this

13   Stipulation or any material part of it; (b) the Court's declining to enter the Judgment in any

14   material respect, other than with respect to the award of attorneys' fees and expenses to Lead

15   Counsel or to Lead Plaintiffs or of any payment to Lead Plaintiffs; or (c) the date upon which the

16   Judgment is modified or reversed in any material respect –  other than with respect to the award of

17   attorneys' fees and reimbursement of expenses to Lead Counsel or of any payment to Lead

18   Plaintiffs – by the Court of Appeals or the Supreme Court.

19       7.4    Except as otherwise provided herein, in the event the Settlement is terminated or

20   fails to become effective for any reason, within five (5) business days after written notification, the

21   Settling Parties shall be deemed to have reverted to their respective positions in the Class Action as

22   of April 23, 2010, and, except as otherwise expressly provided, the parties shall proceed in all

23   respects as if this Stipulation and any related orders had not been entered, including any award of

24   attorneys' fees, expenses, and interest thereupon, and any portion of the Settlement Amount

25   previously paid or caused to be paid by The Charles Schwab Corporation, together with any

26   interest earned thereon, less any Taxes due with respect to such income, and less costs of

27   administration and notice actually incurred and paid or payable from the Gross Settlement Amount

28

1    (not to exceed $200,000 without the prior approval of The Charles Schwab Corporation or the

2    Court), shall be returned to The Charles Schwab Corporation.

3        7.5    If the Effective Date does not occur, or in the event the Settlement is terminated or

4    fails to become effective for any reason, the terms and provisions of the Stipulation shall have no

5    further force and effect with respect to the Settling Parties, with the exception of ¶¶ 1.1-1.39, 3.7,

6    3.8, 3.9, 4.9, 4.10, 6.2, 6.3, 6.4, 7.1, 7.3, 7.4, and 7.5 hereof, and shall not be used in the Litigation

7    or in any other proceeding for any purpose, and any judgment or order entered by the Court in

8    accordance with the terms of this Stipulation shall be vacated as *nunc pro tunc*.

9        7.6    [Reserved].

10       **8.    Other Provisions**

11       8.1    The Settling Parties (a) acknowledge that it is their intent to consummate the

12   Settlement; and (b) agree to cooperate to the extent reasonably necessary to effectuate and

13   implement all terms and conditions of the Stipulation and to exercise their reasonable best efforts

14   to accomplish the foregoing terms and conditions of the Stipulation.

15       8.2    The Settling Parties intend this Settlement to be a final and complete resolution of

16   all disputes between them with respect to the Litigation.  The Settlement compromises claims

17   which are contested and shall not be deemed an admission by any Settling Party as to the merits of

18   any claim or defense.  The Judgment will contain a statement that during the course of the

19   Litigation, the parties and their respective counsel at all times complied with the requirements of

20   Federal Rule of Civil Procedure 11.  While retaining their right to deny liability, the Defendants

21   agree that the amount paid to the Settlement Fund and the other terms of the Settlement were

22   negotiated in good faith by the Settling Parties, and reflect a Settlement that was reached

23   voluntarily after consultation with competent legal counsel.  The Settling Parties reserve their right

24   to rebut, in a manner that such party determines to be appropriate, any contention made in any

25   court that the Litigation was brought or defended in bad faith or without a reasonable basis.

26       8.3    Defendants enter into this Stipulation without in any way acknowledging any

27   personal fault, liability, or wrongdoing of any kind.  Defendants continue vigorously to deny all of

28   the material allegations in the Litigation, and assert that all claims in the Litigation are completely

1   without merit.  Neither this Stipulation, nor any of its terms or provisions, nor any of the

2   negotiations or proceedings connected with it, shall be construed as an admission or concession by

3   Defendants of the truth of any of the allegations in the Litigation, or of any liability, fault, or

4   wrongdoing of any kind.  Neither this Stipulation, nor any of its terms or provisions, nor any of the

5   negotiations or proceedings connected with it, shall be referred to, offered as evidence, or received

6   in evidence in any pending or future civil, criminal, or administrative action or proceeding, except

7   in a proceeding to enforce this Stipulation, to defend against the assertion of the Released Claims,

8   or as otherwise required by law.

9        8.4    All agreements made and orders entered during the course of the Litigation relating

10  to the confidentiality of information shall survive this Stipulation, pursuant to their terms.

11       8.5    The Charles Schwab Corporation may issue a press release regarding the existence

12  and terms of the Settlement.  Lead Counsel will post the Schwab Release, if any, on the Hagens

13  Berman website and may make comments in response to inquiries as to the fairness of the

14  settlement, but shall not otherwise comment on the Settlement.

15       8.6    All of the Exhibits to the Stipulation are material and integral parts hereof and are

16  fully incorporated herein by this reference.

17       8.7    The Stipulation may be amended or modified only by a written instrument signed by

18  or on behalf of all Settling Parties or their respective successors-in-interest.

19       8.8    The Stipulation and the Exhibits attached hereto constitute the entire agreement

20  among the parties hereto and no representations, warranties or inducements have been made to any

21  party concerning the Stipulation and its Exhibits, other than the representations, warranties and

22  covenants contained and memorialized in such documents.  Except as otherwise provided herein,

23  each party shall bear its own costs.

24       8.9    Lead Counsel, on behalf of the Federal Classes, is expressly authorized by the Lead

25  Plaintiffs to take all appropriate action required or permitted to be taken by the Federal Classes

26  pursuant to the Stipulation to effectuate its terms and also are expressly authorized to enter into any

27  modifications or amendments to the Stipulation on behalf of the Federal Classes which they deem

28

1  appropriate, provided Lead Counsel consults with Lead Plaintiffs and given them an opportunity to

2  object and approve.

3      8.10    Each counsel or other Person executing the Stipulation or any of its Exhibits on

4  behalf of any party hereto hereby warrants that such Person has the full authority to do so.

5      8.11    The Stipulation may be executed in one or more counterparts.  All executed

6  counterparts and each of them shall be deemed to be one and the same instrument.  A complete set

7  of original executed counterparts shall be filed with the Court.

8      8.12    The Stipulation shall be binding upon, and inure to the benefit of, the successors and

9  assigns of the parties hereto.

10      8.13    The Court shall retain jurisdiction with respect to implementation and enforcement

11  of the terms of the Stipulation, and all parties hereto submit to the jurisdiction of the Court for

12  purposes of implementing and enforcing the settlement embodied in the Stipulation.

13      8.14    The Stipulation and the Exhibits hereto shall be considered to have been negotiated,

14  executed and delivered, and to be wholly performed, in the State of California, and shall be

15  construed and enforced in accordance with the laws of the State of California without giving effect

16  to that State's choice-of-law principles.

17

18

19

20

21

22

23

24

25

26

27

28

1    IN WITNESS WHEREOF, the parties hereto have caused the Stipulation to be executed, by

2   their duly authorized attorneys.

3

4    AGREED and entered into on this 23rd day of April, 2010.

5   HAGENS BERMAN SOBOL SHAPIRO LLP          MORRISON & FOERSTER LLP

6   _____          Darryl P. Rains  per authorization by
                                                                              Schu
7          STEVE W. BERMAN                        DARRYL P. RAINS        R.M./sm
    1918 Eighth Avenue, Suite 3300           755 Page Mill Road
8   Seattle, Washington  98101               Palo Alto, California 94304
    Telephone:  (206) 623-7292               Telephone:  (650) 813-5600
9   Facsimile:  (206) 623-0594               Facsimile:  (650) 494-0792

10  Attorneys for Lead Plaintiffs YieldPlus  Attorneys for Defendants The Charles Schwab
    Investor Group                           Corporation, Charles Schwab & Co., Inc.,
11                                           Charles Schwab Investment Management, Inc.,
                                             Schwab Investments, Charles R. Schwab,
12                                           Evelyn Dilsaver, Randall W. Merk, George
                                             Pereira, Matthew Hastings, Mariann
13                                           Byerwalter, Donald F. Dorward, William A.
                                             Hasler, Robert G. Holmes, Gerald B. Smith,
14                                           Donald R. Stephens, and Michael W. Wilsey

15                                           COVINGTON & BURLING LLP

16                                           _____

17                                                  DAVID B. BAYLESS
                                             One Front Street
18                                           San Francisco, California 94111
                                             Telephone:  (415) 591-6000
19                                           Facsimile:  (415) 591-6091

20                                           Attorneys for Defendant Kimon P. Daifotis

21

22

23

24

25

26

27

28

# Exhibit A

1   Reed R. Kathrein (139304)
    Peter E. Borkon (212596)
2   HAGENS BERMAN SOBOL SHAPIRO LLP
    715 Hearst Avenue, Suite 202
3   Berkeley, CA  94710
    Telephone:  (510) 725-3000
4   Facsimile:  (510) 725-3001
    reed@hbsslaw.com
5   peterb@hbsslaw.com

6   Steve W. Berman (*Pro Hac Vice*)
    Sean R. Matt (*Pro Hac Vice*)
7   Erin K. Flory (*Pro Hac Vice*)
    Lisa M. Hasselman (*Pro Hac Vice*)
8   Robert F. Lopez (*Pro Hac Vice*)
    HAGENS BERMAN SOBOL SHAPIRO LLP
9   1918 Eighth Avenue, Suite 3300
    Seattle, Washington  98101
10  Telephone: (206) 623-7292
    Facsimile: (206) 623-0594
11  steve@hbsslaw.com
    sean@hbsslaw.com
12  erin@hbsslaw.com
    lisah@hbsslaw.com
13  robl@hbsslaw.com

14  *Attorneys for Lead Plaintiff YieldPlus Investor Group*

15

16              UNITED STATES DISTRICT COURT

17            NORTHERN DISTRICT OF CALIFORNIA

18               SAN FRANCISCO DIVISION

19  IN RE CHARLES SCHWAB CORP.          No. 08-cv-01510 WHA
    SECURITIES LITIGATION
20

21  THIS DOCUMENT RELATES TO:           [PROPOSED] ORDER
                                        PRELIMINARILY APPROVING
22  All Actions                         SETTLEMENT AND PROVIDING
                                        FOR NOTICE
23
                                        EXHIBIT A
24
                                        Date Action Filed:  March 18, 2008
25

26

27

28

010036-12  365588 V1

1    WHEREAS, a consolidated class action is pending before the Court entitled *In re Charles*

2  *Schwab Corporation Securities Litigation*, No. C 08-01510 WHA (the "Litigation");

3    WHEREAS, the Court has received the Unopposed Motion for Preliminary Approval of the

4  Settlement and Stipulation of Settlement dated April __, 2010 (the "Stipulation"), that has been

5  entered into by the Lead Plaintiffs and Defendants, and the Court has reviewed the Stipulation and

6  its attached Exhibits;

7    WHEREAS, Lead Plaintiffs having made an Unopposed Motion for Preliminary Approval

8  of the Settlement, pursuant to Federal Rule of Civil Procedure 23(e), for an order preliminarily

9  approving the settlement of this Litigation, in accordance with the Stipulation which, together with

10  the Exhibits annexed thereto sets forth the terms and conditions for a proposed settlement of the

11  Litigation and for dismissal of the Litigation with prejudice upon the terms and conditions set forth

12  therein; and the Court having read and considered the Stipulation and the Exhibits annexed thereto;

13  and

14    WHEREAS all defined terms contained herein shall have the same meanings as set forth in

15  the Stipulation;

16    NOW, THEREFORE, IT IS HEREBY ORDERED:

17    1.    The Court does hereby preliminarily approve the Stipulation and the settlement set

18  forth therein, subject to further consideration at the Settlement Hearing described below.

19    2.    A hearing (the "Settlement Hearing") shall be held before this Court on _____,

20  2010, at __:__ __.m., at the United States Courthouse, 450 Golden Gate Avenue, San Francisco,

21  California, to determine whether the proposed settlement of the Litigation on the terms and

22  conditions provided for in the Stipulation is fair, reasonable and adequate to the Federal Classes

23  and should be approved by the Court; whether a Judgment as provided in ¶ 1.13 of the Stipulation

24  should be entered herein; whether the proposed Plan of Allocation should be approved; and to

25  determine the amount of fees and expenses that should be awarded to Lead Counsel.  The Court

26  may adjourn the Settlement Hearing without further notice to Class Members.

27    3.    Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court previously

28  certified, and confirms the following classes:

> All persons or entities who acquired shares of the fund traceable to a
> false and misleading registration statement for the fund and who
> were damaged thereby during the period November 15, 2006,
> through March 17, 2008, inclusive("Section 11 Class"); and
>
> all persons or entities who acquired shares of the fund traceable to a
> false and misleading prospectus for the fund and who were damaged
> thereby, during the period May 31, 2006, through March 17, 2008,
> inclusive (the "Section 12 Class").

(the "Federal Classes") The Federal Classes exclude Defendants, members of their immediate families and their legal representatives, heirs, successors or assigns and any entity in which Defendants have or had a controlling interest.  Also excluded from the Federal Classes are those Persons who timely and validly requested exclusion from either or both of the Federal Classes pursuant to the previous Notice of Pendency of Class Action.

4.      The Court finds that the notice that has been given to date to the Federal Classes and their Members met the requirements of Federal Rule of Civil Procedure 23 and due process, and was the best notice practicable under the circumstances and constituted due and sufficient notice to all Persons entitled thereto.  No party is required to provide new or additional notice to the Federal Classes, or any of their Members, except as required by this Order Preliminarily Approving Settlement and Providing for Notice, and no Member of either Federal Class shall have any new or additional opportunities to opt out of or be excluded from any Federal Class.

5.      The Court approves, as to form and content, the Notice of Pendency and Proposed Settlement of Class Action (the "Notice"), and Summary Notice for publication annexed as Exhibits A-1 and A-2 hereto, and finds that the mailing and distribution of the Notice and publishing of the Summary Notice meet the requirements of Federal Rule of Civil Procedure 23 and due process, and is the best notice practicable under the circumstances and shall constitute due and sufficient notice to all Persons entitled thereto.  In addition, the Settlement Administrator shall email the Notice to those Class Members who have notified Schwab that they wish to receive regulatory filings by e-mail.

5.      Pursuant to Rule 53(c) of the Federal Rules of Civil Procedure, the Court appoints Gilardi & Co. LLC ("Settlement Administrator") to supervise and administer the notice procedure

as well as the distribution of the Settlement Fund and Net Settlement Fund as more fully set forth below:

(a)     Not later than _____, 2010 (the "Notice Date"), Lead Counsel shall cause a copy of the Notice, substantially in the form annexed as Exhibit A-1 hereto, to be mailed by first class mail to all Class Members who can be identified with reasonable effort;

(b)     Not later than _____, 2010, Lead Counsel shall cause the Summary Notice to be published once in *Investor's Business Daily*, and any other regional newspaper as is deemed appropriate; and

(c)     Not later than ____, 2010, the Settlement Administrator shall email the Notice to those Class Members who have notified Schwab that they wish to receive regulatory filings by e-mail;

(d)     At least seven (7) calendar days prior to the Settlement Hearing, Lead Counsel shall cause to be served on Defendants' counsel and filed with the Court proof, by affidavit or declaration, of such mailing and publishing.

(e)     With the mailed or emailed Notice, the Settlement Administrator shall send a Record of Fund Transactions from May 31, 2006, to March 17, 2008, and Estimate of Settlement Payment, pursuant to ¶ 5(e) of the Stipulation.

6.     Any Member of the Class may appear at the Settlement Hearing and show cause, if he, she or it has any reason why the proposed settlement of the Litigation should or should not be approved as fair, reasonable and adequate, why a judgment should or should not be entered thereon, or why attorneys' fees and expenses should or should not be awarded to Lead Counsel; provided, however, that no Class Member or any other Person shall be heard or entitled to contest the approval of the terms and conditions of the proposed settlement, or, if approved, the Judgment to be entered thereon approving the same, or the order approving the Plan of Allocation, or the attorneys' fees and expenses to be awarded to Lead Counsel, unless that Person has delivered by hand or sent by first class mail written objections and copies of any papers and briefs such that they are received on or before _____, 2010, by:  Hagens Berman Sobol & Shapiro LLP, Steve W. Berman, 1301 Fifth Avenue, Suite 2900, Seattle, Washington 98101; and Morrison & Foerster

LLP, Darryl P. Rains, 755 Page Mill Road, Palo Alto, California 94304, and filed said objections, papers and briefs with the Clerk of the United States District Court for the Northern District of California, on or before _____, 2010.  Any Member of the Class who does not make his, her or its objection in the manner provided shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness or adequacy of the proposed settlement as set forth in the Stipulation, to the Plan of Allocation, or to the award of attorneys' fees and expenses to Lead Counsel, unless otherwise ordered by the Court.

7.      All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

8.      All papers in support of the settlement, the Plan of Allocation, and the application by Lead Counsel for attorneys' fees or reimbursement of expenses shall be filed and served seven (7) calendar days before the Settlement Hearing.

9.      Neither the Defendants nor their Related Parties shall have any responsibility for or liability with respect to the Plan of Allocation or any application for attorneys' fees or reimbursement of expenses submitted by Lead Counsel, and such matters will be considered separately from the fairness, reasonableness and adequacy of the settlement.

10.     At or after the Settlement Hearing, the Court shall determine whether Settlement and any application for attorneys' fees or reimbursement of expenses shall be approved.

11.     All reasonable expenses incurred in identifying and notifying Class Members, as well as administering the Settlement Fund, shall be paid as set forth in the Stipulation.  In the event the settlement is not approved by the Court, or otherwise fails to become effective, neither the Lead Plaintiff nor Lead Counsel shall have any obligation to repay any amounts actually and properly disbursed from the Class Notice and Administration Fund.

12.     Neither the Stipulation, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be construed as an admission or concession by Defendants or their Related Parties of the truth of any of the allegations in the Litigation, or of any liability, fault, or wrongdoing of any kind and shall not be construed as, or deemed to be evidence

1   of or an admission or concession that Lead Plaintiff or any Class Members have suffered any

2   damages, harm, or loss.

3          13.     In the event that the settlement does not become effective in accordance with the

4   terms of the Stipulation or the Effective Date does not occur, or in the event that the Settlement

5   Fund, or any portion thereof, is returned to the Defendants, then this Order shall be rendered null

6   and void to the extent provided by and in accordance with the Stipulation and shall be vacated and,

7   in such event, all orders entered and releases delivered in connection herewith shall be null and

8   void to the extent provided by and in accordance with the Stipulation.

9          14.     The Court reserves the right to adjourn the date of the Settlement Hearing without

10  further notice to the Members of the Class, and retains jurisdiction to consider all further

11  applications arising out of or connected with the proposed Settlement.  The Court may approve the

12  settlement, with such modifications as may be agreed to by the Settling Parties, if appropriate,

13  without further notice to the Class.

14

15

16  DATED: _____          _____

17                                          THE HONORABLE WILLIAM ALSUP
                                            UNITED STATES DISTRICT JUDGE

18

19

20

21

22

23

24

25

26

27

28

Submitted by:

HAGENS BERMAN SOBOL SHAPIRO LLP


By _____s/ Steve W. Berman_____
        Steve W. Berman
1301 Fifth Avenue, Suite 2900
Seattle, Washington  98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594
steve@hbsslaw.com

Reed R. Kathrein
HAGENS BERMAN SOBOL SHAPIRO LLP
715 Hearst Avenue, Suite 202
Berkeley, California  94710
Telephone: (510) 725-3000
Facsimile: (510) 725-3001
reed@hbsslaw.com

Counsel for Lead Plaintiffs and the Class

# EXHIBIT A-1

1   Reed R. Kathrein (139304)
    Peter E. Borkon (212596)
2   HAGENS BERMAN SOBOL SHAPIRO LLP
    715 Hearst Avenue, Suite 202
3   Berkeley, CA  94710
    Telephone:  (510) 725-3000
4   Facsimile:  (510) 725-3001
    reed@hbsslaw.com
5   peterb@hbsslaw.com

6   Steve W. Berman (*Pro Hac Vice*)
    Sean R. Matt (*Pro Hac Vice*)
7   Erin K. Flory (*Pro Hac Vice*)
    Lisa M. Hasselman (*Pro Hac Vice*)
8   Robert F. Lopez (*Pro Hac Vice*)
    HAGENS BERMAN SOBOL SHAPIRO LLP
9   1918 Eighth Avenue, Suite 3300
    Seattle, Washington  98101
10  Telephone: (206) 623-7292
    Facsimile: (206) 623-0594
11  steve@hbsslaw.com
    sean@hbsslaw.com
12  erin@hbsslaw.com
    lisah@hbsslaw.com
13  robl@hbsslaw.com

14  *Attorneys for Lead Plaintiff YieldPlus Investor Group*

15

16                  UNITED STATES DISTRICT COURT

17                NORTHERN DISTRICT OF CALIFORNIA

18                   SAN FRANCISCO DIVISION

19  IN RE CHARLES SCHWAB CORP.              No. 08-cv-01510 WHA
    SECURITIES LITIGATION
20

21  THIS DOCUMENT RELATES TO:               NOTICE OF PENDENCY AND
                                            PROPOSED SETTLEMENT OF
22  All Actions                             CLASS ACTION

23                                          EXHIBIT A-1

24                                          Date Action Filed:  March 18, 2008

25

26

27

28

1   ***IF YOU ACQUIRED SHARES OF THE SCHWAB YIELDPLUS FUND (THE***

2   ***"FUND") BETWEEN MAY 31, 2006, AND MARCH 17, 2008, YOU COULD RECEIVE A***

3   ***PAYMENT FROM A CLASS ACTION SETTLEMENT.***

4        A federal court authorized this Notice.  This is not a solicitation from a lawyer.

5        **Securities and Time Period:**  Schwab YieldPlus Fund shares acquired between May 31,

6   2006, and March 17, 2008.

7        **Settlement Fund:**  $200,000,000 in cash.  Your recovery will depend on the amount of

8   shares acquired (including shares acquired through the reinvestment of dividends) and the timing

9   of those acquisitions, and any sales.  Depending on the number and type of shares that participate

10  in the settlement and when those shares were acquired and sold, the estimated average recovery per

11  share will be approximately $0.19 per share or 23.4 percent of alleged recoverable damages before

12  deduction of Court-approved fees and expenses.

13       The enclosed Record of Fund Transactions from May 31, 2006, to June 1, 2008, and

14  Estimate of Settlement Payment lists the Fund shares you acquired and sold between May 31,

15  2006, and June 1, 2008, and estimates your total recovery from the settlement.  The Settlement

16  does not provide for payments regarding Fund shares you acquired after March 17, 2008, but your

17  sales of Fund shares, if any, through June 1, 2008, are part of the Court approved method for

18  calculating your share of the settlement.  If you believe the Record of Fund Transactions is

19  incorrect or incomplete, please contact the Settlement Administrator as described below.

20       **Reasons for Settlement:**  The core of Plaintiffs' case was that Defendants represented the

21  Fund was designed to offer "maintain share price stability" but concealed risks in achieving this

22  investment objective due to concentrations in mortgaged-backed securities and corporate bonds

23  that were related to real estate.  As strongly as Lead Plaintiffs and Lead Counsel believed in their

24  case, Defendants' defenses were well received by two different mediators with whom the parties

25  met on at least five different occasions.  Among the significant risks perceived were (i) Defendants

26  – who deny having any liability to Lead Plaintiffs or to the members of the Federal Classes

27  (described below) – could point to language in the disclosure documents which arguably put Class

28  Members on notice of the risks associated with the Fund's investments in mortgage-backed

securities, (ii) Defendants argued that the housing crisis was unprecedented and caught even the most sophisticated financial firms by surprise, thus no known and foreseeable risk existed and thus no misrepresentation was made, (iii) the amount of alleged damages was a battle of the experts with Defendants' experts claiming zero alleged damages were related to the misrepresentations alleged in the lawsuit.

It is impossible to predict how a jury might resolve this case.  Settlement avoids the uncertainty of a jury trial, the costs and risks associated with continued litigation, including the danger of no recovery, and provides a substantial benefit to the Class now.

If the case proceeded to trial, plaintiffs would have claimed Section 11 alleged damages of $651 million or Section 12 alleged damages of up to $889 million.  Again, Defendants would have argued no alleged damages existed.  To put this settlement in context, the average settlement of cases at the $200 million level according to a study by Cornerstone Research was 4.6 percent of alleged damages.  This settlement is 35.9 percent of Section 11 alleged damages and 23.4 percent of Section 12 alleged damages.

**If the Case Had Not Settled:**  The settlement must be compared to the risk of no recovery after contested motions, trial and likely appeals.  While Lead Counsel was prepared to go to trial and was confident about the case, a trial is a risky proposition and Lead Plaintiffs might not have prevailed.  The claims in this case involve numerous complex legal and factual issues that would require extensive and costly expert testimony.  Among the issues about which the two sides do not agree are:  (1) the amount of alleged damages, if any, that could be recovered at trial; (2) the other causes of the losses to the Fund during the relevant period; (3) the proper measure of alleged damages; (4) the extent that various facts alleged by the Lead Plaintiffs were materially false or misleading; (5) the extent that various facts alleged by the Lead Plaintiff influenced the net asset value of the Fund during the relevant period; and (6) whether the facts alleged were material, false, misleading or otherwise actionable under the securities laws.

**Attorneys' Fees and Expenses:**  Lead Counsel has not received any payment for their work investigating the facts, conducting this litigation and negotiating the settlement on behalf of the Lead Plaintiffs and the Class.  Court-appointed Lead Counsel will ask the Court for attorneys'

1   fees of up to ten percent of the Settlement Fund, which amount will *include* counsel's

2   reimbursement of out-of-pocket expenses.  The exact amount is subject to the retainer agreement

3   with Lead Plaintiffs and cannot be determined until after the settlement administration process is

4   complete.  In addition, Lead Plaintiffs incurred labor and expenses directly related to the

5   representation of the Class for which they will seek reimbursement not to exceed $25,000 per

6   plaintiff.

7       **Deadline:**

8           File Objection and/or Request to be Heard by the Court:       _____, 2010

9       **Court Hearing on Fairness of Settlement: _____, 2010**

10      **More Information:**  www.gilardi.com or

11      Settlement Administrator:              Lead Counsel:

12      *In re Charles Schwab Corporation*      Steve W. Berman
        *Securities Litigation*                Hagens Berman Sobol & Shapiro LLP
13      c/o Gilardi & Co. LLC                  1304 Fifth Avenue, Suite 2900
        Settlement Administrator               Seattle, WA 98101
14      P.O. Box 8040
        San Rafael, CA 94912-8040
15      1-866-780-8824
        classact@gilardi.com
16

17      • Your legal rights are affected whether you act or don't act.  Read this Notice carefully.

18  **YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT:**

19  **OBJECT**                         You may write to the Court if you do not like this
                                       settlement.

20  **GO TO THE SETTLEMENT**           You may ask to speak in Court about the fairness of the
    **APPROVAL HEARING**               settlement.
21

22      • These rights and options – ***and the deadlines to exercise them*** – are explained in this Notice.

23      The Court in charge of this case must decide whether to approve the settlement.  Payments

24  will be made if the Court approves the settlement and, if there are any appeals, after appeals are

25  resolved.  Please be patient.

26

27

28

**BASIC INFORMATION**

**1.     Why Did I Receive This Notice Package?**

You or someone in your family may have acquired Schwab YieldPlus Fund shares between May 31, 2006, and March 17, 2008, through purchase of such shares or a dividend reinvestment in the Fund.

You received this Notice Package by order of the Court, because you have a right to know about a proposed settlement of a class action lawsuit, and about all of your options, before the Court decides whether to approve the settlement.  If the Court approves it, and after any objections or appeals are resolved, the Settlement Administrator appointed by the Court will make the payments that the settlement allows.

This package explains the lawsuit, the settlement, your legal rights, what benefits are available, who is eligible for them, and how to get them.

The Court in charge of the case is the United States District Court for the Northern District of California, and the case is known as *In re Charles Schwab Corporation Securities Litigation*, Case No. 08-cv-01510 WHA.  The persons who sued are called the Lead Plaintiffs, and the companies and the individuals they sued, The Charles Schwab Corporation, Charles Schwab & Co., Inc., Charles Schwab Investment Management, Inc., Schwab Investments, Charles R. Schwab, Evelyn Dilsaver, Randall W. Merk, George Pereira, Matthew Hastings, Mariann Byerwalter, Donald F. Dorward, William A. Hasler, Robert G. Holmes, Gerald B. Smith, Donald R. Stephens, Michael W. Wilsey, and Kimon Daifotis, are called the Defendants.

**2.     What Is This Lawsuit About?**

This case was brought as a class action alleging that Defendants made false and misleading statements and omissions in the registration statements and prospectus issued by the YieldPlus Fund during the period May 31, 2006, and March 17, 2008, about the investment profile and objectives of the YieldPlus Fund.  The Lead Plaintiffs allege that Defendants violated federal and state law in registering, marketing and selling the Fund as a stable, bond fund which had "minimal" risk of a fluctuating share price.  Lead Plaintiffs allege that the Fund was not "stable" and "safe," because it was comprised of mortgage-backed securities and corporate finance bonds making the

1   Fund riskier than represented, and eventually the true risks presented by the assets held by the Fund

2   were revealed, resulting in losses to Fund investors.  Defendants deny that they did anything wrong

3   and that the Lead Plaintiffs or anyone else may recover alleged damages from any Defendant.

4   **3.      Why Is This a Class Action?**

5   In a class action, one or more people called class representatives (in this case the Court-

6   appointed Lead Plaintiffs, Kevin O'Donnell, James Coffin, John Hill, David Mikelonis, and Robert

7   Dickson.) sue on behalf of people who have similar claims.  All these people are called a Class or

8   Class Members.  One court resolves the issues for all Class Members, except for those who exclude

9   themselves from the Class.  Judge William Alsup of the Northern District of California, in San

10   Francisco, California, is in charge of this class action.  Judge Alsup certified classes in this case on

11   August 21, 2009.  There are two classes that are covered by the Settlement, called the "Federal

12   Classes":

13   (1) all persons or entities who acquired shares of the Fund traceable
     to a false and misleading registration statement for the Fund and who
14   were damaged thereby during the period November 15, 2006,
     through March 17, 2008, inclusive (the "Section 11 Class"); and

15   (2) all persons or entities who acquired shares of the Fund traceable
     to a false and misleading prospectus for the Fund and who were
16   damaged thereby, during the period May 31, 2006, through
     March 17, 2008, inclusive (the "Section 12 Class").

17

18   "Section 11" and Section 12" are sections of the Securities Act of 1933.

19   Notices of the certification of the Federal Classes were mailed to members of the Federal

20   Classes.  The deadline to request to be excluded from the Federal Classes was December 28, 2009.

21   **4.      Why Is There a Settlement?**

22   The Court did not decide in favor of Lead Plaintiff or Defendants.  Instead, both sides

23   agreed to a settlement.  The Lead Plaintiffs and their attorneys think the settlement is best for all

24   Class Members.

25   Defendants claim that they fully disclosed the risks presented by mortgage-backed

26   securities.  Further, Defendants claim such investments were not risky at the time, and the Fund's

27   assets were mainly AAA rated.  Only an unprecedented economic crisis that few in the country

28   foresaw caused the loss in Fund share value.  For more information on the disclosures at issue, visit

1    Hagens Berman's website at www.hagens-berman.com, where documents from the litigation are

2    posted, including the statements at issue in the prospectuses.

3        Lead Counsel engaged in five different mediation sessions, with two federal magistrate

4    judges as mediators.  Lead Counsel conducted a mock test trial.  All of the above experiences

5    indicated that there were substantial risks to to Lead Plaintiffs obtaining the unanimous verdict that

6    is required in federal court.

7    **WHO IS IN THE SETTLEMENT**

8        To see if you will receive money from this settlement, you first have to determine if you are

9    a Member of either of the Federal Classes.

10       **5.      How Do I Know if I Am Part of the Settlement?**

11       The Federal Classes include those who acquired Schwab YieldPlus Fund shares between

12   May 31, 2006, (November 15, 2006, for the Section 11 Class) and March 17, 2008.

13       **6.      What Are The Exceptions to Being Included?**

14       You are not a Member of a Federal Class if you are a Defendant, a member of the

15   immediate family of one of the Individual Defendants listed in question 1, a current or former

16   director or officer of Defendants, or a legal representative, heir, successor, or assign of any

17   excluded party, or if you timely met the requirements for opting out of a Federal Class.

18       If you sold Schwab YieldPlus Fund shares between May 31, 2006, and March 17, 2008,

19   that alone does not make you a Class Member.  You are a Class Member only if you acquired

20   Schwab YieldPlus Fund shares between May 31, 2006, and March 17, 2008 (including acquisitions

21   through dividend reinvestments).

22       **7.      I'm Still Not Sure if I Am Included**

23       If you are still not sure whether you are included, you can ask for free help.  You can

24   contact the Settlement Administrator at the toll free number:  1-866-780-8824 or via email at

25   classact@gilardi.com for more information.

26

27

28

**THE SETTLEMENT BENEFITS – WHAT YOU GET**

      **8.**     **What Does the Settlement Provide?**

      Defendants have agreed to pay $200 million in cash.  The balance of this fund after payment of Court-approved attorneys' fees and expenses and the costs of settlement administration, including the costs of printing and mailing this Notice (the "Net Settlement Fund") will be divided among all eligible Class Members.

      **9.**     **How Much Will My Payment Be?**

      Your share of the Net Settlement Fund will depend on the number of Class Members and how many Fund shares Class Members acquired during the relevant period and when you acquired and sold Fund shares.  The enclosed Record of Fund Transactions From May 31, 2006, to March 17, 2008, and Estimate of Settlement Payment lists the Fund shares you acquired and sold between May 31, 2006, and March 17, 2008, and estimates your total recovery from the settlement.  If you believe the Record of Fund Transactions is incorrect or incomplete, please contact the Settlement Administrator as described below in Question 20.

      Your share will be calculated as follow:

      Pursuant to Section 11 of the Securities Act, for shares purchased November 15, 2006, through March 17, 2008, the alleged damages are the difference between the NAV on the date of purchase and the NAV on the date of sale, if the shares were disposed of in the market prior to March 17, 2008.  If shares were held until March 17, 2008, the amount per share is the difference between the NAV on the date of purchase and the $7.96, which is the NAV for both the Investor Fund and the Select Fund as of that date.  If the shares were sold after the close of trading on March 17, 2008, the amounts are the lesser of (a) the difference between the purchase NAV and the sale NAV; or (b) the difference between the purchase NAV and $7.96.

      Pursuant to Section 12 of the Securities Act recovery is calculated as follows:   For shares purchased May 31, 2006, through March 17, 2008, and still held as of June 1, 2008, amounts are the NAV on date of purchase, plus interest earned at the Federal Treasury bill rate through June 1, 2008, less any income received through June 1, 2008, less the NAV on June 2, 2008 which was $6.32 for the Investor and $6.31 for the Select Fund.  If shares were sold prior

to June 1, 2008, amounts are calculated as the difference between the NAV on date or purchase and the NAV on date of sale, plus interest earned at the Federal Treasury bill rate through the date of sale, minus any income received from the date of purchase through the date of sale.  For any shares disposed of after June 1, 2008, the amounts are calculated the same way as for those shares retained as of that date.

The amount received will be the greater of A or B above.  In the event that Recognized Losses exceed the Net Settlement Fund, settlement distributions from the Net Settlement Fund will be awarded on a pro-rata basis.

The date of purchase or sale is the "contract" or "trade" date as distinguished from the "settlement" date.

For Class Members who held Schwab YieldPlus shares at the beginning of the Class Period or made multiple purchases or sales during the Class Period, the first-in, first-out ("FIFO") method will be applied to such holdings, purchases and sales for purposes of calculating a settlement payment from the Net Settlement Fund.  Under the FIFO method, sales of shares during the Class Period will be matched, in chronological order, first against shares held at the beginning of the Class Period.  The remaining sales of shares during the Class Period will then be matched, in chronological order, against shares acquired during the Class Period.

A Class Member will be eligible to receive a distribution from the Net Settlement Fund only if a Class Member had a net loss, after all profits from transactions in Schwab YieldPlus shares during the Class Period are subtracted from all losses.

**HOW YOU OBTAIN A PAYMENT**

### 10.     How Will I Obtain a Payment?

To qualify for payment, you must be a member of one or both of the Federal Classes that are referred to on page ____ of this Notice.  You do not need to submit a claim or a request for payment.  Your transactions that qualify for a share of the settlement have been obtained from Schwab's transaction records and a list of those transactions is attached to this Notice.  Your estimated recovery is also attached.  If you feel the listed transactions are inaccurate, you should

notify the Settlement Administrator within 30 days of this Notice.  You may contact the Settlement

Administrator at _____.

### 11.    When Will I Receive My Payment?

The Court will hold a hearing on _____, 2010, to decide whether to approve the

settlement.  If Judge Alsup approves the settlement, there may be appeals.  It is always uncertain

whether these appeals can be resolved, and resolving them can take time, perhaps several years.

Please be patient.  If the Court approves the Settlement, your check will be mailed to you – **_YOU_**

**_DO NOT NEED TO FILE A CLAIM FORM_**.

**THE LAWYERS REPRESENTING YOU**

### 12.    Do I Have a Lawyer in This Case?

The Court appointed Hagens Berman to represent you and other Class Members.  These

lawyers are called Lead Counsel.  You will not be charged for these lawyers.  If you want to be

represented by your own lawyer, you may hire one at your own expense.

### 13.    How Will the Lawyers Be Paid?

Lead Counsel will ask the Court for attorneys' fees of between 8 and 9% of the Settlement

Fund (an average of $0.016 per share) which amount includes their out-of-pocket expenses, which

exceed $2 million, which were advanced in connection with the litigation.  Such sums as may be

approved by the Court will be paid from the Settlement Fund.  Class Members are not personally

liable for any such fees or expenses.

The attorneys' fees and expenses requested will be the only payment to Lead Counsel for

their efforts in achieving this settlement and for their risk in undertaking this representation on a

wholly contingent basis.  To date, Lead Counsel has not been paid for their services in conducting

this litigation on behalf of the Lead Plaintiff and the Class, nor for their substantial out-of-pocket

expenses.  The fee requested will compensate Lead Counsel for their work in achieving the

Settlement Fund and is well within the range of fees awarded to class counsel under similar

circumstances in other cases of this type.  The Court may award less than this amount.

1    **RELEASE OF SETTLEMENT**

2        **14.**     **Release**

3        Your settlement check will have a release enclosed with it.  A release means you cannot

4    bring another lawsuit involving Schwab shares purchased in the Class Period.  The language of the

5    release is attached to this notice.

6    **OBJECTING TO THE SETTLEMENT**

7        You can tell the Court that you do not agree with the settlement or some part of it.

8        **15.**     **How Do I Tell the Court that I Do Not Like the Settlement?**

9        If you are a Class Member, you can object to the settlement if you do not like any part of it,

10   including the Plan of Allocation and the request for attorneys' fees.  You can state the reasons why

11   you think the Court should not approve it.  The Court will consider your views.  To object, you

12   must send a letter saying that you object to the settlement in *In re Charles Schwab Corporation*

13   *Securities Litigation*, Case No. C 08-01510 WHA.  Be sure to include your name, address,

14   telephone number, your signature, the number and type of Schwab YieldPlus Fund shares acquired

15   between May 31, 2006, and March 17, 2008, and the reasons you object.  Any objection must be

16   mailed or delivered such that it is received by each of the following no later than _____, 2010:

17           *Court:*
        Clerk of the Court

18           UNITED STATES DISTRICT COURT
        NORTHERN DISTRICT OF CALIFORNIA

19           United States Courthouse

20           450 Golden Gate Avenue
        San Francisco, CA 94102

21

22           *Counsel for Lead Plaintiff:*
        Steve W. Berman

23           HAGENS BERMAN SOBOL & SHAPIRO LLP
        1301 Fifth Avenue, Suite 2900

24           Seattle, WA 98101

25           *Counsel for Defendants:*
        Darryl P. Rains

26           Morrison & Foerster LLP

27           755 Page Mill Road
        Palo Alto, California 94304

28

1      You can object **only if** you are a member of one of the certified classes and have not

2 previously requested to be excluded.

3 **THE COURT'S FAIRNESS HEARING**

4      The Court will hold a hearing to decide whether to approve the settlement.  You may attend

5 and you may ask to speak, but you do not have to.

6      **16.     When and Where Will the Court Decide Whether to Approve the Settlement?**

7      The Court will hold a fairness hearing at _____ __.m., on _____, 2010, at the United

8 States Courthouse, 450 Golden Gate Avenue, San Francisco, California.  At this hearing the Court

9 will consider whether the settlement is fair, reasonable, and adequate.  If there are objections, the

10 Court will consider them.  Judge William Alsup will listen to people who have asked to speak at

11 the hearing.  The Court will also consider how much to pay to Lead Counsel.  The Court may

12 decide these issues at the hearing or take them under consideration.  We do not know how long

13 these decisions will take.

14      **17.     Do I Have to Come to the Hearing?**

15      No.  Lead Counsel will answer questions Judge Alsup may have.  But, you are welcome to

16 come at your own expense.  If you send an objection, you do not have to come to Court to talk

17 about it.  As long as you mailed your written objection on time, the Court will consider it.  You

18 may also pay your own lawyer to attend, but it is not necessary.

19      **18.     May I Speak at the Hearing?**

20      You may ask the Court for permission to speak at the fairness hearing.  To do so, you must

21 send a letter saying that it is your intention to appear in *In re Charles Schwab Corporation Securities*

22 *Litigation Case*,  No. C 08-01510 WHA.  Be sure to include your name, address, telephone number,

23 your signature, and the number and type of Schwab YieldPlus shares acquired between May 31,

24 2006, and March 17, 2008.  Your notice of intention to appear must be postmarked no later than

25 _____, 2010, and be sent to the Clerk of the Court, Lead Counsel, and Defendants' counsel, at

26 the three addresses listed in question 14.  You cannot speak at the hearing if you have excluded

27 yourself from the certified classes of which you would have been a member.

28

**IF YOU DO NOTHING**

> **19.    What Happens if I Do Nothing at All?**

If you do nothing, and if certain conditions that are listed in a publicly-filed Stipulation of Settlement between the Lead Plaintiffs and the Defendants are met, the Settlement Administrator will calculate your share of the settlement and send you a check of that amount, and you won't be able to start a lawsuit of any kind, including an arbitration, continue with a lawsuit of any kind, including an arbitration, or be part of any other lawsuit or arbitration against the Defendants about the Released Claims, which are described in the Stipulation of Settlement.

**GETTING MORE INFORMATION**

> **20.    Are There More Details About the Settlement?**

This Notice summarizes the proposed settlement.  More details are in the April 23, 2010, Stipulation of Settlement.  You can obtain a copy of the Stipulation of Settlement by writing to Steve Berman, c/o Hagens Berman Sobol Shapiro LLP, 1908 Eighth Avenue, Suite 3300, Seattle, WA  98101.

> **21.    How Do I Get More Information?**

You can contact the Settlement Administrator by phone at 1-866-780-8824, by email at classact@gilardi.com, or visit the website at www.gilardi.com.

***DO NOT TELEPHONE THE COURT REGARDING THIS NOTICE***

DATED: _____   _____
                                                                      HON. WILLIAM ALSUP
                                                           UNITED STATES DISTRICT COURT JUDGE

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | | |
|---|---|---|
| IN RE CHARLES SCHWAB CORP. SECURITIES LITIGATION | No. 08-cv-01510 WHA | # SCHWAB |
| THIS DOCUMENT RELATES TO:<br><br>All Actions | | |

### Record of Fund Transactions

**SCHWAB - <claim ID>**

**Please Type or Print**

Name/Address Changes, if any

Jane Doe
123 Apple Lane
Anywhere, CA 12345

_____

_____

_____

## 1.   Instructions

Our records indicate you are a Class Member, as defined in the Court approved Notice of Pendency of Settlement, and may be eligible for payment.  Please review your summary of activity in Section 2 below.  **If you agree with the transactions as defined below, no further action is required.**  You will automatically receive payment if the settlement becomes final.  If you disagree with any of the summary information in Section 2 below, please complete Section 3, Transaction Dispute, and mail this form with any documentation supporting your transactions within forty-five (45) days of the postmarked date of this letter to:

Gilardi & Co. LLC
Claims Administrator
P.O. Box 8040
San Rafael, CA 94912-8040

## 2.   Summary of Activity - Please find your detailed activity listed on the enclosed Schedule A

Please review the following information.  If you disagree with any information please complete Section 3 and submit this form along with supporting documentation to the address listed above.

| | | |
|---|---|---:|
| a. | Total shares acquired between May 31, 2006 - March 17, 2008: | **300** |
| b. | Total amount paid in connection with the shares acquired: | **$4,688** |
| c. | Total shares acquired through reinvestment between May 31, 2006 - March 17, 2008: | **0** |
| d. | Total amount paid in connection with shares acquired through reinvestment: | **$0.00** |
| e. | Total shares sold between May 31, 2006 - June 1, 2008: | **0** |
| f. | Total amount received in connection with the shares sold: | **$0** |
| | **Estimated Allowed Loss under Section 11:** | **$0** |
| | **Estimated Allowed Loss under Section 12:** | **$0** |

Your Allowed Loss, for purposes of calculating your payment, will be the greater of Section 11 or Section 12, as cited above.  As the cumulative Class Members Allowed Losses may exceed the Net Settlement Fund, settlement distributions from the Net Settlement Fund may be awarded on a pro-rata basis.



1



FOR CLAIMS PROCESSING ONLY

### 3.   Transaction Dispute

If you disagree with any of the summary information from Section 2 , please complete this section.

a.   Total shares acquired between May 31, 2006 - March 17, 2008:

b.   Total amount paid in connection with the shares acquired:                    $ _____ . 0 0

c..   Total shares acquired through reinvestment between May 31, 2006 - March 17, 2008:

d.   Total amount paid in connection with shares reinvested:                    $ _____ . 0 0

e..   Total shares sold between May 31, 2006 - June 1, 2008:

f.   Total amount received in connection with the shares sold:                    $ _____ . 0 0



**SCHEDULE A — ACCOUNT ACTIVITY DETAIL**

A.   Total shares held prior to May 31, 2006:          **500**

B.   Activity between May 31, 2006 and June 1, 2008:

| <u>REF</u> | <u>Date</u> | <u>Transaction Type</u> | <u>Shares</u> | <u>Amount</u> |
|:---:|:---:|:---:|:---:|:---:|
| 001 | 04/19/06 | Purchase | 100 | $1,568.00 |
| 002 | 04/20/06 | Purchase | 200 | $3,120.00 |
| *Totals:* | | | *300* | *$4,688.00* |

**www.gilardi.com**

**Please Contact Us Toll Free With Any Questions At 1-888-955-2703**



**Charles Schwab Corporation Securities Litigation**
c/o Claims Administrator
P.O. Box 8040
San Rafael, CA 94912-8060

Barcoaaaaaaaaaaaaaaade                 <CaseID>-ClaimID>-<Chk_Dgt>

Name1 Name2
Address
City, St Zip

Attorney Name
and
Address Block

<<Date>>

Re: Charles Schwab Corporation Securities Litigation                Check Number: <<Ck_Nbr>>
    <CaseID>-<ClaimID>-<Chk_Dgt>                                    Check Amount: <<Amount>>

Dear Class Member:

        Please find attached a check made payable to you as a Class Member in the above-referenced matter, and an accompanying Release.   You have received this check from the Settlement Administrator in *In re Charles Schwab Corporation Securities Litigation*, Case No. 08-cv-01510 WHA (Northern District of California) ("the Class Action"), because you have been identified as a member of one or both of the classes certified by the United States District Court for the Northern District of California.   By cashing the enclosed check, you provide an additional release to all "Released Persons" from all "Released Claims," as both terms are defined in the Court-approved Notice of Pendency and Proposed Settlement.   The attached Release is an "additional release" because the _____, 2010 Judgment in *In re Charles Schwab Corporation Securities Litigation* independently orders that you have released the Released Claims against the Released Person.   You do **not** need to return an executed copy of the enclosed Release to us.

        Please note that if you were the holder of more than one account during the Class Period, as defined by the Court-approved Notice of Pendency and Proposed Settlement, then you will receive a letter and check from us for each of your accounts.   Please cash this check promptly; this check will be void five months after the date of the check.

        If you have any questions regarding this letter or the enclosed check, please contact Class Counsel.

Sincerely yours,

GILARDI & CO. LLC.

# SAMPLE CHECK

Detach Below

<<Case Name>> Securities Litigation            Bank info        aba/num        Check #: <CkNum>
c/o Claims Administrator
P.O. Box 8040
San Rafael, CA 94912-8060                                                      Re: ACCT# <ACCTNBR>

Pay *** <Amount >  [SPELLED OUT AND 00/100 DOLLARS]        Date:                        Amount
                                                           <Date>              ***$<Amount>

To the order  ADHS100001      CLAIM #:<CaseID>-ClaimID>-<Chk_Dgt>     CASH PROMPTLY, VOID AFTER
              Name 1 Name 2                                                  <void date>
              Address
              City, St Zip-Zip4                                       *Dennis A. Gilardi*

By my (our) signature(s) below, I (We) hereby agree to the terms of the Release that accompanied this check, and acknowledge that the _____, 2010 Judgment in In re: the Charles Schwab Corporation Securities Litigation, Case No. 08-cv-01510 WHA, Northern District of California, independently orders that I have released claims against the same Released Persons who are described in the Release that accompanied this check.

_____

## <u>RELEASE TO ACCOMPANY CHECK</u>

You have received the enclosed check from the Settlement Administrator in *In re Charles Schwab Corporation Securities Litigation*, Case No. 08-cv-01510 WHA(Northern District of California) (the "Class Action"), because you have been identified as a member of one or both of two classes certified by the United States District Court for the Northern District of California.  By cashing the enclosed check, you provide an additional release to all "Released Persons" from all "Released Claims."  This Release is an "additional release" because the ___, 2010 Judgment in *In re Charles Schwab Corporation Securities Litigation* independently orders that you have released the Released Claims against the Released Persons.

"Released Claims" means any and all claims or causes of action, demands, rights, liabilities, suits, debts, obligations and causes of action of every nature and description whatsoever, direct or class, arbitrable or non-arbitrable, known or unknown (including Unknown Claims as defined below), contingent or absolute, mature or unmature, discoverable or undiscoverable, whether concealed or hidden, asserted or that might have been asserted against the Released Parties based upon, arising out of, or related in any way whatsoever to any of the facts, transactions, events, occurrences, disclosures, statements, acts, omissions or failures to act which were or could have or might have been alleged in or embraced or otherwise referred to or encompassed by the Class Action, and which arise out of or relate to the subject matter of the Class Action, regardless of upon what legal theory based, whether legal or equitable, including without limitation, claims for negligence, gross negligence, fraud, breach of fiduciary duty, breach of the duty of care or loyalty or violations of the common law, administrative rule or regulation, tort, contract, equity, or otherwise or of any state or federal statutes, rules or regulations.  Claims that Defendants improperly defended or settled the Class Action are also Released Claims.  The 17200 claim alleged in the Class Action, and only that 17200 claim, is excluded from the Released Claims. "Unknown Claims" means any Released Claims that you do not know or suspect to exist in your favor but which, if known by you, might have affected your additional release of the Released Parties.

"Released Persons" means each and all of the Defendants and each and all of their Related Parties.  "Defendants" means The Charles Schwab Corporation, Charles Schwab & Co., Inc., Charles Schwab Investment Management, Inc., Schwab Investments, Charles R. Schwab, Evelyn Dilsaver, Randall W. Merk, George Pereira, Matthew Hastings, Mariann Byerwalter, Donald F. Dorward, William A. Hasler, Robert G. Holmes, Gerald B. Smith, Donald R. Stephens, Michael W. Wilsey, and Kimon Daifotis. "Related Parties" means each and any of Defendants' respective past, present or future directors, officers, employees, partnerships and partners, principals, agents, controlling shareholders, any entity in which any Defendant or any member(s) of that Defendant's immediate family has or have a controlling interest (directly or indirectly), attorneys, accountants, auditors, investment banks and investment bankers, underwriters, advisors, financial advisors, personal or legal representatives, analysts, agents, associates, servants, insurers, co-insurers and reinsurers, predecessors, successors, parents, subsidiaries, divisions, assigns, joint ventures and joint venturers, spouses, heirs, executors, administrators, related or affiliated entities, members of an Individual Defendant's immediate family, and any trust of which any Defendant is the settlor or which is for the benefit of any Individual Defendant or member(s) of his family, and all other Persons.  "Person" means a natural person, individual, corporation, partnership, limited partnership, limited liability company, association, joint venture, joint venturer, joint stock company, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any business or legal entity and, as applicable, their/its respective spouses, heirs, executors, administrators, predecessors, successors, representatives, or assignees.

# Exhibit B

1   Reed R. Kathrein (139304)
    Peter E. Borkon (212596)
2   HAGENS BERMAN SOBOL SHAPIRO LLP
    715 Hearst Avenue, Suite 202
3   Berkeley, CA  94710
    Telephone:  (510) 725-3000
4   Facsimile:  (510) 725-3001
    reed@hbsslaw.com
5   peterb@hbsslaw.com

6   Steve W. Berman (*Pro Hac Vice*)
    Sean R. Matt (*Pro Hac Vice*)
7   Erin K. Flory (*Pro Hac Vice*)
    Lisa M. Hasselman (*Pro Hac Vice*)
8   Robert F. Lopez (*Pro Hac Vice*)
    HAGENS BERMAN SOBOL SHAPIRO LLP
9   1918 Eighth Avenue, Suite 3300
    Seattle, Washington  98101
10  Telephone: (206) 623-7292
    Facsimile: (206) 623-0594
11  steve@hbsslaw.com
    sean@hbsslaw.com
12  erin@hbsslaw.com
    lisah@hbsslaw.com
13  robl@hbsslaw.com

14  *Attorneys for Lead Plaintiff YieldPlus Investor Group*

15

16                  UNITED STATES DISTRICT COURT

17              NORTHERN DISTRICT OF CALIFORNIA

18                   SAN FRANCISCO DIVISION

19  IN RE CHARLES SCHWAB CORP.          No. 08-cv-01510 WHA
    SECURITIES LITIGATION
20

21  THIS DOCUMENT RELATES TO:           [PROPOSED] FINAL JUDGMENT
                                        AND ORDER OF DISMISSAL
22  All Actions                         WITH PREJUDICE

23                                      EXHIBIT B

24                                      Date Action Filed:  March 18, 2008

25

26

27

28

010036-12  365488 V1

1      This matter came before the Court for hearing pursuant to this Court's April __, 2010 Order

2 Granting Preliminarily Approving Settlement and Providing Notice (the "Preliminary Approval

3 Order"), on the Unopposed Motion of the Lead Plaintiffs for approval of the settlement set forth in

4 the April 23, 2010 Stipulation of Settlement (the "Stipulation").  Due and adequate notice having

5 been given of the settlement as required in the Preliminary Approval Order, and the Court having

6 considered all papers filed and proceedings held herein and otherwise being fully informed in the

7 premises and good cause appearing therefore, IT IS HEREBY ORDERED, ADJUDGED AND

8 DECREED that:

9      1.    This Judgment incorporates by reference the definitions in the Stipulation, and all

10 terms used herein shall have the same meanings set forth in the Stipulation.

11      2.    This Court has jurisdiction over the subject matter of the Litigation and over all

12 Settling Parties, including all Class Members.

13      3.    The Litigation and all claims contained therein, including all of the Released

14 Claims, are dismissed with prejudice as to the Lead Plaintiffs and the other Class Members, and as

15 against each and all of the Released Persons.  The Settling Parties are to bear their own costs,

16 except as otherwise provided in the Stipulation.

17      4.    Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby

18 approves the Settlement set forth in the Stipulation and finds that said Settlement is, in all respects,

19 fair, reasonable and adequate to, and is in the best interests of, the Lead Plaintiffs, the Federal

20 Classes and each of the Class Members.  This Court further finds the Settlement set forth in the

21 Stipulation is the result of arm's-length negotiations between experienced counsel representing the

22 interests of the Lead Plaintiffs, the Class Members and the Defendants.  Accordingly, the

23 Settlement embodied in the Stipulation is hereby approved in all respects and shall be

24 consummated in accordance with its terms and provisions.  The Settling Parties are hereby directed

25 to perform the terms of the Stipulation.

26      5.    Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court hereby

27 confirms the certification of the Federal Classes.  Excluded from the Federal Classes are

28 Defendants, members of the immediate families of the Individual Defendants, directors and

officers of Defendants, and the legal representatives, heirs, administrators, successors, or assigns of any such excluded Person.  Also excluded from the Class are those Persons who timely and validly requested exclusion from the Class pursuant to the previous Notice of Pendency of Class Action.

6.      Upon the Effective Date, the Lead Plaintiffs and each of the Class Members shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished and discharged all Released Claims against the Released Persons.

7.      Upon the Effective Date, all Class Members and anyone claiming through or on behalf of any of them, will be forever barred and enjoined from commencing, instituting, prosecuting, or continuing to prosecute any action or other proceeding in any court of law or equity, arbitration tribunal, or administrative forum, asserting the Released Claims against any of the Released Persons.

8.      Upon the Effective Date, each of the Defendants shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished and discharged the Lead Plaintiffs, each and all of the Class Members, and Lead Counsel from all claims arising out of, relating to, or in connection with the institution, prosecution, assertion, settlement or resolution of the Litigation or the Released Claims.

9.      The distribution of the Notice of Pendency and Proposed Settlement of Class Action and the publication of the Summary Notice as provided for in the Preliminary Approval Order constituted the best notice practicable under the circumstances, including individual notice to all Members of the Class who could be identified through reasonable effort.  Said Notice provided the best notice practicable under the circumstances of those proceedings and of the matters set forth therein, including the proposed Settlement set forth in the Stipulation, to all Persons entitled to such notice, and said Notice fully satisfied the requirements of Federal Rule of Civil Procedure 23, the requirements of due process, and any other applicable law.

10.     Any plan of allocation or distribution submitted by Lead Counsel or any order entered regarding the a Fee and Expense Application shall in no way disturb or affect this Judgment and shall be considered separate from this Judgment.

11.     Neither this Stipulation, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be construed as an admission or concession by Defendants of the truth of any of the allegations in the Litigation, or of any liability, fault, or wrongdoing of any kind.  Neither this Stipulation, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be referred to, offered as evidence, or received in evidence in any pending or future civil, criminal, or administrative action or proceeding, except in a proceeding to enforce this Stipulation, to defend against the assertion of the Released Claims, or as otherwise required by law.

12.     Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over (a) implementation of this Settlement and any award or distribution of the Settlement Fund, including interest earned thereon; (b) disposition of the Settlement Fund; (c) hearing and determining applications for attorneys' fees and expenses in the Litigation; and (d) all parties hereto for the purpose of construing, enforcing and administering the Stipulation.

13.     The Court finds that during the course of the Litigation, the Settling Parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11.

14.     If the Effective Date does not occur, or in the event the Settlement is terminated or fails to become effective for any reason, the terms and provisions of the Stipulation shall have no further force and effect with respect to the Settling Parties, with the exception of ¶¶ 1.1-1.39, 3.7, 3.8, 3.9, 4.9, 4.10, 6.2, 6.3, 6.4, 7.1, 7.3, 7.4, and 7.5 of the Stipulation, and shall not be used in the Litigation or in any other proceeding for any purpose, and any judgment or order entered by the Court in accordance with the terms of this Stipulation shall be vacated as *nunc pro tunc*.

IT IS SO ORDERED.


DATED: _____    _____

HONORABLE WILLIAM ALSUP
UNITED STATES DISTRICT COURT JUDGE