
1  DARRYL P. RAINS (CA SBN 104802)
   EUGENE ILLOVSKY (CA SBN 117892)
2  MORRISON & FOERSTER LLP
   755 Page Mill Road
3  Palo Alto, California 94304-1018
   Telephone: 650.813.5600
4  Facsimile: 650.494.0792
   Email: DRains@mofo.com
5
   CRAIG D. MARTIN (CA SBN 168195)
6  DOROTHY L. FERNANDEZ (CA SBN 184266)
   MORRISON & FOERSTER LLP
7  425 Market Street
   San Francisco, California 94105-2482
8  Telephone: 415.268.7000
   Facsimile: 415.268.7522
9
   Attorneys for defendants The Charles Schwab Corporation,
10 Charles Schwab & Co., Inc., Charles Schwab Investment
   Management, Inc., Schwab Investments, Charles R. Schwab,
11 Evelyn Dilsaver, Randall W. Merk, George Pereira, Matthew
   Hastings, Mariann Byerwalter, Donald F. Dorward, William A.
12 Hasler, Robert G. Holmes, Gerald B. Smith, Donald R.
   Stephens, and Michael W. Wilsey

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE CHARLES SCHWAB CORP. SECURITIES LITIGATION | Master File No. C-08-01510-WHA <br><br> <u>CLASS ACTION</u> <br><br> INDIVIDUAL DEFENDANTS' UNOPPPOSED MOTION FOR SUMMARY JUDGMENT RE SECTION 17200 CLAIM <br><br> Date:  May 10, 2010 <br> Time:  7:30 a.m. <br> Judge: Hon. William H. Alsup |

**NOTICE OF MOTION AND MOTION**

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE THAT, on May 10, 2010, at 7:30 a.m., or as soon thereafter as the matter may be heard, in Courtroom 9 of the United States District Court for the Northern District of California, 450 Golden Gate Avenue, San Francisco, California, defendants Charles R. Schwab, Evelyn Dilsaver, Randall W. Merk, George Pereira, and Matthew Hastings will, and hereby do, move the Court, pursuant to Rule 56 of the Federal Rules of Civil Procedure, for summary judgment on the section 17200 claim asserted against them in plaintiffs' Second Consolidated Amended Complaint. The motion is made on the ground that there is no genuine issue of material fact as to whether plaintiffs can recover against these individual defendants on a claim for restitution. This motion is unopposed.

The motion is based on this notice of motion and the accompanying brief in support of the motion and such other written or oral argument as may be presented at or before the time this motion is taken under submission by the Court.

INDIVIDUAL DEFS.' UNOPPOSED MOTION FOR SUMMARY JUDGMENT RE SECTION 17200 CLAIM
MASTER FILE NO. C-08-01510-WHA
sf-2824357

1

## STATEMENT OF ISSUES

Should the Court grant summary judgment on plaintiffs' California Business and Professions Code section 17200 claim where plaintiffs cannot establish that they are entitled to restitution from any of the remaining individual defendants?

## INTRODUCTION

Five individual defendants seek summary judgment on plaintiffs' section 17200 claim. Plaintiffs do not oppose the motion. The Court already has dismissed this same claim against other individual defendants, including Kimon Daifotis and the independent trustees. Because there is no genuine issue as to any material fact, the Court should grant these individual defendants' motion for summary judgment.

## ARGUMENT

A court should grant summary judgment when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2). The "party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion," but it does not have to produce evidence "*negating* the opponent's claim." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Rather, the moving party may discharge its burden by simply "showing — that is, pointing out . . . that there is an absence of evidence to support the nonmoving party's case." *Id.* at 325; *see also* Fed. R. Civ. P. 56(b) & (c)(2).

To obtain restitution under section 17200, plaintiffs must prove that defendants acquired, by means of unfair competition, money or property from an injured plaintiff. Cal. Bus. & Prof. Code § 17203; *In re Charles Schwab Corp. Sec. Litig.*, 2009 WL 2591389, at *10 (N.D. Cal. Aug. 21, 2009). The Court dismissed plaintiffs' section 17200 claim against Kimon Daifotis and the independent trustees because there was no evidence that they had acquired money from plaintiffs by means of unfair competition. 2009 WL 2591389 at *10–11; April 8, 2010 Order [Dkt. No. 585] at 9.

INDIVIDUAL DEFS.' UNOPPOSED MOTION FOR SUMMARY JUDGMENT RE SECTION 17200 CLAIM
MASTER FILE NO. C-08-01510-WHA
sf-2824357

2

1  The Court's analysis applies with equal force to the five remaining individual defendants. They did not acquire money or property by means of unfair competition. Nor did they acquire money or property from plaintiffs. Plaintiffs do not dispute these facts and do not oppose the motion.

## CONCLUSION

Because there is no disputed issue of fact as to whether plaintiffs can recover against the individual defendants on a claim for restitution, the Court should grant summary judgment in their favor on plaintiffs' section 17200 claim.

Dated: May 3, 2010

DARRYL P. RAINS
EUGENE ILLOVSKY
CRAIG D. MARTIN
DOROTHY L. FERNANDEZ
MORRISON & FOERSTER LLP

By: /s/ Darryl P. Rains
    Darryl P. Rains

Attorneys for defendants The Charles Schwab Corporation, Charles Schwab & Co., Inc., Charles Schwab Investment Management, Inc., Schwab Investments, Charles R. Schwab, Evelyn Dilsaver, Randall W. Merk, George Pereira, Matthew Hastings, Mariann Byerwalter, Donald F. Dorward, William A. Hasler, Robert G. Holmes, Gerald B. Smith, Donald R. Stephens, and Michael W. Wilsey

INDIVIDUAL DEFS.' UNOPPOSED MOTION FOR SUMMARY JUDGMENT RE SECTION 17200 CLAIM
MASTER FILE NO. C-08-01510-WHA
sf-2824357

3