Reed R. Kathrein (139304)
Peter E. Borkon (212596)
HAGENS BERMAN SOBOL SHAPIRO LLP
715 Hearst Avenue, Suite 202
Berkeley, CA  94710
Telephone:  (510) 725-3000
Facsimile:  (510) 725-3001
reed@hbsslaw.com
peterb@hbsslaw.com

Steve W. Berman (*Pro Hac Vice*)
Sean R. Matt (*Pro Hac Vice*)
Erin K. Flory (*Pro Hac Vice*)
Lisa M. Hasselman (*Pro Hac Vice*)
Robert F. Lopez (*Pro Hac Vice*)
HAGENS BERMAN SOBOL SHAPIRO LLP
1918 Eighth Avenue, Suite 3300
Seattle, Washington  98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594
steve@hbsslaw.com
sean@hbsslaw.com
erin@hbsslaw.com
lisah@hbsslaw.com
robl@hbsslaw.com

*Attorneys for the California Class Representative and the California Class*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE SCHWAB CORP. SECURITIES LITIGATION | No. 08-cv-01510 WHA |
| THIS DOCUMENT RELATES TO:<br><br>All Actions | EXHIBIT A TO PLAINTIFF'S MEMORANDUM IN SUPPORT OF JOINT MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT OF CALIFORNIA CLASS CLAIMS<br><br>Date:      June 24, 2010<br>Time:     8:00 a.m.<br>Judge:    Hon. William H. Alsup<br>Courtroom: Courtroom 9, 19th Floor |

# Exhibit A

Reed R. Kathrein (139304)
Peter E. Borkon (212596)
HAGENS BERMAN SOBOL SHAPIRO LLP
715 Hearst Avenue, Suite 202
Berkeley, CA  94710
Telephone:  (510) 725-3000
Facsimile:  (510) 725-3001
reed@hbsslaw.com
peterb@hbsslaw.com

Steve W. Berman (*Pro Hac Vice*)
Sean R. Matt (*Pro Hac Vice*)
Erin K. Flory (*Pro Hac Vice*)
Lisa M. Hasselman (*Pro Hac Vice*)
Robert F. Lopez (*Pro Hac Vice*)
HAGENS BERMAN SOBOL SHAPIRO LLP
1918 Eighth Avenue, Suite 3300
Seattle, Washington  98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594
steve@hbsslaw.com
sean@hbsslaw.com
erin@hbsslaw.com
lisah@hbsslaw.com
robl@hbsslaw.com

*Attorneys for the Class Representative and the California Class*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE CHARLES SCHWAB CORP. SECURITIES LITIGATION | No. 08-cv-01510 WHA |
| THIS DOCUMENT RELATES TO:<br><br>All Actions | STIPULATION OF SETTLEMENT FOR THE CALIFORNIA CLASS<br><br>Date Action Filed:  March 18, 2008 |

This Stipulation of Settlement for the California Class is made and entered into on May 14, 2010, by and among the Settling Parties to the above-entitled California Section 17200 Litigation: (i) the California Class Representative, Robert Levin, (on behalf of himself and each of the California Class Members), by and through his counsel of record in the California Section 17200 Litigation; and (ii) the Defendants, by and through their counsel of record in the California Section 17200 Litigation. The Stipulation is intended by the Settling Parties to fully, finally and forever resolve, discharge and settle the Released Claims, and to bar all future claims relating to the subject matter of the California Section 17200 Litigation, upon and subject to the terms and conditions hereof.

## I.      THE LITIGATION

On May 15, 2008, the following action was filed in the United States District Court for the Northern District of California as a purported state-law and Investment Company Act class action on behalf of certain investors in the Schwab YieldPlus Fund (the "Fund") during a defined period of time: *Levin v. The Charles Schwab Corp.*, *et al.*, Case Number 08-cv-02487-WHA, and, by an Order dated July 2, 2008, was consolidated for all purposes with the federal securities class actions in *In re Charles Schwab Corp. Securities Litigation*.

Plaintiffs filed a First Consolidated Amended Complaint on October 2, 2008, that included, along with federal Securities Act claims, state-law claims for intentional interference with contractual relations, violations of California Bus. & Profs. Code §§ 17200 *et seq.* and breach of fiduciary duty.

Plaintiffs' claims for violation of section 17200 were predicated on alleged violations of sections 13(a) and 48(a) of the Investment Company Act of 1940. Plaintiffs alleged that Defendants violated the Investment Company Act because the YieldPlus Fund deviated from its fundamental investment policy not to concentrate more than 25% of its assets in any one industry without first holding a shareholder vote. Plaintiffs alleged that the YieldPlus Fund should have held a shareholder vote when it classified non-agency mortgage-backed securities as not part of an industry for purposes of its concentration policy. Plaintiffs asserted section 17200 claims in two counts (Counts V and VII), on behalf of two putative subclasses of YieldPlus Fund investors: (1) a

pre-breach class defined as "[a]ll persons or entities who owned shares of the Fund at any time before the Fund's investments in mortgage-backed securities exceeded 25% of its assets, and, by continuing to own those shares suffered damages as a result thereof"; and (2) a post-breach class defined as "[a]ll persons or entities who acquired shares of the Fund at any time after the Fund's investments in mortgage-backed securities began to exceed 25% of its assets, and, by continuing to own those shares suffered damages as a result thereof." Plaintiffs named Schwab Investment Management, Inc., Schwab Investments, Evelyn Dilsaver, Randall W. Merk, George Pereira, Mariann Byerwalter, William A. Hasler, Robert G. Holmes, Gerald B. Smith, Donald R. Stephens, Michael W. Wilsey, Kimon P. Daifotis, and Matthew Hastings as defendants in those counts.

On February 4, 2009, the Court denied Defendants' Motion to Dismiss with respect to the section 17200 claims. On February 26, 2009, Plaintiffs moved for leave to amend and the Court denied that motion on May 15, 2009.

By Order dated August 21, 2009, the Court approved certification of a class consisting of "California resident investors who held shares in the fund on September 1, 2006." In the same Order, the Court dismissed Plaintiffs' section 17200 claims against Defendant Kimon P. Daifotis.

On September 23, 2009, Plaintiffs moved for leave to amend the First Consolidated Amended Complaint. On October 22, 2009, the Court granted that motion in part and denied it in part. On October 26, 2009, Plaintiffs filed a Second Consolidated Amended Complaint which, among other amendments, added Charles Schwab and Donald Dorward as defendants to the section 17200 claims, which are in Counts IV and VIII of the Second Consolidated Amended Complaint.

On February 11, 2010, the parties made motions for summary judgment. Defendants moved for summary judgment on the Section 17200 Claim on the ground that, by classifying non-agency mortgage-backed securities as not part of any industry, the YieldPlus Fund had not changed its fundamental investment policy and thus did not violate section 13(a) of the Investment Company Act of 1940. The independent trustee defendants (Byerwalter, Hasler, Holmes, Smith, Dorward, Stephens, and Wilsey) also moved for summary judgment on the Section 17200 Claim on the ground that Plaintiffs had no basis for seeking restitution against them. Plaintiffs moved for

1    partial summary judgment on the Section 17200 Claim and asked the Court to find, as a matter of

2    law, that Defendants violated section 13(a) of the Investment Company Act of 1940.

3         On March 30, 2010, the Court issued an order granting summary judgment to Plaintiffs.

4    The Court held that the Fund was free to define an industry in any reasonable way, but that once it

5    defined an industry for purposes of its concentration policy, it could not unilaterally change that

6    definition without holding a shareholder vote.  The Court held that, because the Fund had, in 2001,

7    classified non-agency mortgage-backed securities as an industry for purposes of its concentration

8    policy, it could not reclassify them as not part of an industry without first holding a shareholder

9    vote.

10        On April 8, 2010, the Court issued an order granting the independent trustee defendants'

11   motion for summary judgment on the 17200 Claim.  On May 3, 2010, the remaining individual

12   defendants named in the 17200 Claim (Schwab, Dilsaver, Merk, Pereira, and Hastings), filed an

13   unopposed motion for summary judgment on the 17200 Claim.  The Court granted this motion on

14   May 6, 2010.

15              **II.    DEFENDANTS' DENIALS OF WRONGDOING AND LIABILITY**

16        Defendants have denied and continue to deny each and all of the claims and contentions

17   alleged in the California Section 17200 Litigation, and deny that they have committed any

18   violations of law or engaged in any wrongful acts alleged, or that could have been alleged, in the

19   California Section 17200 Litigation.  Nonetheless, Defendants have concluded that further conduct

20   of the California Section 17200 Litigation would be protracted and expensive, and that it is

21   desirable that the California Section 17200 Litigation be fully and finally settled in the manner and

22   upon the terms and conditions set forth in this Stipulation, in order to limit further expense,

23   inconvenience and distraction, and to dispose of the burden of protracted litigation.  Defendants

24   have also taken into account the uncertainty and risks inherent in any litigation, especially in

25   complex cases like these.  Defendants have, therefore, determined that it is desirable and beneficial

26   to them that the California Section 17200 Litigation be settled in the manner and upon the terms

27   and conditions set forth in this Stipulation.

28

### III.   CLAIMS OF THE CALIFORNIA CLASS REPRESENTATIVE AND BENEFITS OF SETTLEMENT

The California Class Representative believes that the claims asserted in the California Section 17200 Litigation have merit and that the evidence developed to date supports the claims. However, the California Class Representative recognizes and acknowledges the expense and length of continued proceedings necessary to prosecute the California Section 17200 Litigation against the Defendants through trial and through appeals. The California Class Representative has also taken into account the uncertain outcome and the risk of any litigation, especially in complex actions such as the California Section 17200 Litigation, as well as the difficulties and delays inherent in such litigation. The California Class Representative is also mindful of the inherent problems of proof, and possible defenses to the 17200 Claim asserted in the California Section 17200 Litigation. The California Class Representative believes that the settlement set forth in the Stipulation confers substantial benefits upon the California Class. Based on their evaluation, the California Class Representative and Lead Counsel have determined that the settlement set forth in the Stipulation is in the best interests of the California Class Representative and the California Class.

### IV.   TERMS OF STIPULATION AND AGREEMENT OF SETTLEMENT

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and among the California Class Representative, for himself and on behalf of members of the California Class, and the Defendants, by and through their respective attorneys of record, that, subject to the approval of the Court, the California Section 17200 Litigation and the Released Claims shall be finally and fully compromised, settled and released, and the California Section 17200 Litigation shall be dismissed with prejudice, as to all Settling Parties, upon and subject to the terms and conditions of the Stipulation, as follows.

**1.   Definitions**

As used in the Stipulation, the following terms have the meanings specified below:

1.1   The "California Class Action" and the "California Section 17200 Litigation" mean *Levin v. The Charles Schwab Corp.*, *et al.*, Case Number 08-cv-02487-WHA, which was

consolidated for all purposes with the federal securities class actions in *In re Charles Schwab Corp. Securities Litigation* (the "Consolidated Action").

1.2 The "California Class" is defined as all California resident investors who held shares in the Fund on September 1, 2006. The California Class excludes defendants, members of their immediate families and their legal representatives, heirs, successors or assigns and any entity in which Defendants have or had a controlling interest. Also excluded from the California Class are those Persons identified in Exhibit C who timely and validly requested exclusion from the California Class on or before December 28, 2009; and those Persons identified in Exhibit D who (i) the Settling Parties have stipulated to allow to be excluded from the California Class, (ii) have arbitrated to decision any of the Released Claims against any of the Defendants or any of the Released Persons, and/or (iii) who previously settled any of the Released Claims with any of the Defendants or any of the Released Persons. The Settling Parties shall submit Exhibit D to the Court, with a request that it be deemed attached to this Stipulation, two business days before the hearing on preliminary approval of the Settlement. Exhibits C and D may be corrected, amended, or supplemented before final approval of the Settlement by the Court.

1.3 "California Class Member" or "Member of the California Class" means a Person who falls within the definition of the California Class as set forth in ¶ 1.2 of this Stipulation.

1.4 "Defendants" means Charles Schwab Investment Management, Inc. and Schwab Investments.

1.5 "Effective Date" means the first date by which all of the events and conditions specified in ¶ 7.1 of the Stipulation have been met and have occurred.

1.6 "Escrow Account" means the account maintained by the Escrow Agent, as described in 3.7, below.

1.7 "Escrow Agent" means the law firm of Hagens Berman Sobol Shapiro LLP or its successor(s).

1.8 The "Federal Classes" consist of:

all persons or entities who acquired shares of the fund traceable to a false and misleading registration statement for the fund and who

1
2

      were damaged thereby during the period November 15, 2006,
      through March 17, 2008, inclusive (the "Section 11 Class"); and

3
4

      all persons or entities who acquired shares of the fund traceable to a
      false and misleading prospectus for the fund and who were damaged
      thereby, during the period May 31, 2006, through March 17, 2008,
      inclusive (the "Section 12 Class").

5        The Federal Classes exclude defendants in the Consolidated Action, members of their

6  immediate families and their legal representatives, heirs, successors or assigns and any entity in

7  which those defendants have or had a controlling interest.  Also excluded from the Federal Classes

8  are those Persons who (i) timely and validly requested exclusion from the Federal Classes on or

9  before December 28, 2009, (ii) the Settling Parties have stipulated to allow to be excluded from the

10  Federal Classes, (iii) have arbitrated to decision any of the claims released by the Federal Classes

11  pursuant to the April 23, 2010, Stipulation of Settlement filed in the Consolidated Action, and/or

12  (iv) who previously settled any of the claims released by the Federal Classes pursuant to the April

13  23, 2010, Stipulation of Settlement filed in the Consolidated Action.

14        1.9    "Fee and Expense Application" means the application by Lead Counsel to the Court

15  for payment of attorneys' fees, expenses or interest from the Net Settlement Fund.

16        1.10    "Fee and Expense Award" means any order of the Court approving the Fee and

17  Expense Application, in whole or in part, and directing payment of attorney fees to Lead Counsel

18  from the Net Settlement Fund.

19        1.11    "Final" means when the last of the following with respect to the California Class

20  Judgment approving the Stipulation, in the form of Exhibit B, shall occur:  (i) the expiration of the

21  time to file a motion to alter or amend the California Class Judgment under Federal Rule of Civil

22  Procedure 59(e) has passed without any such motion having been filed; (ii) the expiration of the

23  time in which to appeal the California Class Judgment has passed without any appeal having been

24  taken, which date shall be deemed to be thirty (30) days following the entry of the California Class

25  Judgment, unless the date to take such an appeal shall have been extended by Court order or

26  otherwise, or unless the 30th day falls on a weekend or a Court holiday, in which case the date for

27  purposes of this Stipulation shall be deemed to be the next business day after such 30th day; and

28  (iii) if such motion to alter or amend is filed or if an appeal is taken, immediately after the

determination of that motion or appeal so that it is no longer subject to any further judicial review or appeal whatsoever, whether by reason of affirmance by a court of last resort, lapse of time, voluntary dismissal of the appeal or otherwise, and in such a manner as to permit the consummation of the settlement in accordance with the terms and conditions of this Stipulation.  For purposes of this paragraph, an "appeal" shall include any petition for a writ of certiorari or other writ that may be filed in connection with approval or disapproval of this settlement, but shall not include any appeal that concerns only the issue of attorneys' fees and reimbursement of costs or the Plan of Allocation of the Settlement Fund.

1.12    [Reserved.]

1.13    "California Class Judgment" means the judgment to be entered by the Court, in the form attached as Exhibit B.

1.14    "Lead Counsel" means Hagens Berman Sobol Shapiro LLP.

1.15    "California Class Representative" means Robert Levin.

1.16    "Person" means a natural person, individual, corporation, partnership, limited partnership, limited liability company, association, joint venture, joint venturer, joint stock company, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any business or legal entity and, as applicable, their/its respective spouses, heirs, executors, administrators, predecessors, successors, representatives, or assignees.

1.17    "Plan of Allocation" means the plan of allocation, set forth below at ¶4.8, by which the Net Settlement Fund shall be distributed to California Class Members.

1.18    "Preliminary Approval Order" means the proposed order attached as Exhibit A preliminarily approving the Settlement and directing notice thereof to the California Class.

1.19    "Related Parties" means each and any of the Defendants or the named Released Persons' respective past, present or future directors, officers, employees, partnerships and partners, principals, agents, controlling shareholders, any entity in which any Defendant or named Released Person or any member(s) of a named Released Person's immediate family has or have a controlling interest (directly or indirectly), attorneys, accountants, auditors, investment banks and investment

bankers, underwriters, advisors, financial advisors, personal or legal representatives, analysts, agents, associates, servants, insurers, co-insurers and reinsurers, predecessors, successors, parents, subsidiaries, divisions, assigns, joint ventures and joint venturers, spouses, heirs, executors, administrators, related or affiliated entities, members of named Released Person's immediate family, and any trust of which any named Released Person is the settlor or which is for the benefit of any named Released Person or member(s) of his family, and all other Persons.

1.20    "Released Claims" means the 17200 Claim and any and all claims or causes of action, demands, rights, liabilities, suits, debts, obligations and causes of action of every nature and description whatsoever, direct or class, arbitrable or non-arbitrable, known or unknown (including Unknown Claims as defined in ¶ 1.27 hereof), contingent or absolute, mature or unmature, discoverable or undiscoverable, whether concealed or hidden, asserted or that might have been asserted against the Released Parties based upon, arising out of, or related in any way whatsoever to the facts, transactions, events, occurrences, disclosures, statements, acts, omissions or failures to act which were or might have been alleged in or embraced or otherwise referred to or encompassed by the 17200 Claim, or which relate to the subject matter of the 17200 Claim, including, but not limited to, any violation of the investment, concentration, or other policies of the YieldPlus Fund.  Claims that Defendants improperly defended or settled the California Class Action are also Released Claims.

1.21    "Released Persons" means each and all of (a) the Defendants; (b) The Charles Schwab Corporation, Charles Schwab & Co., Inc., Charles R. Schwab, Evelyn Dilsaver, Randall W. Merk, George Pereira, Matthew Hastings, Mariann Byerwalter, Donald F. Dorward, William A. Hasler, Robert G. Holmes, Gerald B. Smith, Donald R. Stephens, Michael W. Wilsey, and Kimon P. Daifotis (the "named Released Persons"); and (c) each and all of the Defendants' and named Released Persons' Related Parties.

1.22    "Settlement" means the terms and conditions set forth in the Stipulation.

1.23    "Settlement Administrator" means Gilardi & Co. LLC.

1.24   "Settlement Fund" means the principal amount of Thirty-Five Million Dollars ($35,000,000) in cash to be paid to the Escrow Agent pursuant to ¶ 3.1 of this Stipulation, plus all interest earned thereon pursuant to ¶¶ 3.3, 3.4 and 3.7.

1.25   "Settling Parties" means, collectively, each of the Defendants, and the California Class Representative on behalf of himself and each of the other California Class Members.

1.26   The "17200 Claim" is the claim that was alleged in Counts V and VII of the First Consolidated Amended Complaint in the Consolidated Action and that is alleged in Counts IV and VIII of the Second Consolidated Amended Complaint in the Consolidated Action.

1.27   "Unknown Claims" means any Released Claims that the California Class Representative or any other California Class Member do not know or suspect to exist in their favor at the time of the release of the Released Parties which, if known by them, might have affected their Settlement with and release of the Released Parties, or might have affected their decision not to object to this Settlement.  With respect to any and all Released Claims against the Released Parties, the Settling Parties stipulate and agree that, upon the Effective Date, the California Class Representative shall expressly waive and relinquish, and the other California Class Members shall be deemed to have, and by operation of the California Class Judgment shall have, expressly waived and relinquished, to the fullest extent permitted by law, the provisions, rights, and benefits conferred by §1542 of the California Civil Code (and any United States law or any law of any state or territory of the United States, or principle of common law, or of international or foreign law, which is similar, comparable or equivalent to §1542 of the California Civil Code), which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN TO HIM MUST HAVE MATERIALLY AFFECTED HIS SETTLEMENT WITH THE DEBTOR.

The California Class Representative and the other California Class Members may hereafter discover facts in addition to or different from those which he, she, or it now knows or believes to be true with respect to the Released Claims, but the Settling Parties hereby stipulate and agree that upon the Effective Date, the California Class Representative fully, finally, and forever settles and

releases, and each other California Class Member shall be deemed to have, and by operation of the California Class Judgment shall have, fully, finally, and forever settled and released the Released Parties from any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, under any theory or law of equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts.

**2.    Releases**

2.1     Upon the Effective Date, the California Class Representative and all other California Class Members shall, and by operation of the California Class Judgment shall be deemed to, fully, finally, and forever release, relinquish and discharge all Released Claims (including Unknown Claims) against each and all of the Released Persons.  The Settling Parties acknowledge, and the California Class Members shall be deemed by operation of law to acknowledge, that the foregoing waiver of Unknown Claims, and of the provisions, rights, and benefits of § 1542 of the California Civil Code, was bargained for and is a key element of the Settlement of which the release in this paragraph is a part.

2.2     Upon the Effective Date, each of the Defendants shall be deemed to have, and by operation of the California Class Judgment shall have, fully, finally, and forever released, relinquished and discharged the California Class Representative, each and all of the California Class Members, and Lead Counsel from all claims arising out of, relating to, or in connection with the institution, prosecution, assertion, settlement or resolution of the Released Claims.

**3.    The Settlement Fund**

**a.    Payment of the Settlement Consideration**

3.1     Defendants will pay or cause to be paid the principal amount of $17,500,000 in cash (the "First Half of the Settlement Payment") into the Escrow Account maintained by the Escrow Agent within fifteen (15) business days of the Court's issuance of the Preliminary Approval Order. If the District Court has granted final approval to the Settlement by that date, Defendants will pay or

1    cause to be paid $17,500,000 (the "Second Half of the Settlement Payment") into the Escrow

2    Account on January 14, 2011, or within ten business days of final approval if final approval occurs

3    after January 14, 2011.

4        3.2    The payments described in ¶ 3.1 are the only payments to be made by or on behalf of

5    Defendants in connection with the Settlement of the Released Claims.

6                    **b.    The Escrow Agent**

7        3.3    The Escrow Agent may invest the Settlement Fund deposited pursuant to ¶ 3.1

8    hereof in instruments backed by the full faith and credit of the United States Government or fully

9    insured by the United States Government or an agency thereof and shall reinvest the proceeds of

10   these instruments as they mature in similar instruments at their then-current market rates.

11       3.4    The Escrow Agent shall not disburse the Settlement Fund except as provided in the

12   Stipulation, or by an order of the Court.

13       3.5    Subject to further order and/or direction as may be made by the Court, the Escrow

14   Agent is authorized to execute such transactions on behalf of the California Class Members as are

15   consistent with the terms of the Stipulation.

16       3.6    All funds held by the Escrow Agent shall be deemed and considered to be in

17   *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time

18   as such funds shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

19       3.7    Within five (5) business days after payment of the Settlement Payment to the

20   Escrow Agent pursuant to ¶ 3.1 hereof, the Escrow Agent may establish a "Class Notice and

21   Administration Fund," and may deposit up to $50,000 from the Settlement Fund in it.  The Class

22   Notice and Administration Fund may be used by Lead Counsel to pay costs and expenses

23   reasonably and actually incurred in connection with providing notice to the Class, locating

24   California Class Members, administering and distributing the Settlement Fund to California Class

25   Members, paying escrow fees and costs, if any, and no Defendant, their Related Parties, or any

26   Released Person shall have any responsibility for or liability to any California Class Member or

27   any other Person with respect to any of these costs, expenses, fees, or acts.  The Class Notice and

28   Administration Fund may also be invested and earn interest as provided for in ¶ 3.3 of this

1   Stipulation.  Defendants, their Related Parties, and the Released Persons shall have no

2   responsibility for or liability to any California Class Member or any other Person with respect to

3   the Escrow Agent or its actions, the Settlement Administrator or its actions, or the Class Notice and

4   Administration Fund.  Any costs or expenses expended for notice or administration in excess of

5   $50,000 shall be paid from the Settlement Fund, subject to approval of Lead Counsel.  After the

6   Effective Date, any balance (including interest) then remaining in the Notice and Administration

7   Fund, less expenses incurred but not yet paid, may be transferred by the Escrow Agent, and

8   deposited and credited as part of, the Settlement Fund.

9                              **c.    Taxes**

10          3.8    (a)    The Settling Parties and the Escrow Agent agree to treat the Settlement Fund

11   as being at all times a "qualified settlement fund" within the meaning of Treas. Reg. § 1.468B-1.

12   In addition, the Escrow Agent shall timely make such elections as necessary or advisable to carry

13   out the provisions of this ¶ 3.8, including the "relation-back election" (as defined in Treas. Reg.

14   § 1.468B-1) back to the earliest permitted date.  Such elections shall be made in compliance with

15   the procedures and requirements contained in such regulations.  It shall be the responsibility of the

16   Escrow Agent to timely and properly prepare and deliver the necessary documentation for

17   signature by all necessary parties, and thereafter to cause the appropriate filing to occur.

18          (b)    For the purpose of § 1.468B of the Internal Revenue Code of 1986, as

19   amended, and the regulations promulgated thereunder, the "administrator" shall be the Escrow

20   Agent.  The Escrow Agent shall timely and properly file all informational and other tax returns

21   necessary or advisable with respect to the Settlement Fund (including without limitation the returns

22   described in Treas. Reg. § 1.468B-2(k)).  Such returns (as well as the election described in ¶ 3.8(a)

23   hereof) shall be consistent with this ¶ 3.8 and in all events shall reflect that all Taxes (including any

24   estimated Taxes, interest or penalties) on the income earned by the Settlement Fund shall be paid

25   out of the Settlement Fund as provided in ¶ 3.8(c) hereof.

26          (c)    All (a) Taxes (including any estimated Taxes, interest or penalties) arising

27   with respect to the income earned by the Settlement Fund, including any Taxes or tax detriments

28   that may be imposed upon the Defendants or their Related Parties with respect to any income

1   earned by the Settlement Fund for any period during which the Settlement Fund does not qualify as

2   a "qualified settlement fund" for federal or state income tax purposes ("Taxes"), and (b) expenses

3   and costs incurred in connection with the operation and implementation of this ¶ 3.8 (including,

4   without limitation, expenses of tax attorneys and/or accountants and mailing and distribution costs

5   and expenses relating to filing (or failing to file) the returns described in this ¶ 3.8) ("Tax

6   Expenses"), shall be paid out of the Settlement Fund; in no event shall the Defendants or their

7   Related Parties have any responsibility for or liability with respect to the Taxes or the Tax

8   Expenses.  The Escrow Agent shall indemnify and hold each of the Defendants and their Related

9   Parties harmless for Taxes (including, without limitation, Taxes payable by reason of any such

10  indemnification).  Further, Taxes shall be treated as, and considered to be, a cost of administration

11  of the Settlement Fund and shall be timely paid by the Escrow Agent out of the Settlement Fund

12  without prior order from the Court and the Escrow Agent shall be obligated (notwithstanding

13  anything herein to the contrary) to withhold from distribution to California Class Members any

14  funds necessary to pay such amounts including the establishment of adequate reserves for any

15  Taxes (as well as any amounts that may be required to be withheld under Treas. Reg. § 1.468B-

16  2(1)(2)); the Defendants, their Related Parties, and the Released Persons are not responsible

17  therefore nor shall they have any liability with respect thereto.  The Settling Parties agree to

18  cooperate with the Escrow Agent, each other, and their tax attorneys and accountants to the extent

19  reasonably necessary to carry out the provisions of this ¶ 3.8.

20          (d)     For the purpose of this ¶ 3.8, references to the Settlement Fund shall include

21  both the Settlement Fund and the Class Notice and Administration Fund and shall also include any

22  earnings thereon.

23                      **d.     Termination or Reduction of Settlement**

24          3.9     In the event that the Settlement is not approved, or is terminated, canceled, or fails

25  to become effective for any reason, the Settlement Fund and the Class Notice and Administration

26  Fund (in each case, including accrued interest), less expenses actually incurred and properly due

27  and owing in connection with the Settlement provided for herein, shall be refunded to Defendants.

28

3.10     The Settlement Fund shall be reduced if the Court allows any Person to be opted out of the California Class on or after May 1, 2010.  The reduction for each such Person shall be determined by subtracting the sales price of the Person's YieldPlus Fund shares from the price of YieldPlus Fund shares on September 1, 2006, and multiplying the difference by 50 percent. Notwithstanding the foregoing, no reduction shall be made for any Person who, as of May 1, 2010, had served an arbitration claim against any of the Defendants, including Alvin Coppersmith, Robert Westervelt, Roger Fross, Rosarian Academy, Thomas Chowattukunnel, The Union Mission, Inc., and certain claimants who are represented in arbitrations filed by St. John & Associates, Maurer & Associates, and Hudson Valley.  The St. John & Associates, Maurer & Associates, and Hudson Valley claimants are listed in Exhibit A to the Declaration of Dorothy L. Fernandez In Support of Schwab's Response to April 13, 2010, Order Re Class Notice, filed as docket number 623-1.

**4.     Administration and Calculation of Payments, Distribution of Payments, and Supervision and Distribution of Settlement Fund**

4.1     The Settlement Administrator shall administer, calculate, and distribute payments from the Settlement Fund.

4.2     The Settlement Fund shall be applied as follows:

(a)     to pay all the costs and expenses reasonably and actually incurred in connection with providing notice, locating California Class Members, administering, calculating, and distributing the Settlement Fund to California Class Members, and paying escrow fees and costs, if any;

(b)     to pay the Taxes and Tax Expenses described in ¶ 3.8 hereof;

(c)     to pay Lead Counsel's attorneys' fees and expenses (the "Fee and Expense Award"), if and to the extent allowed by the Court; and

(d)     after the Effective Date, to distribute the balance of the Settlement Fund (the "Net Settlement Fund") to California Class Members as allowed by the Stipulation, the Plan of Allocation, or the Court.

4.3     By a date to be ordered by the Court, the Settlement Administrator shall send each California Class Member a Record of Fund Transactions and Estimate of Settlement Payment ("Record and Estimate"), listing all holdings of Schwab YieldPlus Fund shares on September 1, 2006, and estimating the California Class Member's recovery from the Settlement.  Any estimate provided to a California Class Member is solely a non-binding estimate and shall not be the basis of any liability whatsoever on the part of any Settling Party or the Settlement Administrator. California Class Members who believe the Record and Estimate is incorrect or incomplete will be directed to contact the Settlement Administrator by e-mail, mail, or toll-free call within 60 days of the mailing of the Record and Estimate to request modification or clarification of the information regarding that California Class Member.  Within 30 days of such request the Settlement Administrator shall respond.  The California Class Members will have 14 days thereafter to accept or approve the determination of the Settlement Administrator.  Any disputes will be resolved by Magistrate Judge Spero.  After any disputes are settled through the above process, and in accordance with the terms of this Stipulation, including but not limited to the occurrence of the Effective Date and the California Class Judgment becoming Final, the Settlement Administrator shall send checks to each California Class Member by first-class U.S. Mail or comparable means as necessary.

4.4     Each check to each California Class Member shall be accompanied by a Release in the form attached to Exhibit A-1 and include an endorsement in this form:

> By my (our) signature(s) below, I (We) hereby agree to the terms of the Release that accompanied this check, and acknowledge that the California Class Judgment in *In re Charles Schwab Corporation Securities Litigation*, Case No. 08-cv-01510 WHA, Northern District of California, independently orders that I have released claims against the same Released Persons who are described in the Release that accompanied this check.

The Class Notice and check will include or be accompanied by this text:

**Release**

> You have received the enclosed check from the Settlement Administrator in *In re Charles Schwab Corporation Securities Litigation*, Case No. 08-cv-01510 WHA(Northern District of

California) (the "California Class Action"), because you have been identified as a member of the California Class certified by the United States District Court for the Northern District of California. By cashing the enclosed check, you provide an additional release to all "Released Persons" from all "Released Claims," as described in the enclosed Release, that is in addition to, and independent of, the releases of the Released Persons that are included in, and ordered by the California Class Judgment in *In re Charles Schwab Corporation Securities Litigation*.

"Released Claims" means the 17200 Claim and any and all claims or causes of action, demands, rights, liabilities, suits, debts, obligations and causes of action of every nature and description whatsoever, direct or class, arbitrable or non-arbitrable, known or unknown (including Unknown Claims as defined in below), contingent or absolute, mature or unmature, discoverable or undiscoverable, whether concealed or hidden, asserted or that might have been asserted against the Released Parties based upon, arising out of, or related in any way whatsoever to the facts, transactions, events, occurrences, disclosures, statements, acts, omissions or failures to act which were or might have been alleged in or embraced or otherwise referred to or encompassed by the 17200 Claim, or which relate to the subject matter of the 17200 Claim, including, but not limited to, any violation of the investment, concentration, or other policies of the YieldPlus Fund. Claims that Defendants improperly defended or settled the California Class Action are also Released Claims. "Unknown Claims" means any Released Claims that you do not know or suspect to exist in your favor but which, if known by you, might have affected your additional release of the Released Parties.

"Released Persons" means (1) the defendants in the California Class Action (Charles Schwab Investment Management, Inc. and Schwab Investments); (2) The Charles Schwab Corporation, Charles Schwab & Co., Inc., Charles R. Schwab, Evelyn Dilsaver, Randall W. Merk, George Pereira, Matthew Hastings, Mariann Byerwalter, Donald F. Dorward, William A. Hasler, Robert G. Holmes, Gerald B. Smith, Donald R. Stephens, Michael W. Wilsey, and Kimon P. Daifotis (the "named Released Persons"); and (3) each and all of their Related Parties. "Related Parties" means each and any of Defendants' or the named Released Persons' respective past, present or future directors, officers, employees, partnerships and partners, principals, agents, controlling shareholders, any entity in which any Defendant, named Released Person, or any member(s) of a named Released Person's immediate family has or have a controlling interest (directly or indirectly), attorneys, accountants, auditors, investment banks and investment bankers, underwriters, advisors, financial advisors, personal or legal representatives, analysts, agents, associates, servants, insurers, co-insurers and reinsurers, predecessors, successors, parents, subsidiaries, divisions, assigns, joint ventures and joint venturers, spouses, heirs, executors, administrators, related or affiliated entities, members of a named Released Person's immediate family, and any trust of which any named Released Person is the settlor or which is for the benefit of any named Released Person or member(s) of his family, and all other Persons. "Person" means a natural person, individual, corporation,

1  partnership, limited partnership, limited liability company, association, joint venture, joint venturer, joint stock company, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any business or legal entity and, as applicable, their/its respective spouses, heirs, executors, administrators, predecessors, successors, representatives, or assignees.

4.5     Each California Class Member shall be deemed to have submitted to the jurisdiction of the Court with respect to the California Class Action and the Settlement.

4.6     Payment pursuant to this Stipulation shall be deemed final, complete, and conclusive against all California Class Members.

4.7     All California Class Members who fail to cash or endorse a check distributing to them a portion of the Net Settlement Fund within one hundred fifty days of the check's issuance, or such other period as may be ordered by the Court, or otherwise allowed, shall be forever barred from receiving any payments pursuant to the Stipulation and the Settlement, but will in all other respects be subject to and bound by the provisions of the Stipulation, the releases contained herein, and the California Class Judgment.

4.8     The Net Settlement Fund shall be distributed to the California Class Members in the following manner:

For shares held on September 1, 2006, and sold on or before June 1, 2008, the amount to be paid (the "Recognized Loss") is the Net Asset Value of the Fund ("NAV") on September 1, 2006, less the NAV on date of sale.   For shares held on September 1, 2006, and sold after June 1, 2008, or still held, the amount to be paid (the "Recognized Loss") is the NAV on September 1, 2006, less the NAV on June 2, 2008 (which was $6.32 for the Investor Fund and $6.31 for the Select Fund). In the event that Recognized Losses exceed the Net Settlement Fund, settlement distributions from the Net Settlement Fund will be awarded on a pro-rata basis.

The date of purchase or sale is the "contract" or "trade" date as distinguished from the "settlement" date.  For California Class Members who held Fund shares on September 1, 2006, and made multiple sales thereafter, the first-in, first-out ("FIFO") method will be applied to such holdings, purchases and sales for purposes of calculating the amount to be paid to each such California Class Member.

A California Class Member will be eligible to receive a distribution from the Net Settlement Fund only if that California Class Member had a net loss on all shares held on September 1, 2006, after all profits from transactions in those shares are subtracted from all losses.

Those who are members of the California Class and either or both of the Federal Classes are entitled to participate in both recoveries provided that their recovery does not exceed the amounts of their eligible purchases less dividends earned (the "Net Eligible Investment"). In the event that recoveries from both settlements would otherwise exceed the Class Member's Net Eligible Investment, the distributions to the Class Member pursuant to both the California Class and Federal Class settlements will be reduced so that the recoveries are capped at the Net Eligible Investment. Reductions shall be made from the California Class and Federal Class recoveries in proportion to each Class's Settlement Amount (that is, 85.1 percent from the Federal Class payment to the Class Member and 14.9 percent from the California Class payment).

If there is any balance remaining in the Net Settlement Fund after six (6) months from the date of distribution of the Net Settlement Fund (whether by reason of tax refunds, uncashed checks or otherwise), Lead Counsel shall, if feasible, reallocate such balance among California Class Members in an equitable and economic fashion. Thereafter, any balance which still remains in the Net Settlement Fund shall be donated to a non-profit organization(s) to be determined by agreement of the Settling Parties and approved by the Court.

4.9     This is not a claims-made settlement and, if all conditions of the Stipulation are satisfied and the Settlement becomes Final, no portion of the Settlement Fund will be returned to the Defendants. The Released Persons shall have no responsibility for, interest in, or liability whatsoever with respect to the distribution of the Settlement Fund, the Net Settlement Fund, the administration, calculation, or distribution of payments from the Settlement Fund to California Class Members or any other Persons, the payment or withholding of Taxes or Tax Expenses, or any losses incurred in connection therewith. The Released Persons shall have no responsibility for, and no liability whatsoever with respect to, any payment to Lead Counsel from the Settlement Fund or the Net Settlement Fund.

4.10    No Person shall have any claim against Lead Counsel, the California Class Representative, the Settlement Administrator or other entity designated by Lead Counsel based on distributions made substantially in accordance with the Stipulation and the Settlement contained herein, or further order(s) of the Court.

**5.    Preliminary Approval Order and Settlement Hearing**

5.1    Promptly after execution of the Stipulation, the Settling Parties shall submit the Stipulation together with its Exhibits to the Court and shall apply for entry of an order (the "Preliminary Approval Order"), in the form of Exhibit A, requesting, *inter alia*, the preliminary approval of the Settlement set forth in the Stipulation, and approval for mailing the Notice of Pendency and Proposed Settlement of Class Action (the "Notice") in the form of Exhibit A-1 hereto.  The Notice shall include the general terms of the Settlement set forth in the Stipulation, the general terms of the Fee and Expense Application and the date of the Settlement Hearing.

5.2    Lead Counsel shall request that after notice is given, the Court hold a hearing (the "Settlement Hearing") and approve the Settlement of the California Section 17200 Litigation as set forth herein.  At or after the Settlement Hearing, Lead Counsel also will request that the Court approve the Fee and Expense Application.

5.3    At the Settlement Hearing, the Settling Parties shall jointly request entry of a California Class Judgment, in the form attached hereto as Exhibit B:

(a)    finally approving the Settlement as fair, reasonable, and adequate, within the meaning of Rule 23 of the Federal Rules of Civil Procedure, and directing its consummation pursuant to its terms;

(b)    directing that the California Section 17200 Litigation be dismissed without costs and with prejudice, and releasing, as against the Released Persons, the Released Claims;

(c)    permanently barring and enjoining the institution and prosecution, by the California Class Representative and the California Class Members, of any other action against the Released Persons in any court or any other forum or proceeding asserting any Released Claims;

(d)    reserving jurisdiction over the California Section 17200 Litigation, including all future proceedings concerning the administration, consummation and enforcement of this Stipulation; and

(e)    containing such other and further provisions consistent with the terms of this Stipulation to which the Settling Parties expressly consent in writing.

**6.    Lead Counsel's Attorneys' Fees and Reimbursement of Expenses**

6.1    Lead Counsel and the California Class Representative may submit an application or applications (the "Fee and Expense Application") for distributions to them from the Settlement Fund for:  (i) an award of attorneys' fees; plus (ii) reimbursement of actual expenses, including the fees of any experts or consultants, incurred in connection with prosecuting the California Section 17200 Litigation; (iii) reimbursement to the California Class Representative of the costs and expenses incurred directly related to representation of the Class, in an amount not to exceed twenty-five thousand dollars ($25,000) plus any interest on such attorneys' fees and expenses at the same rate and for the same periods as earned by the Settlement Fund (until paid), as may be awarded by the Court.  Lead Counsel reserve the right to make additional applications for fees and expenses incurred.  The application must be consistent with and does not amend the Contingent Retainer Agreement restated as of August 12, 2008, between Lead Counsel and Lead Plaintiffs in the Consolidated Action.  The Released Persons shall have no responsibility for, and no liability whatsoever with respect to, any award of fees and expenses that the Court may make, and Defendants take no position with respect to such matters.

6.2    The attorneys' fees and expenses, as awarded by the Court, shall be paid to Lead Counsel from the Settlement Fund, as ordered, immediately after the Court executes an order awarding such fees and expenses.  In the event that the Effective Date does not occur, or the California Class Judgment or the order making the Fee and Expense Award is reversed or modified, or the Stipulation is canceled or terminated for any other reason, and in the event that the Fee and Expense Award has been paid to any extent, then Lead Counsel shall within five (5) business days from receiving notice from Defendants' counsel or from a court of appropriate jurisdiction, refund to the Settlement Fund the fees and expenses previously paid to them from the

Settlement Fund plus interest thereon at the same rate as earned by the Settlement Fund in an amount consistent with such reversal or modification.

6.3     The procedure for and the allowance or disallowance by the Court of any applications by Lead Counsel for attorneys' fees and expenses, including the fees of experts and consultants, to be paid out of the Settlement Fund, are not part of the Settlement set forth in the Stipulation, and are to be considered by the Court separately from the Court's consideration of the fairness, reasonableness and adequacy of the Settlement set forth in the Stipulation, and any order or proceedings relating to the Fee and Expense Application, or any appeal from any order relating thereto or reversal or modification thereof, shall not operate to terminate or cancel the Stipulation, or affect or delay the finality of the California Class Judgment approving the Stipulation and the Settlement of the California Section 17200 Litigation set forth therein (including the releases contained therein).

6.4     Defendants and their Related Parties shall have no responsibility for or liability with respect to any payment of attorneys' fees and expenses to Lead Counsel over and above payment from the Settlement Fund.

**7.     Effective Date of Settlement, Effect of Disapproval, Cancellation or Termination**

7.1     The Effective Date of Settlement shall be the first date by which all the following events and conditions shall have occurred or been met:

(a)     execution of the Stipulation;

(b)     entry of the Preliminary Approval Order in the form attached hereto as Exhibit A;

(c)     payment to the Escrow Agent of the Settlement Fund pursuant to ¶ 3.7 above;

(d)     approval by the Court of the Settlement, following notice to the California Class and a hearing, as prescribed by Rule 23 of the Federal Rules of Civil Procedure;

(e)     entry of the California Class Judgment, in the form of Exhibit B attached hereto;

(f)    the California Class Judgment has become Final;

(g)    the "Effective Date" of the settlement by the Federal Classes, as defined in ¶7.1 of the April 23, 2010 Stipulation of Settlement filed in the Consolidated Action, has occurred; and

(h)    Defendants' Counsel or Lead Counsel shall not have given notice of intent to withdraw from the Settlement, pursuant to ¶ 7.3.

7.2    If all of the conditions specified in ¶ 7.1 are not met, then this Stipulation shall be canceled and terminated unless Lead Counsel and Defendants' counsel mutually agree in writing to proceed with the Stipulation. ███████████

████████████████████████████████

████████████████████████████████

████████████████████████████████

████████████████████████████████

████████████████████████████████

████████████████████████████████

████████████████████████████████

███████████████████ No order of the Court or modification or reversal on appeal of any order of the Court approving or disapproving, in whole or in part, the Plan of Allocation or the amount of any attorneys' fees, costs, expenses and interest awarded by the Court to Lead Counsel, or of any payment to California Class Representative, shall constitute grounds for cancellation or termination of the Stipulation.

7.3    Defendants' counsel or Lead Counsel shall have the right to terminate the Settlement and this Stipulation by providing written notice of their election to do so to all other parties hereto within thirty (30) calendar days after: (a) the Court's refusal to approve this Stipulation or any material part of it; (b) the Court's declining to enter the California Class Judgment in any material respect, other than with respect to the award of attorneys' fees and expenses to Lead Counsel or to the California Class Representative or of any payment to the California Class Representative; or (c) the date upon which the California Class Judgment is

1    modified or reversed in any material respect – other than with respect to the award of attorneys'

2    fees and reimbursement of expenses to Lead Counsel or of any payment to the California Class

3    Representative – by the Court of Appeals or the Supreme Court.

4        7.4    Except as otherwise provided herein, in the event the Settlement is terminated or

5    fails to become effective for any reason, within five (5) business days after written notification, the

6    Settling Parties shall be deemed to have reverted to their respective positions in the California

7    Class Action as of May 14, 2010, and, except as otherwise expressly provided, the parties shall

8    proceed in all respects as if this Stipulation and any related orders had not been entered, including

9    any award of attorneys' fees, expenses, and interest thereupon, and any portion of the Settlement

10   Amount previously paid or caused to be paid by Defendants, together with any interest earned

11   thereon, less any Taxes due with respect to such income, and less costs of administration and notice

12   actually incurred and paid or payable from the Gross Settlement Amount (not to exceed $50,000

13   without the prior approval of Defendants or the Court), shall be returned to Defendants.

14       7.5    If the Effective Date does not occur, or in the event the Settlement is terminated or

15   fails to become effective for any reason, the terms and provisions of the Stipulation shall have no

16   further force and effect with respect to the Settling Parties, with the exception of ¶¶ 1.1-1.27, 3.7,

17   3.8, 3.9, 4.9, 4.10, 6.2, 6.3, 6.4, 7.1, 7.3, 7.4, and 7.5 hereof, and shall not be used in the California

18   Section 17200 Litigation or in any other proceeding for any purpose, and any judgment or order

19   entered by the Court in accordance with the terms of this Stipulation shall be vacated as *nunc pro*

20   *tunc*.

21       7.6    [Reserved].

22       **8.    Other Provisions**

23       8.1    The Settling Parties (a) acknowledge that it is their intent to consummate the

24   Settlement; and (b) agree to cooperate to the extent reasonably necessary to effectuate and

25   implement all terms and conditions of the Stipulation and to exercise their reasonable best efforts

26   to accomplish the foregoing terms and conditions of the Stipulation.

27       8.2    The Settling Parties intend this Settlement to be a final and complete resolution of

28   all disputes between them with respect to the California Section 17200 Litigation.  The Settlement

STIPULATION OF SETTLEMENT - 08-cv-01510 WHA          - 24 -
010036-12  368813 V1

1   compromises claims which are contested and shall not be deemed an admission by any Settling

2   Party as to the merits of any claim or defense.  The California Class Judgment will contain a

3   statement that during the course of the California Section 17200 Litigation, the parties and their

4   respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure

5   11.  While retaining their right to deny liability, the Defendants agree that the amount paid to the

6   Settlement Fund and the other terms of the Settlement were negotiated in good faith by the Settling

7   Parties, and reflect a Settlement that was reached voluntarily after consultation with competent

8   legal counsel.  The Settling Parties reserve their right to rebut, in a manner that such party

9   determines to be appropriate, any contention made in any court that the California Section 17200

10  Litigation was brought or defended in bad faith or without a reasonable basis.

11          8.3     Defendants enter into this Stipulation without in any way acknowledging any

12  personal fault, liability, or wrongdoing of any kind.  Defendants continue vigorously to deny all of

13  the material allegations in the California Section 17200 Litigation, and assert that all claims in the

14  California Section 17200 Litigation are completely without merit.  Neither this Stipulation, nor any

15  of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be

16  construed as an admission or concession by Defendants, their Related Parties, or the Released

17  Persons of the truth of any of the allegations in the California Section 17200 Litigation, or of any

18  liability, fault, or wrongdoing of any kind.  Neither this Stipulation, nor any of its terms or

19  provisions, nor any of the negotiations or proceedings connected with it, shall be referred to,

20  offered as evidence, or received in evidence in any pending or future civil, criminal, arbitration, or

21  administrative action or proceeding, except in a proceeding to enforce this Stipulation, to defend

22  against the assertion of the Released Claims, or as otherwise required by law.

23          8.4     All agreements made and orders entered in the Consolidated Action relating to the

24  confidentiality of information shall survive this Stipulation, pursuant to their terms.

25          8.5     The Charles Schwab Corporation may issue a press release regarding the existence

26  and terms of the Settlement.  Lead Counsel will post the Schwab Release, if any, on the Hagens

27  Berman website and may make comments in response to inquiries as to the fairness of the

28  Settlement, but shall not otherwise comment on the Settlement.

STIPULATION OF SETTLEMENT - 08-cv-01510 WHA          - 25 -
010036-12  368813 V1

8.6     All of the Exhibits to the Stipulation are material and integral parts hereof and are fully incorporated herein by this reference.

8.7     The Stipulation may be amended or modified only by a written instrument signed by or on behalf of all Settling Parties or their respective successors-in-interest.

8.8     The Stipulation and the Exhibits attached hereto constitute the entire agreement among the parties hereto and no representations, warranties or inducements have been made to any party concerning the Stipulation and its Exhibits, other than the representations, warranties and covenants contained and memorialized in such documents.  Except as otherwise provided herein, each party shall bear its own costs.

8.9     Lead Counsel, on behalf of the California Class, is expressly authorized by the California Class Representative to take all appropriate action required or permitted to be taken by the California Class pursuant to the Stipulation to effectuate its terms and also are expressly authorized to enter into any modifications or amendments to the Stipulation on behalf of the California Class which they deem appropriate, provided Lead Counsel consults with the California Class Representative and gives him an opportunity to object and approve.

8.10    Each counsel or other Person executing the Stipulation or any of its Exhibits on behalf of any party hereto hereby warrants that such Person has the full authority to do so.

8.11    The Stipulation may be executed in one or more counterparts.  All executed counterparts and each of them shall be deemed to be one and the same instrument.  A complete set of original executed counterparts shall be filed with the Court.

8.12    The Stipulation shall be binding upon, and inure to the benefit of, the successors and assigns of the parties hereto.

8.13    The Court shall retain jurisdiction with respect to implementation and enforcement of the terms of the Stipulation, and all parties hereto submit to the jurisdiction of the Court for purposes of implementing and enforcing the Settlement embodied in the Stipulation.

8.14    The Stipulation and the Exhibits hereto shall be considered to have been negotiated, executed and delivered, and to be wholly performed, in the State of California, and shall be

1   construed and enforced in accordance with the laws of the State of California without giving effect

2   to that State's choice-of-law principles.

3

4        AGREED and entered into on this 14th day of May, 2010.

5   HAGENS BERMAN SOBOL SHAPIRO LLP            MORRISON & FOERSTER LLP

6

7            STEVE W. BERMAN                        DARRYL P. RAINS
8   1918 Eighth Avenue, Suite 3300            755 Page Mill Road
    Seattle, Washington 98101                 Palo Alto, California 94304
    Telephone: (206) 623-7292                 Telephone: (650) 813-5600
9   Facsimile: (206) 623-0594                 Facsimile: (650) 494-0792

10  Attorneys for the California Class         Attorneys for Defendants Charles Schwab
    Representative and the California Class    Investment Management, Inc., and Schwab
11                                             Investments

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# Exhibit A

Reed R. Kathrein (139304)
Peter E. Borkon (212596)
HAGENS BERMAN SOBOL SHAPIRO LLP
715 Hearst Avenue, Suite 202
Berkeley, CA  94710
Telephone:  (510) 725-3000
Facsimile:  (510) 725-3001
reed@hbsslaw.com
peterb@hbsslaw.com

Steve W. Berman (*Pro Hac Vice*)
Sean R. Matt (*Pro Hac Vice*)
Erin K. Flory (*Pro Hac Vice*)
Lisa M. Hasselman (*Pro Hac Vice*)
Robert F. Lopez (*Pro Hac Vice*)
HAGENS BERMAN SOBOL SHAPIRO LLP
1918 Eighth Avenue, Suite 3300
Seattle, Washington  98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594
steve@hbsslaw.com
sean@hbsslaw.com
erin@hbsslaw.com
lisah@hbsslaw.com
robl@hbsslaw.com

*Attorneys for the California Class Representative and the California Class*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE CHARLES SCHWAB CORP. SECURITIES LITIGATION | No. 08-cv-01510 WHA |
| THIS DOCUMENT RELATES TO:<br><br>All Actions | [PROPOSED] ORDER PRELIMINARILY APPROVING CALIFORNIA CLASS SETTLEMENT AND PROVIDING FOR NOTICE<br><br>EXHIBIT A<br><br>Date Action Filed:  March 18, 2008 |

1    WHEREAS, a consolidated class action is pending before the Court entitled *In re Charles*

2    *Schwab Corporation Securities Litigation*, No. C 08-01510 WHA (the "California Section 17200

3    Litigation");

4    WHEREAS, the Court has received the Unopposed Motion for Preliminary Approval of the

5    California Class Settlement and Stipulation of Settlement dated May 14, 2010 (the "Stipulation"),

6    that has been entered into by the California Class Representative Plaintiff and Defendants, and the

7    Court has reviewed the Stipulation and its attached Exhibits;

8    WHEREAS, the California Class Representative having made an Unopposed Motion for

9    Preliminary Approval of the Settlement, pursuant to Federal Rule of Civil Procedure 23(e), for an

10   order preliminarily approving the settlement of this California Section 17200 Litigation , in

11   accordance with the Stipulation which, together with the Exhibits annexed thereto sets forth the

12   terms and conditions for a proposed settlement of the California Section 17200 Litigation  and for

13   dismissal of the California Section 17200 Litigation  with prejudice upon the terms and conditions

14   set forth therein; and the Court having read and considered the Stipulation and the Exhibits

15   annexed thereto; and

16   WHEREAS all defined terms contained herein shall have the same meanings as set forth in

17   the Stipulation;

18   NOW, THEREFORE, IT IS HEREBY ORDERED:

19   1.    The Court does hereby preliminarily approve the Stipulation and the settlement set

20   forth therein, subject to further consideration at the Settlement Hearing described below.

21   2.    A hearing (the "Settlement Hearing") shall be held before this Court on _____,

22   2010, at __:__ __.m., at the United States Courthouse, 450 Golden Gate Avenue, San Francisco,

23   California, to determine whether the proposed settlement of the California Section 17200 Litigation

24   on the terms and conditions provided for in the Stipulation is fair, reasonable and adequate to the

25   California Class and should be approved by the Court; whether a Judgment as provided in ¶ 1.11 of

26   the Stipulation should be entered herein; whether the proposed Plan of Allocation should be

27   approved; and to determine the amount of fees and expenses that should be awarded to Lead

28

[PROPOSED] ORDER PRELIMINARILY APPROVING          - 2 -
SETTLEMENT & PROVIDING FOR NOTICE - 08-cv-01510 WHA
010036-12 369072 V1

1    Counsel.  The Court may adjourn the Settlement Hearing without further notice to California Class

2    Members.

3         3.        Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court previously

4    certified, and confirms the following class:  all persons or entities who resided in California and

5    held shares in the Fund on September 1, 2006.  The California Class excludes Defendants,

6    members of their immediate families and their legal representatives, heirs, successors or assigns

7    and any entity in which Defendants have or had a controlling interest.  Also excluded from the

8    California Class are those Persons identified in Exhibit C to the Stipulation who timely and validly

9    requested exclusion from the California Class on or before December 28, 2009; and those Persons

10   identified in Exhibit D to the Stipulation who (i) the Settling Parties have stipulated to allow to be

11   excluded from the California Class, (ii) have arbitrated to decision any of the Released Claims

12   against any of the Defendants or any of the Released Persons, and/or (iii) who previously settled

13   any of the Released Claims with any of the Defendants or any of the Released Persons.  Exhibits C

14   and D may be corrected, amended, or supplemented before final approval of the Settlement.

15        4.        The Court finds that the notice that has been given to date to the California Class

16   and their Members met the requirements of Federal Rule of Civil Procedure 23 and due process,

17   and was the best notice practicable under the circumstances and constituted due and sufficient

18   notice to all Persons entitled thereto.  No party is required to provide new or additional notice to

19   the California Class, or any of their Members, except as required by this Order Preliminarily

20   Approving California Class Settlement and Providing for Notice.

21        5.        The Court approves, as to form and content, the Notice of Pendency and Proposed

22   Settlement of California Class Action (the "Notice"), and Summary Notice for publication annexed

23   as Exhibits A-1 and A-2 hereto, and finds that the mailing and distribution of the Notice and

24   publishing of the Summary Notice meet the requirements of Federal Rule of Civil Procedure 23

25   and due process, and is the best notice practicable under the circumstances and shall constitute due

26   and sufficient notice to all Persons entitled thereto.  In addition, the Settlement Administrator shall

27   email the Notice to those California Class Members who have notified Schwab that they wish to

28   receive regulatory filings by e-mail.

[PROPOSED] ORDER PRELIMINARILY APPROVING
SETTLEMENT & PROVIDING FOR NOTICE - 08-cv-01510 WHA          - 3 -
010036-12 369072 V1

5.      Pursuant to Rule 53(c) of the Federal Rules of Civil Procedure, the Court appoints Gilardi & Co. LLC ("Settlement Administrator") to supervise and administer the notice procedure as well as the distribution of the Settlement Fund and Net Settlement Fund as more fully set forth below:

(a)      Not later than _____, 2010 (the "Notice Date"), Lead Counsel shall cause a copy of the Notice, substantially in the form annexed as Exhibit A-1 hereto, to be mailed by first class mail to all California Class Members who can be identified with reasonable effort;

(b)      Not later than _____, 2010, Lead Counsel shall cause the Summary Notice to be published once in *Investor's Business Daily*, and any other regional newspaper as is deemed appropriate; and

(c)      Not later than ____, 2010, the Settlement Administrator shall email the Notice to those California Class Members who have notified Schwab that they wish to receive regulatory filings by e-mail;

(d)      At least seven (7) calendar days prior to the Settlement Hearing, Lead Counsel shall cause to be served on Defendants' counsel and filed with the Court proof, by affidavit or declaration, of such mailing and publishing.

(e)      With the mailed or emailed Notice, the Settlement Administrator shall send a Record of Fund Transactions and Estimate of Settlement Payment, pursuant to ¶ 4.3 of the Stipulation.

6.      Any Member of the California Class may appear at the Settlement Hearing and show cause, if he, she or it has any reason why the proposed settlement of the California Section 17200 Litigation  should or should not be approved as fair, reasonable and adequate, why a judgment should or should not be entered thereon, or why attorneys' fees and expenses should or should not be awarded to Lead Counsel; provided, however, that no California Class Member or any other Person shall be heard or entitled to contest the approval of the terms and conditions of the proposed settlement, or, if approved, the Judgment to be entered thereon approving the same, or the order approving the Plan of Allocation, or the attorneys' fees and expenses to be awarded to Lead Counsel, unless that Person has delivered by hand or sent by first class mail written objections and

copies of any papers and briefs such that they are received on or before _____, 2010, by: Hagens Berman Sobol & Shapiro LLP, Steve W. Berman, 1301 Fifth Avenue, Suite 2900, Seattle, Washington 98101; and Morrison & Foerster LLP, Darryl P. Rains, 755 Page Mill Road, Palo Alto, California 94304, and filed said objections, papers and briefs with the Clerk of the United States District Court for the Northern District of California, on or before _____, 2010.  Any Member of the California Class who does not make his, her or its objection in the manner provided shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness or adequacy of the proposed settlement as set forth in the Stipulation, to the Plan of Allocation, or to the award of attorneys' fees and expenses to Lead Counsel, unless otherwise ordered by the Court.

7.    All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

8.    All papers in support of the settlement, the Plan of Allocation, and the application by Lead Counsel for attorneys' fees or reimbursement of expenses shall be filed and served seven (7) calendar days before the Settlement Hearing.

9.    Neither the Defendants nor their Related Parties shall have any responsibility for or liability with respect to the Plan of Allocation or any application for attorneys' fees or reimbursement of expenses submitted by Lead Counsel, and such matters will be considered separately from the fairness, reasonableness and adequacy of the settlement.

10.    At or after the Settlement Hearing, the Court shall determine whether Settlement and any application for attorneys' fees or reimbursement of expenses shall be approved.

11.    All reasonable expenses incurred in identifying and notifying California Class Members, as well as administering the Settlement Fund, shall be paid as set forth in the Stipulation. In the event the settlement is not approved by the Court, or otherwise fails to become effective, neither the California Class Representative nor Lead Counsel shall have any obligation to repay any amounts actually and properly disbursed from the Class Notice and Administration Fund.

12.     Neither the Stipulation, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be construed as an admission or concession by Defendants, their Related Parties, or the Released Persons of the truth of any of the allegations in the California Section 17200, or of any liability, fault, or wrongdoing of any kind and shall not be construed as, or deemed to be evidence of or an admission or concession that California Class Representative or any California Class Members have suffered any damages, harm, or loss.

13.     In the event that the settlement does not become effective in accordance with the terms of the Stipulation or the Effective Date does not occur, or in the event that the Settlement Fund, or any portion thereof, is returned to the Defendants, then this Order shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation.

14.     The Court reserves the right to adjourn the date of the Settlement Hearing without further notice to the Members of the California Class, and retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement.  The Court may approve the settlement, with such modifications as may be agreed to by the Settling Parties, if appropriate, without further notice to the California Class.


DATED:  _____        _____
                                     THE HONORABLE WILLIAM ALSUP
                                     UNITED STATES DISTRICT JUDGE

1    Submitted by:

2    HAGENS BERMAN SOBOL SHAPIRO LLP

3

4    By ____s/ Steve W. Berman_____
             Steve W. Berman
5    1301 Fifth Avenue, Suite 2900
     Seattle, Washington  98101
6    Telephone: (206) 623-7292
     Facsimile: (206) 623-0594
7    steve@hbsslaw.com

8

9    Counsel for California Class Representative and
     the California Class

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT A-1

Reed R. Kathrein (139304)
Peter E. Borkon (212596)
HAGENS BERMAN SOBOL SHAPIRO LLP
715 Hearst Avenue, Suite 202
Berkeley, CA  94710
Telephone:  (510) 725-3000
Facsimile:  (510) 725-3001
reed@hbsslaw.com
peterb@hbsslaw.com

Steve W. Berman (*Pro Hac Vice*)
Sean R. Matt (*Pro Hac Vice*)
Erin K. Flory (*Pro Hac Vice*)
Lisa M. Hasselman (*Pro Hac Vice*)
Robert F. Lopez (*Pro Hac Vice*)
HAGENS BERMAN SOBOL SHAPIRO LLP
1918 Eighth Avenue, Suite 3300
Seattle, Washington  98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594
steve@hbsslaw.com
sean@hbsslaw.com
erin@hbsslaw.com
lisah@hbsslaw.com
robl@hbsslaw.com

*Attorneys for the California Class Representative and the California Class*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE CHARLES SCHWAB CORP. SECURITIES LITIGATION | No. 08-cv-01510 WHA |
| THIS DOCUMENT RELATES TO:<br><br>All Actions | [PROPOSED] NOTICE OF PROPOSED SETTLEMENT OF CALIFORNIA CLASS ACTION<br><br>EXHIBIT A-1<br><br>Date Action Filed:  March 18, 2008 |

***IF YOU WERE A CALIFORNIA RESIDENT AND HELD SHARES OF THE***

***SCHWAB YIELDPLUS FUND (THE "FUND") ON SEPTEMBER 1, 2006, YOU MAY***

***RECEIVE A PAYMENT FROM A CLASS ACTION SETTLEMENT.***

A federal court authorized this Notice.  This is not a solicitation from a lawyer.

**Securities and Time Period:**  Schwab YieldPlus Fund shares held by California residents on September 1, 2006.

**Settlement Fund:**  $35,000,000 in cash.  Your recovery will depend on the amount of shares held and any sales you made.  Depending on the number and type of shares that participate in the settlement and when those shares were sold, the estimated average recovery per share will be approximately $0.40 per share or 82.1 percent of alleged recoverable damages before deduction of Court-approved fees and expenses.

The enclosed Record of Fund Transactions and Estimate of Settlement Payment lists the Fund shares you held on September 1, 2006, and sold thereafter, and estimates your total recovery from the settlement.  The Settlement does not provide for payments regarding Fund shares you acquired at other times but did not hold on September 1, 2006, but your sales of Fund shares, if any, through June 2, 2008, are part of the Court-approved method for calculating your share of the settlement.  If you believe the Record of Fund Transactions is incorrect or incomplete, please contact the Settlement Administrator as described below.

**Reasons for Settlement**:

On March 30, 2010 Judge William Alsup granted plaintiffs' motion for summary judgment finding that the failure to hold a shareholder vote to change the limit on the percent of assets that the Fund could hold in private-label mortgage-backed securities violated the Investment Company Act.  Prior to September 1, 2006, the Fund applied a 25% limit on these assets.  Plaintiffs allege that defendants increased this limit in September 2006 without holding a required shareholder vote on the change and that the excess investments in private-label mortgage-backed securities caused a substantial portion of the Fund's losses.

The Court ordered the parties to address two possible measures of restitution, which is the only remedy available.  First, the Court asked what the performance of the Fund would be if the

1   investments in mortgage-backed securities over the 25% limit had been invested in cash ("Cash

2   Option").  Second, the Court asked how the Fund would have performed if the amount over 25%

3   had been reallocated to other assets in the Fund ("Reallocation Option").  Plaintiff's experts

4   calculated the value of restitution to the Class under the Cash Option to be $52,203,379 and

5   $33,014,433 under the Reallocation Option.  The average of these two options, $42,608,906,

6   represents an 82.1 percent recovery.  Defendants' experts calculated values at $12 million and

7   $5 million, respectively, under these options.  It is difficult to predict how this battle of experts

8   would have been resolved by the Court.  If the Court chose to accept defendants' methodology, the

9   settlement far exceeds the recovery under such a scenario.  Settlement avoids the uncertainty of a

10  bench trial, the costs and risks associated with continued litigation, including the danger of no

11  recovery or a protracted delay on appeal, and provides a substantial benefit to the Class now.

12          **Attorneys' Fees and Expenses:**  Lead Counsel has not received any payment for their

13  work investigating the facts, conducting this litigation and negotiating the settlement on behalf of

14  the California Class Representative and the Class.  Court-appointed Lead Counsel will ask the

15  Court for attorneys' fees of up to 11.71 percent of the Settlement Fund, which amount will *include*

16  counsel's reimbursement of out-of-pocket expenses.  The exact amount is subject to a retainer

17  agreement and cannot be determined until after the settlement administration process is complete.

18  In addition, the California Class Representative incurred labor and expenses directly related to the

19  representation of the Class for which he will seek reimbursement not to exceed $25,000.

20          **Deadline:**

21          File Objection and/or Request to be Heard by the Court:  _____, 2010

22          **Court Hearing on Fairness of Settlement:** _____, 2010

23          **More Information:**  www.gilardi.com or

24

25

26

27

28

| | |
|---|---|
| Settlement Administrator: | Lead Counsel: |
| *In re Charles Schwab Corporation Securities Litigation* c/o Gilardi & Co. LLC Settlement Administrator P.O. Box 8040 San Rafael, CA 94912-8040 1-866-780-8824 classact@gilardi.com | Steve W. Berman Hagens Berman Sobol & Shapiro LLP 1304 Fifth Avenue, Suite 2900 Seattle, WA 98101 |

- Your legal rights are affected whether you act or don't act. Read this Notice carefully.

**YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT:**

| | |
|---|---|
| **OBJECT** | You may write to the Court if you do not like this settlement. |
| **GO TO THE SETTLEMENT APPROVAL HEARING** | You may ask to speak in Court about the fairness of the settlement. |

- These rights and options – *and the deadlines to exercise them* – are explained in this Notice.

The Court in charge of this case must decide whether to approve the settlement. Payments will be made if the Court approves the settlement and, if there are any appeals, after appeals are resolved. Please be patient.

**BASIC INFORMATION**

**1.     Why Did I Receive This Notice Package?**

You or someone in your family may have been a California resident who held Schwab YieldPlus Fund shares on September 1, 2006.

You received this Notice Package by order of the Court, because you have a right to know about a proposed settlement of a class action lawsuit, and about all of your options, before the Court decides whether to approve the settlement. If the Court approves it, and after any objections or appeals are resolved, the Settlement Administrator appointed by the Court will make the payments that the settlement allows.

This package explains the lawsuit, the settlement, your legal rights, what benefits are available, who is eligible for them, and how to get them.

The Court in charge of the case is the United States District Court for the Northern District of California, and the case is known as *In re Charles Schwab Corporation Securities Litigation*,

1   Case No. 08-cv-01510 WHA.  The person who sued is called the California Class Representative,

2   and the companies and the individuals they sued, including Charles Schwab Investment

3   Management, Inc. and Schwab Investments, are called the Defendants.

4   **2.     Why Is This a Class Action?**

5   In a class action, one or more people called class representatives (in this case the Court-

6   appointed Robert Levin as the class representative) sue on behalf of people who have similar

7   claims.  All these people are called a Class or Class Members.  One court resolves the issues for all

8   Class Members, except for those who exclude themselves from the Class.  Judge William Alsup of

9   the Northern District of California, in San Francisco, California, is in charge of this class action.

10  Judge Alsup certified classes in this case on August 21, 2009.  There is one class that is covered by

11  this Settlement, called the "California Class," which consists of all California residents who held

12  shares of the Fund on September 1, 2006.

13  Notices of the certification of the California Class were mailed to members of the California

14  Class.  The deadline to request to be excluded from the California Class was December 28, 2009.

15  **3.     Why Is There a Settlement?**

16  Although the Court granted judgment in favor of the California Class on liability grounds,

17  the Court did not decide the amount of restitution, if any.  Rather than hold a trial to determine the

18  value of restitution owed, if any, both sides agreed to a settlement.  The Plaintiff and his attorneys

19  think the settlement is best for all Class Members.

20  **WHO IS IN THE SETTLEMENT**

21  To see if you will receive money from this settlement, you first have to determine if you are

22  a Member of the California Class.

23  **4.     How Do I Know if I Am Part of the Settlement?**

24  The California Class consists of those California residents who held Schwab YieldPlus

25  Fund shares on September 1, 2006.  You must have been a California resident on September 1,

26  2006.

27

28

**5.    What Are The Exceptions to Being Included?**

You are not a Member of the CaliforniaClass if you are a Defendant, a member of the immediate family of one of the Individual Defendants, a current or former director or officer of Defendants, or a legal representative, heir, successor, or assign of any excluded party.  You are also excluded from the California Class if you timely and validly requested exclusion, have arbitrated to final judgment any of the Released Claims, have previously settled any of the Released Claims, or the Settling Parties have agreed to allow you to be excluded from the Class.

If you held Schwab YieldPlus Fund shares at any time other than September 1, 2006, that alone does not make you a Class Member.  You are a Class Member only if you were a California resident on September 1, 2006 and held Schwab YieldPlus Fund shares on September 1, 2006.

**6.    I'm Still Not Sure if I Am Included**

If you are still not sure whether you are included, you can ask for free help.  For more information, you can contact the Settlement Administrator at the toll free number 1-866-780-8824 or via email at classact@gilardi.com.

**7.    I Already Received Another Notice of Settlement**

There is a separate settlement in *In re Charles Schwab Corporation Securities Litigation* involving claims brought under federal securities laws, and you may also be a member of one or both of the Federal Classes in that settlement.  If so, you have received a separate notice of settlement for those claims.  If you received a notice of settlement of the federal claims *and* this notice, that means you are eligible to participate in *both* settlements.  You will be entitled to payments from both settlements up to the point of 100% of your eligible recovery.  If your payment would exceed 100%, payments will be capped in both settlements.

**THE SETTLEMENT BENEFITS – WHAT YOU GET**

**8.    What Does the Settlement Provide?**

Defendants have agreed to pay $35 million in cash.  The balance of this fund after payment of Court-approved attorneys' fees and expenses and the costs of settlement administration, including the costs of printing and mailing this Notice (the "Net Settlement Fund"), will be divided among all eligible Class Members.

**9.      How Much Will My Payment Be?**

Your share of the Net Settlement Fund will depend on the number of Class Members and how many Fund shares Class Members held on the relevant date and when you acquired and sold Fund shares.  The enclosed Record of Fund Transactions and Estimate of Settlement Payment lists the Fund shares you held on September 1, 2006, as well as when you sold these shares (if you did), and estimates your total recovery from the settlement.  If you believe the Record of Fund Transactions is incorrect or incomplete, please contact the Settlement Administrator as described below in Question 21.

Your share will be calculated as follows:

- For shares held on September 1, 2006, and sold on or before June 1, 2008, the amount to be paid (the "Recognized Loss") is the Net Asset Value of the Fund ("NAV") on September 1, 2006, less the NAV on date of sale.   For shares held on September 1, 2006, and sold after June 1, 2008, or still held, the amount to be paid (the "Recognized Loss") is the NAV on September 1, 2006, less the NAV on June 2, 2008 (which was $6.32 for the Investor Fund and $6.31 for the Select Fund).

- In the event that Recognized Losses exceed the Net Settlement Fund, settlement distributions from the Net Settlement Fund will be awarded on a pro-rata basis.

- The date of purchase or sale is the "contract" or "trade" date as distinguished from the "settlement" date.

- For Class Members who held Fund shares on September 1, 2006, and made multiple sales thereafter, the first-in, first-out ("FIFO") method will be applied to such holdings, purchases and sales for purposes of calculating the amount to be paid to each such Class Member.

- A Class Member will be eligible to receive a distribution from the Net Settlement Fund only if that Class Member had a net loss on all shares held on September 1, 2006, after all profits from transactions in those shares are subtracted from all losses..

**HOW YOU OBTAIN A PAYMENT**

**10.     How Will I Obtain a Payment?**

To qualify for payment, you must be a member of the California Class that is referred to on page ___ of this Notice.  You do not need to submit a claim or a request for payment.  Your holdings and transactions that qualify for a share of the settlement have been obtained from Schwab's transaction records and a list of those holdings and transactions is attached to this Notice.  Your estimated recovery is also attached.  If you feel the listed transactions are inaccurate, you should notify the Settlement Administrator within 45 days of this Notice.  You may contact the Settlement Administrator at _____.

**11.     When Will I Receive My Payment?**

The Court will hold a hearing on _____, 2010, to decide whether to approve the settlement.  If Judge Alsup approves the settlement, there may be appeals.  It is always uncertain whether these appeals can be resolved, and resolving them can take time, perhaps several years.  Please be patient.  If the Court approves the Settlement, your check will be mailed to you by the Settlement Administrator – ***YOU DO NOT NEED TO FILE A CLAIM FORM***.

**THE LAWYERS REPRESENTING YOU**

**12.     Do I Have a Lawyer in This Case?**

The Court appointed Hagens Berman to represent you and other Class Members.  These lawyers are called Lead Counsel.  You will not be charged for these lawyers.  If you want to be represented by your own lawyer, you may hire one at your own expense.

**13.     How Will the Lawyers Be Paid?**

Lead Counsel will ask the Court for attorneys' fees of approximately 11.71% of the Settlement Fund, which amount includes their out-of-pocket expenses, which exceed $2 million, which were advanced in connection with the litigation.  Such sums as may be approved by the Court will be paid from the Settlement Fund.  Class Members are not personally liable for any such fees or expenses.

The attorneys' fees and expenses requested will be the only payment to Lead Counsel for their efforts in achieving this settlement and for their risk in undertaking this representation on a

1    wholly contingent basis.  To date, Lead Counsel has not been paid for their services in conducting

2    this litigation on behalf of the California Class Representative and the Class, nor for their

3    substantial out-of-pocket expenses.  The fee requested will compensate Lead Counsel for their

4    work in achieving the Settlement Fund and is well within the range of fees awarded to class

5    counsel under similar circumstances in other cases of this type.  The Court may award less than this

6    amount.

7    **RELEASE OF SETTLEMENT**

8         **14.    Release**

9         If you receive a settlement check, it will have a release enclosed with it.  A release means

10   you cannot bring another lawsuit involving YieldPlus shares held on September 1, 2006.  The

11   language of the release is attached to this notice.

12   **OBJECTING TO THE SETTLEMENT**

13        You can tell the Court that you do not agree with the settlement or some part of it.

14        **15.    How Do I Tell the Court that I Do Not Like the Settlement?**

15        If you are a Class Member, you can object to the settlement if you do not like any part of it,

16   including the request for attorneys' fees.  You can state the reasons why you think the Court should

17   not approve it.  The Court will consider your views.  To object, you must send a letter saying that

18   you object to the California Class settlement in *In re Charles Schwab Corporation Securities*

19   *Litigation*, Case No. C 08-01510 WHA.  Be sure to include your name, address, telephone number,

20   your signature, the number and type of Schwab YieldPlus Fund shares you held on September 1,

21   2006, and the reasons you object.  Any objection must be mailed or delivered such that it is

22   received by each of the following no later than _____, 2010:

23        *Court:*
          Clerk of the Court
24        UNITED STATES DISTRICT COURT
          NORTHERN DISTRICT OF CALIFORNIA
25        United States Courthouse
          450 Golden Gate Avenue
26        San Francisco, CA 94102

27

28

*Counsel for Lead Plaintiff:*
Steve W. Berman
HAGENS BERMAN SOBOL & SHAPIRO LLP
1301 Fifth Avenue, Suite 2900
Seattle, WA 98101

*Counsel for Defendants:*
Darryl P. Rains
Morrison & Foerster LLP
755 Page Mill Road
Palo Alto, California 94304

You can object **only *if*** you are a member of the California Class and have not previously requested to be excluded.

**THE COURT'S FAIRNESS HEARING**

The Court will hold a hearing to decide whether to approve the settlement.  You may attend and you may ask to speak, but you do not have to.

**16.      When and Where Will the Court Decide Whether to Approve the Settlement?**

The Court will hold a fairness hearing at _____ __.m., on _____, 2010, at the United States Courthouse, 450 Golden Gate Avenue, San Francisco, California.  At this hearing, the Court will consider whether the settlement is fair, reasonable, and adequate.  If there are objections, the Court will consider them.  Judge William Alsup will listen to people who have asked to speak at the hearing.  The Court will also consider how much to pay to Lead Counsel.  The Court may decide these issues at the hearing or take them under consideration.  We do not know how long these decisions will take.

**17.      Do I Have to Come to the Hearing?**

No.  Lead Counsel will answer questions Judge Alsup may have.  But, you are welcome to come at your own expense.  If you send an objection, you do not have to come to Court to talk about it.  As long as you mailed your written objection on time, the Court will consider it.  You may also pay your own lawyer to attend, but it is not necessary.

**18.      May I Speak at the Hearing?**

You may ask the Court for permission to speak at the fairness hearing.  To do so, you must send a letter saying that it is your intention to appear in *In re Charles Schwab Corporation Securities*

*Litigation Case*, No. C 08-01510 WHA.  Be sure to include your name, address, telephone number, your signature, the number and type of Schwab YieldPlus shares held on September 1, 2006, and a statement that you are a member of the California Class.  Your notice of intention to appear must be postmarked no later than _____, 2010, and be sent to the Clerk of the Court, Lead Counsel, and Defendants' counsel, at the three addresses listed in question 15.  You cannot speak at the hearing if you have excluded yourself from the California Class.

**IF YOU DO NOTHING**

>        **19.       What Happens if I Do Nothing at All?**

>        If you do nothing, and if certain conditions that are listed in a publicly-filed Stipulation of Settlement between the Lead Plaintiff and the Defendants are met, the Settlement Administrator will calculate your share of the settlement and send you a check for that amount, and you won't be able to start a lawsuit of any kind, including an arbitration, continue with a lawsuit of any kind, including an arbitration, or be part of any other lawsuit or arbitration against the Defendants about the Released Claims, which are described in the Stipulation of Settlement.

**GETTING MORE INFORMATION**

>        **20.       Are There More Details About the Settlement?**

>        This Notice summarizes the proposed settlement.  More details are in the May 14, 2010, Stipulation of Settlement.  You can obtain a copy of the Stipulation of Settlement by writing to Steve Berman, c/o Hagens Berman Sobol Shapiro LLP, 1908 Eighth Avenue, Suite 3300, Seattle, WA  98101.

>        **21.       How Do I Get More Information?**

>        You can contact the Settlement Administrator by phone at 1-866-780-8824, by email at classact@gilardi.com, or visit the website at <u>www.gilardi.com</u>.

*DO NOT TELEPHONE THE COURT REGARDING THIS NOTICE*

DATED:

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

HON. WILLIAM ALSUP
UNITED STATES DISTRICT COURT JUDGE



UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

*In re Charles Schwab Corp. Securities Litigation*
Civil Action No. No. 08-cv-01510 WHA

**Must Be Postmarked
No Later Than
_____, 2010**

# SCHWAB

**CALIFORNIA CLASS**

«BARCODE»  SCHWAB-«CLAIM7»-«CKDIG»
«FNAME» «LNAME»
«ADDR1»
«ADDR2»
«CITY» «ST» «ZIP»

**Please do not use Pencil or Red Ink.**

Name and Address Changes (if any):

First Name

Last Name

Address

City

State          Zip Code

Dear Investor,

Gilardi & Co. LLC ("Gilardi) has been retained to administer the Charles Schwab Corp. Securities Litigation Settlement.  You are receiving this form because we have been provided with records involving your acquisition of Schwab YieldPlus Fund shares held on September 1, 2006.  The following pages contain a summary of your eligible transactions based on records of your investments held at Schwab Corporation.

**Please review the enclosed Record of Fund Transactions in Section II.  If you agree with the information set forth in the Summary of Activity, you do not need to take any action in order to receive your share of the settlement fund.** Please see the Transaction Dispute Form in Section III for instructions on how to correct or submit additional transactions you would like to claim.

If you have any questions, please call 1-888-955-2703, send an email to classact@gilardi.com, or visit the case website at www.SchwabYieldPlusSettlement.com.

Regards,

Claims Administration Center

**SECTION I. BACKGROUND INFORMATION**  You may refer to the enclosed Notice of Pendency and Proposed Settlement of Class Action to determine your recovery.  In summary, your Allowed Loss will generally be based upon the number of shares you purchased of Schwab YieldPlus before September 1, 2006 less sales proceeds received from selling such shares.  As the cumulative Class Members Allowed Losses may exceed the Net Settlement Fund, settlement distribution from the Net Settlement Fund may be awarded on a pro-rata basis.  Please note that your estimated distribution is an **estimate** only and will not be finally determined until the Settlement is approved and all fees and costs related to the Settlement are finalized.

Questions?  Please call 1-888-955-2703, email classact@gilardi.com or visit www.SchwabYieldPlusSettlement.com



1



FOR CLAIMS
PROCESSING
ONLY          L

# SCHWAB YIELDPLUS FUND

## CALIFORNIA CLASS

## SECTION II. RECORD OF FUND TRANSACTIONS

**IF YOU AGREE WITH THIS ACCOUNT STATEMENT,
NO ACTION IS NECESSARY TO RECEIVE PAYMENT**

**SUMMARY OF ACTIVITY** - Enclosed for your review is a summary of your Allowed Loss in the Schwab YieldPlus Fund.  Your Allowed Loss will generally be based on the differences between the NAV of your shares held on September 1, 2006 and the NAV at the time you sold, if they were sold on or before June 1, 2008.  Please refer to Question No. 9 in the Notice for details on how this calculation was determined.

In addition, enclosed for your review is an "Account Activity Detail" in Section IV.  The transactions detailed there were used in determining the Summary of Activity listed here in Section II.

|   | | SHARES | AMOUNT |
|---|---|---|---|
| A. | Number of shares held at the Close of Business on September 1, 2006 and amount paid for them: | 500 | $0 |
| B. | Total shares sold and proceeds received, if any: | 0 | $0 |
| C. | Number of shares held beyond June 1, 2008: | 0 | $0 |
| | **Estimated Distribution Amount:** | | $0 |

Questions?  Please call 1-888-955-2703, email classact@gilardi.com or visit www.SchwabYieldPlusSettlement.com



2

# SCHWAB YIELDPLUS FUND

## CALIFORNIA CLASS
## SECTION III. TRANSACTION DISPUTE FORM

**Must Be Postmarked
No Later Than
_____, 2010**

# SCHWAB

«BARCODE» SCHWAB-«CLAIM7»-«CKDIG»
«FNAME» «LNAME»
«ADDR1»
«ADDR2»
«CITY» «ST» «ZIP»

If you disagree with any of the summary information from Section II, please complete this section and mail this form with supporting documentation within forty-five (45) days of the postmarked date of this letter to:

In re Charles Schwab Corp. Securities Litigation
Claims Administrator
P.O. Box 8040
San Rafael, CA 94912-8040

| | | Number of Shares | Amount $ |
|---|---|---|---|
| A. | Number of shares held at the close of business on September 1, 2006 and total amount paid for them: | | $ . 0 0 |
| B. | Total shares sold and proceeds received | | $ . 0 0 |
| C. | Number of shares held beyond June 1, 2008: | | $ . 0 0 |

If you require additional space, attach extra schedules in the same format as above. Sign and print your name on each additional page.

Questions? Please call 1-888-955-2703, email classact@gilardi.com or visit www.SchwabYieldPlusSettlement.com



# SCHWAB YIELDPLUS FUND

## CALIFORNIA CLASS
## SECTION IV. SCHEDULE A - ACCOUNT ACTIVITY DETAIL

A.  Total shares held at the close of business on September 1, 2006:     **500**


B.  Activity relating to total shares held at the close of business on September 1, 2006:

| REF | Date | Transaction Type | Shares | Amount |
|-----|------|------------------|--------|--------|
| 001 | 04/19/06 | Purchase | 100 | $1,568.00 |
| 002 | 04/20/06 | Purchase | 200 | $3,120.00 |
| *Totals:* | | | *300* | *$4,688.00* |

Questions?  Please call 1-888-955-2703, email classact@gilardi.com or visit www.SchwabYieldPlusSettlement.com



4

**Charles Schwab Corporation Securities Litigation**
c/o Claims Administrator
P.O. Box 8040
San Rafael, CA 94912-8060


Barcoaaaaaaaaaaaaaade                      <CaseID>-ClaimID>-<Chk_Dgt>

Name1 Name2
Address
City, St Zip

Attorney Name
and
Address Block

<<Date>>

Re:  Charles Schwab Corporation Securities Litigation                 Check Number: <<Ck_Nbr>>
     <CaseID>-<ClaimID>-<Chk_Dgt>                                     Check Amount: <<Amount>>

Dear Class Member:

       Please find attached a check made payable to you as a California Class Member in the above-referenced matter, and an accompanying Release.  You have received this check from the Settlement Administrator in *In re Charles Schwab Corporation Securities Litigation*, Case No. 08-cv-01510 WHA (Northern District of California) ("the Class Action"), because you have been identified as a member of the California Class certified by the United States District Court for the Northern District of California. By cashing the enclosed check, you provide an additional release to all "Released Persons" from all "Released Claims," as both terms are defined in the Court-approved Notice of Pendency and Proposed Settlement.  The attached Release is an "additional release" because the _____, 2010 California Class Judgment in *In re Charles Schwab Corporation Securities Litigation* independently orders that you have released the Released Claims against the Released Person.    You do **not** need to return an executed copy of the enclosed Release to us.

       Please note that if you were the holder of more than one account during the Class Period, as defined by the Court-approved Notice of Pendency and Proposed Settlement, then you will receive a letter and check from us for each of your accounts.  Please cash this check promptly; this check will be void five months after the date of the check.

       If you have any questions regarding this letter or the enclosed check, please contact Class Counsel.

                    Sincerely yours,

                    GILARDI & CO. LLC.


# SAMPLE CHECK

Detach Below

<<Case Name>> Securities Litigation                Bank info        aba/num        Check #: <CkNum>
c/o Claims Administrator
P.O. Box 8040
San Rafael, CA 94912-8060                                                  Re: ACCT# <ACCTNBR>

Pay *** <Amount > [SPELLED OUT AND 00/100 DOLLARS]        Date:              Amount
                                                          <Date>        ***$<Amount>

To the order |||||||||||||||||||  CLAIM #:<CaseID>-ClaimID>-<Chk_Dgt>        CASH PROMPTLY, VOID AFTER
            Name 1 Name 2                                                     <void date>
            Address
            City, St Zip-Zip4                                          *Dennis A. Gilardi*

By my (our) signature(s) below, I (We) hereby agree to the terms of the Release that accompanied this check, and acknowledge that the _____, 2010

California Class Judgment in In re: the Charles Schwab Corporation Securities Litigation, Case No. 08-cv-01510 WHA, Northern District of California,

independently orders that I have released claims against the same Released Persons who are described in the Release that accompanied this check.

_____

## RELEASE TO ACCOMPANY CHECK

You have received the enclosed check from the Settlement Administrator in *In re Charles Schwab Corporation Securities Litigation*, Case No. 08-cv-01510 WHA(Northern District of California) (the "California Class Action"), because you have been identified as a member of the California Class certified by the United States District Court for the Northern District of California. By cashing the enclosed check, you provide an additional release to all "Released Persons" from all "Released Claims," as described in the enclosed Release, that is in addition to, and independent of, the releases of the Released Persons that are included in, and ordered by the California Class Judgment in *In re Charles Schwab Corporation Securities Litigation*.

"Released Claims" means the 17200 Claim and any and all claims or causes of action, demands, rights, liabilities, suits, debts, obligations and causes of action of every nature and description whatsoever, direct or class, arbitrable or non-arbitrable, known or unknown (including Unknown Claims as defined in below), contingent or absolute, mature or unmature, discoverable or undiscoverable, whether concealed or hidden, asserted or that might have been asserted against the Released Parties based upon, arising out of, or related in any way whatsoever to the facts, transactions, events, occurrences, disclosures, statements, acts, omissions or failures to act which were or might have been alleged in or embraced or otherwise referred to or encompassed by the 17200 Claim, or which relate to the subject matter of the 17200 Claim, including, but not limited to, any violation of the investment, concentration, or other policies of the YieldPlus Fund.  Claims that Defendants improperly defended or settled the California Class Action are also Released Claims.  "Unknown Claims" means any Released Claims that you do not know or suspect to exist in your favor but which, if known by you, might have affected your additional release of the Released Parties.

"Released Persons" means (1) the defendants in the California Class Action (Charles Schwab Investment Management, Inc. and Schwab Investments); (2) The Charles Schwab Corporation, Charles Schwab & Co., Inc., Charles R. Schwab, Evelyn Dilsaver, Randall W. Merk, George Pereira, Matthew Hastings, Mariann Byerwalter, Donald F. Dorward, William A. Hasler, Robert G. Holmes, Gerald B. Smith, Donald R. Stephens, Michael W. Wilsey, and Kimon P. Daifotis (the "named Released Persons"); and (3) each and all of their Related Parties.  "Related Parties" means each and any of Defendants' or the named Released Persons' respective past, present or future directors, officers, employees, partnerships and partners, principals, agents, controlling shareholders, any entity in which any Defendant, named Released Person, or any member(s) of a named Released Person's immediate family has or have a controlling interest (directly or indirectly), attorneys, accountants, auditors, investment banks and investment bankers, underwriters, advisors, financial advisors, personal or legal representatives, analysts, agents, associates, servants, insurers, co-insurers and reinsurers, predecessors, successors, parents, subsidiaries, divisions, assigns, joint ventures and joint venturers, spouses, heirs, executors, administrators, related or affiliated entities, members of a named Released Person's immediate family, and any trust of which any named Released Person is the settlor or which is for the benefit of any named Released Person or member(s) of his family, and all other Persons.  "Person" means a natural person, individual, corporation, partnership, limited partnership, limited liability company, association, joint venture, joint venturer, joint stock company, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any business or legal entity and, as applicable, their/its respective spouses, heirs, executors, administrators, predecessors, successors, representatives, or assignees.

# EXHIBIT A-2

Reed R. Kathrein (139304)
Peter E. Borkon (212596)
HAGENS BERMAN SOBOL SHAPIRO LLP
715 Hearst Avenue, Suite 202
Berkeley, CA  94710
Telephone:  (510) 725-3000
Facsimile:  (510) 725-3001
reed@hbsslaw.com
peterb@hbsslaw.com

Steve W. Berman (*Pro Hac Vice*)
Sean R. Matt (*Pro Hac Vice*)
Erin K. Flory (*Pro Hac Vice*)
Lisa M. Hasselman (*Pro Hac Vice*)
Robert F. Lopez (*Pro Hac Vice*)
HAGENS BERMAN SOBOL SHAPIRO LLP
1918 Eighth Avenue, Suite 3300
Seattle, Washington  98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594
steve@hbsslaw.com
sean@hbsslaw.com
erin@hbsslaw.com
lisah@hbsslaw.com
robl@hbsslaw.com

*Attorneys for the California Class Representative and the California Class*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE SCHWAB CORP. SECURITIES LITIGATION | No. 08-cv-01510 WHA |
| THIS DOCUMENT RELATES TO:<br><br>All Actions | SUMMARY NOTICE<br><br>EXHIBIT A-2<br><br>Date Action Filed:  March 18, 2008 |

TO:    ALL PERSONS WHO WERE CALIFORNIA RESIDENTS AND HELD SHARES OF
       THE SCHWAB YIELDPLUS FUND ON SEPTEMBER 1, 2006

       YOU ARE HEREBY NOTIFIED, pursuant to an Order of the United States District Court

for the Northern District of California, that a hearing will be held on _____, 2010, at _____

___.m., before the Honorable William Alsup at the United States Courthouse 450 Golden Gate

Avenue, San Francisco, California, for the purpose of determining (1) whether the proposed

settlement of the claims in the California Section 17200 Litigation for the sum of $35,000,000 in

cash should be approved by the Court as fair, reasonable and adequate; (2) whether, thereafter, this

California Section 17200 Litigation should be dismissed with prejudice pursuant to the terms and

conditions set forth in the May 14, 2010 Stipulation of Settlement; and (3) whether the application

of Lead Counsel for the payment of attorneys' fees and reimbursement of expenses incurred in

connection with this California Section 17200 Litigation should be approved.

       If you held Schwab YieldPlus Fund shares on September 1, 2006 and were also a California

resident on that day, your rights may be affected by the settlement of this California Section 17200

Litigation.  If you have not received a detailed Notice of Pendency and Proposed Settlement of

Class Action ("Notice") and a copy of your Record of Fund Transactions, you may obtain copies

by writing to *In re Charles Schwab Corporation Securities Litigation*, c/o Gilardi & Co. LLC, P.O.

Box 8040, San Rafael, CA 94912-8040.

       Any objection to the settlement must be mailed or delivered such that it is received by each

of the following no later than _____, 2010:

                     CLERK OF THE COURT
                     UNITED STATES DISTRICT COURT
                     NORTHERN DISTRICT OF CALIFORNIA
                     United States Courthouse
                     450 Golden Gate Avenue
                     San Francisco, CA 94102

*Lead Counsel for the Class Representative and the California Class*:

HAGENS BERMAN SOBOL & SHAPIRO LLP
Steve W. Berman
1301 Fifth Avenue, Suite 2900
Seattle, WA 98101

*Counsel for Defendants:*

MORRISON & FOERSTER LLP
Darryl Rains
755 Page Mill Road
Palo Alto, California 94304

**PLEASE DO NOT CONTACT THE COURT OR THE CLERK'S OFFICE**

**REGARDING THIS NOTICE.**  If you have any questions about the settlement, you may contact

Lead Counsel for the Class at the address listed above.

DATED: _____          BY ORDER OF THE COURT
                                        UNITED STATES DISTRICT COURT
                                        NORTHERN DISTRICT OF CALIFORNIA

# Exhibit B

1   Reed R. Kathrein (139304)
    Peter E. Borkon (212596)
2   HAGENS BERMAN SOBOL SHAPIRO LLP
    715 Hearst Avenue, Suite 202
3   Berkeley, CA  94710
    Telephone:  (510) 725-3000
4   Facsimile:  (510) 725-3001
    reed@hbsslaw.com
5   peterb@hbsslaw.com

6   Steve W. Berman (*Pro Hac Vice*)
    Sean R. Matt (*Pro Hac Vice*)
7   Erin K. Flory (*Pro Hac Vice*)
    Lisa M. Hasselman (*Pro Hac Vice*)
8   Robert F. Lopez (*Pro Hac Vice*)
    HAGENS BERMAN SOBOL SHAPIRO LLP
9   1918 Eighth Avenue, Suite 3300
    Seattle, Washington  98101
10  Telephone: (206) 623-7292
    Facsimile: (206) 623-0594
11  steve@hbsslaw.com
    sean@hbsslaw.com
12  erin@hbsslaw.com
    lisah@hbsslaw.com
13  robl@hbsslaw.com

14  *Attorneys for the California Class Representative and the California Class*

15

16                 UNITED STATES DISTRICT COURT

17               NORTHERN DISTRICT OF CALIFORNIA

18                  SAN FRANCISCO DIVISION

19  IN RE CHARLES SCHWAB CORP.              No. 08-cv-01510 WHA
    SECURITIES LITIGATION
20

21  THIS DOCUMENT RELATES TO:              [PROPOSED] FINAL JUDGMENT
                                           AND ORDER OF DISMISSAL
22  All Actions                            WITH PREJUDICE OF CALIFORNIA
                                           CLASS ACTION
23
                                           EXHIBIT B
24
                                           Date Action Filed:  March 18, 2008
25

26

27

28

1    This matter came before the Court for hearing pursuant to this Court's May __, 2010 Order

2    Preliminarily Approving California Class Settlement and Providing Notice (the "Preliminary

3    Approval Order"), on the Unopposed Motion of the California Class Representative for approval of

4    the settlement set forth in the May 14, 2010 Stipulation of Settlement (the "Stipulation").  Due and

5    adequate notice having been given of the Settlement as required in the Preliminary Approval

6    Order, and the Court having considered all papers filed and proceedings held herein and otherwise

7    being fully informed in the premises and good cause appearing therefore, IT IS HEREBY

8    ORDERED, ADJUDGED AND DECREED that:

9        1.    This Judgment incorporates by reference the definitions in the Stipulation, and all

10   terms used herein shall have the same meanings set forth in the Stipulation.

11       2.    This Court has jurisdiction over the subject matter of the California Section 17200

12   Litigation and over all Settling Parties, including all Class Members.

13       3.    The California Section 17200 Litigation and all claims contained therein, including

14   all of the Released Claims, are dismissed with prejudice as to the California Class Representative

15   and the other Class Members, and as against each and all of the Released Persons.  The Settling

16   Parties are to bear their own costs, except as otherwise provided in the Stipulation.

17       4.    Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby

18   approves the Settlement set forth in the Stipulation and finds that said Settlement is, in all respects,

19   fair, reasonable and adequate to, and is in the best interests of, the California Class Representative,

20   the California Class and each of the Class Members.  This Court further finds the Settlement set

21   forth in the Stipulation is the result of arm's-length negotiations between experienced counsel

22   representing the interests of the California Class Representative, the Class Members and the

23   Defendants.  Accordingly, the Settlement embodied in the Stipulation is hereby approved in all

24   respects and shall be consummated in accordance with its terms and provisions.  The Settling

25   Parties are hereby directed to perform the terms of the Stipulation.

26       5.    Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court hereby

27   confirms the certification of the California Class.  Excluded from the California Class are

28   Defendants, members of their immediate families and their legal representatives, heirs, successors

- 2 -

1   or assigns and any entity in which Defendants have or had a controlling interest.  Also excluded

2   from the California Class are those Persons identified in Exhibit C to the Stipulation who timely

3   and validly requested exclusion from the California Class on or before December 28, 2009; and

4   those Persons identified in Exhibit D to the Stipulation who (i) the Settling Parties have stipulated

5   to allow to be excluded from the California Class, (ii) have arbitrated to decision any of the

6   Released Claims against any of the Defendants or any of the Released Persons, and/or (iii) who

7   previously settled any of the Released Claims with any of the Defendants or any of the Released

8   Persons.

9         6.      Upon the Effective Date, the California Class Representative and each of the Class

10   Members shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and

11   forever released, relinquished and discharged all Released Claims against the Released Persons.

12        7.      Upon the Effective Date, all Class Members and anyone claiming through or on

13   behalf of any of them, will be forever barred and enjoined from commencing, instituting,

14   prosecuting, or continuing to prosecute any action or other proceeding in any court of law or

15   equity, arbitration tribunal, or administrative forum, asserting the Released Claims against any of

16   the Released Persons.

17        8.      Upon the Effective Date, each of the Defendants shall be deemed to have, and by

18   operation of this Judgment shall have, fully, finally, and forever released, relinquished and

19   discharged the California Class Representative, each and all of the Class Members, and Lead

20   Counsel from all claims arising out of, relating to, or in connection with the institution,

21   prosecution, assertion, settlement or resolution of the California Section 17200 Litigation or the

22   Released Claims.

23        9.      The distribution of the Notice of Pendency and Proposed Settlement of California

24   Class Action and the publication of the Summary Notice as provided for in the Preliminary

25   Approval Order constituted the best notice practicable under the circumstances, including

26   individual notice to all Members of the Class who could be identified through reasonable effort.

27   Said Notice provided the best notice practicable under the circumstances of those proceedings and

28   of the matters set forth therein, including the proposed Settlement set forth in the Stipulation, to all

[PROPOSED] FINAL JUDGMENT & ORDER OF DISMISSAL
WITH PREJUDICE  EXHIBIT B - 08-cv-01510 WHA
010036-12  369075 V1

Persons entitled to such notice, and said Notice fully satisfied the requirements of Federal Rule of

Civil Procedure 23, the requirements of due process, and any other applicable law.

10.     Any plan of allocation or distribution submitted by Lead Counsel or any order

entered regarding the a Fee and Expense Application shall in no way disturb or affect this

Judgment and shall be considered separate from this Judgment.

11.     Neither this Stipulation, nor any of its terms or provisions, nor any of the

negotiations or proceedings connected with it, shall be construed as an admission or concession by

Defendants, their Related Parties, or the Released Persons of the truth of any of the allegations in

the California Section 17200 Litigation, or of any liability, fault, or wrongdoing of any kind.

Neither this Stipulation, nor any of its terms or provisions, nor any of the negotiations or

proceedings connected with it, shall be referred to, offered as evidence, or received in evidence in

any pending or future civil, criminal, arbitration, or administrative action or proceeding, except in a

proceeding to enforce this Stipulation, to defend against the assertion of the Released Claims, or as

otherwise required by law.

12.     Without affecting the finality of this Judgment in any way, this Court hereby retains

continuing jurisdiction over (a) implementation of this Settlement and any award or distribution of

the Settlement Fund, including interest earned thereon; (b) disposition of the Settlement Fund;

(c) hearing and determining applications for attorneys' fees and expenses in the California Section

17200 Litigation; and (d) all parties hereto for the purpose of construing, enforcing and

administering the Stipulation.

13.     The Court finds that during the course of the California Section 17200 Litigation,

the Settling Parties and their respective counsel at all times complied with the requirements of

Federal Rule of Civil Procedure 11.

14.     If the Effective Date does not occur, or in the event the Settlement is terminated or

fails to become effective for any reason, the terms and provisions of the Stipulation shall have no

further force and effect with respect to the Settling Parties, with the exception of ¶¶ 1.1-1.27, 3.7,

3.8, 3.9, 4.9, 4.10, 6.2, 6.3, 6.4, 7.1, 7.3, 7.4, and 7.5 of the Stipulation, and shall not be used in the

California Section 17200 Litigation or in any other proceeding for any purpose, and any judgment

- 4 -

1    or order entered by the Court in accordance with the terms of this Stipulation shall be vacated as

2    *nunc pro tunc*.

3           IT IS SO ORDERED.

4

5    DATED: _____    _____

6                                                    HONORABLE WILLIAM ALSUP
                                             UNITED STATES DISTRICT COURT JUDGE

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

[PROPOSED] FINAL JUDGMENT & ORDER OF DISMISSAL
WITH PREJUDICE  EXHIBIT B - 08-cv-01510 WHA
010036-12  369075 V1

# Exhibit C

| | |
|---|---|
| 1 | J FURNISS & C FURNISS TTEE |
| | 2004 FURNISS FAMILY TRUST |
| | U/A DTD 07/02/2004 |
| | |
| 2 | SHELLIE RAE ALBRIGHT |
| | |
| 3 | EVO ALEXANDRE JR |
| | CHARLES SCHWAB & CO INC CUST |
| | IRA ROLLOVER |
| | |
| 4 | DIANE F JOHNSON TTEE |
| | ALICE I WILSON TRUST |
| | U/A DTD 11/05/1987 |
| | |
| 5 | MARILYN L KEENEY TTEE |
| | MARILYN L KEENEY 1994 FAMILY |
| | TRUST U/A DTD 04/01/1994 |
| | |
| 6 | DUBIN INVESTMENTS LLC LLC |
| | |
| 7 | PHILLIP ASHMAN INH IRA |
| | BENE OF HILDA ASHMAN |
| | CHARLES SCHWAB & CO INC CUST |
| | |
| 8 | ROBERT C KATCHEN |
| | CHARLES SCHWAB & CO INC CUST |
| | SEP-IRA |
| | |
| 9 | CHARLES W OTT TTEE |
| | MBO INSURANCE BROKERS, INC PSP |
| | FBO CHARLES W OTT |
| | |
| 10 | MARIAN J BADEN |
| | CHARLES SCHWAB & CO INC CUST |
| | IRA ROLLOVER |
| | |
| 11 | SARA ANN REED |
| | CHARLES SCHWAB & CO INC CUST |
| | IRA ROLLOVER |
| | |
| 12 | CHARLES SCHWAB TRUST CO TTEE |
| | SCHWABPLAN SVGS & INV PLAN |
| | FBO JAMES C SHEPPARD |
| | |
| 13 | PAUL JOHN ANDRASSY |
| | CHARLES SCHWAB & CO INC CUST |
| | SEP-IRA |
| | |
| 14 | DOROTHY LYNNE KNAPP & |
| | ERIC OLIVER KNAPP JT TEN |

| | |
|---|---|
| 15 | LORRAINE ELMA ARATA |
| | CHARLES SCHWAB & CO INC CUST |
| | IRA ROLLOVER |
| | |
| 16 | DALE ANDREA ARATA & LORRAINE |
| | ELMA ARATA TTEE |
| | DALE A & LORRAINE E ARATA |
| | |
| 17 | SHANDA BAHLES |
| | |
| 18 | BRUCE BAKER TTEE |
| | BAKER REVOCABLE LIVING TRUST |
| | U/A DTD 08/30/1988 |
| | |
| 19 | MICHEL ALLEN SEIFER CUST FOR |
| | SAMUEL M SEIFER UCAUTMA |
| | UNTIL AGE 21 |
| | |
| 20 | ANDREW B BARNETT |
| | CHARLES SCHWAB & CO INC CUST |
| | SEP-IRA |
| | |
| 21 | J BELLACK & M BELLACK TTEE |
| | BELLACK FAMILY TRUST (B) |
| | U/A DTD 12/01/2000 |
| | |
| 22 | BERYL JOYCE TURNER TTEE |
| | BERYL TURNER LIVING TRUST |
| | U/A DTD 10/24/97 |
| | |
| 23 | M SMITH & D CRISWELL & |
| | D CRISWELL TTEE DONALD H |
| | SMITH TR A U/A DTD 9/25/79 |
| | |
| 24 | M BLACKSTONE & E BLACKSTONE TT |
| | BLACKSTONE FAMILY TRUST |
| | U/A DTD 12/30/1992 |
| | |
| 25 | M SMITH & D CRISWELL & |
| | D CRISWELL TTEE DONALD H |
| | SMITH TR B U/A DTD 2/07/82 |
| | |
| 26 | GARY JOHN MAAG |
| 27 | KATHERINE YEN |
| | CHARLES SCHWAB & CO INC CUST |
| | SMPF: CSIM IRA ROLLOVER |
| | |
| 28 | HELEN BRENNER TTEE |
| | BRENNER FAMILY 1990 TRUST |

|    |                                   |
|----|-----------------------------------|
|    | U/A DTD 09/27/1990                |
|    |                                   |
| 29 | HELEN BRENNER                     |
|    | CHARLES SCHWAB & CO INC CUST      |
|    | IRA CONTRIBUTORY                  |
|    |                                   |
| 30 | JULIE WOLPER BRENNER              |
|    | CHARLES SCHWAB & CO INC CUST      |
|    | IRA CONTRIBUTORY                  |
|    |                                   |
| 31 | JULIE WOLPER BRENNER TTEE         |
|    | JULIE WOLPER BRENNER 1997         |
|    | REV TR U/A DTD 03/19/1997         |
|    |                                   |
| 32 | JULIE WOLPER BRENNER &            |
|    | ELLIS PETER BRENNER JT TEN        |
|    |                                   |
| 33 | RICHARD M BROSSARD &              |
|    | MICHELLE R MATNEY JT TEN          |
|    |                                   |
| 34 | RICHARD M BROSSARD &              |
|    | FRANCENA C BROSSARD JT TEN        |
|    |                                   |
| 35 | WAYNE P BULETTE                   |
|    | UTA CHARLES SCHWAB & CO INC       |
|    | IRA ROLLOVER DTD 03/31/95         |
|    |                                   |
| 36 | EDWARD C BURRUSS                  |
|    | CHARLES SCHWAB & CO INC.CUST      |
|    | IRA ROLLOVER                      |
|    |                                   |
| 37 | E C BURRUSS & B BURRUSS TTEE      |
|    | THE BURRUSS TRUST                 |
|    | U/A DTD 10/18/1999                |
|    |                                   |
| 38 | JAMES M JONES JR &                |
|    | LAUREN A CORRAO TEN/COM           |
|    |                                   |
| 39 | GUY A LAMPARD &                   |
|    | M SUZANNE BADENHOOP JT TEN        |
|    |                                   |
| 40 | JANE M CHAN                       |
| 41 | VIRGINIA R BAILEY &               |
|    | ALLEN D BAILEY JT TEN             |
|    |                                   |
| 42 | VIRGINIA R BAILEY &               |
|    | KAREN BAILEY STONER JT TEN        |
|    |                                   |
| 43 | BARBARA J GILLIAM                 |
|    | DESIGNATED BENE PLAN/TOD          |

|    |                                       |
|----|---------------------------------------|
|    | RULE ACCOUNT                          |
|    |                                       |
| 44 | DANIEL J LANCASTER JR                 |
|    | CHARLES SCHWAB & CO INC CUST          |
|    | IRA ROLLOVER                          |
|    |                                       |
| 45 | F & R WILSON TTEE 7/31/92             |
|    | ROBERT A & FLEURANGE A WILSON         |
|    | SMPF: CSIM                            |
|    |                                       |
| 46 | GIBBS INTERNATIONAL TRUCKS, IN        |
|    |                                       |
| 47 | ERIC M K CHAN                         |
|    | CHARLES SCHWAB & CO INC CUST          |
|    | IRA CONTRIBUTORY                      |
|    |                                       |
| 48 | ERIC OLIVER KNAPP                     |
|    | CHARLES SCHWAB & CO INC CUST          |
|    | SEP-IRA                              |
|    |                                       |
| 49 | JOHN N COBURN                         |
|    | CHARLES SCHWAB & CO INC CUST          |
|    | IRA CONTRIBUTORY                      |
|    |                                       |
| 50 | LILA G COBURN                         |
|    | UTA CHARLES SCHWAB & CO INC           |
|    | IRA CONTRIBUTORY DTD 02/13/96         |
|    |                                       |
| 51 | LORY COGAN UTZ TTEE                   |
|    | PAUL J UTZ & LORY E COGAN REV         |
|    | LIV TRUST U/A DTD 10/05/83            |
|    |                                       |
| 52 | WILLIAM BRUCE MEIER                   |
|    |                                       |
| 53 | HELEN M COURTNEY TTEE                 |
|    | HELEN M COURTNEY REVOCABLE TRU        |
|    | U/A DTD 02/07/2006                    |
|    |                                       |
| 54 | ALFREDO NOEL DALMEIDA                 |
|    | CHARLES SCHWAB & CO INC.CUST          |
|    | IRA CONTRIBUTORY                      |
|    |                                       |
| 55 | J DAVIDSON & K DAVIDSON TTEE          |
|    | DAVIDSON FAMILY TRUST                 |
|    | U/A DTD 10/24/1979                    |
|    |                                       |
| 56 | DOUGLAS DONALD DAW                    |
|    | CHARLES SCHWAB & CO INC CUST          |
|    | SEP-IRA                              |
|    |                                       |

| | |
|---|---|
| 57 | MATTHEW RALEIGH DIFRANCESCA |
| | |
| 58 | DIANE E ROHAN TTEE |
| | DIANE E ROHAN PROFIT SHARING P |
| | U/A DTD 12/15/1999 |
| | |
| 59 | MARK DOWIE & |
| | WENDY ANN SCHWARTZ JT TEN |
| | |
| 60 | PATRICIA C DUNN-JAHNKE & |
| | WILLIAM W JAHNKE JT TEN |
| | |
| 61 | PATRICIA MICHELLE TRIMBLE |
| | |
| 62 | RICHARD W EICHHORN |
| | |
| 63 | DOROTHY LYNNE KNAPP |
| | CHARLES SCHWAB & CO INC CUST |
| | IRA CONTRIBUTORY |
| | |
| 64 | BARBARA J JAENSSON TTEE |
| | BARBARA J JAENSSON TRUST |
| | U/A DTD 11/21/2002 |
| | |
| 65 | ROBERT L WESTON MD |
| | |
| 66 | MICHAEL A KAUFMAN |
| | |
| 67 | VERNA B KERR TTEE |
| | U/W FARNUM W KERR |
| | |
| 68 | RICHARD K TURNER & |
| | PREM HUNJI TURNER JT TEN |
| | |
| 69 | D ADAMS & H ADAMS TTEE |
| | D AND H ADAMS REVOCABLE TRUST |
| | U/A DTD 07/31/1998 |
| | |
| 70 | STEPHEN C THEOHARIS |
| | CHARLES SCHWAB & CO INC CUST |
| | IRA ROLLOVER |
| | |
| 71 | DIANE PALOMA ESKENAZI TTEE |
| | DIANE PALOMA ESKENAZI REV TR |
| | U/A DTD 08/27/2004 |
| | |
| 72 | DIANE PALOMA ESKENAZI |
| | CHARLES SCHWAB & CO INC CUST |
| | SEP-IRA |
| | |

| | |
|---|---|
| 73 | ERIC OLIVER KNAPP & |
| | DOROTHY LYNNE KNAPP JT TEN |
| | |
| 74 | RICHARD FRANKLIN SCHAIBLE |
| | CHARLES SCHWAB & CO INC CUST |
| | IRA CONTRIBUTORY |
| | |
| 75 | HUMANE SOCIETY OF TRUCKEE TAHO |
| | |
| 76 | DAVID WHITE FENTON |
| | CHARLES SCHWAB & CO INC CUST |
| | IRA CONTRIBUTORY |
| | |
| 77 | DAVID WHITE FENTON |
| | CHARLES SCHWAB & CO INC CUST |
| | IRA ROLLOVER |
| | |
| 78 | JACQUELINE MARKUS FENTON TTEE |
| | JACQUELINE FENTON TRUST |
| | U/A DTD 10/06/2000 |
| | |
| 79 | CATHERINE JEAN HUDSON |
| | CHARLES SCHWAB & CO INC CUST |
| | SEP-IRA |
| | |
| 80 | JOAN F BROWN TTEE |
| | FITZPATRICK FAMILY TRUST A |
| | U/A DTD 09/21/1984 |
| | |
| 81 | STANLEY C MORSE TTEE |
| | STANLEY C MORSE PE LS |
| | RETIREMENT TRUST |
| | |
| 82 | DAVID EDWARD FREKER |
| | |
| 83 | PATRICIA H FUHRER |
| | CHARLES SCHWAB & CO INC CUST |
| | IRA ROLLOVER |
| | |
| 84 | GERRET LAUER TTEE |
| | LAUER FAMILY TRUST |
| | U/A DTD 05/30/1986 |
| | |
| 85 | FRANCIS W GHIDONI, MD & |
| | SUSANNE K GHIDONI JT TEN |
| | |
| 86 | FRANCIS W GHIDONI, MD |
| | UTA CHARLES SCHWAB & CO INC |
| | SSB PS KEOGH PLAN |
| | |

| 87 | FRANCIS W GHIDONI, MD |
|----|----------------------------------|
|    | UTA CHARLES SCHWAB & CO INC |
|    | SSB KEOGH MP PLAN KEOGH PLAN |
|    | |
| 88 | FRANCIS W GHIDONI, MD |
|    | CHARLES SCHWAB & CO INC CUST |
|    | SEP-IRA |
|    | |
| 89 | BETTY R GOSLIN |
|    | CHARLES SCHWAB & CO INC CUST |
|    | IRA ROLLOVER DTD 04/28/2000 |
|    | |
| 90 | SUSANNE K GHIDONI |
|    | |
| 91 | GOLDEN FILMS FIN CORP IV |
|    | |
| 92 | LAURA B GISINGER |
|    | CHARLES SCHWAB & CO INC CUST |
|    | IRA ROLLOVER |
|    | |
| 93 | MILA NICOLE DEWITT & |
|    | BRIAN L DEWITT |
|    | COMM/PROP |
|    | |
| 94 | DEBRA M GOUVEIA TTEE |
|    | GOUVEIA FAMILY TRUST |
|    | U/A DTD 11/25/1992 |
|    | |
| 95 | MAUREEN T GRAF |
|    | CHARLES SCHWAB & CO INC CUST |
|    | IRA CONTRIBUTORY |
|    | |
| 96 | KHADIJEH ZARRINNAM TTEE |
|    | GRANITE INVESTMENT TRUST |
|    | U/A DTD 04/09/1998 |
|    | |
| 97 | BRIAN E GRANT |
|    | CHARLES SCHWAB & CO INC CUST |
|    | IRA ROLLOVER |
|    | |
| 98 | MARLENE JUDITH GRUMAN |
|    | CHARLES SCHWAB & CO INC CUST |
|    | IRA ROLLOVER |
|    | |
| 99 | MARLENE JUDITH GRUMAN |
|    | CHARLES SCHWAB & CO INC CUST |
|    | ROTH CONTRIBUTORY IRA |
|    | |
| 100 | MARLENE JUDITH GRUMAN |
|    | CHARLES SCHWAB & CO INC CUST |

|     |                                        |
|-----|----------------------------------------|
|     | IRA CONTRIBUTORY                       |
|     |                                        |
| 101 | VICKI LIN GRUMAN                       |
|     | CHARLES SCHWAB & CO INC CUST           |
|     | ROTH CONTRIBUTORY IRA                  |
|     |                                        |
| 102 | VICKI LIN GRUMAN                       |
|     | CHARLES SCHWAB & CO INC CUST           |
|     | IRA ROLLOVER                           |
|     |                                        |
| 103 | SIDNEY ERNEST GRUMAN                   |
|     | CHARLES SCHWAB & CO INC CUST           |
|     | ROTH CONTRIBUTORY IRA                  |
|     |                                        |
| 104 | VICKI LIN GRUMAN TTEE                  |
|     | VICKI LIN GRUMAN REVOCABLE LIV         |
|     | U/A DTD 04/23/1998                     |
|     |                                        |
| 105 | VICKI LIN GRUMAN                       |
|     | CHARLES SCHWAB & CO INC CUST           |
|     | IRA CONTRIBUTORY                       |
|     |                                        |
| 106 | SIDNEY ERNEST GRUMAN                   |
|     | CHARLES SCHWAB & CO INC CUST           |
|     | IRA ROLLOVER                           |
|     |                                        |
| 107 | CYNTHIA S SAMRA TTEE                   |
|     | HALEY A ROWLAND IRREV LIVING T         |
|     | U/A DTD 05/24/1996 FBO H ROWLA         |
|     |                                        |
| 108 | PETER C TARDOS                         |
|     | CHARLES SCHWAB & CO INC CUST           |
|     | IRA ROLLOVER                           |
|     |                                        |
| 109 | TIM WELCH                              |
|     |                                        |
| 110 | DIANE F JOHNSON                        |
|     | CHARLES SCHWAB & CO INC CUST           |
|     | IRA ROLLOVER                           |
|     |                                        |
| 111 | PAMELA JEANNE MASSEY                   |
|     |                                        |
| 112 | JINNI ANNE HARRIGAN TTEE               |
|     | JINNI A HARRIGAN TRUST                 |
|     | U/A DTD 04/26/2002                     |
|     |                                        |
| 113 | DOROTHY SHAPIRO TTEE                   |
|     | SAM AND SYLVIA GORDON TRUST            |
|     | U/A DTD 02/14/1991                     |
|     |                                        |

| | |
|---|---|
| 114 | EVANGELINE R CARINO IRA ROLL |
| | CHARLES SCHWAB & CO INC CUST |
| | SMPF: CSIM |
| | |
| 115 | KAREN MARIE WILLIAMS |
| | |
| 116 | BETTY R GOSLIN TTEE |
| | THE BETTY R GOSLIN TRUST |
| | U/A DTD 07/21/1989 |
| | |
| 117 | OLE HENRIKSEN TTEE |
| | HENRIKSEN IMPORTS INC PSP |
| | U/A DTD 01/01/1994 |
| | |
| 118 | RONALD L PELLEY |
| | |
| 119 | KRISTI J DAYEN |
| | CHARLES SCHWAB & CO INC CUST |
| | SEP-IRA |
| | |
| 120 | J NICHOLS & M HURST TTEE |
| | MARSHALL D HURST & JOYCE E NIC |
| | U/A DTD 12/17/2003 |
| | |
| 121 | IDEAL FASTENERS, INC. |
| | |
| 122 | J KOSSACK & M ITZKOWITZ TTEE |
| | ITZKOWITZ & KOSSACK FAMILY LIV |
| | U/A DTD 07/28/2005 |
| | |
| 123 | BARBARA JENKINS TTEE |
| | JENKINS FAMILY TRUST |
| | U/A DTD 02/10/1992 |
| | |
| 124 | ROBERT GEORGE JUHASZ CUST FOR |
| | ROBERT JOSEPH JUHASZ UCAUTMA |
| | UNTIL AGE 21 |
| | |
| 125 | ROBERT C KATCHEN |
| | DESIGNATED BENE PLAN/TOD |
| | |
| 126 | VON SMITH KETTLER |
| | CHARLES SCHWAB & CO INC CUST |
| | IRA ROLLOVER DTD 07/04/1997 |
| | |
| 127 | VON SMITH KETTLER |
| | CHARLES SCHWAB & CO INC CUST |
| | IRA CONTRIB DTD 04/02/1985 |
| | |
| 128 | JOHN HERIC |

| | |
|---|---|
| 129 | K SNOW & S SNOW TTEE |
| | THE KEVIN AND SHIELA SNOW FAMI |
| | U/A DTD 12/03/1999 |
| | |
| 130 | ERIC SMITH |
| | CHARLES SCHWAB & CO INC CUST |
| | IRA ROLLOVER |
| | |
| 131 | V MCCLURE & J MCCLURE TTEE |
| | VANCE & JANET MCCLURE FAM TR |
| | U/A DTD 05/02/2008 |
| | |
| 132 | NANCY R KRUPA |
| | UTA CHARLES SCHWAB & CO INC |
| | IRA ROLLOVER DTD 11/20/96 |
| | |
| 133 | R NAVA & E NAVA TTEE |
| | RUDOLPH & ELIZABETH P NAVA LIV |
| | U/A DTD 12/11/1989 |
| | |
| 134 | J LACEY & R LACEY TTEE |
| | THE ROBERT & JUDI LACEY COMMUN |
| | U/A DTD 09/19/1995 |
| | |
| 135 | MAURICE LAKS |
| | CHARLES SCHWAB & CO INC CUST |
| | IRA CONTRIBUTORY |
| | |
| 136 | SANDRA S LADEN TTEE |
| | SANDRA S LADEN 2000 TRUST |
| | U/A DTD 04/05/00 |
| | |
| 137 | W LEONE & S LEONE TTEE |
| | THE LEONE FAMILY TRUST |
| | U/A DTD 08/11/1989 |
| | |
| 138 | N MADHOK & J MADHOK TTEE |
| | MADHOK FAMILY TRUST |
| | U/A DTD 01/13/1997 |
| | |
| 139 | PHILIP ELI MANFIELD |
| | CHARLES SCHWAB & CO INC CUST |
| | IRA CONTRIBUTORY |
| | |
| 140 | CYNTHIA S SAMRA TTEE |
| | MARISA ROWLAND IRREV LIV TRUST |
| | U/A DTD 05/24/1996 FBO M ROWLA |
| | |
| 141 | PETER C TARDOS TTEE |

|     |                                      |
|-----|--------------------------------------|
|     | PETER C TARDOS REVOCABLE TRUST       |
|     | U/A DTD 03/11/2005                   |
|     |                                      |
| 142 | C WALLENSTEIN-KLIVANS                |
|     | CHARLES SCHWAB & CO INC CUST         |
|     | IRA CONTRIBUTORY                     |
|     |                                      |
| 143 | J FEARNSIDE TTEE                     |
|     | JESS FEARNSIDE & DONNA FEARNSI       |
|     | U/A DTD 07/23/2003                   |
|     |                                      |
| 144 | ROBERT L WESTON MD                   |
|     | CHARLES SCHWAB & CO INC CUST         |
|     | IRA ROLLOVER                         |
|     |                                      |
| 145 | ROBERT PAUL DIDIER TTEE              |
|     | ROBERT DIDIER INC BEN PL             |
|     | U/A DTD 12/15/2000                   |
|     |                                      |
| 146 | KES NARBUTAS                         |
|     | CHARLES SCHWAB & CO INC CUST         |
|     | IRA ROLLOVER                         |
|     |                                      |
| 147 | ROBERT L NEWMAN                      |
|     | CHARLES SCHWAB & CO INC CUST         |
|     | IRA ROLLOVER                         |
|     |                                      |
| 148 | ALAN NIXEN                           |
|     | CHARLES SCHWAB & CO INC CUST         |
|     | IRA ROLLOVER                         |
|     |                                      |
| 149 | D OPPENHEIMER & E SULZBERGER T       |
|     | OPPENHEIMER-SULZBERGER FAMILY        |
|     | U/A DTD 08/09/2000                   |
|     |                                      |
| 150 | L ORLICK & K DONOVAN TTEE            |
|     | ORLICK-DONOVAN FAMILY TRUST          |
|     | U/A DTD 11/18/2004                   |
|     |                                      |
| 151 | JACK R SANDERS TTEE                  |
|     | PACIFIC SRVCS INC DEFINED BENE       |
|     | PLAN U/A DTD 01/01/1998              |
|     |                                      |
| 152 | RICHARD LOUIS PALEY TTEE             |
|     | PALEY COMM REAL ESTATE, INC          |
|     | DEFINED BENEFIT PLAN                 |
|     |                                      |
| 153 | PATRICK J ROHAN INC                  |
|     |                                      |
| 154 | PATRICK J ROHAN TTEE                 |

|     |                                      |
|-----|--------------------------------------|
|     | PATRICK J ROHAN INC PENSION PL       |
|     | U/A DTD 03/01/1997                   |
|     |                                      |
| 155 | PATRICK J ROHAN, INC                 |
|     | C/O JOHN BURNHAM-PRE                  |
|     |                                      |
| 156 | PATRICK J ROHAN TTEE                 |
|     | PATRICK J ROHAN INC PENSION PL       |
|     | U/A DTD 03/01/1997                   |
|     |                                      |
| 157 | BERNARD G PEREZ                      |
|     | CHARLES SCHWAB & CO INC CUST         |
|     | IRA CONTRIBUTORY                     |
|     |                                      |
| 158 | STEVEN L ESKENAZI                    |
|     |                                      |
| 159 | HAROLD J RICHARDS                    |
|     | CHARLES SCHWAB & CO INC CUST         |
|     | IRA ROLLOVER                         |
|     |                                      |
| 160 | ANDREW B BARNETT TTEE                |
|     | ANDREW BARNETT DEF BENE PL           |
|     | U/A DTD 06/01/2003                   |
|     |                                      |
| 161 | DORIS POTTER TTEE                    |
|     | PHILIP & DORIS POTTER SURVIVOR       |
|     | U/A DTD 05/15/1985                   |
|     |                                      |
| 162 | DORIS POTTER TTEE                    |
|     | PHILIP & DORIS POTTER FAMILY T       |
|     | U/A DTD 05/15/1985                   |
|     |                                      |
| 163 | HOLLY ANNE SEIFER                    |
|     | CHARLES SCHWAB & CO INC CUST         |
|     | IRA ROLLOVER                         |
|     |                                      |
| 164 | PHILIP ELI MANFIELD                  |
|     | CHARLES SCHWAB & CO INC CUST         |
|     | SEP-IRA                              |
|     |                                      |
| 165 | ANTHONY R NIAKIANI TTEE             |
|     | PIM INC, COMBINATION RETIREMEN       |
|     | U/A DTD 01/01/1996                   |
|     |                                      |
| 166 | VIVIAN LORRAINE SACHS                |
|     |                                      |
| 167 | C SIMMS & E SIMMS TTEE              |
|     | CHARLES C AND ELIZABETH U SIMM       |
|     | U/A DTD 10/30/1990                   |
|     |                                      |

| | |
|---|---|
| 168 | DAVID F WYATT & |
| | NANCY A WYATT |
| | COMM/PROP |
| | |
| 169 | CATHERINE JEAN HUDSON TTEE |
| | CATHERINE J HUDSON 2002 CH TR |
| | U/A DTD 07/18/2002 |
| | |
| 170 | MICHAEL A KAUFMAN |
| | CHARLES SCHWAB & CO INC CUST |
| | IRA ROLLOVER |
| | |
| 171 | PREM HUNJI TURNER |
| | CHARLES SCHWAB & CO INC CUST |
| | LAW OFFICES OF PREM HUNJI TURN |
| | |
| 172 | ERIC OLIVER KNAPP TTEE |
| | DIAMOND K TECH INC., DB PEN PL |
| | U/A DTD 05/27/2005 |
| | |
| 173 | RONALD J RICE TTEE |
| | RONALD J RICE REV LIVING TRUST |
| | U/A DTD 05/20/1989 |
| | |
| 174 | ESTELLE P WARNER TTEE |
| | WARNER SUPPLEMENTAL TRUST |
| | U/A DTD 05/28/1985 |
| | |
| 175 | JAMES F REAM |
| | CHARLES SCHWAB & CO INC CUST |
| | SMPF: CSIM IRA ROLLOVER |
| | |
| 176 | REMOTE SENSING ENTERPRISES |
| | |
| 177 | RICHARD KIRSCHMAN TTEE |
| | RICHARD F. KIRSCHMAN LIVING |
| | TRUST |
| | |
| 178 | WALTER RICHARDSON TTEE |
| | RICHARDSON NAGY MARTIN 401(K) |
| | |
| 179 | RONALD DEAN TTEE |
| | RLD DEAN ALAW CORP PSP |
| | U/A DTD 09/05/1995 |
| | |
| 180 | L NOBLE & K NORMANDIN TTEE |
| | ROBERT W NOBLE FAMILY TRUST |
| | U/A DTD 09/12/1991 FBO D NOBLE |
| | |
| 181 | D ROWLAND & M ROWLAND TTEE |

|     |                                      |
|-----|--------------------------------------|
|     | ROWLAND TRUST                        |
|     | U/A DTD 05/24/1996                   |
|     |                                      |
| 182 | DENNIS H ROWLAND CUST FOR            |
|     | HALEY ALEXIS ROWLAND UCAUTMA         |
|     | UNTIL AGE 21                         |
|     |                                      |
| 183 | DENNIS H ROWLAND CUST FOR            |
|     | MARISA HOPE ROWLAND UCAUTMA          |
|     | UNTIL AGE 21                         |
|     |                                      |
| 184 | A RUELAS & S RUELAS TTEE             |
|     | THE RUELAS FAMILY TRUST              |
|     | U/A DTD 02/11/2000                   |
|     |                                      |
| 185 | SYLVIA M RUELAS                      |
|     | CHARLES SCHWAB & CO INC CUST         |
|     | IRA ROLLOVER                         |
|     |                                      |
| 186 | FLOYD F SABINS JR                    |
|     | CHARLES SCHWAB & CO INC CUST         |
|     | IRA ROLLOVER                         |
|     |                                      |
| 187 | GARY D SAMSON &                      |
|     | LAURIE H SAMSON                      |
|     | COMM/PROP                            |
|     |                                      |
| 188 | R SCHAIBLE & J SCHAIBLE TTEE         |
|     | RICHARD & JENNIFER SCHAIBLE          |
|     | LIVING TRUST U/A DTD 3/01/00         |
|     |                                      |
| 189 | CHRISTOPHER GRAHAM SCHAIBLE &        |
|     | R SCHAIBLE JT TEN                    |
|     |                                      |
| 190 | ALEXANDRA N SCHAIBLE &               |
|     | R SCHAIBLE JT TEN                    |
|     |                                      |
| 191 | ERWIN SCHMIDMEISTER                  |
|     | CHARLES SCHWAB & CO INC CUST         |
|     | ERWIN SCHMIDMEISTER, MONEY           |
|     |                                      |
| 192 | KURT B SCHREIBER                     |
|     |                                      |
| 193 | RICHARD EUGENE SCHREIBER             |
|     | CHARLES SCHWAB & CO INC CUST         |
|     | IRA CONTRIBUTORY                     |
|     |                                      |
| 194 | DONALD R SCIFRES TTEE                |
|     | SCIFRES GRANTOR RETAINED ANNUI       |
|     | U/A DTD 12/09/2008                   |

| | |
|---|---|
| 195 | MICHEL ALLEN SEIFER & |
| | HOLLY ANNE SEIFER JT TEN |
| | |
| 196 | J SHEPPARD & L SHEPPARD TTEE |
| | JAMES C. SHEPPARD AND LYNDA R. |
| | U/A DTD 07/06/2007 |
| | |
| 197 | CLASS ACTION WATCH |
| | |
| 198 | ROGER LAWTON |
| | |
| 199 | CHRISTINE MARIE JOHNSON |
| | CHARLES SCHWAB & CO INC CUST |
| | ROTH CONTRIBUTORY IRA |
| | |
| 200 | G SAMSON & J FRIEDMAN TTEE |
| | U/W BERNARD SAMSON |
| | NONEXEMPT GST MARITAL TRUST |
| | |
| 201 | W TOMPKINS & J TOMPKINS TTEE |
| | JUDY K TOMPKINS |
| | U/A DTD 08/24/1989 |
| | |
| 202 | JAMES C SHEPPARD |
| | CHARLES SCHWAB & CO INC CUST |
| | IRA ROLLOVER |
| | |
| 203 | JOHN SIMMS |
| | CHARLES SCHWAB & CO INC CUST |
| | IRA ROLLOVER |
| | |
| 204 | ALBERTA R MEEHAN |
| | CHARLES SCHWAB & CO INC CUST |
| | IRA ROLLOVER |
| | |
| 205 | DIAMOND K TECHNOLGIES |
| | C/O CHRISTINE JOHNSON |
| | |
| 206 | P KELTING & J KELTING TTEE |
| | KELTING & ASSOCIATES, INC DEFI |
| | U/A DTD 12/29/2005 |
| | |
| 207 | ESTELLE P WARNER TTEE |
| | ESTELLE P WARNER TRUST |
| | U/A DTD 09/04/1980 |
| | |
| 208 | RICHARD A SLAWSON MD |
| | CHARLES SCHWAB & CO INC CUST |
| | IRA ROLLOVER |

| | |
|---|---|
| 209 | JACQUELINE C SIEGAL TTEE |
| | STANLEY I & JACQUELINE C SIEGA |
| | U/A DTD 05/14/1986 |
| | |
| 210 | PETER H STEELQUIST |
| | |
| 211 | LANCE SVENSON & |
| | PENNY L SVENSON JT TEN |
| | |
| 212 | RICHARD F SWEET |
| | CHARLES SCHWAB & CO INC CUST |
| | IRA ROLLOVER |
| | |
| 213 | RICHARD F SWEET |
| | |
| 214 | M TATTON & A TATTON TTEE |
| | TATTON FAMILY REVOCABLE TRUST |
| | U/A DTD 08/02/1990 |
| | |
| 215 | MAURICE BLAIR TATTON |
| | CHARLES SCHWAB & CO INC CUST |
| | IRA ROLLOVER |
| | |
| 216 | MARGO TERNSTROM |
| | DESIGNATED BENE PLAN/TOD |
| | |
| 217 | T RUST & B RUST TTEE |
| | TERRANCE A RUST DDS INC EMP PE |
| | U/A DTD 09/01/1976 |
| | |
| 218 | CLYDE M POLICHETTI & JO R |
| | POLICHETTI TTEE, POLICHETTI |
| | FAMILY TRT U/A DTD 5/31/1990 |
| | |
| 219 | BONNIE K THIELE |
| | UTA CHARLES SCHWAB & CO INC |
| | IRA CONTRIBUTORY DTD 01/03/94 |
| | |
| 220 | GARY L THIELE & |
| | BONNIE K THIELE |
| | COMM/PROP |
| | |
| 221 | WILLIAM KENNETH TOMPKINS II & |
| | MUI AMY VONG JT TEN |
| | |
| 222 | K TOWNSEND & K TOWNSEND TTEE |
| | KARL & KAREN TOWNSEND LIV REV |
| | U/A DTD 12/05/1996 |
| | |

| | |
|---|---|
| 223 | TERESA TUCKER |
| | |
| 224 | RICHARD K TURNER |
| | CHARLES SCHWAB & CO INC CUST |
| | IRA ROLLOVER |
| | |
| 225 | RICHARD K TURNER |
| | CHARLES SCHWAB & CO INC CUST |
| | SEP-IRA |
| | |
| 226 | TWELVEACRES INC |
| | |
| 227 | BENJAMIN J VAISSADE |
| | CHARLES SCHWAB & CO INC CUST |
| | IRA CONTRIBUTORY |
| | |
| 228 | RICHARD FRANKLIN SCHAIBLE |
| | CHARLES SCHWAB & CO INC CUST |
| | IRA ROLLOVER |
| | |
| 229 | BEN I SCHWARTZ TTEE |
| | SCHWARTZ COMMERCIAL REALTY |
| | DEFINED BENEFIT PE |
| | |
| 230 | MARIAN J BADEN TTEE |
| | THE BADEN FAMILY TRUST |
| | U/A DTD 03/09/1999 |
| | |
| 231 | WAYNE J VEGA TTEE |
| | VEGA TRUST |
| | U/A DTD 03/21/2003 |
| | |
| 232 | W RICHARDSON & M RICHARDSON TT |
| | THE RICHARDSON LIVING TRUST |
| | U/A DTD 09/01/1995 |
| | |
| 233 | DENNIS H ROWLAND & MARIA S |
| | ROWLAND TTEE |
| | ROWLAND CHARITABLE REMAINDER |
| | |
| 234 | RICHARD EUGENE SCHREIBER TTEE |
| | RICHARD E SCHREIBER   RETIREMEN |
| | FBO RICHARD EUGENE SCHREIBER |
| | |
| 235 | ELIZABETH U SIMMS |
| | CHARLES SCHWAB & CO INC CUST |
| | IRA CONTRIBUTORY |
| | |
| 236 | MICHEL ALLEN SEIFER CUST FOR |
| | JOHN COLLIS SEIFER UCAUTMA |

| | |
|---|---|
| | UNTIL AGE 21 |
| | |
| 237 | T DAN MCMULLEN |
| | CHARLES SCHWAB & CO INC CUST |
| | IRA ROLLOVER |
| | |
| 238 | CAROL SHU-CHIN WANG |
| | |
| 239 | DAVID LESTER WEIGEL |
| | |
| 240 | ANTHONY R NIAKIANI TTEE |
| | WESTERN CAPTIAL TRUST |
| | U/A DTD 04/09/98 |
| | |
| 241 | C WILLIAMS & D WILLIAMS TTEE |
| | WILLIAMS FAMILY TRUST |
| | U/A DTD 11/29/1999 |
| | |
| 242 | ROBERT A WILSON |
| | CHARLES SCHWAB & CO INC CUST |
| | IRA ROLLOVER |
| | |
| 243 | BARBARA E WINTRUP & |
| | PAUL JOHN ANDRASSY JT TEN |
| | |
| 244 | WILFRED FU-WAH WONG TTEE |
| | THE WILFRED FU-WAH WONG 1999 L |
| | U/A DTD 04/19/1999 |
| | |
| 245 | E WOOD & S WOOD TTEE |
| | WOOD FAMILY TRUST |
| | U/A DTD 06/21/2001 |
| | |
| 246 | EDGAR L WOOD |
| | CHARLES SCHWAB & CO INC CUST |
| | IRA ROLLOVER |
| | |
| 247 | SHIRLEY J WOOD |
| | CHARLES SCHWAB & CO INC CUST |
| | IRA ROLLOVER |
| | |
| 248 | ALAN JOSEPH YAGHDJIAN & |
| | MIREILLE YAGHDJIAN JT TEN |
| | |
| 249 | THOMAS D YUSCHAK & |
| | MARY S YUSCHAK JT TEN |
| | |
| 250 | MACDOWELL, BRENDA E. |
| | |
| 251 | BARNETT, ANDREW & BARNETT, JILL |

|     | TTEE FAMILY TRUST   |
|-----|---------------------|
|     |                     |
| 252 | GAWLINSKI, ARANKA   |
|     |                     |
| 253 | ASHMAN, PHILLIP     |
|     |                     |
| 254 | MARSANO, DEREK      |
|     |                     |
| 255 | DAILEY, JOHN        |

# Exhibit D

The Settling Parties shall submit Exhibit D to the Court, with a request that it be deemed attached to this Stipulation, two business days before the hearing on preliminary approval of the Settlement.