Reed R. Kathrein (139304)
Peter E. Borkon (212596)
HAGENS BERMAN SOBOL SHAPIRO LLP
715 Hearst Avenue, Suite 202
Berkeley, CA 94710
Telephone: (510) 725-3000
Facsimile: (510) 725-3001
reed@hbsslaw.com
peterb@hbsslaw.com

Steve W. Berman (*Pro Hac Vice*)
Sean R. Matt (*Pro Hac Vice*)
Erin K. Flory (*Pro Hac Vice*)
Lisa M. Hasselman (*Pro Hac Vice*)
Robert F. Lopez (*Pro Hac Vice*)
HAGENS BERMAN SOBOL SHAPIRO LLP
1918 Eighth Avenue, Suite 3300
Seattle, Washington 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594
steve@hbsslaw.com
sean@hbsslaw.com
erin@hbsslaw.com
lisah@hbsslaw.com
robl@hbsslaw.com

*Attorneys for Lead Plaintiffs YieldPlus Investor Group*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE CHARLES SCHWAB CORP. SECURITIES LITIGATION | No. 08-cv-01510 WHA |
| THIS DOCUMENT RELATES TO: <br><br> All Actions | AMENDMENT NO. 3 TO STIPULATION OF SETTLEMENT <br><br> Date Action Filed: March 18, 2008 |

AMENDMENT NO. 3 TO STIPULATION OF SETTLEMENT
CASE NO. 08-CV-01510 WHA
370899v1

Pursuant to paragraph 8.7 of the April 23, 2010, Stipulation of Settlement, the Settling Parties hereby amend the following paragraphs of the Stipulation of Settlement (1) in their entirety, or (2) by replacing certain text, as shown below:

**1.2** The "Federal Classes" consist of:

> all persons or entities who acquired shares of the fund traceable to a false and misleading registration statement for the fund and who were damaged thereby during the period November 15, 2006, through March 17, 2008, inclusive (the "Section 11 Class"); and

> all persons or entities who acquired shares of the fund traceable to a false and misleading prospectus for the fund and who were damaged thereby, during the period May 31, 2006, through March 17, 2008, inclusive (the "Section 12 Class").

The Federal Classes exclude Defendants, members of their immediate families and their legal representatives, heirs, successors or assigns and any entity in which Defendants have or had a controlling interest.  Also excluded from the Federal Classes are those Persons identified in Exhibit C who timely and validly requested exclusion from the Federal Classes on or before December 28, 2009; and those Persons identified in Exhibit D who (i) the Settling Parties have stipulated to allow to be excluded from the Federal Classes, (ii) have arbitrated to decision any of the claims released by the Federal Classes pursuant to this Stipulation, and/or (iii) who previously settled any of the claims released by the Federal Classes pursuant to this Stipulation.  The Settling Parties shall submit Exhibit D to the Court, with a request that it be deemed attached to this Stipulation, two business days before the hearing on preliminary approval of the Settlement.  Exhibits C and D may be corrected, amended, or supplemented before final approval of the Settlement by the Court.

**1.26** The "17200 Claim" is the claim that was alleged in Counts V and VII of the First Consolidated Amended Complaint in the Litigation and that is alleged in Counts IV and VIII of the Second Consolidated Amended Complaint in the Litigation.

In **3.7** <u>Replace</u>**:**        The Class Notice and Administration Fund may be used by Lead Counsel to pay costs and expenses reasonably and actually incurred in connection with providing notice to the Class, locating Class Members, administering and distributing the Settlement Fund to

1  Class Members, paying escrow fees and costs, if any, and no Defendant shall have any

2  responsibility for or liability to any Class Member or any other Person with respect to any of these

3  costs, expenses, fees, or acts.  The Class Notice and Administration Fund may also be invested and

4  earn interest as provided for in ¶ 3.3 of this Stipulation.  Defendants or their Related Parties have

5  no responsibility for or liability to any Class Member or any other Person with respect to the

6  Escrow Agent or its actions, the Settlement Administrator or its actions, or the Class Notice and

7  Administration Fund.

8        <u>With</u>:   The Class Notice and Administration Fund may be used by Lead Counsel to

9  pay costs and expenses reasonably and actually incurred in connection with providing notice to the

10 Class, locating Class Members, administering and distributing the Settlement Fund to Class

11 Members, paying escrow fees and costs, if any, and no Defendant, their Related Parties, or any

12 Released Person shall have any responsibility for or liability to any Class Member or any other

13 Person with respect to any of these costs, expenses, fees, or acts.  The Class Notice and

14 Administration Fund may also be invested and earn interest as provided for in ¶ 3.3 of this

15 Stipulation.  Defendants, their Related Parties, and the Released Persons shall have no

16 responsibility for or liability to any Class Member or any other Person with respect to the Escrow

17 Agent or its actions, the Settlement Administrator or its actions, or the Class Notice and

18 Administration Fund.

19

20    In **3.8(c)**    <u>Replace</u>:    Further, Taxes shall be treated as, and considered to be, a cost

21 of administration of the Settlement Fund and shall be timely paid by the Escrow Agent out of the

22 Settlement Fund without prior order from the Court and the Escrow Agent shall be obligated

23 (notwithstanding anything herein to the contrary) to withhold from distribution to Class Members

24 any funds necessary to pay such amounts including the establishment of adequate reserves for any

25 Taxes (as well as any amounts that may be required to be withheld under Treas. Reg. § 1.468B-

26 2(1)(2)); neither the Defendants nor their Related Parties are responsible therefore nor shall they

27 have any liability with respect thereto.  The parties hereto agree to cooperate with the Escrow

28

AMENDMENT NO. 3 TO STIPULATION OF SETTLEMENT  
CASE NO.  08-CV-01510 WHA  
370899v1

2

1    Agent, each other, and their tax attorneys and accountants to the extent reasonably necessary to
2    carry out the provisions of this ¶ 3.8.
3      <u>With</u>:   Further, Taxes shall be treated as, and considered to be, a cost of
4    administration of the Settlement Fund and shall be timely paid by the Escrow Agent out of the
5    Settlement Fund without prior order from the Court and the Escrow Agent shall be obligated
6    (notwithstanding anything herein to the contrary) to withhold from distribution to Class Members
7    any funds necessary to pay such amounts including the establishment of adequate reserves for any
8    Taxes (as well as any amounts that may be required to be withheld under Treas. Reg. § 1.468B-
9    2(1)(2)); the Defendants, their Related Parties, and the Released Persons are not responsible
10   therefore nor shall they have any liability with respect thereto.  The Settling Parties agree to
11   cooperate with the Escrow Agent, each other, and their tax attorneys and accountants to the extent
12   reasonably necessary to carry out the provisions of this ¶ 3.8.
13
14    In **4.8**   <u>Replace</u>:   Thereafter, any balance which still remains in the Net Settlement
15   fund shall be donated to an appropriate, non-profit organization to be determined by Lead Counsel
16   in conjunction with input from Lead Plaintiffs.
17     <u>With</u>:   Thereafter, any balance which still remains in the Net Settlement
18   Fund shall be donated to a non-profit organization(s) to be determined by agreement of the Settling
19   Parties and approved by the Court.
20
21    In **7.5**   <u>Replace</u>:   If the Effective Date does not occur, or in the event the Settlement is
22   terminated or fails to become effective for any reason, the terms and provisions of the Stipulation
23   shall have no further force and effect with respect to the Settling Parties, with the exception of
24   ¶¶ 1.1-1.39, 3.7, 3.8, 3.9, 4.9, 4.10, 6.2, 6.3, 6.4, 7.1, 7.3, 7.4, and 7.5 hereof, and shall not be used
25   in the Litigation or in any other proceeding for any purpose, and any judgment or order entered by
26   the Court in accordance with the terms of this Stipulation shall be vacated as *nunc pro tunc*.
27     <u>With</u>:   If the Effective Date does not occur, or in the event the Settlement is
28   terminated or fails to become effective for any reason, the terms and provisions of the Stipulation

AMENDMENT NO. 3 TO STIPULATION OF SETTLEMENT
CASE NO.  08-CV-01510 WHA
370899v1

3

shall have no further force and effect with respect to the Settling Parties, with the exception of ¶¶ 1.1-1.27, 3.7, 3.8, 3.9, 4.9, 4.10, 6.2, 6.3, 6.4, 7.1, 7.3, 7.4, and 7.5 hereof, and shall not be used in the Litigation or in any other proceeding for any purpose, and any judgment or order entered by the Court in accordance with the terms of this Stipulation shall be vacated as *nunc pro tunc*.

In **8.3** <u>Replace</u>:   Neither this Stipulation, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be construed as an admission or concession by Defendants of the truth of any of the allegations in the Litigation, or of any liability, fault, or wrongdoing of any kind.  Neither this Stipulation, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be referred to, offered as evidence, or received in evidence in any pending or future civil, criminal, or administrative action or proceeding, except in a proceeding to enforce this Stipulation, to defend against the assertion of the Released Claims, or as otherwise required by law.

<u>With</u>:   Neither this Stipulation, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be construed as an admission or concession by Defendants, their Related Parties, or the Released Persons of the truth of any of the allegations in the Litigation, or of any liability, fault, or wrongdoing of any kind.  Neither this Stipulation, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be referred to, offered as evidence, or received in evidence in any pending or future civil, criminal, arbitration, or administrative action or proceeding, except in a proceeding to enforce this Stipulation, to defend against the assertion of the Released Claims, or as otherwise required by law.

AGREED and entered into on this 17th day of May, 2010.

HAGENS BERMAN SOBOL SHAPIRO LLP

_/s/ Steve Berman_

Steve Berman
1918 Eighth Avenue, Suite 3300
Seattle, Washington 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594

Attorneys for Lead Plaintiffs YieldPlus Investor Group

MORRISON & FOERSTER LLP

_/s/ Darryl P. Rains_ by permission

Darryl P. Rains
755 Page Mill Road
Palo Alto, California 94304
Telephone: (650) 813-5600
Facsimile: (650) 494-0792

Attorneys for Defendants The Charles Schwab Corporation, Charles Schwab & Co., Inc., Charles Schwab Investment Management, Inc., Schwab Investments, Charles R. Schwab, Evelyn Dilsaver, Randall W. Merk, George Pereira, Matthew Hastings, Mariann Byerwalter, Donald F. Dorward, William A. Hasler, Robert G. Holmes, Gerald B. Smith, Donald R. Stephens, and Michael W. Wilsey

COVINGTON & BURLING LLP

_/s/ David B. Bayless_ by permission

David B. Bayless
One Front Street
San Francisco, California 94111
Telephone: (415) 591-6000
Facsimile: (415) 591-6091

Attorneys for Defendant Kimon Daifotis