Reed R. Kathrein (139304)
Peter E. Borkon (212596)
HAGENS BERMAN SOBOL SHAPIRO LLP
715 Hearst Avenue, Suite 202
Berkeley, CA 94710
Telephone: (510) 725-3000
Facsimile: (510) 725-3001
reed@hbsslaw.com
peterb@hbsslaw.com

Steve W. Berman (*Pro Hac Vice*)
Sean R. Matt (*Pro Hac Vice*)
Erin K. Flory (*Pro Hac Vice*)
Lisa M. Hasselman (*Pro Hac Vice*)
Robert F. Lopez (*Pro Hac Vice*)
HAGENS BERMAN SOBOL SHAPIRO LLP
1918 Eighth Avenue, Suite 3300
Seattle, Washington 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594
steve@hbsslaw.com
sean@hbsslaw.com
erin@hbsslaw.com
lisah@hbsslaw.com
robl@hbsslaw.com

*Attorneys for the California Class Representative and the California Class*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE CHARLES SCHWAB CORP. SECURITIES LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>All Actions | No. 08-cv-01510 WHA<br><br>[PROPOSED] ORDER PRELIMINARILY APPROVING CALIFORNIA CLASS SETTLEMENT AND PROVIDING FOR NOTICE<br><br>EXHIBIT A<br><br>Date Action Filed: March 18, 2008 |

[PROPOSED] ORDER PRELIMINARILY APPROVING
SETTLEMENT & PROVIDING FOR NOTICE - 08-cv-01510 WHA

010036-12 369072 V1

1    WHEREAS, a consolidated class action is pending before the Court entitled *In re Charles*

2    *Schwab Corporation Securities Litigation*, No. C 08-01510 WHA (the "California Section 17200

3    Litigation");

4    WHEREAS, the Court has received the Unopposed Motion for Preliminary Approval of the

5    California Class Settlement and Stipulation of Settlement dated May 14, 2010 (the "Stipulation"),

6    that has been entered into by the California Class Representative Plaintiff and Defendants, and the

7    Court has reviewed the Stipulation and its attached Exhibits;

8    WHEREAS, the California Class Representative having made an Unopposed Motion for

9    Preliminary Approval of the Settlement, pursuant to Federal Rule of Civil Procedure 23(e), for an

10   order preliminarily approving the settlement of this California Section 17200 Litigation , in

11   accordance with the Stipulation which, together with the Exhibits annexed thereto sets forth the

12   terms and conditions for a proposed settlement of the California Section 17200 Litigation  and for

13   dismissal of the California Section 17200 Litigation  with prejudice upon the terms and conditions

14   set forth therein; and the Court having read and considered the Stipulation and the Exhibits

15   annexed thereto; and

16   WHEREAS all defined terms contained herein shall have the same meanings as set forth in

17   the Stipulation;

18   NOW, THEREFORE, IT IS HEREBY ORDERED:

19   1.    The Court does hereby preliminarily approve the Stipulation and the settlement set

20   forth therein, subject to further consideration at the Settlement Hearing described below.

21   2.    A hearing (the "Settlement Hearing") shall be held before this Court on September

22   22, 2010, at 3:30 p.m., at the United States Courthouse, 450 Golden Gate Avenue, San Francisco,

23   California, to determine whether the proposed settlement of the California Section 17200 Litigation

24   on the terms and conditions provided for in the Stipulation is fair, reasonable and adequate to the

25   California Class and should be approved by the Court; whether a Judgment as provided in ¶ 1.11 of

26   the Stipulation should be entered herein; whether the proposed Plan of Allocation should be

27   approved; and to determine the amount of fees and expenses that should be awarded to Lead

28

1  Counsel.  The Court may adjourn the Settlement Hearing without further notice to California Class
2  Members.

3        3.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court previously
4  certified, and confirms the following class:  all persons or entities who resided in California and
5  held shares in the Fund on September 1, 2006.  The California Class excludes Defendants,
6  members of their immediate families and their legal representatives, heirs, successors or assigns
7  and any entity in which Defendants have or had a controlling interest.  Also excluded from the
8  California Class are those Persons identified in Exhibit C to the Stipulation who timely and validly
9  requested exclusion from the California Class on or before December 28, 2009; and those Persons
10 identified in Exhibit D to the Stipulation who (i) the Settling Parties have stipulated to allow to be
11 excluded from the California Class, (ii) have arbitrated to decision any of the Released Claims
12 against any of the Defendants or any of the Released Persons, and/or (iii) who previously settled
13 any of the Released Claims with any of the Defendants or any of the Released Persons.  Exhibits C
14 and D may be corrected, amended, or supplemented before final approval of the Settlement.

15       4.      The Court finds that the notice that has been given to date to the California Class
16 and their Members met the requirements of Federal Rule of Civil Procedure 23 and due process,
17 and was the best notice practicable under the circumstances and constituted due and sufficient
18 notice to all Persons entitled thereto.  No party is required to provide new or additional notice to
19 the California Class, or any of their Members, except as required by this Order Preliminarily
20 Approving California Class Settlement and Providing for Notice.

21       5.      The Court approves, as to form and content, the Notice of Pendency and Proposed
22 Settlement of California Class Action (the "Notice"), and Summary Notice for publication annexed
23 as Exhibits A-1 and A-2 hereto, and finds that the mailing and distribution of the Notice and
24 publishing of the Summary Notice meet the requirements of Federal Rule of Civil Procedure 23
25 and due process, and is the best notice practicable under the circumstances and shall constitute due
26 and sufficient notice to all Persons entitled thereto.  In addition, the Settlement Administrator shall
27 email the Notice to those California Class Members who have notified Schwab that they wish to
28 receive regulatory filings by e-mail.

5. Pursuant to Rule 53(c) of the Federal Rules of Civil Procedure, the Court appoints Gilardi & Co. LLC ("Settlement Administrator") to supervise and administer the notice procedure as well as the distribution of the Settlement Fund and Net Settlement Fund as more fully set forth below:

(a) Not later than June 25, 2010 (the "Notice Date"), Lead Counsel shall cause a copy of the Notice, substantially in the form annexed as Exhibit A-1 hereto, to be mailed by first class mail to all California Class Members who can be identified with reasonable effort;

(b) Not later than June 25, 2010, Lead Counsel shall cause the Summary Notice to be published once in *Investor's Business Daily*, and any other regional newspaper as is deemed appropriate; and

(c) Not later than June 25, 2010, the Settlement Administrator shall email the Notice to those California Class Members who have notified Schwab that they wish to receive regulatory filings by e-mail;

(d) At least seven (7) calendar days prior to the Settlement Hearing, Lead Counsel shall cause to be served on Defendants' counsel and filed with the Court proof, by affidavit or declaration, of such mailing and publishing.

(e) With the mailed or emailed Notice, the Settlement Administrator shall send a Record of Fund Transactions and Estimate of Settlement Payment, pursuant to ¶ 4.3 of the Stipulation.

(f) Not later than July 25, 2010, Lead Counsel shall file with the Court papers in support of the Settlement and their request for an award of attorneys' fees and expenses and post same on Lead Counsel's website.

(g) Not later than September 15, 2010, Lead Counsel shall file with the Court reply papers in support of the Settlement and their request for an award of attorneys' fees and expenses and post same on Lead Counsel's website.

6. Any Member of the California Class may appear at the Settlement Hearing and show cause, if he, she or it has any reason why the proposed settlement of the California Section 17200 Litigation should or should not be approved as fair, reasonable and adequate, why a

judgment should or should not be entered thereon, or why attorneys' fees and expenses should or should not be awarded to Lead Counsel; provided, however, that no California Class Member or any other Person shall be heard or entitled to contest the approval of the terms and conditions of the proposed settlement, or, if approved, the Judgment to be entered thereon approving the same, or the order approving the Plan of Allocation, or the attorneys' fees and expenses to be awarded to Lead Counsel, unless that Person has delivered by hand or sent by first class mail written objections and copies of any papers and briefs such that they are received on or before August 24, 2010, by: Hagens Berman Sobol & Shapiro LLP, Steve W. Berman, 1301 Fifth Avenue, Suite 2900, Seattle, Washington 98101; and Morrison & Foerster LLP, Darryl P. Rains, 755 Page Mill Road, Palo Alto, California 94304, and filed said objections, papers and briefs with the Clerk of the United States District Court for the Northern District of California, on or before August 24, 2010. Any Member of the California Class who does not make his, her or its objection in the manner provided shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness or adequacy of the proposed settlement as set forth in the Stipulation, to the Plan of Allocation, or to the award of attorneys' fees and expenses to Lead Counsel, unless otherwise ordered by the Court.

7. All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

8. Neither the Defendants nor their Related Parties shall have any responsibility for or liability with respect to the Plan of Allocation or any application for attorneys' fees or reimbursement of expenses submitted by Lead Counsel, and such matters will be considered separately from the fairness, reasonableness and adequacy of the settlement.

9. At or after the Settlement Hearing, the Court shall determine whether Settlement and any application for attorneys' fees or reimbursement of expenses shall be approved.

10. All reasonable expenses incurred in identifying and notifying California Class Members, as well as administering the Settlement Fund, shall be paid as set forth in the Stipulation. In the event the settlement is not approved by the Court, or otherwise fails to become effective,

1  neither the California Class Representative nor Lead Counsel shall have any obligation to repay

2  any amounts actually and properly disbursed from the Class Notice and Administration Fund.

3  11. Neither the Stipulation, nor any of its terms or provisions, nor any of the

4  negotiations or proceedings connected with it, shall be construed as an admission or concession by

5  Defendants, their Related Parties, or the Released Persons of the truth of any of the allegations in

6  the California Section 17200, or of any liability, fault, or wrongdoing of any kind and shall not be

7  construed as, or deemed to be evidence of or an admission or concession that California Class

8  Representative or any California Class Members have suffered any damages, harm, or loss.

9  12. In the event that the settlement does not become effective in accordance with the

10  terms of the Stipulation or the Effective Date does not occur, or in the event that the Settlement

11  Fund, or any portion thereof, is returned to the Defendants, then this Order shall be rendered null

12  and void to the extent provided by and in accordance with the Stipulation and shall be vacated and,

13  in such event, all orders entered and releases delivered in connection herewith shall be null and

14  void to the extent provided by and in accordance with the Stipulation.

15  13. The Court reserves the right to adjourn the date of the Settlement Hearing without

16  further notice to the Members of the California Class, and retains jurisdiction to consider all further

17  applications arising out of or connected with the proposed Settlement.  The Court may approve the

18  settlement, with such modifications as may be agreed to by the Settling Parties, if appropriate,

19  without further notice to the California Class.

DATED: May 26, 2010.



THE HONORABLE WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

[PROPOSED] ORDER PRELIMINARILY APPROVING
SETTLEMENT & PROVIDING FOR NOTICE - 08-cv-01510 WHA       - 6 -
010036-12 369072 V1

1   Submitted by:

2   HAGENS BERMAN SOBOL SHAPIRO LLP

3

4   By      s/ Steve W. Berman
              Steve W. Berman
5   1301 Fifth Avenue, Suite 2900
    Seattle, Washington  98101
6   Telephone: (206) 623-7292
    Facsimile: (206) 623-0594
7   steve@hbsslaw.com

8

9   Counsel for California Class Representative and
    the California Class

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

[PROPOSED] ORDER PRELIMINARILY APPROVING
SETTLEMENT & PROVIDING FOR NOTICE - 08-cv-01510 WHA    - 7 -
010036-12  369072 V1