IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

IN RE:

CHARLES SCHWAB CORPORATION SECURITIES LITIGATION.

This Document Relates
To All Cases.
_____/

No. C 08-01510 WHA

**ORDER DENYING ALVIN AND LINDA COPPERSMITH'S UNTIMELY REQUEST TO OPT OUT OF THE CLASS**

This order addresses the motion filed by class members Alvin and Linda Coppersmith seeking permission to opt out of the class after the applicable deadline (Dkt. No. 785).

The standard for determining whether a class member should be allowed to opt out of a class action after the applicable exclusion deadline has passed is whether the class member's failure to meet the deadline is the result of "excusable neglect." *See Silber v. Mabon*, 18 F.3d 1449, 1454-55 (9th Cir.1994). This standard allows courts, "where appropriate, to accept late filings caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control." *Pioneer Inv. Serv. Co. v. Brunswick Assoc. Ltd. P'ship*, 507 U.S. 380, 388 (1993). When evaluating whether "excusable neglect" applies, the Ninth Circuit instructs courts to consider the "degree of compliance with the best practicable notice procedures; when notice was actually received and if not timely received, why not; what caused the delay, and whose responsibility was it; how quickly the belated opt out request was made once notice was received; how many class members want to opt out; and whether allowing a belated opt out would

affect either the settlement or finality of the judgment." *Silber*, 18 F.3d at 1455 (internal footnote omitted). Additionally, the court should consider the danger of prejudice to the opposing party, and whether the movant acted in good faith. *Pioneer*, 507 U.S. at 395.

This order finds that the facts and circumstances underlying this request do *not* support a finding of excusable neglect under Ninth Circuit law. *First*, the Coppersmiths admit receiving the class action notice at their residence (Coppersmith Decl. ¶ 2). In other words, the notice was not returned to the claims administrator as "undeliverable." The only excuse provided by the movants for not reading the notice is that the notice had been relegated to a pile of "junk mail" (*ibid.*). It was only after the Coppersmiths went through the "junk mail" pile in February 2010 that they learned of the December 2009 opt-out deadline. *Second*, while the Coppersmiths started proceedings against defendant Schwab with FINRA in October 2009, the instigation of such proceedings does not serve as a substitute to the opt-out procedures set forth under the Federal Rules (*id.* at ¶ 1). *Third*, this opt-out request comes on the eve of preliminary approval of a 200 million dollar class-wide settlement. Even if the motion has been brought in good faith, there is no question that granting such a late opt-out request would be prejudicial to defendant Schwab, since the settlement was negotiated with the current class membership in mind.

After considering all the factors that underlie the determination of excusable neglect, this order finds that excusable neglect has not been shown with respect to the Coppersmiths. For these reasons, the instant motion must be **DENIED**.

**IT IS SO ORDERED.**

Dated: May 26, 2010.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

2