IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE:<br><br>CHARLES SCHWAB CORPORATION<br>SECURITIES LITIGATION.<br><br>This Document Relates<br>      To All Cases.<br>                                      / | No. C 08-01510 WHA<br><br>**ORDER GRANTING IN PART<br>AND DENYING IN PART MAUER<br>& ASSOCIATES' MOTION FOR<br>LATE EXCLUSION** |

       This order addresses the motion filed by investment advisor Mauer & Associates Capital Management, Inc. ("MACM") on behalf of its clients, class members Gregory Peay, Julia Peay, Donna D. Bischoff (individually and on behalf of her late husband, Robert D. Bischoff, and The Wynona Dodge Trust), April A. Wright, and Aspen Grove Townhome Association seeking permission to opt out of the class after the applicable deadline (Dkt. No. 776).

       The standard for determining whether a class member should be allowed to opt out of a class action after the applicable exclusion deadline has passed is whether the class member's failure to meet the deadline is the result of "excusable neglect." *See Silber v. Mabon*, 18 F.3d 1449, 1454-55 (9th Cir.1994). This standard allows courts, "where appropriate, to accept late filings caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control." *Pioneer Inv. Serv. Co. v. Brunswick Assoc. Ltd. P'ship*, 507 U.S. 380, 388 (1993). When evaluating whether "excusable neglect" applies, the Ninth Circuit instructs courts to consider the "degree of compliance with the best practicable notice procedures;

when notice was actually received and if not timely received, why not; what caused the delay, and whose responsibility was it; how quickly the belated opt out request was made once notice was received; how many class members want to opt out; and whether allowing a belated opt out would affect either the settlement or finality of the judgment." *Silber*, 18 F.3d at 1455 (internal footnote omitted). Additionally, the court should consider the danger of prejudice to the opposing party, and whether the movant acted in good faith. *Pioneer*, 507 U.S. at 395.

### 1.   TIMELY OPT-OUT REQUESTS & ALREADY-EXCLUDED CLAIMANTS

Counsel from both sides agree that class member Aspen Grove Townhome Association was already excluded from the class on May 7, 2010 (Dkt. No. 756). Indeed, Aspen Grove Townhome Association is on the list of class members where mailed notices were returned "undeliverable" and no new mailing addresses could be located (*see* Dkt. No. 751-1). As such, the motion with respect to Aspen Grove Townhome Association has already been decided.

Counsel has also informed the Court that class member The Wynona Dodge Trust actually filed a *timely* exclusion request, which was submitted by Cache Bank and Trust on its behalf (Dkt. No. 806). As such, The Wynona Dodge Trust does *not* need to prove excusable neglect — it will simply be deemed opted out by this order.

### 2.   UNTIMELY OPT-OUT REQUESTS

As to the remaining class members, this order reaches different conclusions as to the various claimants. With respect to class members Gregory Peay and Julia Peay, this order finds that the facts and circumstances underlying their request do *not* support a finding of excusable neglect under Ninth Circuit law. These class members do not deny that they received actual notice of the instant action and the opt-out deadline of December 28, 2009 (Br. at 3–5). Rather, they claim that they "mailed their request for exclusion in December 2009" but "did not keep a copy of their letter requesting exclusion and do not know the exact date of its mailing (*id.* at 4; *see also* Peay Affidavit). This lack of specificity, however, prevents the Court from giving any meaningful weight to their argument. Suppose, for example, that the Peays mailed their exclusion request by first-class mail on December 23 — five days before the opt-out deadline. This would *not* support a finding of excusable neglect, because it would be unreasonable for the class

2

members to believe that the request would reach the claims administrator by December 28. The undersigned has no way of knowing *when* the mailing was made, and this information is critical to the instant analysis.

While the undersigned believes that the request by the Peays was brought in good faith, if such an imprecise excuse was deemed legally sufficient to warrant exclusion, a landslide of similar untimely opt-out requests would likely follow. The prejudice to Schwab that would result from granting such requests — especially on the heels of preliminary approval of a $200 million settlement — would be tremendous, since the settlement was negotiated with a stable class membership in mind.

With respect to class members Donna D. Bischoff (individually and on behalf of her late husband, Robert D. Bischoff) and April A. Wright, however, both class members included with their affidavits specific mailing dates that their exclusion requests were sent. Additionally, these class members provided copies of their respective exclusion letters (corroborating their sworn statements as to the dates of mailing). Other indicia of reliability — such as the fact that MACM provided form letters for its investors to seek exclusion from the class and the letters provided by these class members appeared to be such form letters — bolster the veracity of their arguments. Ms. Bischoff mailed her exclusion letter via first-class mail (for both herself and her late husband) on December 17 (*see* Bischoff Affidavit). Ms. Wright mailed her exclusion letter via first-class mail on December 16 (*see* Wright Affidavit). Both letters were addressed properly to the claims administrator.

While it may be true that these letters could (or should) have been mailed earlier, the undersigned must formulate, based on the particular circumstances underlying each individual request, whether it was reasonable for the class members to expect — given the holiday season — that their letters would reach the claims administrator by the December 28 deadline. The undersigned believes, under these circumstances, that these two exclusion requests fall just within the realm of reasonableness. A key factor underlying this finding is the fact that the instant motion was timely filed before the court-ordered May 14th deadline for filing late exclusion

3

motions. Had this request been made *after* May 14th, excusable neglect would likely not have been found.

* * *

For the reasons set forth above, the motion for late exclusion brought by class members Aspen Grove Townhome Association, The Wynona Dodge Trust, Donna D. Bischoff (individually and on behalf of her late husband, Robert D. Bischoff), and April A. Wright is **GRANTED**. The motion for late exclusion brought by class members Gregory Peay and Julia Peay, however, is **DENIED**.

**IT IS SO ORDERED.**

Dated: May 27, 2010.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

4