1

2

3

4

5

6                             IN THE UNITED STATES DISTRICT COURT

7

8                          FOR THE NORTHERN DISTRICT OF CALIFORNIA

9

10

IN RE:                                                No. C 08-01510 WHA

11

CHARLES SCHWAB CORPORATION
12   SECURITIES LITIGATION.

13          This Document Relates                       **ORDER GRANTING MOTION**
                   To All Cases.                        **FOR LATE EXCLUSION BY**
14                                                       **CLASS MEMBERS BECKMANN,**
                                                        **FOX-MCMANUS, HOLMES,**
                                              /          **AND SILVER**
15

16          This order addresses the motion filed by class members Martin J. Beckmann, Lisa Fox-

17   McManus, Gary Holmes, and Shiela F. Silver seeking permission to opt out of the class after the

18   applicable deadline (Dkt. No. 764).  Schwab does *not* oppose this motion (Dkt. No. 806).

19          The standard for determining whether a class member should be allowed to opt out of a

20   class action after the applicable exclusion deadline has passed is whether the class member's

21   failure to meet the deadline is the result of "excusable neglect."  *See Silber v. Mabon*, 18 F.3d

22   1449, 1454-55 (9th Cir.1994).  This standard allows courts, "where appropriate, to accept late

23   filings caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances

24   beyond the party's control."  *Pioneer Inv. Serv. Co. v. Brunswick Assoc. Ltd. P'ship*, 507 U.S.

25   380, 388 (1993).  When evaluating whether "excusable neglect" applies, the Ninth Circuit

26   instructs courts to consider the "degree of compliance with the best practicable notice procedures;

27   when notice was actually received and if not timely received, why not; what caused the delay, and

28   whose responsibility was it; how quickly the belated opt out request was made once notice was

**United States District Court**
For the Northern District of California

**United States District Court**

For the Northern District of California

1   received; how many class members want to opt out; and whether allowing a belated opt out would

2   affect either the settlement or finality of the judgment." *Silber*, 18 F.3d at 1455 (internal footnote

3   omitted).  Additionally, the court should consider the danger of prejudice to the opposing party,

4   and whether the movant acted in good faith. *Pioneer*, 507 U.S. at 395.

5       The unique facts and circumstances underlying this request support a finding of excusable

6   neglect.  Movants are all clients of Hudson Valley Investment Advisors ("HVIA"), an investment

7   advisory firm that purchased Schwab YieldPlus funds on behalf of its many clients.  Class

8   members Beckmann, Fox-McManus, Holmes, and Silver all assigned their claims to HVIA for an

9   arbitration matter filed by HVIA against Schwab in November 2009 (Br. 2; Exhs. A–D).  As part

10  of the normal course of the arbitration proceedings, HVIA provided Schwab with a list of all of

11  the assigned claims, which included class members Beckmann, Fox-McManus, Holmes, and

12  Silver (*id.* at 2; Exh. E).  On December 21, 2009, HVIA sent a letter to the claims administrator

13  for the instant action informing the administrator that HVIA and its investors in the Schwab

14  YieldPlus funds intended to opt out of the class (*id.* at 2; Exh. F).  Accompanying the letter was a

15  list that *should have* contained all of HVIA's investors as well as copies of all of their assignment

16  letters.  The names of class members Beckmann, Fox-McManus, Holmes, and Silver were

17  inadvertently excluded from the list of investors.  Their assignment letters, however, *were*

18  properly included with the letter sent to the claims administrator (*ibid.*).

19      Given this administrative mix-up, Schwab has notified the Court that it does not oppose

20  the instant motion filed by class members Beckmann, Fox-McManus, Holmes, and Silver seeking

21  late exclusion from the class (Dkt. No. 806).  This fact is important, because it indicates that

22  Schwab is waiving any argument as to prejudice (at least as to these class members) that might

23  otherwise have tilted the excusable neglect analysis in its favor.

24      Given Schwab's statement of non-opposition, and considering the circumstances

25  explained above, the factors underlying the determination of excusable neglect support granting

26  the instant motion.  The facts clearly show that the letter sent to the claims administrator on

27  December 21 *did* include information — specifically assignment letters — pertaining to class

28  members Beckmann, Fox-McManus, Holmes, and Silver.  For whatever reason, their names were

left off of the separate list of investors that accompanied the assignment letters, which the claims

administrator apparently used to determine who had opted out.  These unique circumstances

weigh in favor of allowing these class members to opt out.

As such, the motion for late exclusion brought by class members Beckmann, Fox-

McManus, Holmes, and Silver is **GRANTED**.

**IT IS SO ORDERED.**

Dated: May 27, 2010.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

United States District Court

For the Northern District of California

3