IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE:<br><br>CHARLES SCHWAB CORPORATION<br>SECURITIES LITIGATION.<br><br>This Document Relates<br>      To All Cases.<br>_____ / | No. C 08-01510 WHA<br><br>**ORDER GRANTING IN PART<br>AND DENYING IN PART<br>MOTION FOR LATE<br>EXCLUSION** |

        This order addresses the motion filed by class members Mark Connolly, Steven Rees, Ray Chezik, Lisa Schaefer, Rodney E. Thompson, Suzanna Thompson, Arthur Froot, Roger Fross, Arthur Whiteway, Paul Willey, Diane Willey, Richard Jones, and Zhihua Sui seeking permission to opt out of the class after the applicable deadline (Dkt. No. 767).

        The standard for determining whether a class member should be allowed to opt out of a class action after the applicable exclusion deadline has passed is whether the class member's failure to meet the deadline is the result of "excusable neglect." *See Silber v. Mabon*, 18 F.3d 1449, 1454-55 (9th Cir.1994). This standard allows courts, "where appropriate, to accept late filings caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control." *Pioneer Inv. Serv. Co. v. Brunswick Assoc. Ltd. P'ship*, 507 U.S. 380, 388 (1993). When evaluating whether "excusable neglect" applies, the Ninth Circuit instructs courts to consider the "degree of compliance with the best practicable notice procedures; when notice was actually received and if not timely received, why not; what caused the delay, and whose responsibility was it; how quickly the belated opt out request was made once notice was

1  received; how many class members want to opt out; and whether allowing a belated opt out would
2  affect either the settlement or finality of the judgment." *Silber*, 18 F.3d at 1455 (internal footnote
3  omitted). Additionally, the court should consider the danger of prejudice to the opposing party,
4  and whether the movant acted in good faith. *Pioneer*, 507 U.S. at 395.

### 1. TIMELY OPT-OUT REQUESTS

Counsel from both sides agree that class members Mark Connolly, Steven Rees, Ray Chezik, Lisa Schaefer, Rodney E. Thompson, and Suzanna Thompson actually filed *timely* exclusion requests (Dkt. Nos. 806 and 807). As such, they do not need to prove excusable neglect — they will simply be deemed opted out by this order.

### 2. UNTIMELY OPT-OUT REQUESTS

As to the remaining class members, this order finds that the facts and circumstances underlying their request do *not* support a finding of excusable neglect under Ninth Circuit law. *First*, only two of these class members — Richard Jones and Zhihua Sui — claim to have not received notice of the class action (Br. 4). The remaining class members — Arthur Froot, Roger Fross, Arthur Whiteway, Paul Willey, and Diane Willey — do not deny that they received actual notice of the instant action and the opt-out deadline of December 28, 2009 (*see id.* at 3–4). Nevertheless, according to the claims administrator, the notices that were mailed to these class members were not returned as "undeliverable" (*see* Dkt. No. 751-1, listing all class members where notices were returned "undeliverable" and where new addresses could not be found). In other words, constitutionally sufficient notice was provided to Mr. Jones and Mr. Sui, even though they claim to have not received it. This weighs against a finding of excusable neglect.

*Second*, the Court rejects the argument that filing a FINRA claim prior to December 28 should be treated as a sufficient substitute for properly opting out of the class. If such a rule was allowed, class members could file FINRA claims, not submit an opt-out request, wait and see how a class action played out, and then — if a settlement or judgment was reached that was not to their liking — argue that their FINRA claims should allow them to proceed on their own. If, of course, the settlement or judgment was immensely favorable to the class, those same class members

wouldn't say a word. They would reap the benefits of the class action and abandon their FINRA claims. This would not be proper, and such a rule would be highly prejudicial to defendants.

Under the factors that govern the determination of excusable neglect, this order finds that the reasons set forth by class members Arthur Froot, Roger Fross, Arthur Whiteway, Paul Willey, Diane Willey, Richard Jones, and Zhihua Sui are insufficient to show excusable neglect. If such excuses were deemed legally sufficient to warrant exclusion, a landslide of similar untimely opt-out requests would likely follow. The prejudice to Schwab that would result from granting such requests — especially on the heels of preliminary approval of a $200 million settlement — would be tremendous, since the settlement was negotiated with a stable class membership in mind.

*       *       *

For the reasons set forth above, the motion for late exclusion brought by class members Mark Connolly, Steven Rees, Ray Chezik, Lisa Schaefer, Rodney E. Thompson, and Suzanna Thompson is **GRANTED**. The motion for late exclusion brought by class members Arthur Froot, Roger Fross, Arthur Whiteway, Paul Willey, Diane Willey, Richard Jones, and Zhihua Sui, however, is **DENIED**.

**IT IS SO ORDERED.**

Dated: May 27, 2010.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

3