1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

IN RE:                                                    No. C 08-01510 WHA

CHARLES SCHWAB CORPORATION
SECURITIES LITIGATION.
                                                         **ORDER DENYING THE**
    This Document Relates                                **OKAZAKI FAMILY'S**
        To All Cases.                                    **UNTIMELY REQUEST TO**
                                                         **OPT OUT OF THE CLASS**
_____/

        This order addresses the motion filed by class members Roxanne Okazaki, David

Okazaki, and Henry Dement — collectively the Okazaki family — seeking permission to opt out

of the class after the applicable deadline (Dkt. No. 760).

        The standard for determining whether a class member should be allowed to opt out of a

class action after the applicable exclusion deadline has passed is whether the class member's

failure to meet the deadline is the result of "excusable neglect." *See Silber v. Mabon*, 18 F.3d

1449, 1454-55 (9th Cir.1994).  This standard allows courts, "where appropriate, to accept late

filings caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances

beyond the party's control."  *Pioneer Inv. Serv. Co. v. Brunswick Assoc. Ltd. P'ship*, 507 U.S.

380, 388 (1993).  When evaluating whether "excusable neglect" applies, the Ninth Circuit

instructs courts to consider the "degree of compliance with the best practicable notice procedures;

when notice was actually received and if not timely received, why not; what caused the delay, and

whose responsibility was it; how quickly the belated opt out request was made once notice was

received; how many class members want to opt out; and whether allowing a belated opt out would affect either the settlement or finality of the judgment." *Silber*, 18 F.3d at 1455 (internal footnote omitted). Additionally, the court should consider the danger of prejudice to the opposing party, and whether the movant acted in good faith. *Pioneer*, 507 U.S. at 395.

Having considered all the applicable factors set forth above, this order finds that the facts and circumstances underlying this request do *not* support a finding of excusable neglect. *First*, it is clear from the instant motion that the Okazaki family had actual notice of the class action and the opt-out deadline, since the heart of their request concerns their misunderstanding that all requests to opt-out had to be *received* by the claims administrator (and not simply postmarked, as the Okazaki family had believed) by December 28, 2009 (Br. 2). The fact that the Okazaki family had actual notice of this action weighs against a finding of excusable neglect. *Second*, there is no dispute that the class action notice clearly stated that opt-out requests had to be *received* by the claims administrator by December 28. While it was likely an honest mistake, the reason why the Okazaki family failed to timely opt-out was because they misread the class action notice.

Under the factors that govern the determination of excusable neglect, this order finds that the reasons set forth by the Okazaki family are legally insufficient to show excusable neglect. If such excuses were deemed sufficient to warrant exclusion, a landslide of similar untimely opt-out requests would likely follow. The prejudice to Schwab that would result from the granting of such requests — especially on the heels of preliminary approval of a $200 million settlement — would be tremendous, since the settlement was negotiated with a stable class membership in mind. The reasons stated in the instant motion are insufficient to overcome this prejudice, and do not amount to excusable neglect under the circumstances.

For these reasons, even if it was brought in good faith, the motion must be **DENIED**.

**IT IS SO ORDERED.**

Dated: May 27, 2010.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

2