United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE:<br><br>CHARLES SCHWAB CORPORATION SECURITIES LITIGATION.<br><br>This Document Relates<br>To All Cases.<br>_____/ | No. C 08-01510 WHA<br><br>**ORDER DENYING TIMOTHY L. GARCIA AND NANCY R. LONG'S UNTIMELY REQUEST TO OPT OUT OF THE CLASS** |

This order addresses the motion filed by class members Timothy L. Garcia and Nancy R. Long seeking permission to opt out of the class after the applicable deadline (Dkt. No. 777).

The standard for determining whether a class member should be allowed to opt out of a class action after the applicable exclusion deadline has passed is whether the class member's failure to meet the deadline is the result of "excusable neglect." *See Silber v. Mabon*, 18 F.3d 1449, 1454-55 (9th Cir.1994). This standard allows courts, "where appropriate, to accept late filings caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control." *Pioneer Inv. Serv. Co. v. Brunswick Assoc. Ltd. P'ship*, 507 U.S. 380, 388 (1993). When evaluating whether "excusable neglect" applies, the Ninth Circuit instructs courts to consider the "degree of compliance with the best practicable notice procedures; when notice was actually received and if not timely received, why not; what caused the delay, and whose responsibility was it; how quickly the belated opt out request was made once notice was received; how many class members want to opt out; and whether allowing a belated opt out would

affect either the settlement or finality of the judgment." *Silber*, 18 F.3d at 1455 (internal footnote omitted). Additionally, the court should consider the danger of prejudice to the opposing party, and whether the movant acted in good faith. *Pioneer*, 507 U.S. at 395.

This order finds that the facts and circumstances underlying this request do *not* support a finding of excusable neglect under Ninth Circuit law. *First*, it is clear from the motion that class members Garcia and Long had actual notice of the class action as well as the December 28 opt-out deadline. Indeed, they freely admit that they received the class certification notice and were aware of the obligation to opt out (if they so desired) (Br. 2). *Second*, the only excuse provided by movants is that "[t]he compressed time frame [caused by their filing separate claims against Schwab] and the 2009 holiday season caused Movants to send their Written Request For Exclusion From Class Action Lawsuit to the Notice Administrator very close to the deadline established by the Court" (Br. 3). Since the class action notice clearly stated that opt-out requests had to be *received* by the stated deadline, this delay by class members Garcia and Long resulted in their opt-out request being untimely.

Under the factors that govern the determination of excusable neglect, this order finds that the reasons set forth by class members Garcia and Long are insufficient to show excusable neglect. If such excuses were deemed legally sufficient to warrant exclusion, a landslide of similar untimely opt-out requests would likely follow. The prejudice to Schwab that would result from granting such requests — especially on the eve of preliminary approval of a $200 million settlement — would be tremendous, since the settlement was negotiated with a stable class membership in mind. The reasons stated in the instant motion are insufficient to overcome this prejudice, and do not amount to excusable neglect under these circumstances.

For these reasons, the motion must be **DENIED**.

**IT IS SO ORDERED.**

Dated: May 26, 2010.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

2