United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

IN RE:

CHARLES SCHWAB CORPORATION
SECURITIES LITIGATION.

This Document Relates
   To All Cases.
                                                            /

No. C 08-01510 WHA

**ORDER DENYING THOMAS
CHOWATTUKUNNEL'S
REQUEST TO OPT OUT
OF THE CLASS**

This order addresses the motion filed by class member Thomas Chowattukunnel seeking permission to opt out of the class after the applicable deadline (Dkt. No. 717). Defendants filed an opposition brief and class member Chowattununnel filed a brief in reply (Dkt. Nos. 736, 741).

Based upon a review of the submissions by both sides, the following facts regarding Mr. Chowattukunnel's request are clear: On October 12, 2009, notice by first-class mail was sent to all class members in this litigation, including Mr. Chowattukunnel (Fernandez Decl. ¶¶ 1, 3). The mailing address used by the claims administrator to send this notice matches the mailing address shown on Mr. Chowattukunnel's untimely opt-out letter (*see id.* at ¶ 3; Dkt. No. 717-1 at 2). Mr. Chowattukunnel's request to be excluded from the class was submitted to the claims administrator on January 7, 2010 (Br. 3). The opt-out deadline for class members was December 28, 2009.

Mr. Chowattukunnel does *not* deny that he received notice of this class action. Rather, his excuse for failing to opt out by December 28 is that "he was traveling in India" and had an "inability to communicate while traveling abroad" (Br. at 2). Additionally, Mr. Chowattukunnel

1  argues that because he filed a FINRA arbitration matter against Schwab on September 21, 2009,
2  this should be deemed as proof of his intent to opt out of the class and timely notice to Schwab of
3  his intention to opt out. It is apparent, however, that Mr. Chowattukunnel was well aware of his
4  responsibility to file an opt-out request. Indeed, while Mr. Chowattukunnel's opt-out letter was
5  submitted to the claims administrator on January 7, 2010, the letter was signed and dated by Mr.
6  Chowattukunnel *on November 25, 2009*, well over a month before the December 28 opt-out
7  deadline (Dkt. No. 717-1 at 2). In other words, despite an "inability to communicate while
8  traveling abroad," Mr. Chowattukunnel received actual notice of the opt-out deadline, prepared an
9  opt-out letter in November 2009, but failed to submit it by the December 28 deadline.

10  The standard for determining whether a class member should be allowed to opt out of a
11  class action after the applicable exclusion deadline has passed is whether the class member's
12  failure to meet the deadline is the result of "excusable neglect." *See Silber v. Mabon*, 18 F.3d
13  1449, 1454-55 (9th Cir.1994). This standard allows courts, "where appropriate, to accept late
14  filings caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances
15  beyond the party's control." *Pioneer Inv. Serv. Co. v. Brunswick Assoc. Ltd. P'ship*, 507 U.S.
16  380, 388 (1993). When evaluating whether "excusable neglect" applies, the Ninth Circuit
17  instructs courts to consider the "degree of compliance with the best practicable notice procedures;
18  when notice was actually received and if not timely received, why not; what caused the delay, and
19  whose responsibility was it; how quickly the belated opt out request was made once notice was
20  received; how many class members want to opt out; and whether allowing a belated opt out would
21  affect either the settlement or finality of the judgment." *Silber*, 18 F.3d at 1455 (internal footnote
22  omitted). Additionally, the court should consider the danger of prejudice to the opposing party,
23  and whether the movant acted in good faith. *Pioneer*, 507 U.S. at 395.

24  This order finds that the facts and circumstances underlying this request do *not* support a
25  finding of excusable neglect. *First*, the record shows that class member Chowattukunnel had
26  notice of the class action and was aware of the consequences of not opting out by the December
27  28 deadline. Indeed, he had already signed and dated his opt-out request a full month *before* the
28  December 28 deadline (Dkt. No. 717-1 at 2). Additionally, there is no indication or allegation

2

that Mr. Chowattukunnel failed to receive notice by first-class mail. By contrast, the evidence shows that he had received notice well before the opt-out deadline. *Second*, while it may be true that Mr. Chowattukunnel was overseas during this time, this does not excuse his failure to timely submit his opt-out request. Indeed, he had over a month to find some means to ensure that his opt-out request was received by the claims administrator by the December 28 deadline. Moreover, Mr. Chowattukunnel was somehow able to *receive* actual notice of the litigation, which seems to indicate that he was not entirely cut off from communicating with the outside world. *Third*, this opt-out request comes on the heels of preliminary approval of a 200 million dollar class-wide settlement. Even if the motion has been brought in good faith, there is no question that granting such a late opt-out request would be prejudicial to Schwab, since the settlement was negotiated with the current class membership in mind. Considering all the factors that underlie the determination of excusable neglect, this order finds that these factors weigh against a finding of excusable neglect with respect to class member Chowattukunnel.

For these reasons, class member Chowattukunnel's request to opt out of the class after the deadline has passed is **DENIED**.

**IT IS SO ORDERED.**

Dated: May 26, 2010.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

3