IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE:<br><br>CHARLES SCHWAB CORPORATION<br>SECURITIES LITIGATION.<br><br>This Document Relates<br>    To All Cases.<br>_____ / | No. C 08-01510 WHA<br><br>**ORDER GRANTING REQUEST<br>BY DAVID AND JOAN SHANNON<br>TO OPT OUT OF THE CLASS** |

      This order addresses the motion filed by class members David and Joan Shannon seeking permission to opt out of the class after the applicable deadline (Dkt. No. 753).

      The standard for determining whether a class member should be allowed to opt out of a class action after the applicable exclusion deadline has passed is whether the class member's failure to meet the deadline is the result of "excusable neglect." *See Silber v. Mabon*, 18 F.3d 1449, 1454-55 (9th Cir.1994). This standard allows courts, "where appropriate, to accept late filings caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control." *Pioneer Inv. Serv. Co. v. Brunswick Assoc. Ltd. P'ship*, 507 U.S. 380, 388 (1993). When evaluating whether "excusable neglect" applies, the Ninth Circuit instructs courts to consider the "degree of compliance with the best practicable notice procedures; when notice was actually received and if not timely received, why not; what caused the delay, and whose responsibility was it; how quickly the belated opt out request was made once notice was received; how many class members want to opt out; and whether allowing a belated opt out would

affect either the settlement or finality of the judgment." *Silber*, 18 F.3d at 1455 (internal footnote omitted). Additionally, the court should consider the danger of prejudice to the opposing party, and whether the movant acted in good faith. *Pioneer*, 507 U.S. at 395.

This order finds that the facts and circumstances underlying this request support a finding of excusable neglect. At the heart of the Shannons' motion is the fact — evidenced by a U.S. Postal Service "Track & Confirm" receipt (Shannon Decl. Exh. C) — that they mailed their opt-out request from Washington state by Priority Mail at approximately 10:00 A.M. on Monday, December 21, 2010. The package, however, failed to arrive in California until December 28, and was delivered to the claims administrator on December 29 — one day late (*ibid.*).

While it may be true that the Shannons could have mailed their opt-out request earlier, and that delays in the transport of mail — especially during the holiday season — should have been anticipated, the undersigned finds that the Shannons' mailing of their opt-out request by Priority Mail on the morning of December 21 falls within the bounds of excusable neglect. To be clear, this determination is based on a number of different factors unique to this motion. *First*, the clarity of the evidence provided by the Shannons in support of their motion — namely, the "Track & Confirm" receipt submitted with the Declaration of David Shannon — corroborates their story and illustrates the unexplained delay in the delivery of their mail. The Shannons did not simply state that they had mailed their opt-out request prior to the deadline and that it arrived late. Rather, they proved every last detail of the transaction for the Court's consideration. *Second*, while some delays in transport should have been expected due to the holiday season, the proximity between Washington and California makes it sufficiently reasonable for the Shannons to have believed that their opt-out request would have reached the claims administrator by December 28. Finally, it is clear — based upon the evidence provided by the class members — that the instant motion was brought in good faith, and that the Shannons had intended to exclude themselves from this litigation back in December 2009.

Under the factors that govern the determination of excusable neglect, this order finds that the reasons set forth by class members David and Joan Shannon are legally sufficient to demonstrate excusable neglect. For these reasons, their motion for late exclusion is **GRANTED**.

**IT IS SO ORDERED.**

Dated: May 27, 2010.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE