**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

IN RE:

CHARLES SCHWAB CORPORATION
SECURITIES LITIGATION.

This Document Relates
To All Cases.
_____/

No. C 08-01510 WHA

**ORDER GRANTING MOTION FOR LATE EXCLUSION BY CLASS MEMBERS OATHOUT, BURDICK, AND ARMSTRONG**

This order addresses the motion filed by class members Joan L. Burdick, Peggy A. Armstrong, and their late mother Helen M. Oathout seeking permission to opt out of the class after the applicable deadline (Dkt. No. 772). Schwab does *not* oppose this motion (Dkt. No. 806).

The standard for determining whether a class member should be allowed to opt out of a class action after the applicable exclusion deadline has passed is whether the class member's failure to meet the deadline is the result of "excusable neglect." *See Silber v. Mabon*, 18 F.3d 1449, 1454-55 (9th Cir.1994). This standard allows courts, "where appropriate, to accept late filings caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control." *Pioneer Inv. Serv. Co. v. Brunswick Assoc. Ltd. P'ship*, 507 U.S. 380, 388 (1993). When evaluating whether "excusable neglect" applies, the Ninth Circuit instructs courts to consider the "degree of compliance with the best practicable notice procedures; when notice was actually received and if not timely received, why not; what caused the delay, and whose responsibility was it; how quickly the belated opt out request was made once notice was

received; how many class members want to opt out; and whether allowing a belated opt out would affect either the settlement or finality of the judgment." *Silber*, 18 F.3d at 1455 (internal footnote omitted). Additionally, the court should consider the danger of prejudice to the opposing party, and whether the movant acted in good faith. *Pioneer*, 507 U.S. at 395.

While the issue is a close one, this order finds that the facts and circumstances underlying this request support a finding of excusable neglect under Ninth Circuit law. Class member Oathout passed away on December 15, 2009, after falling ill in late November (Burdick Affidavit ¶¶ 5–6). Class members Burdick and Armstrong, the daughters of Ms. Oathout, kept constant vigil at their mother's side during the time period leading up to Ms. Oathout's death (*id.* at ¶ 6). Thereafter, Ms. Burdick and Ms. Armstrong remained occupied with handling their mother's burial, memorial service, and finalizing her estate (*id.* at ¶ 7). While it is clear from the motion that movants received actual notice of the class action shortly before Ms. Oathout fell ill, movants concede that they simply forgot about the opt-out deadline due to these events that occurred in late 2009 (*id.* at ¶ 8).

While these facts alone might not have sufficed to justify the lengthy four-month delay in requesting late exclusion from the class, defendants have stated that they do *not* oppose this particular motion (Dkt. No. 806). This fact is important, because it indicates that Schwab is waiving any argument as to prejudice (at least as to these class members) that might otherwise have tilted the excusable neglect analysis in its favor.

Given Schwab's statement of non-opposition, the factors underlying the determination of excusable neglect support the granting of the instant motion. As such, the motion for late exclusion brought by class members Oathout, Burdick, and Armstrong is **GRANTED**.

**IT IS SO ORDERED.**

Dated: May 27, 2010.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

2