United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE:<br><br>CHARLES SCHWAB CORPORATION SECURITIES LITIGATION.<br><br>This Document Relates<br>To All Cases.<br>_____/ | No. C 08-01510 WHA<br><br>**ORDER DENYING H. MASON MORFIT'S UNTIMELY REQUEST TO OPT OUT OF THE CLASS** |

This order addresses the motion filed by class member H. Mason Morfit seeking permission to opt out of the class after the applicable deadline (Dkt. No. 777).

The standard for determining whether a class member should be allowed to opt out of a class action after the applicable exclusion deadline has passed is whether the class member's failure to meet the deadline is the result of "excusable neglect." *See Silber v. Mabon*, 18 F.3d 1449, 1454-55 (9th Cir.1994). This standard allows courts, "where appropriate, to accept late filings caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control." *Pioneer Inv. Serv. Co. v. Brunswick Assoc. Ltd. P'ship*, 507 U.S. 380, 388 (1993). When evaluating whether "excusable neglect" applies, the Ninth Circuit instructs courts to consider the "degree of compliance with the best practicable notice procedures; when notice was actually received and if not timely received, why not; what caused the delay, and whose responsibility was it; how quickly the belated opt out request was made once notice was received; how many class members want to opt out; and whether allowing a belated opt out would

1  affect either the settlement or finality of the judgment." *Silber*, 18 F.3d at 1455 (internal footnote
2  omitted). Additionally, the court should consider the danger of prejudice to the opposing party,
3  and whether the movant acted in good faith. *Pioneer*, 507 U.S. at 395.

4  This order finds that the facts and circumstances underlying this request do *not* support a finding of excusable neglect under Ninth Circuit law. *First*, while class member Morfit argues that he did not receive actual notice of the class action, this is because the mailing address associated with his Schwab account was not kept current. Mr. Morfit had apparently moved from Idaho to Massachusetts in June 2009. While Mr. Morfit asserts that he told his "financial consultant" at Schwab that he "would no longer be at the Boise, Idaho address" prior to moving residences, his mailing address in Schwab's records was not updated to reflect this fact (Morfit Affidavit ¶ 5). It is unclear whether Mr. Morfit specifically instructed Schwab to update his mailing address or whether he made any efforts thereafter to ensure that his mailing address had been updated. His affidavit is silent on these points.

*Second*, according to the claims administrator, the notice that was mailed to class member Morfit — presumably to his Idaho address — was not returned as "undeliverable" (*see* Dkt. No. 751-1, listing all class members where notices were returned "undeliverable" and where new addresses could not be found). In other words, constitutionally sufficient notice was provided, as it was reasonable for counsel to assume that Mr. Morfit's mailing address on record with Schwab was current and correct. This weighs against a finding of excusable neglect.

*Third*, it was only at or around mid-April 2010 when Mr. Morfit decided to bring an action against Schwab, only to discover that he was a member of the class in the instant action (Br. 4). Since Mr. Morfit sold all of his YieldPlus shares no later than March 2009, it is unclear why he waited over a year to seek legal action. Whatever the reason may be, the fact that Mr. Morfit's opt-out request comes on the heels of preliminary approval of a 200 million dollar class-wide settlement (and after numerous well-publicized rulings regarding the merits of the case) weighs against granting his untimely request. There is no question that granting such a late opt-out request would be prejudicial to defendant Schwab, since the settlement was negotiated with the current class membership in mind.

2

After considering all the factors that underlie the determination of excusable neglect, this order finds that excusable neglect has not been shown with respect to class member Morfit's untimely opt-out request. For these reasons, the instant motion must be **DENIED**.

**IT IS SO ORDERED.**

Dated: May 26, 2010.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE