IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

IN RE:

CHARLES SCHWAB CORPORATION
SECURITIES LITIGATION.

This Document Relates
   To All Cases.
_____/

No. C 08-01510 WHA

**ORDER DENYING JAMES
MCLEOD'S UNTIMELY
REQUEST TO OPT OUT
OF THE CLASS**

This order addresses the letter sent by class member James McLeod seeking permission to opt out of the class after the December 2009 deadline.

The standard for determining whether a class member should be allowed to opt out of a class action after the applicable exclusion deadline has passed is whether the class member's failure to meet the deadline is the result of "excusable neglect." *See Silber v. Mabon*, 18 F.3d 1449, 1454-55 (9th Cir.1994). This standard allows courts, "where appropriate, to accept late filings caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control." *Pioneer Inv. Serv. Co. v. Brunswick Assoc. Ltd. P'ship*, 507 U.S. 380, 388 (1993). When evaluating whether "excusable neglect" applies, the Ninth Circuit instructs courts to consider the "degree of compliance with the best practicable notice procedures; when notice was actually received and if not timely received, why not; what caused the delay, and whose responsibility was it; how quickly the belated opt out request was made once notice was received; how many class members want to opt out; and whether allowing a belated opt out would

1  affect either the settlement or finality of the judgment." *Silber*, 18 F.3d at 1455 (internal footnote
2  omitted).  Additionally, the court should consider the danger of prejudice to the opposing party,
3  and whether the movant acted in good faith.  *Pioneer*, 507 U.S. at 395.

4  Having considered all the applicable factors, this order finds that the facts and
5  circumstances underlying this request do *not* support a finding of excusable neglect under Ninth
6  Circuit law.  There is no question that class member MacLeod received actual notice of this class
7  action, as his letter acknowledges that he attempted to opt out before the deadline of December
8  28, 2010.  In his letter, Mr. MacLeod notes that he "sent [his] opt out letter so that it would be
9  received before the deadline" but then goes on (confusingly) to note that the delayed response
10 from attorneys while he was pursuing an individual action "result[ed] in a delayed response to the
11 opt in/out out mandate."  In any event, class member MacLeod's opt-out request was not received
12 in a timely manner by the claims administrator and there are no legally sufficient reasons
13 provided in Mr. MacLeod's letter to find excusable neglect for his untimely submission.

14 Under the factors that govern the determination of excusable neglect, this order finds that
15 the reasons set forth by class member MacLeod are legally insufficient to show excusable neglect.
16 If Mr. MacLeod's excuses were sufficient to warrant exclusion, a landslide of similar untimely
17 opt-out requests would likely follow.  The prejudice to Schwab that would result from the
18 granting of such requests — especially given the recent preliminary approval of a $235 million —
19 would be tremendous, since the settlement was negotiated with a stable class membership in
20 mind.  Considering all of the relevant circumstances, the Court cannot grant Mr. Macleod's
21 request for late exclusion from the class.

22 For these reasons, even if it was brought in good faith, the motion is **DENIED**.

24 **IT IS SO ORDERED.**

26 Dated: May 26, 2010.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

2