IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

IN RE:

CHARLES SCHWAB CORPORATION
SECURITIES LITIGATION.

This Document Relates
   To All Cases.

               /

No. C 08-01510 WHA

**ORDER DENYING BEULAH
E. HIPPELE'S UNTIMELY
REQUEST TO OPT OUT
OF THE CLASS**

   This order addresses the motion filed by class member Beulah E. Hippelle seeking permission to opt out of the class after the December 2009 deadline.

   The standard for determining whether a class member should be allowed to opt out of a class action after the applicable exclusion deadline has passed is whether the class member's failure to meet the deadline is the result of "excusable neglect." *See Silber v. Mabon*, 18 F.3d 1449, 1454-55 (9th Cir.1994). This standard allows courts, "where appropriate, to accept late filings caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control." *Pioneer Inv. Serv. Co. v. Brunswick Assoc. Ltd. P'ship*, 507 U.S. 380, 388 (1993). When evaluating whether "excusable neglect" applies, the Ninth Circuit instructs courts to consider the "degree of compliance with the best practicable notice procedures; when notice was actually received and if not timely received, why not; what caused the delay, and whose responsibility was it; how quickly the belated opt out request was made once notice was received; how many class members want to opt out; and whether allowing a belated opt out would

1  affect either the settlement or finality of the judgment." *Silber*, 18 F.3d at 1455 (internal footnote
2  omitted). Additionally, the court should consider the danger of prejudice to the opposing party,
3  and whether the movant acted in good faith. *Pioneer*, 507 U.S. at 395.
4      Having considered all the applicable factors set forth above, this order finds that the facts
5  and circumstances underlying this request do *not* support a finding of excusable neglect under
6  Ninth Circuit law. The only excuse provided in the instant motion is that class member Hippele
7  "has no recollection of receiving any notice of any class action and wishes to pursue her claim on
8  an individual basis before [FINRA]." While this may be true, the class action notice was properly
9  sent via first-class mail to the address associated with her Schwab account(s) and was not
10 returned to the claims administrator as "undeliverable" (*see* Dkt. No. 751-1, listing all class
11 members where notices were returned "undeliverable" and where new addresses could not be
12 found). In other words, the notice provided to Ms. Hippele was reasonably calculated to give her
13 actual notice of this class action and was constitutionally sufficient. This weighs against a finding
14 of excusable neglect.
15     The instant motion provides no other reasons why excusable neglect should be found,
16 mentioning only that Ms. Hippele is 89 years old. Under the factors that govern the determination
17 of excusable neglect, this order finds that the reasons set forth by class member Hippele are
18 legally insufficient to show excusable neglect under these circumstances. If such excuses were
19 deemed sufficient to warrant exclusion, a landslide of similar untimely opt-out requests would
20 likely follow. The prejudice to Schwab that would result from the granting of such requests —
21 especially on the eve of preliminary approval of a $200 million settlement — would be
22 tremendous, since the settlement was negotiated with a stable class membership in mind.
23     For these reasons, even if brought in good faith, the motion must be **DENIED**.

**IT IS SO ORDERED.**

Dated: May 27, 2010.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

2