IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

IN RE:

CHARLES SCHWAB CORPORATION
SECURITIES LITIGATION.

This Document Relates
To All Cases.
_____/

No. C 08-01510 WHA

**ORDER DENYING THE UNION
MISSION'S REQUEST TO OPT
OUT AFTER THE DEADLINE**

This order addresses The Union Mission's renewed request to opt out of the certified class after the deadline for requesting exclusion from the class has expired. The Union Mission previously filed a motion seeking permission to opt out late (Dkt. No. 476). The motion was denied in an order dated April 9, 2010 (Dkt. No. 601). In that order, the Court explained that the opt-out deadline for this class action was December 28, 2009, but The Union Mission made its request to opt out on February 22, 2010, almost two months after the deadline had already passed (Dkt. No. 601 at 1). The circumstances behind this untimely request, and the reasons why a finding of excusable neglect was *not* warranted, was set forth in detail in the April 9 order.

Despite this ruling, counsel for The Union Mission appeared at the hearing on class notice held on April 26, 2010. Counsel stated very clearly at the hearing that "this is not a due process issue" and that The Union Mission "d[oes]n't deny that [it] received notice through the mail. This is not a question of whether they received actual notice" (Dkt. No. 723 at 27). Rather, counsel argued that because the claims administrator did not follow the notice plan providing for emailed noticed, and that The Union Mission supposedly would have received notice and opted

out before the deadline had such emailed notice been given, it should be allowed to opt out late as "a matter of fairness" (*ibid.*).

While the Court understands counsel's argument, it does not warrant reconsideration of the prior order. The analysis set forth in the prior order did not hinge upon whether The Union Mission received emailed notice. Rather, it focused on the actual mailed notice that had been delivered in October 2009 to the authorized agent of The Union Mission, and whether the circumstances underlying the untimely opt-out request supported a finding of excusable neglect (*see* Dkt. No. 592 at 3–6). The April 9 order concluded that excusable neglect had *not* been shown. In sum, whether an email was or was not sent to The Union Mission, it does not affect the outcome of the excusable neglect analysis.

For these reasons, the ruling set forth in the April 9 order will remain undisturbed and The Union Mission's renewed request to opt out late is **DENIED**.

**IT IS SO ORDERED.**

Dated: May 26, 2010.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE