**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

IN RE:

CHARLES SCHWAB CORPORATION
SECURITIES LITIGATION.

This Document Relates
To All Cases.

_____/

No. C 08-01510 WHA

**ORDER DENYING ROBERT
WESTERVELT'S REQUEST
TO OPT OUT OF THE CLASS**

This order addresses the untimely opt-out request made by Attorney Thomas Bradley on behalf of class member Robert Westervelt at the class notice hearing held on April 26, 2010 (Dkt. No. 713 at 21–25).

The circumstances underlying this request are as follows: On October 12, 2009, notice by first-class mail was sent to all class members in this litigation, including Mr. Westervelt. According to the claims administrator, Gilardi & Co., Mr. Westervelt's notice was *not* returned as "undeliverable" (Dkt. No. 734 ¶ 3). The notice informed class members that the opt-out deadline for this class action was December 28, 2009. Additionally, in November 2009, Mr. Westervelt was advised by Attorney Bradley — who had filed an arbitration case with FINRA in September 2009 on behalf of Mr. Westervelt regarding the Schwab YieldPlus fund — that "if he wished to pursue his arbitration case with FINRA, that he needed to send back the opt-out letter if he received one" (Dkt. No. 713 at 21). According to counsel, Mr. Westervelt responded to this

advice by assuring counsel that "he would do so because he wanted to pursue the FINRA claim" (*id.* at 21–22). Mr. Westervelt, however, did not send back the class action opt-out letter by the December 28 deadline. Approximately three months later, Mr. Westervelt passed away. At the direction of Mr. Westervelt's brothers, who will soon be appointed executors of Mr. Westervelt's estate, Attorney Bradley appeared at the April 26 hearing to make the instant request (*id.* at 24).

The standard for determining whether a class member should be allowed to opt out of a class action after the applicable exclusion deadline has passed is whether the class member's failure to meet the deadline is the result of "excusable neglect." *See Silber v. Mabon*, 18 F.3d 1449, 1454-55 (9th Cir.1994). This standard allows courts, "where appropriate, to accept late filings caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control." *Pioneer Inv. Serv. Co. v. Brunswick Assoc. Ltd. P'ship*, 507 U.S. 380, 388 (1993). When evaluating whether "excusable neglect" applies, the Ninth Circuit instructs courts to consider the "degree of compliance with the best practicable notice procedures; when notice was actually received and if not timely received, why not; what caused the delay, and whose responsibility was it; how quickly the belated opt out request was made once notice was received; how many class members want to opt out; and whether allowing a belated opt out would affect either the settlement or finality of the judgment." *Silber*, 18 F.3d at 1455 (internal footnote omitted). Additionally, the court should consider the danger of prejudice to the opposing party, and whether the movant acted in good faith. *Pioneer*, 507 U.S. at 395.

The facts and circumstances underlying this request do *not* support a finding of excusable neglect. *First*, the record shows that class member Westervelt had notice of the class action and was aware of the consequences of not opting out by the December 2009 deadline. On this point, counsel stated *twice* at the hearing that he had a phone conversation with Mr. Westervelt and advised him that he needed to timely opt out of the class action so that he could pursue his FINRA arbitration claim (Dkt. No. 713 at 21–22). Mr. Westervelt was apparently responsive to this question, indicating that he was cognizant of what he needed to do (*ibid.*). Additionally, there is no indication that Mr. Westervelt failed to receive notice by first-class mail, since the notice was not returned to the claims administrator as undeliverable. *Second*, while it may be true

2

that Mr. Westervelt, as noted by counsel at the hearing, was in declining health in the early months of 2010, this order cannot assume — based upon the facts provided by counsel — that he was unable to return the notice during the opt-out period in 2009. Indeed, in his phone conversation with counsel in November 2009, Mr. Westervelt appeared to understand the importance of opting out of the pending class action in light of his FINRA arbitration. *Third*, this opt-out request comes on the eve of preliminary approval of a 200 million dollar class-wide settlement. Even if the motion has been brought in good faith, there is no question that granting such a late opt-out request would be prejudicial to Schwab, since the settlement was negotiated with the current class membership in mind. Considering all the factors that underlie the determination of excusable neglect, this order finds that these factors weigh against a finding of excusable neglect with respect to class member Westervelt.

For these reasons, Attorney Bradley's request to allow Mr. Westervelt to opt out of the class after the deadline has passed is **DENIED**.

**IT IS SO ORDERED.**

Dated: May 26, 2010.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

3