United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE:<br><br>CHARLES SCHWAB CORPORATION<br>SECURITIES LITIGATION.<br><br>This Document Relates<br>　　To All Cases.<br>　　　　　　　　　　　　　　　　　　／ | No. C 08-01510 WHA<br><br>**ORDER DENYING PROFESSOR<br>JACK GARVEY'S REQUEST TO<br>OPT OUT AFTER THE DEADLINE** |

This order addresses Professor Jack Garvey's request to opt out of the certified class after the deadline for requesting exclusion from the class has expired. The opt-out deadline for this class action was December 28, 2009. Professor Garvey made his request to opt out on March 29, 2010 (Dkt. No. 618, Sylvester Decl. ¶¶ 10, 12).

The standard for determining whether a class member should be allowed to opt out of a class action after the applicable exclusion deadline has passed is whether the class member's failure to meet the deadline is the result of "excusable neglect." *See Silber v. Mabon*, 18 F.3d 1449, 1454-55 (9th Cir.1994). This standard allows courts, "where appropriate, to accept late filings caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control." *Pioneer Inv. Serv. Co. v. Brunswick Assoc. Ltd. P'ship*, 507 U.S. 380, 388 (1993). When evaluating whether "excusable neglect" applies, the Ninth Circuit instructs courts to consider the "degree of compliance with the best practicable notice procedures;

1  when notice was actually received and if not timely received, why not; what caused the delay, and
2  whose responsibility was it; how quickly the belated opt out request was made once notice was
3  received; how many class members want to opt out; and whether allowing a belated opt out would
4  affect either the settlement or finality of the judgment." *Silber*, 18 F.3d at 1455 (internal footnote
5  omitted). Additionally, the court should consider the danger of prejudice to the opposing party,
6  and whether the movant acted in good faith. *Pioneer*, 507 U.S. at 395.

7  On balance, these factors do *not* support a finding of excusable neglect given the specific
8  circumstances underlying Professor Garvey's request. *First*, it is undisputed that the claims
9  administrator had Professor Garvey's correct mailing address on record when notice by first-class
10 mail was sent to class members on October 12, 2009 (*id.* at ¶ 8). This point was reiterated
11 multiple times at the hearing on class notice held on April 26, 2010, in which Professor Garvey
12 was an invited and active participant (*see, e.g.*, Dkt. No. 723 at 43–44, 68). Despite having the
13 opportunity to testify under oath at the April 26 hearing, Professor Garvey did not dispute this
14 fact. *Second*, Professor Garvey's notice was *not* returned to the claims administrator as
15 "undeliverable." This too remained undisputed after the April 26 hearing. *Third*, after an
16 evidentiary hearing on April 26 addressing the question of whether notices were *in fact* "sticking
17 together" (as opposed to whether Ms. Carole Sylvester from Gilardi & Co., the claims
18 administrator, merely mentioned it as a hypothetical), this order finds — based upon the
19 testimony of Ms. Sylvester and Professor Garvey — that the evidence does not support Professor
20 Garvey's assertion that there was "a problem with notices sticking together" in this class action.
21 *Fourth*, Professor Garvey's opt-out request comes *three months* after the applicable deadline.
22 There is no good excuse for this lengthy delay. Professor Garvey stated at the April 26 hearing
23 that he was not out of the country traveling or otherwise unable to receive first-class mail at his
24 mailing address (*id.* at 32). Moreover, given the publicity surrounding this case and the fact that a
25 student law clinic at the University of San Francisco School of Law (where Professor Garvey is
26 an instructor) was actively and successfully arbitrating YieldPlus-related claims against Schwab,
27 this untimely request appears even less excusable. *Fifth*, there is no question that an opt-out
28 request made on the eve of preliminary approval of a 200 million dollar class-wide settlement

would be prejudicial to Schwab, since the settlement was negotiated with the current class membership in mind. Taken together, this order finds that these factors weigh against a finding of excusable neglect with respect to Professor Garvey.

Two additional points must be made. At the April 26 hearing, Professor Garvey argued that the longstanding practice of providing notice to class members by first-class mail should be reconsidered, because "a lot of that junk mail these days is made to look like notices" (*id.* at 31). While this observation may have merit in the abstract, it does not apply here. As the undersigned stated to Professor Garvey at the April 26 hearing, "after getting your correspondence . . . I looked at the envelope, and it did say 'Important Legal Document' on there" (*ibid.*). Considering this and other characteristics of the *particular* notice used in *this* class action, this order finds that Professor Garvey's argument regarding first-class mail does not excuse his untimely opt-out request. Finally, Professor Garvey's argument that he has been "inadequately represented" by counsel has been considered by this order. Having considered all the submissions and correspondence regarding Professor Garvey's request, this order finds that the argument of "inadequate representation" is not a sufficient basis to permit Professor Garvey to opt out long after the deadline has passed.

In sum, Professor Garvey's request to be excluded from the class is **DENIED**. That said, if counsel choose to stipulate to release Professor Garvey from being bound to the settlement, they are still free to do so.

**IT IS SO ORDERED.**

Dated: May 26, 2010.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE