IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

IN RE:

CHARLES SCHWAB CORPORATION
SECURITIES LITIGATION.

    This Document Relates
        To All Cases.
/

No. C 08-01510 WHA

**ORDER DENYING DR. SAMUEL W. DOOLITTLE'S UNTIMELY REQUEST TO OPT OUT OF THE CLASS**

This order addresses the motion filed by class member Samuel W. Doolittle seeking permission to opt out of the class after the December 2009 deadline.

The standard for determining whether a class member should be allowed to opt out of a class action after the applicable exclusion deadline has passed is whether the class member's failure to meet the deadline is the result of "excusable neglect." *See Silber v. Mabon*, 18 F.3d 1449, 1454-55 (9th Cir.1994). This standard allows courts, "where appropriate, to accept late filings caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control." *Pioneer Inv. Serv. Co. v. Brunswick Assoc. Ltd. P'ship*, 507 U.S. 380, 388 (1993). When evaluating whether "excusable neglect" applies, the Ninth Circuit instructs courts to consider the "degree of compliance with the best practicable notice procedures; when notice was actually received and if not timely received, why not; what caused the delay, and whose responsibility was it; how quickly the belated opt out request was made once notice was received; how many class members want to opt out; and whether allowing a belated opt out would

affect either the settlement or finality of the judgment." *Silber*, 18 F.3d at 1455 (internal footnote omitted). Additionally, the court should consider the danger of prejudice to the opposing party, and whether the movant acted in good faith. *Pioneer*, 507 U.S. at 395.

Having considered all the applicable factors set forth above, this order finds that the facts and circumstances underlying this request do *not* support a finding of excusable neglect under Ninth Circuit law. The only excuse provided by Dr. Doolittle is that he "do[es] not recall seeing any document notifying [him] of this class action litigation, nor do[es] [he] recall notification of a time limit for opting out of this litigation." While this may be true, the class action notice was properly sent via first-class mail to the address associated with his Schwab account(s) and was not returned to the claims administrator as "undeliverable" (*see* Dkt. No. 751-1, listing all class members where notices were returned "undeliverable" and where new addresses could not be found). In other words, the notice provided to Dr. Doolittle was reasonably calculated to give him actual notice of this class action and was constitutionally sufficient. This weighs against a finding of excusable neglect.

Dr. Doolittle provides no other reasons why his motion for late exclusion from the class should be granted. Under the factors that govern the determination of excusable neglect, this order finds that the reasons set forth by class member Doolittle are legally insufficient to grant his motion. If such excuses were sufficient to warrant exclusion, a landslide of similar opt-out requests would likely follow. The prejudice to Schwab that would result from the granting of such requests — especially on the heels of preliminary approval of a $200 million settlement — would be tremendous, since the settlement was negotiated with a stable class membership in mind. Excusable neglect has simply not been demonstrated under these circumstances.

For these reasons, even if it was brought in good faith, the motion must be **DENIED**.

**IT IS SO ORDERED.**

Dated: May 27, 2010.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

2