United States District Court

For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE:<br><br>CHARLES SCHWAB CORPORATION<br>SECURITIES LITIGATION.<br><br>This Document Relates<br>            To All Cases.<br>                                                           / | No. C 08-01510 WHA<br><br>**ORDER DENYING STUART<br>AND ANDREA ZYKORIE'S<br>UNTIMELY REQUEST TO<br>OPT OUT OF THE CLASS** |

      This order addresses the motion filed by class members Stuart and Andrea Zykorie seeking permission to opt out of the class after the December 2009 deadline.

      The standard for determining whether a class member should be allowed to opt out of a class action after the applicable exclusion deadline has passed is whether the class member's failure to meet the deadline is the result of "excusable neglect." *See Silber v. Mabon*, 18 F.3d 1449, 1454-55 (9th Cir.1994). This standard allows courts, "where appropriate, to accept late filings caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control." *Pioneer Inv. Serv. Co. v. Brunswick Assoc. Ltd. P'ship*, 507 U.S. 380, 388 (1993). When evaluating whether "excusable neglect" applies, the Ninth Circuit instructs courts to consider the "degree of compliance with the best practicable notice procedures; when notice was actually received and if not timely received, why not; what caused the delay, and whose responsibility was it; how quickly the belated opt out request was made once notice was received; how many class members want to opt out; and whether allowing a belated opt out would

1 affect either the settlement or finality of the judgment." *Silber*, 18 F.3d at 1455 (internal footnote
2 omitted). Additionally, the court should consider the danger of prejudice to the opposing party,
3 and whether the movant acted in good faith. *Pioneer*, 507 U.S. at 395.

4 Having considered all the factors set forth above, this order finds that the facts and
5 circumstances underlying the Zykories' request do *not* support a finding of excusable neglect.
6 *First*, while the Zykories may have first learned about their participation in this class action only
7 recently (by way of reading news on the Internet), the class action notice was properly sent via
8 first-class mail to the address associated with their Schwab account(s) and was not returned to the
9 claims administrator as "undeliverable" (*see* Dkt. No. 751-1, listing all class members where
10 notices were returned "undeliverable" and where new addresses could not be found). In other
11 words, the notice provided to the Zykories was reasonably calculated to give them actual notice
12 of this class action and was constitutionally sufficient. Moreover, it was entirely reasonable for
13 class counsel to assume that class members would keep their Schwab mailing addresses current,
14 and that class members would be responsible for ensuring that mail was properly forwarded if
15 they moved residences. The clear adequacy of notice weighs against a finding of excusable
16 neglect.

17 *Second,* while this order does not doubt that the various distractions of life, including
18 moving residences and other family developments mentioned in the instant motion, may have
19 contributed to the Zykories' failure to timely opt out, the particular distractions mentioned in the
20 instant motion do not justify a finding of excusable neglect. In evaluating this factor, the
21 undersigned must consider the immense size of the class and the likelihood that other class
22 members with similar life stories would also seek to opt out if excusable neglect were found in
23 these circumstances. As discussed below, maintaining the stability of the class at this late stage in
24 the litigation is critical to avoiding undue prejudice to Schwab, and the excuses provided by the
25 Zykories appear to be ones that many other class members might raise.

26 *Third*, the Court cannot ignore the fact that the Zykories' opt-out request is over four
27 months late. While it may be true that the Zykories only learned about their participation in this
28 class action very recently, the request nevertheless comes on the heels of the preliminary approval

1  of a $200 million settlement. Even assuming the instant motion was brought in good faith, there
2  is no question that granting the Zykories' opt-out request would be prejudicial to Schwab since
3  the settlement was negotiated with a stable class membership in mind.
4      For these reasons, this order finds that excusable neglect has not been shown with respect
5  to class members Stuart and Andrea Zykorie. On balance, the factors set forth by the Ninth
6  Circuit weigh against granting the motion at this stage in the proceedings. Accordingly, the
7  instant motion must be **DENIED**.

**IT IS SO ORDERED.**

Dated: May 27, 2010.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

3