IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

IN RE:

CHARLES SCHWAB CORPORATION
SECURITIES LITIGATION.

    This Document Relates
       To All Cases.

                                           /

No. C 08-01510 WHA

**ORDER DENYING THE
UNTIMELY REQUEST OF
ROBERT AND MARILYN HICKS
TO OPT OUT OF THE FEDERAL
SECURITIES CLASS**

       This order addresses the application of federal securities class members Robert and Marilyn Hicks seeking permission to opt out of the class after the deadline (*see* Dkt. No. 875). Counsel responded to the application on October 1 (Dkt. Nos. 895 and 882).

       The standard for determining whether a class member should be allowed to opt out of a class action after the applicable exclusion deadline has passed is whether the class member's failure to meet the deadline is the result of "excusable neglect." *See Silber v. Mabon*, 18 F.3d 1449, 1455 (9th Cir. 1994). This standard allows courts, "where appropriate, to accept late filings caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control." *Pioneer Inv. Serv. Co. v. Brunswick Assoc. Ltd. P'ship*, 507 U.S. 380, 388 (1993). When evaluating whether "excusable neglect" applies, the Ninth Circuit instructs courts to consider the "degree of compliance with the best practicable notice procedures; when notice was actually received and if not timely received, why not; what caused the delay, and whose responsibility was it; how quickly the belated opt out request was made once notice was received;

how many class members want to opt out; and whether allowing a belated opt out would affect either the settlement or finality of the judgment." *Silber*, 18 F.3d at 1455 (internal footnote omitted). Additionally, the court should consider the danger of prejudice to the opposing party, and whether the movant acted in good faith. *Pioneer*, 507 U.S. at 395.

Having considered the factors set forth above, this order finds that the facts and circumstances underlying the request of Robert and Marilyn Hicks do not support a finding of excusable neglect under Ninth Circuit law. The only excuse provided by the Hickses is that they did not receive the opt-out notice sent to federal securities class members on October 12, 2009. While it may be true that they did not learn of their involvement in the instant case until recently, the class action notice was properly sent via first-class mail to the address associated with their Schwab account(s) and was not returned to the claims administrator as "undeliverable" (*see* Dkt. No. 751-1, listing all class members for whom notices were returned "undeliverable" and where new addresses could not be found). In other words, the notice provided to the Hickses was reasonably calculated to give them actual notice of this class action and was constitutionally sufficient. This weighs against a finding of excusable neglect.

The instant motion provides no other reasons why excusable neglect should be found. Under the factors that govern the determination of excusable neglect, this order finds that the reasons set forth by class members Robert and Marilyn Hicks are legally insufficient to show excusable neglect. Furthermore, if such excuses were deemed sufficient to warrant exclusion at this time, defendants would be prejudiced, given their commitment to a settlement amount that was negotiated with a stable class membership in mind.

For these reasons, even if brought in good faith, the request must be **DENIED**. The clerk shall serve this order on the applicants at the following address: Robert and Marilyn Hicks, 4500 N. Paseo De Los Ranchers, Tucson, AZ 85745-9198.

**IT IS SO ORDERED.**

Dated: October 4, 2010.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

2