IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE:<br>CHARLES SCHWAB CORPORATION<br>SECURITIES LITIGATION.<br>    This Document Relates<br>        To All Cases.<br>                                                          / | No. C 08-01510 WHA<br><br>**ORDER DENYING THE<br>UNTIMELY REQUEST OF<br>MARLENE DELOUISE TO<br>OPT OUT OF THE FEDERAL<br>SECURITIES CLASS** |

This order addresses the application of federal securities class member Marlene DeLouise seeking permission to opt out of the class after the deadline (*see* Dkt. No. 876). Counsel responded to the application on October 1 (Dkt. Nos. 889 and 890).

The standard for determining whether a class member should be allowed to opt out of a class action after the applicable exclusion deadline has passed is whether the class member's failure to meet the deadline is the result of "excusable neglect." *See Silber v. Mabon*, 18 F.3d 1449, 1455 (9th Cir. 1994). This standard allows courts, "where appropriate, to accept late filings caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control." *Pioneer Inv. Serv. Co. v. Brunswick Assoc. Ltd. P'ship*, 507 U.S. 380, 388 (1993). When evaluating whether "excusable neglect" applies, the Ninth Circuit instructs courts to consider the "degree of compliance with the best practicable notice procedures; when notice was actually received and if not timely received, why not; what caused the delay, and whose responsibility was it; how quickly the belated opt out request was made once notice was received;

1  how many class members want to opt out; and whether allowing a belated opt out would affect
2  either the settlement or finality of the judgment." *Silber*, 18 F.3d at 1455 (internal footnote
3  omitted).  Additionally, the court should consider the danger of prejudice to the opposing party,
4  and whether the movant acted in good faith. *Pioneer*, 507 U.S. at 395.

5  Having considered the factors set forth above, this order finds that the facts and
6  circumstances underlying the request of Marlene DeLouise do not support a finding of excusable
7  neglect under Ninth Circuit law.  The only excuse provided by Ms. DeLouise is that she did not
8  receive the opt-out notice sent to federal securities class members on October 12, 2009.  While it
9  may be true that she did not learn of her involvement in the instant case until recently, the class
10 action notice was properly sent via first-class mail to the address associated with her Schwab
11 account(s) and was not returned to the claims administrator as "undeliverable" (*see* Dkt. No.
12 751-1, listing all class members for whom notices were returned "undeliverable" and where new
13 addresses could not be found).  In other words, the notice provided to Ms. DeLouise was
14 reasonably calculated to give her actual notice of this class action and was constitutionally
15 sufficient.  This weighs against a finding of excusable neglect.

16 The instant motion provides no other reasons why excusable neglect should be found.
17 Under the factors that govern the determination of excusable neglect, this order finds that the
18 reasons set forth by class member Marlene DeLouise are legally insufficient to show excusable
19 neglect.  Furthermore, if such excuses were deemed sufficient to warrant exclusion at this time,
20 defendants would be prejudiced, given their commitment to a settlement amount that was
21 negotiated with a stable class membership in mind.

22 For these reasons, even if brought in good faith, the request must be **DENIED**.  The clerk
23 shall serve this order on the applicant at the following address: Marlene DeLouise, 2715 Maynard
24 Drive, Glenview, IL 60025.

**IT IS SO ORDERED.**

Dated: October 4, 2010.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

2