IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

IN RE:

CHARLES SCHWAB CORPORATION
SECURITIES LITIGATION.

    This Document Relates
       To All Cases.

                                                   /

No. C 08-01510 WHA

**MEMORANDUM OPINION
REGARDING DISPUTE OVER
RELEASE OF SECTION 17200
CLAIM IN THE FEDERAL
SECURITIES CLASS
SETTLEMENT AGREEMENT**

## INTRODUCTION

When certain issues are certified for class treatment, may non-certified claims be extinguished via a class settlement? If so, what procedure must be followed under Rule 23? These questions have now unexpectedly arisen on the eve of a settlement approval in a massive class proceeding.

## STATEMENT

A fairness hearing was scheduled for the federal securities and California class settlements reached between various Charles Schwab entities and lead plaintiffs. On the eve of the hearing, defendants submitted a short brief concerning a statement in plaintiffs' reply in support of final approval of the class settlement agreements, to the effect that plaintiffs plan to appeal the scope of certification of the California class, *i.e.*, to appeal the denial of a nationwide class to assert a California state law claim. Defendants stated that this would violate the releases and proposed judgments. Plaintiffs countered that they specifically carved out of the release language claims

brought under California Business and Professions Code Section 17200. These issues were addressed by the parties at the hearing. Further briefing was then allowed.

Three classes were certified in this case. The Section 11 class included: "all persons or entities who acquired shares of the fund traceable to a false and misleading registration statement for the fund and who were damaged thereby," between November 15, 2006, and March 17, 2008. The Section 12 class included: "all persons or entities who acquired shares of the fund traceable to a false and misleading prospectus for the fund and who were damaged thereby," between May 31, 2006, and March 17, 2008. The California class asserted California Business and Professions Code Section 17200 and included those *California resident investors* who held shares in the fund on September 1, 2006. A nationwide class was not certified for the Section 17200 claim. The certification order found, among other things, that California law should not be exported to states that have their own interest in deciding the contours of their own unfair-competition laws (*see* Dkt. No. 233). Unlike the Section 11 and 12 claims, the Section 17200 claim was not for securities fraud but was for denying the owners of the fund the right to vote on a change in investment objectives. The membership in these classes overlapped but was different from class to class.

For simplicity, these have been referred to as the "federal securities" classes, on the one hand, and the "California" class or "California Section 17200" class, on the other. There were two relevant class settlement agreements: one for the federal securities classes and one for the California Section 17200 class. The parties did not reach both settlements at once, however. As of the federal securities class settlement agreement, counsel were fully intending to continue to trial on the California Section 17200 class claims. The "released claims" in the federal securities class settlement agreement included:

> [A]ny and all claims or causes of action . . . based upon, arising out of, or related in any way whatsoever to any of the facts, transactions, events, occurrences, disclosures, statements, acts, omissions or failures to act which were or could have or might have been alleged in or embraced or otherwise referred to or encompassed by the Class Action, or which relate to the subject matter of the Class Action . . . The 17200 Claim, and only the 17200 Claim, is excluded from the Released Claims.

2

1   Later, but before trial, the parties reached settlement on the claims of the California Section
2   17200 class as well.

3   The parties agree that the dispute does not affect individuals who may have a claim
4   against defendants under Section 17200 but who are *not* members of *any* of the existing classes.
5   Those can lose no rights by virtue of these settlements. The dispute solely concerns federal
6   securities class members *resident outside of California* and the extent to which the federal
7   securities release extinguished their Section 17200 claims. Defendants argue that they were
8   completely extinguished. Plaintiffs argue that they were not extinguished.

## ANALYSIS

10  As an initial matter, plaintiffs caution against rendering an advisory opinion. This caution
11  is too cautious. This order must make findings about the meaning of the terms of the agreements
12  between the parties because their reasonableness will be considered in the context of final
13  approval of the agreements. *See Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026–27 (9th Cir.
14  1998). This is not a hypothetical situation. There has been adequate adversarial process.

15  Defendants cite an order by the undersigned in a separate action to support the proposition
16  that final approval of the settlement agreements cannot occur without resolution of this dispute.
17  *See Kakani v. Oracle Corp.*, No. C 06-06493 WHA, 2007 WL 1793774 (N.D. Cal. June 19,
18  2007). Just so. But defendants also imply that final approval cannot occur without adoption of
19  *their reading* of the agreement. Not so.

20  While the actual named plaintiffs could give — for themselves only — a broader release
21  than merely the federal securities claims, they were not authorized to do so on behalf of absent
22  class members. As for absent class members, the certification order put in play only the federal
23  securities claims and turned over control of those claims and only those claims to the class
24  representatives, leaving all other claims still in the hands of absent class members. The federal
25  securities claims — and only those claims — could then be settled (or tried). A settlement cannot
26  be used to expand the class claims beyond those certified — at least without re-defining the class,
27  giving a new class notice, and allowing a new period for opting out. In other words, a settlement
28

3

class can end more claims than were certified for litigation so long as all the Rule 23 requirements are re-done, the notice tells the class members of the enlargement, and it allows them to opt out.

True, when class members settle their *federal* securities claims, they routinely settle their *state* securities claims arising out of the same wrong. Put differently, they usually cannot take the settlement money and turn around and sue for the same injury based on parallel state law. In this sense, the original certification was enlarged at the time of preliminary approval and the class notice should have so advised and did so advise. The Section 17200 claim, however, involved a different wrong. It did not involve securities fraud. It involved changing the investment objectives of the fund without allowing the shareholders to vote on it, a governance claim. The governance claim was separate and independent of the fraud claim. More to the point, at no time in this case was the governance claim certified for class treatment for anyone residing outside of California, so the question returns to whether in the flurry of preliminary approval proceedings, the certification was enlarged and Rule 23 satisfied so as to force the federal securities claimants to give up their governance claims (for everyone residing outside of California).

These steps were not done here. Here, preliminary approval and notice to the federal securities class had the effect of enlarging the claims released to include parallel state securities claims and any other claims that would be based on alleged misstatements in the sale of the securities in question. The entirely separate governance claim under Section 17200 was not certified for expanded treatment and inclusion in the settlement process. In fact, the opposite was done. Notice to the federal securities class expressly informed them that California 17200 claims were *not* released in the settlement, stating: "The 17200 claim alleged in the Class Action, and only that 17200 claim, is excluded from the Released Claims." Defendants argue that the language just repeated referred only to the California class's Section 17200 claim. Non-California federal securities class members would not have appreciated the proposed distinction based on the language used.

Defendants' argument leads to the following problematic hypothetical: Let's say a federal securities class member who lived outside of California decided — immediately after the refusal to certify a nationwide Section 17200 class — to sue defendants under Section 17200. That

4

individual action would have been moving along until — whammo! — along comes our settlement and without further opportunity to opt out, the hypothetical plaintiff, according to defendants, would have to dismiss his Section 17200 case. Would this make sense? No, it wouldn't. Yet this would be the necessary result of the defense view of matters.

Defendants continuously point to language from the settlement agreements, proposed judgment, notices to the classes, and even statements by counsel in hearings, to the effect of "the parties intend to [or do] release all class claims." It is not worth repeating all of the places a statement to this effect can be found, because they can all be answered with the simple point that the claims at issue in the current dispute *are not class claims*. Another way defendants say the same thing is by pointing to the operative complaint that asserts claims based on the classes that were certified and stating that plaintiffs cannot "revive" claims that were not certified. Defendants also state that because those claims were not certified they were "waived." Since when does the exclusion of a claim from class treatment mean it is extinguished forevermore? Since never. These claims do not need to be "revived" because they were never extinguished, they were just excluded from class treatment — both at certification and at settlement.

Defendants also focus extensively on the intent of counsel in crafting the release language in the class settlement agreements, in arguing that counsel intended to release all claims including Section 17200 claims for all federal securities class members. As made clear above, however, counsel could not have released such claims of absent class members without re-doing the Rule 23 requirements, sending new notice to the class, and providing an opt-out period for the new claims. Protection of absent class members must trump the intent of counsel.

A separate question is whether the named plaintiffs gave up the right to appeal the scope of certification or to appeal any other issue in the case. This order finds that they gave up that right when they consented to entry of judgment without specifically carving out the right to appeal the scope of certification. *See Slaven v. Am. Trading Transp. Co., Inc.*, 146 F.3d 1066, 1070 (9th Cir. 1998). Possibly the court of appeals would view the issue differently in the event a named plaintiff seeks to appeal. But plaintiffs' counsel are correct that absent class members who are not California residents are free to bring another fresh case under Section 17200.

5

**CONCLUSION**

For the foregoing reasons, federal securities class members resident outside of California are free to sue under Section 17200. Consideration of final approval of the class settlement agreements will await the further fairness hearing specifically noticed for the 1172 omitted class members on **DECEMBER 15, 2010**.

Dated: October 14, 2010.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE