QUINN EMANUEL URQUHART &
SULLIVAN, LLP
  Faith E. Gay (*pro hac vice* application pending)
  Robert C. Juman (*pro hac vice* application pending)
51 Madison Avenue, 22nd Floor
New York, New York 10010
Telephone:  (212) 849-7000
Facsimile:  (212) 849-7100
E-mail:  faithgay@quinnemanuel.com

  Richard A. Schirtzer (CA Bar No. 150165)
865 Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone:  (213) 443-3000
Facsimile:  (213) 443-3100

  Karin Kramer (CA Bar No. 87346)
  Patrick Doolittle (CA Bar No. 203659)
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone:  (415) 875-6600
Facsimile:  (415) 875-6700

Attorneys for The Charles Schwab Corporation, Charles Schwab & Co., Inc., Charles Schwab Investment Management, Inc., Schwab Investments, Charles R. Schwab, Randall W. Merk, Evelyn Dilsaver, George Pereira, Matthew Hastings, Mariann Byerwalter, Donald F. Doward, William A. Hasler, Robert G. Holmes, Gerald B. Smith, Donald R. Stephens, and Michael W. Wilsey

COVINGTON & BURLING LLP
  David B. Bayless (SBN 189235)
  Tammy Albarrán (SBN 215605)
One Front Street
San Francisco, CA 94111-5356
Telephone:  (415) 591-6000
Facsimile:  (415) 591-6091

Attorneys for Kimon P. Daifotis

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE CHARLES SCHWAB CORP. SECURITIES LITIGATION | Master File No. C-08-01510 WHA<br>**CLASS ACTION**<br>SCHWAB DEFENDANTS' NOTICE OF WITHDRAWAL FROM JOINT MOTIONS FOR FINAL APPROVAL OF SETTLEMENT OF FEDERAL SECURITIES AND CALIFORNIA 17200 CLAIMS |

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE THAT the Schwab defendants[1] ("Schwab") hereby withdraw from the Joint Motion for Final Approval of Settlement of Federal Securities Claims (Dkt. # 837) and the Joint Motion for Final Approval of Settlement of California Class Claims (Dkt # 841), both submitted on July 23, 2010. These motions are now scheduled to be heard on December 15, 2010.[2] On November 8, 2010, Schwab invoked the termination provision of the parties' federal Stipulation of Settlement ("Federal Stipulation") because Plaintiffs have reneged on the key consideration to Schwab under the agreement – the scope of the release. Plaintiffs' conduct and, independently, this Court's October 14, 2010 Order trigger the termination provisions of the federal settlement. Exh. A, ¶¶ 7.1(e), 7.3. Termination of the federal settlement automatically results in termination of the California Stipulation of Settlement. Exh. B, ¶¶ 7.1(g), 7.2. Because Schwab has invoked its right to terminate both settlements in accordance with the procedures specified in the stipulations, it also must withdraw from the Joint Motions for Final Approval of those settlements.

The attached Notice of Termination (Exh. C), which Schwab served on Plaintiffs on November 8, 2010 details the bases for termination. Briefly, the Federal Stipulation contains a termination provision, common in class settlements and routinely enforced,[3] that protects the

---

[1] The Schwab defendants include the following: Charles Schwab Corporation, Charles Schwab & Co., Inc., Charles Schwab Investment Management, Inc., Charles Schwab Investments, Charles R. Schwab, the individual officers and employees, Kimon P. Daifotis, and the Schwab Trustee defendants.

[2] Although Civ. Local Rule 7-7(e) pertains to withdrawal from motions, it does not appear to apply to this situation where there is a joint motion and no opposition. Schwab is filing its Notice of Withdrawal at the first practicable moment.

[3] See Manual for Complex Litigation (Fourth), § 22.922 (discussing "blow out" provisions allowing termination of settlement in event of excessive opt-outs); *Ercoline v. Unilever United States, Inc.*, Civ. A. No. 2:10-cv-01747-SRC-MAS (D.N.J. Oct. 5, 2010)(granting preliminary approval of agreement providing for termination if the judge alters the class settlement, among other termination provisions); *Jaffe v. Morgan Stanley & Co., Inc.*, 2008 U.S. Dist. LEXIS 12208, *67-*68 (N.D. Cal. Feb. 7 2008)(granting preliminary approval of class action settlement agreement permitting Morgan Stanley to terminate if opts out from settlement exceed certain
   (footnote continued)

parties from modifications to the agreed-upon terms as a result of the approval process, whether by this Court or on appeal. The Federal Stipulation provides that either side can terminate the agreement within 30 days after: "(a) the Court's refusal to approve [the] Stipulation or any material part of it; (b) the Court's declining to enter the Judgment in any material respect . . . or (c) the date upon which the Judgment is modified or reversed in any material respect . . . by the Court of Appeals or the Supreme Court." Exh. A, ¶ 7.3.

The basis for termination here initially arises from Plaintiffs' position that they remain free to pursue an untold number of claims under California Business & Professions Code Section 17200 on behalf of federal class members who are non-California residents. Their position is incompatible with the express terms of the form of judgment to which the parties agreed (Exh. D), and which must be entered as written in order for the settlement to take effect. Exh. A, ¶ 7.1 That judgment requires dismissal of "[t]he Litigation and all claims contained therein . . . ." (Exh. D, ¶ 3). The Litigation is defined as "all complaints consolidated with *In re Charles Schwab Corporation Securities Litigation*, No. 08—cv-01510 (WHA)." (Exh. A, ¶ 1.1; Exh. C, ¶ 1). This definition necessarily includes the 17200 claims of non-California residents, which were alleged in both consolidated complaints. In its October 14, 2010 Order, the Court concluded that these non-California resident claims "were never extinguished" by the settlement, and that "federal securities class members resident outside of California are free to sue under Section 17200." Order (Dkt. # 909) at 5, 6. This ruling triggers a termination right under the Stipulation, as it fails to approve a material part of the Stipulation, and to enter or give effect to the proposed Judgment as written. Exh. A, ¶ 7.3 (a), (b). Schwab timely served its Notice of Termination within 30 days thereafter. Exh. A, ¶ 7.3

Schwab worked hard to settle this case for the benefit of its clients and shareholders and thought it had accomplished that goal. Schwab agreed to a generous settlement, but only in return for an end to all litigation over the facts and claims alleged in the consolidated complaints. Now

---

number or if the settlement fails to become effective in accordance with its terms or is modified after approval).

that Plaintiffs have reneged on the primary consideration Schwab was to receive under the stipulations of settlement, Schwab has no choice but to withdraw from the joint motions for final approval.

DATED: November 8, 2010

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By *Richard Schirtzer/pcd*
Richard A. Schirtzer
Faith E. Gay (*pro hac vice appl. pending*)

Attorneys for The Charles Schwab Corporation, Charles Schwab & Co., Inc., Charles Schwab Investment Management, Inc., Schwab Investments, Charles R. Schwab, Randall W. Merk, Evelyn Dilsaver, George Pereira, Matthew Hastings, Mariann Byerwalter, Donald F. Doward, William A. Hasler, Robert G. Holmes, Gerald B. Smith, Donald R. Stephens, and Michael W. Wilsey

DATED: November 8, 2010

COVINGTON & BURLING LLP

By _____
David B. Bayless
Tammy Albarrán

Attorneys for Kimon P. Daifotis

1 that Plaintiffs have reneged on the primary consideration Schwab was to receive under the
2 stipulations of settlement, Schwab has no choice but to withdraw from the joint motions for final
3 approval.

DATED: November 8, 2010

QUINN EMANUEL URQUHART & SULLIVAN, LLP


By_____
Richard A. Schirtzer
Faith E. Gay (*pro hac vice appl. pending*)

Attorneys for The Charles Schwab Corporation, Charles Schwab & Co., Inc., Charles Schwab Investment Management, Inc., Schwab Investments, Charles R. Schwab, Randall W. Merk, Evelyn Dilsaver, George Pereira, Matthew Hastings, Mariann Byerwalter, Donald F. Doward, William A. Hasler, Robert G. Holmes, Gerald B. Smith, Donald R. Stephens, and Michael W. Wilsey

DATED: November 8, 2010

COVINGTON & BURLING LLP


By_____/s/ Tammy Albarrán_____
David B. Bayless
Tammy Albarrán

Attorneys for Kimon P. Daifotis