Reed R. Kathrein (139304)
Peter E. Borkon (212596)
HAGENS BERMAN SOBOL SHAPIRO LLP
715 Hearst Avenue, Suite 202
Berkeley, CA 94710
Telephone: (510) 725-3000
Facsimile: (510) 725-3001
reed@hbsslaw.com
peterb@hbsslaw.com

Steve W. Berman (*Pro Hac Vice*)
Sean R. Matt (*Pro Hac Vice*)
Erin K. Flory (*Pro Hac Vice*)
Lisa M. Hasselman (*Pro Hac Vice*)
Robert F. Lopez (*Pro Hac Vice*)
HAGENS BERMAN SOBOL SHAPIRO LLP
1918 Eighth Avenue, Suite 3300
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594
steve@hbsslaw.com
sean@hbsslaw.com
erin@hbsslaw.com
lisah@hbsslaw.com
robl@hbsslaw.com

*Attorneys for Lead Plaintiff YieldPlus Investor Group*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE SCHWAB CORP. SECURITIES LITIGATION | No. 08-cv-01510 WHA |
| | **PLAINTIFFS' SECOND SUPPLEMENTAL MEMORANDUM IN SUPPORT OF MOTIONS FOR FINAL APPROVAL OF SETTLEMENT AND FOR AWARD OF ATTORNEYS' FEES AND EXPENSES** |
| THIS DOCUMENT RELATES TO: ALL ACTIONS | Date: March 10, 2011<br>Time: 3:00 p.m.<br>Judge: Hon. William H. Alsup<br>Courtroom: Courtroom 9, 19th Floor |

010036-12 429711 V1

1    Plaintiffs respectfully submit this second supplemental memorandum in support of final
2    approval of the Schwab YieldPlus Fund settlements in order to (i) report on the provision of notice
3    to the last group of intermediary account holders and (ii) respond to John Pentz's latest filing.

**A.     Notice To Additional Intermediary Account Holders Is Complete**

Notice has been provided to the additional class members identified by the broker-dealer intermediaries responding to the Court's Order to Show Cause (Dkt. No. 964). Based on data provided by these intermediaries and in conformance with the Court's orders of January 5 and January 7, 2011 (Dkt. Nos. 1005 and 1007), on January 28, 2011, Settlement Administrator Gilardi & Co. mailed Notice packages to 654 members of the Federal Classes. Declaration of Michael Joaquin Regarding Notice to Additional Intermediary Account Class Members ("Joaquin Decl."), ¶ 4. Seventeen of the packages were returned as undeliverable, and Gilardi was able to obtain updated addresses for 8 of the 17, and the packages were mailed to the updated addresses. *Id.*, ¶ 5.

Gilardi also received data for 40 members of the California Class. Notice packages were mailed to these 40 on January 28, 2011, and none were returned to Gilardi as undeliverable. *Id.*, ¶¶ 6-7.

The Notice advised these class members that any objection must be mailed or delivered such that it would be received by the Court and counsel no later than March 2, 2011. The Notice also advised that opt out requests must be postmarked by March 2, 2011. Class Counsel have not received any objections or opt outs in response to the Notice.

**B.     Response To Mr. Benson's Supplementation Of The Record**

On behalf of Mr. Benson, John Pentz moved to "supplement" the record by offering Mr. Benson's Brokerage Account Agreement. Dkt. No. 1046. After first denying the motion, the Court reconsidered and granted it. Dkt. No. 1049. Pentz's argument that Schwab's brokerage account agreements contain California choice of law clauses adds nothing new. Indeed, Lead Plaintiffs have argued that, because class members signed contracts with Schwab stipulating to the application of California law, and because the conduct challenged in this case originated and emanated from Schwab's headquarters in California, California Business & Professionals Code §§

17200, *et seq.*, should apply to a proposed nationwide class of YieldPlus Fund investors who held shares as of September 1, 2006. The Court simply disagreed. *See* Dkt. No. 233 at 9-12.

The inquiry in approving the settlement is not whether the Court erred in declining to certify a nationwide holders' class (indeed, Lead Plaintiffs maintain that the Court did err). Rather, the touchstone is whether the proposed settlement is fair, adequate and reasonable, regardless of any purported error on ***any*** substantive issue in this case. *E.g., Class Plaintiffs v. City of Seattle*, 955 F.2d 1268, 1276 (9th Cir. 1992). It most surely is.

As we have repeatedly advised, the $200 million settlement in favor of the Federal Classes represents **45.5** percent and **42.8** percent, respectively, of the most likely recoverable damages at trial under Securities Act §§ 11 and 12(a)(2).[1] *E.g.,* Dkt. No. 838 at 8-9. These percentages are based on calculations done by finance expert Candace Preston using the following Section 11 and 12 damage estimates: $439,536,755 and $467,299,361, respectively. *See* Dkt. No. 838 at 8-9; Dkt. No. 839, ¶ 5. In order to identify the value of a hypothetical Section 17200 claim for non-California resident members of the Federal Classes, we asked Ms. Preston to perform a calculation for them using the Section 17200 methodology set forth in the Court's March 30, 2010 Request for Calculations for Trial (Dkt. No. 842 at 7). Using the methodology requested in that Order, Ms. Preston has estimated hypothetical Section 17200 damages for non-California residents as follows: $101,666,669 (Calculation One) and $59,049,245 (Calculation Two), for an average of $80,357,957. *See* Expert Declaration of Candace L. Preston Regarding California Unfair Competition Law Damages for Non-California Residents, ¶ 6. When this average is added to the most likely Section 11 and 12 obtainable damages estimates of $439,536,755 and $467,299,361, the following estimates result: $519,894,712 and $547,657,318. Assuming that a viable Section 17200 claim exists, and using these numbers as the base estimates for the most likely result at trial, the settlement in favor of the Federal Classes represents **38.5** percent and **36.5** percent,

---

[1] For the California Class, its $35 million recovery is **82.1** percent of the average of the two damage approaches available to the California Class under the Court's March 30, 2010 Request for Calculations for Trial (Dkt. No. 842 at 7).

respectively, of the most likely recoverable damages under Securities Act §§ 11 and 12(a)(2) *and* Section 17200.

Although not as strong as a recovery approximating 45% of damages, these metrics *still* represent a very substantial recovery that is fair, adequate and reasonable and far in excess of the 8.75% recovery percentage approved by this Court in *In re Critical Path, Inc. Secs. Litig.*, 2002 U.S. Dist. LEXIS 26399 (N.D. Cal. June 18, 2002), and the median securities class action settlement as a percentage of estimated "plaintiffs-style" damages in the Ninth Circuit, which is only 2.2%. Dkt. No. 853, Exh. A at 4, 15.[2] This is especially true given (i) the Court's failure to certify a Section 17200 nationwide class, and (ii) the Ninth Circuit's ruling – issued *after* the Court certified the California Class here – that the Investment Company Act (the "ICA") does not offer a private right of action under ICA Section 13(a), upon which Plaintiffs' Section 17200 is predicated here. *See Northstar Financial Advisors, Inc. v. Schwab Investments*, 615 F.3d 1106 (9th Cir. 2010). Thus, the proposed settlement is fair, adequate and reasonable, even when considering a hypothetical Section 17200 recovery for non-California members of the Federal Classes.

Pentz is undoubtedly setting up a speculative appeal that will prejudice the Classes with substantial delay. Such an appeal will be frivolous, as there is no chance that the Ninth Circuit will find that the Court has clearly abused its discretion in approving the settlement. *See City of Seattle*, 955 F.2d at 1276. The Classes intend to exercise all legal rights against Pentz and his colleague should he file an appeal, including a contemplated racketeering claim.

---

[2] We should also be mindful of the Securities Exchange Commission settlement with Schwab, which will result in the distribution of an additional $118,944,996 to YieldPlus Fund investors under the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002.

PLAINTIFFS' SECOND SUPP. MEMO. ISO
FINAL APPROVAL AND AWARD OF FEES
08-cv-01510 WHA - 3 -
010036-12 429711 V1

Dated: March 9, 2011

HAGENS BERMAN SOBOL SHAPIRO LLP
Reed R. Kathrein
Peter E. Borkon
715 Hearst Avenue, Suite 202
Berkeley, CA 94710
Telephone: (510) 725-3000
Facsimile: (510) 725-3001
reed@hbsslaw.com
peterb@hbsslaw.com

By:   s/ Steve W. Berman
         Steve W. Berman
Sean R. Matt
Erin K. Flory
Lisa M. Hasselman
HAGENS BERMAN SOBOL SHAPIRO, LLP
1918 Eighth Avenue, Suite 3300
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594
steve@hbsslaw.com
sean@hbsslaw.com
erin@hbsslaw.com
lisah@hbsslaw.com

*Attorneys for Lead Plaintiffs and the Classes*