UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

IN RE CHARLES SCHWAB CORP.
SECURITIES LITIGATION

No. 08-cv-01510 WHA

THIS DOCUMENT RELATES TO:

All Actions

DECLARATION OF MICHAEL JOAQUIN REGARDING NOTICE
TO ADDITIONAL INTERMEDIARY ACCOUNT CLASS MEMBERS

I, Michael Joaquin, declare:

1.      I submit this declaration in order to provide the Court and the parties to the above-captioned litigation with information regarding the provision of notice to Class Members that held YieldPlus Fund shares at broker-dealer intermediaries other than Charles Schwab Corporation ("Schwab"). I am over 21 years of age and am not a party to this action. I have personal knowledge of the facts set forth herein and, if called as a witness, could and would testify competently thereto.

2.      I am employed by Gilardi & Company, LLC ("Gilardi"), located at 3301 Kerner Blvd., San Rafael, California. Gilardi was retained as the Notice and Settlement Administrator in this matter. I oversaw the notice services Gilardi provided in accordance with the Order Regarding Notice to Intermediary Account Class Members and Final Fairness Hearing that was entered by the Court on January 5, 2011.

3.      In response to the Court's December 21, 2010 Order to Show Cause requiring certain Intermediary Brokers to appear and demonstrate why they should not be sanctioned for failing to provide required information about their clients who held YieldPlus Shares, each of the affected Intermediary Brokers sent Gilardi sufficient information to allow notice to be sent to the Intermediary Brokers' clients. This declaration addresses the notices that were sent to the persons and entities identified in that information, as set forth below.

4.      Gilardi received from previously non-responding Intermediary Brokers the names, addresses and at least some transactional information for 654 potential Federal Class Members. In accordance with the Order, Gilardi prepared a Notice, Record of Fund Transactions, Transaction Dispute Form, and Account Activity Detail (collectively, the "Federal Notice Package") for each such potential Federal Class Member and sent it on January 28, 2011 to the address provided by the broker-dealer intermediary. An exemplar of the Federal Notice Package is attached as Exhibit "A".

5.      Of the 654 Federal Notice Packages that were sent to addresses provided by broker-dealer intermediaries, 17 were returned to Gilardi as undeliverable mail. Using the

services of a reputable address search firm, Gilardi was able to find updated or alternative addresses for 8 of these addressees, and remailed the Federal Notice Packages to the new address.

6.  Gilardi also received names, addresses and at least some transactional information for 40 potential California Class Members.  In accordance with the Order, Gilardi prepared a Notice, Record of Fund Transactions, Transaction Dispute Form, and Account Activity Detail (collectively, the "California Notice Package") for each such potential California Class Member and sent it on January 29, 2011 to the address provided by the broker-dealer intermediary.  An exemplar of the California Notice Package is attached as Exhibit "B".

7.  No California Notice Packages were returned to Gilardi as undeliverable mail.

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed this 9th day of March, 2011, at San Rafael, California.

MICHAEL JOAQUIN

# Exhibit A

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE CHARLES SCHWAB CORP. SECURITIES LITIGATION | No. 08-cv-01510 WHA |
| THIS DOCUMENT RELATES TO:<br><br>All Actions | |

### NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF CLASS ACTION

*IF YOU ACQUIRED SHARES OF THE SCHWAB YIELDPLUS FUND (THE "FUND") BETWEEN MAY 31, 2006, AND MARCH 17, 2008, YOU COULD RECEIVE A PAYMENT FROM A CLASS ACTION SETTLEMENT.*

A federal court authorized this Notice. This is not a solicitation from a lawyer.

**Securities and Time Period:** Schwab YieldPlus Fund shares acquired between May 31, 2006, and March 17, 2008.

**Settlement Fund:** $202,762,136.61 in cash. Your recovery will depend on the amount of shares acquired (including shares acquired through the reinvestment of dividends) and the timing of those acquisitions, and any sales. Depending on the number and type of shares that participate in the settlement and when those shares were acquired and sold, the estimated average recovery per share will be approximately $0.19 per share or 23.4 percent of alleged recoverable damages before deduction of Court-approved fees and expenses.

The enclosed Record of Fund Transactions from May 31, 2006, to June 1, 2008 and Estimate of Settlement Payment lists the Fund shares you acquired and sold between May 31, 2006 and June 1, 2008 and estimates your total recovery from the settlement. The Settlement does not provide for payments regarding Fund shares you acquired after March 17, 2008, but your sales of Fund shares, if any, through June 1, 2008 are part of the Court approved method for calculating your share of the settlement. If you believe the Record of Fund Transactions is incorrect or incomplete, please contact the Settlement Administrator as described below.

**Reasons for Settlement:** The core of Plaintiffs' case is that Defendants represented the Fund was designed to "maintain share price stability" but concealed risks in achieving this investment objective due to concentrations in mortgaged-backed securities and corporate bonds that were related to real estate. As strongly as Lead Plaintiffs and Lead Counsel believed in their case, Defendants' defenses were well received by two different mediators with whom the parties met on at least five different occasions. Among the significant risks perceived were (i) Defendants – who deny having any liability to Lead Plaintiffs or to the members of the Federal Classes (described below) – could point to language in the disclosure documents which arguably put Class Members on notice of the risks associated with the Fund's investments in mortgage-backed securities, (ii) Defendants argued that the housing crisis was unprecedented and caught even the most sophisticated financial firms by surprise, thus no known and foreseeable risk existed and thus no misrepresentation was made, and (iii) the amount of alleged damages was a battle of the experts with Defendants' experts claiming zero alleged damages were related to the misrepresentations alleged in the lawsuit.

It is impossible to predict how a jury might resolve this case. Settlement avoids the uncertainty of a jury trial, the costs and risks associated with continued litigation, including the danger of no recovery, and provides a substantial benefit to the Class now.

If the case proceeded to trial, plaintiffs would have claimed Section 11 alleged damages of $651 million or Section 12 alleged damages of up to $889 million. Again, Defendants would have argued no alleged damages existed. To put this settlement in context, the average settlement of cases at the $200 million level according to a study by Cornerstone Research was 4.6 percent of alleged damages. This settlement is 35.9 percent of Section 11 alleged damages and 23.4 percent of Section 12 alleged damages.

**If the Case Had Not Settled:** The settlement must be compared to the risk of no recovery after contested motions, trial and likely appeals. While Lead Counsel was prepared to go to trial and was confident about the case, a trial is a risky proposition and Lead Plaintiffs might not have prevailed. The claims in this case involve numerous complex legal and factual issues that would require extensive and costly expert testimony. Among the issues about which the two sides do not agree are: (1) the amount of alleged damages, if any, that could be recovered at trial; (2) the other causes of the losses to the Fund during the relevant period; (3) the proper measure of alleged damages; (4) the extent that various facts

alleged by the Lead Plaintiffs were materially false or misleading; (5) the extent that various facts alleged by the Lead Plaintiffs influenced the net asset value of the Fund during the relevant period; and (6) whether the facts alleged were material, false, misleading or otherwise actionable under the securities laws.

**Attorneys' Fees and Expenses:** Lead Counsel has not received any payment for their work investigating the facts, conducting this litigation and negotiating the settlement on behalf of the Lead Plaintiffs and the Class. Court-appointed Lead Counsel will ask the Court for attorneys' fees of up to ten percent of the Settlement Fund, which amount will *include* counsel's reimbursement of out-of-pocket expenses. The exact amount is subject to the retainer agreement with Lead Plaintiffs and cannot be determined until after the settlement administration process is complete. In addition, Lead Plaintiffs incurred labor and expenses directly related to the representation of the Class for which they will seek reimbursement not to exceed $25,000 per plaintiff.

**Deadline:**

Request to be Excluded: March 2, 2011

File Objection and/or Request to be Heard by the Court: March 2, 2011

**Court Hearing on Fairness of Settlement:** March 10, 2011, at 3:00 p.m.

**More Information:** www.SchwabYieldPlusSettlement.com or

| Settlement Administrator: | Lead Counsel: |
|---|---|
| *In re Charles Schwab Corporation* | Steve W. Berman |
| *Securities Litigation* | Hagens Berman Sobol Shapiro LLP |
| c/o Gilardi & Co. LLC | 1918 Eighth Avenue, Suite 3300 |
| Settlement Administrator | Seattle, WA 98101 |
| P.O. Box 8040 | |
| San Rafael, CA 94912-8040 | |

1-888-955-2703

classact@gilardi.com

• Your legal rights are affected whether you act or don't act. Read this Notice carefully.

## YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT:

| | |
|---|---|
| **REQUEST EXCLUSION** | You may ask to be excluded from the Federal Classes. |
| **OBJECT** | You may write to the Court if you do not like this settlement. |
| **DO NOTHING** | You may choose to do nothing in response to this notice. See Question 20. |
| **GO TO THE SETTLEMENT APPROVAL HEARING** | You may ask to speak in Court about the fairness of the settlement. |

• These rights and options – *and the deadlines to exercise them* – are explained in this Notice.

The Court in charge of this case must decide whether to approve the settlement. Payments will be made if the Court approves the settlement and, if there are any appeals, after appeals are resolved. Please be patient.

## BASIC INFORMATION

### 1. Why Did I Receive This Notice Package?

You or someone in your family may have acquired Schwab YieldPlus Fund shares between May 31, 2006, and March 17, 2008, through purchase of such shares or a dividend reinvestment in the Fund.

You received this Notice Package by order of the Court, because you have a right to know about a proposed settlement of a class action lawsuit, and about all of your options, before the Court decides whether to approve the settlement. If the Court approves it, and after any objections or appeals are resolved, the Settlement Administrator appointed by the Court will make the payments that the settlement allows.

This package explains the lawsuit, the settlement, your legal rights, what benefits are available, who is eligible for them, and how to get them.

Class Members who purchased their YieldPlus Fund shares directly from Charles Schwab & Co., Inc. were previously mailed notice of pendency of this case and of the proposed settlement. At the time those notices were mailed, the Settlement Administrator did not have information for the accounts that purchased YieldPlus Fund shares through a broker *other* than Charles Schwab & Co., Inc. You have been identified as having purchased YieldPlus Fund shares at any time from May 31, 2006 through March 17, 2008 with a broker *other* than Charles Schwab & Co., Inc. and are, consequently, being mailed this notice through a supplemental notice process.

The Court in charge of the case is the United States District Court for the Northern District of California, and the case is known as *In re Charles Schwab Corporation Securities Litigation*, Case No. 08-cv-01510 WHA. The persons who sued are called the Lead Plaintiffs, and the companies and the individuals they sued, The Charles Schwab Corporation, Charles Schwab & Co., Inc., Charles Schwab Investment Management, Inc., Schwab Investments, Charles R. Schwab, Evelyn Dilsaver, Randall W. Merk, George Pereira, Matthew Hastings, Mariann Byerwalter, Donald F. Dorward, William A. Hasler, Robert G. Holmes, Gerald B. Smith, Donald R. Stephens, Michael W. Wilsey, and Kimon Daifotis, are called the Defendants.

### 2. What Is This Lawsuit About?

This case was brought as a class action alleging that Defendants made false and misleading statements and omissions in the registration statements and prospectus issued by the YieldPlus Fund during the period between May 31, 2006, and March 17, 2008, about the investment profile and objectives of the YieldPlus Fund. The Lead Plaintiffs allege that Defendants violated federal and state law in registering, marketing and selling the Fund as a stable bond fund which had "minimal" risk of a fluctuating share price. Lead Plaintiffs allege that the Fund was not "stable" and "safe," because it was comprised of mortgage-backed securities and corporate finance bonds making the Fund riskier than represented, and eventually the true risks presented by the assets held by the Fund were revealed, resulting in losses to Fund investors. Defendants deny that they did anything wrong and that the Lead Plaintiffs or anyone else may recover alleged damages from any Defendant.

### 3. Why Is This a Class Action?

In a class action, one or more people called class representatives (in this case the Court-appointed Lead Plaintiffs, Kevin O'Donnell, James Coffin, John Hill, David Mikelonis, and Robert Dickson) sue on behalf of people who have similar claims. All these people are called a Class or Class Members. One court resolves the issues for all Class Members, except for those who exclude themselves from the Class. Judge William Alsup of the Northern District of California, in San Francisco, California, is in charge of this class action. Judge Alsup certified classes in this case on August 21, 2009. There are two classes that are covered by the Settlement, called the "Federal Classes":

(1) all persons or entities who acquired shares of the Fund traceable to a false and misleading registration statement for the Fund and who were damaged thereby during the period November 15, 2006, through March 17, 2008, inclusive (the "Section 11 Class"); and

(2) all persons or entities who acquired shares of the Fund traceable to a false and misleading prospectus for the Fund and who were damaged thereby, during the period May 31, 2006, through March 17, 2008, inclusive (the "Section 12 Class").

"Section 11" and "Section 12" are sections of the Securities Act of 1933.

### 4. Why Is There a Settlement?

The Court did not decide in favor of Lead Plaintiffs or Defendants. Instead, both sides agreed to a settlement. The Lead Plaintiffs and their attorneys think the settlement is best for all Class Members.

Defendants claim that they fully disclosed the risks presented by mortgage-backed securities. Further, Defendants claim such investments were not risky at the time, and the Fund's assets were mainly AAA rated. Only an unprecedented economic crisis that few in the country foresaw caused the loss in Fund share value. For more information on the disclosures at issue, visit Hagens Berman's website at www.hbsslaw.com, where documents from the litigation are posted, including the statements at issue in the prospectuses.

Lead Counsel engaged in five different mediation sessions, with two federal magistrate judges as mediators. Lead Counsel conducted a mock test trial. All of the above experiences indicated that there were substantial risks to Lead Plaintiffs obtaining the unanimous verdict that is required in federal court.

### WHO IS IN THE SETTLEMENT

To see if you will receive money from this settlement, you first have to determine if you are a Member of either of the Federal Classes.

### 5.  How Do I Know if I Am Part of the Settlement?

The Federal Classes include those who acquired Schwab YieldPlus Fund shares between May 31, 2006 (November 15, 2006, for the Section 11 Class) and March 17, 2008.

### 6.  What Are The Exceptions to Being Included?

You are not a Member of a Federal Class if you are a Defendant, a member of the immediate family of one of the Individual Defendants listed in question 1, a current or former director or officer of Defendants, or a legal representative, heir, successor, or assign of any excluded party, or if you timely meet the requirements for opting out of a Federal Class. You are also excluded from the Federal Classes if you have arbitrated to final judgment any of the Released Claims, have previously settled any of the Released Claims, or the Settling Parties have agreed to allow you to be excluded from the Federal Classes.

If you sold Schwab YieldPlus Fund shares between May 31, 2006 and March 17, 2008, that alone does not make you a Class Member.  You are a Class Member only if you acquired Schwab YieldPlus Fund shares between May 31, 2006 and March 17, 2008 (including acquisitions through dividend reinvestments).

### 7.  I'm Still Not Sure if I Am Included

If you are still not sure whether you are included, you can ask for free help.  You can contact the Settlement Administrator at the toll free number:  1-888-955-2703 or via email at classact@gilardi.com for more information.

### REQUESTING EXCLUSION

### 8.  How Do I Request to Be Excluded From the Class?

You may choose to exclude yourself from this class action at this time, with respect to shares held at broker-dealers other than Charles Schwab & Co., Inc.  In order to properly exclude yourself, if you have not done so already, your exclusion must be postmarked no later than March 2, 2011.  If you request exclusion, you will **NOT** receive any benefits under the proposed settlement.

In order to be valid, your request for exclusion must (i) set forth the name and address of the person or entity requesting exclusion, (ii) state that such person or entity requests exclusion from the class in this action, (iii) be signed and dated by such person or entity, (iv) state the name of the broker at which such person or entity held YieldPlus Fund shares, and (v) be postmarked no later than March 2, 2011.  Requests for exclusion must be mailed to the following address:

> Steve W. Berman
> Hagens Berman Sobol Shapiro LLP
> 1918 Eighth Avenue, Suite 3300
> Seattle, WA 98101

Do not request exclusion if you wish to participate in this lawsuit as a class member. If you exclude yourself from this action, you will not be affected by any decisions in this action, and you will not be entitled to share in any recovery in this action. If you intend to bring your own arbitration or lawsuit, you should request exclusion.

If you do not request exclusion from this action, you will be considered a Member of the Class, will be bound by the terms of the proposed settlement or, if the settlement is not approved, by the results of this litigation, whether favorable or unfavorable and you will not be able to pursue your own individual legal action based upon the claims asserted in this class action.

### THE SETTLEMENT BENEFITS – WHAT YOU GET

### 9.  What Does the Settlement Provide?

Defendants have agreed to pay $202,762,136.61 in cash.  With the exception of unclaimed funds for shares held at brokers other than Charles Schwab & Co., Inc., the balance of this fund after payment of Court-approved attorneys' fees and expenses and the costs of settlement administration, including the costs of printing and mailing this Notice (the "Net Settlement Fund") will be divided among Class Members.

### 10.  How Much Will My Payment Be?

Your share of the Net Settlement Fund will depend on the number of Class Members and how many Fund shares Class Members acquired during the relevant period and when you acquired and sold Fund shares.  The enclosed Record of Fund Transactions from May 31, 2006 to March 17, 2008 and Estimate of Settlement Payment lists the Fund shares you acquired and sold between May 31, 2006 and March 17, 2008 and estimates your total recovery from the settlement.

4

If you believe the Record of Fund Transactions is incorrect or incomplete, please contact the Settlement Administrator as described below in Question 21.

Your share will be calculated as follow:

(A) Pursuant to Section 11 of the Securities Act, for shares purchased November 15, 2006 through March 17, 2008, the alleged damages are the difference between the Net Asset Value of the Fund ("NAV") on the date of purchase and the NAV on the date of sale, if the shares were disposed of in the market prior to March 17, 2008. If shares were held until March 17, 2008, the amount per share is the difference between the NAV on the date of purchase and $7.96, which is the NAV for both the Investor Fund and the Select Fund as of that date. If the shares were sold after the close of trading on March 17, 2008, the amounts are the lesser of (i) the difference between the purchase NAV and the sale NAV; or (ii) the difference between the purchase NAV and $7.96.

(B) Pursuant to Section 12 of the Securities Act, recovery is calculated as follows: For shares purchased May 31, 2006 through March 17, 2008 and still held as of June 1, 2008, amounts are the NAV on date of purchase, plus interest earned at the Federal Treasury bill rate through June 1, 2008, less any income received through June 1, 2008, less the NAV on June 2, 2008 which was $6.32 for the Investor and $6.31 for the Select Fund. If shares were sold prior to June 1, 2008, amounts are calculated as the difference between the NAV on date of purchase and the NAV on date of sale, plus interest earned at the Federal Treasury bill rate through the date of sale, minus any income received from the date of purchase through the date of sale. For any shares disposed of after June 1, 2008, the amounts are calculated the same way as for those shares retained as of that date.

The amount received will be the greater of A or B above. In the event that Recognized Losses exceed the Net Settlement Fund, settlement distributions from the Net Settlement Fund will be awarded on a pro-rata basis.

The date of purchase or sale is the "contract" or "trade" date as distinguished from the "settlement" date.

For Class Members who held Schwab YieldPlus shares at the beginning of the Class Period or made multiple purchases or sales during the Class Period, the first-in, first-out ("FIFO") method will be applied to such holdings, purchases and sales for purposes of calculating a settlement payment from the Net Settlement Fund. Under the FIFO method, sales of shares during the Class Period will be matched, in chronological order, first against shares held at the beginning of the Class Period. The remaining sales of shares during the Class Period will then be matched, in chronological order, against shares acquired during the Class Period.

A Class Member will be eligible to receive a distribution from the Net Settlement Fund only if a Class Member had a net loss, after all profits from transactions in Schwab YieldPlus shares during the Class Period are subtracted from all losses.

## HOW YOU OBTAIN A PAYMENT

### 11. How Will I Obtain a Payment?

To qualify for payment, you must be a member of one or both of the Federal Classes that are referred to on page 3 of this Notice and must not request exclusion. You do not need to submit a claim or a request for payment. Your transactions that qualify for a share of the settlement have been obtained from your broker's transaction records and a list of those transactions is enclosed with this Notice. Your estimated recovery is also enclosed. If you feel the listed transactions are inaccurate, you should notify the Settlement Administrator within 45 days of this Notice. You may contact the Settlement Administrator at 1-888-955-2703, by email at classact@gilardi.com, or visit the website at www.SchwabYieldPlusSettlement.com.

### 12. When Will I Receive My Payment?

If Judge Alsup approves the settlement, there may be appeals. It is always uncertain whether these appeals can be resolved, and resolving them can take time, perhaps several years. Please be patient. If the Court approves the Settlement, your check will be mailed to you – *YOU DO NOT NEED TO FILE A CLAIM FORM*.

## THE LAWYERS REPRESENTING YOU

### 13. Do I Have a Lawyer in This Case?

The Court appointed Hagens Berman to represent you and other Class Members. These lawyers are called Lead Counsel. You will not be charged for these lawyers. If you want to be represented by your own lawyer, you may hire one at your own expense.

### 14. How Will the Lawyers Be Paid?

Lead Counsel have asked the Court for attorneys' fees of between 8 and 9% of the Settlement Fund (an average of $0.016 per share) which amount includes their out-of-pocket expenses, which exceed $2 million, and were advanced in connection with the litigation. Such sums as may be approved by the Court will be paid from the Settlement Fund. Class Members are not personally liable for any such fees or expenses.

The attorneys' fees and expenses requested will be the only payment to Lead Counsel for their efforts in achieving this settlement and for their risk in undertaking this representation on a wholly contingent basis. To date, Lead Counsel has not been paid for their services in conducting this litigation on behalf of the Lead Plaintiff and the Class, nor for their substantial out-of-pocket expenses. The fee requested will compensate Lead Counsel for their work in achieving the Settlement Fund and is well within the range of fees awarded to class counsel under similar circumstances in other cases of this type. The Court may award less than this amount. Lead Counsel have filed papers in support of their fee request and posted copies of such papers on the firm's website (www.hbsslaw.com), and any additional filings in support of the fee request will also be posted on the firm's website.

### RELEASE OF SETTLEMENT

### 15. Release

Your settlement check will have a release enclosed with it. A release means you cannot bring another lawsuit involving Schwab shares purchased in the Class Period. The language of the release is attached to this Notice.

### OBJECTING TO THE SETTLEMENT

You can tell the Court that you do not agree with the settlement or some part of it.

### 16. How Do I Tell the Court that I Do Not Like the Settlement?

If you are a Class Member, you can object to the settlement if you do not like any part of it, including the request for attorneys' fees. You can state the reasons why you think the Court should not approve it. The Court will consider your views. To object, you must send a letter saying that you object to the settlement in *In re Charles Schwab Corporation Securities Litigation*, Case No. C 08-01510 WHA. Be sure to include your name, address, telephone number, your signature, the number and type of Schwab YieldPlus Fund shares acquired between May 31, 2006 and March 17, 2008 and the reasons you object. Any objection must be mailed or delivered such that it is received by each of the following no later than March 2, 2011:

*Court:*

Clerk of the Court
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
United States Courthouse
450 Golden Gate Avenue
San Francisco, CA 94102

*Counsel for Lead Plaintiff:*

Steve W. Berman
Hagens Berman Sobol Shapiro LLP
1918 Eighth Avenue, Suite 3300
Seattle, WA 98101

*Counsel for Defendants:*

Karin Kramer
Quinn Emanuel Urquhart & Sullivan
50 California Street
22nd Floor
San Francisco, CA 94111-4788

You can object *only if* you are a member of one of the certified classes and have not requested to be excluded.

### THE COURT'S FAIRNESS HEARING

The Court will hold a hearing to decide whether to approve the settlement. You may attend and you may ask to speak, but you do not have to.

### 17. When and Where Will the Court Decide Whether to Approve the Settlement?

The Court has scheduled a fairness hearing for March 10, 2011 at 3:00 p.m. for those Class Members who purchased YieldPlus Fund shares at any time from May 31, 2006 through March 17, 2008, through a broker *other* than Charles Schwab & Co., Inc. and are receiving this notice (the Court previously held fairness hearings for other class

members who previously received their notice). The hearing will be held at the United States Courthouse, 450 Golden Gate Avenue, San Francisco, California. At this hearing, the Court will consider whether the settlement is fair, reasonable, and adequate. If there are objections, the Court will consider them. Judge William Alsup will listen to people who have asked to speak at the hearing. The Court will also consider how much to pay to Lead Counsel. The Court may decide these issues at the hearing or take them under consideration. We do not know how long these decisions will take.

### 18. Do I Have to Come to the Hearing?

No. Lead Counsel will answer questions Judge Alsup may have. But, you are welcome to come at your own expense. If you send an objection, you do not have to come to Court to talk about it. As long as you mailed your written objection on time, the Court will consider it. You may also pay your own lawyer to attend, but it is not necessary.

### 19. May I Speak at the Hearing?

You may ask the Court for permission to speak at the fairness hearing on March 10, 2011. To do so, you must send a letter saying that it is your intention to appear in *In re Charles Schwab Corporation Securities Litigation Case*, No. C 08-01510 WHA. Be sure to include your name, address, telephone number, your signature, and the number and type of Schwab YieldPlus shares acquired between May 31, 2006 and March 17, 2008. Your notice of intention to appear must be postmarked no later than March 2, 2011 and be sent to the Clerk of the Court, Lead Counsel, and Defendants' counsel, at the three addresses listed in question 16. You cannot speak at the hearing if you have excluded yourself from the certified classes of which you would have been a member.

### IF YOU DO NOTHING

### 20. What Happens if I Do Nothing at All?

If you do nothing, and if certain conditions that are listed in a publicly-filed Stipulation of Settlement between the Lead Plaintiffs and the Defendants are met, the Settlement Administrator will calculate your share of the settlement and send you a check of that amount, and you won't be able to start a lawsuit of any kind, including an arbitration, continue with a lawsuit of any kind, including an arbitration, or be part of any other lawsuit or arbitration against the Defendants about the Released Claims, which are described in the Stipulation of Settlement.

### GETTING MORE INFORMATION

### 21. Are There More Details About the Settlement?

This Notice summarizes the proposed settlement. More details are in the April 23, 2010, Stipulation of Settlement. You can obtain a copy of the Stipulation of Settlement by writing to Steve Berman, c/o Hagens Berman Sobol Shapiro LLP, 1918 Eighth Avenue, Suite 3300, Seattle, WA 98101.

### 22. How Do I Get More Information?

You can contact the Settlement Administrator by phone at 1-888-955-2703, by email at classact@gilardi.com, or visit the website at www.SchwabYieldPlusSettlement.com.

### *PLEASE DO NOT TELEPHONE THE COURT REGARDING THIS NOTICE*

Date: San Francisco, California                    BY ORDER OF THE
      January 5, 2011                          UNITED STATES DISTRICT COURT
                                      FOR THE NORTHERN DISTRICT OF CALIFORNIA

## RELEASE TO ACCOMPANY CHECK

You have received the enclosed check from the Settlement Administrator in *In re Charles Schwab Corporation Securities Litigation*, Case No. 08-cv-0151O WHA (Northern District of California) (the "Class Action"), because you have been identified as a member of one or both of two classes certified by the United States District Court for the Northern District of California. By cashing the enclosed check, you provide an additional release to all "Released Persons" from all "Released Claims." This Release is an "additional release" because the _____, 2011 Judgment in *In re Charles Schwab Corporation Securities Litigation* independently orders that you have released the Released Claims against the Released Persons.

"Released Claims" means any and all claims or causes of action, demands, rights, liabilities, suits, debts, obligations and causes of action of every nature and description whatsoever, direct or class, arbitrable or non-arbitrable, known or unknown (including Unknown Claims as defined below), contingent or absolute, mature or unmature, discoverable or undiscoverable, whether concealed or hidden, asserted or that might have been asserted against the Released Parties based upon, arising out of, or related in any way whatsoever to any of the facts, transactions, events, occurrences, disclosures, statements, acts, omissions or failures to act which were or could have or might have been alleged in or embraced or otherwise referred to or encompassed by the Class Action, and which arise out of or relate to the subject matter of the Class Action, regardless of upon what legal theory based, whether legal or equitable, including without limitation, claims for negligence, gross negligence, fraud, breach of fiduciary duty, breach of the duty of care or loyalty or violations of the common law, administrative rule or regulation, tort, contract, equity, or otherwise or of any state or federal statutes, rules or regulations, including unfair competition or business practices statutes. Claims that Defendants improperly defended or settled the Class Action and claims that were or could have been asserted under Section 17200 of the California Business & Professions Code are also Released Claims. "Unknown Claims" means any Released Claims that you do not know or suspect to exist in your favor but which, if known by you, might have affected your additional release of the Released Parties.

"Released Persons" means each and all of the Defendants and each and all of their Related Parties. "Defendants" means The Charles Schwab Corporation, Charles Schwab & Co., Inc., Charles Schwab Investment Management, Inc., Schwab Investments, Charles R. Schwab, Evelyn Dilsaver, Randall W. Merk, George Pereira, Matthew Hastings, Mariann Byerwalter, Donald F. Dorward, William A. Hasler, Robert G. Holmes, Gerald B. Smith, Donald R. Stephens, Michael W. Wilsey, and Kimon Daifotis. "Related Parties" means each and any of Defendants' respective past, present or future directors, officers, employees, partnerships and partners, principals, agents, controlling shareholders, any entity in which any Defendant or any member(s) of that Defendant's immediate family has or have a controlling interest (directly or indirectly), attorneys, accountants, auditors, investment banks and investment bankers, underwriters, advisors, financial advisors, personal or legal representatives, analysts, agents, associates, servants, insurers, co-insurers and reinsurers, predecessors, successors, parents, subsidiaries, divisions, assigns, joint ventures and joint venturers, spouses, heirs, executors, administrators, related or affiliated entities, members of an Individual Defendant's immediate family, and any trust of which any Defendant is the settlor or which is for the benefit of any Individual Defendant or member(s) of his family, and all other Persons. "Person" means a natural person, individual corporation, partnership, limited partnership, limited liability company, association, joint venture, joint venturer, joint stock company, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any business or legal entity and, as applicable, their/its respective spouses, heirs, executors, administrators, predecessors, successors, representatives, or assignees.

8

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

*In re Charles Schwab Corp. Securities Litigation*
Civil Action No. 08-cv-01510 WHA



# IMSCHWAB

«‖‖‖‖‖‖» IMSCHWAB-«ClaimID»-«CheckDigit»
«Name1»
«Name2»
«Name3»
«Name4»
«Address1»
«City», «State»  «Zip»

**Please do not use Pencil or Red Ink.**

Name and Address Changes (if any):

First Name

Last Name

Address

City

State    Zip Code

Dear Investor,

Gilardi & Co. LLC ("Gilardi") has been retained to administer the Charles Schwab Corp. Securities Litigation Settlement.  You are receiving this form because we have been provided with records involving your transactions in Schwab YieldPlus Fund shares between May 31, 2006 and March 17, 2008.  The following pages contain a summary of your eligible transactions based on records of your Schwab YieldPlus Fund investments.

**Please review the enclosed Record of Fund Transactions in Section II and the Account Activity Detail in Section IV.**  Please see the Transaction Dispute Form in Section III for instructions on how to correct or submit additional transactions you would like to claim.

If you have any questions, please call 1-888-955-2703, send an email to classact@gilardi.com, or visit the case website at www.SchwabYieldPlusSettlement.com.

Regards,

Settlement Administrator

**SECTION I. BACKGROUND INFORMATION** You may refer to the enclosed Notice of Pendency and Proposed Settlement of Class Action to determine your recoverable damages.  In summary, your Recognized Loss will be based upon the number of shares you purchased of Schwab YieldPlus during the relevant period less any income received and sales proceeds received from selling such shares.  In the event that Recognized Losses exceed the Net Settlement Fund, settlement distributions from the Net Settlement Fund will be awarded on a pro-rata basis.  Please note that your estimated settlement payment is an **estimate** only and will not be finally determined until all fees and costs related to the Settlement are finalized and the Settlement is approved.

Questions?  Please call 1-888-955-2703, email classact@gilardi.com or visit www.SchwabYieldPlusSettlement.com

| For Claims Processing Only | ○ ND |  |
|---|---|---|
|  | ○ CHG. ADR | ☐ / ☐ / ☐ |
|  | ○ OTHER |  |

# SCHWAB YIELDPLUS FUND

## SECTION II. RECORD OF FUND TRANSACTIONS - SUMMARY

### NO ACTION IS NECESSARY TO RECEIVE PAYMENT

Enclosed for your review is a summary of your recoverable damages in the Schwab YieldPlus Fund.  Your Recognized Loss will be based on the larger of the calculated losses per Section 11 or 12(a)(2) of the Securities Act of 1933.  Please refer to Question No. 9 in the Notice for details on how this calculation was determined.

In addition, enclosed for your review is an Account Activity Detail of the Record of Fund Transactions in Section IV.  The transactions detailed there were used in determining the Summary of Activity listed here in Section II.

|  |  | **SHARES** | **AMOUNT** |
|---|---|---|---|
| A. | Number of shares held at the close of business on May 30, 2006: | «BeginBalance053106» |  |
| B. | Total shares acquired and amount paid:<br>(May 31, 2006 – March 17, 2008) | «SharesBought» | «BoughtValue» |
| C. | Total shares acquired through reinvestment and amount paid:<br>(May 31, 2006 – March 17, 2008) | «SharesReInvested» | «ReinvestedValue» |
| D. | Total shares sold and proceeds received and income received, if any:<br>(May 31, 2006 – June 1, 2008) | «SharesSold» | «SoldIncomeValue» |

| | |
|---|---|
| **SUMMARY OF ALLOWED LOSS UNDER SECTION 11:** | «AllowedLossSection11» |
| **SUMMARY OF ALLOWED LOSS UNDER SECTION 12:** | «AllowedLossSection12» |
| **ESTIMATED SETTLEMENT PAYMENT:** | «EstPayment» |

Questions?  Please call 1-888-955-2703, email classact@gilardi.com or visit www.SchwabYieldPlusSettlement.com



# SCHWAB YIELDPLUS FUND
## SECTION III. TRANSACTION DISPUTE FORM

**Must Be Postmarked No
Later Than March 17, 2011**

# IMSCHWAB

«llllll» IMSCHWAB-«ClaimID»-«CheckDigit»
«Name1»
«Name2»
«Name3»
«Name4»
«Address1»
«City», «State» «Zip»

Upon review and discussion with your broker, the records provided are missing key information that is required to calculate a claim on your behalf. In the space provided below, please supply information regarding the following:

-Shares Held as of May 30, 2006
-Cash Dividends received between May 31, 2006 and June 1, 2008
-Shares acquired through reinvestments between May 31, 2006 and June 1, 2008

You must submit documentation supporting these positions and transactions.

**If you do NOT provide information as set forth above, your claim may not be eligible for payment from the Settlement Fund.**

If you disagree with any of the summary information from Section II, please complete this section and mail this form with supporting documentation by March 17, 2011 to:

In re Charles Schwab Corp. Securities Litigation
Claims Administrator
P.O. Box 8040
San Rafael, CA 94912-8040

|  | Number of Shares | Amount $ |
|---|---|---|
| A. Number of shares held at the close of business on May 30, 2006 | | |
| B. Total shares acquired and amount paid: (May 31, 2006 - March 17, 2008) | | $ .00 |
| C. Total shares acquired through reinvestment and amount paid: (May 31, 2006 - March 17, 2008) | | $ .00 |
| D. Total shares sold and proceeds received and income received, if any: | | $ .00 |

Questions? Please call 1-888-955-2703, email classact@gilardi.com or visit www.SchwabYieldPlusSettlement.com



# SCHWAB YIELDPLUS FUND
## SECTION IV. SCHEDULE A - ACCOUNT ACTIVITY DETAIL

ACCOUNT ID: «AccountNumber»
«FUNDNAME»
CLAIM ID - IMSCHWAB - «ClaimID» - «CheckDigit»

A.   Total shares held at the close of business on May 30, 2006:      «BeginBalance053106»
B.   Fund Activity between May 31, 2006 and June 1, 2008:

| Trade Date | Transaction Type | Shares | Amount |
|------------|------------------|--------|--------|



Exhibit B

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE CHARLES SCHWAB CORP. SECURITIES LITIGATION | No. 08-cv-01510 WHA |
| THIS DOCUMENT RELATES TO:<br><br>All Actions | |

NOTICE OF PROPOSED SETTLEMENT OF CALIFORNIA CLASS ACTION

*IF YOU WERE A CALIFORNIA RESIDENT AND HELD SHARES OF THE SCHWAB YIELDPLUS FUND (THE "FUND") ON SEPTEMBER 1, 2006, YOU MAY RECEIVE A PAYMENT FROM A CLASS ACTION SETTLEMENT.*

A federal court authorized this Notice. This is not a solicitation from a lawyer.

**Securities and Time Period:** Schwab YieldPlus Fund shares held by California residents on September 1, 2006.

**Settlement Fund:** $35,017,295.91 in cash. Your recovery will depend on the amount of shares held and any sales you made. Depending on the number and type of shares that participate in the settlement and when those shares were sold, the estimated average recovery per share will be approximately $0.40 per share or 82.1 percent of alleged recoverable damages before deduction of Court-approved fees and expenses.

In order to participate, you will be required to complete and return the enclosed Proof of Claim, listing your YieldPlus shares held as of September 1, 2006 and any share sales and dividend income between September 1, 2006 and June 2, 2008 and supply supporting documentation. The Settlement does not provide for payments regarding Fund shares you acquired at other times but did not hold on September 1, 2006, but your sales of Fund shares, if any, through June 2, 2008, are part of the Court-approved method for calculating your share of the settlement.

**Reasons for Settlement:** On March 30, 2010, Judge William Alsup granted plaintiff's motion for summary judgment finding that the failure to hold a shareholder vote to change the limit on the percent of assets that the Fund could hold in private-label mortgage-backed securities violated the Investment Company Act. Prior to September 1, 2006, the Fund applied a 25% limit on these assets. Plaintiff alleges that defendants increased this limit in September 2006 without holding a required shareholder vote on the change and that the excess investments in private-label mortgage-backed securities caused a substantial portion of the Fund's losses.

The Court ordered the parties to address two possible measures of restitution, which is the only remedy available. First, the Court asked what the performance of the Fund would be if the investments in mortgage-backed securities over the 25% limit had been invested in cash ("Cash Option"). Second, the Court asked how the Fund would have performed if the amount over 25% had been reallocated to other assets in the Fund ("Reallocation Option"). Plaintiff's experts calculated the value of restitution to the Class under the Cash Option to be $52,203,379 and $33,014,433 under the Reallocation Option. The average of these two options, $42,608,906, represents an 82.1 percent recovery. Defendants' experts calculated values at $12 million and $5 million, respectively, under these options. It is difficult to predict how this battle of experts would have been resolved by the Court. If the Court chose to accept defendants' methodology, the settlement far exceeds the recovery under such a scenario. Settlement avoids the uncertainty of a bench trial, the costs and risks associated with continued litigation, including the danger of no recovery or a protracted delay on appeal, and provides a substantial benefit to the Class now.

**Attorneys' Fees and Expenses:** Lead Counsel has not received any payment for their work investigating the facts, conducting this litigation and negotiating the settlement on behalf of the California Class Representative and the Class. Court-appointed Lead Counsel will ask the Court for attorneys' fees of up to 11.71 percent of the Settlement

Fund, which amount will *include* counsel's reimbursement of out-of-pocket expenses. The exact amount is subject to a retainer agreement and cannot be determined until after the settlement administration process is complete. In addition, the California Class Representative incurred labor and expenses directly related to the representation of the Class for which he will seek reimbursement not to exceed $25,000.

**Deadline:**

Request to be Excluded: March 2, 2011

File Objection and/or Request to be Heard by the Court: March 2, 2011

Return Proof of Claim and supporting documentation: March 2, 2011

**Court Hearing on Fairness of Settlement:** March 10, 2011, at 3:00 p.m.

**More Information:** www.SchwabYieldPlusSettlement.com or

| Settlement Administrator: | Lead Counsel: |
|---|---|
| *In re Charles Schwab Corporation* | Steve W. Berman |
| *Securities Litigation* | Hagens Berman Sobol Shapiro LLP |
| c/o Gilardi & Co. LLC | 1918 Eighth Avenue, Suite 3300 |
| Settlement Administrator | Seattle, WA 98101 |
| P.O. Box 8040 | |
| San Rafael, CA 94912-8040 | |

1-888-955-2703

classact@gilardi.com

- Your legal rights are affected whether you act or don't act. Read this Notice carefully.

### YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT:

| | |
|---|---|
| **REQUEST EXCLUSION** | You may ask to be excluded from the California Class |
| **OBJECT** | You may write to the Court if you do not like this settlement. |
| **DO NOTHING** | You may choose to do nothing in response to this notice. See Question 20. |
| **GO TO THE SETTLEMENT APPROVAL HEARING** | You may ask to speak in Court about the fairness of the settlement. |

- These rights and options – *and the deadlines to exercise them* – are explained in this Notice.

The Court in charge of this case must decide whether to approve the settlement. Payments will be made if the Court approves the settlement and, if there are any appeals, after appeals are resolved. Please be patient.

### BASIC INFORMATION

#### 1. Why Did I Receive This Notice Package?

You or someone in your family may have been a California resident who held Schwab YieldPlus Fund shares on September 1, 2006.

You received this Notice Package by order of the Court, because you have a right to know about a proposed settlement of a class action lawsuit, and about all of your options, before the Court decides whether to approve the settlement. If the Court approves it, and after any objections or appeals are resolved, the Settlement Administrator appointed by the Court will make the payments that the settlement allows.

This package explains the lawsuit, the settlement, your legal rights, what benefits are available, who is eligible for them, and how to get them.

Class Members who held their YieldPlus Fund shares directly with Charles Schwab & Co., Inc. were previously mailed notice of pendency of this case and of the proposed settlement. At the time those notices were mailed, the Settlement Administrator did not have account information for the accounts that purchased YieldPlus Fund shares through a broker *other* than Charles Schwab & Co., Inc. You have been identified as having held YieldPlus Fund shares as of September 1, 2006 with a broker *other* than Charles Schwab & Co., Inc. and are, consequently, being mailed this notice through a supplemental notice process.

The Court in charge of the case is the United States District Court for the Northern District of California, and the case is known as *In re Charles Schwab Corporation Securities Litigation*, Case No. 08-cv-01510 WHA. The person who sued is called the California Class Representative, and the companies and the individuals the California Class Representative sued, including Charles Schwab Investment Management, Inc. and Schwab Investments, are called the Defendants.

### 2.  Why Is This a Class Action?

In a class action, one or more people called class representatives (in this case the Court appointed Robert Levin as the class representative) sue on behalf of people who have similar claims. All these people are called a Class or Class Members. One court resolves the issues for all Class Members, except for those who exclude themselves from the Class. Judge William Alsup of the Northern District of California, in San Francisco, California, is in charge of this class action. Judge Alsup certified classes in this case on August 21, 2009. There is one class that is covered by this Settlement, called the "California Class," which consists of all California residents who held shares of the Fund on September 1, 2006.

The deadline to request to be excluded from the California Class for those class members who held eligible shares in accounts with Charles Schwab & Co., Inc. was December 28, 2009. The deadline to request exclusion from the California Class for class members who held shares at a broker-dealer other than Charles Schwab & Co., Inc., with respect to those shares only, is March 2, 2011.

### 3.  Why Is There a Settlement?

Although the Court granted judgment in favor of the California Class on liability grounds, the Court did not decide the amount of restitution, if any. Rather than hold a trial to determine the value of restitution owed, if any, both sides agreed to a settlement. The Plaintiff and his attorneys think the settlement is best for all Class Members.

### WHO IS IN THE SETTLEMENT

To see if you will receive money from this settlement, you first have to determine if you are a Member of the California Class.

### 4.  How Do I Know if I Am Part of the Settlement?

The California Class consists of those California residents who held Schwab YieldPlus Fund shares on September 1, 2006. You must have been a California resident on September 1, 2006.

### 5.  What Are The Exceptions to Being Included?

You are not a Member of the California Class if you are a Defendant, a member of the immediate family of one of the Individual Defendants, a current or former director or officer of Defendants, or a legal representative, heir, successor, or assign of any excluded party. You are also excluded from the California Class if you timely and validly request exclusion, have arbitrated to final judgment any of the Released Claims, have previously settled any of the Released Claims, or the Settling Parties have agreed to allow you to be excluded from the Class.

If you held Schwab YieldPlus Fund shares at any time other than September 1, 2006, that alone does not make you a Class Member. You are a Class Member only if you were a California resident on September 1, 2006 and held Schwab YieldPlus Fund shares on September 1, 2006.

3

### 6.  I'm Still Not Sure if I Am Included

If you are still not sure whether you are included, you can ask for free help.  For more information, you can contact the Settlement Administrator at the toll free number 1-888-955-2703 or via email at classact@gilardi.com.

### 7.  I Already Received Another Notice of Settlement

There is a separate settlement in *In re Charles Schwab Corporation Securities Litigation* involving claims brought under federal securities laws, and you may also be a member of one or both of the Federal Classes in that settlement. If so, you may have received a separate notice of settlement for those claims.  If you received a notice of settlement of the federal claims *and* this notice, that means you are eligible to participate in *both* settlements.  You will be entitled to payments from both settlements up to the point of 100% of your eligible recovery.  If your payment would exceed 100%, payments will be capped in both settlements.

## REQUESTING EXCLUSION

### 8.  How Do I Request to Be Excluded From the Class?

You may choose to exclude yourself from this class action at this time, with respect to shares held at broker-dealers other than Charles Schwab & Co, Inc.  In order to properly exclude yourself, if you have not done so already, your exclusion must be postmarked no later than March 2, 2011.  If you request exclusion, you will **NOT** receive any benefits under the proposed settlement.

In order to be valid, your request for exclusion must (i) set forth the name and address of the person or entity requesting exclusion, (ii) state that such person or entity requests exclusion from the class in this action, (iii) be signed and dated by such person or entity, (iv) state the name of the broker at which such person or entity held YieldPlus Fund shares, and (v) be postmarked no later than March 2, 2011.  Requests for exclusion must be mailed to the following address:

> Steve W. Berman
> Hagens Berman Sobol Shapiro LLP
> 1918 Eighth Avenue, Suite 3300
> Seattle, WA 98101

Do not request exclusion if you wish to participate in this lawsuit as a class member. If you exclude yourself from this action, you will not be affected by any decisions in this action, and you will not be entitled to share in any recovery in this action. If you intend to bring your own arbitration or lawsuit, you should request exclusion.

If you do not request exclusion from this action, you will be considered a Member of the Class, will be bound by the terms of the proposed settlement or, if the settlement is not approved, by the results of this litigation, whether favorable or unfavorable and you will not be able to pursue your own individual legal action based upon the claims asserted in this class action.

## THE SETTLEMENT BENEFITS – WHAT YOU GET

### 9.  What Does the Settlement Provide?

Defendants have agreed to pay $35,017,295.91 in cash.  With the exception of unclaimed funds for shares held at brokers other than Charles Schwab & Co., Inc., the balance of this fund after payment of Court-approved attorneys' fees and expenses and the costs of settlement administration, including the costs of printing and mailing this Notice (the "Net Settlement Fund"), will be divided among Class Members.

### 10.  How Much Will My Payment Be?

Your share of the Net Settlement Fund will depend on the number of Class Members and how many Fund shares Class Members held on the relevant date and when you acquired and sold Fund shares and whether you submit the required Proof of Claim and supporting documentation showing Fund holdings on September 1, 2006 and other Fund transaction activity from September 1, 2006 and June 1, 2008 (discussed below in Question 11).

4

Your share will be calculated as follows:

For shares held on September 1, 2006 and sold on or before June 1, 2008, the amount to be paid (the "Recognized Loss") is the Net Asset Value of the Fund ("NAV") on September 1, 2006, less the NAV on the date of sale.  For shares held on September 1, 2006 and sold after June 1, 2008, or still held, the amount to be paid (the "Recognized Loss") is the NAV on September 1, 2006, less the NAV on June 2, 2008 (which was $6.32 for the Investor Fund and $6.31 for the Select Fund).

- In the event that Recognized Losses exceed the Net Settlement Fund, settlement distributions from the Net Settlement Fund will be awarded on a pro-rata basis.

- The date of purchase or sale is the "contract" or "trade" date as distinguished from the "settlement" date.

- For Class Members who held Fund shares on September 1, 2006, and made multiple sales thereafter, the first-in, first-out ("FIFO") method will be applied to such holdings, purchases and sales for purposes of calculating the amount to be paid to each such Class Member.

- A Class Member will be eligible to receive a distribution from the Net Settlement Fund only if that Class Member had a net loss on all shares held on September 1, 2006, after all profits from transactions in those shares are subtracted from all losses.

## HOW YOU OBTAIN A PAYMENT

### 11. How Will I Obtain a Payment?

To qualify for payment, you must be a member of the California Class that is referred to on page 3 of this Notice and must not request exclusion.  You must submit a Proof of Claim listing your YieldPlus shares held on September 1, 2006, and any share sales and dividend income between September 1, 2006 and June 2, 2008.  You must also supply supporting documentation.  Acceptable supporting documentation will show all of your YieldPlus Fund transaction history between September 1, 2006 and June 2, 2008, such as account statements or trade confirmations from your broker.  A Proof of Claim is included with this notice.  If you have any questions about how to complete the Proof of Claim you may contact the Settlement Administrator at 1-888-955-2703, by email at classact@gilardi.com, or visit the website at www.SchwabYieldPlusSettlement.com.

### 12. When Will I Receive My Payment?

If Judge Alsup approves the settlement, there may be appeals.  It is always uncertain whether these appeals can be resolved, and resolving them can take time, perhaps several years.  Please be patient.

## THE LAWYERS REPRESENTING YOU

### 13. Do I Have a Lawyer in This Case?

The Court appointed Hagens Berman to represent you and other Class Members.  These lawyers are called Lead Counsel.  You will not be charged for these lawyers.  If you want to be represented by your own lawyer, you may hire one at your own expense.

### 14. How Will the Lawyers Be Paid?

Lead Counsel have asked the Court for attorneys' fees of approximately 11.71% of the Settlement Fund, which amount includes their out-of-pocket expenses, which exceed $2 million, and were advanced in connection with the litigation.  Such sums as may be approved by the Court will be paid from the Settlement Fund.  Class Members are not personally liable for any such fees or expenses.

The attorneys' fees and expenses requested will be the only payment to Lead Counsel for their efforts in achieving this settlement and for their risk in undertaking this representation on a wholly contingent basis.  To date, Lead Counsel has not been paid for their services in conducting this litigation on behalf of the California Class Representative and the Class, nor for their substantial out-of-pocket expenses.  The fee requested will compensate

Lead Counsel for their work in achieving the Settlement Fund and is well within the range of fees awarded to class counsel under similar circumstances in other cases of this type. The Court may award less than this amount. Lead Counsel have filed papers in support of their fee request and posted copies of such papers on the firm's website (www.hbsslaw.com), and any additional filings in support of the fee request will also be posted on the firm's website.

## RELEASE OF SETTLEMENT

### 15. Release

If you receive a settlement check, it will have a release enclosed with it. A release means you cannot bring another lawsuit involving YieldPlus shares held on September 1, 2006. The language of the release is attached to this notice.

## OBJECTING TO THE SETTLEMENT

You can tell the Court that you do not agree with the settlement or some part of it.

### 16. How Do I Tell the Court that I Do Not Like the Settlement?

If you are a Class Member, you can object to the settlement if you do not like any part of it, including the request for attorneys' fees. You can state the reasons why you think the Court should not approve it. The Court will consider your views. To object, you must send a letter saying that you object to the California Class settlement in *In re Charles Schwab Corporation Securities Litigation*, Case No. C 08-01510 WHA. Be sure to include your name, address, telephone number, your signature, the number and type of Schwab YieldPlus Fund shares you held on September 1, 2006, and the reasons you object. Any objection must be mailed or delivered such that it is received by each of the following no later than March 2, 2011:

*Court:*

Clerk of the Court
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
United States Courthouse
450 Golden Gate Avenue
San Francisco, CA 94102

*Counsel for Lead Plaintiff:*

Steve W. Berman
Hagens Berman Sobol Shapiro LLP
1918 Eighth Avenue, Suite 3300
Seattle, WA 98101

*Counsel for Defendants:*

Arthur M. Roberts
Quinn Emanuel Urquhart & Sullivan
50 California Street
22nd Floor
San Francisco, CA 94111-4788

You can object *only if* you are a member of the California Class and have not previously requested to be excluded.

## THE COURT'S FAIRNESS HEARING

The Court will hold a hearing to decide whether to approve the settlement. You may attend and you may ask to speak, but you do not have to.

### 17. When and Where Will the Court Decide Whether to Approve the Settlement?

The Court has scheduled a fairness hearing for March 10, 2011 for those Class Members who held their YieldPlus Fund shares directly with Charles Schwab & Co., Inc. For those Class Members who held YieldPlus Fund shares as of September 1, 2006, with a broker *other* than Charles Schwab & Co., Inc., the Court will hold a fairness hearing at 3:00 p.m. on March 10, 2011 at the United States Courthouse, 450 Golden Gate Avenue, San Francisco, California. At this hearing, the Court will consider whether the settlement is fair, reasonable, and adequate. If there are objections, the Court will consider them. Judge William Alsup will listen to people who have asked to speak at the

hearing. The Court will also consider how much to pay to Lead Counsel. The Court may decide these issues at the hearing or take them under consideration. We do not know how long these decisions will take.

**18. Do I Have to Come to the Hearing?**

No. Lead Counsel will answer questions Judge Alsup may have. But, you are welcome to come at your own expense. If you send an objection, you do not have to come to Court to talk about it. As long as you mailed your written objection on time, the Court will consider it. You may also pay your own lawyer to attend, but it is not necessary.

**19. May I Speak at the Hearing?**

You may ask the Court for permission to speak at the fairness hearing on March 10, 2011. To do so, you must send a letter saying that it is your intention to appear in *In re Charles Schwab Corporation Securities Litigation Case*, No. C 08-01510 WHA. Be sure to include your name, address, telephone number, your signature, the number and type of Schwab YieldPlus shares held on September 1, 2006, and a statement that you are a member of the California Class. Your notice of intention to appear must be postmarked no later than March 2, 2011 and be sent to the Clerk of the Court, Lead Counsel, and Defendants' counsel, at the three addresses listed in question 16. You cannot speak at the hearing if you have excluded yourself from the California Class.

## IF YOU DO NOTHING

**20. What Happens if I Do Nothing at All?**

If you do nothing, you remain a member of the Class but will not receive any payment, even though you won't be able to start a lawsuit of any kind, including an arbitration, continue with a lawsuit of any kind, including an arbitration, or be part of any other lawsuit or arbitration against the Defendants about the Released Claims, which are described in the Stipulation of Settlement. If you do not request exclusion, in order to receive a payment you must complete and return the enclosed Proof of Claim along with supporting documentation.

## GETTING MORE INFORMATION

**21. Are There More Details About the Settlement?**

This Notice summarizes the proposed settlement. More details are in the May 14, 2010, Stipulation of Settlement. You can obtain a copy of the Stipulation of Settlement by writing to Steve Berman, c/o Hagens Berman Sobol Shapiro LLP, 1918 Eighth Avenue, Suite 3300, Seattle, WA 98101.

**22. How Do I Get More Information?**

You can contact the Settlement Administrator by phone at 1-888-955-2703, by email at classact@gilardi.com, or visit the website at www.SchwabYieldPlusSettlement.com.

### *PLEASE DO NOT TELEPHONE THE COURT REGARDING THIS NOTICE*

Date: San Francisco, California                    BY ORDER OF THE
      September 13, 2010                    UNITED STATES DISTRICT COURT
                                                    FOR THE NORTHERN DISTRICT OF CALIFORNIA

**RELEASE TO ACCOMPANY CHECK**

You have received the enclosed check from the Settlement Administrator in *In re Charles Schwab Corporation Securities Litigation*, Case No. 08-cv-01510 WHA (Northern District of California) (the "California Class Action"), because you have been identified as a member of the California Class certified by the United States District Court for the Northern District of California. By cashing the enclosed check, you provide an additional release to all "Released Persons" from all "Released Claims," as described in the enclosed Release, that is in addition to, and independent of, the releases of the Released Persons that are included in, and ordered by the California Class Judgment in *In re Charles Schwab Corporation Securities Litigation*.

"Released Claims" means the 17200 Claim and any and all claims or causes of action, demands, rights, liabilities, suits, debts, obligations and causes of action of every nature and description whatsoever, direct or class, arbitrable or non-arbitrable, known or unknown (including Unknown Claims as defined in below), contingent or absolute, mature or unmature, discoverable or undiscoverable, whether concealed or hidden, asserted or that might have been asserted against the Released Parties based upon, arising out of, or related in any way whatsoever to the facts, transactions, events, occurrences, disclosures, statements, acts, omissions or failures to act which were or might have been alleged in or embraced or otherwise referred to or encompassed by the 17200 Claim, or which relate to the subject matter of the 17200 Claim, including, but not limited to, any violation of the investment, concentration, or other policies of the YieldPlus Fund. Claims that Defendants improperly defended or settled the California Class Action are also Released Claims. "Unknown Claims" means any Released Claims that you do not know or suspect to exist in your favor but which, if known by you, might have affected your additional release of the Released Parties.

"Released Persons" means (1) the defendants in the California Class Action (Charles Schwab Investment Management, Inc. and Schwab Investments); (2) The Charles Schwab Corporation, Charles Schwab & Co., Inc., Charles R. Schwab, Evelyn Dilsaver, Randall W. Merk, George Pereira, Matthew Hastings, Mariann Byerwalter, Donald F. Dorward, William A. Hasler, Robert G. Holmes, Gerald B. Smith, Donald R. Stephens, Michael W. Wilsey, and Kimon P. Daifotis (the "named Released Persons"); and (3) each and all of their Related Parties. "Related Parties" means each and any of Defendants' or the named Released Persons' respective past, present or future directors, officers, employees, partnerships and partners, principals, agents, controlling shareholders, any entity in which any Defendant, named Released Person, or any member(s) of a named Released Person's immediate family has or have a controlling interest (directly or indirectly), attorneys, accountants, auditors, investment banks and investment bankers, underwriters, advisors, financial advisors, personal or legal representatives, analysts, agents, associates, servants, insurers, co-insurers and reinsurers, predecessors, successors, parents, subsidiaries, divisions, assigns, joint ventures and joint venturers, spouses, heirs, executors, administrators, related or affiliated entities, members of a named Released Person's immediate family, and any trust of which any named Released Person is the settlor or which is for the benefit of any named Released Person or member(s) of his family, and all other Persons. "Person" means a natural person, individual, corporation, partnership, limited partnership, limited liability company, association, joint venture, joint venturer, joint stock company, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any business or legal entity and, as applicable, their/its respective spouses, heirs, executors, administrators, predecessors, successors, representatives, or assignees.

8

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

*In re Charles Schwab Corp. Securities Litigation*
Civil Action No. 08-cv-01510 WHA
**CALIFORNIA CLASS**

# CAIMSCHB

«‖‖‖‖‖‖‖» CAIMSCHB-«ClaimID»-«CheckDigit»
«Name1»
«Name2»
«Name3»
«Name4»
«Address1»
«City», «State» «Zip»

**Please do not use Pencil or Red Ink.**

Name and Address Changes (if any):

First Name

Last Name

Address

City

State          Zip Code

Dear Investor,

Gilardi & Co. LLC ("Gilardi") has been retained to administer the Charles Schwab Corp. Securities Litigation Settlement. You are receiving this form because we have been provided with records involving your transactions of Schwab YieldPlus Fund shares held on September 1, 2006. The following pages contain a summary of your eligible transactions based on records of your Schwab YieldPlus Fund investments.

**Please review the enclosed Record of Fund Transactions in Section II and the Account Activity Detail in Section IV. If you agree with the information set forth in these Sections, you do not need to take any action in order to receive your share of the settlement fund.** Please see the Transaction Dispute Form in Section III for instructions on how to correct or submit additional transactions you would like to claim.

If you have any questions, please call 1-888-955-2703, send an email to classact@gilardi.com, or visit the case website at www.SchwabYieldPlusSettlement.com.

Regards,

Settlement Administrator

**SECTION I. BACKGROUND INFORMATION** You may refer to the enclosed Notice of Proposed Settlement of California Class Action to determine your recoverable damages. In summary, your Recognized Loss will be based on the differences between the NAV of your shares held on September 1, 2006 and 1) the NAV at the time you sold, or 2) the NAV on June 1, 2008, if you continued to hold those shares or sold them after June 1, 2008. In the event that Recognized Losses exceed the Net Settlement Fund, settlement distributions from the Net Settlement Fund will be awarded on a pro-rata basis. Please note that your estimated distribution is an **estimate** only and will not be finally determined until the Settlement is approved and all fees and costs related to the Settlement are finalized.

Questions? Please call 1-888-955-2703, email classact@gilardi.com or visit www.SchwabYieldPlusSettlement.com



| For Claims Processing Only | ○ ND |
| | ○ CHG. ADR |
| | ○ OTHER |

☐ / ☐ / ☐

# SCHWAB YIELDPLUS FUND
## CALIFORNIA CLASS
## SECTION II. RECORD OF FUND TRANSACTIONS - SUMMARY

**SUMMARY OF ACTIVITY** - Enclosed for your review is a summary of your Allowed Loss in the Schwab YieldPlus Fund.  Your Allowed Loss will generally be based on the differences between the NAV of your shares held on September 1, 2006 and the NAV at the time you sold, if they were sold on or before June 1, 2008.  Please refer to Question No. 9 in the Notice for details on how this calculation was determined.

In addition, enclosed for your review is an "Account Activity Detail" in Section IV.  The transactions detailed there were used in determining the Summary of Activity listed here in Section II.  Please note that purchases made after September 1, 2006 are not relevant to these calculations.

|    |                                                          | **SHARES**       | **AMOUNT**      |
|----|----------------------------------------------------------|------------------|-----------------|
| A. | Number of shares held on September 1, 2006:              | «BegHold9106»    |                 |
| B. | Total shares sold and proceeds received, if any:        | «SharesSold»     | «SoldValue»     |
| C. | Number of shares held after June 1, 2008:               | «EndHold6108»    |                 |

**ESTIMATE OF SETTLEMENT PAYMENT:**                                       «EstPayment»

Questions?  Please call 1-888-955-2703, email classact@gilardi.com or visit www.SchwabYieldPlusSettlement.com



# SCHWAB YIELDPLUS FUND
## CALIFORNIA CLASS
## SECTION III. TRANSACTION DISPUTE FORM

**Must Be Postmarked No
Later Than March 17, 2011**

# CAIMSCHB

«‖‖‖‖‖‖»   CAIMSCHB-«ClaimID»-«CheckDigit»
«Name1»
«Name2»
«Name3»
«Name4»
«Address1»
«City», «State»  «Zip»

Upon review and discussion with your broker, the records provided are missing key information that is required to calculate a claim on your behalf.  In the space provided below, please supply information regarding the following:

-Shares Held as of May 30, 2006
-Cash Dividends received between May 31, 2006 and June 1, 2008
-Shares acquired through reinvestments between May 31, 2006 and June 1, 2008

You must submit documentation supporting these positions and transactions.

**If you do NOT provide information as set forth above, your claim may not be eligible for payment from the Settlement Fund.**

If you disagree with any of the summary information from Section II, please complete this section and mail this form with supporting documentation by March 17, 2011 to:

In re Charles Schwab Corp. Securities Litigation
Claims Administrator
P.O. Box 8040
San Rafael, CA  94912-8040

| | Number of Shares | Amount $ |
|---|---|---|

A.  Number of shares held on
September 1, 2006:

B.  Total shares sold and proceeds received:      $ [            ] .00

C.  Number of shares held after
June 1, 2008:

Questions?  Please call 1-888-955-2703, email classact@gilardi.com or visit www.SchwabYieldPlusSettlement.com



3

# SCHWAB YIELDPLUS FUND - CALIFORNIA CLASS
## SECTION IV. SCHEDULE A - ACCOUNT ACTIVITY DETAIL

ACCOUNT ID: «AccountNumber»

«FUNDNAME»

CLAIM ID – CAIMSCHB- «ClaimID»-«CheckDigit»

A.   Total shares held on September 1, 2006:          «BegHold9106»

B. .   Activity relating to total shares held on September 1, 2006:

| **Trade Date** | **Transaction Type** | **Shares** | **Amount** |
| --- | --- | --- | --- |



4