IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE:<br>CHARLES SCHWAB CORPORATION<br>SECURITIES LITIGATION.<br><br>This Document Relates<br>    To All Cases.<br>                             / | No. C 08-01510 WHA<br><br>**ORDER DENYING THE UNTIMELY REQUEST OF JAMES EDWARDS O/B/O SCIENTIFIC SPINAL PENSION PLAN TO OPT OUT OF THE FEDERAL SECURITIES CLASS** |

      This order addresses the request of federal securities class member James Edwards on behalf of the Scientific Spinal Pension Plan to opt out of the class *well* after the deadline (Dkt. No. 1067). As an initial matter, it is not entirely clear from the wording of Mr. Edwards' letter whether he requests exclusion or is simply objecting to the class settlement, as he has done in the past (*ibid.*). His letter states: "The Scientific Spinal Pension plan [sic] respectfully requests Honorable Judge Alsup to issue a ruling on [its] request to be excluded from the class pursuant to Federal Rule of Civil Procedure 23(e)(4)." Again, this is not clear, because, as explained to Mr. Edwards in an order on October 4, 2010, FRCP 23(e)(4) simply allows the Court to consider whether the settlement agreement itself affords additional opt-out opportunities to class members in deciding whether to approve such agreement (Dkt. No. 907). So that rule is not a mechanism for requesting exclusion *from the class*. Yet Mr. Edwards' letter mixes these two concepts until clarity is lost.

      After receiving Mr. Edwards' letter, a prior order requested comment from counsel. Both sides construe the letter as a request for exclusion from the class and not a further objection to the

settlement (Dkt. Nos. 1068 and 1070). Apparently, Mr. Edwards requested exclusion from class counsel in December 2010 pursuant to the Amendment No. 4 notice, which allowed *some* members of the federal securities class an additional opportunity to opt out. Mr. Edwards was not one of those eligible class members, however, so his request to class counsel was denied by them (Dkt. No. 1070 Exhs. A–B). Therefore, even though the wording of Mr. Edwards' recent letter to the Court is unclear, viewing it in conjunction with his request to class counsel leads this order to construe his letter as a request for exclusion, and this order so finds.

The standard for determining whether a class member should be allowed to opt out of a class action after the applicable exclusion deadline has passed is whether the class member's failure to meet the deadline is the result of "excusable neglect." *See Silber v. Mabon*, 18 F.3d 1449, 1455 (9th Cir. 1994). This standard allows courts, "where appropriate, to accept late filings caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 388 (1993). When evaluating whether "excusable neglect" applies, the Ninth Circuit instructs courts to consider the "degree of compliance with the best practicable notice procedures; when notice was actually received and if not timely received, why not; what caused the delay, and whose responsibility was it; how quickly the belated opt out request was made once notice was received; how many class members want to opt out; and whether allowing a belated opt out would affect either the settlement or finality of the judgment." *Silber*, 18 F.3d at 1455 (internal footnote omitted). Additionally, the court should consider the danger of prejudice to the opposing party, and whether the movant acted in good faith. *Pioneer*, 507 U.S. at 395.

Having considered these factors, this order finds that the facts and circumstances underlying the request of James Edwards on behalf of the Scientific Spinal Pension Plan do not support a finding of excusable neglect under Ninth Circuit law. The only excuse provided by Mr. Edwards is that he did not receive the opt-out notice sent to federal securities class members on October 12, 2009. That is hard to believe, as that notice was sent to the same address Mr. Edwards continues to use for all correspondence and at which he seems to have received everything else sent there to date. The class action notice was properly sent via first-class mail to

that address, which is also the one associated with his Schwab account(s), and it was not returned to the claims administrator as "undeliverable" (*see* Dkt. No. 751-1, listing all class members for whom notices were returned "undeliverable" and where new addresses could not be found). In other words, the notice provided to Mr. Edwards was reasonably calculated to give him actual notice of this class action and was constitutionally sufficient. This weighs against a finding of excusable neglect.

In addition, even Mr. Edwards' letter states that he was "notified of the class action" in *August 2010*, and yet he waited until now to request exclusion from the class. Furthermore, after nearly a year during which the class settlement has been pending, the final fairness hearing is *tomorrow*, and if Mr. Edwards' excuse was deemed sufficient to warrant exclusion at this time, defendants would be prejudiced, given their commitment to a settlement amount that was negotiated with a stable class membership in mind. Under the factors that govern the determination of excusable neglect, this order finds that the reasons set forth by class member Edwards are legally insufficient to show excusable neglect.

For these reasons, even if brought in good faith, the request is **DENIED**. The clerk shall serve this order on James Edwards TTEE, Scientific Spinal Pension Plan, 3907 Greenway, Baltimore, MD 21218.

**IT IS SO ORDERED.**

Dated: March 9, 2011.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE