IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

IN RE:

CHARLES SCHWAB CORPORATION
SECURITIES LITIGATION.

This Document Relates
To All Cases.

/

No. C 08-01510 WHA

**ORDER DENYING PLAINTIFFS'
MOTION REGARDING 694
EXCLUSIONS**

Preceding the final fairness hearing in this matter, class counsel filed a "motion regarding 694 exclusions" (Dkt. No. 1044). This motion concerns individuals who would have been class members, were it not for the fact that (1) their mailed notices were returned to the claims administrator as "undeliverable" and (2) no new mailing addresses could be found (and therefore no new notices were ever mailed to them). A prior order excluded such individuals from the classes in this action (Dkt. No. 756). As such, their rights should not be affected, and they should be free to sue Schwab for the same claims brought in this lawsuit. Also, there is the practical problem of being no way to send them a check.

Despite class counsel's characterization of this issue as affecting 694 individuals in their motion, later briefing has clarified that there are 701 of these individuals (Reply 1 n.1 and Dkt. No. 1073).

Schwab argues that the settlement fund should be reduced to account for the exclusion of these 701 individuals from the class. Class counsel argues the fund should not be affected by

their exclusion. To present this issue to the Court for decision, class counsel brought the instant motion.

The focal point of this dispute is clause 3.10, which was added by Amendment No. 1 to the federal securities class settlement agreement on May 5, 2010, and which states:

> The Settlement Fund shall be reduced if the Court allows any Person to be opted out of the Federal Classes on or after May 1, 2010. The reduction for each such Person shall be determined by (i) subtracting the Person's YieldPlus Fund sales price(s) from his or her YieldPlus Fund purchase price(s) for shares purchased during the Class Periods, and (ii) multiplying the difference by 50 percent. Notwithstanding the foregoing, no reduction shall be made for any Person who, as of May 1, 2010, had served an arbitration claim against any of the defendants, including – Alvin Coppersmith, Robert Westervelt, Roger Fross, Rosarian Academy, Thomas Chowattukunnel, The Union Mission, Inc., and certain claimants who are represented in arbitrations filed by St. John & Associates, Maurer & Associates, and Hudson Valley. The St. John & Associates, Maurer & Associates, and Hudson Valley claimants are listed in Exhibit A to the Declaration of Dorothy L. Fernandez In Support of Schwab's Response to April 13, 2010 Order Re Class Notice, filed as docket number 623-1.

The California class settlement agreement includes an analogous provision at its clause 3.10. Amendment No. 4 to the federal securities class settlement agreement later added additional provisions to this clause that are for the most part not relevant here, but the additions to this clause begin by stating: "This paragraph 3.10 governs opt outs or exclusions [] allowed or ordered by the Court . . ."

The issue addressed by the reduction clause was first raised at a hearing on April 26, 2010. There, the undersigned observed that the agreement as written at the time could be derailed by one member of the class being excluded: "One person could opt-out at the end and [defense counsel] says, no, deal is over. So I'm not going to approve this yet. I'm going to order you to go back to see Judge Spero and work out a formula" (Tr. 75). Thereafter, the parties negotiated and agreed to the language above. On May 5 this amendment was reviewed with the Court at a status conference.

At the May 5 hearing the Court also held that "the 600 people who did not get notice because it was affirmatively returned as undeliverable, for those people, we will deem them to be opted out of the class" (Tr. 7–8). An order memorialized this holding:

> For the reasons stated at the hearing on May 5, 2010, the 694 class members — identified in the declaration of Carole Sylvester (*see* Dkt. No. 751-1) — who did not receive notice of this class action by first-class mail because (1) their mailed

> notices were returned to the claims administrator as "undeliverable" and (2) no new mailing addresses could be found (and therefore no new notices were ever mailed to them) will be deemed **EXCLUDED** from the class and will not be bound to any settlement or judgment in this action.

(Dkt. No. 756).

Again, the parties now dispute whether the reduction clause repeated above should apply to the individuals who were excluded from the class because their notice was returned as "undeliverable," *i.e.* whether the settlement fund should be reduced in proportion to their share, or whether it should remain the same regardless of their exclusion. If the reduction clause applies, the federal settlement fund would be reduced by $835,627.74, and the California fund would be reduced by $101,049.23 (Reply 9).

This order holds that the reduction clause applies to the 701 individuals. Clause 3.10 itself states, "The Settlement Fund shall be reduced if the Court allows any Person to be opted out of the Federal Classes on or after May 1, 2010." The words "exclusion" and "opt-out" have been used interchangeably throughout this litigation. The Court allowed the 701 individuals who never received notice "to be opted out" of the class, because to do otherwise would be to unfairly affect the rights of individuals who had no notice of this litigation. Therefore the clause applies.

Counsel parse the language used by the parties and the Court to describe the clause 3.10 scheme in hearings, which is both inconclusive and not as helpful as looking at the scheme itself. Clause 3.10 does not provide for different treatment of class members for whom notice was returned as undeliverable. The parties were aware of the potential exclusion of those class members from the April 26 hearing (Tr. 13, 16–17, 71–73), yet they didn't provide for different treatment of them in this scheme from others who affirmatively moved to be excluded. And there was no further amendment by the parties to the language quoted from clause 3.10 after the Court excluded the "undeliverable" individuals at the May 5 hearing and also memorialized that decision in a written order. This fact pattern reveals an intention to reduce the class settlement fund for individuals who were excluded (or "opted out"), regardless of the reason.

The record is devoid of any statements by counsel who participated in the negotiations during which clause 3.10 was crafted concerning its meaning or whether this issue came up during the negotiations specifically. There is a declaration, however, from Linda Drucker,

3

associate general counsel at Schwab, who states that during such negotiation Schwab "underst[ood] at all times that [the mediation's] purpose was to address how to compensate Schwab for *all* class members who might be opted-out or excluded from the class" (Dkt. No. 1052).

The 701 individuals who were excluded by the Court are in the same category as any former class members who were allowed to opt out after the reduction clause was implemented. All of those individuals are no longer in the class and all have the right to sue Schwab for the claims the remaining class members are releasing. It would be a windfall to the remaining class members if the settlement fund maintained funds that would go to pay the 701 individuals for release of their claims if they were in the class. It would also be prejudicial to Schwab to have to pay the class members for claims of others who are not releasing their claims.

Therefore, the reduction clause applies to the 701 individuals, and plaintiffs' motion is **DENIED**.

An appropriate notice must be posted on all websites dealing with this case in order that, in the event any of the 701 have been following the case, directly or indirectly, they will now learn of their exclusion and may sue in their own names. Mailed notice will not be required. Counsel will please submit a form of website notice within ten calendar days for approval.

**IT IS SO ORDERED.**

Dated: April 19, 2011.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE