Reed R. Kathrein (139304)
Peter E. Borkon (212596)
HAGENS BERMAN SOBOL SHAPIRO LLP
715 Hearst Avenue, Suite 202
Berkeley, CA 94710
Telephone: (510) 725-3000
Facsimile: (510) 725-3001
reed@hbsslaw.com
peterb@hbsslaw.com

Steve W. Berman (*Pro Hac Vice*)
Sean R. Matt (*Pro Hac Vice*)
Erin K. Flory (*Pro Hac Vice*)
Lisa M. Hasselman (*Pro Hac Vice*)
Robert F. Lopez (*Pro Hac Vice*)
HAGENS BERMAN SOBOL SHAPIRO LLP
1918 Eighth Avenue, Suite 3300
Seattle, Washington 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594
steve@hbsslaw.com
sean@hbsslaw.com
erin@hbsslaw.com
lisah@hbsslaw.com
robl@hbsslaw.com

*Attorneys for Lead Plaintiff YieldPlus Investor Group*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| IN RE CHARLES SCHWAB CORP. SECURITIES LITIGATION | No. 08-cv-01510 WHA |
|---|---|
| THIS DOCUMENT RELATES TO:<br><br>All Actions | **PLAINTIFFS' MOTION FOR PARTIAL RECONSIDERATION OF ORDER GRANTING MOTIONS FOR FINAL APPROVAL OF CLASS SETTLEMENT AGREEMENTS AND GRANTING IN PART MOTION FOR ATTORNEY'S FEES AND EXPENSES**<br><br>Date:  n/a<br>Time:  n/a<br>Judge:  Hon. William H. Alsup<br>Courtroom:  Courtroom 9, 19th Floor |

442413v1

1   Plaintiffs move for partial reconsideration of Dkt. No. 1101, the Court's April 19, 2011

2   Order Granting Motions for Final Approval of Class Settlement Agreements (Dkt. Nos. 837 and

3   841) and Granting in Part Motion for Attorney's Fees and Expenses (Dkt. No. 844) (the "Order").

4   The Order approves the reimbursement from the settlement funds of claims administration

5   expenses in the amounts of $488,894 for the Federal Class and $169,125 for the California Class.

6   Order at 13.  However, it is unclear from the Order whether the Court will contemplate a

7   supplemental application for claims administration expenses, and there is a suggestion that the

8   Order will not.  *See id.* ("It does not appear that these numbers have been updated by counsel since

9   the original application in July 2010.  Therefore, these are the numbers that must be used.").  If that

10  is the Court's intent, Plaintiffs respectfully seek reconsideration.

11  In support of Plaintiffs' Motion for Attorney's Fees and Expenses (Dkt. No. 844, filed on

12  July 23, 2010), Plaintiffs requested the reimbursement of claim administration expenses that had

13  been incurred **up to that point in time**.   Dkt. No. 844 at 22.  Those amounts were based on the

14  Declaration of Michael Joaquin Regarding Mailing and Emailing of Proposed Settlement Notice

15  and Publication of Summary Notice, at ¶ 24 ("Joaquin Decl. re Federal Settlement") (Dkt. No. 840)

16  and the Declaration of Michael Joaquin Regarding Mailing and Emailing of Proposed California

17  Settlement Notice and Publication of Summary Notice, at ¶ 17 (Dkt. No. 843).  Those expenses

18  arose from the claims administrator's preparation of a Record of Fund Transactions, Transaction

19  Summary, Transaction Dispute Form, and Estimate of Settlement Payment for each of 277,570

20  Class Members.  *Id.* ¶ 4 (27,191 accounts); Joaquin Decl. re Federal Settlement at ¶ 4 (250,399

21  accounts).  These amounts were submitted by Mr. Joaquin under headings in both Declarations

22  entitled "**INTERIM REPORT OF ADMINISTRATIVE FEES AND COSTS**" (emphasis in

23  original).[1]

24  _____

25  [1] Citing the Joaquin Declarations, the Court's Order awarded a total of $658,019 in claims-administration expense reimbursement.  This sum included claims-administration expenses of

26  $488,894 for the federal class and $169,125 for the California class.  *See* Order at 13.  However, it appears that in their original Motion for Attorney's Fees and Expenses, Plaintiffs' did not include additional amounts listed in the Joaquin Declarations for "hard costs" and expenses "directly

27  related to producing and delivering the Notice" (as opposed to expenses "directly related to settlement administration").  These additional amounts are listed in the Joaquin Declarations as

28  $382,056 in hard costs and $28,106 in expenses related to producing and delivering the Notice for

Importantly, however, as the bulk of claims administration work and expenses still was yet to come at that point in time, Plaintiffs also stated in their Motion for Attorney's Fees and Expenses that they **would** be submitting a supplemental request for the reimbursement of claims administration expenses once all such work had been completed and once all such expenses had been incurred.  As Plaintiffs stated, "**Lead Counsel will seek additional reimbursement from the Settlement Funds after the claims-administration process is completed.**"  Dkt. No. 844 at 22-23 (emphasis added).

Substantial administration expenses have been incurred since July 2010 in association with processing all of the Federal Class and California Class claims and the Intermediary Account claims.  Indeed, Plaintiffs' Counsel recently received an invoice from the Settlement Claims Administrator, Gilardi &Co. ("Gilardi"), for professional services and case specific expenses related to claims administration in this matter **for the time period from July 19, 2010, through March 13, 2011, totaling $677,298.85**.  Declaration of Michael Joaquin ("Joaquin Decl."), ¶ 2, Exhibit A.   In addition, additional claims administration costs will accrue when the settlement checks are prepared and mailed, and, as a matter of course, expenses will continue to mount as Gilardi continues to respond to the myriad questions from Class members.  *Id.*, ¶ 3.

As previously indicated in their original Motion for Attorney's Fees and Expenses, after all claims administration work has been completed, Plaintiffs intend to submit a supplemental request for reimbursement of claims administration expenses from the settlement funds, as is customary in class action settlements, where the final amount of costs cannot be determined at the time of final approval.  *Id.*, ¶ 4; *see also* Newberg on Class Actions § 11:40, p. 86 (the Court may award the

---

the Federal class and $56,723 in hard costs and $5,875 in expenses related to producing and delivering the Notice for the California class.  *See* Joaquin Decls., Dkt. No. 840, ¶ 24 and Dkt. No. 843, ¶ 17.  Thus, according to the Joaquin Declarations, the **total** expenses that had been incurred up to that point in time – including (1) "hard costs," (2) expenses "related to producing and delivering the Notice" and (3) expenses "related to settlement administration" – amount to $899,056 for the federal class and $231,723 for the California class, for a grand total of $1,130,779.  To the extent that Plaintiff's mistakenly did not request reimbursement for these additional expenses, and the Court's Order did not grant such reimbursement, Plaintiff respectfully requests reconsideration of the amounts in expenses that may be reimbursed from the settlement fund at this time based on the Joaquin Declarations of July 22, 2010.

1   costs of the administration of the settlement from the settlement funds); Manual for Complex

2   Litigation (Fourth) § 40.44 (Order Approving Settlement/Claims Procedure permits that

3   "[a]pplication for an award from the settlement fund of additional . . . expenses in connection with

4   further proceedings, including administration and distribution of the settlement fund, may be made

5   to the court"); *Hunt v. Imperial Merch. Servs.*, 2010 U.S. Dist. LEXIS 111243, at *16, n.3 (N.D.

6   Cal. Oct. 7, 2010) (awarding reimbursement of expenses advanced by class counsel to date related

7   to settlement administration and directing class counsel to file further pleadings "setting forth the

8   incurred and estimated costs of administering class settlement that were *not* included as part of

9   Plaintiffs' instant Motion for Reasonable Attorneys' Fees and Costs") (emphasis in original); *Irwin*

10  *v. Mascott*, 2002 U.S. Dist. LEXIS 27829, at *4-5 (N.D. Cal. Sept. 9, 2002) (awarding class

11  administration costs, instructing class counsel to continue to pay future administration costs out of

12  the Settlement Fund "as they come due" and allowing class counsel to "set aside a reserve of the

13  amount needed to pay . . .  for the printing and mailing of the . . . settlement payments, and for any

14  other expenses that plaintiffs anticipate will be incurred during the pendency of this lawsuit");  *In*

15  *re Quintus Sec. Litig.*, 148 F. Supp. 2d 967, 977 (N.D. Cal. 2001) (recognizing that, unlike

16  litigation costs, settlement claims administration costs are "largely beyond the control of counsel");

17  *Williams, Inc. v. Kaiser Sand & Gravel Co.*, 1995 U.S. Dist. LEXIS 14262, at *6 (N.D. Cal. Sept.

18  19, 1995) (awarding class counsel expenses incurred as of the date of their petition for fees and

19  expenses, setting aside additional amounts from the settlement fund for future expenses to be

20  incurred in administering the settlement and instructing class counsel to file a statement of such

21  additional expenses upon the completion of all claims administration);  *Allapattah Servs. v. Exxon*

22  *Corp.*, 454 F. Supp. 2d 1185, 1243 (S.D. Fla. 2006) (noting the impossibility of foreseeing all

23  future expenses that will be necessary to complete claims administration and reserving the right to

24  consider setting part of settlement funds aside for such future completion); *In re TSO Fin. Litig.*,

1   1989 U.S. Dist. LEXIS 9180, at *5 (E.D. Pa. Aug. 7, 1989) (permitting class counsel to bring a

2   future petition for reimbursement of future expenses associated with settlement administration);

3   *Teachers' Ret. Sys. v. A.C.L.N.*, Ltd., 2004 U.S. Dist. LEXIS, 8608 at *25 (S.D.N.Y. May 14,

4   2004) (awarding expenses incurred to date and setting aside additional funds to cover future

5   expenses to be incurred in completing settlement administration); *Presidential Life Ins. Co. v.*

6   *Milken,* 1997 U.S. Dist. LEXIS 18361, at *15-16 (S.D.N.Y. Nov. 20, 1997) (same); *Bobbitt v.*

7   *Academy of Court Reporting, Inc.*, 2009 U.S. Dist. LEXIS 96389 (E.D. Mich. Oct. 15, 2009)

8   (same).

9           At Plaintiffs' request Gilardi, has prepared an estimate of the fees and costs likely to be

10  incurred to complete the initial distribution of the net settlement funds in this matter, including

11  postage and other hard costs as well as anticipated follow-up communications with Class members.

12  This estimate is based on Gilardi's experience with other securities settlements of similar size and

13  complexity, as well as Gilardi's actual experience with this settlement administration to date.

14  Gilardi estimates that going forward from this point, approximately $960,000 in additional

15  professional fees and case-specific expenses will be incurred in order to complete the initial

16  distribution.  Joaquin Decl. ¶ 4.

17          To the extent that the Order does not contemplate the Court's consideration of a

18  supplemental request for claims administration expense reimbursement after administration is

19  complete, Plaintiffs respectfully request reconsideration.

PLAINTIFFS' MTN FOR PARTIAL
RECONSIDERATION OF ORDER GRANTING            - 4-
FINAL APPROVAL - 08-cv-01510 WHA
442413v1

Dated:  April 26, 2011.

HAGENS BERMAN SOBOL SHAPIRO LLP
Reed R. Kathrein
Peter E. Borkon
715 Hearst Avenue, Suite 202
Berkeley, CA 94710
Telephone: (510) 725-3000
Facsimile: (510) 725-3001
reed@hbsslaw.com
peterb@hbsslaw.com


By: _____s/ Steve W. Berman_____
        Steve W. Berman
        Sean R. Matt
        Erin K. Flory
        Lisa M. Hasselman
        Robert Lopez
HAGENS BERMAN SOBOL SHAPIRO, LLP
1918 Eighth Avenue, Suite 3300
Seattle, WA  98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594
steve@hbsslaw.com
sean@hbsslaw.com
erin@hbsslaw.com
lisah@hbsslaw.com
robl@hbsslaw.com

*Attorneys for Lead Plaintiffs and the Classes*