IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

IN RE:

CHARLES SCHWAB CORPORATION
SECURITIES LITIGATION.

This Document Relates
To All Cases.
_____/

No. C 08-01510 WHA

**ORDER POSTPONING
APPROVAL OF CLASS
COUNSEL'S MOTION AND
SETTING HEARING**

Class counsel have moved for approval of redistribution of class funds. This class action involves the alleged violation of state and federal law in the management of, disclosures concerning, accounting for, and marketing and sales of the Schwab YieldPlus Fund. An order dated April 2011 granted final approval of class settlement agreements. That order awarded half of the attorney's fees after the "effective date" as defined by the settlement, but stated that the "remaining 50 percent of attorney's fees may be paid only after counsel certifies that all class members have received and cashed their checks, no problems with the distribution have been reported for a period of 30 days, and there is nothing left to do" (Dkt. No. 1101).

In November 2011, class counsel filed a motion entitled "Class Counsel's Motion for Order Approving (1) Distribution of Remaining Settlement Funds to Class Members; (2) Payment of Reasonable Claims Administration Fees; and (3) Payment of Second Half of Attorneys' Fee Award" (Dkt. No. 1112). Counsel reported that the "initial distribution of checks to members of the Federal and California Classes is complete," and that over 90% of class members had cashed their checks. Counsel proposed reallocating the remaining funds to class members who either cashed their distribution check or had a check reissued, and requested that $1.8 million be

1  awarded to Gilardi & Co., the class administrator. Counsel also requested that the second half of
2  the attorney's fees be awarded.
3      Schwab filed a response in which it did not object to class counsel's requests, but rather
4  alerted the Court to a recent distribution problem that arose related to intermediary accounts (Dkt.
5  No. 1115). Intermediary accounts are those where class members purchased or held shares in
6  YieldPlus in the name of an intermediary broker, rather than in their own name. A complaint by a
7  class member alerted Schwab to the fact that Fidelity had not reported that class member's
8  account to Gilardi. That individual class member was issued a check for his share of the
9  settlement funds. On November 28, "Fidelity informed [Schwab] that the referenced customer's
10 situation is not unique," and that "there is an unknown number of additional class members whose
11 accounts were not reported to Gilardi and whose shares of the settlement have therefore not yet
12 been determined or paid." Schwab proposed delaying the redistribution until this issue is fully
13 understood and resolved.
14     Class counsel submitted a supplemental filing requesting that this Court refrain from
15 ruling on the motion until the issue could be fully investigated (Dkt. No. 1116). On December 6,
16 class counsel submitted a second supplemental filing (Dkt. No. 1117). Counsel reported that data
17 submissions from Fidelity in late November 2011 included 190 unique eligible accounts that were
18 not included in Fidelity's previous submissions. The new information affects the calculations of
19 approximately 116 claims for class members who have already received checks. Further, class
20 counsel reported that the increased payments resulted "in an additional $165,798 owed to Federal
21 Class Members and an additional $43,025 owed to the California Class Members." Class counsel
22 argued that these adjustments could be made easily and need not delay residual distribution.
23     Schwab filed a response to class counsel's second supplemental filing, arguing that the 30-
24 day waiting period should be respected in order "to achieve relative certainty that all legitimate
25 claims have been properly paid" (Dkt. No. 1119). Class counsel submitted a third supplemental
26 filing, arguing that redistribution should begin now, lest a rolling 30-day "issue-free" rule
27 "preclude the settlement from ever reaching finality" (Dkt. No. 1120).
28

1  Problems have arisen in the course of distributing class funds, and it is clear that class
2 counsel has not yet completed all the work there is to be done. In order to ensure that no other
3 issues arise before the remaining funds are distributed or class counsel and the administrator are
4 paid, consideration of class counsel's motion will be postponed for **30 DAYS**. A status hearing
5 will be set for this matter on **JANUARY 12, 2012**, at **8:00 A.M**.

7  **IT IS SO ORDERED.**



9  Dated: December 15, 2011.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE