**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

IN RE:

CHARLES SCHWAB CORPORATION
SECURITIES LITIGATION.

This Document Relates to
All Cases.

No. C 08-1510 WHA

**ORDER APPROVING (1) DISTRIBUTION OF REMAINING SETTLEMENT FUNDS TO CLASS MEMBERS; (2) PAYMENT OF ADMINISTRATION FEES, AND (3) PAYMENT OF SECOND HALF OF ATTORNEY'S FEE AWARD**

Class counsel, in its fourth supplemental filing, has moved for distribution of the remaining settlement funds to class members, payment of reasonable claims administration fees, and payment of the second half of the attorney's fee award (Dkt. No. 1132). Final approval of the settlement was granted on April 19, 2011 (Dkt. No. 1101). The first mailing of settlement checks took place on June 27, 2011 (Dkt. No. 1132 at 2).

On January 12, 2012, a status conference was held and class counsel was ordered to do a second mailing to class members who had uncashed checks in an amount above $25. Prior to the second mailing, class counsel requested approval to include all class members who had not cashed their checks in the second mailing (Dkt. No. 1125). Approval was granted. An additional 5,410 class members requested that their checks be reissued, representing a total value of $5,044,350.79 (Dkt. No. 1132 at 2). The checks were reissued (Dkt. No. 1133 at 3).

Class counsel reported approximately 94% of all checks mailed to members of the Federal class were cashed and approximately 95% of all checks mailed to members of the California class were cashed (Dkt. No. 1132 at 2–3) (representing the number of checks cashed).

Class counsel has indicated that assuming all recently distributed checks are cashed, and that the outstanding balance owed to Gilardi is paid, there will be approximately $1,900,000 remaining to redistribute to federal class members and $220,000 to redistribute to California class members after the fees and expenses of making the proposed redistribution are reserved (*id*. at 2).

The stipulations of settlement provided for the redistribution of remaining settlement funds after six months from the initial distribution, if possible (Dkt. Nos. 693-1 and 784). Six months has now passed since the initial distribution. A second mailing to all class members has been completed. It is now time to proceed with redistribution of the remaining settlement funds.

Class counsel proposes to redistribute remaining settlement funds to class members who cashed their checks, subject to a $100 minimum. This would result in approximately 1,830 federal class members and 620 California class members receiving a redistribution check (Dkt. No. 1132 at 3). The remaining balances in the federal distribution account and the California distribution account, after paying the balance owed to Gilardi (as set forth below), and making the necessary reserves for all reissued checks and the estimated fees and costs associated with the redistribution, shall be redistributed to class members who cashed their settlement check. Each eligible class member's share of the reallocation will be paid pro rata based on his or her total recognized loss as calculated in the initial distribution. This redistribution will be subject to a minimum $100 check size to make it cost-effective.

Class counsel also seeks approval of payment to Gilardi, the class administrator. The outstanding balance owed to Gilardi is $1,782,519.44 (Dkt. No. 1333 at ¶ 8). Class counsel proposes splitting payment of this amount between the settlements funds as follows: $178,251.94 from the California settlement fund and $1,604,267.50 from the federal settlement fund. The Court has reviewed the detailed breakdown of all tasks performed by Gilardi in the settlement notice, claims processing, and distribution stages of the settlement administration, and finds it to be reasonable. Payment to Gilardi in the amount of $1,782,519.44 is **APPROVED**, with $178,251.94 paid from the California distribution account and $1,604,267.50 paid from the federal distribution account.

Class counsel requests payment of the second half of the attorney's fee award plus interest. The second half of the fee installment, which has been sitting in escrow, is in the following amounts: $8,806,785.98 in the federal escrow account and $2,051,098.39 in the California escrow account. Class counsel were awarded attorney's fees of $17,604,474.07 from the federal settlement and $4,100,166.51 from the California settlement, plus interest (Dkt. No. 1101 at 15). The interest earned on these amounts comes to $9,097.89 and $2,030.27, respectively, bringing the total attorney's fee award to $17,613,571.96 and $4,102,196.78 (Dkt. No. 1113 at ¶ 10). No problems have been reported in 30 days of the distribution and approximately 94% of all checks mailed to members of the Federal class were cashed and approximately 95% of all checks mailed to members of the California class were cashed. Checks have been redistributed to those class members who responded to the second mailing. It is now time to pay the second half of the attorney's fee award to class counsel. Payment to class counsel in the following amounts: $8,806,785.98 from the federal escrow account and $2,051,098.39 from the California escrow account, is **APPROVED**.

Finally, class counsel requests reimbursement of $7,435.49 from the federal distribution account and 1,243.18 from the California distribution account "for escrow fees that were incurred but not assessed until shortly after the monies were transferred out of escrow for distribution to class members. As a result, these costs were deducted from the attorney's fee award that remained in escrow, but should have been paid out of the settlement fund" (Dkt. No. 1132 at 4). Reimbursement to class counsel in the amounts of $7,435.49 from the federal distribution account and $1,243.18 from the California distribution account is **APPROVED**.

**IT IS SO ORDERED.**

Dated: March 20, 2012.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE